# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

| | |
|---|---|
| **MATTHEW D. GUERTIN** | Case No: 25-2476 |
| Appellant, | |
| v. | |
| **TIM WALZ,** Governor of Minnesota; | |
| **KEITH ELLISON,** Minnesota Attorney General; | |
| **HENNEPIN COUNTY,** a municipal entity; | |
| **MARY MORIARTY,** Hennepin County Attorney; | |
| **JUDITH COLE,** Sr. Assistant Hennepin County Attorney; | |
| **MICHAEL BERGER,** Chief Public Defender, Hennepin County; | |
| **KERRY W. MEYER,** Chief Judge, 4th District; | **MOTION FOR JUDICIAL NOTICE OF NON-STANDARD HANDLING OF HEARING TRANSCRIPTS** |
| **BRUCE M. RIVERS,** Private Defense Counsel; | |
| **CHELA GUZMAN-WIEGERT,** Assistant County Administrator; | |
| **ALISHA NEHRING,** MN Department of Health Attorney; | |
| **HILARY CALIGIURI,** Presiding Criminal Judge, 4th District; | |
| **TODD FELLMAN,** Presiding Juvenile Judge, 4th District; | |
| **SARAH HUDLESTON,** Judge, 4th District; | |
| **WILLIAM H. KOCH,** Judge, 4th District; | |
| **JULIA DAYTON-KLEIN,** Judge, 4th District; | |
| **DANIELLE C. MERCURIO,** Judge, 4th District; | |
| **GEORGE F. BORER,** Referee, 4th District; | |

**LEE CUELLAR,**
Judicial Clerk, 4th District;

**MAWERDI HAMID,**
Assistant Hennepin County Attorney;

**JACQUELINE PEREZ,**
Assistant Hennepin County Attorney;

**EMMETT M. DONNELLY,**
Hennepin County Public Defender;

**RAISSA CARPENTER,**
Hennepin County Public Defender;

**SHEREEN ASKALANI,**
Judge, 4th District;

**DR. JILL ROGSTAD,**
Senior Clinical Forensic Psychologist;

**DR. ADAM MILZ,**
Hennepin County Psychological Services;

**DR. KATHERYN CRANBROOK,**
Hennepin County Psychological Services;

**DR. KRISTEN A. OTTE,**
Hennepin County Psychological Services;

**MICHAEL K. BROWNE,**
Judge, 4th District;

**LISA K. JANZEN,**
Judge, 4th District;

**CAROLINA A. LAMAS,**
Judge, 4th District;

**JOHN DOES 1–50;**

**JANE DOES 1–50,**
                  Appellees.

## I.   INTRODUCTION

Appellant moves the Court to take judicial notice under Fed. R. Evid. 201 of specific, readily verifiable facts concerning the handling and production of the official transcript for Appellant's March 5, 2025 district-court hearing. These facts are drawn from contemporaneous, native email correspondence and the transcript

2

file itself and are not subject to reasonable dispute. Judicial notice is proper to clarify the record on appeal. See <u>Fed. R. App. P. 10(a), 10(e), 27.</u>

## II.  FACTS FOR JUDICIAL NOTICE

**A.  |  Transcript Request, Quote, Payment, Delivery, and Filing Status**

**1.** On May 5, 2025, Appellant requested the transcript of the March 5, 2025 hearing; the assigned court reporter quoted a flat estimate of $360 and required prepayment.

**2.** Appellant paid the quoted amount; the transcript was delivered on May 14, 2025 (nine days later).

**3.** Despite delivery, the transcript was not filed into the district-court record in the ordinary course, unlike two prior transcripts Appellant obtained earlier (each approximately $100).

**B.  |  Rate Context and Page Count**

**1.** The transcript totals 61 pages.

**2.** Based on the Minnesota judicial transcript per-page schedules discussed in the correspondence, the $360 charge is materially higher than the baseline amount expected for a 61-page criminal matter, and slightly above the typical civil baseline.

**C.  |  Transcript File Metadata Anomalies**

**1.** The delivered PDF's metadata reflects "Producer: GPL Ghostscript 9.06" and "Creator Tool: PScript5.dll Version 5.2.2," generic "Author/Creator: Owner," and a title string referencing ".ecl," rather than a standard export from court-reporting software.

**2.** The file shows create/modify timestamps of May 14, 2025, with a later inode-change date in August 2025, and unusually permissive file permissions; the 61-page file size is ~145 KiB.

**3.** These metadata points indicate a print-to-PDF workflow atypical for officially certified reporter transcripts.

**D. | Internal Content Errors in the Certified Transcript**

**1.** The transcript text itself misidentifies the hearing date as "March 5, 2024," although the proceeding occurred on March 5, 2025.

**2.** The transcript includes an obvious word error ("lying around the world" in context where "flying around the world" is plainly intended) that was not corrected or annotated.

## III.  LEGAL STANDARD

**A. | Judicial Notice on Appeal**

The Court may take judicial notice of facts "not subject to reasonable dispute" because they are capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). Appellate courts may notice the existence and contents of documents bearing directly on the record, including undisputed features of file metadata and native email headers, where proffered in authentic form. See Fed. R. App. P. 10(e) (correction/modification of the record); Fed. R. App. P. 27 (supporting materials).

**B. | Authenticity of the Proffered Materials**

The attached native .eml messages and associated cryptographic artifacts are self-authenticating and/or readily authenticated under Fed. R. Evid. 901 and 902(11), 902(13)–(14) (records of a regularly conducted activity; records generated by electronic processes; certified data copies with hash-based verification).

4

# IV.   REQUEST FOR JUDICIAL NOTICE

**A.   |   Items for Notice**

Appellant respectfully requests judicial notice of the following specific facts:

**1.**   The May 5, 2025 request, $360 prepayment requirement, and May 14, 2025 delivery of a 61-page transcript for the March 5, 2025 hearing.

**2.**   That the transcript was not filed in the district-court record in the ordinary course, unlike two prior transcripts obtained by Appellant.

**3.**   That the delivered PDF's metadata reflects Ghostscript/PScript production, generic "Owner" fields, ".ecl" titling, permissive permissions, and unusually small size for 61 pages.

**4.**   That the transcript text misstates the hearing year as 2024 and contains an obvious uncorrected wording error.

**B.   |   Clarification of the Record**

To the extent necessary, Appellant further requests that these noticed facts be deemed part of the record for purposes of accurately describing the transcript's provenance and contents, without altering the transcript's text, consistent with <u>Fed. R. App. P. 10(e).</u>

# V.   ATTACHED EXHIBIT IN SUPPORT OF JUDICIAL NOTICE

**A.   |   EXHIBIT EML-F**

Authenticated Email Correspondence and Digital Artifacts Concerning the March 5, 2025 Transcript: a compiled set of native .eml messages (with full headers) between Appellant and the assigned court reporter regarding the quote, prepayment, delivery, and filing; accompanying cryptographic hash attestations and OpenTimestamps (.ots) proofs; and source-location references sufficient to

independently verify the integrity and dates of the communications and files under Fed. R. Evid. 901 and 902(11), 902(13)–(14).

**B. | Purpose of Exhibit**

To provide the Court with reliable, cross-verifiable materials that establish the above facts and permit judicial notice without substantive dispute, and to assist in clarifying the accuracy and provenance of the transcript included in the appellate record.

## VI.   RELIEF REQUESTED

**1.**     That the Court grant judicial notice of the enumerated facts; and

**2.**     That the Court grant such further relief as is necessary to ensure the record accurately reflects the transcript's handling and attributes.

**Dated:  October 4, 2025**                                   *Respectfully submitted,*

                                             */s/ Matthew D. Guertin*

                                         Matthew David Guertin
                                         ***Appellant Pro Se***
                                         4385 Trenton Ln. N 202
                                         Plymouth, MN  55442
                                         Telephone: 763-221-4540
                                         MattGuertin@protonmail.com
                                         www.MattGuertin.com

## VII. CERTIFICATE OF COMPLIANCE PURSUANT TO FRAP 32(g)

I certify that this MOTION FOR JUDICIALNOTICE OF NON-STANDARDHANDLING OF HEARING TRANSCRIPTS contains 800 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f). This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typestyle requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using LibreOffice Writer in 14-point Liberation Serif font.

**Dated: October 4, 2025**                                    *Respectfully submitted,*

                                                               */s/ Matthew D. Guertin*

                                                              Matthew David Guertin
                                                              ***Appellant Pro Se***
                                                              4385 Trenton Ln. N 202
                                                              Plymouth, MN  55442
                                                              Telephone: 763-221-4540
                                                              MattGuertin@protonmail.com
                                                              www.MattGuertin.com

# VIII. CERTIFICATE OF SERVICE

I hereby certify that on Octber 4, 2025, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system.

All case participants who are registered CM/ECF users, and notwithstanding the disruptive 'St. Paul Cyberattack' that coincided with docketing of this appeal, shall be served by this Court's electronic filing system, including:

> Benjamin W. Harringa
> *Assistant Attorney General*
> Suite 600
> 445 Minnesota Street
> Saint Paul, MN 55101-2134
> benjamin.harringa@ag.state.mn.us, sophie.hayek@ag.state.mn.us

> Margaret E. Jacot
> *Assistant Attorney General*
> Suite 1100
> 445 Minnesota Street
> Saint Paul, MN 55101
> margaret.jacot@ag.state.mn.us

Counsel for Appellees Walz, Ellison, and State Defendants.

**Dated: October 4, 2025**　　　　　　　　　　　*Respectfully submitted,*

　　　　　　　　　　　　　　　　　　　　　　　　 */s/ Matthew D. Guertin*

　　　　　　　　　　　　　　　　　　　　　　　Matthew David Guertin
　　　　　　　　　　　　　　　　　　　　　　　***Appellant Pro Se***
　　　　　　　　　　　　　　　　　　　　　　　4385 Trenton Ln. N 202
　　　　　　　　　　　　　　　　　　　　　　　Plymouth, MN 55442
　　　　　　　　　　　　　　　　　　　　　　　Telephone: 763-221-4540
　　　　　　　　　　　　　　　　　　　　　　　MattGuertin@protonmail.com
　　　　　　　　　　　　　　　　　　　　　　　www.MattGuertin.com