# EXHIBIT ESO-1

**Case No. 27-CR-20-26577**
State of MN vs Rasheed Richardson
Filing Type: ·Amended Order·
Filing Date: **2024-01-10**
MCRO_27-CR-20-26577_Amended Order_2024-01-10_20240430090600.pdf
File Hash: 4251702d9d42cb6807f623a0dae1479a7a71092c331ee6c2a9040fe2a3fc1d31
Page: 1 of 1   [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

---

STATE OF MINNESOTA                      DISTRICT COURT

HENNEPIN COUNTY              FOURTH JUDICIAL DISTRICT

State of Minnesota

v.                                      **ORDER FOR CASE AMENDMENT**

Rasheed Richardson
DOB: 03/01/1976

Case(s): 27-CR-20-26577,
Charge(s):

| # | Statute | Level | Description |
|---|---------|-------|-------------|
| 1 | 609.749.5(a) | Felony | Stalking - Engages in Stalking |
| 2 | 609.595.1(4) | Felony | Damage to Property - 1st Degree - Value Reduced Over $1000 |
| 3 | 624.713.1(2) | Felony | Possess Ammo/Any Firearm - Conviction or Adjudicated Delinquent for Crime of Violence |
| 4 | 624.713.1(2) | Felony | Possess Ammo/Any Firearm - Conviction or Adjudicated Delinquent for Crime of Violence |
| 5 | 624.713.1(2) | Felony | Possess Ammo/Any Firearm - Conviction or Adjudicated Delinquent for Crime of Violence |
| 6 | 624.713.1(2) | Felony | Possess Ammo/Any Firearm - Conviction or Adjudicated Delinquent for Crime of Violence |
| 7 | 624.713.1(2) | Felony | Possess Ammo/Any Firearm - Conviction or Adjudicated Delinquent for Crime of Violence |
| 8 | 624.713.1(2) | Felony | Possess Ammo/Any Firearm - Conviction or Adjudicated Delinquent for Crime of Violence |

Defendant:    Is out of custody

X Amendment to conditional release/probation

| Amendment: | EHM shall be reinstated. |
|---|---|

| Reason: | The State requested that EHM be reinstated, and the Court agreed. |
|---|---|

If furlough:    ☐ Indefinite /   ☐ Definite *(provide date and time range)*:                 _____
              ☐ Transportation provided by:           _____

Probation Officer:    _ _____      Phone:    _ _____

Amendment requested by:    <u>Jackson Graham</u>      Phone:    <u>6125432472</u>
*(Probation Officer/Clerk preparing form)*

Amendment ordered by:

One per case to be filed with Court Administration

Copy to probation /Copy to agency

HC 3821 (12/21)

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 1**

**Case No. 27-CR-20-26577**
State of MN vs Rasheed Richardson
Filing Type:    ·Amended Order·
Filing Date:    **2024-01-12**
MCRO_27-CR-20-26577_Amended Order_2024-01-12_20240430090558.pdf
File Hash:      ab1644e9c121f448c1162bcd04f472f18cf07fbdfff9fcda45a5a6b92f14ad97
Page: 1 of 2      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

STATE OF MINNESOTA

HENNEPIN COUNTY

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

State of Minnesota

vs

**ORDER FOR CASE AMENDMENT**

Rasheed Richardson
DOB: 03/01/1976

Case(s): 27-CR-20-26577,
Charge(s):

| | | | |
|---|---|---|---|
| 1 | 609.749.5(a) | Felony | Stalking - Engages in Stalking |
| 2 | 609.595.1(4) | Felony | Damage to Property - 1st Degree - Value Reduced Over $1000 |
| 3 | 624.713.1(2) | Felony | Possess Ammo/Any Firearm - Conviction or Adjudicated Delinquent for Crime of Violence |
| 4 | 624.713.1(2) | Felony | Possess Ammo/Any Firearm - Conviction or Adjudicated Delinquent for Crime of Violence |
| 5 | 624.713.1(2) | Felony | Possess Ammo/Any Firearm - Conviction or Adjudicated Delinquent for Crime of Violence |
| 6 | 624.713.1(2) | Felony | Possess Ammo/Any Firearm - Conviction or Adjudicated Delinquent for Crime of Violence |
| 7 | 624.713.1(2) | Felony | Possess Ammo/Any Firearm - Conviction or Adjudicated Delinquent for Crime of Violence |
| 8 | 624.713.1(2) | Felony | Possess Ammo/Any Firearm - Conviction or Adjudicated Delinquent for Crime of Violence |

Defendant:    Is out of custody

Agency person notified:

Emailed: ☐ No / ☐ Yes

X Amendment to conditional release/probation
☐ Amendment to incarceration
☐ Other case amendment

| | |
|---|---|
| Amendment: | Defendant's EHM shall have all prior limitations and abilities including furloughs for his CD and MH programming, MH counseling at Twin City Therapy, Counselling/Life Matters, CD treatment at NuWay`s maintenance program, AA/NA Meetings, 4 hours of personal time a week in addition to all verified medical and legal appointments, and Defendant can seek employment or attend school |

| | |
|---|---|
| Reason: | Requested by parties |

If furlough: ☐ Indefinite / ☐ Definite *(provide date and time range):* _____
☐ Transportation provided by: _____

One per case to be filed with Court Administration

Copy to probation /Copy to agency

HC 3821 (12/21)

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 2**

**Case No. 27-CR-20-26577**
State of MN vs Rasheed Richardson
Filing Type:  ·Amended Order·
Filing Date:  **2024-01-12**
MCRO_27-CR-20-26577_Amended Order_2024-01-12_20240430090558.pdf
File Hash:    ab1644e9c121f448c1162bcd04f472f18cf07fbdfff9fcda45a5a6b92f14ad97
Page: 2 of 2     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

Probation Officer:        _        _____        Phone:  _        _____

Amendment requested by:   Jackson Graham_____        Phone:  6125432472_____
*(Probation Officer/Clerk preparing form)*

Amendment ordered by:

One per case to be filed with Court Administration

Copy to probation /Copy to agency

HC 3821 (12/21)

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 3**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

**Case No. 27-CR-20-26577**
State of MN vs Rasheed Richardson
Filing Type:     ·Amended Order·
Filing Date:     **2024-01-19**
MCRO_27-CR-20-26577_Amended Order_2024-01-19_20240430090556.pdf
File Hash:       cdf97aca207821c1822cdff0c4e0be87d937482d0b69f978ca44d2f3be3f9da9
Page: 1 of 2       [ source file ]       [ .ots timestamp of source file ]       [ pdf signatures ]       [ metadata ]

STATE OF MINNESOTA
HENNEPIN COUNTY

DISTRICT COURT
FOURTH JUDICIAL DISTRICT

State of Minnesota

vs

**ORDER FOR CASE AMENDMENT**

Rasheed Richardson
DOB: 03/01/1976

Case(s): 27-CR-20-26577,
Charge(s):

| | | | |
|---|---|---|---|
| 1 | 609.749.5(a) | Felony | Stalking - Engages in Stalking |
| 2 | 609.595.1(4) | Felony | Damage to Property - 1st Degree - Value Reduced Over $1000 |
| 3 | 624.713.1(2) | Felony | Possess Ammo/Any Firearm - Conviction or Adjudicated Delinquent for Crime of Violence |
| 4 | 624.713.1(2) | Felony | Possess Ammo/Any Firearm - Conviction or Adjudicated Delinquent for Crime of Violence |
| 5 | 624.713.1(2) | Felony | Possess Ammo/Any Firearm - Conviction or Adjudicated Delinquent for Crime of Violence |
| 6 | 624.713.1(2) | Felony | Possess Ammo/Any Firearm - Conviction or Adjudicated Delinquent for Crime of Violence |
| 7 | 624.713.1(2) | Felony | Possess Ammo/Any Firearm - Conviction or Adjudicated Delinquent for Crime of Violence |
| 8 | 624.713.1(2) | Felony | Possess Ammo/Any Firearm - Conviction or Adjudicated Delinquent for Crime of Violence |

Defendant:     Is out of custody

Agency person notified:

Emailed: ☐ No / ☐ Yes

X Amendment to conditional release/probation
☐ Amendment to incarceration
☐ Other case amendment

| Amendment: | Defendant's EHM shall have all prior limitations and abilities including furloughs for his CD and MH programming, MH counseling at Twin City Therapy, Counselling/Life Matters, CD treatment at NuWay`s maintenance program, AA/NA Meetings, <u>14</u> hours of personal time a week in addition to all verified medical and legal appointments, and Defendant can seek employment or attend school |
|---|---|

| Reason: | Requested by parties |
|---|---|

If furlough:     ☐ Indefinite / ☐ Definite *(provide date and time range)*: _____
                 ☐ Transportation provided by: _____

One per case to be filed with Court Administration

Copy to probation /Copy to agency

HC 3821 (12/21)

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 4

**Case No. 27-CR-20-26577**
State of MN vs Rasheed Richardson
Filing Type:  ·Amended Order·
Filing Date:  **2024-01-19**
MCRO_27-CR-20-26577_Amended Order_2024-01-19_20240430090556.pdf
File Hash:  cdf97aca207821c1822cdff0c4e0be87d937482d0b69f978ca44d2f3be3f9da9
Page: 2 of 2    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

Probation Officer:            _      _____            Phone:  _      _____

Amendment requested by:      <u>Katherine O'Connell</u>            Phone:  <u>6125432976</u>
*(Probation Officer/Clerk preparing form)*

Amendment ordered by:

_____                    _____
Referee of District Court                            Judge of District Court

One per case to be filed with Court Administration

Copy to probation /Copy to agency

HC 3821 (12/21)

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 5**

**Case No. 27-CR-22-18776**
State of MN vs AMY LOUISE LILLEVOLD
Filing Type:    ·Amended Order·
Filing Date:    **2022-10-21**
MCRO_27-CR-22-18776_Amended Order_2022-10-21_20240429162200.pdf
File Hash:    d315b4e3ca28f586363423ecd2e3662f58cc9a20cfe40d1e2bdd845676bec613
Page: 1 of 1        [ source file ]        [ .ots timestamp of source file ]        [ pdf signatures ]        [ metadata ]

---

| State of Minnesota | District Court |
|---|---|
| Hennepin County | Fourth Judicial District |

State of Minnesota

vs                                                    **ORDER FOR CASE AMENDMENT**

Amy Lillevold
(DOB: 09/29/1974)

Case(s):    27-CR-22-18776
Charge(s):  Drugs 5th Degree FEL 152.025.2(1)

Defendant:    ☒ Out of custody
              ☐ In custody at: _____
Agency person notified: _____

                    Emailed: ☐ No / ☐ Yes

☐ Amendment to conditional release/probation
☐ Amendment to incarceration
☒ Other case amendment

| Amendment: | Bench warrant issued on 10/18/2022 is ordered recalled. Matter set for a new court date on 11/03/2022 at 1:30 PM. |
|---|---|

| Reason: | State request, defendant to attend treatment. Active warrant would have prevented a transfer to treatment. |
|---|---|

If furlough:    ☐ Indefinite / ☐ Definite (provide date and time range): _____
                ☐ Transportation provided by: _____

Probation officer of record:                Phone:
Amendment requested by: Daniel Rodriguez      Phone: 612-596-1893
    *(probation officer/clerk preparing form)*

Amendment ordered by:

_____          October 21, 2022
District Court Judge                        Date

One per case to be filed with Court Administration
CC to probation / CC to agency

                                            HC 3821 (12/21)

---

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 6**

**Case No. 27-CR-21-23131**
State of MN vs Rex Allen Basswood, Jr.
Filing Type:   ·Amended Order·
Filing Date:   **2024-02-01**
MCRO_27-CR-21-23131_Amended Order_2024-02-01_20240430083638.pdf
File Hash:   53aef39f0ab2aa05c8951673d1702da42c98aa4cf43b0fbf23f1aeefcd4d9752
Page: 1 of 1     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

---

| State of Minnesota | District Court |
|---|---|
| Hennepin County | Fourth Judicial District |

State of Minnesota

vs                                                    **ORDER FOR CASE AMENDMENT**

Rex Allen Basswood, Jr.

(DOB: 07/19/1989)

Case(s):     27-CR-22-24627, 27-CR-21-23131, 27-CR-22-21448
Charge(s):   Simple Robbery, Theft (Fel), Theft

Defendant:   ☒ Out of custody
             ☐ In custody at:
             Agency person notified:

                          Emailed: ☐ No / ☒ Yes

☐ Amendment to conditional release/probation
☒ Amendment to incarceration
☐ Other case amendment

| Amendment: | Failure to appear warrants 27-CR-22-24627-2, 27-CR-22-23131-1, and 27-CR-22-21448-1 are hereby recalled. |
|---|---|

| Reason: | Defendant mistook the date of his court appearance and the state does not object to staying a bench warrant.  A new court appearance has been set for February 7, 2024, at 1:15 p.m. |
|---|---|

If furlough:   ☐ Indefinite / ☐ Definite (provide date and time range):
               ☐ Transportation provided by:

        Probation officer of record:            Phone:
        Amendment requested by: Eva Kendrick    Phone: 612-596-0824
        *(probation officer/clerk preparing form)*

Amendment ordered by:


_____              February 1, 2024
District Court Judge                          Date


One per case to be filed with Court Administration
CC to probation / CC to agency

HC 3821 (12/21)

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 7**

**Case No. 27-CR-22-24627**
State of MN vs Rex Allen Basswood, Jr.
Filing Type:   ·Amended Order·
Filing Date:   **2024-02-01**
MCRO_27-CR-22-24627_Amended Order_2024-02-01_20240429164345.pdf
File Hash:      ee7efc72765e65b5ba95dfb8f4b9d27be88104aeb577ab9315523507d0aa32d4
Page: 1 of 1      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

---

| State of Minnesota | District Court |
| Hennepin County | Fourth Judicial District |

State of Minnesota

vs                                                                **ORDER FOR CASE AMENDMENT**

Rex Allen Basswood, Jr.

(DOB: 07/19/1989)

Case(s):      27-CR-22-24627, 27-CR-21-23131, 27-CR-22-21448
Charge(s):   Simple Robbery, Theft (Fel), Theft

Defendant:   ☒ Out of custody
                    ☐ In custody at: _____
                    Agency person notified: _____

                                    Emailed: ☐ No / ☒ Yes

☐ Amendment to conditional release/probation
☒ Amendment to incarceration
☐ Other case amendment

| Amendment: | Failure to appear warrants 27-CR-22-24627-2, 27-CR-22-23131-1, and 27-CR-22-21448-1 are hereby recalled. |

| Reason: | Defendant mistook the date of his court appearance and the state does not object to staying a bench warrant. A new court appearance has been set for February 7, 2024, at 1:15 p.m. |

If furlough:   ☐ Indefinite / ☐ Definite (provide date and time range): _____
                    ☐ Transportation provided by: _____

        Probation officer of record:              Phone:
        Amendment requested by: Eva Kendrick      Phone: 612-596-0824
        *(probation officer/clerk preparing form)*

Amendment ordered by:

_____          February 1, 2024
District Court Judge                                    Date

One per case to be filed with Court Administration
CC to probation / CC to agency

HC 3821 (12/21)

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 8**

**Case No. 27-CR-23-21653**
State of MN vs ROBERT WILLIAM BALSIMO
Filing Type:    ·Amended Order·
Filing Date:    **2024-02-13**
MCRO_27-CR-23-21653_Amended Order_2024-02-13_20240430075009.pdf
File Hash:    6cb8b03b7271553387d3a5b7d792b681526ea984ea788259c40caee70ed5d593
Page: 1 of 1        [ source file ]        [ .ots timestamp of source file ]        [ pdf signatures ]        [ metadata ]

| State of Minnesota | District Court |
|---|---|
| Hennepin County | Fourth Judicial District |

State of Minnesota

vs                                                                    **ORDER FOR CASE AMENDMENT**

Robert William Balsimo

(DOB: 09/18/1981)

Case(s):        27-CR-23-21653
Charge(s):    Felony Domestic Assault

Defendant:    ☐ Out of custody
                     ☒ In custody at:    AMRTC
                     Agency person notified:    sheriff.psfcomplaints@hennepin.us and
                                                             ehm@hennepin.us.
                                   Emailed: ☐ No / ☒ Yes

☐ Amendment to conditional release/probation
☐ Amendment to incarceration
☒ Other case amendment

| Amendment: | The Court waives the 50-mile radius to allow the Defendant to have EHM in Fergus Falls |
|---|---|

| Reason: | The facility in Fergus Falls is beyond the physical limitation of EHM without the 50-mile radius being waived. |
|---|---|

If furlough:    ☐ Indefinite / ☐ Definite (provide date and time range):    _____
                       ☐ Transportation provided by:                                    _____

            Probation officer of record:                    Phone:
            Amendment requested by:                        Phone:
                _(probation officer/clerk preparing form)_

Amendment ordered by:

_____

Referee of District Court

_____        February 13, 2024
District Court Judge                                           Date

One per case to be filed with Court Administration
CC to probation / CC to agency

HC 3821 (12/21)

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 9

**Case No. 27-CR-21-1171**
State of MN vs IBSSA M YOUSSUF
Filing Type:  ·Amended Order·
Filing Date:  **2024-01-08**
MCRO_27-CR-21-1171_Amended Order_2024-01-08_20240430075313.pdf
File Hash:  d64ce78216b3e59737e2e0cb3cdeea353df66aa930508aec49fc2d7f3a44e68f
Page: 1 of 1  [ source file ]  [ .ots timestamp of source file ]  [ pdf signatures ]  [ metadata ]

---

STATE OF MINNESOTA

DISTRICT COURT

HENNEPIN COUNTY

FOURTH JUDICIAL DISTRICT

State of Minnesota

vs

**ORDER FOR CASE AMENDMENT**

IBSSA M YOUSSUF
DOB: 09/22/1983

Case(s): 27-CR-21-1171,
Charge(s):

| | | | |
|---|---|---|---|
| 1 | 609.245.1 | Felony | Aggravated Robbery-1st Degree |
| 2 | 609.222.2 | Felony | Assault-2nd Degree-Dangerous Weapon-Substantial Bodily Harm |

Defendant:  Is out of custody  Yes

Agency person notified:

Emailed: ☐ No / ☐ Yes

☐ Amendment to conditional release/probation
☐ Amendment to incarceration
☒ Other case amendment

| Amendment: | The Court will recall the warrant. |
|---|---|

| Reason: | Defendant has been in contact with counsel. |
|---|---|

If furlough:  ☐ Indefinite / ☐ Definite *(provide date and time range)*: _____
☐ Transportation provided by: _____

Probation Officer:  _ _____  Phone:  _ _____

Amendment requested by:  Lee Cuellar_____  Phone:  612-596-9462_____
*(Probation Officer/Clerk preparing form)*

Amendment ordered by:

_____
JULIA DAYTON KLEIN, JUDGE

__1/8/2024_
DATE

One per case to be filed with Court Administration

Copy to probation /Copy to agency

HC 3821 (12/21)

---

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 10**

**Case No. 27-CR-23-1600**
State of MN vs JIMMY EDWARD SPEARS, III
Filing Type:   ·Amended Order·
Filing Date:   **2023-10-04**
MCRO_27-CR-23-1600_Amended Order_2023-10-04_20240430072211.pdf
File Hash:    e2f641be6b39947243d8003e90a596f070a845dc50a56b9994df7e54af036c7c
Page: 1 of 1    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

---

27-CR-23-1600

**STATE OF MINNESOTA**                                          **DISTRICT COURT**
**COUNTY OF HENNEPIN**                              **FOURTH JUDICIAL DISTRICT**

State of Minnesota
v.

### ORDER FOR CASE AMENDMENT

| | | |
|---|---|---|
| Defendant Name: | Jimmy Edward Spears 3Rd | Date of Birth: 09/22/1986 |
| Case #: | 27-CR-23-1600 | Div/Location: DIV 1 |
| Offense: | CT 1: Theft-Take/Use/Transfer Movable Prop-No Consent | SILS Tracking #: 637629 |

Degree:     FEL ☐     GMD ☐     MSD ☒     PMD ☐

---

☒   Court Decision/Probation Amendment

☐   Other Case Amendment

☐   Workhouse/Prison Amendment

Amend on    10/04/2023          As follows: Withdraw Conditional Release Violation and quash warrant.

Reason:    Defendant was not discharged from treatment as previously reported by treatment staff, and he remains in compliance.

**Defendant in custody:**    No ☒    Yes ☐          @ facility _____
(Processing clerk – make copy for holding facility)

Agency person notified: _____    Faxed: Yes ☐    No ☐

If furlough (check one):   Indefinite ☐    Definite ☐    _____
                                                                          (Date/Times)
Transportation provided by: _____

---

Probation Officer of Record:    Eric Hildreth          Phone#   (612) 543-2082

Amendment requested by:    Eric Hildreth          Phone#   (612) 543-2082
                                  (Probation officer/Clerk preparing form)

Amendment Ordered by: _____
                                  Judge of District Court          Date: _____

                                                        Processed by Clerk          _____

                                                                    Phone #          _____

Page **1** of **1**                    *27-CR-23-1600.10/04/2023.64.0450.1*

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 11**

**Case No. 27-CR-21-17008**
State of MN vs NICOLLE LYNN FAWCETT
Filing Type:   ·Amended Order·
Filing Date:   **2024-04-05**
MCRO_27-CR-21-17008_Amended Order_2024-04-05_20240430082726.pdf
File Hash:   1ee2440005c1fbfd0ecd99c5228cbd689f8e3b22cd6720ff92c7b4f365014f12
Page: 1 of 1      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

---

**STATE OF MINNESOTA**                                          **DISTRICT COURT**
**COUNTY OF HENNEPIN**                                  **FOURTH JUDICIAL DISTRICT**

State of Minnesota
v.

### ORDER FOR CASE AMENDMENT

| | | | |
|---|---|---|---|
| Defendant Name: | Nicolle Lynn Fawcett | Date of Birth: | 03/11/1983 |
| Case #: | 27-CR-21-17008 | Div/Location: | I |
| Offense: | CT 1: Drugs - 5th Degree - Possess Schedule 1,2,3,4 - Not Small Amount Marijuana | SILS Tracking #: | 870748 |

Degree:      FEL ☒      GMD ☐      MSD ☐      PMD ☐

☒   Court Decision/Probation Amendment

☐   Other Case Amendment

☐   Workhouse/Prison Amendment

Amend on      4/5/2024      As follows: Recall the meet and release probation violation warrant submitted on 1/4/2024. The defendant made in-person contact with this writer on 4/5/2024 as encouraged by the court.
Cancel the probation violation hearing on 4/11/2024, dismiss the violation and fully reinstate probation.

**Defendant in custody:**   No ☒   Yes ☐       @ facility _____
(Processing clerk – make copy for holding facility)

Agency person notified: _____   Faxed: Yes ☐   No ☒

If furlough (check one):   Indefinite ☐   Definite ☐   _____
(Date/Times)
Transportation provided by: _____

| | | | |
|---|---|---|---|
| Probation Officer of Record: | Anne Forsyth-Gillette | Phone# | (612) 348-7280 |
| Amendment requested by: | Anne Forsyth-Gillette | Phone# | (612) 348-7280 |
| | (Probation officer/Clerk preparing form) | | |

Amendment Ordered by: _____
Judge of District Court        Date: ____ Apr 05, 2024 ____

Processed by Clerk      _____

Phone #      _____

Page **1** of **1**          *27-CR-21-17008.04/05/2024.64.0450.1*

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 12**

**Case No. 27-CR-22-3570**
State of MN vs Dennis Joseph Barry
Filing Type:    ·Correspondence·
Filing Date:    **2023-05-18**
MCRO_27-CR-22-3570_Correspondence_2023-05-18_20240429034615.pdf
File Hash:      3c08277e30f69018691c7289aa5994e44e52195e36b20176e183c72feb359fc4
Page: 1 of 3      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

STATE OF MINNESOTA
## DISTRICT COURT OF MINNESOTA
### FOURTH JUDICIAL DISTRICT

DISTRICT COURT
PROBATE/MENTAL HEALTH DIVISION
4TH FLOOR COURTS TOWER
HENNEPIN COUNTY GOVERNMENT CENTER
300 SOUTH SIXTH STREET
MINNEAPOLIS, MN 55487-0340
(612) 348-6000



May 18, 2023

Amanda Jung
Competency Education Coordinator
Ankoa Metro Regional Treatment Center
3307 7th Avenue North
Anoka, MN 55303

RE:   Dennis Joseph Barry, Court File Numbers 27-CR-22-22521; 27-CR-22-3570;
      27-CR-21-10675 ; 27-MH-PR-23-222

Dear Ms. Jung

The Court received notification that AMRTC plans to grant Dennis Barry a
provisional discharge and place him in an unspecified Intensive Residential
Treatment Service program in the community. The notification did not specify
whether this facility is a locked or unlocked facility.

On November 9, 2022, Mr. Barry was charged with five counts of Second Degree
Burglary of a Dwelling. On November 10, 2022, Judge Toddrick Barnette ordered Mr.
Barry to be conditionally released with bail set at $65,000 without conditions and
$20,000 with various conditions, including the following:
- Obey all laws;
- Attend all future Court appearances;
- Stay away from the 1300 block of Utica Avenue South, St. Louis Park,
  MN and 4900 Cedar Lake Road, St. Louis Park, MN.
  *See* Conditional Release Order dated November 9, 2022, Court File No. 27-
  CR-22-22521.

On February 24, 2022, Mr. Barry was charged with Felony-level Threats of Violence.
And on June 7, 2021, Mr. Barry was charged with Felony-level Fifth Degree Drug
Possession. On September 6, 2022, Judge Toddrick Barnette ordered Mr. Barry to be
conditionally released in both cases with no bail and on the following conditions:

Url 1: link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
Url 4: drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 13**

**Case No. 27-CR-22-3570**
State of MN vs Dennis Joseph Barry
Filing Type:    ·Correspondence·
Filing Date:    **2023-05-18**
MCRO_27-CR-22-3570_Correspondence_2023-05-18_20240429034615.pdf
File Hash:    3c08277e30f69018691c7289aa5994e44e52195e36b20176e183c72feb359fc4
Page: 2 of 3    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

- Obey all laws;
- Attend all future Court appearances;
- Do not possess firearms, ammunition, or other item used as a weapon;
- Do not possess replica firearms. Do not live any place where firearms or replica firearms are present; and
- Do not leave Minnesota without Court permission.

*See* Conditional Release Order dated September 6, 2022, Court File Nos. 27-CR-22-3570; 27-CR-21-10675.

On September 16, 2022, the Court issued an Order Revoking Mr. Barry's condition of release and setting bail at $20,000, which is still in effect. *See* Court File Nos. 27-CR-22-3570; 27-CR-21-10675.

On March 13, 2023, this Court placed Mr. Barry under civil commitment, issuing an Order for Commitment as a Person Who Poses a Risk of Harm Due to Mental Illness ("Commitment Order"). *See* Court File No. 27-MH-PR-23-222 On May 3, 2023, Mr. Barry was transported from the Hennepin County Jail to AMRTC.[1] Two weeks later, on May 17, 2023, AMRTC notified the Court that it intended to transfer Mr. Barry to in an unspecified Intensive Residential Treatment Service program ("IRTS") in the community. and that this action will go into effect on May 23, 2023. AMRTC's notice did not specify what, if any, security measures would be in place at this IRTS facility.

The Court requests AMRTC address compliance with this Court's Order for Commitment as a Person Who Poses Risk of Harm due to Mental Illness dated DATE, Court File No.27-MH-PR-23-222, which requires notice to the "Criminal Division and parties at least **14 days** prior to the Proposed change in status." *See* Order for Commitment as a Person who Poses a Risk of Harm due to Mental Illness dated March 13, 2023, at 6, Court File No 27-MH-PR-23-222. Moreover, any such proposed change requires the AMRTC to show "1) whether the Respondent is competent, 2) how the proposed plan will meet Respondent's treatment needs, and 3) security risks and how they will be addressed." *Id.*

Given Mr. Barry's recent May 3, 2023, placement at AMRTC and the circumstances of his criminal cases, the Court has safety concerns about Mr. Barry's proposed placement. In light of these concerns, the Court requests additional information from AMRTC regarding: (1) whether Mr. Barry is competent, (2) how the proposed plan

---

[1] The Court notes that Minn. Stat. § 253B.10 requires the Commissioner of Human Services to prioritize patients being admitted from jail or a correctional institution and, in any event, requires patients under civil commitment for competency treatment and continuing supervision under Minnesota Rule of Criminal Procedure 20.01 to be admitted to a state-operated treatment program within 48 hours. Here, Me Barry waited in jail for over seven weeks for placement in a state-operated treatment program.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 14**

**Case No. 27-CR-22-3570**
State of MN vs Dennis Joseph Barry
Filing Type:      ·Correspondence·
Filing Date:      **2023-05-18**
MCRO_27-CR-22-3570_Correspondence_2023-05-18_20240429034615.pdf
File Hash:      3c08277e30f69018691c7289aa5994e44e52195e36b20176e183c72feb359fc4
Page: 3 of 3      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

will meet Mr. Barry's treatment needs, and (3) what security measures will be in place to address the security and safety risks.

In the event AMRTC cannot continue to house Mr. Barry, and if the IRTS facility AMRTC intends to place Mr. Barry is not a locked and secured facility, we are requesting that he be returned to the custody of the Hennepin County Public Safety Facility where he is subject to his Conditional Release Orders.

By the Court,

Julia Dayton Klein
Assistant Presiding Judge of Probate Mental Health

cc:      Hon Julie Allyn, Judge of District Court
Joseph McInnis, Assistant Hennepin County Public Defender
Kaitlyn Anderson, Assistant Hennepin County Attorney
Jacob Fischmann, Assistant Hennepin County Attorney
Jennifer Inz, Assistant Hennepin County Attorney
Michael Biglow, Esq.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 15**

**Case No. 27-CR-21-10675**
State of MN vs Dennis Joseph Barry
Filing Type:    ·Correspondence·
Filing Date:    **2023-05-18**
MCRO_27-CR-21-10675_Correspondence_2023-05-18_20240430082222.pdf
File Hash:    7ed1bd8104c8b76265563ed0eb8ae96a6dcff60eb59ca467a098b67d4051f724
Page: 1 of 3    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

# STATE OF MINNESOTA
## DISTRICT COURT OF MINNESOTA
### FOURTH JUDICIAL DISTRICT

**DISTRICT COURT**
**PROBATE/MENTAL HEALTH DIVISION**
**4TH FLOOR COURTS TOWER**
**HENNEPIN COUNTY GOVERNMENT CENTER**
**300 SOUTH SIXTH STREET**
**MINNEAPOLIS, MN 55487-0340**
**(612) 348-6000**



May 18, 2023

Amanda Jung
Competency Education Coordinator
Ankoa Metro Regional Treatment Center
3307 7th Avenue North
Anoka, MN 55303

RE:   Dennis Joseph Barry, Court File Numbers 27-CR-22-22521; 27-CR-22-3570;
      27-CR-21-10675 ; 27-MH-PR-23-222

Dear Ms. Jung

The Court received notification that AMRTC plans to grant Dennis Barry a
provisional discharge and place him in an unspecified Intensive Residential
Treatment Service program in the community. The notification did not specify
whether this facility is a locked or unlocked facility.

On November 9, 2022, Mr. Barry was charged with five counts of Second Degree
Burglary of a Dwelling. On November 10, 2022, Judge Toddrick Barnette ordered Mr.
Barry to be conditionally released with bail set at $65,000 without conditions and
$20,000 with various conditions, including the following:

- Obey all laws;
- Attend all future Court appearances;
- Stay away from the 1300 block of Utica Avenue South, St. Louis Park,
  MN and 4900 Cedar Lake Road, St. Louis Park, MN.

  *See* Conditional Release Order dated November 9, 2022, Court File No. 27-
  CR-22-22521.

On February 24, 2022, Mr. Barry was charged with Felony-level Threats of Violence.
And on June 7, 2021, Mr. Barry was charged with Felony-level Fifth Degree Drug
Possession. On September 6, 2022, Judge Toddrick Barnette ordered Mr. Barry to be
conditionally released in both cases with no bail and on the following conditions:

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

**Case No. 27-CR-21-10675**
State of MN vs Dennis Joseph Barry
Filing Type:     ·Correspondence·
Filing Date:     **2023-05-18**
MCRO_27-CR-21-10675_Correspondence_2023-05-18_20240430082222.pdf
File Hash:     7ed1bd8104c8b76265563ed0eb8ae96a6dcff60eb59ca467a098b67d4051f724
Page: 2 of 3     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

- Obey all laws;
- Attend all future Court appearances;
- Do not possess firearms, ammunition, or other item used as a weapon;
- Do not possess replica firearms. Do not live any place where firearms or replica firearms are present; and
- Do not leave Minnesota without Court permission.

*See* Conditional Release Order dated September 6, 2022, Court File Nos. 27-CR-22-3570; 27-CR-21-10675.

On September 16, 2022, the Court issued an Order Revoking Mr. Barry's condition of release and setting bail at $20,000, which is still in effect. *See* Court File Nos. 27-CR-22-3570; 27-CR-21-10675.

On March 13, 2023, this Court placed Mr. Barry under civil commitment, issuing an Order for Commitment as a Person Who Poses a Risk of Harm Due to Mental Illness ("Commitment Order"). *See* Court File No. 27-MH-PR-23-222 On May 3, 2023, Mr. Barry was transported from the Hennepin County Jail to AMRTC.[1] Two weeks later, on May 17, 2023, AMRTC notified the Court that it intended to transfer Mr. Barry to in an unspecified Intensive Residential Treatment Service program ("IRTS") in the community. and that this action will go into effect on May 23, 2023. AMRTC's notice did not specify what, if any, security measures would be in place at this IRTS facility.

The Court requests AMRTC address compliance with this Court's Order for Commitment as a Person Who Poses Risk of Harm due to Mental Illness dated DATE, Court File No.27-MH-PR-23-222, which requires notice to the "Criminal Division and parties at least **14 days** prior to the Proposed change in status." *See* Order for Commitment as a Person who Poses a Risk of Harm due to Mental Illness dated March 13, 2023, at 6, Court File No 27-MH-PR-23-222. Moreover, any such proposed change requires the AMRTC to show "1) whether the Respondent is competent, 2) how the proposed plan will meet Respondent's treatment needs, and 3) security risks and how they will be addressed." *Id.*

Given Mr. Barry's recent May 3, 2023, placement at AMRTC and the circumstances of his criminal cases, the Court has safety concerns about Mr. Barry's proposed placement. In light of these concerns, the Court requests additional information from AMRTC regarding: (1) whether Mr. Barry is competent, (2) how the proposed plan

---

[1] The Court notes that Minn. Stat. § 253B.10 requires the Commissioner of Human Services to prioritize patients being admitted from jail or a correctional institution and, in any event, requires patients under civil commitment for competency treatment and continuing supervision under Minnesota Rule of Criminal Procedure 20.01 to be admitted to a state-operated treatment program within 48 hours. Here, Me Barry waited in jail for over seven weeks for placement in a state-operated treatment program.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 17**

Case No. 27-CR-21-10675
State of MN vs Dennis Joseph Barry
Filing Type:    ·Correspondence·
Filing Date:    **2023-05-18**
MCRO_27-CR-21-10675_Correspondence_2023-05-18_20240430082222.pdf
File Hash:      7ed1bd8104c8b76265563ed0eb8ae96a6dcff60eb59ca467a098b67d4051f724
Page: 3 of 3     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

will meet Mr. Barry's treatment needs, and (3) what security measures will be in place to address the security and safety risks.

In the event AMRTC cannot continue to house Mr. Barry, and if the IRTS facility AMRTC intends to place Mr. Barry is not a locked and secured facility, we are requesting that he be returned to the custody of the Hennepin County Public Safety Facility where he is subject to his Conditional Release Orders.

By the Court,

Julia Dayton Klein
Assistant Presiding Judge of Probate Mental Health

cc:    Hon Julie Allyn, Judge of District Court
       Joseph McInnis, Assistant Hennepin County Public Defender
       Kaitlyn Anderson, Assistant Hennepin County Attorney
       Jacob Fischmann, Assistant Hennepin County Attorney
       Jennifer Inz, Assistant Hennepin County Attorney
       Michael Biglow, Esq.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 18

**Case No. 27-CR-22-22521**
State of MN vs Dennis Joseph Barry
Filing Type:      ·Correspondence·
Filing Date:      **2023-05-18**
MCRO_27-CR-22-22521_Correspondence_2023-05-18_20240429163110.pdf
File Hash:      cd8321bcc394f97eff97148a5f43704946d305e18469437bdd7030c40b550945
Page: 1 of 3      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

---

# STATE OF MINNESOTA
## DISTRICT COURT OF MINNESOTA
#### FOURTH JUDICIAL DISTRICT

DISTRICT COURT
PROBATE/MENTAL HEALTH DIVISION
4TH FLOOR COURTS TOWER
HENNEPIN COUNTY GOVERNMENT CENTER
300 SOUTH SIXTH STREET
MINNEAPOLIS, MN 55487-0340
(612) 348-6000



May 18, 2023

Amanda Jung
Competency Education Coordinator
Ankoa Metro Regional Treatment Center
3307 7th Avenue North
Anoka, MN 55303

RE:   Dennis Joseph Barry, Court File Numbers 27-CR-22-22521; 27-CR-22-3570;
      27-CR-21-10675 ; 27-MH-PR-23-222

Dear Ms. Jung

The Court received notification that AMRTC plans to grant Dennis Barry a provisional discharge and place him in an unspecified Intensive Residential Treatment Service program in the community. The notification did not specify whether this facility is a locked or unlocked facility.

On November 9, 2022, Mr. Barry was charged with five counts of Second Degree Burglary of a Dwelling. On November 10, 2022, Judge Toddrick Barnette ordered Mr. Barry to be conditionally released with bail set at $65,000 without conditions and $20,000 with various conditions, including the following:

- Obey all laws;
- Attend all future Court appearances;
- Stay away from the 1300 block of Utica Avenue South, St. Louis Park, MN and 4900 Cedar Lake Road, St. Louis Park, MN.

   *See* Conditional Release Order dated November 9, 2022, Court File No. 27-CR-22-22521.

On February 24, 2022, Mr. Barry was charged with Felony-level Threats of Violence. And on June 7, 2021, Mr. Barry was charged with Felony-level Fifth Degree Drug Possession. On September 6, 2022, Judge Toddrick Barnette ordered Mr. Barry to be conditionally released in both cases with no bail and on the following conditions:

---

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

<span style="color:red">EXHIBIT ESO-1 | p. 19</span>

**Case No. 27-CR-22-22521**
State of MN vs Dennis Joseph Barry
Filing Type:    ·Correspondence·
Filing Date:    **2023-05-18**
MCRO_27-CR-22-22521_Correspondence_2023-05-18_20240429163110.pdf
File Hash:      cd8321bcc394f97eff97148a5f43704946d305e18469437bdd7030c40b550945
Page: 2 of 3     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

---

- Obey all laws;
- Attend all future Court appearances;
- Do not possess firearms, ammunition, or other item used as a weapon;
- Do not possess replica firearms. Do not live any place where firearms or replica firearms are present; and
- Do not leave Minnesota without Court permission.

*See* Conditional Release Order dated September 6, 2022, Court File Nos. 27-CR-22-3570; 27-CR-21-10675.

On September 16, 2022, the Court issued an Order Revoking Mr. Barry's condition of release and setting bail at $20,000, which is still in effect. *See* Court File Nos. 27-CR-22-3570; 27-CR-21-10675.

On March 13, 2023, this Court placed Mr. Barry under civil commitment, issuing an Order for Commitment as a Person Who Poses a Risk of Harm Due to Mental Illness ("Commitment Order"). *See* Court File No. 27-MH-PR-23-222 On May 3, 2023, Mr. Barry was transported from the Hennepin County Jail to AMRTC.[1] Two weeks later, on May 17, 2023, AMRTC notified the Court that it intended to transfer Mr. Barry to in an unspecified Intensive Residential Treatment Service program ("IRTS") in the community. and that this action will go into effect on May 23, 2023. AMRTC's notice did not specify what, if any, security measures would be in place at this IRTS facility.

The Court requests AMRTC address compliance with this Court's Order for Commitment as a Person Who Poses Risk of Harm due to Mental Illness dated DATE, Court File No.27-MH-PR-23-222, which requires notice to the "Criminal Division and parties at least **14 days** prior to the Proposed change in status." *See* Order for Commitment as a Person who Poses a Risk of Harm due to Mental Illness dated March 13, 2023, at 6, Court File No 27-MH-PR-23-222. Moreover, any such proposed change requires the AMRTC to show "1) whether the Respondent is competent, 2) how the proposed plan will meet Respondent's treatment needs, and 3) security risks and how they will be addressed." *Id.*

Given Mr. Barry's recent May 3, 2023, placement at AMRTC and the circumstances of his criminal cases, the Court has safety concerns about Mr. Barry's proposed placement. In light of these concerns, the Court requests additional information from AMRTC regarding: (1) whether Mr. Barry is competent, (2) how the proposed plan

---

[1] The Court notes that Minn. Stat. § 253B.10 requires the Commissioner of Human Services to prioritize patients being admitted from jail or a correctional institution and, in any event, requires patients under civil commitment for competency treatment and continuing supervision under Minnesota Rule of Criminal Procedure 20.01 to be admitted to a state-operated treatment program within 48 hours. Here, Me Barry waited in jail for over seven weeks for placement in a state-operated treatment program.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 20**

**Case No. 27-CR-22-22521**
State of MN vs Dennis Joseph Barry
Filing Type:    ·Correspondence·
Filing Date:    **2023-05-18**
MCRO_27-CR-22-22521_Correspondence_2023-05-18_20240429163110.pdf
File Hash:    cd8321bcc394f97eff97148a5f43704946d305e18469437bdd7030c40b550945
Page: 3 of 3      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

will meet Mr. Barry's treatment needs, and (3) what security measures will be in place to address the security and safety risks.

In the event AMRTC cannot continue to house Mr. Barry, and if the IRTS facility AMRTC intends to place Mr. Barry is not a locked and secured facility, we are requesting that he be returned to the custody of the Hennepin County Public Safety Facility where he is subject to his Conditional Release Orders.

By the Court,

Julia Dayton Klein
Assistant Presiding Judge of Probate Mental Health

cc:    Hon Julie Allyn, Judge of District Court
Joseph McInnis, Assistant Hennepin County Public Defender
Kaitlyn Anderson, Assistant Hennepin County Attorney
Jacob Fischmann, Assistant Hennepin County Attorney
Jennifer Inz, Assistant Hennepin County Attorney
Michael Biglow, Esq.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 21

**Case No. 27-CR-20-26577**
State of MN vs Rasheed Richardson
Filing Type:    ·Correspondence·
Filing Date:    **2023-01-20**
MCRO_27-CR-20-26577_Correspondence_2023-01-20_20240430090609.pdf
File Hash:      99639e9096a3c3a29612446fc9f98269f139ab4584361103258e5a1a434af301
Page: 1 of 2     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

## STATE OF MINNESOTA
## DISTRICT COURT OF MINNESOTA
#### FOURTH JUDICIAL DISTRICT

**DISTRICT COURT
PROBATE/MENTAL HEALTH DIVISION
4TH FLOOR COURTS TOWER
HENNEPIN COUNTY GOVERNMENT CENTER
300 SOUTH SIXTH STREET
MINNEAPOLIS, MN 55487-0340
(612) 348-6000**



January 20, 2023

Amanda Jung, LSW
Competency Education Coordinator
Anoka Metro Regional Treatment Center
3301 7th Avenue North
Anoka, MN 55303

RE:    Rasheed Richardson, Court File number 27-CR-20-26577

Dear Ms. Jung,

The Court has received your notification that AMRTC plans to grant Mr. Richardson a provisional discharge and place him in a community setting in an unsecure facility (sober living facility).

On November 8, 2022, Judge Lisa Janzen ordered Mr. Richardson  to be conditionally released with bail set at $200,000 without conditions and with no bail subject to various conditions, including that Mr. Richardson have no contact with F.M., S.M., S.R., and C.B., that he stay away from the 5100 Block of Cedar Lane South in Minneapolis, that he be subject to Electronic Home Monitoring, that he reside at RS Eden and successfully complete intensive treatment and aftercare, that he completes an updated psychological evaluation prior to his next criminal court date, that he refrain from using alcohol or illegal drugs, and that he does not possess firearms or ammunition. *See* Conditional Release Order dated November 8, 2022, Court File No. 27-CR-20-26577, Docket No. 53.

The Court requests that AMRTC address compliance with this Court's Order for Continued Commit dated August 24, 2022, Court File No. 27-MH-PR-22-59, Docket No. 57 ("Continued Commitment Order"). The order requires notice to the "Criminal Division and parties at least **14 days** prior to the Proposed change in status." Moreover, any such proposed change requires the AMRTC to show "1) whether the

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 22**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

**Case No. 27-CR-20-26577**
State of MN vs Rasheed Richardson
Filing Type:   ·Correspondence·
Filing Date:   **2023-01-20**
MCRO_27-CR-20-26577_Correspondence_2023-01-20_20240430090609.pdf
File Hash:      99639e9096a3c3a29612446fc9f98269f139ab4584361103258e5a1a434af301
Page: 2 of 2      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

Respondent is competent, 2) how the proposed plan will meet Respondent's treatment needs, and 3) security risks and how they will be addressed." Continued Commitment Order, 27-MH-PR-22-59, Docket No. 59.

While the Court does not necessarily have safety concerns about Mr. Richardson's proposed placement, it notes that AMRTC is only giving 4 days' notice before the proposed placement goes into effect. Additionally, AMRTC is providing limited information regarding why the proposed placement is appropriate. In light of these concerns and the Continued Commitment Order, the Court requests additional information from AMRTC regarding: (1) whether they believe Mr. Richardson is now competent; (2) how this proposed placement meets Mr. Richardson's treatment needs; and (3) what security measures will be in place to address the significant security and safety risks.

In the event AMRTC cannot continue to house Mr. Richardson pending this request, note that the conditions set forth in the Conditional Release Order dated November 8, 2022 will apply to Mr. Richardson.

By the Court,

Julia Dayton Klein
Assistant Presiding Judge of Probate Mental Health

cc:     Lea De Souza, Esq. – Prosecutor
        Elizabeth Rosholt Winden, Esq. - Defense

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 23**

**Case No. 27-CR-22-18209**
State of MN vs JULIET KAY HIGGINS
Filing Type:      ·Correspondence·
Filing Date:      **2023-05-18**
MCRO_27-CR-22-18209_Correspondence_2023-05-18_20240429162058.pdf
File Hash:        c78128553218b7ee45e1c6f53503a2652a7eb3382dced24cb4e448fd2630c525
Page: 1 of 2        [ source file ]        [ .ots timestamp of source file ]        [ pdf signatures ]        [ metadata ]

---

### STATE OF MINNESOTA
### DISTRICT COURT OF MINNESOTA
#### FOURTH JUDICIAL DISTRICT

DISTRICT COURT
PROBATE/MENTAL HEALTH DIVISION
4TH FLOOR COURTS TOWER
HENNEPIN COUNTY GOVERNMENT CENTER
300 SOUTH SIXTH STREET
MINNEAPOLIS, MN 55487-0340
(612) 348-6000



May 18, 2023

Amanda Jung
Competency Education Coordinator
Anoka Metro Regional Treatment Center
3301 7th Avenue North
Anoka, MN 55303

RE:    Juliet Kay Higgins, Court File Numbers 27-CR-22-18209; 27-MH-PR-23-117

Dear Ms. Jung,

The Court received notification that AMRTC plans to grant Juliet Higgins a provisional discharge and place her in an unspecified assisted living customized living facility.

On September 13, 2022, Ms. Higgins was charged with Domestic Assault by Strangulation. On February 21, 2023, Referee Mercurio ordered Ms. Higgins to be conditionally released with no bail and with the following conditions:

- Obey all laws;
- Attend all future Court appearances;
- No contact with the alleged victim, JA and stay away from a three-block radius of where J.A. lives, works, or goes to school;
- Comply with all Court Orders in Court File No. 27-MH-PR-23-117;
- Do not possess any firearm, ammunition, or other item used as a weapon; and
- Stay away from 5841 73rd Avenue N, Brooklyn Park, MN

On February 21, 2023, this Court placed Ms. Higgins under civil commitment, issuing an Order for Commitment as a Person Who Poses a Risk of Harm Due to Mental Illness ("Commitment Order"). *See* Court File No. 27-MH-PR-23-117. On April 27, 2023, Ms. Higgins was transported from the Hennepin County Jail to

---

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 24**

**Case No. 27-CR-22-18209**
State of MN vs JULIET KAY HIGGINS
Filing Type: ·Correspondence·
Filing Date: **2023-05-18**
MCRO_27-CR-22-18209_Correspondence_2023-05-18_20240429162058.pdf
File Hash: c78128553218b7ee45e1c6f53503a2652a7eb3382dced24cb4e448fd2630c525
Page: 2 of 2 [ source file ] [ .ots timestamp of source file ] [ pdf signatures ] [ metadata ]

AMRTC.[1] On May 15, 2023, AMRTC notified the Court that it intended to transfer Ms. Higgins to an unspecified assisted living/customized living facility and that this action will go into effect on May 22, 2023.

The Court requests AMRTC address compliance with this Court's Order for Commitment as a Person Who Poses Risk of Harm due to Mental Illness dated February 21, 2023, Court File No. 27-MH-PR-23-117, which requires notice to the "Criminal Division and parties at least **14 days** prior to the Proposed change in status." *See* Amended Order for Commitment as a Person who Poses a Risk of Harm Due to a Mental Illness dated February 21, 2023 at 5, Court File No Court File No. 27-MH-PR-23-117. Moreover, any such proposed change requires the AMRTC to show "1) whether the Respondent is competent, 2) how the proposed plan will meet Respondent's treatment needs, and 3) security risks and how they will be addressed." *Id.*

In the event AMRTC cannot continue to house Ms. Higgins, we note that the conditions of release stated above still apply.

By the Court,


Julia Dayton Klein
Assistant Presiding Judge of Probate Mental Health

cc:    Hon. Juan Hoyos, Judge of District Court
       Dominik Haik, Assistant Hennepin County Attorney
       Raissa Carpenter, Assistant Hennepin County Public Defender
       Brittany Lawonn, Assistant Hennepin County Attorney
       Terry Hegna, Esq.

---

[1] The Court notes that Minn. Stat. § 253B.10 requires the Commissioner of Human Services to prioritize patients being admitted from jail or a correctional institution and, in any event, requires patients under civil commitment for competency treatment and continuing supervision under Minnesota Rule of Criminal Procedure 20.01 to be admitted to a state-operated treatment program within 48 hours. Here, Ms. Higgins waited in jail for over two months for placement in a state-operated treatment program.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 25**

Case No. 27-CR-23-1886
State of MN vs MATTHEW DAVID GUERTIN
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2023-07-13**
MCRO_27-CR-23-1886_Finding of Incompetency and Order_2023-07-13_20240430072356.pdf
File Hash:     db8525dd67737332d2e76891d56eed7c16c8d590ae83a78125c1960ab2163b22
Page: 1 of 7      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
PROBATE/MENTAL HEALTH DIVISION

Court File No. 27-CR-23-1886

State of Minnesota,
        Plaintiff,

v.

Matthew David Guertin,
        Defendant.

**FINDINGS OF FACT,
CONCLUSIONS OF LAW, AND
ORDER REGARDING
COMPETENCY TO PROCEED**

---

The above-entitled matter came before the district court, on July 7, 2023, for an evidentiary hearing regarding the Defendant's competency. The hearing took place in person in Courtroom 456 at the Hennepin County Government Center. Jacqueline Perez, Assistant Hennepin County Attorney, appeared for the State. The Defendant appeared along with his attorney, Bruce Rivers, Esq. Jill E. Rogstad, Ph.D., LP, ABPP (Forensic), Senior Clinical Forensic Psychologist at the Fourth Judicial District Court, testified at the hearing and the court received into evidence her *Curriculum Vitae* (Exhibit 2), and her Forensic Evaluation Report dated March 10, 2023 (Exhibit 3). The court also received into evidence a copy of United States Patent No. 11,577,177 B2 dated February 14, 2023 (Exhibit 1), as well as testimony from the Defendant.

The matter was referred for hearing to the undersigned district court referee, who after considering the evidence, the arguments presented, and all the files and records herein, reports to the court making the following recommended Findings of Fact, Conclusions of Law and Order:

    1. Defendant is currently **INCOMPETENT** to proceed.

**FINDINGS OF FACT**

The Defendant, Matthew David Guertin, is charged in MNCIS file 27-CR-23-1886 with Dangerous Weapons-Reckless Discharge of Firearm Within a Municipality (Felony), Firearm-

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 26**

Case No. 27-CR-23-1886
State of MN vs MATTHEW DAVID GUERTIN
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2023-07-13**
MCRO_27-CR-23-1886_Finding of Incompetency and Order_2023-07-13_20240430072356.pdf
File Hash:      db8525dd67737332d2e76891d56eed7c16c8d590ae83a78125c1960ab2163b22
Page: 2 of 7      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

Serial Number-Receive/Possess With No Serial Number (Felony), Firearm-Serial Number-Receive/Possess With No Serial Number (Felony), and Firearm-Serial Number-Receive/Possess With No Serial Number (Felony), from an incident alleged to have occurred on January 21, 2023. On January 25, 2023, the Honorable Lyonel Norris, Referee of District Court, found probable cause to believe that the offenses were committed and that Defendant committed them. He then ordered that a Rule 20.01 evaluation be completed. Jill E. Rogstad, Ph.D., LP, ABPP (Forensic), was assigned to complete the evaluation of the Defendant. She filed her report on March 10, 2023, opining that Mr. Guertin is incompetent and provided the following diagnoses:

Unspecified Schizophrenia Spectrum and Other Psychotic Disorder (primary).

Mr. Guertin challenges Dr. Rogstad's conclusion, taking the position that he is competent to proceed in his criminal matters. Mr. Guertin testified that he is currently employed as the Chief Executive Officer (CEO) of a start-up company. His company is listed as the assignee on United States Patent No. 11,577,177 B2, and he, as an individual, is listed as the inventor and the applicant. *Ex. 1.* Mr. Guertin testified that he understands his charges, noting that reckless discharge of a firearm in a municipality is a felony with a maximum of a two-year sentence. He notes that he and his attorney have discussed possible defenses; that he understands the information relayed to him by his attorney; and that there is nothing impeding their relationship. In fact, Mr. Guertin and his attorney, Mr. Rivers, have had a professional relationship for many years. Mr. Guertin also admitted to having been through criminal proceedings in the past. While he acknowledged that he may not understand all the technicalities of criminal proceedings, he indicates that he would ask his attorney if he had questions about the proceedings. Mr. Guertin appeared well-dressed, noting that he wore a tie to court "to be presentable." He presents as intelligent and passionate about his work with technology, including his patent. However, much of his testimony was focused on his

2

Url 1: link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
Url 4: drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 27**

Case No. 27-CR-23-1886
State of MN vs MATTHEW DAVID GUERTIN
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2023-07-13**
MCRO_27-CR-23-1886_Finding of Incompetency and Order_2023-07-13_20240430072356.pdf
File Hash:      db8525dd67737332d2e76891d56eed7c16c8d590ae83a78125c1960ab2163b22
Page: 3 of 7      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

technological work and patent, and he required frequent redirection to stay on point. In fact, there were times during his testimony that Mr. Guertin became lost in his answer to a question because of rambling statements about his patent or other unrelated topics. For instance, when discussing the events that led to what he describes as the "most cordial standoff ever" [with the police], Mr. Guertin began discussing his actions in firing his gun in order to attract the police. He did so instead of calling 911 because he could not trust his electronic devices due to his suspicions involving Netflix and Microsoft and protection of his patent. The court appreciates Mr. Guertin's testimony and his participation in the hearing; however, the court has serious concerns regard Mr. Guertin's ability to meaningfully participate in criminal proceedings and understand the process, given his perseveration regarding his patent, and his delusional beliefs about others.

Dr. Rogstad opines that Mr. Guertin is not competent to proceed in his criminal matters, concluding in her report "…that Mr. Guertin's symptoms presently compromise his capacity to understand rationally the proceedings, participate in the defense, and consult rationally with counsel." Ex. 3, p. 9. Dr. Rogstad offers a diagnosis of Unspecified Schizophrenia Spectrum and Other Psychotic Disorder (primary). While Dr. Rogstad testified that this is a legitimate diagnosis, she indicated that additional information would be needed to provide more specificity. Dr. Rogstad notes that Mr. Guertin "…displays prominent delusional beliefs that include persecutory and referential themes," the content and intensity of which "…are highly consistent with phenomenology of the persecutory delusions that can accompany psychotic disorders." *Id*. at 7. She further indicates that Mr. Guertin may also suffer from a mood-related disorder, namely mania or hypomania, given "…his frequent digressions and tendency to become distracted by his own thoughts," which "…were consistent with flight of ideas." *Id*. at 8. She also notes that Mr. Guertin was "highly distractible" during the examination, making it "…difficult to extract meaningful,

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

**Case No. 27-CR-23-1886**
State of MN vs MATTHEW DAVID GUERTIN
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2023-07-13**
MCRO_27-CR-23-1886_Finding of Incompetency and Order_2023-07-13_20240430072356.pdf
File Hash:      db8525dd67737332d2e76891d56eed7c16c8d590ae83a78125c1960ab2163b22
Page: 4 of 7      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

coherent information from him." *Id*. The court observed identical behavior during his testimony on July 7, 2023, to that exhibited during his examination. Dr. Rogstad testified that misuse[1] of Adderall could account for some of Mr. Guertin's symptoms, but acknowledged that she was not a toxicologist or medical doctor and that she did not know how much Adderall Mr. Guertin actually took. Despite reporting this possibility, Dr. Rogstad opines Mr. Guertin is not competent.

As a result of his symptoms, Dr. Rogstad believes that Mr. Guertin is unable to participate in the legal process regarding his criminal matters. She credibly testified that while Mr. Guertin has good factual knowledge, he is unable to apply this knowledge due to delusional beliefs. For example, when Mr. Guertin spoke about his delusional beliefs, he indicated he would present evidence supporting these beliefs. In her report, Dr. Rogstad states, "…while he knows the nature of his charges, Mr. Guertin's delusional beliefs are inextricably linked to his perceptions of his current legal situation, and they obstruct his ability to apply this factual legal knowledge to discussions of his own case in a rational manner devoid of delusional reasoning." *Id*. at 9. Specifically, Dr. Rogstad reports that his delusions impacted his perception of relevant evidence, that he supported the choices he made "…with impaired perceptions of objective reality," and that ultimately, he was unable to participate in "consistently coherent" and "reality-based" discussions regarding the proceedings. *Id*. Her testimony supports these conclusions when she states that Mr. Guertin did not understand evidence or the ramifications of making decisions because of the delusions that emerged as they were discussing legal proceedings. Dr. Rogstad also testified that Mr. Guertin lacks insight into his mental health, as evidenced by his belief that he is under duress as opposed to having any impaired perceptions. Finally, Dr. Rogstad testified that neither her report nor her opinion changed after observing Mr. Guertin's testimony during the July 7, 2023 hearing.

---

[1] Mr. Guertin testified that he takes additional dosages of his Adderall medication on long days because the medication is "fast-acting." He gave one example as working overnight at Coachella to finish an art piece for the next day.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 29**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

Case No. 27-CR-23-1886
State of MN vs MATTHEW DAVID GUERTIN
Filing Type:     ·Finding of Incompetency and Order·
Filing Date:     **2023-07-13**
MCRO_27-CR-23-1886_Finding of Incompetency and Order_2023-07-13_20240430072356.pdf
File Hash:       db8525dd67737332d2e76891d56eed7c16c8d590ae83a78125c1960ab2163b22
Page: 5 of 7      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

The court finds that the greater weight of the evidence establishes that Mr. Guertin is not competent to proceed at this time. He suffers from a mental illness with a diagnosis of Unspecified Schizophrenia Spectrum and Other Psychotic Disorder, as offered by Dr. Rogstad. This may also include a mood component, namely mania or hypomania. This mental illness prevents Mr. Guertin from rationally understanding the legal process and obstructs his ability to prepare a defense or rationally consult with his counsel. Dr. Rogstad persuasively reports that Mr. Guertin's delusions impact his strategical decisions. For instance, he indicated that providing testimony at his trial would serve "…as a way to 'have the opportunity to make all this stuff [about his perceived persecution] public in the courtroom,'" with similar thoughts regarding evidence he collected. Ex. 3, p. 9. Additionally, the court observed Mr. Guertin testify, during which his answers often wandered towards the themes of technology, patents, and competitors. While it is evident that Mr. Guertin is an intelligent, talented individual with a passion for technology, this does not necessarily make him competent to proceed in his criminal matters. He may understand the factual components of criminal proceedings, but it is evident to the court that he is unable to apply this factual knowledge in his defense. Based upon the totality of evidence before the court including Mr. Guertin's testimony, Dr. Rogstad's testimony, and the exhibits received into evidence, the court concludes that the greater weight of the evidence establishes that Mr. Guertin is not currently competent to proceed and thus, the defense has not met their burden of proof.

In summary, the court finds the testimony and report of Dr. Rogstad to be the most credible and persuasive evidence regarding Mr. Guertin's competency to proceed. Dr. Rogstad has extensive experience conducting forensic evaluations, including having completed approximately 400 forensic evaluations. *See also* Ex. 2. Her report was thorough and considered several possible factors contributing to Mr. Guertin's symptoms, as well as the significance of those symptoms.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 30**

Case No. 27-CR-23-1886
State of MN vs MATTHEW DAVID GUERTIN
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2023-07-13**
MCRO_27-CR-23-1886_Finding of Incompetency and Order_2023-07-13_20240430072356.pdf
File Hash:      db8525dd67737332d2e76891d56eed7c16c8d590ae83a78125c1960ab2163b22
Page: 6 of 7      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

The court also notes the similarity in Mr. Guertin's presentation during both his evaluation and at the July 7, 2023 hearing: Mr. Guertin presented as verbose, with responses to questions that included excessive detail. He often brought his responses back to the themes of technology, patents, and competitors; and on occasion, had to ask that questions be repeated due to his extensive responses. Mr. Guertin appears to the court to be unable to separate matters involving his criminal charges from his delusional thoughts regarding his technology. It was evident that he continues to suffer from mental health concerns that impact his ability to fully understand and engage in the proceedings regarding his criminal matters.

### CONCLUSIONS OF LAW

"A defendant has a due process right not to be tried or convicted of a criminal charge if he or she is legally incompetent." *Bonga v. State*, 797 N.W.2d 712, 718 (Minn. 2011). Rule 20.01 of the Minnesota Rules of Criminal Procedure requires that if the court finds by the greater weight of the evidence that the defendant is competent, it must enter an order finding the defendant competent to proceed. Minn. R. Crim. P. Rule 20.01, subd. 5(c). A defendant is incompetent and must not plead, be tried, or be sentenced if the defendant due to mental illness or cognitive impairment lacks ability to: (a) rationally consult with counsel; or (b) understand the proceedings or participate in the defense. *Id*., subd. 2. The determination of whether a defendant is able to rationally consult with the defense attorney or understand and participate in the proceedings turns on the facts of each particular case. Moreover, fact-finders, including district courts, are not required to accept an expert's testimony or recommendations. *State v. Roberts*, 876 N.W.2d 863, 868 (Minn. 2016). Foremost, throughout the criminal proceedings the trial court must be mindful of its protective duty to ensure that a defendant is competent to proceed. See State v.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**Case No. 27-CR-23-1886**
State of MN vs MATTHEW DAVID GUERTIN
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2023-07-13**
MCRO_27-CR-23-1886_Finding of Incompetency and Order_2023-07-13_20240430072356.pdf
File Hash:      db8525dd67737332d2e76891d56eed7c16c8d590ae83a78125c1960ab2163b22
Page: 7 of 7      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

Bauer, 245 N.W.2d 848, 852 (Minn. 1976) (ruling that the court should have conducted further

inquiry into the important matter of defendant's competency).

The greater weight of the evidence establishes that Mr. Guertin is incompetent to proceed.

### ORDER

Defendant, Matthew David Guertin, is currently **INCOMPETENT** to proceed.

Order Recommended By:                    **BY THE COURT:**

_____          _____
Referee of District Court                Judge of District Court

7

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 32**

**Case No. 27-CR-23-3198**
State of MN vs AARON DASHAUN CHERRY
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2023-12-06**
MCRO_27-CR-23-3198_Finding of Incompetency and Order_2023-12-06_20240430072732.pdf
File Hash:      461d1d13b1692b0373965bf6ef2af6e287dfc51bacfdd3caf92f3aee58d544b5
Page: 1 of 6      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

| State of Minnesota | District Court |
|---|---|
| County of Hennepin | Fourth Judicial District |

|  | Referee Lori D. Skibbie |
|---|---|
| State of Minnesota,<br>Plaintiff, | Case Type: Criminal |
| v. | **FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING DEFENDANT'S COMPETENCY TO PROCEED** |
| Aaron Dashaun Cherry,<br><br>Defendant. | Case Number(s):   27-CR-23-3198;<br>27-CR-21-19577 |

The above-entitled matter came before Lori D. Skibbie, Referee of District Court, on November 17, 2023, for an evidentiary hearing upon the Defense's objection to the competency opinion rendered by Dr. Lauren Herbert, Director of the Department for Human Services Forensic Evaluation Department, dated August 31, 2023. Joshua Luger, Assistant Hennepin County Attorney, appeared for the State. Chelsea Knutson appeared with and on behalf of the Defendant who was present. Dr. Lauren Herbert testified, and the Court received her report dated August 31, 2023. Chelsea Knutson also testified. Also present at the hearing was Susan Herlofsky, Defense co-counsel. The Court took the matter under advisement. Based upon the arguments presented and all the files and records herein, the Court orders as follows:

1. Defendant is **INCOMPETENT** to proceed.

### PROCEDURAL HISTORY AND FINDINGS OF FACT

Mr. Cherry is charged with one count of Violating a No Contact Order and one count of Domestic Assault – Felony. On July 31, 2023, probable cause was found that a crime had been committed, and a Rule 20.01 evaluation was ordered by Judge Koch. Dr. Lauren Herbert of Fourth Judicial District Psychological Services was assigned to complete the 20.01 evaluation of the defendant, Mr. Cherry. Dr. Herbert filed her report with the court on August 31, 2023, and opined that Mr. Cherry was competent to proceed. The Defendant requested an evidentiary hearing.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 33**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

**Case No. 27-CR-23-3198**
State of MN vs AARON DASHAUN CHERRY
Filing Type: ·Finding of Incompetency and Order·
Filing Date: **2023-12-06**
MCRO_27-CR-23-3198_Finding of Incompetency and Order_2023-12-06_20240430072732.pdf
File Hash: 461d1d13b1692b0373965bf6ef2af6e287dfc51bacfdd3caf92f3aee58d544b5
Page: 2 of 6 [ source file ] [ .ots timestamp of source file ] [ pdf signatures ] [ metadata ]

In her report filed August 31, 2023, Dr. Herbert stated that due to Mr. Cherry's lack of participation in the interview, relevant background information could not be obtained directly from Mr. Cherry. Therefore, the background information was obtained by looking at Dr. Coffin's April 3, 2023, Rule 20 Report. Rule 20 Report. p. 4. Dr. Herbert noted that Mr. Cherry reported he was born in Illinois and has a poor relationship with his parents. *Id*. He was raised by his father's sister who he considers his mother. *Id*. Mr. Cherry had previously denied in a 2009 psychologic evaluation any mental health treatment of any kind. However, during this evaluation he was diagnosed with Conduct Disorder, Mild to Moderate and History of Alcohol and Cannabis Abuse. *Id*. According to Hennepin Healthcare records from April 26, 2018, Mr. Cherry presented with "severe attention deficit". *Id*. Mr. Cherry, according to a 2018 PSI, had consumed alcohol to the point of blacking out, but did not consume alcohol every day. *Id*. This PSI stated Mr. Cherry had also started using cannabis in 2007 or 2008 and had used it everyday until 2017. *Id*. However, a 2022 PSI stated that Mr. Cherry denied ever experimenting with cannabis or alcohol ever in his life. *Id* at 5. Mr. Cherry has never had symptoms of psychosis, including auditory or visual hallucinations, delusional or paranoid thoughts, or ideas of reference. *Id*. However, medical records reported that Mr. Cherry had suicidal behavior in 2018 while in Ramsey County Jail. *Id*.

Dr. Herbert also reviewed Mr. Cherry's prior three competency to proceed evaluations. The first evaluation was done by Dr. Bruce Renken on November 17, 2021. *Id*. at 8. Dr. Renken stated that Mr. Cherry was minimally cooperative. *Id*. His responses were disjointed or in unfinished sentences or phrases. *Id*. He then began to respond in a very slow manner before eventually speaking at a normal pace. *Id*. Dr. Renken questioned why Mr. Cherry was able to speak normally and asked if Mr. Cherry was playing games. *Id*. Mr. Cherry responded, "I won't play games." *Id*. Dr. Renken also noted that at another evaluation, Mr. Cherry presented as if he could not understand basic instructions. *Id*. Dr. Renken opined that Mr. Cherry was incompetent to proceed and noted, "Mr. Cherry's history suggests an atypical clinical picture, with possible factors of substance and malingers, as well as likely symptoms of mental illness." *Id*. Mr. Cherry was diagnosed with Antisocial Personality Disorder and Unspecified Anxiety Disorder. *Id*.

The second competency hearing was administered by Dr. John Anderson on May 13, 2022. Dr. Anderson opined that Mr. Cherry was competent to proceed and Mr. Cherry's cooperation was inconsistent throughout the interviews. *Id*. Dr. Anderson noted that Mr. Cherry would sometimes respond to questions and other times "stared as if to convey he did not hear a question". *Id*. Dr.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 34**

Case No. 27-CR-23-3198
State of MN vs AARON DASHAUN CHERRY
Filing Type:     ·Finding of Incompetency and Order·
Filing Date:     **2023-12-06**
MCRO_27-CR-23-3198_Finding of Incompetency and Order_2023-12-06_20240430072732.pdf
File Hash:      461d1d13b1692b0373965bf6ef2af6e287dfc51bacfdd3caf92f3aee58d544b5
Page: 3 of 6      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

Anderson administered a screening instrument to test for malingering and noted that Mr. Cherry responded yes to all but one item, which is atypical for someone with genuine psychiatric or cognitive disorder. *Id*. Dr. Anderson opined that Mr. Cherry was feigning and deemed him competent to proceed. *Id*. Mr. Cherry was diagnosed with Antisocial Personality Disorder, Alcohol Use Disorder and Cannabis use Disorder, both in a controlled environment. *Id*.

Mr. Cherry's most recent competency evaluation was completed on April 3, 2023, by Dr. Richard Coffin. *Id*. at 9. Dr. Coffin noted that Mr. Cherry was not cooperative in answering questions. *Id*. Mr. Cherry communicated through gesturing and writing various case numbers, statements, phone numbers and emails from the collection of documents Mr. Cherry had brought into the interview. *Id*. During another interview with Dr. Coffin, Mr. Cherry was mostly mute except to complain of abdominal pain. *Id*. He was clutching his abdomen and rocking back and forth throughout the majority of the interview. *Id*. Mr. Cherry was able to participate in some discussion, but his thoughts were disorganized outside of those few interactions. Dr. Coffin noted Mr. Cherry can communicate about topics he chooses, but otherwise has disjointed communications. *Id*. at 11. Dr. Coffin diagnosed Mr. Cherry with Antisocial Personality Disorder, Malingering and Cannabis Use Disorder, in a controlled environment. *Id*. at 13. Dr. Coffin opined that Mr. Cherry was competent to proceed. *Id*.

Dr. Herbert, after reviewing these files and conducting her own interviews with Mr. Cherry opined that Mr. Cherry was competent to proceed. *Id*. at 17. Dr. Herbert's report noted that Mr. Cherry did not speak throughout their interview. *Id*. at 16. She noted that Mr. Cherry showed her his inmate bracelet at one point, but otherwise provided no communication. *Id*. Dr. Herbert stated that Mr. Cherry's history presents an atypical clinical picture and the symptom he presents with most consistently is mutism. *Id*. She notes mutism, with the exception of Schizophrenia, is generally not a feature of mental illness. However, she does state mutism can be a symptom of cognitive impairment, "typically related to a developmental and/or neurocognitive disability." *Id*. Dr. Herbert noted, "Mutism alone is not sufficient to render an individual incompetent to proceed." *Id*. Dr. Herbert further stats that Mr. Cherry has demonstrated an ability to understand what is being said to him by responding behaviorally that is relevant. *Id*. Finally, Dr. Herbert concluded in her report that because Mr. Cherry remained mute that she was "unable to formally obtain information relevant to his ability to consult with counsel, understand the proceedings, or participate in his defense." *Id*. at 17.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 35**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

Case No. 27-CR-23-3198
State of MN vs AARON DASHAUN CHERRY
Filing Type:      ·Finding of Incompetency and Order·
Filing Date:      **2023-12-06**
MCRO_27-CR-23-3198_Finding of Incompetency and Order_2023-12-06_20240430072732.pdf
File Hash:        461d1d13b1692b0373965bf6ef2af6e287dfc51bacfdd3caf92f3aee58d544b5
Page: 4 of 6      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

In addition to her report, Dr. Herbert provided testimony in this matter. Dr. Herbert testified that she reviewed the prior competency proceedings, including the reports done by Dr. Renken, Dr. Anderson and Dr. Coffin. She also reviewed a 2018 PSI report. Dr. Herbert also personally interviewed Mr. Cherry. Her interview with Mr. Cherry only lasted about 5 minutes. She testified that typically evaluations last between an hour and a half to two hours. Dr. Herbert testified that despite the short-time frame in her personal evaluation, she opined that Mr. Cherry was likely competent to proceed. She testified that her determination comes from the totality of the information available, and that it is important not to weigh one source heavier than another. However, Dr. Herbert testified that she was not able to say with certainty that Mr. Cherry could rationally consult with counsel.

Dr. Herbert testified further that she did not do psych, cognitive or malingering testing on Mr. Cherry. When Dr. Herbert was asked if one component of malingering is different presentations with different individuals, she answered yes. However, she further testified that she did not find it necessary to speak to friends or family of Mr. Cherry. She also stated that she did not speak to other deputies in the jail that had more routine contact with Mr. Cherry as she didn't find it necessary to seek out that information. Dr. Herbert also testified that psych testing would be useful to making a diagnosis of malingering but did not test Mr. Cherry for it. She further testified that mutism could be a result of cognitive impairment or deficit. However, Dr. Herbert stated she did not do cognitive testing for Mr. Cherry as she did not see the need for it.

Ms. Knutson, Mr. Cherry's counsel, also provided testimony in this matter. Ms. Knutson testified that she has been a public defender in Minneapolis since April 2018. She stated she currently represents around 80 clients and has provided legal services for several hundred throughout her five-year tenure as a public defender. Ms. Knutson testified that she has only requested Rule 20.01 competency evaluation for three clients, including Mr. Cherry, since she became a public defender. She stated that she met with Mr. Cherry three to four times before making a Rule 20.01 motion, and two to four times since, and had spoken with his previous counsel as well. During these meetings with Mr. Cherry, he did not speak with Ms. Knutson verbally. She stated that he would only communicate through writings that did not give direction on how to proceed in his current case. Ms. Knutson tried open and closed-ended questions, asked specific questions about the writings Mr. Cherry would give her and attempted to solicit nonverbal communication by gesture to ascertain a level of understanding. These meetings, in total, lasted

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 36**

Case No. 27-CR-23-3198
State of MN vs AARON DASHAUN CHERRY
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2023-12-06**
MCRO_27-CR-23-3198_Finding of Incompetency and Order_2023-12-06_20240430072732.pdf
File Hash:      461d1d13b1692b0373965bf6ef2af6e287dfc51bacfdd3caf92f3aee58d544b5
Page: 5 of 6      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

approximately two to three hours, and in that time, there was never a verbal response from Mr. Cherry.

Ms. Knutson further testified that due to the lack of communication with Mr. Cherry, it makes certain decisions with his case impossible. She states that Mr. Cherry must be able to make a decision about whether to plea and whether or not to testify, which cannot be ascertained without any logical communication from Mr. Cherry. Ms. Knutson also stated that she has not been able to gather any information from Mr. Cherry. When asked if Ms. Knutson believed Mr. Cherry could understand the charges, she said it was unclear because she has never received an answer. She stated that decisions must come from Mr. Cherry and if he does understand, he still is not communicating with her. She further testified that she could see no benefit to Mr. Cherry not communicating. When asked if Mr. Cherry's mutism was delaying moving forward in his case, she replied yes and that he has been in custody since February 2023. Ms. Knutson stated that even when Mr. Cherry would gesture or write something down, it was nonsensical and not in response to the questions she asked him. She stated that she did not find his responses to be meaningful. Finally, Ms. Knutson stated she would not be able to effectively represent Mr. Cherry due to his lack of communication.

### LEGAL CONCLUSIONS

"A defendant has a due process right not to be tried or convicted of a criminal charge if he the Minnesota Rules of Criminal Procedure requires the Court to find a defendant not competent unless the greater weight of the evidence shows that the defendant is competent to proceed. Minn.R.Crim.P. Rule 20.01, subd. 5 (c). A defendant is not competent if, due to mental illness or cognitive impairment he is unable to "(a) rationally consult with counsel or (b) understand the proceedings or participate in the defense." *Id.*, subd. 2. The determination of whether a defendant is able to rationally consult with the defense attorney or understand and participate in the proceedings turns on the facts of each particular case. Moreover, fact-finders, including district courts, are not required to accept an expert's testimony or recommendations. *State v. Roberts,* 876 N.W.2d 863, 868 (Minn. 2016). Foremost, throughout the criminal proceedings the trial court must be mindful of its protective duty to ensure that a defendant is competent to proceed. See *State v. Bauer,* 245 N.W.2d 848, 852 (Minn. 1976) (ruling that the court should have conducted further inquiry into the important matter of defendant's competency). It is the State's burden, by a

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 37**

Case No. 27-CR-23-3198
State of MN vs AARON DASHAUN CHERRY
Filing Type:    ·Finding of Incompetency and Order·
Filing Date:    **2023-12-06**
MCRO_27-CR-23-3198_Finding of Incompetency and Order_2023-12-06_20240430072732.pdf
File Hash:      461d1d13b1692b0373965bf6ef2af6e287dfc51bacfdd3caf92f3aee58d544b5
Page: 6 of 6      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

preponderance of the evidence, to prove that a defendant is competent. *State v. Curtis*, 921 N.W.2d 342, 348 (2018).   The standard to be applied is a fair preponderance of the evidence. *Id*.

Based on the totality of the facts noted above, the Court finds that the State has not met its burden of proving, by greater weight of the evidence, that Mr. Cherry is currently able to rationally consult with counsel, understand the proceedings, and participate in his defense. While Dr. Herbert opined in her report that Mr. Cherry would be competent, Mr. Cherry's mutism has significantly hindered his ability to consult with counsel and participate in his defense. The Court finds Dr. Herbert's report to be credible, but not persuasive. Mr. Cherry's competency proceeding history shows that Mr. Cherry has not been able to communicate or show understanding in a way that is meaningful towards his criminal proceedings. Dr. Herbert herself also stated she was not able to say with certainty that Mr. Cherry could rationally consult with counsel.

The Court finds Ms. Knutson's testimony that Mr. Cherry has not verbally spoken with her and has not provided any communications regarding any decisions with his case to be persuasive. Mr. Cherry has only provided a few writings, all of which have not made sense or shown that he has a requisite understanding of his criminal case. There has not been any communication in a logical or sensical way between Mr. Cherry and Ms. Knutson since Ms. Knutson took over the case, despite six to eight meetings between them. For these reasons, the Court finds that Mr. Cherry does not have a rational understanding of the proceedings, lacks the ability to rationally consult with counsel, and lacks the ability to participate in his defense.

Therefore, the court finds that the defendant, Mr. Cherry (Aaron Deshaun Cherry) is **INCOMPETENT**.

Order Recommended By:                    BY THE COURT:

Referee of District Court                    Judge of District Court

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 38

Case No. 27-CR-23-21403
State of MN vs PETER JAHAN LEHMEYER
Filing Type:    ·Findings of Fact, Conclusions of Law and Order·
Filing Date:    **2024-04-26**
MCRO_27-CR-23-21403_Findings of Fact, Conclusions of Law and Order_2024-04-26_20240430074934.pdf
File Hash:      f8d79ed031640aa17d29a29a8eb2c31dc8c4940b05b75e175be7efd98e222166
Page: 1 of 9      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

---

State of Minnesota,
      Plaintiff,

v.

Peter Jahan Lehmeyer,
      Defendant.

Judge Michael K. Browne
Case Type: Criminal

**FINDINGS OF FACT AND
CONCLUSIONS OF LAW
REGARDING DEFENDANT'S
COMPETENCY TO PROCEED**

Case File Numbers:
27-CR-23-21403, 27-CR-24-385

---

### APPEARANCES

The above-entitled matter came before the Honorable Michael K. Browne, Judge of District Court, on April 11, 2024, for an evidentiary hearing upon the Defense's objection to the incompetency opinion rendered by Elizabeth J. Barbo, Ph.D., L.P., in her report dated February 1, 2024. The Court is chambered at the Hennepin County Government Center, 300 South Sixth Street, Minneapolis, Minnesota.

Steven M. Tallen, Esq., appeared for the State. Julia M. Inz, Assistant Hennepin County Public Defender, appeared on behalf of the Defendant. Mr. Lehmeyer (the Defendant) appeared out of custody.

1

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 39**

**Case No. 27-CR-23-21403**
State of MN vs PETER JAHAN LEHMEYER
Filing Type:   ·Findings of Fact, Conclusions of Law and Order·
Filing Date:   **2024-04-26**
MCRO_27-CR-23-21403_Findings of Fact, Conclusions of Law and Order_2024-04-26_20240430074934.pdf
File Hash:     f8d79ed031640aa17d29a29a8eb2c31dc8c4940b05b75e175be7efd98e222166
Page: 2 of 9      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

---

#### EVIDENCE IN THE PROCEEDING

The Court received two exhibits into evidence: Dr. Elizabeth J. Barbo's Report dated February 1, 2024 (Ex. 1)[1]; and Dr. Elizabeth J. Barbo's Curriculum Vitae (Ex. 2). Mr. Lehmeyer and Dr. Elizabeth J. Barbo testified. After hearing arguments of counsel, the Court took the matter of Defendant's competency under advisement.

#### PROCEDURAL HISTORY

The Defendant, Mr. Lehmeyer, is charged with one count of driving after cancellation – inimical to public safety (Gross Misdemeanor) arising from an incident alleged to have occurred on October 6, 2023 (27-CR-23-21403). Mr. Lehmeyer is also charged with one count of driving after cancellation – inimical to public safety (Gross Misdemeanor) arising from an incident alleged to have occurred on December 29, 2023 (27-CR-24-385).

On October 9, 2023, Mr. Lehmeyer made his first appearance in Court, where the Court determined that he qualified for the services of a public defender. Also on October 9, 2023, the Honorable Edward Wahl, Judge of District Court, ordered Defendant to undergo an Evaluation for Competency to Proceed (Rule 20.01). Judge Wahl found probable cause and ordered a Rule 20.01 evaluation to determine if Mr. Lehmeyer was competent to proceed.

---

[1] Attorney Inz objected to the admission of Exhibit 1 on behalf of Mr. Lehmeyer. However, the Court overruled this objection and Exhibit 1 was received into evidence.

2

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 40**

Case No. 27-CR-23-21403
State of MN vs PETER JAHAN LEHMEYER
Filing Type:    ·Findings of Fact, Conclusions of Law and Order·
Filing Date:    **2024-04-26**
MCRO_27-CR-23-21403_Findings of Fact, Conclusions of Law and Order_2024-04-26_20240430074934.pdf
File Hash:      f8d79ed031640aa17d29a29a8eb2c31dc8c4940b05b75e175be7efd98e222166
Page: 3 of 9      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

Elizabeth J. Barbo, Ph.D., L.P., was assigned to complete the evaluation of the Defendant. She filed her report on February 1, 2024. Dr. Barbo opined that Mr. Lehmeyer was incompetent, as she concluded that his "refusal to participate in the examination is likely due to his untreated mental illness." Ex. 1, p. 8. Dr. Barbo provided the diagnoses of unspecified schizophrenia spectrum and other psychotic disorder rule out: substance induced psychotic disorder vs. delusional disorder; stimulant use disorder (methamphetamine), severe; alcohol use disorder, severe; cannabis use disorder, severity unknown; opioid use disorder, severity unknown; and borderline personality disorder. *Id.* Additionally, she concluded that "[Mr. Lehmeyer] may be an appropriate candidate for civil commitment if he is determined to be incompetent to proceed." *Id.* at 9.

The hearing on competency was held on April 11, 2024, at which time the Defense argued that the Court should find Mr. Lehmeyer competent to proceed with the criminal trial. Based upon the arguments presented and all the files and records herein, the Court orders as follows:

### FINDINGS OF FACT

The Court's findings are based on the information and opinions provided by Elizabeth J. Barbo, Ph.D., L.P. in her Rule 20 Evaluation Report dated February 1, 2024 (Ex. 1), and on the testimony of Mr. Lehmeyer and Dr. Elizabeth J. Barbo.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 41

Case No. 27-CR-23-21403
State of MN vs PETER JAHAN LEHMEYER
Filing Type:    ·Findings of Fact, Conclusions of Law and Order·
Filing Date:    **2024-04-26**
MCRO_27-CR-23-21403_Findings of Fact, Conclusions of Law and Order_2024-04-26_20240430074934.pdf
File Hash:      f8d79ed031640aa17d29a29a8eb2c31dc8c4940b05b75e175be7efd98e222166
Page: 4 of 9      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

It is the position of the Defense that Mr. Lehmeyer has the requisite capacity to proceed in his criminal matters. Mr. Lehmeyer's testimony did indicate some understanding of court proceedings. For instance, he testified to his understanding of the following: penalties; having a jury trial or a bench trial; that the prosecutor could present evidence (which he noted generally occurs during the Omnibus hearing); and plea negotiations. However, throughout his testimony, Mr. Lehmeyer required several prompts from the Court to answer the questions posed by his attorney without changing topic. It appeared difficult for him to follow these instructions and he often required redirection. Mr. Lehmeyer frequently rambled (after answering the question) about information unrelated to the question itself. For instance, in one response he began referencing a publication of the Supreme Court. After Mr. Lehmeyer's testimony concluded, he also raised his hand to speak again during other parts of the proceeding.

The Court next received testimony from Dr. Barbo. Dr. Barbo credibly opines that Mr. Lehmeyer refused to participate in his evaluation due to mental illness and that Mr. Lehmeyer was incompetent to proceed. She credibly testified that her opinion had not changed. Dr. Barbo indicates that she has evaluated Mr. Lehmeyer as part of the Rule 20.01 process at least eight times, the first of which occurred in June 2018. Ex. 1, pp. 5–6, 8. Dr. Barbo conducted the most recent evaluation of Mr. Lehmeyer on February 1, 2024, which is the subject of these proceedings. *Id*. at 1.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 42**

**Case No. 27-CR-23-21403**
State of MN vs PETER JAHAN LEHMEYER
Filing Type:    ·Findings of Fact, Conclusions of Law and Order·
Filing Date:    **2024-04-26**
MCRO_27-CR-23-21403_Findings of Fact, Conclusions of Law and Order_2024-04-26_20240430074934.pdf
File Hash:       f8d79ed031640aa17d29a29a8eb2c31dc8c4940b05b75e175be7efd98e222166
Page: 5 of 9       [ source file ]       [ .ots timestamp of source file ]       [ pdf signatures ]       [ metadata ]

Dr. Barbo credibly testified that Mr. Lehmeyer presented as very intense and neutral in affect during their initial discussion, but that he then became more agitated and irritable. Significantly, Mr. Lehmeyer "would not discuss his use of alcohol or substances, any mental health treatment, or any additional personal information," which Dr. Barbo notes is consistent with previous interviews. *Id*. 3. Despite Mr. Lehmeyer's refusal to discuss his substance use or mental health treatment, Dr. Barbo's report details a lengthy history or both substance use and mental health concerns beginning in April 1996, including several attempts at treatment programs, hospital presentations, and a stayed civil commitment. *Id*. at 3–5. Additionally, Dr. Barbo credibly testified that Mr. Lehmeyer left at least five voicemails with Psychological Services that were more than five minutes in length. *See also id*. at 7. In these voicemails, Mr. Lehmeyer spoke quickly about irrelevant information, before "signing off." *Id*. Dr. Barbo also discussed these voicemails in her report, noting that there were seven voicemails in total all received between the hours of midnight and 3:00 a.m. on October 31, 2023. *Id*. "In these voicemails, [Mr. Lehmeyer] talked about court rules and statutes that are unrelated to his case and do not appear to exist and then provided his contact information." *Id*.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 43**

**Case No. 27-CR-23-21403**
State of MN vs PETER JAHAN LEHMEYER
Filing Type:    ·Findings of Fact, Conclusions of Law and Order·
Filing Date:    **2024-04-26**
MCRO_27-CR-23-21403_Findings of Fact, Conclusions of Law and Order_2024-04-26_20240430074934.pdf
File Hash:      f8d79ed031640aa17d29a29a8eb2c31dc8c4940b05b75e175be7efd98e222166
Page: 6 of 9      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

Dr. Barbo offered the following diagnoses of Mr. Lehmeyer: unspecified schizophrenia spectrum and other psychotic disorder rule out: substance induced psychotic disorder vs. delusional disorder; stimulant use disorder (methamphetamine), severe; alcohol use disorder, severe; cannabis use disorder, severity unknown; opioid use disorder, severity unknown; and borderline personality disorder. *Id*. at 8. She concluded that "[b]ased on the available data it [is] my opinion that Mr. Lehmeyer's refusal to participate in the examination is likely due to his untreated mental illness." *Id*. Dr. Barbo believes that Mr. Lehmeyer is experiencing symptoms of mental illness. *Id*. Specifically, Dr. Barbo reports that it is her belief that Mr. Lehmeyer's refusal to participate in the evaluation is "related to his irrational thought processes and his delusional belief systems." *Id*. She further reports that it could not be confirmed whether Mr. Lehmeyer was using substances, but notes that "[Mr. Lehmeyer] has had similar symptoms even when he had been free from substance use for an extended period of time." *Id*. Ultimately, Dr. Barbo states that "[w]ithout formal intervention to assist with medication management and sobriety it is unlikely [Mr. Lehmeyer] will be restored in the future." *Id*. She opines that Mr. Lehmeyer "may be an appropriate candidate for civil commitment if he is determined to be incompetent to proceed." *Id*. at 9.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 44

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

Case No. 27-CR-23-21403
State of MN vs PETER JAHAN LEHMEYER
Filing Type:    ·Findings of Fact, Conclusions of Law and Order·
Filing Date:    **2024-04-26**
MCRO_27-CR-23-21403_Findings of Fact, Conclusions of Law and Order_2024-04-26_20240430074934.pdf
File Hash:      f8d79ed031640aa17d29a29a8eb2c31dc8c4940b05b75e175be7efd98e222166
Page: 7 of 9      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

In summary, the Court finds the opinion and report of Dr. Barbo to be most persuasive regarding Mr. Lehmeyer's competency to proceed. The Court's observations of Mr. Lehmeyer, including his testimony, mirrored Dr. Barbo's observations of Mr. Lehmeyer in the time leading up to and during her evaluation, namely discussing irrelevant information. The Court is concerned that although Mr. Lehmeyer was able to exhibit some understanding of court proceedings in his testimony, this understanding may be superficial as he then turned to irrelevant information, such as that listed in his voicemails. Mr. Lehmeyer also continued to appear symptomatic, including displaying pressured speech. Given these behaviors, the Court finds that Mr. Lehmeyer lacks the ability to rationally consult with counsel, understand the proceedings, and participate in his defense. Therefore, the Court finds that the Defendant has not met his burden of proof.

## CONCLUSIONS OF LAW

"A defendant has a due process right not to be tried or convicted of a criminal charge if he or she is legally incompetent." *Bonga v. State*, 797 N.W.2d 712, 718 (Minn. 2011). Rule 20.01 of the Minnesota Rules of Criminal Procedure requires the district court to find a defendant not competent unless the greater weight of the evidence shows that the defendant is competent to proceed. MINN. R. CRIM. P. Rule 20.01, subd. 5 (c). A defendant is not competent if, due to mental illness or cognitive impairment he is unable to "(a) rationally consult with counsel or (b) understand the proceedings or participate in the defense." *Id.*, subd. 2.

7

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 45**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

Case No. 27-CR-23-21403
State of MN vs PETER JAHAN LEHMEYER
Filing Type:    ·Findings of Fact, Conclusions of Law and Order·
Filing Date:    **2024-04-26**
MCRO_27-CR-23-21403_Findings of Fact, Conclusions of Law and Order_2024-04-26_20240430074934.pdf
File Hash:      f8d79ed031640aa17d29a29a8eb2c31dc8c4940b05b75e175be7efd98e222166
Page: 8 of 9      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

The determination of whether a defendant is able to rationally consult with the defense attorney or understand and participate in the proceedings turns on the facts of each particular case. Moreover, factfinders, including district courts, are not required to accept an expert's testimony or recommendations. In a criminal case involving a mental-illness defense, the Minnesota Supreme Court noted that "the factfinder is not bound by expert psychiatric testimony and may reject it entirely, even when the only experts who testify support the defendant's assertion of a mental-illness defense." *State v. Roberts,* 876 N.W.2d 863, 868 (Minn. 2016).

Foremost, throughout the criminal proceedings the trial court must be mindful of its protective duty to ensure that a defendant is competent to proceed. *See State v. Bauer*, 245 N.W.2d 848, 852 (Minn. 1976) (ruling that the district court should have conducted further inquiry into the important matter of defendant's competency). The defendant bears the burden of proof in a contested competency proceeding under MINN. R. CRIM. P. 20.01 when the defendant asserts their own competence. *See State v. Thompson*, 988 N.W.2d 149, 158 (Minn. 2023).

The evidence presented shows that Dr. Barbo has diagnosed Mr. Lehmeyer with unspecified schizophrenia spectrum and other psychotic disorders, along with several other mental illnesses. Based on the totality of the information before the Court, the Court finds that the greater weight of the evidence demonstrates that because of the mental illnesses diagnosed by Dr. Barbo, Mr. Lehmeyer presently does not have the ability to rationally consult with counsel, understand the proceedings, and participate in his defense. The Court found both Dr. Barbo's written reports, in combination with her testimony, to be highly credible and persuasive. As a result, under *Anderson*, the Defense has not met its burden of proving, by a greater weight of the evidence, that Mr. Lehmeyer is competent.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 46

**Case No. 27-CR-23-21403**
State of MN vs PETER JAHAN LEHMEYER
Filing Type:   ·Findings of Fact, Conclusions of Law and Order·
Filing Date:   **2024-04-26**
MCRO_27-CR-23-21403_Findings of Fact, Conclusions of Law and Order_2024-04-26_20240430074934.pdf
File Hash:      f8d79ed031640aa17d29a29a8eb2c31dc8c4940b05b75e175be7efd98e222166
Page: 9 of 9      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

## O<small>RDER</small>

Therefore, the Court finds that the Defendant, Mr. Lehmeyer, is **<u>INCOMPETENT</u>** to proceed with trial.

I<small>T</small> I<small>S</small> S<small>O</small> O<small>RDERED</small>.

**BY THE COURT**

9

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

Case No. 27-CR-20-26577
State of MN vs Rasheed Richardson
Filing Type:   ·Order Denying Motion·
Filing Date:   **2021-06-25**
MCRO_27-CR-20-26577_Order Denying Motion_2021-06-25_20240430090627.pdf
File Hash:     dc66a229c6530f5cb21aa32ce5ed15eb47b801c7cadaaaeb824cd4947e41f155
Page: 1 of 6    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

STATE OF MINNESOTA                                      DISTRICT COURT

COUNTY OF HENNEPIN                          FOURTH JUDICIAL DISTRICT

---

State of Minnesota,

        Plaintiff,

                                      **ORDER DENYING DEFENDANT'S**
                                             **MOTION TO SUPPRESS**

v.

                                                 27-CR- 20-26577

RASHEED RICHARDSON

        Defendant.

---

       This matter came before the undersigned Judge on Rasheed Richardson's Motion to Suppress, filed on April 29, 2021.  The warrant application was submitted separately by the Defense.  Mr. Richardson is represented by Assistant Public Defender Tanya Bishop.  The State is represented by Assistant County Attorney Christopher Freeman, who filed a response on May 21, 2021.  The Parties agreed to have the motion decided on the pleadings.  No evidentiary hearing was held.

       Based upon applicable case law, and all the files and pleadings in this case, the Court makes the following:

FINDINGS OF FACT[1]

       1.      Frances Mosley's home was vandalized on nine occasions between March and December 2020.

       2.      Police investigated the incidents and Sgt. Sara Metcalf applied for a warrant to search 3508 Park Avenue South, the known residence of Rasheed Richardson.[2]  This warrant application compiled information gathered from surveillance videos and interviews conducted by police.  In the warrant application, Sgt. Metcalf requested to search the residence for a number of items, including clothing, a hammer, keys, documents, cellphones, computers, and work schedules.[3]  Judge Luis

---

[1] These findings are based on the complaint and Parties' submissions.  Facts from the warrant application are cited accordingly.

[2] Mr. Richardson has also been known as "Shawn" as well as "Lamar Johnson."  Application for Search Warrant 1.

[3] In whole, the application requests to search for:

> SKI MASK (BLACK/DARK COLORED), HOODY (BLACK/DARK COLORED), JACKET (WITH TAILS/SPLIT LOWER BACK), LIGHT COLORED GLOVES, DARK COLORED GLOVES, DARK COLORED PANTS, DARK COLORED SHOES WITH WHITE SOLE/TRIM

> RED HAMMER, DUCT TAPE, KEYS TO FORD TAURUS MN AJS292, CELL PHONES, COURT DOCUMENTS, SURVEILLANCE SYSTEM, WORK SCHEDULES, VEHICLE INFORMATION

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

<span style="color:red">**EXHIBIT ESO-1 | p. 48**</span>

**Case No. 27-CR-20-26577**
State of MN vs Rasheed Richardson
Filing Type:    ·Order Denying Motion·
Filing Date:    **2021-06-25**
MCRO_27-CR-20-26577_Order Denying Motion_2021-06-25_20240430090627.pdf
File Hash:      dc66a229c6530f5cb21aa32ce5ed15eb47b801c7cadaaaeb824cd4947e41f155
Page: 2 of 6    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

---

Bartolomei signed the warrant, and a search of Mr. Richardson's residence was conducted, yielding several guns and narcotics.

3.      During their investigation, police determined from surveillance videos the suspect drove a "silver/grey Ford Taurus."[4] Police were unable to see the license plate of the vehicle because it was covered with tape.[5] Police noted the suspect appeared to wear the same clothing on many occasions and used a hammer to break windows on many occasions.[6]

4.      In an interview with Ms. Mosley's family, police learned of a civil lawsuit involving a property of Ms. Mosley's grandson at 3508 Park Avenue South.[7] Police visited that location and found a silver/grey Ford Taurus matching the car seen in the surveillance videos.[8] In the warrant application, Sgt. Metcalf explained how a "large" rust patch with a "unique shape" on the vehicle matched the rust patch seen on the vehicle in the surveillance videos.[9] As detailed in the warrant application, police "researched 3508 Park Av S and found that RASHEED RICHARDSON is living there with his mother VICTORIA RICHARDSON."[10] Police went on to note "[r]ecords show Rasheed lives at the house."[11] Ms. Mosley's grandson, Jerone, told police:

> He has known Rasheed and Victoria for about 25 years. They lived at 3508 Park Av S. Jerone stated he purchased the house from them and then allowed Rasheed and Victoria to rent the home. According to Jerone, they "brokered a deal" for the renting of the home. Victoria then sued Jerone over ownership/occupancy of the home.[12]

5.      Through investigation, police determined the Ford Taurus belonged to Rasheed Richardson.[13] When police visited 3508 Park Avenue South, the car was parked on the same block, "about 500 feet away."[14]

---

(PURCHASE OF TAURUS, OWNERSHIP/SALE/PURCHASE OF OTHER VEHICLES), MAILINGS, DOCUMENTS WITH NAMES, ADDRESSES, PHONE NUMBERS, CALENDAR, COMPUTERS

*Id.* at 1.
[4] Application for Search Warrant 2.
[5] *Id.*
[6] Specifically, the suspect was observed wearing "what appears on video to be a black ski mask with holes for his eyes, a black hoody, a black jacket with 'tails' (a split in the back of the jacket), dark pants and dark colored shoes with white soles." *Id.*
[7] Application for Search Warrant 2.
[8] *Id.*
[9] *Id.*
[10] *Id.* at 3.
[11] *Id.*
[12] *Id.*
[13] *See id.* at 2–3 (linking the vehicle to a dealership where records show the car was sold to Mr. Richardson).
[14] Def.'s Memo in Supp. of Mtn. to Suppress Evidence 4.

Order Denying Defense Motion to Suppress
*State v. Rasheed Richardson* (27-CR-20-26577)
Page 2 of 6

---

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 49

Case No. 27-CR-20-26577
State of MN vs Rasheed Richardson
Filing Type:    ·Order Denying Motion·
Filing Date:    **2021-06-25**
MCRO_27-CR-20-26577_Order Denying Motion_2021-06-25_20240430090627.pdf
File Hash:      dc66a229c6530f5cb21aa32ce5ed15eb47b801c7cadaaaeb824cd4947e41f155
Page: 3 of 6    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

6.      Additionally, blood collected at the scene by Ms. Mosley's family matched Mr. Richardson.[15]

7.      After watching surveillance video, Jerone told police "the suspect moved and jogged like Rasheed who he has known for 25 years."[16]

## CONCLUSIONS OF LAW

8.      Warrants must be based in probable cause, sufficiently particular, and issue on information that is not stale.  The Defense raises a probable cause challenge, arguing the warrant application lacked a sufficient nexus between Mr. Richardson's residence and the evidence sought.  The warrant was appropriately based on probable cause, and there was a sufficient nexus between Mr. Richardson's house and the evidence sought therein.  The court finds no reason to overturn the issuing magistrate's probable-cause determination.

9.      The Fourth Amendment to the United States Constitution and Article I Section 10 of the Minnesota Constitution protect people against warrantless searches of their person, houses, papers, and effects.[17]  A neutral and detached magistrate may issue a search warrant only upon a finding of probable cause.[18]  In determining if there was probable cause to properly issue a warrant, the court should consider if there is a "fair probability" the evidence sought will be in the site searched.[19]  Aiding in that inquiry is the "nexus" analysis, which requires the warrant application contain sufficient information to establish a nexus between the thing searched and the evidence sought.[20]

10.      In *Yarbrough*, police applied for a warrant to search for a handgun and drug evidence at Mr. Yarbrough's apartment.  In considering whether the warrant to search for these items was appropriately issued, the court examined the nexus between the evidence sought and Mr. Yarbrough's residence.  The court considered the items separately.  For the handgun:

> The search warrant affidavit stated that Yarbrough not only made threats with a handgun in a public park, but fled the scene in a vehicle that was later parked at, and registered to a resident of, the apartment.  The inference is that the vehicle's driver was Yarbrough's roommate.  It was therefore reasonable to infer that Yarbrough or the driver would store the handgun at the apartment.[21]

It should also be noted the license plate of the vehicle found at the apartment building matched the license plate noted at the scene.[22]  For the drug evidence, the information in the warrant application

---

[15] Application for Search Warrant 4.
[16] *Id.* at 3.
[17] U.S. Const. amend. IV; Minn. Const. art. 1, § 10.
[18] *State v. Harris*, 589 N.W.2d 782, 787 (Minn. 1999).
[19] *State v. Yarbrough*, 841 N.W.2d 619, 622 (Minn. 2014).
[20] *See State v. Holland,* 865 N.W.2d 666, 675 (Minn. 2015).
[21] *Yarbrough*, 841 N.W.2d at 623.
[22] *Id.* at 621.

Order Denying Defense Motion to Suppress
*State v. Rasheed Richardson* (27-CR-20-26577)
Page 3 of 6

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 50

Case No. 27-CR-20-26577
State of MN vs Rasheed Richardson
Filing Type:    ·Order Denying Motion·
Filing Date:    **2021-06-25**
MCRO_27-CR-20-26577_Order Denying Motion_2021-06-25_20240430090627.pdf
File Hash:      dc66a229c6530f5cb21aa32ce5ed15eb47b801c7cadaaaeb824cd4947e41f155
Page: 4 of 6    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

painted Mr. Yarbrough as a "wholesale" drug dealer, and there was "a substantial basis to conclude that there was a fair probability that drug evidence would be found at the apartment."[23]  In both instances, the court considered whether it was reasonable to believe Mr. Yarbrough could have these items in the apartment based on the information provided in the warrant application.

11.     The Defense relies on distinguishing this case from *Yarbrough*.  The court is not persuaded by these distinctions.  In *Yarbrough*, the suspect car was found parked at an apartment building.  Here, the car was found on the same block as the house where Mr. Richardson lives, only 500 feet from the house.  In *Yarbrough*, there was a license plate match.  Here, the officer was able to examine surveillance stills of the car and match a unique rust patch on the vehicle to the vehicle on the stills.  There is little meaningful factual difference here,[24] and certainly no legal difference.

12.     More broadly, the analysis in *Yarbrough* is more concerned with the "totality of the circumstances" rather than specific details about how closely a suspect vehicle is associated with a residence to be searched.  The relevant circumstances are "the type of crime, the nature of the items sought, the extent of the defendant's opportunity for concealment, and the normal inferences as to where the defendant would usually keep the items."[25]  For instance, the court distinguishes between a casual drug user and a "wholesaler," finding it reasonable a wholesaler would have drugs at their residence, but more information is required to draw the same inference about a drug user.[26]

13.     The vehicle in *Yarbrough* is an important piece in the "totality of the circumstances" linking Mr. Yarbrough to the scene of the crime and to the apartment building where the vehicle was eventually found.  That is not to say a vehicle is the only thing that can link someone—and the evidence they may possess—to a residence.  As quoted by the Defense, *Yarbrough* makes clear the possession of a gun outside a residence alone does not justify searching the residence.[27]  This draws out the principle behind the nexus requirement, as illustrated in cases before *Yarbrough*.  While connection to a residence alone absent other information is not enough to justify searching it for evidence, the other information establishing the nexus does not need to be overwhelming.[28]

14.     The warrant application clearly and repeatedly connects Mr. Richardson with the residence searched by police.  Not only were police told Mr. Richardson lived at the residence, the residence was the subject of a civil suit between Ms. Mosley's grandson and Mr. Richardson and/or his

---

[23] *Id.* at 624.
[24] Indeed, one could argue a distinctive rust pattern—which cannot be easily removed or replicated—is more convincing of a positive "match" then a license plate, which can be removed and installed on a similar looking car with a couple of turns of a wrench or screwdriver.
[25] *Yarbrough*, 841 N.W.2d at 623 (citing *State v. Pierce*, 358 N.W.2d 672, 673 (Minn.1984)).
[26] *Yarbrough*, 841 N.W.2d at 623 (citing *State v. Harris*, 589 N.W.2d 782, 789 (Minn. 1999) and *Novak v. State*, 349 N.W.2d 830, 832–33 (Minn.1984)).
[27] Def.'s Memo in Supp. of Mtn. to Suppress Evidence 4 (quoting *Yarbrough*, 841 N.W.2d at 623.)
[28] *See e.g.* State v. Gail, 713 N.W.2d 851, 859 (Minn. 2006) (finding a nexus between an apartment and a murder weapon because the defendant called his probation officer from the address and was arrested there 10 days after the murder); Rosillo v. State, 278 N.W.2d 747, 748-749 (Minn. 1979) ("All that is required is that the affidavit, interpreted in a common-sense and realistic manner, contain information which would warrant a person of reasonable caution to believe that the articles sought are located at the place to be searched.").

Order Denying Defense Motion to Suppress
*State v. Rasheed Richardson* (27-CR-20-26577)
Page 4 of 6

Url 1: link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
Url 4: drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

Case No. 27-CR-20-26577
State of MN vs Rasheed Richardson
Filing Type:    ·Order Denying Motion·
Filing Date:    **2021-06-25**
MCRO_27-CR-20-26577_Order Denying Motion_2021-06-25_20240430090627.pdf
File Hash:      dc66a229c6530f5cb21aa32ce5ed15eb47b801c7cadaaaeb824cd4947e41f155
Page: 5 of 6     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

mother.  It is reasonable the State could argue this dispute was the motive for the criminal behavior the State is alleging.  Records connected Mr. Richardson to the address.  The warrant application connects the 3508 Park Avenue address to the Mosley family as well.  A vehicle matching the one seen on surveillance was then found on this block, connecting the address with the alleged crimes.  This establishes a sufficient nexus between the residence and the evidence sought by police.  Just as it is reasonable to believe someone may store their handgun at their residence, it is reasonable, on the facts presented to the issuing magistrate, to believe someone clearly connected to a residence may store a hammer, clothing, documents, keys, computer, cell phones and the other evidence sought at that residence.

15.     These findings give the court no reason to overturn the issuing magistrate's probable cause determination.  The court has been provided with guidance that the "resolution of doubtful or marginal cases should be 'largely determined by the preference to be accorded to warrants.'" [29]  This court does not find this to be a particularly "doubtful or marginal" case.  Judge Bartolomei's determination of probable cause will not be overturned.

16.     The Defense also argues the search is unreasonable because Mr. Richardson's privacy interest in his residence is greater than the State's need for the evidence sought.  However, the Defense fails to cite any case excluding evidence in a criminal case based on this standard, much less one excluding evidence after a lawful search conducted pursuant to a warrant issued on probable cause. [30]

---

[29] State v. Albrecht, 465 N.W.2d 107, 109 (Minn. Ct. App. 1991) (citing *Massachusetts v. Upton*, 466 U.S. 727, 734 (1984)).

[30] This balancing language of the reasonableness standard has been applied to warrantless searches usually by actors not directly affiliated with law enforcement. *See e.g. Camara v. Municipal Court of City and County of San Francisco*, 387 U.S. 523, 534 (1967) (finding administrative searches by municipal inspectors required a warrant, the traditional safeguard of the Fourth Amendment)*; New Jersey v. T.L.O.*, 469 U.S. 325 (1985) (examining a search on school grounds by school official).  In the law enforcement context, the standard is perhaps most applicable to broad police practices affecting people's privacy, such as road blocks.  *See e.g. Michigan Dep't of State Police v. Sitz*, 496 U.S. 444 (1990) (upholding a police road block because the State's interest in detecting drunk driving was greater than individual privacy interests).  Following the citation history backwards from *Virginia v. Moore,* the case cited by Defense, one finds the balancing language immediately followed by:

> Where a search is undertaken by law enforcement officials to discover evidence of criminal wrongdoing, this Court has said that reasonableness generally requires the obtaining of a judicial warrant.  Warrants cannot be issued, of course, without the showing of probable cause required by the Warrant Clause.  But a warrant is not required to establish the reasonableness of *all* government searches; and when a warrant is not required (and the Warrant Clause therefore not applicable), probable cause is not invariably required either.

*Vernonia Sch. Dist. 47J v. Acton*, 515 U.S. 646, 653 (1995) (internal citation omitted).  *Acton* cites to a 1989 Court opinion which, immediately following the balancing language, states in no uncertain terms "[i]n most criminal cases, we strike this balance in favor of the procedures described by the Warrant Clause of the Fourth Amendment."  *Skinner v. Ry. Lab. Executives' Ass'n*, 489 U.S. 602, 619 (1989).  And *Skinner* cites to a 1979 opinion invoking the same balancing language:

> [T]he permissibility of a particular law enforcement practice is judged by balancing its intrusion on the individual's Fourth Amendment interests against its promotion of legitimate governmental

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 52

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

**Case No. 27-CR-20-26577**

State of MN vs Rasheed Richardson

Filing Type:    ·Order Denying Motion·
Filing Date:    **2021-06-25**
MCRO_27-CR-20-26577_Order Denying Motion_2021-06-25_20240430090627.pdf
File Hash:    dc66a229c6530f5cb21aa32ce5ed15eb47b801c7cadaaaeb824cd4947e41f155
Page: 6 of 6    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

While the alleged crime in *Yarbrough* involved drugs and a handgun, the alleged crime in this case involves surveillance video, specific clothing, and a hammer.  The Defense argues these items are commonplace, and therefore carry less evidentiary value to the State.  Commonplace or not, their evidentiary value in this case is clear and so is the State's interest in them.  The search in this case was based on a valid warrant and was not unreasonable.

**IT IS ORDERED:**

The Defendant's Motion to Suppress is **DENIED**.

BY THE COURT

June 23, 2021
Date

William H. Koch
Judge of District Court

interests. Implemented in this manner, the reasonableness standard usually requires, at a minimum, that the facts upon which an intrusion is based be capable of measurement against "an objective standard," whether this be probable cause or a less stringent test.

*Delaware v. Prouse*, 440 U.S. 648, 654 (1979).  Thus, the reasonableness standard, including the balance between privacy rights and the State's interest in prosecution inherent in that standard, has been historically satisfied by police procedures that follow the legally established practice of obtaining warrants based in probable cause.

Order Denying Defense Motion to Suppress
*State v. Rasheed Richardson* (27-CR-20-26577)
Page 6 of 6

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 53**

Case No. 27-CR-22-13185
State of MN vs MARK ANTHONY REINHART
Filing Type:    ·Order Denying Motion·
Filing Date:    **2023-05-01**
MCRO_27-CR-22-13185_Order Denying Motion_2023-05-01_20240429161142.pdf
File Hash:      5dabc7020218d826d6372927cede477b73bea03cc2b7bea9fc059a10edb53bee
Page: 1 of 4      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

**STATE OF MINNESOTA**

**COUNTY OF HENNEPIN**

**DISTRICT COURT**
**PROBATE / MENTAL HEALTH DIVISION**
**JUDICIAL DISTRICT: FOURTH**

Court File No. 27-CR-22-13185;
27-CR-22-14723; and
27-CR-23-5213

**STATE OF MINNESOTA,**
                    **Plaintiff,**
**v.**

**MARK ANTHONY REINHART,**
                    **Defendant.**

**Order Denying Motion For**
**Amended Conditional Release Order**

This matter came before the Court on April 25, 2023, on a Motion by Counsel for the Defendant to remove the bail requirement imposed on Defendant by the Court's Conditional Release Order filed March 9, 2023, and to release him from the Hennepin County Adult Detention Center without bail, but on conditions. The hearing took place remotely using Zoom video. The Defendant declined to participate in the hearing and was represented by attorney Susan Herlofsky. The State of Minnesota was represented by Minneapolis City Attorney Heidi Johnston.

The matter was referred for hearing to the undersigned district court referee, and based on the referee's recommendations, the Court makes the following:

**FINDINGS OF FACT**

1.  Defendant (date of birth 02/10/1962) was charged in: Court File No. 27-CR-22-13185 with Indecent Exposure/Lewdness (Gross Misdemeanor) arising from an incident alleged to have occurred on July 5, 2022; Court File No. 27-CR-22-14723 with Trespass (Gross Misdemeanor) arising from an incident alleged to have occurred on June 21, 2022; and Court File No. 27-CR-23-5213 with Trespass on Critical Public Service Facilities, Pipeline, Utility (Gross Misdemeanor) arising from an incident alleged to have occurred

1

Url 1: link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
Url 4: drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**Case No. 27-CR-22-13185**
State of MN vs MARK ANTHONY REINHART
Filing Type:     ·Order Denying Motion·
Filing Date:     **2023-05-01**
MCRO_27-CR-22-13185_Order Denying Motion_2023-05-01_20240429161142.pdf
File Hash:       5dabc7020218d826d6372927cede477b73bea03cc2b7bea9fc059a10edb53bee
Page: 2 of 4        [ source file ]        [ .ots timestamp of source file ]        [ pdf signatures ]        [ metadata ]

on March 8, 2023. The Defendant was charged with other misdemeanor violations that were dismissed by the Court's Order Regarding Competency filed April 13, 2023.

2.  The April 13, 2023 Order Regarding Competency determined that the Defendant is presently incompetent to stand trial. The Hennepin County Prepetition Screening Program (PSP) was ordered to conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation either supporting or not supporting civil commitment in a written report to the Hennepin County Attorney within five (5) days of receiving the Order.

3.  Rule 20.01 Subd. 6(b) provides in part:

    > If the defendant is not under civil commitment, the court must issue an order directing the designated agency in the county where the criminal case is filed to conduct prepetition screening pursuant to the Minnesota Commitment and Treatment Act to make a recommendation on whether the defendant should be civilly committed under the Act. The prepetition screening team must prepare and send a written report to the county attorney and social services agency for that county within five days.

4.  It is unclear when PPS received the Court's April 13, 2023 Order Regarding Competency. The Court learned at the April 25 hearing, however, that the Hennepin County Attorney did not receive the PPS Report until April 24, 2023. A Petition for Judicial Commitment of the Defendant as a person who poses a risk of harm due to a mental illness and as a chemically dependent person was filed on April 26, 2023, by the County Attorney.

5.  If this Court assumes that PPS received the Court's Order on April 13, PPS should have prepared and sent its Report to the County Attorney by April 18.

6.  Defendant's Counsel argues that the remedy for a late report by PPS should be removal of the bail requirement resulting in release of the Defendant from incarceration.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**Case No. 27-CR-22-13185**
State of MN vs MARK ANTHONY REINHART
Filing Type: ·Order Denying Motion·
Filing Date: **2023-05-01**
MCRO_27-CR-22-13185_Order Denying Motion_2023-05-01_20240429161142.pdf
File Hash: 5dabc7020218d826d6372927cede477b73bea03cc2b7bea9fc059a10edb53bee
Page: 3 of 4   [ source file ]   [ .ots timestamp of source file ]   [ pdf signatures ]   [ metadata ]

7. The Court was not able to find case law holding that the remedy for a Rule 20.01 Subd. 6(b) timing violation is release from custody.

8. Under the facts of this case, the Court declines to amend its Conditional Release Order to allow for release of Defendant from the Adult Detention Center for the following reasons:

    a. First, it is unclear when PPS received the Court's April 13, 2023 Order. Rule 20.01 Subd. 6(b) is vague as to when the five day period begins to run, however, the Court's Order clearly states the five day period begins to run upon receipt of the Order. If this Court assumes that PPS received the Order on April 13, the Report was due on April 18 and was six days overdue when the County Attorney received the Report on April 24. The Court is also unaware of the reasons for the delayed Report. If the delay was due to the conduct of the Defendant, there may be an argument that there was a legitimate reason for the delay. As to the six day overdue report, the Court finds that a six day delay does not seem unreasonable or unduly prejudicial to the Defendant, particularly since a Petition for Judicial Commitment has been filed.

    b. The Court also notes that the County Attorney acted quickly to review this matter upon receipt of the PPS Report and filed its Petition for Judicial Commitment on April 26 in Court File No. 27-MH-PR-23-466.

9. In summary the Court recognizes that Respondent has been at the Adult Detention Center since March 8, 2023. The Court also is aware of the cases which stand for the proposition that it violates due process to hold a person found to be incompetent in custody for an extended period of time. In the present case, however, the court does not find that he has been held for an unreasonable period of time, particularly since the County Attorney acted quickly upon receiving the Report from PSP to file the Petition for Judicial Commitment.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**Case No. 27-CR-22-13185**
State of MN vs MARK ANTHONY REINHART
Filing Type:    ·Order Denying Motion·
Filing Date:    **2023-05-01**
MCRO_27-CR-22-13185_Order Denying Motion_2023-05-01_20240429161142.pdf
File Hash:      5dabc7020218d826d6372927cede477b73bea03cc2b7bea9fc059a10edb53bee
Page: 4 of 4      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

## ORDER

**IT IS ORDERED:**

1.  The Defendant's Motion to remove the bail requirements imposed by the Court and release him from the Hennepin County Adult Detention Center without bail, but on conditions is DENIED.

2.  The conditions of release set forth in the Conditional Release Order filed March 9, 2023, shall remain in effect until the conclusion of the Defendant's civil commitment proceeding.

3.  Copies of this Order shall be served upon counsel for the parties including:

    Heidi Johnston, Minneapolis City Attorney, Criminal Division;

    Christopher Renz, Attorney for Metropolitan Airports Commission;

    Shawna Kosel, Assistant Hennepin County Public Defender; and

    Susan Herlofsky, Assistant Hennepin County Public Defender.


Order Recommended by:                    **BY THE COURT:**


_____          _____
Referee of District Court                Judge of District Court

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 57**

**Case No. 27-CR-23-5213**
State of MN vs MARK ANTHONY REINHART
Filing Type:    ·Order Denying Motion·
Filing Date:    **2023-05-02**
MCRO_27-CR-23-5213_Order Denying Motion_2023-05-02_20240430073155.pdf
File Hash:    7f7219362280d6213892aef8cd97c6d2a5c76bf34390939364e6a6218a3e8d45
Page: 1 of 4      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

|  |  |
|---|---|
| **STATE OF MINNESOTA** | **DISTRICT COURT** |
|  | **PROBATE / MENTAL HEALTH DIVISION** |
| **COUNTY OF HENNEPIN** | **JUDICIAL DISTRICT: FOURTH** |

Court File No. 27-CR-22-13185;
27-CR-22-14723; and
27-CR-23-5213

**STATE OF MINNESOTA,**
                **Plaintiff,**

v.

**MARK ANTHONY REINHART,**
                **Defendant.**

**Order Denying Motion For
Amended Conditional Release Order**

---

This matter came before the Court on April 25, 2023, on a Motion by Counsel for the Defendant to remove the bail requirement imposed on Defendant by the Court's Conditional Release Order filed March 9, 2023, and to release him from the Hennepin County Adult Detention Center without bail, but on conditions. The hearing took place remotely using Zoom video. The Defendant declined to participate in the hearing and was represented by attorney Susan Herlofsky. The State of Minnesota was represented by Minneapolis City Attorney Heidi Johnston.

The matter was referred for hearing to the undersigned district court referee, and based on the referee's recommendations, the Court makes the following:

**FINDINGS OF FACT**

1. Defendant (date of birth 02/10/1962) was charged in: Court File No. 27-CR-22-13185 with Indecent Exposure/Lewdness (Gross Misdemeanor) arising from an incident alleged to have occurred on July 5, 2022; Court File No. 27-CR-22-14723 with Trespass (Gross Misdemeanor) arising from an incident alleged to have occurred on June 21, 2022; and Court File No. 27-CR-23-5213 with Trespass on Critical Public Service Facilities, Pipeline, Utility (Gross Misdemeanor) arising from an incident alleged to have occurred

1

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 58**

**Case No. 27-CR-23-5213**
State of MN vs MARK ANTHONY REINHART
Filing Type:    ·Order Denying Motion·
Filing Date:    **2023-05-02**
MCRO_27-CR-23-5213_Order Denying Motion_2023-05-02_20240430073155.pdf
File Hash:      7f7219362280d6213892aef8cd97c6d2a5c76bf34390939364e6a6218a3e8d45
Page: 2 of 4      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

on March 8, 2023. The Defendant was charged with other misdemeanor violations that were dismissed by the Court's Order Regarding Competency filed April 13, 2023.

2.  The April 13, 2023 Order Regarding Competency determined that the Defendant is presently incompetent to stand trial. The Hennepin County Prepetition Screening Program (PSP) was ordered to conduct a prepetition screening pursuant to the Minnesota Commitment and Treatment Act and make a recommendation either supporting or not supporting civil commitment in a written report to the Hennepin County Attorney within five (5) days of receiving the Order.

3.  Rule 20.01 Subd. 6(b) provides in part:

    > If the defendant is not under civil commitment, the court must issue an order directing the designated agency in the county where the criminal case is filed to conduct prepetition screening pursuant to the Minnesota Commitment and Treatment Act to make a recommendation on whether the defendant should be civilly committed under the Act. The prepetition screening team must prepare and send a written report to the county attorney and social services agency for that county within five days.

4.  It is unclear when PPS received the Court's April 13, 2023 Order Regarding Competency. The Court learned at the April 25 hearing, however, that the Hennepin County Attorney did not receive the PPS Report until April 24, 2023. A Petition for Judicial Commitment of the Defendant as a person who poses a risk of harm due to a mental illness and as a chemically dependent person was filed on April 26, 2023, by the County Attorney.

5.  If this Court assumes that PPS received the Court's Order on April 13, PPS should have prepared and sent its Report to the County Attorney by April 18.

6.  Defendant's Counsel argues that the remedy for a late report by PPS should be removal of the bail requirement resulting in release of the Defendant from incarceration.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 59

Case No. 27-CR-23-5213
State of MN vs MARK ANTHONY REINHART
Filing Type: ·Order Denying Motion·
Filing Date: **2023-05-02**
MCRO_27-CR-23-5213_Order Denying Motion_2023-05-02_20240430073155.pdf
File Hash: 7f7219362280d6213892aef8cd97c6d2a5c76bf34390939364e6a6218a3e8d45
Page: 3 of 4    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

7. The Court was not able to find case law holding that the remedy for a Rule 20.01 Subd. 6(b) timing violation is release from custody.

8. Under the facts of this case, the Court declines to amend its Conditional Release Order to allow for release of Defendant from the Adult Detention Center for the following reasons:

   a. First, it is unclear when PPS received the Court's April 13, 2023 Order. Rule 20.01 Subd. 6(b) is vague as to when the five day period begins to run, however, the Court's Order clearly states the five day period begins to run upon receipt of the Order. If this Court assumes that PPS received the Order on April 13, the Report was due on April 18 and was six days overdue when the County Attorney received the Report on April 24. The Court is also unaware of the reasons for the delayed Report. If the delay was due to the conduct of the Defendant, there may be an argument that there was a legitimate reason for the delay. As to the six day overdue report, the Court finds that a six day delay does not seem unreasonable or unduly prejudicial to the Defendant, particularly since a Petition for Judicial Commitment has been filed.

   b. The Court also notes that the County Attorney acted quickly to review this matter upon receipt of the PPS Report and filed its Petition for Judicial Commitment on April 26 in Court File No. 27-MH-PR-23-466.

9. In summary the Court recognizes that Respondent has been at the Adult Detention Center since March 8, 2023. The Court also is aware of the cases which stand for the proposition that it violates due process to hold a person found to be incompetent in custody for an extended period of time. In the present case, however, the court does not find that he has been held for an unreasonable period of time, particularly since the County Attorney acted quickly upon receiving the Report from PSP to file the Petition for Judicial Commitment.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 60**

**Case No. 27-CR-23-5213**
State of MN vs MARK ANTHONY REINHART
Filing Type:   ·Order Denying Motion·
Filing Date:   **2023-05-02**
MCRO_27-CR-23-5213_Order Denying Motion_2023-05-02_20240430073155.pdf
File Hash:    7f7219362280d6213892aef8cd97c6d2a5c76bf34390939364e6a6218a3e8d45
Page: 4 of 4       [ source file ]       [ .ots timestamp of source file ]       [ pdf signatures ]       [ metadata ]

---

### ORDER

**IT IS ORDERED:**

1.  The Defendant's Motion to remove the bail requirements imposed by the Court and release

    him from the Hennepin County Adult Detention Center without bail, but on conditions is

    DENIED.

2.  The conditions of release set forth in the Conditional Release Order filed March 9, 2023,

    shall remain in effect until the conclusion of the Defendant's civil commitment proceeding.

3.  Copies of this Order shall be served upon counsel for the parties including:

    Heidi Johnston, Minneapolis City Attorney, Criminal Division;

    Christopher Renz, Attorney for Metropolitan Airports Commission;

    Shawna Kosel, Assistant Hennepin County Public Defender; and

    Susan Herlofsky, Assistant Hennepin County Public Defender.

Order Recommended by:                **BY THE COURT:**

_____              _____
Referee of District Court            Judge of District Court

Page 4 of 4

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 61**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

**Case No. 27-CR-22-20527**
State of MN vs JARELLE THOMAS VAUGHN
Filing Type:    ·Order Denying Motion·
Filing Date:    **2024-01-19**
MCRO_27-CR-22-20527_Order Denying Motion_2024-01-19_20240429162746.pdf
File Hash:    40edeff7f21be71a4ea447b652dcf949b6a4e80a31ed7002a4cc40e47ebfc03c
Page: 1 of 8    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

STATE OF MINNESOTA,

              Plaintiff,

*v.*

JARELLE THOMAS VAUGHN,

              Defendant.

Court File Nos. 27-CR-22-20527
27-CR-23-23201

**ORDER DENYING MOTION TO DISMISS IN THE INTERESTS OF JUSTICE**

This matter came before the Honorable Danielle C. Mercurio on December 1, 2023, for a Motion hearing. Jenna Dominik, Assistant County Attorney, appeared on behalf of the State. Susan Herlofsky, Assistant Public Defender, appeared on behalf of the Defendant. The Defendant filed a motion with the court to dismiss the matter in the interests of justice pursuant to Minn. Stat. § 611.46. Based on the argument of the Parties, as well as all the files, records, and proceedings herein, the Court makes the following:

**FINDINGS OF FACT**

1.     Jarelle Vaughn, hereafter Defendant, was charged with two counts of Assault in the Second Degree pursuant to Minn. Stat. § 609.222.1 and Minn. Stat. § 609.222.2. These charges stem from an incident on October 11, 2022, where Defendant was alleged to have boarded a Metro Transit bus and subsequently stabbed two individuals.

2.     Pursuant to a Court order dated November 16, 2022, under *Minnesota Rules of Criminal Procedure 20.01*, Dr. Catherine Carlson, PsyD, LP, evaluated Defendant and opined he was incompetent on December 14, 2022. Neither party contested Dr. Carlson's opinion. The Court entered a finding of incompetency  on the record on December 20, 2022.

3.     On June 13, 2023, Dr. Jason L. Lewis, PhD, LP, submitted a Rule 20.01 Progress Report opining Defendant continued to be incompetent, and Defendant was again found incompetent on June 20, 2023.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 62

Case No. 27-CR-22-20527
State of MN vs JARELLE THOMAS VAUGHN
Filing Type:     ·Order Denying Motion·
Filing Date:     **2024-01-19**
MCRO_27-CR-22-20527_Order Denying Motion_2024-01-19_20240429162746.pdf
File Hash:       40edeff7f21be71a4ea447b652dcf949b6a4e80a31ed7002a4cc40e47ebfc03c
Page: 2 of 8      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

4.      On June 22, 2023, an order for Indeterminate Commitment as a Peron who is Mentally Ill and Dangerous was issued in court file 27-MH-PR-23-26. Due to this procedural history, Defendant remained in custody on a waitlist for transfer to a mental health facility in Minnesota.

5.      On October 9, 2023, defense motioned for a prompt transfer or, alternatively, dismissal on the charges. Defendant was transferred, on October 25, 2023, after being held in custody for approximately 1 year.

6.      On October 30, 2023, Defendant was charged with Felony Fourth Degree Assault, case file 27-CR-23-23201, with an offense date of October 13, 2023.

7.      Although Defendant had been transferred, defense renewed their Motion to Dismiss pursuant to Minn. Stat. § 611.46, subd 8(d). This motion included the Second-Degree Assault case and the Fourth Degree Assault case. The Court heard defense's oral argument regarding this motion on December 1, 2023.

8.      Following a hearing on the Motion to Dismiss, Dr. Jason L. Lewis, PhD, LP, submitted another Rule 20.01 progress report, opining that Defendant continued to be incompetent, and Defendant was again found incompetent on December 19, 2023, without objection.

9.      Defense argues that the prohibition against cruel and unusual punishment and the unjust criminalization of mental illness are the bases for which to consider dismissal in the interest of justice. Defense argues that the new crime charged, while he had been confined in the jail for more than a year, is an example of the criminalization of his mental illness. Instead of justifications for confinement, the Defense posits that Defendant's alleged behaviors are evidence that Defendant was degenerating and decompensating in the jail.  Further, given Defendant's diagnosis, Defense contends it was also probable that self-improvement in the jail was unlikely and for him to remain in the jail would likely result in needless mental suffering. Defendant was found incompetent two times before his departure to the state hospital in October of 2023 and now again in December of 2023.  Being found incompetent means that Defendant was suffering under a mental illness to a degree that he was unable, or lacked the ability to, have meaningful and rational communications with counsel or assist in his defense.[1]  Defense

---

[1] *MRCP 20.01, Subd. 2.Competency to Participate in the Proceedings.*
A defendant is incompetent and must not plead, be tried, or be sentenced if the defendant due to mental illness or cognitive impairment lacks ability to: (a) rationally consult with counsel; or (b) understand the proceedings or participate in the defense.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 63

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

Case No. 27-CR-22-20527
State of MN vs JARELLE THOMAS VAUGHN
Filing Type:      ·Order Denying Motion·
Filing Date:      **2024-01-19**
MCRO_27-CR-22-20527_Order Denying Motion_2024-01-19_20240429162746.pdf
File Hash:       40edeff7f21be71a4ea447b652dcf949b6a4e80a31ed7002a4cc40e47ebfc03c
Page: 3 of 8      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

advances that argument that it is reasonable that alleged behaviors and the newly charged offense from October 13, 2023 (27-CR-23-23201) were the result of the active psychosis and lack of treatment for Defendant. The Court does not find this argument persuasive, as Defendant refused to adhere to medications while jailed.

Defense further argues that the commitment court order determined that Defendant has been and is diagnosed with a mental illness, that he was confined in the jail which is not a treatment setting, and that Defendant remained actively psychotic from October 11, 2022, until May 10, 2023. At the same time, the court noted from Dr. Lewis's testimony that Defendant could show improvement with proper comprehensive mental health treatment. However, Defendant was not sent to the hospital then. Instead, Defendant remained confined in the jail, in whole or in part in segregation, for more than five months later, until October 25, 2023. Defense contends that exceeding a yearlong confinement in the jail, in whole or in part in segregation, is unjust and cruel for any person that is held pre-trial detention when charged with an offense by the State. Defense notes that, had Defendant not been found incompetent, he would have had the right to have an Omnibus hearing and demand a speedy trial in 60 days. *See*, MRCP 11.08, para. (b). Further, the rule reads,

> Unless exigent circumstances exist, if trial does not start within 120 days from the date of the plea other than guilty is entered and the demand is made, the defendant must be released under any nonmonetary conditions the court orders under Rule 6.01, subd. 1.

As a result of the circumstances here, Defense claims Defendant did significantly more time in custody while awaiting his transfer to the hospital than ever would have been allowed if he was held in custody and demanded a speedy trial. Defense argues that the aforementioned rule mandates release if a trial does not begin within 120 days from the date of the not guilty plea. And because of said rule, the court must acknowledge the criminalization of mental illness when Defendant was confined in the jail for significantly more time as a result of the R.20.01/incompetent and commitment process than the normal criminal course would allow.

10.      In addition to the confinement to the jail in excess of one year, Defense argues that Defendant's confinement was not reasonably related to the restoration of competency. Pretrial commitment is "a significant deprivation of liberty that requires due process protection." *Addington v. Texas*, 441 U.S. 418, 426 (1979). The Due Process Clause provides, "No state shall…deprive any person of life, liberty, or property, without due process of law." U.S. Const.

3

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 64

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

Case No. 27-CR-22-20527
State of MN vs JARELLE THOMAS VAUGHN
Filing Type:      ·Order Denying Motion·
Filing Date:     **2024-01-19**
MCRO_27-CR-22-20527_Order Denying Motion_2024-01-19_20240429162746.pdf
File Hash:        40edeff7f21be71a4ea447b652dcf949b6a4e80a31ed7002a4cc40e47ebfc03c
Page: 4 of 8      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

amend XIV, § 1; see also Minn. Const. Art. 1, § 7. Thus, the government must have "a constitutionally adequate purpose for [pretrial] confinement." *O'Connor v. Donaldson*, 422 U.S. 563, 574 (1975). In Donaldson, while the court recognized that an involuntary confinement could be initially permissible, it also recognized that the involuntary confinement could "not constitutionally [be] continued after that basis no longer existed." *O'Connor v. Donaldson*, 422 U.S. 563 at 575; *see Jackson v. Indiana*, 406 U.S. at 738. In *Jackson v. Indiana*, the Supreme Court held that an incompetent defendant's substantive due process rights are implicated when they are being held in pretrial detention. 406 U.S. 715, 738 (1972). There, the Court determined that "due process requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed." *Id.; see also Matter of Opiacha*, 943 N.W.2d 220, 226 (Minn. App. 2020) (citing this quoted language in Jackson). Defendant, unlike *Bauer* and *Jackson*, remained in the jail instead of being transferred to the hospital. Additionally, Defense contends that Defendant's confinement in the jail was not reasonably related to the attainment or restoration of competency. If the nature of an incompetent defendant's confinement is not reasonably related to restoring competency, their continued detention violates due process. *Jackson*, 406 U.S. at 738. Under *Jackson*, "No matter how short the duration of the detention, if the nature of the confinement is not reasonably related to the government's purpose of accurately evaluating the individual defendant's potential to attain competency, the detention is unconstitutional." *Carr v. State*, 815 S.E.2d 903, 912 (Ga. 2018) (emphasis in original).

11.      Neuroleptic medications, when administered properly and taken in accordance with medical guidance, can assist in restoring a person to competency. The record clearly established that Defendant refused medications while in the jail and that these medications were prescribed to mitigate the symptoms of Defendant's psychosis.

## CONCLUSIONS OF LAW

1.      Minnesota Statute §611.46, which states in relevant part, subd. 8 (d), Counsel for the defendant may bring a motion to dismiss the proceedings in the interest of justice at any stage of the proceedings.

2.      Additionally, Minnesota Statute §631.21 confers upon the courts the authority to dismiss criminal actions in the interests of justice.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 65

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

Case No. 27-CR-22-20527
State of MN vs JARELLE THOMAS VAUGHN
Filing Type:    ·Order Denying Motion·
Filing Date:    **2024-01-19**
MCRO_27-CR-22-20527_Order Denying Motion_2024-01-19_20240429162746.pdf
File Hash:      40edeff7f21be71a4ea447b652dcf949b6a4e80a31ed7002a4cc40e47ebfc03c
Page: 5 of 8        [ source file ]        [ .ots timestamp of source file ]        [ pdf signatures ]        [ metadata ]

> The court may order a criminal action, whether prosecuted upon indictment or
> complaint, to be dismissed. The court may order dismissal of an action either on its
> own motion or upon motion of the prosecuting attorney and in furtherance of justice.
> If the court dismisses an action, the reasons for the dismissal must be set forth in the
> order and entered upon the minutes. Minn. Stat. § 631.21.

This statute permits the court to dismiss actions "to avoid injustice *despite* the absence of any specific defect that in itself would defeat the prosecution." 9 Minn. Prac. Criminal Law & Procedure § 47.63 (4th ed.). Dismissal in the interests of justice "empowers judges to consider a broad spectrum of considerations in determining whether the totality of the circumstances require or justify termination of the prosecution." *Id*. A balancing test is appropriate when the question of dismissing in the interests of justice arises.  The court should examine all the circumstances and consider all the interests involved, such as the effects upon the defendant, the prosecution, the victim if any, society as a whole, and any other persons or entities effected.  The court should ask whether, on balance, more good than harm will flow from the remedy of dismissal. *Id*. The power to dismiss criminal charges has existed within the judiciary's authority to control the administration of justice for quite some time.  *St. Paul v. Landreville,* 221 N.W.2d 532, 534 (Minn. 1974).  The judiciary's authority exists as a result of constitutional provisions mandating a separation of powers and an independent and viable judicial branch. *State v. S.L.H.,* 755 N.W.2d 271, 275 (Minn. 2008).

3.      Minnesota Rule of Criminal Procedure 20.01 provides that criminal proceedings involving a felony charge are to be suspended upon a finding of incompetency. The rule requires the court to initiate civil commitment proceedings and provides for continued court supervision while the case is suspended, including a mandate that the court receive regular reports on the defendant's mental condition from the institution or officer charged with the defendant's supervision.  *Id*. at subd. 7. A report must be filed with the trial court every six months as to the status of a defendant's competence.  *Id*. Felony proceedings may resume if the court finds the defendant competent to proceed within three years after the finding of incompetency.  *Id*. at subd. 6.  The State must provide a notice of intent to prosecute within 3 years of a finding of a defendant's incompetence or the charges must be dismissed.  *Id*. at subd 8(1). Additionally, the comments to the rules state: "No limitation exists for the time or number of hearings that may be held under Rule 20.01 to determine the defendant's competency.  (Comment – Rule 20). Comments to the rules are not binding, but they are a useful guide in interpreting the intent of the

5

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 66**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

Case No. 27-CR-22-20527
State of MN vs JARELLE THOMAS VAUGHN
Filing Type:        ·Order Denying Motion·
Filing Date:        **2024-01-19**
MCRO_27-CR-22-20527_Order Denying Motion_2024-01-19_20240429162746.pdf
File Hash:        40edeff7f21be71a4ea447b652dcf949b6a4e80a31ed7002a4cc40e47ebfc03c
Page: 6 of 8        [ source file ]        [ .ots timestamp of source file ]        [ pdf signatures ]        [ metadata ]

rules. *State v. Johnson*, 514 N.W.2d 551,555 (Minn. 1994). The court finds that the legislature did not intend to limit the number of evaluations or time in which a case with an incompetency finding can proceed. The comments to Rule 20 make that clear. Accordingly, *Rule 20.01 of the Rules of Criminal Procedure* does not ***require*** the State or the court to dismiss the charges against Defendant. (emphasis added)

4.        Legal authority applying an interests of justice standard to a case where the defendant is incompetent is sparse. The most analogous case to the situation at hand is *State v. Bauer*, 299 N.W.2d 493 (Minn.1980). In *Bauer*, the defendant was charged with murder, found incompetent and civilly committed as mentally ill and dangerous. At the time the motion to dismiss was filed, he had been confined to a state forensic hospital as a result of his incompetency and commitment for approximately eight years. The defendant argued that the pendency of the indictment for over eight years was an inherent denial of due process and that his right to a speedy trial was being violated. Additionally, he argued that the maintenance of the indictment violated his right to be free from cruel and unusual punishment. The Minnesota Supreme Court ruled against the defendant on all these grounds and additionally ruled that dismissal of the indictment would be contrary to the policies of the state.

5.        On balance, the factors weigh in favor of denying Defendant's motion to dismiss. First, Defendant is charged with a two serious assault charges. He has a lengthy violent criminal history, as well as a documented history of threatening and aggressive behavior. Society has a public safety interest in allowing the State to pursue charges in this type of case.

Second, even though the criminal case is suspended due to a finding of incompetency, under Rule 20.01, the criminal court has the authority, and obligation, to continue to supervise Defendant's conditions of release and to monitor compliance with his civil commitment conditions. Under Rule 20, the criminal court has the ability at each subsequent competency review to re-refer Defendant for civil commitment should he be discharged from his current civil commitment. If Defendant fails to appear for future court hearings, complete competency evaluations, or if he absconds from supervision on a provisional discharge, the court can choose to issue a warrant for his arrest if it finds public safety concerns justify having him apprehended.

The defense has not established that Defendant is being substantially prejudiced or unduly and unfairly burdened by the pendency of these charges. *See*, *Matter of Welfare of J.H.C.*, 384 N.W.2d 599, 601 (Minn.Ct.App. 1986). On balance, factors related to stress to the defendant, and

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

<span style="color:red">EXHIBIT ESO-1 | p. 67</span>

Case No. 27-CR-22-20527
State of MN vs JARELLE THOMAS VAUGHN
Filing Type:      ·Order Denying Motion·
Filing Date:      **2024-01-19**
MCRO_27-CR-22-20527_Order Denying Motion_2024-01-19_20240429162746.pdf
File Hash:        40edeff7f21be71a4ea447b652dcf949b6a4e80a31ed7002a4cc40e47ebfc03c
Page: 7 of 8      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

the psychiatric decompensation are outweighed in this case by public safety and future sentencing considerations. Moreover, Defendant is currently receiving treatment for his conditions. The court finds that, on balance, more harm than good would flow from the remedy of dismissal at this time. The overall interests of justice do not warrant a dismissal of the charges in these circumstances.

6.      Defense has not shown that Defendant suffered cruel or unusual punishment while at the Hennepin County Jail and therefore this Court should deny defense's Motion to Dismiss pursuant to the interest of justice. Generally, when determining whether a punishment is cruel or unusual, this court focuses on the proportionality of the crime to the punishment. *See, e.g., Walker*, 306 Minn. at 110, 235 N.W.2d at 814. The Supreme Court, in deciding whether punishment is cruel and unusual, asks if the punishment comports with the "evolving standards of decency that mark the progress of a maturing society." *Trop v. Dulles*, 356 U.S. 86, 101, 78 S.Ct. 590, 598, 2 L.Ed.2d 630 (1958) (plurality). Evolving standards of decency were crucial in *Thompson v. Oklahoma*, when the Court found that the execution of a 15–year–old is "now generally abhorrent to the conscience of the community." 487 U.S. at 832, 108 S.Ct. at 2697 (plurality). *See also Id*. at 849, 108 S.Ct. at 2706 (O'Connor, J., concurring). *State v. Mitchell*, 577 N.W.2d 481, 489 (Minn. 1998). Importantly, regarding the argument of cruel or unusual punishment, Defense fails to provide case law that held the remedy would be dismissal of the charges. The records that have been made available clearly indicate Defendant suffers from a severe mental illness and continues to engage in dangerous behavior that put himself and others at high risk for violence. It is well documented that Defendant has been placed on suicide watch multiple times, has been assaultive and sexually inappropriate with staff and other patients and has threatened to kill staff. Furthermore, it is confirmed that, in Defendant's prior 10-year imprisonment, he spent most of that time in segregation. Defense has not provided any proof that jail staff treated Defendant by any means other than what was necessary for the safety of Defendant and others. Lastly, neither the State nor the Court had any control of how long the waitlist is at the mental health hospital. The hospital administrator and the Department of Human Services presumably does. The Court understands defense's immense frustration at the length in time it took for a bed to become available at the mental health hospital, however, that does not rise to the level of cruel or unusual punishment and this criminal case is the incorrect venue to challenge what occurs at the jail. Furthermore, Defendant was being held indefinitely after the finding of Indeterminate Mentally Ill and Dangerous. If the bail had been reduced in the Second-

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 68**

**Case No. 27-CR-22-20527**
State of MN vs JARELLE THOMAS VAUGHN
Filing Type:   ·Order Denying Motion·
Filing Date:   **2024-01-19**
MCRO_27-CR-22-20527_Order Denying Motion_2024-01-19_20240429162746.pdf
File Hash:     40edeff7f21be71a4ea447b652dcf949b6a4e80a31ed7002a4cc40e47ebfc03c
Page: 8 of 8      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

Degree Assault case, or even if the case was dismissed, Defendant would have remained in custody at the Hennepin County jail until a bed became available at the mental health hospital.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

Defendant's motion to dismiss in the interests of justice is hereby **DENIED**.

Recommended by:                                    BY THE COURT:

_____                    _____
Referee of District Court                          Judge of District Court

8

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 69**

**Case No. 27-CR-23-3198**
State of MN vs AARON DASHAUN CHERRY
Filing Type:   ·Order Denying Motion·
Filing Date:   **2024-01-31**
MCRO_27-CR-23-3198_Order Denying Motion_2024-01-31_20240430072727.pdf
File Hash:    907f2ce31cc635596c690fe3abd5ebf645be3cd435bce109a2209337ebf334b7
Page: 1 of 3    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

---

| STATE OF MINNESOTA | **DISTRICT COURT** |
|---|---|
| | **FOURTH JUDICIAL DISTRICT** |
| **COUNTY OF HENNEPIN** | **PROBATE/MENTAL HEALTH DIVISION** |

State of Minnesota,

      Plaintiff,                                                    Court File No. 27-CR-23-3198

v.

Aaron Dashaun Cherry,

      Defendant.

---

### WRITTEN ORDER DENYING STATE'S MOTION

---

#### APPEARANCES

      This matter came duly before the Honorable Michael K. Browne, Judge of District Court, on Wednesday, January 31, 2024, for a hybrid hearing pursuant to the State's Motion for review filed on December 15, 2023. The Court is chambered at the Hennepin County Government Center, 300 South Sixth Street, Minneapolis Minnesota.

      Joshua Luger, Assistant Hennepin County Attorney, represented the State, and appeared remotely.[1] Mr. Cherry, the Defendant, appeared in person and in custody.  He was represented by Chelsea Knutson and Susan Herlofsky, Assistant Hennepin County Public Defenders, who also appeared in person.

---

[1] Attorney Luger appeared remotely via Zoom, with no objection. All other appearances were made in person at the Hennepin County Government Center.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 70

Case No. 27-CR-23-3198
State of MN vs AARON DASHAUN CHERRY
Filing Type:    ·Order Denying Motion·
Filing Date:    **2024-01-31**
MCRO_27-CR-23-3198_Order Denying Motion_2024-01-31_20240430072727.pdf
File Hash:      907f2ce31cc635596c690fe3abd5ebf645be3cd435bce109a2209337ebf334b7
Page: 2 of 3      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

## BACKGROUND

At the hearing, the Court considered the arguments of the parties regarding the review of Referee Skibbie's Order (counter-signed by Judge Dayton Klein) filed on December 6, 2023, which found the Defendant was incompetent to proceed. The Court ruled from the bench on January 31, 2024, denying the State's Motion in its entirety. This order memorializes the ruling from the bench.

## CONCLUSIONS OF LAW

On January 31, 2024, this Court found that it had authority to review Referee Skibbie's December 6th Order pursuant to MINN. STAT. § 484.70, Subd. 7(d), which states: "[r]eview of any recommended order or finding of a referee by a judge may be by notice served and filed within ten days of effective notice of the recommended order or finding. The notice of review shall specify the grounds for review and the specific provisions of the recommended findings or orders disputed, and the court, upon receipt of a notice of review, shall set a time and place for a review hearing." Here, the State filed their Motion on December 15, 2023, nine days after Referee Skibbie's December 6th Order was issued. Their Motion also specified the issues for review including that (1) mutism is not a mental health diagnosis that provides for a determination of incompetence and (2) the finding of malingering has not been refuted. *See* MNCIS Index No. 22.

Regarding the State's first argument, MINN. R. CRIM. P. 20.01, Subd. 2 states that: "[a] defendant is incompetent and must not plead, be tried, or be sentenced if the defendant due to mental illness or cognitive impairment lacks ability to: (a) rationally consult with counsel; or (b) understand the proceedings or participate in the defense." All parties agreed that Referee Skibbie analyzed this matter under the lens of cognitive impairment (and not mental illness). Therefore,

2

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 71**

Case No. 27-CR-23-3198
State of MN vs AARON DASHAUN CHERRY
Filing Type: ·Order Denying Motion·
Filing Date: **2024-01-31**
MCRO_27-CR-23-3198_Order Denying Motion_2024-01-31_20240430072727.pdf
File Hash: 907f2ce31cc635596c690fe3abd5ebf645be3cd435bce109a2209337ebf334b7
Page: 3 of 3 [ source file ] [ .ots timestamp of source file ] [ pdf signatures ] [ metadata ]

the State's first argument that mutism is not a mental health diagnosis that provides for a determination of incompetence was denied.

Regarding the State's second argument, all parties agreed that malingering was discussed at the hearing before Referee Skibbie, including in both Dr. Herbert's report and in her testimony. Referee Skibbie was not persuaded by Dr. Herbert's testimony. Correspondingly, Referee Skibbie's recommendations in the December 6th Order discussed malingering, but did not rely upon Dr. Herbert's testimony in reaching the conclusion that malingering did not have an impact. The Court notes that the State had the opportunity to call Dr. Coffin for testimony regarding the issue of malingering but chose not to do so. Therefore, the State's second argument that the finding of malingering has not been refuted was denied.

In summary, this Court found that there was no information before the Court which would cause this Court to believe that Referee Skibbie's December 6th Order should be changed or vacated. This Court further found that Referee Skibbie weighed the evidence presented, considered the persuasiveness of such evidence, and determined credibility. Therefore, the State's Motion is denied.

### ORDER

1. The State's Motion filed on December 15, 2023, is **DENIED**.
2. The Findings of Fact and Conclusions of Law Regarding Defendant's Competency to Proceed, filed on December 6, 2023, is **CONFIRMED**.

IT IS SO ORDERED.

### BY THE COURT

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 72

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

**Case No. 27-CR-17-1555**
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:    ·Order Denying Motion·
Filing Date:    **2024-04-11**
MCRO_27-CR-17-1555_Order Denying Motion_2024-04-11_20240430093537.pdf
File Hash:      969e3c70a9566a1b7d3aad690d012cf5cddc502320772733de500218b044fb3a
Page: 1 of 6      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

<table>
<tr><td>

**STATE OF MINNESOTA**

**COUNTY OF HENNEPIN**

</td><td>

**DISTRICT COURT**
**FOURTH JUDICIAL DISTRICT**
**PROBATE/MENTAL HEALTH DIVISION**

</td></tr>
</table>

| | |
|---|---|
| State of Minnesota, | Court File No. 27-CR-17-1555, |
| Plaintiff, | 27-CR-17-8342 |
| | **ORDER DENYING MOTION** |
| v. | |
| Adrian Michael Wesley, | |
| Defendant. | |

This matter came on for hearing before the undersigned referee of district court on March 20, 2024, pursuant to the Defendant's Motion to Dismiss in the Interests of Justice filed on January 31, 2024. The matter was continued from February 13, 2024.  The hearing was held remotely using the Zoom internet platform. Amy Blagoev, Assistant Hennepin County Attorney, represented the Plaintiff. The Defendant appeared from the Forensic Mental Health Program and was represented by Julius Nolen, Assistant Hennepin County Public Defender. Also present was Gina Alvarado, American Sign Language Court Interpreter.

Defense filed the Motion under Minn. Stat § 611.46. to dismiss the matters in the interests of justice. Based upon the arguments of counsel, all the files, records, and proceedings herein, and the adjudicated facts in this file, the undersigned referee makes the following recommendation:

### FINDINGS OF FACT

1. Adrian Michael Wesley, hereafter Defendant, was charged in 27-CR-17-1555 with Criminal Sexual Conduct-2nd Degree-Fear Great Bodily Harm, from an event alleged to have occurred on or around January 15, 2017. Defendant was charged in 27-CR-17-8342 with Damage to Property 1st Degree-Value Reduced Over $1,000, for an event alleged to have occurred on March 5, 2017.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 73**

**Case No. 27-CR-17-1555**

State of MN vs ADRIAN MICHAEL WESLEY

Filing Type:     ·Order Denying Motion·
Filing Date:     **2024-04-11**
MCRO_27-CR-17-1555_Order Denying Motion_2024-04-11_20240430093537.pdf
File Hash:       969e3c70a9566a1b7d3aad690d012cf5cddc502320772733de500218b044fb3a
Page: 2 of 6     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

2.  Pursuant to Court Orders dated January 20, 2017, probable cause was found.

3.  A Notice of Intent to Prosecute was filed on February 23, 2017.

4.  Defendant's competency to proceed was assessed in reports filed on October 19, 2017;
    April 16, 2018; October 15, 2018; April 18, 2019; October 20, 2019; May 7, 2021; October
    22, 2021; April 20, 2022; January 4, 2023; and June 29, 2023.

5.  Defendant has been found incompetent 12 times, most recently by the Court on January 9,
    2024 by the Honorable Judge Michael K. Browne.

6.  Previously, Defendant challenged the opinion of Dr. Jason Lewis, dated October 1, 2019
    that Defendant was competent to proceed and a contested competency hearing was held.
    In the Court Order filed May 8, 2020,  the Court found Defendant incompetent to proceed.
    That finding was by the greater weight of the evidence.

7.  On June 23, 2023 Dr. Soniya Hirachan, M.D., Executive Medical Director, filed a letter
    with the Court indicating that the Department of Human Services was modifying its
    practice around opinions regarding competency proceed regarding a "non-restorable
    defendant who remains in a DHS treatment facility." The letter continues, that should
    Defendant's treatment team "note a change in this patient's presentation in the future such
    that another competency evaluation may be indicated, an updated report will be completed
    by a DHS examiner and filed with the Court."

8.  The Court has previously opined based on prior Court Examiner's opinions that
    Defendant's "clinical presentation is complex due to his long standing and well-
    documented history  of neurodevelopmental deficits and intellectual disabilities which
    contribute to problems with emotional regulation and behavioral control as well as his

2

Url 1: link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
Url 4: drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 74**

Case No. 27-CR-17-1555
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:    ·Order Denying Motion·
Filing Date:    **2024-04-11**
MCRO_27-CR-17-1555_Order Denying Motion_2024-04-11_20240430093537.pdf
File Hash:      969e3c70a9566a1b7d3aad690d012cf5cddc502320772733de500218b044fb3a
Page: 3 of 6      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

ability to communicate effectively his thoughts and emotions." Court Order filed May 8, 2020.

9. Defendant is subject to civil commitment as a Person Who is Mentally Ill and Dangerous to the Public, and as a Person With a Developmental Disability, in Court File No. 27-MH-PR-17-175.

10. Defendant's counsel filed a Notice of Motion to Dismiss in the Interests of Justice ("Motion To Dismiss") on January 31, 2024.

11. The Motion to Dismiss states that Defendant's diagnosis is Unspecified Schizophrenia Spectrum and Other Psychotic Disorder; Other Specified Neurodevelopmental Disorder Associated with prenatal Alcohol Exposure and Language Deprivation; Intellectual Developmental Disorder, mild; and Illiteracy and Low-Level Literacy. *Id.* at 2. Defendant additionally has the medical diagnosis of Fetal Alcohol Spectrum Disorder. *Id.*

12. Defendant's counsel cites to Respondent's confinement in jail for 194 days in pretrial detention and a pretrial confinement in the hospital pursuant to a Mentally Ill and Dangerous commitment. *See* Motion To Dismiss, pp. 1- 2. According to his counsel, Defendant's pretrial credit would satisfy the presumptive guideline sentence of 90 months. *Id.* Counsel further notes that Defendant has been in the custody of either law enforcement or human services since January 15, 2017. *Id.* The Motion to Dismiss further states that Defendant has his next review for civil commitment as a developmentally disabled person in December 2025. *Id.*

13. Defense cites Defendant's "history and reports," as reason for dismissal. Motion To Dismiss, p. 3.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 75

Case No. 27-CR-17-1555
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:     ·Order Denying Motion·
Filing Date:    **2024-04-11**
MCRO_27-CR-17-1555_Order Denying Motion_2024-04-11_20240430093537.pdf
File Hash:      969e3c70a9566a1b7d3aad690d012cf5cddc502320772733de500218b044fb3a
Page: 4 of 6      [ source file ]       [ .ots timestamp of source file ]       [ pdf signatures ]      [ metadata ]

14. Defense informed the Court that they were also requesting dismissal under the general criminal dismissal statute Minn. Stat. § 631.21.

15. The State argues that the interests of justice are not served by dismissal of the charges against the Defendant arguing that it is possible that another examiner could find the Defendant incompetent to proceed, as has happened in the past, and that there is no discernible prejudice to Defendant to continue to have these charges pending.

### CONCLUSIONS OF LAW

Regarding the Defense Motion to Dismiss in the Interests of Justice, this Court finds that Minn. Stat. § 611.46, subd. 8, does apply to these proceedings, but notes that the statute was not effective until April 1, 2024. The statute states "Counsel for the defendant may bring a motion to dismiss the proceedings in the interest of justice at any stage of proceedings."

The Court does not find the interests of justice are served by dismissal of the charges. The State notes that the Victim in this case remains invested in the outcome, and desires to see accountability on behalf of Defendant for the traumatic harm she experienced as result of Defendant's actions. Memorandum in Response and Opposition to Defendant's Moton to Dismiss, p. 4.  Pursuant to Minn. Stat. § 611.46 SUBD. 8(d), p. 2. At the hearing, Defendant's Counsel argues that Defendant experienced apprehension, fixation, and concern regarding his criminal charges. In prior orders, the Court has expounded upon the changes to the competency curriculum and how for this Defendant, it has increased his familiarity with legal proceedings. *See* Court Order filed May 8, 2020, p. 4-5.  No additional evidence was brought forward permitting the Court to weigh or compare the anguish felt by Defendant versus that felt by the Victim. The Court notes the Victim in this matter was the victim of a violent sexual assault at her place of employment.

4

Url 1: link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
Url 4: drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

Case No. 27-CR-17-1555
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:     ·Order Denying Motion·
Filing Date:    **2024-04-11**
MCRO_27-CR-17-1555_Order Denying Motion_2024-04-11_20240430093537.pdf
File Hash:      969e3c70a9566a1b7d3aad690d012cf5cddc502320772733de500218b044fb3a
Page: 5 of 6      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

Defendant's counsel also brought the Motion for Dismissal Pursuant to Minn. Stat. § 631.21, which states, "[t]he court may order a criminal action, whether prosecuted upon indictment or complaint, to be dismissed. The court may order dismissal of an action either on its own motion or upon motion of the prosecuting attorney and in furtherance of justice. If the court dismisses an action, the reasons for the dismissal must be set forth in the order and entered upon the minutes. The recommendations of the prosecuting officer in reference to dismissal, with reasons for dismissal, must be stated in writing and filed as a public record with the official files of the case."

On page 3 of its brief, the Defense relies upon *Matter of Opiacha*, 943 N.W.2d 220 (Minn. Ct. App. 2020) for the principle that "due process requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed." *Opiacha*, 943 N.W.2d 220, 226 (Minn. Ct. App. 2020)(quoting *Jackson v. Indiana*, 406 U.S. 715, 738, (1972)). The Court should engage in an assessment of Mr. Wesley's circumstances to determine if his current status at the Forensic Mental Health Program bares a reasonable relationship to his treatment needs. Accordingly, the Court adopted the test outlined in *Opiacha*: "The reasonable-relationship requirement is satisfied if a committed person 'is confined for only so long as he or she continues both to need further inpatient treatment and supervision for his ... disorder and to pose a danger to the public.' Call v. Gomez, 535 N.W.2d 312, 319 (Minn. 1995)." *Opiacha*, 943 N.W.2d 220, 226–27 (Minn. Ct. App. 2020). Taking into consideration that Mr. Wesley's civil commitment is indefinite in 27-MH-PR-17-1255 with specific psychiatric treatment needs; there was sufficient reliable information presented for the Court to find that the Defendant needs treatment, requires supervision, and continues to pose a risk to public safety. Accordingly, the nature and duration of Defendant's detention bares a reasonable relationship to the purpose for his detention.

Url 1: link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
Url 4: drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**Case No. 27-CR-17-1555**
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:   ·Order Denying Motion·
Filing Date:   **2024-04-11**
MCRO_27-CR-17-1555_Order Denying Motion_2024-04-11_20240430093537.pdf
File Hash:     969e3c70a9566a1b7d3aad690d012cf5cddc502320772733de500218b044fb3a
Page: 6 of 6      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

<u>**CONCLUSION**</u>

In summary, this Court does not find the Defendant's argument persuasive that due to his repeated findings of incompetency and due to his prognosis, there is no likelihood that he will be restored to competence, and the charges should be dismissed. There is not a set metric for the number of times when a Respondent will be determined incompetent to proceed for a dismissal in the interest of justice. At this time, the Victim in this case remains invested in the outcome of this case. Defendant is charged with a crime of violence, Criminal Sexual Conduct in the Second Degree. The State has filed the appropriate intent to prosecute. The length of his indeterminate commitment and treatment as part of the civil commitment process, coupled with Defendant's diagnosis does not alter the crime committed by Defendant.

<u>**ORDER**</u>

The Defense's Motion to Dismiss in the Interests of Justice filed on January 31, 2024 2024, is **<u>DENIED</u>**.

Order Recommended by:                                 **BY THE COURT:**

_____                    _____
Referee of District Court                                      Judge of District Court

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 78**

Case No. 27-CR-17-8342
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:   ·Order Denying Motion·
Filing Date:   **2024-04-11**
MCRO_27-CR-17-8342_Order Denying Motion_2024-04-11_20240430093632.pdf
File Hash:     e2794e5222175cbdd94c07f2867542c523d33d3c1e52068ccd5c14bde0fdbe38
Page: 1 of 6      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| | FOURTH JUDICIAL DISTRICT |
| COUNTY OF HENNEPIN | PROBATE/MENTAL HEALTH DIVISION |

| | |
|---|---|
| State of Minnesota, | Court File No. 27-CR-17-1555, |
| Plaintiff, | 27-CR-17-8342 |

**ORDER DENYING MOTION**

v.

Adrian Michael Wesley,

    Defendant.

This matter came on for hearing before the undersigned referee of district court on March 20, 2024, pursuant to the Defendant's Motion to Dismiss in the Interests of Justice filed on January 31, 2024. The matter was continued from February 13, 2024.  The hearing was held remotely using the Zoom internet platform. Amy Blagoev, Assistant Hennepin County Attorney, represented the Plaintiff. The Defendant appeared from the Forensic Mental Health Program and was represented by Julius Nolen, Assistant Hennepin County Public Defender. Also present was Gina Alvarado, American Sign Language Court Interpreter.

Defense filed the Motion under Minn. Stat § 611.46. to dismiss the matters in the interests of justice. Based upon the arguments of counsel, all the files, records, and proceedings herein, and the adjudicated facts in this file, the undersigned referee makes the following recommendation:

### FINDINGS OF FACT

1. Adrian Michael Wesley, hereafter Defendant, was charged in 27-CR-17-1555 with Criminal Sexual Conduct-2nd Degree-Fear Great Bodily Harm, from an event alleged to have occurred on or around January 15, 2017. Defendant was charged in 27-CR-17-8342 with Damage to Property 1st Degree-Value Reduced Over $1,000, for an event alleged to have occurred on March 5, 2017.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 79

**Case No. 27-CR-17-8342**
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:    ·Order Denying Motion·
Filing Date:    **2024-04-11**
MCRO_27-CR-17-8342_Order Denying Motion_2024-04-11_20240430093632.pdf
File Hash:      e2794e5222175cbdd94c07f2867542c523d33d3c1e52068ccd5c14bde0fdbe38
Page: 2 of 6     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

2.  Pursuant to Court Orders dated January 20, 2017, probable cause was found.

3.  A Notice of Intent to Prosecute was filed on February 23, 2017.

4.  Defendant's competency to proceed was assessed in reports filed on October 19, 2017;
    April 16, 2018; October 15, 2018; April 18, 2019; October 20, 2019; May 7, 2021; October
    22, 2021; April 20, 2022; January 4, 2023; and June 29, 2023.

5.  Defendant has been found incompetent 12 times, most recently by the Court on January 9,
    2024 by the Honorable Judge Michael K. Browne.

6.  Previously, Defendant challenged the opinion of Dr. Jason Lewis, dated October 1, 2019
    that Defendant was competent to proceed and a contested competency hearing was held.
    In the Court Order filed May 8, 2020,  the Court found Defendant incompetent to proceed.
    That finding was by the greater weight of the evidence.

7.  On June 23, 2023 Dr. Soniya Hirachan, M.D., Executive Medical Director, filed a letter
    with the Court indicating that the Department of Human Services was modifying its
    practice around opinions regarding competency proceed regarding a "non-restorable
    defendant who remains in a DHS treatment facility." The letter continues, that should
    Defendant's treatment team "note a change in this patient's presentation in the future such
    that another competency evaluation may be indicated, an updated report will be completed
    by a DHS examiner and filed with the Court."

8.  The Court has previously opined based on prior Court Examiner's opinions that
    Defendant's "clinical presentation is complex due to his long standing and well-
    documented history  of neurodevelopmental deficits and intellectual disabilities which
    contribute to problems with emotional regulation and behavioral control as well as his

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 80**

Case No. 27-CR-17-8342
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:     ·Order Denying Motion·
Filing Date:     **2024-04-11**
MCRO_27-CR-17-8342_Order Denying Motion_2024-04-11_20240430093632.pdf
File Hash:       e2794e5222175cbdd94c07f2867542c523d33d3c1e52068ccd5c14bde0fdbe38
Page: 3 of 6     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

ability to communicate effectively his thoughts and emotions." Court Order filed May 8, 2020.

9.  Defendant is subject to civil commitment as a Person Who is Mentally Ill and Dangerous to the Public, and as a Person With a Developmental Disability, in Court File No. 27-MH-PR-17-175.

10. Defendant's counsel filed a Notice of Motion to Dismiss in the Interests of Justice ("Motion To Dismiss") on January 31, 2024.

11. The Motion to Dismiss states that Defendant's diagnosis is Unspecified Schizophrenia Spectrum and Other Psychotic Disorder; Other Specified Neurodevelopmental Disorder Associated with prenatal Alcohol Exposure and Language Deprivation; Intellectual Developmental Disorder, mild; and Illiteracy and Low-Level Literacy. *Id.* at 2. Defendant additionally has the medical diagnosis of Fetal Alcohol Spectrum Disorder. *Id.*

12. Defendant's counsel cites to Respondent's confinement in jail for 194 days in pretrial detention and a pretrial confinement in the hospital pursuant to a Mentally Ill and Dangerous commitment. *See* Motion To Dismiss, pp. 1- 2.  According to his counsel, Defendant's pretrial credit would satisfy the presumptive guideline sentence of 90 months. *Id.* Counsel further notes that Defendant has been in the custody of either law enforcement or human services since January 15, 2017. *Id.* The Motion to Dismiss further states that Defendant has his next review for civil commitment as a developmentally disabled person in December 2025. *Id.*

13. Defense cites Defendant's "history and reports," as reason for dismissal. Motion To Dismiss, p. 3.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 81

Case No. 27-CR-17-8342
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:     ·Order Denying Motion·
Filing Date:     **2024-04-11**
MCRO_27-CR-17-8342_Order Denying Motion_2024-04-11_20240430093632.pdf
File Hash:       e2794e5222175cbdd94c07f2867542c523d33d3c1e52068ccd5c14bde0fdbe38
Page: 4 of 6      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

14. Defense informed the Court that they were also requesting dismissal under the general criminal dismissal statute Minn. Stat. § 631.21.

15. The State argues that the interests of justice are not served by dismissal of the charges against the Defendant arguing that it is possible that another examiner could find the Defendant incompetent to proceed, as has happened in the past, and that there is no discernible prejudice to Defendant to continue to have these charges pending.

<u>CONCLUSIONS OF LAW</u>

Regarding the Defense Motion to Dismiss in the Interests of Justice, this Court finds that Minn. Stat. § 611.46, subd. 8, does apply to these proceedings, but notes that the statute was not effective until April 1, 2024. The statute states "Counsel for the defendant may bring a motion to dismiss the proceedings in the interest of justice at any stage of proceedings."

The Court does not find the interests of justice are served by dismissal of the charges. The State notes that the Victim in this case remains invested in the outcome, and desires to see accountability on behalf of Defendant for the traumatic harm she experienced as result of Defendant's actions. Memorandum in Response and Opposition to Defendant's Moton to Dismiss, p. 4.   Pursuant to Minn. Stat. § 611.46 SUBD. 8(d), p. 2. At the hearing, Defendant's Counsel argues that Defendant experienced apprehension, fixation, and concern regarding his criminal charges. In prior orders, the Court has expounded upon the changes to the competency curriculum and how for this Defendant, it has increased his familiarity with legal proceedings. *See* Court Order filed May 8, 2020, p. 4-5.   No additional evidence was brought forward permitting the Court to weigh or compare the anguish felt by Defendant versus that felt by the Victim. The Court notes the Victim in this matter was the victim of a violent sexual assault at her place of employment.

4

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

Case No. 27-CR-17-8342
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:      ·Order Denying Motion·
Filing Date:     **2024-04-11**
MCRO_27-CR-17-8342_Order Denying Motion_2024-04-11_20240430093632.pdf
File Hash:       e2794e5222175cbdd94c07f2867542c523d33d3c1e52068ccd5c14bde0fdbe38
Page: 5 of 6      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

Defendant's counsel also brought the Motion for Dismissal Pursuant to Minn. Stat. § 631.21, which states, "[t]he court may order a criminal action, whether prosecuted upon indictment or complaint, to be dismissed. The court may order dismissal of an action either on its own motion or upon motion of the prosecuting attorney and in furtherance of justice. If the court dismisses an action, the reasons for the dismissal must be set forth in the order and entered upon the minutes. The recommendations of the prosecuting officer in reference to dismissal, with reasons for dismissal, must be stated in writing and filed as a public record with the official files of the case."

On page 3 of its brief, the Defense relies upon *Matter of Opiacha*, 943 N.W.2d 220 (Minn. Ct. App. 2020) for the principle that "due process requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed." *Opiacha*, 943 N.W.2d 220, 226 (Minn. Ct. App. 2020)(quoting *Jackson v. Indiana*, 406 U.S. 715, 738, (1972)). The Court should engage in an assessment of Mr. Wesley's circumstances to determine if his current status at the Forensic Mental Health Program bares a reasonable relationship to his treatment needs. Accordingly, the Court adopted the test outlined in *Opiacha*: "The reasonable-relationship requirement is satisfied if a committed person 'is confined for only so long as he or she continues both to need further inpatient treatment and supervision for his ... disorder and to pose a danger to the public.' Call v. Gomez, 535 N.W.2d 312, 319 (Minn. 1995)." *Opiacha*, 943 N.W.2d 220, 226–27 (Minn. Ct. App. 2020). Taking into consideration that Mr. Wesley's civil commitment is indefinite in 27-MH-PR-17-1255 with specific psychiatric treatment needs; there was sufficient reliable information presented for the Court to find that the Defendant needs treatment, requires supervision, and continues to pose a risk to public safety. Accordingly, the nature and duration of Defendant's detention bares a reasonable relationship to the purpose for his detention.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 83**

**Case No. 27-CR-17-8342**
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:    ·Order Denying Motion·
Filing Date:    **2024-04-11**
MCRO_27-CR-17-8342_Order Denying Motion_2024-04-11_20240430093632.pdf
File Hash:      e2794e5222175cbdd94c07f2867542c523d33d3c1e52068ccd5c14bde0fdbe38
Page: 6 of 6      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

## CONCLUSION

In summary, this Court does not find the Defendant's argument persuasive that due to his repeated findings of incompetency and due to his prognosis, there is no likelihood that he will be restored to competence, and the charges should be dismissed. There is not a set metric for the number of times when a Respondent will be determined incompetent to proceed for a dismissal in the interest of justice. At this time, the Victim in this case remains invested in the outcome of this case. Defendant is charged with a crime of violence, Criminal Sexual Conduct in the Second Degree. The State has filed the appropriate intent to prosecute. The length of his indeterminate commitment and treatment as part of the civil commitment process, coupled with Defendant's diagnosis does not alter the crime committed by Defendant.

### ORDER

The Defense's Motion to Dismiss in the Interests of Justice filed on January 31, 2024 2024, is **DENIED**.

Order Recommended by:                                    **BY THE COURT:**

_____                    _____
Referee of District Court                                  Judge of District Court

6

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 84**

**Case No. 27-CR-23-1886**
State of MN vs MATTHEW DAVID GUERTIN
Filing Type:   ·Order Denying Motion·
Filing Date:   **2024-04-12**
MCRO_27-CR-23-1886_Order Denying Motion_2024-04-12_20240430072345.pdf
File Hash:    294416081f69e8c1121a50efa3824b9c19490839286d26b4f1231b17b88cc53a
Page: 1 of 2    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

**STATE OF MINNESOTA**

**COUNTY OF HENNEPIN**

**DISTRICT COURT**
**FOURTH JUDICIAL DISTRICT**
**PROBATE/MENTAL HEALTH DIVISION**

State of Minnesota,

Plaintiff,

vs.

Matthew David Guertin,

Defendant,

Court File No. 27-CR-23-1886

**ORDER DENYING**
**DEFENDANT'S MOTION TO**
**REPRESENT SELF PRO SE**

Defendant, Mr. Matthew David Guertin, brought a motion on April 3, 2024, to represent himself pro se in the above-captioned matter.

### FINDINGS OF FACT

1. Defendant (date of birth 07/17/1981) was charged in MNCIS file 27-CR-23-1886 with Reckless Discharge of a Firearm (Felony) and three counts of Receive/Possess with No Serial Number (Felony) arising from an incident alleged to have occurred on January 21, 2023. On January 25, 2023, Referee Lyonel Norris found probable cause to believe that the offenses were committed, and that Defendant committed them.

2. This Court first found Defendant incompetent to proceed on July 13, 2023, pursuant to Rule 20.01 of the Minnesota Rules of Criminal Procedure.

3. On November 15, 2023, Judge Julia Dayton Klein ordered a subsequent Rule 20.01 evaluation. Defendant was again found incompetent on January 17, 2024.

### CONCLUSIONS OF LAW

4. Pursuant to Minn. R. Crim. P. 20.01, subd. 1., a defendant is not permitted to waive counsel if the defendant lacks the ability to voluntarily, and intelligently waive the right to counsel; appreciate the consequences of proceeding without counsel; comprehend the nature of the charge; comprehend the nature of the

1

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 85**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

**Case No. 27-CR-23-1886**
State of MN vs MATTHEW DAVID GUERTIN
Filing Type:    ·Order Denying Motion·
Filing Date:    **2024-04-12**
MCRO_27-CR-23-1886_Order Denying Motion_2024-04-12_20240430072345.pdf
File Hash:      294416081f69e8c1121a50efa3824b9c19490839286d26b4f1231b17b88cc53a
Page: 2 of 2      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

proceedings; comprehend the possible punishment; or comprehend any other matters essential to understanding the case.

5.  The standard for an individual to waive the right to counsel is the same standard as used to determine competency. *State v. Thompson*, No. A20-1232 (Minn. Ct. App. Jul. 26, 2021) (citing *Godinez v. Moran*, 509 U.S. 389, 396 (1993); *State v. Camacho*, 561 N.W.2d 160, 170-74 (Minn. 1997)). A defendant found to be incompetent is not permitted to waive the constitutional right to counsel. *Id.*

6.  Defendant was deemed incompetent to proceed pursuant to Minn. R. Crim. P. 20.01, subd. 2 and, therefore, Defendant currently lacks the ability to waive counsel.

### IT IS ORDERED:

1.  Defendant's Motion to Represent Self Pro Se is **DENIED**, and Mr. Bruce Rivers shall proceed as the attorney of record.

2.  The Defendant shall appear for a six-month review hearing regarding the Rule 20.01 proceedings on July 16, 2024, before the undersigned District Court Judge.

BY THE COURT:

_____

JULIA DAYTON KLEIN
Judge of District Court

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 86

Case No. 27-CR-19-22615
State of MN vs ANNE MARIE RILEY
Filing Type:    ·Order Denying Removal of Judicial Officer·
Filing Date:    **2023-11-16**
MCRO_27-CR-19-22615_Order Denying Removal of Judicial Officer_2023-11-16_20240430092204.pdf
File Hash:      d6d0c5da2c09d6f27ee02e80fab4cd1f004ed9f92d011a3fb2204da12a5b2f26
Page: 1 of 2      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| HENNEPIN COUNTY | FOURTH JUDICIAL DISTRICT |

| | |
|---|---|
| State of Minnesota, | **ORDER DENYING DEFENDANT'S MOTION TO REMOVE JUDICIAL OFFICER** |
| Plaintiff, | |
| v. | MNCIS No. 27-CR-19-22615 |
| Anne Marie Riley, | Judge Hilary Lindell Caligiuri |
| Defendant. | |

This matter came before the undersigned Judge of District Court on November 15, 2023, in her capacity as the Presiding Judge of the Criminal Division of the Fourth Judicial District, pursuant to Defendant's notice to remove the Honorable ASSIGNED JUDGE.

Based on the file, record and proceedings, the Court makes the following:

### SUMMARY OF THE RECORD

1. Defendant filed a Notice to Remove on November 8, 2023, purporting to remove the Hon. Lois Conroy, the Hon. Susan Robiner, and the Hon. George Borer.

### CONCLUSIONS OF LAW

1. Litigants in Minnesota have a right to remove a judicial officer assigned to a criminal trial or hearing. *State v. Dahlin*, 753 N.W.2d 300, 305 (Minn. 2008).

2. Removal as of right is limited to one judicial. *See* Minn. R. Crim. P. 26.03, subd. 14(5).

3. Minnesota courts "narrowly construe the right to peremptorily remove a judge." *Dahlin*, 753 N.W.2d at 306.

4. Defendant's notice to remove three judicial officers is, therefore, invalid.

1

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 87

**Case No. 27-CR-19-22615**
State of MN vs ANNE MARIE RILEY
Filing Type:    ·Order Denying Removal of Judicial Officer·
Filing Date:    **2023-11-16**
MCRO_27-CR-19-22615_Order Denying Removal of Judicial Officer_2023-11-16_20240430092204.pdf
File Hash:    d6d0c5da2c09d6f27ee02e80fab4cd1f004ed9f92d011a3fb2204da12a5b2f26
Page: 2 of 2    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

---

**ORDER**

1.    Defendant's notice to remove Hon. Lois Conroy, the Hon. Susan Robiner, and
the Hon. George Borer is rejected and shall not have effect.

**IT IS SO ORDERED**.

BY THE COURT:

Dated:  November 16, 2023    _____

HILARY LINDELL CALIGIURI
Judge of District Court

2

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 88**

Case No. 27-CR-19-22615
State of MN vs ANNE MARIE RILEY
Filing Type:    ·Order Denying Removal of Judicial Officer·
Filing Date:    **2023-12-21**
MCRO_27-CR-19-22615_Order Denying Removal of Judicial Officer_2023-12-21_20240430092148.pdf
File Hash:      57cc82014d628567adc21b91fc22a187d4ddb587aa8b9b0ee4714cb59f797666
Page: 1 of 2    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

STATE OF MINNESOTA

HENNEPIN COUNTY

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

---

State of Minnesota,

Plaintiff,

v.

Anne Marie Riley,

Defendant.

**ORDER DENYING DEFENDANT'S MOTION TO REMOVE JUDICIAL OFFICER**

MNCIS No. 27-CR-19-22615

Judge Hilary Lindell Caligiuri

---

This matter came before the undersigned Judge of District Court in her capacity as the Presiding Judge of the Criminal Division of the Fourth Judicial District, pursuant to Defendant's notices to remove the Honorable Rachna Sullivan and the Honorable Danielle Mercurio, both filed on December 20, 2023.

Based on the file, record and proceedings, the Court makes the following:

### SUMMARY OF THE RECORD

1.    Defendant filed two Notices to Remove on December 20, 2023, purporting to remove the Hon. Rachna Sullivan and the Hon. Danielle Mercurio.

### CONCLUSIONS OF LAW

1.    Litigants in Minnesota have a right to remove a judicial officer assigned to a criminal trial or hearing. *State v. Dahlin*, 753 N.W.2d 300, 305 (Minn. 2008).

2.    Removal as of right is limited to one judicial officer. *See* Minn. R. Crim. P. 26.03, subd. 14(5).

3.    Minnesota courts "narrowly construe the right to peremptorily remove a judge." *Dahlin*, 753 N.W.2d at 306.

4.    Defendant's notice to remove the Hon. Rachna Sullivan is valid.

5.    Consequently, defendant's notice to remove the Hon. Danielle Mercurio is invalid.

1

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 89**

**Case No. 27-CR-19-22615**
State of MN vs ANNE MARIE RILEY
Filing Type:   ·Order Denying Removal of Judicial Officer·
Filing Date:   **2023-12-21**
MCRO_27-CR-19-22615_Order Denying Removal of Judicial Officer_2023-12-21_20240430092148.pdf
File Hash:      57cc82014d628567adc21b91fc22a187d4ddb587aa8b9b0ee4714cb59f797666
Page: 2 of 2      [ source file ]        [ .ots timestamp of source file ]        [ pdf signatures ]        [ metadata ]

**ORDER**

1.    Defendant's notice to remove the Hon. Danielle Mercurio is rejected and shall not have effect.

**IT IS SO ORDERED**.

BY THE COURT:

Dated:  December 21, 2023                    _____

HILARY LINDELL CALIGIURI
Judge of District Court

2

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**Case No. 27-CR-19-22615**
State of MN vs ANNE MARIE RILEY
Filing Type:    ·Order Denying Removal of Judicial Officer·
Filing Date:    **2024-01-11**
MCRO_27-CR-19-22615_Order Denying Removal of Judicial Officer_2024-01-11_20240430092144.pdf
File Hash:    970e2964b6437d0799160d07479eacc9a484f6c1f9b38f7176eae2bb0cb0835d
Page: 1 of 2    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| HENNEPIN COUNTY | FOURTH JUDICIAL DISTRICT |

State of Minnesota,

              Plaintiff,

   v.

Anne Marie Riley,

            Defendant.

**ORDER REJECTING NOTICE TO REMOVE JUDICIAL OFFICER**

MNCIS No. 27-CR-19-22615

Judge Hilary Lindell Caligiuri

This matter came before the undersigned Judge of District Court in her capacity as the Presiding Judge of the Criminal Division of the Fourth Judicial District, pursuant to Defendant's notice to remove the Honorable Susan Robiner, filed on January 10, 2024.

Based on the file, record and proceedings, the Court makes the following:

### SUMMARY OF THE RECORD

1.    On December 20, 2023, defendant filed two Notices to Remove purporting to remove the Hon. Rachna Sullivan and the Hon. Danielle Mercurio. Defendant's notice to remove Hon. Rachna Sullivan was found to be valid and given effect, and defendant's notice to remove Hon. Danielle Mercurio was rejected in an order filed December 21, 2023.

2.    Defendant filed a Notice to Remove on January 10, 2024, purporting to remove the Hon. Susan Robiner.

### CONCLUSIONS OF LAW

1.    Litigants in Minnesota have a right to remove a judicial officer assigned to a criminal trial or hearing. *State v. Dahlin*, 753 N.W.2d 300, 305 (Minn. 2008).

2.    Removal as of right is limited to one judicial officer. *See* Minn. R. Crim. P. 26.03, subd. 14(5).

3.    Having already removed the Hon. Rachna Sullivan, defendant's subsequent notice to remove the Hon. Susan Robiner is invalid.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 91**

**Case No. 27-CR-19-22615**
State of MN vs ANNE MARIE RILEY
Filing Type:   ·Order Denying Removal of Judicial Officer·
Filing Date:   **2024-01-11**
MCRO_27-CR-19-22615_Order Denying Removal of Judicial Officer_2024-01-11_20240430092144.pdf
File Hash:      970e2964b6437d0799160d07479eacc9a484f6c1f9b38f7176eae2bb0cb0835d
Page: 2 of 2      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

**ORDER**

1.      Defendant's notice to remove the Hon. Susan Robiner is rejected and shall not
have effect.

**IT IS SO ORDERED**.

BY THE COURT:

Dated:  January 11, 2024

_____
HILARY LINDELL CALIGIURI
Judge of District Court

2

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 92**

**Case No. 27-CR-23-284**
State of MN vs MOHAMED ABDI SHIDE
Filing Type:    ·Order for Booking·
Filing Date:    **2023-01-13**
MCRO_27-CR-23-284_Order for Booking_2023-01-13_20240430071744.pdf
File Hash:    8518d555ca9a2436b1bc72d85c03eeb953bd07553532bab492b1b3127d22a206
Page: 1 of 1      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

---

27-CR-23-284

STATE OF MINNESOTA                          DISTRICT COURT

COUNTY OF HENNEPIN                    FOURTH JUDICIAL DISTRICT

_____

State of Minnesota (M.A.C.)                    COURT FILE NO.: 27-CR-23-284

              Plaintiff,

v.                                                    **ORDER**

Mohamed Abdi Shide,

              Defendant.

_____

☒ Pursuant to Minnesota Rules of Criminal Procedure 5.01 and Minn. Stat. §299C.10,
              (*before final disposition of case*)

☐ Pursuant to Minn. Stat. §299C.10, subd. 1a,
              (*after final disposition/ case(s) in "suspense"*)

The Court hereby orders the Defendant in the above-captioned matter to submit to fingerprinting and photographing for the purpose of specifically and uniquely identifying the defendant with respect to this criminal process by:

    ☐    Reporting to the Hennepin County Sheriff at _____ at _____ a.m./p.m., or as otherwise determined by the Hennepin County Sheriff courtroom deputies for booking.

    ☐    Scheduling a time to report to the MSP Airport Police Department, 4300 Glumack Drive, Terminal 1, Baggage Claim Level (Inside Door #1), St. Paul, Minnesota 55111, (telephone number 612-726-5115) for booking.

Dated: _____          By:_____
                        Judge of Hennepin County District Court

---

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 93

**Case No. 27-CR-18-19274**
State of MN vs IFRAH ABDULL HASSAN
Filing Type:    ·Order for Conditional Release·
Filing Date:    **2019-01-09**
MCRO_27-CR-18-19274_Order for Conditional Release_2019-01-09_20240430093107.pdf
File Hash:     e48eaa2a73bd63e754f76aa1711cc170ca954a638f79ec2b0338e8d40d1c48b0
Page: 1 of 1      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

STATE OF MINNESOTA                                    DISTRICT COURT
COUNTY OF HENNEPIN                             FOURTH JUDICIAL DISTRICT

State of Minnesota                        Case #:    27-CR-18-19274
v.                                        SILS #:    431070
Ifrah Abdull Hassan                       Charge:    Threat of Violence
                                          DOB:       October 21, 1964
                                          ☐ Male    ☒ Female

### CONDITIONAL RELEASE ORDER

| ☒ Amended Order |
| --- |

**You are released on any of the following marked options (and marked conditions):**

☒ Post a bond of $30,000 with no conditions.    ☐ Post a bond of $_____ with the following conditions.
☐ Post cash bail of $_____ with no conditions.    ☐ Post cash bail of $_____ with the following conditions.
☐ You are released with no bond, bail, or conditions.    ☒ You are released on the following conditions.

1.  ☒  Obey all laws.
2.  ☒  Remain in the care of Olives Home or another adult foster care provider as assigned by your caseworker.
3.  ☒  Do not direct or indirect contact (including through social media) with the alleged victim, S.M. (female).  Stay away from a three-block radius of any such person or where any such person lives, works, and/or goes to school.
4.  ☒  Do not possess a firearm, BB gun, airsoft device, knife, or other weapon.  (It is a federal crime for any person charged with a felony to possess a firearm.)
5.  ☒  Remain law abiding; do not commit any criminal offense.
6.  ☒  Appear at all court appearances and any Conditional Release/Probation meeting.

| *The following marked conditions require supervision by Probation.  Sign releases to confirm your compliance.* |
| --- |

7.  ☒  Your conditional release will be actively supervised by a Conditional Release Officer (CRO).  You must obey all conditions imposed by your CRO.  Your CRO may require phone contact, in-person contact, and/or home visits.
8.  ☒  Continue to follow all treatment recommendations.
9.  ☒  Continue to follow recommendations of Rule 20.01 examination.
10. ☒  Do not use any alcohol or non-prescribed controlled substance.  You may be subject to random testing and/or Remote Electronic Alcohol Monitoring (REAM) at your expense.  Take all prescribed medication only as directed; provide a list of all medications to your CRO.
11. ☒  You must notify your CRO of any address change within 24 hours.  Court approval is required before you may leave the State of Minnesota.

Internal Use Only:
REVIEWED WITH DEFENDANT, AND RELEASED TO:
☐ Treatment   ☐ Self   ☐ Other:_____

_____
Probation Officer's Signature        Date

_____
Deputy's Signature                   Date

_____     January 9, 2019
*William H. Koch, Judge*          *Date*

I have read and received a copy of this Order.

_____     January 9, 2019
*Defendant*                       *Date*

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 94

**Case No. 27-CR-20-27550**
State of MN vs RODRICK JEROME CARPENTER
Filing Type:  ·Order for Conditional Release·
Filing Date:  **2021-04-15**
MCRO_27-CR-20-27550_Order for Conditional Release_2021-04-15_20240430090720.pdf
File Hash:  a0796f7ddbcd10bbd047aba3a1ed1985deda491778eebad5c679195c12ee4700
Page: 1 of 1      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

Filed in District Court
State of Minnesota

STATE OF MINNESOTA                                    DISTRICT COURT
COUNTY OF HENNEPIN                          FOURTH JUDICIAL DISTRICT

State of Minnesota                          Case:
v.
                                            DOB (SILS):
                                            Charge:

CONDITIONAL RELEASE ORDER

☐ New Order            ☐ Amended Order

**You are released on any of the following marked options (and marked conditions):**
☐ Post bail/bond of $ with no conditions.          ☐ Post bail/bond of $ with the following conditions.
☐ Post cash bail of $ with no conditions.          ☐ Post cash bail of $ with the following conditions.
☐ You are released with no bond, bail, or conditions.   ☐ You are released with no bail on the following conditions.

1. ☐ Obey all laws.
2. ☐ Attend all court appearances and appointments with Probation, including any Pre-Sentence Investigation interview.
3. ☐ Do not have direct or indirect contact (including through social media) with
   Stay away from a three-block radius of                                  and where any such person is, lives, works or goes to school,
   except with a police escort to recover your clothing, prescriptions, electronics, and toiletries. ☐ Solely to facilitate
   parenting time or for child-care purposes, ☐ contact through                            or ☐ written contact is permitted.
4. ☐ Stay away from
5. ☐ Do not have parenting time with                                     unless allowed by Child Protective Services.  If a
   future order from a Family Court or Juvenile Court allows parenting time, you may seek a modification of this order.
6. ☐ Do not possess any firearm or ammunition.
7. ☐

*The following marked conditions require supervision by Probation.  Sign releases to confirm your compliance.*

8. ☐ Your release will be supervised. Notify your supervising officer of any change in your contact information within 24
   hours.  If you are currently on probation in Hennepin County, your Probation Officer will supervise you; these conditions
   are in addition to all current probation conditions.
9. ☐ Complete an in-custody substance use assessment.  You are released: ☐ upon completion of the assessment
   interview ☐ to recommended treatment without posting bond/bail ☐ only upon court order. Follow recommendations.
10. ☐ Within            days of your release, complete a substance use assessment.  Follow recommendations.
11. ☐ Do not use any alcohol or non-prescribed controlled substance.  You are subject to ☐ random testing and/or ☐
    Remote Electronic Alcohol Monitoring (REAM) at your expense.  Take all prescribed medication only as directed; provide
    a list of all medications to your supervising officer.
12. ☐ You must remain on Electronic Home Monitoring (EHM) and follow EHM rules.  You ☐ will remain in custody and be
    transported by Probation to be placed on EHM ☐ must report to Client and Community Restoration at 3000 2nd Street
    North, Minneapolis, on                            to activate EHM.  If eligible, you are approved for immediate
    furloughs for job-seeking, work, school, treatment, legal meetings, and court.
13. ☐ You cannot leave Minnesota without court permission.
14. ☐

| Internal Use Only: | | |
|---|---|---|
| REVIEWED WITH DEFENDANT, AND RELEASED TO: | | |
| ☐ Treatment  ☐ Self  ☐ Other:_____ | | |

*Judge Signature*                          *Date*

_____
*Probation Officer's Signature*      *Date*

I received a copy of this Order.

_____
*Deputy's Signature*            *Date*

*Defendant*                          *Date*

HC 2921 (11/2019)

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 95**

**Case No. 27-CR-21-6229**
State of MN vs MARVAL BARNES
Filing Type:  ·Order for Conditional Release·
Filing Date:  **2021-08-26**
MCRO_27-CR-21-6229_Order for Conditional Release_2021-08-26_20240430080233.pdf
File Hash:  b1fd005967fd5a09ed629bb5a86f100d5830d9b079b9b21cf726924396668e3d
Page: 1 of 1     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

---

STATE OF MINNESOTA                                          DISTRICT COURT
COUNTY OF HENNEPIN                                    FOURTH JUDICIAL DISTRICT

State of Minnesota                          Case(s): 27-CR-21-8856, 27-CR-21-
v.                                          11758, 27-CR-21-6229, 27-CR-21-722,
                                            27-CR-21-8613, 27-CR-21-8643
Marval Barnes
                                            DOB:  12/17/1979

### CONDITIONAL RELEASE ORDER

| ☐ New Order | ☒ Amended Order |
|---|---|

| You are released on any of the following marked options (and marked conditions): | |
|---|---|
| ☒ Post bail/bond of $ 100,000 with no conditions. | ☐ Post bail/bond of $          with the following conditions. |
| | ☐ Post cash bail of $          with the following conditions. |
| ☐ You are released with no bond, bail, or conditions. | ☒ You are released on the following conditions. |

1.  ☒  Obey all laws.
2.  ☒  Attend all court appearances and all appointments with Probation.
3.  ☒  Do not possess a firearm, replica firearm, BB gun or ammunition.  Do not possess any form of weapon.
4.  ☒  Have no direct or indirect contact (including through social media) with the alleged victim(s).  Stay three-blocks
        away from where any such person(s) is, lives, works, or goes to school.
5.  ☒  Follow all court orders and requirements in your civil commitment case **27-MH-PR-21-638**
6.  ☒  Reside at Risen Care Adult Foster Care Facility and follow all its rules.
7.  ☒  You cannot leave Minnesota without court permission.

<u>Internal Use Only:</u>
REVIEWED WITH DEFENDANT, AND RELEASED TO:
☐ Treatment   ☐ Self   ☐ Other:_____

_____      _____
*Probation Officer's Signature*          *Date*

_____      _____
*Deputy's Signature*                     *Date*

_____
Peter A. Cahill, *Judge of District Court*

---

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**Case No. 27-CR-21-6710**
State of MN vs TEMEKA MICHELLE NICHOLS
Filing Type:  ·Order for Conditional Release·
Filing Date:  **2022-04-20**
MCRO_27-CR-21-6710_Order for Conditional Release_2022-04-20_20240430080407.pdf
File Hash:  1ae2aaf21cd24e9d0e1665532a1b8934c50e24659defee785b5ce10a73c43c6d
Page: 1 of 1      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

---

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| State of Minnesota | Case(s): 27-CR-21-6710 |

v.                                                              SILS : 836714
TEMEKA MICHELLE NICHOLS                                        DOB :03/25/1991
                              Charge: GMD, ASSAULT-4TH DEG-PEACE OFFICER-PHYSICALLY ASSAULTS-G

### CONDITIONAL RELEASE ORDER

| ☒ New Order | ☐ Amended Order |
|---|---|

**You are released on any of the following marked options (and marked conditions):**

☐ Post bail/ bond of $ _____ with no conditions.      ☐ Post bail/bond of $ _____ with the following conditions.
☐ Post cash bail of $ _____ with no conditions.      ☐ Post cash bail of $ _____ with the following conditions.
☐ You are released with no bond, bail, or conditions.      ☒ Once Rule 20.01 interview is completed, You are released with no bail:

1. ☒ Obey all laws.
2. ☒ Attend all court appearances and any appointment with Probation, including any Pre-Sentence Investigation interview.
3. ☐ Do not have direct or indirect contact (including through social media) with _____
    Stay away from a three block radius of _____ and where any such person is,
    lives, works or goes to school, except with a police escort to recover your clothing, prescriptions, electronics, and toiletries
    ☐ Solely to facilitate parenting time or for child-care purposes, ☐ contact through _____
    or ☐ written contact is permitted.
4. ☐ Stay away from _____.
5. ☐ Do not have any parenting time with _____ unless allowed by Child Protective Services.
    If a future order from Family Court or Juvenile Court allows parenting time, you may seek a modification to this order.
6. ☐ Do not possess a firearm or ammunition.

7. ☒  Ms. Nichols can be released after she is interviewed by Psychological Services for Rule 20.01.
       Next Court Date 05/24/2022 at 1:30 pm.                                                        .

| *The following marked conditions require supervision by Probation. Sign releases to confirm your compliance.* |
|---|

8. ☐ Your release will be supervised. Notify your supervising officer of any change in your contact information within 24 hours.
    If you are currently on probation in Hennepin County, your Probation Officer will supervise you; these conditions are in addition to all current
    probation conditions.
9. ☐ Complete an in-custody substance use assessment. You are released:  ☐ upon completion of the assessment interview.
    ☐ to recommended treatment program without posting bond/bail.    ☐ only upon further court order. Follow recommendations.
10. ☐ Within _____ days of your release, complete a substance use assessment. Follow recommendations.
11. ☐ Do not use any alcohol or non-prescribed controlled substance. You are subject to ☐ random testing and/or
    ☐ Remote Electronic Alcohol Monitoring (REAM) at your expense. Take all prescribed medication only as directed; provide a list of all
    medications to your supervising officer.
12. ☐ You must remain on Electronic Home Monitoring (EHM) and follow EHM rules. You ☐ will remain in custody and be transported by
    Probation to be placed on EHM ☐ must report to Client and Community Restoration at 3000 2nd Street North, Minneapolis,
    on _____ to activate EHM. If eligible, you are approved for immediate furloughs for job-seeking, work, school, treatment,
    legal meetings, and court.
13. ☐ You cannot leave Minnesota without court permission.
14. ☐ _____ .

| Internal Use Only | | |
|---|---|---|
| REVIEWED WITH DEFENDANT, AND RELEASED TO: | | April 20, 2022 |
| ☐ Treatment ☐ Self ☐ Other:_____ | _____ | _____ |
| | ,Judge Signature | Date |
| | I have read and received a copy of this Order. | |
| _____ | | |
| Probation Officer's Signature    Date | | April 20, 2022 |
| _____ | _____ | _____ |
| Deputy's Signature    Date | Defendants Signature | Date |

HC 2921 (11/2019)

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 97**

**Case No. 27-CR-23-1886**
State of MN vs MATTHEW DAVID GUERTIN
Filing Type:    ·Order for Continuance·
Filing Date:    **2023-06-14**
MCRO_27-CR-23-1886_Order for Continuance_2023-06-14_20240430072357.pdf
File Hash:      48c08118fd5de00495953552e4a66bb64940d993f8e410eb47b2aafb7ab7557d
Page: 1 of 1      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

| State of Minnesota | District Court |
|---|---|
| County of Hennepin | Fourth Judicial District |

State of Minnesota,
     Plaintiff,

v.

Matthew David Guertin,
     Defendant.

**ORDER CONTINUING HEARING**

Court File No.: 27-CR-23-1886

The above-entitled matter was scheduled before Julia Dayton Klein, Judge of District Court, on June 14, 2023, for an evidentiary hearing upon the Defense's objection to the competency opinion rendered by Dr. Rogstad, dated March 10, 2023. Jacqueline Perez, Assistant Hennepin County Attorney, represents the State.  Bruce Rivers represents Defendant.  On June 13, 2023, Mr. Rivers requested a continuance in the matter due to scheduling conflicts. The State did not object. The parties agreed on the new date of July 7, 2023 at 10:30 am. For good cause, the Court finds:

**ORDER**

1.  The contested competency hearing shall be continued to **July 7, 2023 at 10:30 AM**.

By the Court:

_____
Julia Dayton Klein
Judge of District Court

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 98**

**Case No. 27-CR-22-21925**
State of MN vs Abdinour Mohamed Alasow
Filing Type:     ·Order for Dismissal·
Filing Date:     **2023-03-27**
MCRO_27-CR-22-21925_Order for Dismissal_2023-03-27_20240429162955.pdf
File Hash:       1a18061eb03d660fbe5ec046b80ba1e7cddbde0dc5cff719072745e10a572ae9
Page: 1 of 1      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

STATE OF MINNESOTA,

               Plaintiff,

*v.*

Abdinour Mohamed Alasow,

               Defendant.

Court File No. 27-CR-22-21925;
27-CR-23-512; 27-CR-23-883

**ORDER FOR DISMISSAL PURSUANT
TO RULE 20.01, SUBD. 8(2)**

     **Whereas,** Defendant was found incompetent in the above matters on February 14, 2023, and;

     **Whereas,** the Minnesota Rule of Criminal Procedure 20.01, subd. 8(2) provides that "Gross Misdemeanors. The criminal charges must be dismissed 30 days after the date of finding the defendant incompetent to proceed unless before that date the prosecutor files a written notice of intent to prosecute when the defendant regains competency," and;

     **Whereas,** the 30-day deadline was March 16, 2023, and;

     **Whereas,** the Court has reviewed the files and Notices of Intent to Prosecute have not been filed;

     **It is therefore ordered that:**

1.  Files 27-CR-22-21925, 27-CR-23-512 and 27-CR-23-883 are DISMISSED.

**Date: March 27, 2023**          **BY THE COURT:**

                           _____

                           **Julia Dayton Klein**
                           **Judge of District Court**

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 99**

**Case No. 27-CR-23-512**
State of MN vs Abdinour Mohamed Alasow
Filing Type: ·Order for Dismissal·
Filing Date: **2023-03-27**
MCRO_27-CR-23-512_Order for Dismissal_2023-03-27_20240430071931.pdf
File Hash: ee4f34a45c406bb3ce504d5e35fd47184c51f18c521d94c9704bbf7390260005
Page: 1 of 1   [ source file ]   [ .ots timestamp of source file ]   [ pdf signatures ]   [ metadata ]

---

| **STATE OF MINNESOTA** | **DISTRICT COURT** |
|---|---|
| **COUNTY OF HENNEPIN** | **FOURTH JUDICIAL DISTRICT** |

STATE OF MINNESOTA,

        Plaintiff,

*v.*

Abdinour Mohamed Alasow,

        Defendant.

Court File No. 27-CR-22-21925;
27-CR-23-512; 27-CR-23-883

**ORDER FOR DISMISSAL PURSUANT
TO RULE 20.01, SUBD. 8(2)**

---

**Whereas,** Defendant was found incompetent in the above matters on February 14, 2023, and;

**Whereas,** the Minnesota Rule of Criminal Procedure 20.01, subd. 8(2) provides that "Gross Misdemeanors. The criminal charges must be dismissed 30 days after the date of finding the defendant incompetent to proceed unless before that date the prosecutor files a written notice of intent to prosecute when the defendant regains competency," and;

**Whereas,** the 30-day deadline was March 16, 2023, and;

**Whereas,** the Court has reviewed the files and Notices of Intent to Prosecute have not been filed;

**It is therefore ordered that:**

1. Files 27-CR-22-21925, 27-CR-23-512 and 27-CR-23-883 are DISMISSED.

**Date: March 27, 2023**

**BY THE COURT:**

_____

**Julia Dayton Klein**
**Judge of District Court**

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 100**

**Case No. 27-CR-23-883**
State of MN vs Abdinour Mohamed Alasow
Filing Type:   ·Order for Dismissal·
Filing Date:   **2023-03-27**
MCRO_27-CR-23-883_Order for Dismissal_2023-03-27_20240430072026.pdf
File Hash:     814a102a39639b27a5554d6e3919b87c1c2c127f6dd126e382f9d14735e18e03
Page: 1 of 1      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

STATE OF MINNESOTA,

              Plaintiff,                         Court File No. 27-CR-22-21925;
                                             27-CR-23-512; 27-CR-23-883

*v.*

                                         **ORDER FOR DISMISSAL PURSUANT**
Abdinour Mohamed Alasow,                **TO RULE 20.01, SUBD. 8(2)**

              Defendant.

**Whereas,** Defendant was found incompetent in the above matters on February 14, 2023, and;

**Whereas,** the Minnesota Rule of Criminal Procedure 20.01, subd. 8(2) provides that "Gross Misdemeanors. The criminal charges must be dismissed 30 days after the date of finding the defendant incompetent to proceed unless before that date the prosecutor files a written notice of intent to prosecute when the defendant regains competency," and;

**Whereas,** the 30-day deadline was March 16, 2023, and;

**Whereas,** the Court has reviewed the files and Notices of Intent to Prosecute have not been filed;

      **It is therefore ordered that:**

1. Files 27-CR-22-21925, 27-CR-23-512 and 27-CR-23-883 are DISMISSED.

**Date: March 27, 2023**                 **BY THE COURT:**

                                        _____

                                        **Julia Dayton Klein**
                                        **Judge of District Court**

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 101**

**Case No. 27-CR-23-284**
State of MN vs MOHAMED ABDI SHIDE
Filing Type:      ·Order for Dismissal·
Filing Date:      **2023-04-27**
MCRO_27-CR-23-284_Order for Dismissal_2023-04-27_20240430071738.pdf
File Hash:      12119bb509e45466c73dc5be9be68330ea9c809a469bfb57146acfe12ec75b38
Page: 1 of 1      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

---

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

---

STATE OF MINNESOTA,

         Plaintiff,

*v.*

Mohamed Abdi Shide,

         Defendant.

Court File No. 27-CR-23-284

**ORDER FOR DISMISSAL PURSUANT
TO RULE 20.01, SUBD. 8(2)**

---

**Whereas,** Defendant was found incompetent in the above matter on March 21, 2023, and;

**Whereas,** the Minnesota Rule of Criminal Procedure 20.01, subd. 8(2) provides that "Gross Misdemeanors. The criminal charges must be dismissed 30 days after the date of finding the defendant incompetent to proceed unless before that date the prosecutor files a written notice of intent to prosecute when the defendant regains competency," and;

**Whereas,** the 30-day deadline was April 20, 2023, and;

**Whereas,** the Court has reviewed the file and Notices of Intent to Prosecute has not been filed;

**It is therefore ordered that:**

1.  File 27-CR-23-284 is DISMISSED.

**Date: April 27, 2023, 2023**

**BY THE COURT:**

_____

**Julia Dayton Klein**
**Judge of District Court**

1

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 102**

**Case No. 27-CR-23-5213**
State of MN vs MARK ANTHONY REINHART
Filing Type: ·Order for Dismissal·
Filing Date: **2023-05-19**
MCRO_27-CR-23-5213_Order for Dismissal_2023-05-19_20240430073154.pdf
File Hash: a764f64a19aa02c5f8b3157221694892543c6c776ae99bcaba289f854459a434
Page: 1 of 1 [ source file ] [ .ots timestamp of source file ] [ pdf signatures ] [ metadata ]

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

STATE OF MINNESOTA,

               Plaintiff,                        Court File No. 27-CR-23-5213

*v.*                                 **ORDER FOR DISMISSAL PURSUANT TO RULE 20.01, SUBD. 8(2)**

Mark Anthony Reinhart,

               Defendant.

**Whereas,** Defendant was found incompetent in the above matter on April 11, 2023, and;

**Whereas,** the Minnesota Rule of Criminal Procedure 20.01, subd. 8(2) provides that "Gross Misdemeanors. The criminal charges must be dismissed 30 days after the date of finding the defendant incompetent to proceed unless before that date the prosecutor files a written notice of intent to prosecute when the defendant regains competency," and;

**Whereas,** the 30-day deadline was May 11, 2023, and;

**Whereas,** the Court has reviewed the file and Notices of Intent to Prosecute has not been filed;

**It is therefore ordered that:**

1. File 27-CR-23-5213 is DISMISSED.

**Date: May 18, 2023**               **BY THE COURT:**

                               _____

                               **Michael K. Browne**
                               **Judge of District Court**

1

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 103**

**Case No. 27-CR-19-25578**
State of MN vs PAUL JOSEPH OWENS
Filing Type:  ·Order for Dismissal·
Filing Date:  **2023-06-29**
MCRO_27-CR-19-25578_Order for Dismissal_2023-06-29_20240430092254.pdf
File Hash:  9b990e7989d2c02ba3d0dd7aa40bd707b2f0251362dc0429bccc09cd551f3675
Page: 1 of 1      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

STATE OF MINNESOTA,

          Plaintiff,                    Court File No. 27-CR-19-25578

*v.*                                 **ORDER FOR DISMISSAL PURSUANT TO RULE 20.01, SUBD. 8(2)**

Paul Joseph Owens,

          Defendant.

**Whereas,** Defendant was found incompetent in the above matter on May 15, 2023, and;

**Whereas,** the Minnesota Rule of Criminal Procedure 20.01, subd. 8(2) provides that "Gross Misdemeanors. The criminal charges must be dismissed 30 days after the date of finding the defendant incompetent to proceed unless before that date the prosecutor files a written notice of intent to prosecute when the defendant regains competency," and;

**Whereas,** the 30-day deadline was June 14, 2023, and;

**Whereas,** the Court has reviewed the file and Notices of Intent to Prosecute has not been filed;

**It is therefore ordered that:**

1. File 27-CR-19-25578 is DISMISSED.

**Date: June 29, 2023**                    **BY THE COURT:**

                                      _____

                                        **Michael K. Browne**
                                        **Judge of District Court**

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 104**

Case No. 27-CR-22-18209
State of MN vs JULIET KAY HIGGINS
Filing Type:    ·Order for Production of Medical Records·
Filing Date:    **2023-04-03**
MCRO_27-CR-22-18209_Order for Production of Medical Records_2023-04-03_20240429162059.pdf
File Hash:      904108c52af03a9887afd0ef437b952e959903b8857ff3c81fddf129488c912f
Page: 1 of 2      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

27-CR-22-18209

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

Case Type:  Criminal

State of Minnesota,

Court File No.: 27-CR-22-18209

Plaintiff,

v.

**ORDER FOR RELEASE OF
MEDICAL RECORDS**

Defendant,

Juliet Kay Higgins.

The above-entitled matter came before the Court on a request for an Order for release of

medical records filed by the Minnesota Department of Human Services' (DHS) - Forensic Services

Forensic Evaluation Department. The request was served on Defendant's counsel and the

Hennepin County Attorney's Office at the time of filing.

Defendant was found incompetent to participate in his defense under Minnesota Rule of

Criminal Procedure 20.01 and was subsequently civilly committed. The DHS Forensic Evaluation

Department, on behalf of DHS, the entity to which Defendant is committed, is providing subd. 7

competency evaluation services in this matter. Like the court appointed examiner ordered to

conduct the initial Rule 20.01 evaluation in this matter, the assigned DHS Forensic Examiner

should have access to Defendant's treatment records so a comprehensive report can be prepared

to provide a well-informed opinion to the Court and the parties regarding Defendant's current

mental health condition and competency status.

Based upon the request submitted by the DHS Forensic Evaluation Department, the Court

hereby makes and files the following:

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 105

**Case No. 27-CR-22-18209**
State of MN vs JULIET KAY HIGGINS
Filing Type:    ·Order for Production of Medical Records·
Filing Date:    **2023-04-03**
MCRO_27-CR-22-18209_Order for Production of Medical Records_2023-04-03_20240429162059.pdf
File Hash:      904108c52af03a9887afd0ef437b952e959903b8857ff3c81fddf129488c912f
Page: 2 of 2     [ source file ]       [ .ots timestamp of source file ]       [ pdf signatures ]      [ metadata ]

---

27-CR-22-18209

## ORDER

1.  The DHS Forensic Evaluation Department shall have access to Defendant's treatment
    records so they can prepare a comprehensive competency evaluation under Minnesota
    Rule of Criminal Procedure 20.01, subd. 7.

2.  By presentation of a copy of this order, whether mailed, sent via facsimile, or personally
    delivered, the custodian of records for any agency, department, or health care
    provider shall release all information and/or records related to Defendant, including
    medical, psychological, behavioral, social service, probation/correctional/jail records,
    including behavioral notes, medical notes, psychiatric notes, jail reports, and any
    records or information maintained by the jail from any third party medical
    provider/contractor/public health staff, developmental disability, employment and
    educational records, to DHS - Forensic Services within 72 hours.

3.  This Order shall be sufficient to require an agency, department, or health care provider
    to release the requested information and/or records related to treatment Defendant has
    received in connection with that facility.

4.  Defendant's medical records may not be disclosed to any other person without court
    authorization or Defendant's signed consent.

Dated: _____April 3, 2023_____          BY THE COURT:


                                             _____
                                             Judge of District Court

2

---

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 106**

**Case No. 27-CR-22-20527**
State of MN vs JARELLE THOMAS VAUGHN
Filing Type:    ·Order for Production of Medical Records·
Filing Date:    **2023-04-03**
MCRO_27-CR-22-20527_Order for Production of Medical Records_2023-04-03_20240429162755.pdf
File Hash:      682637d301acd56a5a594be1f1b8d1068c95878ab7bb318ef27e5d83b3d54e50
Page: 1 of 2      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

27-CR-22-20527

STATE OF MINNESOTA

COUNTY OF HENNEPIN

State of Minnesota,

Plaintiff,

v.

Defendant,

Jarelle Thomas Vaughn.

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

Case Type:  Criminal

Court File No.: 27-CR-22-20527

**ORDER FOR RELEASE OF
MEDICAL RECORDS**

The above-entitled matter came before the Court on a request for an Order for release of

medical records filed by the Minnesota Department of Human Services' (DHS) - Forensic Services

Forensic Evaluation Department. The request was served on Defendant's counsel and the

Hennepin County Attorney's Office at the time of filing.

Defendant was found incompetent to participate in his defense under Minnesota Rule of

Criminal Procedure 20.01 and was subsequently civilly committed. The DHS Forensic Evaluation

Department, on behalf of DHS, the entity to which Defendant is committed, is providing subd. 7

competency evaluation services in this matter. Like the court appointed examiner ordered to

conduct the initial Rule 20.01 evaluation in this matter, the assigned DHS Forensic Examiner

should have access to Defendant's treatment records so a comprehensive report can be prepared

to provide a well-informed opinion to the Court and the parties regarding Defendant's current

mental health condition and competency status.

Based upon the request submitted by the DHS Forensic Evaluation Department, the Court

hereby makes and files the following:

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 107**

**Case No. 27-CR-22-20527**
State of MN vs JARELLE THOMAS VAUGHN
Filing Type:    ·Order for Production of Medical Records·
Filing Date:    **2023-04-03**
MCRO_27-CR-22-20527_Order for Production of Medical Records_2023-04-03_20240429162755.pdf
File Hash:      682637d301acd56a5a594be1f1b8d1068c95878ab7bb318ef27e5d83b3d54e50
Page: 2 of 2      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

27-CR-22-20527

**ORDER**

1. The DHS Forensic Evaluation Department shall have access to Defendant's treatment records so they can prepare a comprehensive competency evaluation under Minnesota Rule of Criminal Procedure 20.01, subd. 7.

2. By presentation of a copy of this order, whether mailed, sent via facsimile, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional, developmental disability, employment and educational records, to the DHS Forensic Evaluation Department within 72 hours.

3. This Order shall be sufficient to require an agency, department, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility.

4. Defendant's medical records may not be disclosed to any other person without court authorization or Defendant's signed consent.

Dated: _____April 3, 2023_____

BY THE COURT:

_____
Judge of District Court

2

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 108**

**Case No. 27-CR-20-13495**
State of MN vs EYUAEL GONFA KEBEDE
Filing Type:    ·Order Reinstating Forfeited Cash or Surety Bond·
Filing Date:    **2021-11-19**
MCRO_27-CR-20-13495_Order Reinstating Forfeited Cash or Surety Bond_2021-11-19_20240430085946.pdf
File Hash:      9b1ca46ab9bf7eb3890ed9e065df8ea2f23925a8dfa91e12652f0a48af47ff5d
Page: 1 of 4      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

| STATE OF MINNESOTA | DISTRICT COURT |
| --- | --- |
|  | CRIMINAL DIVISION |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

State of Minnesota,

**ORDER ON THE PETITION TO REINSTATE AND DISCHARGE BOND # 015-10653725**

v.

Court File No. 27-CR-20-13495

Eyuael Gonfa Kebede.

---

### APPEARANCE

The above-captioned action came on administratively before the Honorable Michael K. Browne, Judge of District Court, on Wednesday, October 27, 2021. The Court is chambered at the Hennepin County Government Center, 300 South Sixth Street, Minneapolis Minnesota.  The State of Minnesota is represented by Katherine Galler, Esq. Mr. Eyuael Kebede is represented by Gregory Renden, Esq. Bail Bonds Doctor, Inc. is represented by John Daly, Esq. There were no appearances.

### BACKGROUND

In its affidavit, Bail Bonds Doctor, Inc. states that on February 22, 2021, Bail Bonds Doctor posted a bail bond in the amount of $12,000.00 under Power # 015-10653725. On September 9, 2021, Defendant failed to appear for a hearing and the bond was ordered forfeited on that date. Bail Bonds Doctor agents attempted to locate Mr. Kebede. Bail Bonds Doctor, Inc.'s agent left messages with the cosigner of the bond indemnity agreement and the Defendant instructing the Defendant to turn himself in to the custody of the Hennepin County Jail.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 109

**Case No. 27-CR-20-13495**
State of MN vs EYUAEL GONFA KEBEDE
Filing Type:   ·Order Reinstating Forfeited Cash or Surety Bond·
Filing Date:   **2021-11-19**
MCRO_27-CR-20-13495_Order Reinstating Forfeited Cash or Surety Bond_2021-11-19_20240430085946.pdf
File Hash:    9b1ca46ab9bf7eb3890ed9e065df8ea2f23925a8dfa91e12652f0a48af47ff5d
Page: 2 of 4      [ source file ]       [ .ots timestamp of source file ]       [ pdf signatures ]      [ metadata ]

Although Bail Bonds Doctor did not locate him, their investigator contacted family members and acquaintances of the Defendant. After several interviews and monitoring of social media sites, Bail Bonds Doctor, Inc.'s agent was able to locate the Defendant, who was living with his parents at a new address, 5710 Upper 179th St. West, Lakeville, MN.

On October 22, 2021, Bail Bonds Doctor's agent apprehended Mr. Kebede and transferred him, without incident, to the custody of the Hennepin County Jail. The Defendant's warrant was cleared and on October 25, 2021, Mr. Kebede was conditionally released. This constitutes a modified release condition which supersedes the bail bond.

On October 26, 2021, Bail Bonds Doctor filed paperwork requesting the Court reinstate and discharge bail bond Power # 015-10653725 posted by Bail Bonds Doctor in this file because the Defendant resolved his warrant after his failure to appear and that his bail was reduced to $0. On October 27, 2021, the Court issued an order for submission so that all parties could respond to Bail Bonds Doctor's request. Additional submissions were due on November 10, 2021. As of date of this order, no additional documents were submitted for the Court's consideration, and Petitioner did not request a hearing per under MINN. R. GEN. PRACT. 702(f).

Based upon Petitioner's affidavit, as well as upon all the files, records, and proceedings herein, the Court now makes the below order.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 110**

Case No. 27-CR-20-13495
State of MN vs EYUAEL GONFA KEBEDE
Filing Type:     ·Order Reinstating Forfeited Cash or Surety Bond·
Filing Date:     **2021-11-19**
MCRO_27-CR-20-13495_Order Reinstating Forfeited Cash or Surety Bond_2021-11-19_20240430085946.pdf
File Hash:       9b1ca46ab9bf7eb3890ed9e065df8ea2f23925a8dfa91e12652f0a48af47ff5d
Page: 3 of 4     [ source file ]       [ .ots timestamp of source file ]       [ pdf signatures ]       [ metadata ]

### Findings of Fact and Conclusions of Law

**The Court has considered the *Shetsky* factors[1] and finds that:**

1. "One purpose of a bail bond is to encourage a surety to voluntarily pay the penalty for the failure to ensure the presence of the accused without requiring the state to undergo the expense of litigation to recover the defaulted amount." *State v. Vang*, 763 N.W.2d 354, 358 (Minn. Ct. App. 2009). "Another is to encourage sureties to locate, arrest, and return defaulting defendants to the authorities to facilitate the timely administration of justice." *Id.* When considering the purpose of bail and the civil nature of the proceedings, and the cause, purpose, and length of the Defendant's absence, this factor favors reinstatement. Specifically, the Defendant has returned to court since February, but this matter remains unresolved. Still, the Defendant is scheduled for court in the next month, and his absence seems to have had a minimal impact on the case. Nevertheless, on February 22, 2021, the surety did not achieve the purpose of bail which is to ensure the Defendant's appearance in court, and the steps it took to foster the Defendant's appearance in February is clear. Specifically, it appears that the surety found the Defendant through its agents' investigation of social media and various interviews conducted.

2. When considering the good faith of the surety as measured by the fault or willfulness of the Defendant, this factor weighs in favor of reinstatement. Specifically, the Defendant's absence was willful – whether due to chemical use or other factors. While the Defendant may have shown good faith after missing court on February 22, 2021, by appearing for court October 25, 2021, November 1, 2021, and November 2, 2021, it is clear that the surety helped secure appearances by bringing the Defendant into custody. Now, the Defendant has court set on December 30, 2021. For this matter, Defendant bail is currently set at $0. In comparison, while the surety failed to ensure that the Defendant made his court appearance on February 22, 2021, the surety took steps to find and get the Defendant to re-engage in the process. Thus, the surety has contributed to the new court date, and these actions outweighed the willfulness of the Defendant.

3. When considering the good faith efforts of the surety to apprehend and produce the Defendant, this factor does favor reinstatement. Here, the surety took substantial steps to apprehend and produce the Defendant. While there was no evidence suggesting the surety incurred any cost to apprehend or produce the Defendant, as there were no itemized expenses, the submissions suggest that the surety called a co-signer, called the Defendant, called the Defendant's family, conducted interviews, and monitored Defendant's social media accounts. The surety's agent was able to locate the Defendant, who was living with his parents at a new address, 5710 Upper 179th St. West, Lakeville, MN. On October 22, 2021, Bail Bonds Doctor's agent apprehended Mr. Kebede and transferred him, without incident, to the custody of the Hennepin County Jail. As a result, of the surety's actions, and not those of the Defendant, the Defendant now has a pre-trial date for December 30, 2021.

---

[1] *In re Application of Shetsky*, 239 Minn. 463, 471, 60 N.W.2d 40, 46 (1953).

3

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

Case No. 27-CR-20-13495
State of MN vs EYUAEL GONFA KEBEDE
Filing Type:    ·Order Reinstating Forfeited Cash or Surety Bond·
Filing Date:    **2021-11-19**
MCRO_27-CR-20-13495_Order Reinstating Forfeited Cash or Surety Bond_2021-11-19_20240430085946.pdf
File Hash:      9b1ca46ab9bf7eb3890ed9e065df8ea2f23925a8dfa91e12652f0a48af47ff5d
Page: 4 of 4      [ source file ]       [ .ots timestamp of source file ]        [ pdf signatures ]       [ metadata ]

4.  "Finally, in agreeing to act as a surety for a defendant, a bonding company assures the district court that the defendant will personally appear to answer the charges against him." *State v. Vang*, 763 N.W.2d 354, 359 (Minn. Ct. App. 2009). When considering any prejudice to the state in its administration of justice, this factor supports re-instatement of the bond. Here, the Defendant has made some court appearance since the bond was forfeited. While this is a DWI case dating back to February 2021, there is no evidence showing prejudice to the State's case. As a result, it is likely the State would be able to proceed with its case despite the Defendant's brief absence.

### ORDER

Based upon all the files, records and proceeding, **IT IS HEREBY ORDERED** that:

1.  Bail bond power # 015-10653725 in the amount of $12,000.00 be reinstated and discharged, due within 90 days of this order per MINN. R. GEN. PRACT. 702(h), without the need for a penalty due to the good father efforts of the surety in apprehending Mr. Kebede in order to ensure his appearance.

2.  The Court Administrator is directed to take the necessary steps to carry out this order.

IT IS SO ORDERED.

**BY THE COURT**

4

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 112

**Case No. 27-CR-21-3797**
State of MN vs GRAHM MARK FLETCHER
Filing Type:   ·Order Reinstating Forfeited Cash or Surety Bond·
Filing Date:   **2024-01-22**
MCRO_27-CR-21-3797_Order Reinstating Forfeited Cash or Surety Bond_2024-01-22_20240430080056.pdf
File Hash:     a6a003de65a5ecb5beb32de948663ee219134b9e0127178f68d7d4e93fac6120
Page: 1 of 1      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

---

STATE OF MINNESOTA                  DISTRICT COURT  CRIMINAL DIVISION
COUNTY OF HENNEPIN                         FOURTH JUDICIAL DISTRICT

State of Minnesota,

                    **ORDER UPON MOTION FOR BOND**
                Plaintiff,         **REINSTATEMENT AND DISCHARGE**

vs.

GRAHM MARK FLETCHER                  File No. 27-CR-21-3797

                Defendant.          Bail Bond Power No.  2022-AA-067515

Based upon Petitioner's affidavit, as well as upon all the files, records, and proceedings herein;

The Court has considered the *Shetsky* factors[1] and finds that they weigh in favor of reinstatement.

**Based on the above finding, IT IS HEREBY ORDERED:**

☐   Bail bond power _____ in the amount of $_____ is reinstated.

☒   Bail bond power __2022-AA-067515__ in the amount of $1,000.00__ is reinstated and
    discharged to __Midwest Bonding, LLC__(Bond Company).  This case was dismissed on
    December 22, 2023, on motion on the Prosecution.

☐   Upon payment of the penalty(ies) listed below, bail bond power _____ in the
    amount of $ _____ will be reinstated and discharged to
    _____(Bond Company).  **Penalty is payable no later than 60
    days from the date of this order or the entire bond will become due and owing.**

       ☐    10% of forfeited bond for filing petition more than 90 but fewer than 180 days from
            the date of forfeiture. Remainder refunded if prepaid.
       ☐    $_____ for costs to apprehend defendant.
       ☐    Other: _____

This decision is a judgment of the court. Petitioner may request a hearing on this decision by letter
to the undersigned, a copy of which must be provided to the prosecuting authority.

The Court Administrator is directed to take the necessary steps to carry out this order.

Dated: 1/18/2024                    _____

                                    Bev Benson
                                    Judge of District Court

---

[1] *In re Application of Shetsky*, 239 Minn. 463, 471, 60 N.W.2d 40, 46 (1953).

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 113

**Case No. 27-CR-20-1893**
State of MN vs JIMMY EDWARD SPEARS, III
Filing Type:    ·Order Revoking Interim Conditions of Release·
Filing Date:    **2020-06-10**
MCRO_27-CR-20-1893_Order Revoking Interim Conditions of Release_2020-06-10_20240430084922.pdf
File Hash:     d99988bb6dd43af0dc31eb387ca735b1d24232f61fdf195f83be3bdaa1247313
Page: 1 of 1      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

---

27-CR-20-1893

STATE OF MINNESOTA                          DISTRICT COURT

COUNTY OF HENNEPIN                          FOURTH JUDICIAL DISTRICT

---

State of Minnesota, Plaintiff.

                                            **ORDER REVOKING CONDITIONAL**
                                            **RELEASE AND APPEARANCE**

vs.

Jimmy Edward Spears 3Rd, Defendant.
Dist Ct File 27-CR-20-1893

---

On June 10, 2020, the Department of Community Corrections and Rehabilitation filed a Conditional Release Violation Report, alleging under penalty of perjury that Defendant violated the following interim conditions in this case:

1.  Electronic Monitoring

The court finds that there is probable cause to believe Defendant has violated the interim conditions, so the Conditional Release is hereby set aside and vacated.  Defendant is ordered to appear before a Judicial Officer of the District Court so that a final determination may be made as to whether Defendant has violated the interim conditions.

☐ **SUMMONS**
I order court administration to summons the defendant to appear before a Judicial Officer.

☐**WARRANT**
It is further ordered that a bench warrant shall be issued for the defendant's apprehension.
Bail:   $60,000.00            (***Note:*** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

☐ **ORDER OF DETENTION**
Since the Defendant is already in custody, I order, subject to bail or conditions of release, that the Defendant continue to be detained pending further proceedings.
Bail:                    (***Note:*** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

                                            BY THE COURT:

                                            _____
                                            Judge of District Court

Page **1** of **1**          *27-CR-20-1893.06/10/2020.64.0441.1*

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 114

**Case No. 27-CR-20-1893**
State of MN vs JIMMY EDWARD SPEARS, III
Filing Type:     ·Order Revoking Interim Conditions of Release·
Filing Date:    **2020-12-31**
MCRO_27-CR-20-1893_Order Revoking Interim Conditions of Release_2020-12-31_20240430084914.pdf
File Hash:      f658cb03046fd75a71df42b8010ba53606356f744e9d584fc6cc0c6e240cb97c
Page: 1 of 1        [ source file ]        [ .ots timestamp of source file ]        [ pdf signatures ]        [ metadata ]

---

27-CR-20-1893

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

---

State of Minnesota, Plaintiff.

**ORDER REVOKING CONDITIONAL
RELEASE AND APPEARANCE**

vs.

Jimmy Edward Spears 3Rd, Defendant.
Dist Ct File 27-CR-20-1893

---

On December 30, 2020, the Department of Community Corrections and Rehabilitation filed a Conditional Release Violation Report, alleging under penalty of perjury that Defendant violated the following interim conditions in this case:

1.   Do not use any alcohol or non-prescribed controlled substance.

The court finds that there is probable cause to believe Defendant has violated the interim conditions, so the Conditional Release is hereby set aside and vacated.  Defendant is ordered to appear before a Judicial Officer of the District Court so that a final determination may be made as to whether Defendant has violated the interim conditions.

☐ **SUMMONS**
I order court administration to summons the defendant to appear before a Judicial Officer.

☒ **WARRANT**
It is further ordered that a bench warrant shall be issued for the defendant's apprehension.
Bail:     $40,000     (***Note:*** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

☐ **ORDER OF DETENTION**
Since the Defendant is already in custody, I order, subject to bail or conditions of release, that the Defendant continue to be detained pending further proceedings.
Bail:     (***Note:*** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

BY THE COURT:

Judge of District Court
William H. Koch / December 31, 2020

Page **1** of **1**        *27-CR-20-1893.12/30/2020.64.0441.1*

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 115**

**Case No. 27-CR-20-20788**
State of MN vs Lawrence Joseph Durheim
Filing Type:      ·Order Revoking Interim Conditions of Release·
Filing Date:      **2021-02-02**
MCRO_27-CR-20-20788_Order Revoking Interim Conditions of Release_2021-02-02_20240430090246.pdf
File Hash:      95475e304a52e6e4b43cf553081c0e6c08bc2961ffbb15c673129d493dcfbfcd
Page: 1 of 1      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

---

27-CR-20-20788

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

State of Minnesota, Plaintiff.

**ORDER REVOKING CONDITIONAL
RELEASE AND APPEARANCE**

vs.

Lawrence Joseph Durheim, Defendant.
Dist Ct File 27-CR-20-20788

On February 01, 2021, the Department of Community Corrections and Rehabilitation filed a Conditional Release Violation Report, alleging under penalty of perjury that Defendant violated the following interim conditions in this case:

1.   Do not use alcohol or non-prescribed drugs

The court finds that there is probable cause to believe Defendant has violated the interim conditions, so the Conditional Release is hereby set aside and vacated.  Defendant is ordered to appear before a Judicial Officer of the District Court so that a final determination may be made as to whether Defendant has violated the interim conditions.

☐ **SUMMONS**
I order court administration to summons the defendant to appear before a Judicial Officer.

☒**WARRANT**
It is further ordered that a bench warrant shall be issued for the defendant's apprehension.
Bail:  $40,000.00          (***Note:*** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

☐ **ORDER OF DETENTION**
Since the Defendant is already in custody, I order, subject to bail or conditions of release, that the Defendant continue to be detained pending further proceedings.
Bail:          (***Note:*** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

BY THE COURT:

_____
Judge of District Court

Page **1** of **1**          *27-CR-20-20788.02/01/2021.64.0441.1*

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 116

**Case No. 27-CR-21-1980**
State of MN vs GORDON EUGENE SHARP
Filing Type: ·Order Revoking Interim Conditions of Release·
Filing Date: **2021-12-14**
MCRO_27-CR-21-1980_Order Revoking Interim Conditions of Release_2021-12-14_20240430080011.pdf
File Hash: 0aabf1a34980a888ceb15de598ab386518f6af04fc8783c237255660b12e9f83
Page: 1 of 1    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

27-CR-21-1980

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

State of Minnesota, Plaintiff.

**ORDER REVOKING CONDITIONAL RELEASE AND APPEARANCE**

vs.

Gordon Eugene Sharp JR, Defendant.
Dist Ct File 27-CR-21-1980

On December 14, 2021, the Department of Community Corrections and Rehabilitation filed a Conditional Release Violation Report, alleging under penalty of perjury that Defendant violated the following interim conditions in this case:

1. Complete Treatment and recommended aftercare at Park Ave.
2. Remain law abiding.

The court finds that there is probable cause to believe Defendant has violated the interim conditions, so the Conditional Release is hereby set aside and vacated. Defendant is ordered to appear before a Judicial Officer of the District Court so that a final determination may be made as to whether Defendant has violated the interim conditions.

☐ **SUMMONS**
I order court administration to summons the defendant to appear before a Judicial Officer.

☒ **WARRANT**
It is further ordered that a bench warrant shall be issued for the defendant's apprehension.
Bail: _$30,000.00_ (*Note:* Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.) Covered by bail set on 27CR-21-21355.

☐ **ORDER OF DETENTION**
Since the Defendant is already in custody, I order, subject to bail or conditions of release, that the Defendant continue to be detained pending further proceedings.
Bail: _____ (*Note:* Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

BY THE COURT:

_____
Judge of District Court

Page **1** of **1**    *27-CR-21-1980.12/14/2021.64.0441.1*

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 117**

**Case No. 27-CR-21-20072**
State of MN vs GORDON EUGENE SHARP
Filing Type:    ·Order Revoking Interim Conditions of Release·
Filing Date:    **2021-12-14**
MCRO_27-CR-21-20072_Order Revoking Interim Conditions of Release_2021-12-14_20240430083108.pdf
File Hash:      b55df6fbf2bf002b231c33fa23b11628b654593ec1e83d18b0b3634cd9ff9a21
Page: 1 of 1      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

---

27-CR-21-20072

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

State of Minnesota, Plaintiff.

**ORDER REVOKING CONDITIONAL RELEASE AND APPEARANCE**

vs.

Gordon Eugene Sharp JR, Defendant.
Dist Ct File 27-CR-21-20072

---

On December 14, 2021, the Department of Community Corrections and Rehabilitation filed a Conditional Release Violation Report, alleging under penalty of perjury that Defendant violated the following interim conditions in this case:

1.  Complete Treatment and recommended aftercare at Park Ave.
2.  Remain law abiding.

The court finds that there is probable cause to believe Defendant has violated the interim conditions, so the Conditional Release is hereby set aside and vacated.  Defendant is ordered to appear before a Judicial Officer of the District Court so that a final determination may be made as to whether Defendant has violated the interim conditions.

☐ **SUMMONS**
I order court administration to summons the defendant to appear before a Judicial Officer.

☒ **WARRANT**
It is further ordered that a bench warrant shall be issued for the defendant's apprehension.
Bail: _$30,000.00_____    (*Note*: Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.) Covered by bail set on 27CR-21-21355.

☐ **ORDER OF DETENTION**
Since the Defendant is already in custody, I order, subject to bail or conditions of release, that the Defendant continue to be detained pending further proceedings.
Bail: _____    (*Note*: Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

BY THE COURT:

_____
Judge of District Court

---

Page **1** of **1**        *27-CR-21-20072.12/14/2021.64.0441.1*

Url 1: link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
Url 4: drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 118**

**Case No. 27-CR-21-20988**
State of MN vs GORDON EUGENE SHARP, Jr.
Filing Type:   ·Order Revoking Interim Conditions of Release·
Filing Date:   **2021-12-14**
MCRO_27-CR-21-20988_Order Revoking Interim Conditions of Release_2021-12-14_20240430083356.pdf
File Hash:    4379335d998c51f1a597a739ebfd22baf9b82ea33e55fae29fa71072b3ec4b5e
Page: 1 of 1      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

---

27-CR-21-20988

STATE OF MINNESOTA                          DISTRICT COURT

COUNTY OF HENNEPIN                          FOURTH JUDICIAL DISTRICT

---

State of Minnesota, Plaintiff.

**ORDER REVOKING CONDITIONAL
RELEASE AND APPEARANCE**

vs.

Gordon Eugene Sharp JR, Defendant.
Dist Ct File 27-CR-21-20988

---

On December 14, 2021, the Department of Community Corrections and Rehabilitation filed a Conditional Release Violation Report, alleging under penalty of perjury that Defendant violated the following interim conditions in this case:

1. Complete Treatment and recommended aftercare at Park Ave.
2. Remain law abiding.

The court finds that there is probable cause to believe Defendant has violated the interim conditions, so the Conditional Release is hereby set aside and vacated. Defendant is ordered to appear before a Judicial Officer of the District Court so that a final determination may be made as to whether Defendant has violated the interim conditions.

☐ **SUMMONS**
I order court administration to summons the defendant to appear before a Judicial Officer.

☒**WARRANT**
It is further ordered that a bench warrant shall be issued for the defendant's apprehension.
Bail: ___$30,000.00___ (***Note:*** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.) Covered by bail set on 27CR-21-21355.

☐ **ORDER OF DETENTION**
Since the Defendant is already in custody, I order, subject to bail or conditions of release, that the Defendant continue to be detained pending further proceedings.
Bail: _____ (***Note:*** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

BY THE COURT:

_____
Judge of District Court



Page **1** of **1**        *27-CR-21-20988.12/14/2021.64.0441.1*

---

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 119**

**Case No. 27-CR-21-21355**
State of MN vs GORDON EUGENE SHARP, Jr.
Filing Type: ·Order Revoking Interim Conditions of Release·
Filing Date: **2021-12-14**
MCRO_27-CR-21-21355_Order Revoking Interim Conditions of Release_2021-12-14_20240430083504.pdf
File Hash: a1855ea323e14debf556088f73e35776c27dc5e2166b993d167061320fa49f6f
Page: 1 of 1 [ source file ] [ .ots timestamp of source file ] [ pdf signatures ] [ metadata ]

---

27-CR-21-21355

STATE OF MINNESOTA                     DISTRICT COURT

COUNTY OF HENNEPIN                     FOURTH JUDICIAL DISTRICT

---

State of Minnesota, Plaintiff.

**ORDER REVOKING CONDITIONAL
RELEASE AND APPEARANCE**

vs.

Gordon Eugene Sharp JR, Defendant.
Dist Ct File 27-CR-21-21355

---

On December 14, 2021, the Department of Community Corrections and Rehabilitation filed a Conditional Release Violation Report, alleging under penalty of perjury that Defendant violated the following interim conditions in this case:

1. Complete Treatment and recommended aftercare at Park Ave.
2. Remain law abiding.

The court finds that there is probable cause to believe Defendant has violated the interim conditions, so the Conditional Release is hereby set aside and vacated. Defendant is ordered to appear before a Judicial Officer of the District Court so that a final determination may be made as to whether Defendant has violated the interim conditions.

☐ **SUMMONS**
I order court administration to summons the defendant to appear before a Judicial Officer.

☒ **WARRANT**
It is further ordered that a bench warrant shall be issued for the defendant's apprehension.
Bail: $30,000.00     (***Note:*** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

☐ **ORDER OF DETENTION**
Since the Defendant is already in custody, I order, subject to bail or conditions of release, that the Defendant continue to be detained pending further proceedings.
Bail: _____ (***Note:*** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

BY THE COURT:

_____
Judge of District Court

‖«‖‖‖‖‖‖‖‖‖‖‖‖lum»‖«‖hort‖‖ate»‖‖‖‖‖‖‖‖‖‖‖‖

Page **1** of **1**        *«CC_MNCIS_Num».«Short_Date».64.0441.1*

---

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 120**

**Case No. 27-CR-21-23456**
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type:   ·Order Revoking Interim Conditions of Release·
Filing Date:   **2021-12-28**
MCRO_27-CR-21-23456_Order Revoking Interim Conditions of Release_2021-12-28_20240430084342.pdf
File Hash:     3cf3408d689f94a72edc450a4dd336d9efd9021332a84954708bf3aea9ea0666
Page: 1 of 1      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

---

27-CR-21-23456

STATE OF MINNESOTA                          DISTRICT COURT

COUNTY OF HENNEPIN                          FOURTH JUDICIAL DISTRICT

---

State of Minnesota, Plaintiff.

                                            **ORDER REVOKING CONDITIONAL**
                                            **RELEASE AND APPEARANCE**

vs.

Brittany Lateshia Crutchfield, Defendant.
Dist Ct File 27-CR-21-23456

---

On December 28, 2021, the Department of Community Corrections and Rehabilitation filed a Conditional Release Violation Report, alleging under penalty of perjury that Defendant violated the following interim conditions in this case:

1.   Failure to obey EHM rules.

The court finds that there is probable cause to believe Defendant has violated the interim conditions, so the Conditional Release is hereby set aside and vacated.  Defendant is ordered to appear before a Judicial Officer of the District Court so that a final determination may be made as to whether Defendant has violated the interim conditions.

☐ **SUMMONS**
I order court administration to summons the defendant to appear before a Judicial Officer.

☑**WARRANT**
It is further ordered that a bench warrant shall be issued for the defendant's apprehension.
Bail:  $20,000          (**Note:** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

☐ **ORDER OF DETENTION**
Since the Defendant is already in custody, I order, subject to bail or conditions of release, that the Defendant continue to be detained pending further proceedings.
Bail:  _____  (**Note:** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

                                            BY THE COURT:

                                            _____
                                            Judge of District Court

Page **1** of **1**          *27-CR-21-23456.12/28/2021.64.0441.1*

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 121

**Case No. 27-CR-21-1230**
State of MN vs MAKIS DEVELL LANE
Filing Type:     ·Order Revoking Interim Conditions of Release·
Filing Date:    **2022-06-23**
MCRO_27-CR-21-1230_Order Revoking Interim Conditions of Release_2022-06-23_20240430075440.pdf
File Hash:      17a6b335c1ac99ddf68738953c042858cf5f61e1eaf225dac3355af60c14e1c3
Page: 1 of 1      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

---

STATE OF MINNESOTA                          DISTRICT COURT

COUNTY OF HENNEPIN                          FOURTH JUDICIAL DISTRICT

---

State of Minnesota, Plaintiff.

                                            **ORDER REVOKING CONDITIONAL**
                                            **RELEASE AND APPEARANCE**

vs.

Makis Devell Lane, Defendant.
Dist Ct File 27-CR-21-1230

---

On June 23, 2022, the Department of Community Corrections and Rehabilitation filed a Conditional Release Violation Report, alleging under penalty of perjury that Defendant violated the following interim conditions in this case:

1.  Maintain Contact With Probation

The court finds that there is probable cause to believe Defendant has violated the interim conditions, so the Conditional Release is hereby set aside and vacated.  Defendant is ordered to appear before a Judicial Officer of the District Court so that a final determination may be made as to whether Defendant has violated the interim conditions.

☐ **SUMMONS**
I order court administration to summons the defendant to appear before a Judicial Officer.

XX
☐ **WARRANT**
It is further ordered that a bench warrant shall be issued for the defendant's apprehension.
Bail:   $3,000               (***Note:*** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

☐ **ORDER OF DETENTION**
Since the Defendant is already in custody, I order, subject to bail or conditions of release, that the Defendant continue to be detained pending further proceedings.
Bail:                            (***Note:*** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

                                            BY THE COURT:

                                            _____
                                            Judge of District Court

Page **1** of **1**        *27-CR-21-1230.06/23/2022.64.0441.1*

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 122**

**Case No. 27-CR-21-13752**
State of MN vs MAKIS DEVELL LANE
Filing Type:   ·Order Revoking Interim Conditions of Release·
Filing Date:   **2022-06-23**
MCRO_27-CR-21-13752_Order Revoking Interim Conditions of Release_2022-06-23_20240430082350.pdf
File Hash:    643d160c0bb452febacc3770cd661e4bb85a8e2f9fce6a312c2a4f371fac5291
Page: 1 of 1      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

---

27-CR-21-13752

| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

State of Minnesota, Plaintiff.

**ORDER REVOKING CONDITIONAL RELEASE AND APPEARANCE**

vs.

Makis Devell Lane, Defendant.
Dist Ct File 27-CR-21-13752

---

On June 23, 2022, the Department of Community Corrections and Rehabilitation filed a Conditional Release Violation Report, alleging under penalty of perjury that Defendant violated the following interim conditions in this case:

1.  Maintain Contact With Probation

The court finds that there is probable cause to believe Defendant has violated the interim conditions, so the Conditional Release is hereby set aside and vacated.  Defendant is ordered to appear before a Judicial Officer of the District Court so that a final determination may be made as to whether Defendant has violated the interim conditions.

☐ **SUMMONS**
I order court administration to summons the defendant to appear before a Judicial Officer.

☒ **WARRANT**
It is further ordered that a bench warrant shall be issued for the defendant's apprehension.
Bail:    $5,000        (***Note:*** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

☐ **ORDER OF DETENTION**
Since the Defendant is already in custody, I order, subject to bail or conditions of release, that the Defendant continue to be detained pending further proceedings.
Bail:              (***Note:*** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

BY THE COURT:

_____
Judge of District Court

Page **1** of **1**        *27-CR-21-13752.06/23/2022.64.0441.1*

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 123

**Case No. 27-CR-22-18209**
State of MN vs JULIET KAY HIGGINS
Filing Type: ·Order Revoking Interim Conditions of Release·
Filing Date: **2022-10-12**
MCRO_27-CR-22-18209_Order Revoking Interim Conditions of Release_2022-10-12_20240429162111.pdf
File Hash: 9dbbb354ad2279b60726a5514401b5d2d8631ff54f484b5699b730119ba64c1e
Page: 1 of 1   [ source file ]   [ .ots timestamp of source file ]   [ pdf signatures ]   [ metadata ]

---

27-CR-22-18209

STATE OF MINNESOTA          DISTRICT COURT

COUNTY OF HENNEPIN         FOURTH JUDICIAL DISTRICT

---

State of Minnesota, Plaintiff.

**ORDER REVOKING CONDITIONAL RELEASE AND APPEARANCE**

vs.

Juliet Kay Higgins, Defendant.
Dist Ct File 27-CR-22-18209

---

On October 06, 2022, the Department of Community Corrections and Rehabilitation filed a Conditional Release Violation Report, alleging under penalty of perjury that Defendant violated the following interim conditions in this case:

1. Failed to Maintain Contact With Probation

The court finds that there is probable cause to believe Defendant has violated the interim conditions, so the Conditional Release is hereby set aside and vacated. Defendant is ordered to appear before a Judicial Officer of the District Court so that a final determination may be made as to whether Defendant has violated the interim conditions.

☐ **SUMMONS**
I order court administration to summons the defendant to appear before a Judicial Officer.

☑ **WARRANT**
It is further ordered that a bench warrant shall be issued for the defendant's apprehension.
Bail: $40,000     (**Note:** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

☐ **ORDER OF DETENTION**
Since the Defendant is already in custody, I order, subject to bail or conditions of release, that the Defendant continue to be detained pending further proceedings.
Bail:     (**Note:** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

BY THE COURT:

_____

Judge of District Court

Page **1** of **1**     *27-CR-22-18209.10/06/2022.64.0441.1*

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 124

**Case No. 27-CR-23-8406**
State of MN vs JALEISHA LANAY TAYLOR
Filing Type:    ·Order Revoking Interim Conditions of Release·
Filing Date:    **2023-05-25**
MCRO_27-CR-23-8406_Order Revoking Interim Conditions of Release_2023-05-25_20240430073405.pdf
File Hash:      3c5881c9f8943f29305440a684a05d44e9447342a91e02ed9341dcef61d05648
Page: 1 of 1       [ source file ]       [ .ots timestamp of source file ]       [ pdf signatures ]       [ metadata ]

---

27-CR-23-8406

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

---

State of Minnesota, Plaintiff.

**ORDER REVOKING CONDITIONAL
RELEASE AND APPEARANCE**

vs.

Jaleisha Lanay Taylor, Defendant.
Dist Ct File 27-CR-23-8406

---

On May 25, 2023, the Department of Community Corrections and Rehabilitation filed a Conditional Release Violation Report, alleging under penalty of perjury that Defendant violated the following interim conditions in this case:

　　1.　Failure to follow all instruction of probation

The court finds that there is probable cause to believe Defendant has violated the interim conditions, so the Conditional Release is hereby set aside and vacated.  Defendant is ordered to appear before a Judicial Officer of the District Court so that a final determination may be made as to whether Defendant has violated the interim conditions.

☐ **SUMMONS**
I order court administration to summons the defendant to appear before a Judicial Officer.

☑ **WARRANT**
It is further ordered that a bench warrant shall be issued for the defendant's apprehension.
Bail:  $40,000          (***Note:*** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

☐ **ORDER OF DETENTION**
Since the Defendant is already in custody, I order, subject to bail or conditions of release, that the Defendant continue to be detained pending further proceedings.
Bail:                      (***Note:*** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

BY THE COURT:

_____
Judge of District Court

Page **1** of **1**          *27-CR-23-8406.05/25/2023.64.0441.1*

---

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 125**

**Case No. 27-CR-23-1600**

State of MN vs JIMMY EDWARD SPEARS, III

Filing Type:    ·Order Revoking Interim Conditions of Release·
Filing Date:    **2023-09-29**
MCRO_27-CR-23-1600_Order Revoking Interim Conditions of Release_2023-09-29_20240430072213.pdf
File Hash:      02e3b7f97fd3bb7508d550c8613dbdca51dcee7d20799f6f2b55b33a60fb27c8
Page: 1 of 1      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

---

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

State of Minnesota, Plaintiff.

**ORDER REVOKING CONDITIONAL RELEASE AND APPEARANCE**

vs.

Jimmy Edward Spears 3Rd, Defendant.
Dist Ct File 27-CR-23-1600

---

On September 29, 2023, the Department of Community Corrections and Rehabilitation filed a Conditional Release Violation Report, alleging under penalty of perjury that Defendant violated the following interim conditions in this case:

    1.   Complete treatment at NorthStar Regional.

The court finds that there is probable cause to believe Defendant has violated the interim conditions, so the Conditional Release is hereby set aside and vacated. Defendant is ordered to appear before a Judicial Officer of the District Court so that a final determination may be made as to whether Defendant has violated the interim conditions.

☐ **SUMMONS**
I order court administration to summons the defendant to appear before a Judicial Officer.

☒ **WARRANT**
It is further ordered that a bench warrant shall be issued for the defendant's apprehension.
Bail: _____$1,000_____ (***Note:*** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

☐ **ORDER OF DETENTION**
Since the Defendant is already in custody, I order, subject to bail or conditions of release, that the Defendant continue to be detained pending further proceedings.
Bail: _____ (***Note:*** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

BY THE COURT:

_____
Judge of District Court

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 126**

**Case No. 27-CR-23-3198**
State of MN vs AARON DASHAUN CHERRY
Filing Type:   ·Order Revoking Interim Conditions of Release·
Filing Date:   **2024-03-11**
MCRO_27-CR-23-3198_Order Revoking Interim Conditions of Release_2024-03-11_20240430072719.pdf
File Hash:   7d456444dbf8b5cf4803cdc5bda69d31c4e0a090560785ffc7c58fa75e8b02c9
Page: 1 of 1      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

---

27-CR-23-3198

STATE OF MINNESOTA                              DISTRICT COURT

COUNTY OF HENNEPIN                              FOURTH JUDICIAL DISTRICT

---

State of Minnesota, Plaintiff.

**ORDER REVOKING CONDITIONAL
RELEASE AND APPEARANCE**

vs.

Aaron Dashaun Cherry, Defendant.
Dist Ct File 27-CR-23-3198

---

On March 08, 2024, the Department of Community Corrections and Rehabilitation filed a Conditional Release Violation Report, alleging under penalty of perjury that Defendant violated the following interim conditions in this case:

1.   Obey all laws

The court finds that there is probable cause to believe Defendant has violated the interim conditions, so the Conditional Release is hereby set aside and vacated.  Defendant is ordered to appear before a Judicial Officer of the District Court so that a final determination may be made as to whether Defendant has violated the interim conditions.

☐ **SUMMONS**
I order court administration to summons the defendant to appear before a Judicial Officer.

☐**WARRANT**
It is further ordered that a bench warrant shall be issued for the defendant's apprehension.
Bail: _____   (**Note:** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

☒ **ORDER OF DETENTION**
Since the Defendant is already in custody, I order, subject to bail or conditions of release, that the Defendant continue to be detained pending further proceedings.
Bail:  $40,000   (**Note:** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

BY THE COURT:

_____
Judge of District Court

Page **1** of **1**        *27-CR-23-3198.03/08/2024.64.0441.1*

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 127

**Case No. 27-CR-21-1230**
State of MN vs MAKIS DEVELL LANE
Filing Type:    ·Order Revoking Interim Conditions of Release·
Filing Date:    **2024-04-05**
MCRO_27-CR-21-1230_Order Revoking Interim Conditions of Release_2024-04-05_20240430075402.pdf
File Hash:    04ddd821057015d421a51f90871ad6a3ee9702952eb5c820d0865a7926c7cc76
Page: 1 of 1    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

---

STATE OF MINNESOTA                         DISTRICT COURT

COUNTY OF HENNEPIN                         FOURTH JUDICIAL DISTRICT

---

State of Minnesota, Plaintiff.

**ORDER REVOKING CONDITIONAL RELEASE AND APPEARANCE**

vs.

Makis Devell Lane, Defendant.
Dist Ct File 27-CR-21-1230

---

On April 05, 2024, the Department of Community Corrections and Rehabilitation filed a Conditional Release Violation Report, alleging under penalty of perjury that Defendant violated the following interim conditions in this case:

1.  Remain law abiding

The court finds that there is probable cause to believe Defendant has violated the interim conditions, so the Conditional Release is hereby set aside and vacated.  Defendant is ordered to appear before a Judicial Officer of the District Court so that a final determination may be made as to whether Defendant has violated the interim conditions.

☐ **SUMMONS**
I order court administration to summons the defendant to appear before a Judicial Officer.

☐**WARRANT**
It is further ordered that a bench warrant shall be issued for the defendant's apprehension.
Bail: _____    (***Note:*** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

☒**ORDER OF DETENTION**
Since the Defendant is already in custody, I order, subject to bail or conditions of release, that the Defendant continue to be detained pending further proceedings.
Bail:  $5,000    (***Note:*** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

BY THE COURT:

_____
Judge of District Court

Page **1** of **1**        *27-CR-21-1230.04/05/2024.64.0441.1*

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 128**

**Case No. 27-CR-21-13752**
State of MN vs MAKIS DEVELL LANE
Filing Type:  ·Order Revoking Interim Conditions of Release·
Filing Date:  **2024-04-05**
MCRO_27-CR-21-13752_Order Revoking Interim Conditions of Release_2024-04-05_20240430082314.pdf
File Hash:  d061a0072f6a599e977f69a1d1c527d2f6fa4aba8b38829770c361d238bd11bc
Page: 1 of 1    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

---

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

---

State of Minnesota, Plaintiff.

**ORDER REVOKING CONDITIONAL RELEASE AND APPEARANCE**

vs.

Makis Devell Lane, Defendant.
Dist Ct File 27-CR-21-13752

---

On April 05, 2024, the Department of Community Corrections and Rehabilitation filed a Conditional Release Violation Report, alleging under penalty of perjury that Defendant violated the following interim conditions in this case:

1. Remain law abiding

The court finds that there is probable cause to believe Defendant has violated the interim conditions, so the Conditional Release is hereby set aside and vacated. Defendant is ordered to appear before a Judicial Officer of the District Court so that a final determination may be made as to whether Defendant has violated the interim conditions.

☐ **SUMMONS**
I order court administration to summons the defendant to appear before a Judicial Officer.

☐ **WARRANT**
It is further ordered that a bench warrant shall be issued for the defendant's apprehension.
Bail: _____ (***Note:*** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

☒ **ORDER OF DETENTION**
Since the Defendant is already in custody, I order, subject to bail or conditions of release, that the Defendant continue to be detained pending further proceedings.
Bail: $5,000 (***Note:*** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

BY THE COURT:

_____
Judge of District Court

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 129

**Case No. 27-CR-20-20788**
State of MN vs Lawrence Joseph Durheim
Filing Type:    ·Order Revoking Interim Conditions of Release·
Filing Date:    **2021-05-06**
MCRO_27-CR-20-20788_Order Revoking Interim Conditions of Release_2021-05-06_20240430090237.pdf
File Hash:      1229dbce06ddde0ebc1b61b4b19d7c52b8ad331ef6399aaed0381434df86234d
Page: 1 of 2      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

---

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

---

State of Minnesota, Plaintiff.

**ORDER REVOKING CONDITIONAL RELEASE AND APPEARANCE**

vs.

Lawrence Joseph Durheim, Defendant.
Dist Ct File 27-CR-20-20788

---

On May 06, 2021, the Department of Community Corrections and Rehabilitation filed a Conditional Release Violation Report, alleging under penalty of perjury that Defendant violated the following interim conditions in this case:

1.   Obey all laws
2.   Have no direct or indicated contact with T.A. and stay away from a 3-block radius of anywhere T.A. lives, works or goes to school (DANCO)

The court finds that there is probable cause to believe Defendant has violated the interim conditions, so the Conditional Release is hereby set aside and vacated.  Defendant is ordered to appear before a Judicial Officer of the District Court so that a final determination may be made as to whether Defendant has violated the interim conditions.

☐ **SUMMONS**
I order court administration to summons the defendant to appear before a Judicial Officer.

☒ **WARRANT**
It is further ordered that a bench warrant shall be issued for the defendant's apprehension.
Bail: $40,000.00          (***Note:*** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

☐ **ORDER OF DETENTION**
Since the Defendant is already in custody, I order, subject to bail or conditions of release, that the Defendant continue to be detained pending further proceedings.
Bail: _____          (***Note:*** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

BY THE COURT:

_____
Judge of District Court

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 130**

**Case No. 27-CR-20-20788**
State of MN vs Lawrence Joseph Durheim
Filing Type:      ·Order Revoking Interim Conditions of Release·
Filing Date:    **2021-05-06**
MCRO_27-CR-20-20788_Order Revoking Interim Conditions of Release_2021-05-06_20240430090237.pdf
File Hash:      1229dbce06ddde0ebc1b61b4b19d7c52b8ad331ef6399aaed0381434df86234d
Page: 2 of 2      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 131**

**Case No. 27-CR-21-20072**
State of MN vs GORDON EUGENE SHARP
Filing Type: ·Order Revoking Interim Conditions of Release·
Filing Date: **2021-11-12**
MCRO_27-CR-21-20072_Order Revoking Interim Conditions of Release_2021-11-12_20240430083113.pdf
File Hash: 71bf8d276d26046a7edeccdd6d0c308c718dee3fdd6674bb3a3e7a1c58001993
Page: 1 of 2 [ source file ] [ .ots timestamp of source file ] [ pdf signatures ] [ metadata ]

---

STATE OF MINNESOTA | DISTRICT COURT

COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT

---

State of Minnesota, Plaintiff.

**ORDER REVOKING CONDITIONAL RELEASE AND APPEARANCE**

vs.

Gordon Eugene Sharp JR, Defendant.
Dist Ct File 27-CR-21-20072

---

On November 12, 2021, the Department of Community Corrections and Rehabilitation filed a Conditional Release Violation Report, alleging under penalty of perjury that Defendant violated the following interim conditions in this case:

1. Obey all laws
2. Stay away from Target

The court finds that there is probable cause to believe Defendant has violated the interim conditions, so the Conditional Release is hereby set aside and vacated. Defendant is ordered to appear before a Judicial Officer of the District Court so that a final determination may be made as to whether Defendant has violated the interim conditions.

☐ **SUMMONS**
I order court administration to summons the defendant to appear before a Judicial Officer.

☒**WARRANT**
It is further ordered that a bench warrant shall be issued for the defendant's apprehension.
Bail: $10,000.00 (*Note*: Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

☐ **ORDER OF DETENTION**
Since the Defendant is already in custody, I order, subject to bail or conditions of release, that the Defendant continue to be detained pending further proceedings.
Bail: _____ (*Note*: Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

BY THE COURT:

_____
Judge of District Court

Page **1** of **2** *27-CR-21-20072.11/12/2021.64.0441.1*

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 132

Case No. 27-CR-21-20072
State of MN vs GORDON EUGENE SHARP
Filing Type:  ·Order Revoking Interim Conditions of Release·
Filing Date:  **2021-11-12**
MCRO_27-CR-21-20072_Order Revoking Interim Conditions of Release_2021-11-12_20240430083113.pdf
File Hash:  71bf8d276d26046a7edeccdd6d0c308c718dee3fdd6674bb3a3e7a1c58001993
Page: 2 of 2    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 133**

**Case No. 27-CR-21-10675**
State of MN vs Dennis Joseph Barry
Filing Type:    ·Order Revoking Interim Conditions of Release·
Filing Date:    **2022-01-03**
MCRO_27-CR-21-10675_Order Revoking Interim Conditions of Release_2022-01-03_20240430082236.pdf
File Hash:      c34e5747a39b134c6ecd58cb02c9e4301ea139a6109a3bf73b96be157130e200
Page: 1 of 2        [ source file ]        [ .ots timestamp of source file ]        [ pdf signatures ]        [ metadata ]

---

27-CR-21-10675

STATE OF MINNESOTA                                            DISTRICT COURT

COUNTY OF HENNEPIN                                            FOURTH JUDICIAL DISTRICT

---

State of Minnesota,

                          Plaintiff,
                                                             **ORDER TO APPEAR**
vs.

Dennis Joseph Barry,

                          Defendant.                         Dist Ct File 27-CR-21-10675

---

On January 03, 2022, the Department of Community Corrections and Rehabilitation filed a Probation Violation Report, alleging under penalty of perjury that Defendant violated the following conditions of the stayed sentence in this case:

1.  Failure to maintain contact with probation

The court finds that there is probable cause to believe Defendant has violated the conditions of the stayed sentence, so the stay is hereby revoked, pending a final determination. Defendant is ordered to appear before a Judge or Judicial Officer of the District Court so that a final determination may be made as to whether Defendant has violated the conditions of his sentence, and if so, what, if any sanction, should be imposed.

☐ **SUMMONS -**        Proposed Court date: _____

I order court administration to summons the defendant to appear before a Judge or Judicial Officer.

☑ **WARRANT**
To the Sheriff of the above-named county or other person authorized to execute this warrant: I order, in the name of the State of Minnesota, that the Defendant be apprehended and arrested without delay and brought promptly before the court (if in session), and if not, before a Judge or Judicial Officer of the District Court without unnecessary delay, and in any event not later than
36 hours after the arrest or as soon as such Judge or Judicial Officer is available to be dealt with according to law.

Bail: ___$5000___                    ☐ Hold Without Bail

☐ You are hereby commanded to arrest the above named defendant on any Sunday, legal holiday or in the night time.
☐ Warrant to be executed out of state

☐ **ORDER OF DETENTION**
Since the Defendant is already in custody, I order, subject to bail or conditions of release, that the Defendant continue to be detained pending further proceedings.

Bail: _____                    ☐ Hold Without Bail

                                         BY THE COURT:

                                         _____
                                         Judge of District Court

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**Case No. 27-CR-21-10675**
State of MN vs Dennis Joseph Barry
Filing Type:    ·Order Revoking Interim Conditions of Release·
Filing Date:    **2022-01-03**
MCRO_27-CR-21-10675_Order Revoking Interim Conditions of Release_2022-01-03_20240430082236.pdf
File Hash:      c34e5747a39b134c6ecd58cb02c9e4301ea139a6109a3bf73b96be157130e200
Page: 2 of 2      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

---

27-CR-21-10675

| ADDITIONAL IDENTIFYING INFORMATION | WARRANT NO. _____ |
|---|---|

WARRANT NO. _____
MNCIS Case NO.    **27-CR-21-10675**
SILS ID.    **877130**

**ADDITIONAL IDENTIFYING INFORMATION**

**STATE OF MINNESOTA**
COUNTY OF HENNEPIN

Height:    **5 - 10**       Weight:    **177**
Eyes:      **Hazel**        Hair:      **Gray**

**STATE OF MINNESOTA**

-vs-

**Dennis Joseph Barry**

Race:      **White**
Sex:       **Male**

*Defendant*

Physical Description:

*Street Address*

**Minneapolis, MN**                              **05/14/1977**
*City*                                            *D.O.B.*

*Telephone No.*     **(612) 249-9640**

A.K.A.:
Dennis J Barry, Dennis Joeset Barry, Dennis Joseph
Barry JR, Dennis Joseph Barry Jr.

Probation            Telephone No.
Officer:    **Hye-Lan Kim**        **(612) 348-6422**

**ORDER OF ARREST AND DETENTION**

Felony

CT 1: Drugs - 5th Degree - Possess Schedule 1,2,3,4 -
Not Small Amount Marijuana

A copy of this Order for Arrest and Detention has been
duly signed and filed with the Court Administrator of
the Hennepin County District Court.

*Copy of this order served on defendant on*         */  /*

**By**    _____
                                    *Deputy Sheriff*

☐ **Interstate Compact Offender**
   Offender Waiver of Extradition Signed

Page **2** of **2**              *27-CR-21-10675.01/03/2022.64.0442.2*

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 135**

**Case No. 27-CR-21-10675**
State of MN vs Dennis Joseph Barry
Filing Type: ·Order Revoking Interim Conditions of Release·
Filing Date: **2022-02-24**
MCRO_27-CR-21-10675_Order Revoking Interim Conditions of Release_2022-02-24_20240430082230.pdf
File Hash: 6fe7430a8086bc5a7425db4025d6e2a2b2eb92ebebae0f6de976d71bdd99380e
Page: 1 of 2   [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

---

STATE OF MINNESOTA        DISTRICT COURT

COUNTY OF HENNEPIN        FOURTH JUDICIAL DISTRICT

---

State of Minnesota, Plaintiff.

**ORDER REVOKING CONDITIONAL RELEASE AND APPEARANCE**

vs.

Dennis Joseph Barry, Defendant.
Dist Ct File 27-CR-21-10675

---

On February 24, 2022, the Department of Community Corrections and Rehabilitation filed a Conditional Release Violation Report, alleging under penalty of perjury that Defendant violated the following interim conditions in this case:

1. Failure to maintain contact with probation
2. Failure to remain law-abiding

The court finds that there is probable cause to believe Defendant has violated the interim conditions, so the Conditional Release is hereby set aside and vacated. Defendant is ordered to appear before a Judicial Officer of the District Court so that a final determination may be made as to whether Defendant has violated the interim conditions.

☐ **SUMMONS**
I order court administration to summons the defendant to appear before a Judicial Officer.

☐ **WARRANT**
It is further ordered that a bench warrant shall be issued for the defendant's apprehension.
Bail: _5000.00_____ (***Note:*** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

☐ **ORDER OF DETENTION**
Since the Defendant is already in custody, I order, subject to bail or conditions of release, that the Defendant continue to be detained pending further proceedings.
Bail: _____ (***Note:*** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

BY THE COURT:

_____
Judge of District Court

Page **1** of **2**      *27-CR-21-10675.02/24/2022.64.0441.1*

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 136**

**Case No. 27-CR-21-10675**
State of MN vs Dennis Joseph Barry
Filing Type:   ·Order Revoking Interim Conditions of Release·
Filing Date:   **2022-02-24**
MCRO_27-CR-21-10675_Order Revoking Interim Conditions of Release_2022-02-24_20240430082230.pdf
File Hash:      6fe7430a8086bc5a7425db4025d6e2a2b2eb92ebebae0f6de976d71bdd99380e
Page: 2 of 2      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

Page **2** of **2**          *«CC_MNCIS_Num».«Short_Date».64.0441.2*

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 137**

**Case No. 27-CR-21-20529**
State of MN vs ISAAC LEE KELLEY
Filing Type:    ·Order Revoking Interim Conditions of Release·
Filing Date:    **2022-03-25**
MCRO_27-CR-21-20529_Order Revoking Interim Conditions of Release_2022-03-25_20240430083204.pdf
File Hash:      3293b785774568e854567f2c915c02bce00d07fde554fa7c44443a63cc2f073c
Page: 1 of 2      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

State of Minnesota, Plaintiff.

**ORDER REVOKING CONDITIONAL RELEASE AND APPEARANCE**

vs.

Isaac Lee Kelley, Defendant.
Dist Ct File 27-CR-21-20529

On March 25, 2022, the Department of Community Corrections and Rehabilitation filed a Conditional Release Violation Report, alleging under penalty of perjury that Defendant violated the following interim conditions in this case:

**1. Obey All Laws**

On 3/24/22, Mr. Kelley was charged with
**Felony-Possess Ammo/Any Firearm - Conviction or Adjudicated Delinquent for Crime of Violence From Complaint:**
Complainant has investigated the facts and circumstances of this offense and believes the following establishes probable cause:
On March 23, 2022, Metro Transit police responded to Gateway ramp located at 4th Avenue South and 5th
Avenue South, Minneapolis, Hennepin County for a male sleeping on an MVTA bus.  Officers approached the male, identified themselves and told the male he had to leave because the bus
was out of service. When the male finally responded, he did not comply. The male began fidgeting with an
item and officers then saw a silver barrel of a weapon laying on the seat. Officers then detained the male, identified as Isaac Lee Kelley, born March 7, 1981, herein DEFENDANT.
DEFENDANT had 7 active warrants. Additionally, dispatch confirmed DEFENDANT did not have a permit
to carry.  Search incident to arrest, officers located 6.32 grams of suspected methamphetamine and 1.66 grams of
suspected fentanyl. The narcotics have not been tested yet but this complaint may be amended in the future once the results are received. DEFENDANT then blurted out, "the gun belonged to my wife."
DEFENDANT has several convictions, including Felony Fifth Degree Drugs (27CR138682), that prohibit him from possessing firearms.

The court finds that there is probable cause to believe Defendant has violated the interim conditions, so the Conditional Release is hereby set aside and vacated.  Defendant is ordered to appear before a Judicial Officer of the District Court so that a final determination may be made as to whether Defendant has violated the interim conditions.



Page **1** of **2**        *27-CR-21-20529.03/25/2022.64.0441.1*

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**Case No. 27-CR-21-20529**

State of MN vs ISAAC LEE KELLEY

Filing Type: ·Order Revoking Interim Conditions of Release·
Filing Date: **2022-03-25**
MCRO_27-CR-21-20529_Order Revoking Interim Conditions of Release_2022-03-25_20240430083204.pdf
File Hash: 3293b785774568e854567f2c915c02bce00d07fde554fa7c44443a63cc2f073c
Page: 2 of 2    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

☐ **SUMMONS**
I order court administration to summons the defendant to appear before a Judicial Officer.

☑**WARRANT**
It is further ordered that a bench warrant shall be issued for the defendant's apprehension.
Bail: $5,000.00      (**Note:** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

☐ **ORDER OF DETENTION**
Since the Defendant is already in custody, I order, subject to bail or conditions of release, that the Defendant continue to be detained pending further proceedings.
Bail: _____ (**Note:** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

BY THE COURT:

_____
Judge of District Court



Page **2** of **2**      *27-CR-21-20529.03/25/2022.64.0441.2*

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 139**

**Case No. 27-CR-22-7797**
State of MN vs Carmen Bendu Greaves
Filing Type:    ·Order Revoking Interim Conditions of Release·
Filing Date:    **2022-05-13**
MCRO_27-CR-22-7797_Order Revoking Interim Conditions of Release_2022-05-13_20240429040535.pdf
File Hash:      4184d0c418ef05ea29d8d4f3e87a61c586728499d6200fd867887371748f8ece
Page: 1 of 2      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

---

27-CR-22-7797

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

State of Minnesota, Plaintiff.

**ORDER REVOKING CONDITIONAL RELEASE AND APPEARANCE**

vs.

Carmen Bendu Greaves, Defendant.
Dist Ct File 27-CR-22-7797

On May 13, 2022, the Department of Community Corrections and Rehabilitation filed a Conditional Release Violation Report, alleging under penalty of perjury that Defendant violated the following interim conditions in this case:

1.  Failure to remain law abiding
2.  Failure to stay a reasonable distance away from victim
3.  Failure to maintain contact with probation

The court finds that there is probable cause to believe Defendant has violated the interim conditions, so the Conditional Release is hereby set aside and vacated.  Defendant is ordered to appear before a Judicial Officer of the District Court so that a final determination may be made as to whether Defendant has violated the interim conditions.

☐ **SUMMONS**
I order court administration to summons the defendant to appear before a Judicial Officer.

☒**WARRANT**
It is further ordered that a bench warrant shall be issued for the defendant's apprehension.
Bail:   $30,000           (***Note:*** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

☐ **ORDER OF DETENTION**
Since the Defendant is already in custody, I order, subject to bail or conditions of release, that the Defendant continue to be detained pending further proceedings.
Bail:   _____           (***Note:*** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

BY THE COURT:

_____

Judge of District Court

Page **1** of **2**          *27-CR-22-7797.05/13/2022.64.0441.1*

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 140

**Case No. 27-CR-22-7797**
State of MN vs Carmen Bendu Greaves
Filing Type:    ·Order Revoking Interim Conditions of Release·
Filing Date:    **2022-05-13**
MCRO_27-CR-22-7797_Order Revoking Interim Conditions of Release_2022-05-13_20240429040535.pdf
File Hash:      4184d0c418ef05ea29d8d4f3e87a61c586728499d6200fd867887371748f8ece
Page: 2 of 2      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

27-CR-22-7797

Page **2** of **2**          *«CC_MNCIS_Num».«Short_Date».64.0441.2*

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 141

**Case No. 27-CR-21-10675**
State of MN vs Dennis Joseph Barry
Filing Type:   ·Order Revoking Interim Conditions of Release·
Filing Date:   **2022-09-16**
MCRO_27-CR-21-10675_Order Revoking Interim Conditions of Release_2022-09-16_20240430082224.pdf
File Hash:     b9bee3f6f955b375b2c823b9ab0eae4ef8ebcfc5ade5a439aeed0d9b99506498
Page: 1 of 2      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

---

27-CR-21-10675

STATE OF MINNESOTA                          DISTRICT COURT

COUNTY OF HENNEPIN                          FOURTH JUDICIAL DISTRICT

---

State of Minnesota, Plaintiff.

**ORDER REVOKING CONDITIONAL
RELEASE AND APPEARANCE**

vs.

Dennis Joseph Barry, Defendant.
Dist Ct File 27-CR-21-10675

---

On September 16, 2022, the Department of Community Corrections and Rehabilitation filed a Conditional Release Violation Report, alleging under penalty of perjury that Defendant violated the following interim conditions in this case:

1. Contact with Probation; Report to probation within 24 hours of release.
2. Remail law abiding.

The court finds that there is probable cause to believe Defendant has violated the interim conditions, so the Conditional Release is hereby set aside and vacated.  Defendant is ordered to appear before a Judicial Officer of the District Court so that a final determination may be made as to whether Defendant has violated the interim conditions.

☐ **SUMMONS**
I order court administration to summons the defendant to appear before a Judicial Officer.

☒**WARRANT**
It is further ordered that a bench warrant shall be issued for the defendant's apprehension.
Bail: ___$20,000.00___   (*Note:* Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

☐ **ORDER OF DETENTION**
Since the Defendant is already in custody, I order, subject to bail or conditions of release, that the Defendant continue to be detained pending further proceedings.
Bail: _____   (*Note:* Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

BY THE COURT:

_____
Judge of District Court

Page **1** of **2**           *27-CR-21-10675.09/16/2022.64.0441.1*

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 142**

**Case No. 27-CR-21-10675**
State of MN vs Dennis Joseph Barry
Filing Type: ·Order Revoking Interim Conditions of Release·
Filing Date: **2022-09-16**
MCRO_27-CR-21-10675_Order Revoking Interim Conditions of Release_2022-09-16_20240430082224.pdf
File Hash: b9bee3f6f955b375b2c823b9ab0eae4ef8ebcfc5ade5a439aeed0d9b99506498
Page: 2 of 2    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

27-CR-21-10675

Page **2** of **2**     *«CC_MNCIS_Num».«Short_Date».64.0441.2*

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 143**

**Case No. 27-CR-22-3570**
State of MN vs Dennis Joseph Barry
Filing Type:   ·Order Revoking Interim Conditions of Release·
Filing Date:   **2022-09-16**
MCRO_27-CR-22-3570_Order Revoking Interim Conditions of Release_2022-09-16_20240429034622.pdf
File Hash:     4994608f1851aff1cb62a9d4568bae991c702a7bf8194e1bda8033f21c6e7882
Page: 1 of 2     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

---

27-CR-22-3570

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

State of Minnesota, Plaintiff.

**ORDER REVOKING CONDITIONAL RELEASE AND APPEARANCE**

vs.

Dennis Joseph Barry, Defendant.
Dist Ct File 27-CR-22-3570

---

On September 16, 2022, the Department of Community Corrections and Rehabilitation filed a Conditional Release Violation Report, alleging under penalty of perjury that Defendant violated the following interim conditions in this case:

1.   Contact with Probation; Report to probation within 24 hours of release.
2.   Remail law abiding.

The court finds that there is probable cause to believe Defendant has violated the interim conditions, so the Conditional Release is hereby set aside and vacated. Defendant is ordered to appear before a Judicial Officer of the District Court so that a final determination may be made as to whether Defendant has violated the interim conditions.

☐ **SUMMONS**
I order court administration to summons the defendant to appear before a Judicial Officer.

☒ **WARRANT**
It is further ordered that a bench warrant shall be issued for the defendant's apprehension.
Bail: ___$20,000.00___ (***Note:*** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

☐ **ORDER OF DETENTION**
Since the Defendant is already in custody, I order, subject to bail or conditions of release, that the Defendant continue to be detained pending further proceedings.
Bail: _____ (***Note:*** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

BY THE COURT:

_____
Judge of District Court

Page **1** of **2**          *27-CR-22-3570.09/16/2022.64.0441.1*

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 144**

**Case No. 27-CR-22-3570**
State of MN vs Dennis Joseph Barry
Filing Type: ·Order Revoking Interim Conditions of Release·
Filing Date: **2022-09-16**
MCRO_27-CR-22-3570_Order Revoking Interim Conditions of Release_2022-09-16_20240429034622.pdf
File Hash: 4994608f1851aff1cb62a9d4568bae991c702a7bf8194e1bda8033f21c6e7882
Page: 2 of 2     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

27-CR-22-3570

Page **2** of **2**     *«CC_MNCIS_Num».«Short_Date».64.0441.2*

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 145**

**Case No. 27-CR-22-24627**
State of MN vs Rex Allen Basswood, Jr.
Filing Type:    ·Order Revoking Interim Conditions of Release·
Filing Date:    **2023-01-03**
MCRO_27-CR-22-24627_Order Revoking Interim Conditions of Release_2023-01-03_20240429164357.pdf
File Hash:      26c2be04e900c63970592fe5f9d773ceb0e249c872579135a942ddf7e40a6dce
Page: 1 of 2     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

---

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

---

State of Minnesota, Plaintiff.

**ORDER REVOKING CONDITIONAL RELEASE AND APPEARANCE**

vs.

Rex Allen Basswood JR, Defendant.
Dist Ct File 27-CR-22-24627

---

On January 03, 2023, the Department of Community Corrections and Rehabilitation filed a Conditional Release Violation Report, alleging under penalty of perjury that Defendant violated the following interim conditions in this case:

1. Absconding from EHM supervision
2. Whereabouts unknown

The court finds that there is probable cause to believe Defendant has violated the interim conditions, so the Conditional Release is hereby set aside and vacated. Defendant is ordered to appear before a Judicial Officer of the District Court so that a final determination may be made as to whether Defendant has violated the interim conditions.

☐ **SUMMONS**
I order court administration to summons the defendant to appear before a Judicial Officer.

☒ **WARRANT**
It is further ordered that a bench warrant shall be issued for the defendant's apprehension.
Bail:  **$40,000**          (*Note:* Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

☐ **ORDER OF DETENTION**
Since the Defendant is already in custody, I order, subject to bail or conditions of release, that the Defendant continue to be detained pending further proceedings.
Bail:  _____          (*Note:* Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

BY THE COURT:

_____
Judge of District Court

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 146**

**Case No. 27-CR-22-24627**
State of MN vs Rex Allen Basswood, Jr.
Filing Type:  ·Order Revoking Interim Conditions of Release·
Filing Date:  **2023-01-03**
MCRO_27-CR-22-24627_Order Revoking Interim Conditions of Release_2023-01-03_20240429164357.pdf
File Hash:  26c2be04e900c63970592fe5f9d773ceb0e249c872579135a942ddf7e40a6dce
Page: 2 of 2  [ source file ]  [ .ots timestamp of source file ]  [ pdf signatures ]  [ metadata ]

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 147**

**Case No. 27-CR-21-19723**
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type:    ·Order Revoking Interim Conditions of Release·
Filing Date:    **2023-05-10**
MCRO_27-CR-21-19723_Order Revoking Interim Conditions of Release_2023-05-10_20240430082937.pdf
File Hash:      373e4c3e6ed889e4022908237095e3cc9a9335dec40e656a3c2e68dee1cf192e
Page: 1 of 2      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

---

27-CR-21-19723

STATE OF MINNESOTA                          DISTRICT COURT

COUNTY OF HENNEPIN                          FOURTH JUDICIAL DISTRICT

---

State of Minnesota, Plaintiff.

**ORDER REVOKING CONDITIONAL RELEASE AND APPEARANCE**

vs.

Brittany Lateshia Crutchfield, Defendant.
Dist Ct File 27-CR-21-19723

---

On May 10, 2023, the Department of Community Corrections and Rehabilitation filed a Conditional Release Violation Report, alleging under penalty of perjury that Defendant violated the following interim conditions in this case:

1. **Failure to Maintain Contact with Probation**
2. **Failure to Comply with Psychological Services Evaluation**

The court finds that there is probable cause to believe Defendant has violated the interim conditions, so the Conditional Release is hereby set aside and vacated.  Defendant is ordered to appear before a Judicial Officer of the District Court so that a final determination may be made as to whether Defendant has violated the interim conditions.

☐ **SUMMONS**
I order court administration to summons the defendant to appear before a Judicial Officer.

☒ **WARRANT**
It is further ordered that a bench warrant shall be issued for the defendant's apprehension.
Bail: ____$20,000_____ (***Note:*** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

☐ **ORDER OF DETENTION**
Since the Defendant is already in custody, I order, subject to bail or conditions of release, that the Defendant continue to be detained pending further proceedings.
Bail: _____ (***Note:*** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

BY THE COURT:

_____
Judge of District Court

Page **1** of **2**          *27-CR-21-19723.05/10/2023.64.0441.1*

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 148**

**Case No. 27-CR-21-19723**
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type:    ·Order Revoking Interim Conditions of Release·
Filing Date:    **2023-05-10**
MCRO_27-CR-21-19723_Order Revoking Interim Conditions of Release_2023-05-10_20240430082937.pdf
File Hash:      373e4c3e6ed889e4022908237095e3cc9a9335dec40e656a3c2e68dee1cf192e
Page: 2 of 2      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

27-CR-21-19723

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 149**

**Case No. 27-CR-21-23456**
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type:   ·Order Revoking Interim Conditions of Release·
Filing Date:   **2023-05-10**
MCRO_27-CR-21-23456_Order Revoking Interim Conditions of Release_2023-05-10_20240430084313.pdf
File Hash:      cae8ab85162b5912080b84cf4e8b66bd7e17568495f867db54fc7ef54e23fdec
Page: 1 of 2      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

---

27-CR-21-23456

STATE OF MINNESOTA                          DISTRICT COURT

COUNTY OF HENNEPIN                          FOURTH JUDICIAL DISTRICT

---

State of Minnesota, Plaintiff.

**ORDER REVOKING CONDITIONAL
RELEASE AND APPEARANCE**

vs.

Brittany Lateshia Crutchfield, Defendant.
Dist Ct File 27-CR-21-23456

---

On May 10, 2023, the Department of Community Corrections and Rehabilitation filed a Conditional Release Violation Report, alleging under penalty of perjury that Defendant violated the following interim conditions in this case:

1. **Failure to Maintain Contact with Probation**
2. **Failure to Comply with Psychological Services Evaluation**

The court finds that there is probable cause to believe Defendant has violated the interim conditions, so the Conditional Release is hereby set aside and vacated.  Defendant is ordered to appear before a Judicial Officer of the District Court so that a final determination may be made as to whether Defendant has violated the interim conditions.

☐ **SUMMONS**
I order court administration to summons the defendant to appear before a Judicial Officer.

☒**WARRANT**
It is further ordered that a bench warrant shall be issued for the defendant's apprehension.
Bail: ___$20,000_____ (**Note:** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

☐ **ORDER OF DETENTION**
Since the Defendant is already in custody, I order, subject to bail or conditions of release, that the Defendant continue to be detained pending further proceedings.
Bail: _____ (**Note:** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

BY THE COURT:

_____
Judge of District Court

Page **1** of **2**          *27-CR-21-23456.05/10/2023.64.0441.1*

Url 1: link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
Url 4: drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 150**

**Case No. 27-CR-21-23456**
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type: ·Order Revoking Interim Conditions of Release·
Filing Date: **2023-05-10**
MCRO_27-CR-21-23456_Order Revoking Interim Conditions of Release_2023-05-10_20240430084313.pdf
File Hash: cae8ab85162b5912080b84cf4e8b66bd7e17568495f867db54fc7ef54e23fdec
Page: 2 of 2    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

27-CR-21-23456

‖«‖‖‖‖‖‖‖‖‖um»‖«‖hort‖‖ate»‖‖‖‖‖‖‖‖‖‖‖‖
Page **2** of **2**         *«CC_MNCIS_Num».«Short_Date».64.0441.2*

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 151**

**Case No. 27-CR-22-15550**
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type:   ·Order Revoking Interim Conditions of Release·
Filing Date:   **2023-05-10**
MCRO_27-CR-22-15550_Order Revoking Interim Conditions of Release_2023-05-10_20240429161920.pdf
File Hash:     eef9211793fee663f198bdd21fcaab079eb247d73f030005dec28b64805da6f4
Page: 1 of 2      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

---

27-CR-22-15550

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

---

State of Minnesota, Plaintiff.

**ORDER REVOKING CONDITIONAL
RELEASE AND APPEARANCE**

vs.

Brittany Lateshia Crutchfield, Defendant.
Dist Ct File 27-CR-22-15550

---

On May 10, 2023, the Department of Community Corrections and Rehabilitation filed a Conditional Release Violation Report, alleging under penalty of perjury that Defendant violated the following interim conditions in this case:

1. **Failure to Maintain Contact with Probation**
2. **Failure to Comply with Psychological Services Evaluation**

The court finds that there is probable cause to believe Defendant has violated the interim conditions, so the Conditional Release is hereby set aside and vacated.  Defendant is ordered to appear before a Judicial Officer of the District Court so that a final determination may be made as to whether Defendant has violated the interim conditions.

☐ **SUMMONS**
I order court administration to summons the defendant to appear before a Judicial Officer.

☑**WARRANT**
It is further ordered that a bench warrant shall be issued for the defendant's apprehension.
Bail: _____$20,000_____ (**Note:** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

☐ **ORDER OF DETENTION**
Since the Defendant is already in custody, I order, subject to bail or conditions of release, that the Defendant continue to be detained pending further proceedings.
Bail: _____ (**Note:** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

BY THE COURT:

_____
Judge of District Court

Page **1** of **2**          *27-CR-22-15550.05/10/2023.64.0441.1*

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 152**

**Case No. 27-CR-22-15550**
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type:   ·Order Revoking Interim Conditions of Release·
Filing Date:   **2023-05-10**
MCRO_27-CR-22-15550_Order Revoking Interim Conditions of Release_2023-05-10_20240429161920.pdf
File Hash:     eef9211793fee663f198bdd21fcaab079eb247d73f030005dec28b64805da6f4
Page: 2 of 2     [ source file ]       [ .ots timestamp of source file ]       [ pdf signatures ]       [ metadata ]

27-CR-22-15550

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 153**

**Case No. 27-CR-23-13960**
State of MN vs JEREMIAH JAMES RIVERS
Filing Type:    ·Order Revoking Interim Conditions of Release·
Filing Date:    **2023-11-28**
MCRO_27-CR-23-13960_Order Revoking Interim Conditions of Release_2023-11-28_20240430074051.pdf
File Hash:      963ce0baca346970404b880b58e5ac2fdc302bcdc88d89aeb79a436311aa878b
Page: 1 of 2      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

---

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

State of Minnesota, Plaintiff.

**ORDER REVOKING CONDITIONAL RELEASE AND APPEARANCE**

vs.

Jeremiah James Rivers, Defendant.
Dist Ct File 27-CR-23-13960

On November 28, 2023, the Department of Community Corrections and Rehabilitation filed a Conditional Release Violation Report, alleging under penalty of perjury that Defendant violated the following interim conditions in this case:

1. Obey all laws.
2. Do intake at Nancy Page within 48 hours.

The court finds that there is probable cause to believe Defendant has violated the interim conditions, so the Conditional Release is hereby set aside and vacated.  Defendant is ordered to appear before a Judicial Officer of the District Court so that a final determination may be made as to whether Defendant has violated the interim conditions.

☐ **SUMMONS**
I order court administration to summons the defendant to appear before a Judicial Officer.

☐ **WARRANT**
It is further ordered that a bench warrant shall be issued for the defendant's apprehension.
Bail: _____ (**Note:** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

☒ **ORDER OF DETENTION**
Since the Defendant is already in custody, I order, subject to bail or conditions of release, that the Defendant continue to be detained pending further proceedings.
Bail: _40,000_____ (**Note:** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

BY THE COURT:

_____
Judge of District Court

Page **1** of **2**      *27-CR-23-13960.11/28/2023.64.0441.1*

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 154**

**Case No. 27-CR-23-13960**
State of MN vs JEREMIAH JAMES RIVERS
Filing Type:    ·Order Revoking Interim Conditions of Release·
Filing Date:    **2023-11-28**
MCRO_27-CR-23-13960_Order Revoking Interim Conditions of Release_2023-11-28_20240430074051.pdf
File Hash:      963ce0baca3469700404b880b58e5ac2fdc302bcdc88d89aeb79a436311aa878b
Page: 2 of 2      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

‖«‖‖‖‖‖‖‖‖‖‖‖‖um»‖«‖hort‖‖ate»‖‖‖‖‖‖‖‖‖‖‖‖‖‖

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 155**

Case No. 27-CR-18-26530
State of MN vs WILLIAM LEE NABORS
Filing Type:    ·Order to Appear·
Filing Date:    **2020-02-04**
MCRO_27-CR-18-26530_Order to Appear_2020-02-04_20240430093401.pdf
File Hash:      aff4ba8ac6fab582c0362113ff4e761d5b54ec2fcf170b49451c553b13c6dfbc
Page: 1 of 2      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

State of Minnesota,

               Plaintiff,

vs.

William Lee Nabors,

               Defendant.

**ORDER OF THE COURT FOR DEFENDANT'S SUMMONS FOR A PROBATION VIOLATION**

SILS Tracking No.

MNCIS Case No. 27CR1826530

Offense Date:  October 17, 2018

Offense Type:  Trespass

---

**UPON REVIEW OF** Prosecuting Attorney's Application, this Court finds that:

The above-named Defendant was sentenced on April 3, 2019 for the crime of Trespass to 365 days stayed for 18 months on condition that Defendant remain law abiding.

The above-named Defendant is alleged to have violated that term of probation.  Specifically, it is alleged that the above-named Defendant did violate the following conditions of probation by being convicted of disorderly conduct from an offense date of April 19, 2019 (re: 27-CR-19-9094) and being convicted of trespass from an offense date of April 24, 2019 (re: 62-CR-19-3011), as well as being charged with interference with the operation of a transit vehicle from an offense date of April 21, 2019 (re: 27-CR-19-9270) and charged with theft from an offense date of January 11, 2020 (re: 27-CR-20-1053).

Therefore, the Court orders that:

### <u>ORDER</u>

_X_ 1. A summons issue directing Defendant to appear before the Court.  This case is ordered to tag with 27-CR-20-1053 at the arraignment scheduled on February 5, 2020 at 1:30 p.m.

___2. A warrant issue directing that the defendant be arrested and taken forthwith before such judge, judicial officer, or court that released the defendant because:

   ___ A. The whereabouts of the defendant are unknown.

   ___ B. It reasonably appears that there is a substantial likelihood that the defendant will fail to respond to the summons.

Bail is ordered in the amount of: $_____.    or Hold Without Bail

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 156**

**Case No. 27-CR-18-26530**
State of MN vs WILLIAM LEE NABORS
Filing Type:     ·Order to Appear·
Filing Date:     **2020-02-04**
MCRO_27-CR-18-26530_Order to Appear_2020-02-04_20240430093401.pdf
File Hash:      aff4ba8ac6fab582c0362113ff4e761d5b54ec2fcf170b49451c553b13c6dfbc
Page: 2 of 2      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

Dated: _____          BY THE COURT:

                                       _____

                                       Judge of District Court

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 157**

**Case No. 27-CR-19-901**
State of MN vs EYUAEL GONFA KEBEDE
Filing Type: ·Order to Appear·
Filing Date: **2020-07-20**
MCRO_27-CR-19-901_Order to Appear_2020-07-20_20240430091126.pdf
File Hash: 1eb502ba8f16f8838c4c7ee839a2a41f2b5e8a06e986f91d95f1fecceb590d76
Page: 1 of 2    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

---

STATE OF MINNESOTA                                           DISTRICT COURT

COUNTY OF HENNEPIN                                           FOURTH JUDICIAL DISTRICT

---

State of Minnesota,

                          Plaintiff,

                                                            **ORDER TO APPEAR**

vs.

Eyuael Gonfa Kebede,

                          Defendant.                        Dist Ct File 27-CR-19-901

---

On July 17, 2020, the Department of Community Corrections and Rehabilitation filed a Probation Violation Report, alleging under penalty of perjury that Defendant violated the following conditions of the stayed sentence in this case:

1. No Alcohol- Related Traffic Offenses
2. No Same or Similar
3. Driving With Care Level I
4. Victim Impact Panel

The court finds that there is probable cause to believe Defendant has violated the conditions of the stayed sentence, so the stay is hereby revoked, pending a final determination. Defendant is ordered to appear before a Judge or Judicial Officer of the District Court so that a final determination may be made as to whether Defendant has violated the conditions of his sentence, and if so, what, if any sanction, should be imposed.

☒ **SUMMONS -**

                       Tag with Case #:
                       27CR2013495, ncd
                       07/22/2020 at 9:30 am
         Proposed Court date:   at Division 1.

I order court administration to summons the defendant to appear before a Judge or Judicial Officer.

☐ **WARRANT**
To the Sheriff of the above-named county or other person authorized to execute this warrant: I order, in the name of the State of Minnesota, that the Defendant be apprehended and arrested without delay and brought promptly before the court (if in session), and if not, before a Judge or Judicial Officer of the District Court without unnecessary delay, and in any event not later than
36 hours after the arrest or as soon as such Judge or Judicial Officer is available to be dealt with according to law.

Bail: _____    ☐ Hold Without Bail

☐ You are hereby commanded to arrest the above named defendant on any Sunday, legal holiday or in the night time.
☐ Warrant to be executed out of state

☐ **ORDER OF DETENTION**
Since the Defendant is already in custody, I order, subject to bail or conditions of release, that the Defendant continue to be detained pending further proceedings.

Bail: _____    ☐ Hold Without Bail

                                                            BY THE COURT:

                                                            _____
                                                            Judge of District Court

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 158

**Case No. 27-CR-19-901**
State of MN vs EYUAEL GONFA KEBEDE
Filing Type:   ·Order to Appear·
Filing Date:   **2020-07-20**
MCRO_27-CR-19-901_Order to Appear_2020-07-20_20240430091126.pdf
File Hash:     1eb502ba8f16f8838c4c7ee839a2a41f2b5e8a06e986f91d95f1fecceb590d76
Page: 2 of 2     [ source file ]       [ .ots timestamp of source file ]       [ pdf signatures ]       [ metadata ]

---

| | WARRANT NO. _____ |
|---|---|
| **ADDITIONAL IDENTIFYING INFORMATION** | MNCIS Case NO. __27-CR-19-901__ |
| | SILS ID. __770146__ |
| | **STATE OF MINNESOTA** |
| | COUNTY OF HENNEPIN |

Height:   __5 - 11__      Weight:   __148__
Eyes:     __Brown__        Hair:     __Black__

### STATE OF MINNESOTA

-vs-

Race:   __Black__
Sex:    __Male__

**Eyuael Gonfa Kebede**
_____
                                                *Defendant*

__5207 Newton Ave N__
*Street Address*

Physical Description:

__Minneapolis, MN 55430__          __5/18/1994__
*City*                                      *D.O.B.*

*Telephone No.*     __(651) 508-7340__

A.K.A.:

Probation                              Telephone No.
Officer:      **Melissa Toavs**        **(612) 348-6231**

## ORDER OF ARREST AND DETENTION

Gross Misdemeanor

CT 1: Traffic - DWI - Refuse to submit to chemical test; Breath or test refusal or failure

A copy of this Order for Arrest and Detention has been duly signed and filed with the Court Administrator of the Hennepin County District Court.

*Copy of this order served on defendant on*          / /

**By** _____
                                    *Deputy Sheriff*

☐ **Interstate Compact Offender**
   Offender Waiver of Extradition Signed

Page **2** of **2**          *27-CR-19-901.07/17/2020.64.0442.2*

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 159**

**Case No. 27-CR-20-3244**
State of MN vs ANGELIC DENISE SCHAEFER
Filing Type:      ·Order to Appear·
Filing Date:      **2024-04-11**
MCRO_27-CR-20-3244_Order to Appear_2024-04-11_20240430084951.pdf
File Hash:      33256848994f5e9210f449d4d6a69be6c068dc7eeca21c5289478b8a6ac1c8f8
Page: 1 of 2      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

---

STATE OF MINNESOTA                                                    DISTRICT COURT

COUNTY OF HENNEPIN                                          FOURTH JUDICIAL DISTRICT

---

State of Minnesota,

                         Plaintiff,
                                                                    **ORDER TO APPEAR**
vs.

Angelic Denise Nunn,
                         Defendant.                              Dist Ct File: 27-CR-20-3244

---

On April 11, 2024, the Department of Community Corrections and Rehabilitation filed a Probation Violation Report, alleging under penalty of perjury that Defendant violated the following conditions of the stayed sentence in this case:

1.   Remain law abiding.
2.   No use drugs/alc.

The court finds that there is probable cause to believe Defendant has violated the conditions of the stayed sentence, so the stay is hereby revoked, pending a final determination.  Defendant is ordered to appear before a Judge or Judicial Officer of the District Court so that a final determination may be made as to whether Defendant has violated the conditions of the sentence, and if so, what, if any sanction, should be imposed.

☒ **SUMMONS**        Proposed Court date:      5/23/24
I order court administration to summons the defendant to appear before a Judge or Judicial Officer.

☐ **WARRANT**
To the Sheriff of the above-named county or other person authorized to execute this warrant: I order, in the name of the State of Minnesota, that the Defendant be apprehended and arrested without delay and brought promptly before the court (if in session), and if not, before a Judge or Judicial Officer of the District Court without unnecessary delay, and in any event not later than 36 hours after the arrest or as soon as such Judge or Judicial Officer is available to be dealt with according to law.

Any previously issued active warrant in this case is hereby ordered recalled.

Bail: _____        ☐   Hold Without Bail

☐ You are hereby commanded to arrest the above-named defendant on any Sunday, legal holiday or in the nighttime.
☐ Warrant to be executed out of state

☐ **ORDER OF DETENTION**
Since the Defendant is already in custody, I order, subject to bail or conditions of release, that the Defendant continue to be detained pending further proceedings.

Bail: _____        ☐   Hold Without Bail

                                                    BY THE COURT:


                                                    _____
                                                    Judge of District Court

Page **1** of **2**                    *27-CR-20-3244.04/11/2024.64.0442.1*

---

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 160**

**Case No. 27-CR-20-3244**
State of MN vs ANGELIC DENISE SCHAEFER
Filing Type:   ·Order to Appear·
Filing Date:   **2024-04-11**
MCRO_27-CR-20-3244_Order to Appear_2024-04-11_20240430084951.pdf
File Hash:   33256848994f5e9210f449d4d6a69be6c068dc7eeca21c5289478b8a6ac1c8f8
Page: 2 of 2      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

---

WARRANT NO. _____
MNCIS Case NO. __**27-CR-20-3244**__
SILS ID. __**346774**__

## STATE OF MINNESOTA
COUNTY OF HENNEPIN

---

### ADDITIONAL IDENTIFYING INFORMATION

Height: __**5 - 2**__      Weight: __**107**__
Eyes: __**Brown**__      Hair: __**Black**__

Race: __**Black**__
Sex: __**Female**__

Physical Description: Data Exchange Offender Build
Code: SLE
Data Exchange Offender Skin Code: LBR

TAT RF ARM      TAT R BRST      TAT R
ANKL      TAT FACE      SC FACE
PRCD NOSE      PRCD EARS      GLASSES
TAT R WRST      TAT R ARM HEALED
FRACTURE R WRST      SC L BRST

A.K.A.:
Cindy Anne Blumer, Angelic Denise Dunn, Angelic
King, Angelic King, Angelic Denise King, Rakita
Ninn, Nunn, Agelique Denise Nunn, Angela Denise
Nunn, Angelic Nunn, Angelic Denise Nunn, Charlita
Nunn, Rakita Nunn, Angelic Denise Schaeffer,
Angelique Schaeffer, Angela Denise Schaffer

### STATE OF MINNESOTA

-vs-

**Angelic Denise Nunn**
_____
*Defendant*
**66  12th St S**
_____
*Street Address*
__**Minneapolis, MN 55403**__      **01/28/1978**
*City*                                      *D.O.B.*

*Telephone No.*      **(651) 252-0249**
_____

| Probation Officer: | **Penny Nelson** | Telephone No. | **(612) 596-0495** |

### ORDER OF ARREST AND DETENTION

Felony

CT 1: Theft-Take/Use/Transfer Movable Prop-No
Consent

A copy of this Order for Arrest and Detention has been
duly signed and filed with the Court Administrator of
the Hennepin County District Court.

*Copy of this order served on defendant on*      /  /

**By** _____
                              *Deputy Sheriff*

☐ **Interstate Compact Offender**
   Offender Waiver of Extradition Signed

Page **2** of **2**          *27-CR-20-3244.04/11/2024.64.0442.2*

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 161**

**Case No. 27-CR-21-8412**
State of MN vs Stephone Ahmad Gammage
Filing Type:    ·Order to Transport·
Filing Date:    **2023-04-11**
MCRO_27-CR-21-8412_Order to Transport_2023-04-11_20240430081743.pdf
File Hash:    2fe95ec4da6ac321439e956317a0d41841aeb1f76bb1c3b6b2155ea8e5f704d5
Page: 1 of 1    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| | FOURTH JUDICIAL DISTRICT |
| COUNTY OF HENNEPIN | CRIMINAL DIVISION |

State of Minnesota,

Court File No. 27-CR-21-8412

Plaintiff,

**TRANSPORT ORDER**

vs.

Stephone Ahmad Gammage,

Defendant.

TO:    Dawanna S. Witt, Sheriff of Hennepin County, Minnesota

### NOTICE IS HEREBY GIVEN

**THAT DEFENDANT,** Stephone Gammage, was found competent to proceed in a Rule 20.01 and Rule 20.02 Report by Dr. Megan Paris filed with the Court on January 9, 2023. A Request for continuance was granted in the matter on January 13, 2023. A hearing on the Respondent's competency to proceed in his criminal matter is currently scheduled for April 12, 2032 at 9:00 A.M. before Judge Julia Dayton Klein in Courtroom 559, Hennepin County Government Center.

### IT IS HEREBY ORDERED

**THAT DEFENDANT,** Stephone Gammage, shall be transported by the Hennepin County Sheriff's Department to the Hennepin County Government Center from the Hennepin County Jail, on or before April 12, 2023 for a court appearance in Courtroom 559 at 9:00 AM.

**THAT DEFENDANT**, Stephone Gammage, shall be transported back to Hennepin County Jail by the Hennepin County Sheriff's Department from the Hennepin County Government Center following the conclusion of this court appearance on April 12, 2023.

**BY THE COURT:**

_____

JULIA DAYTON KLEIN
Judge of District Court

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 162**

**Case No. 27-CR-22-22521**
State of MN vs Dennis Joseph Barry
Filing Type:    ·Order to Transport·
Filing Date:    **2023-11-02**
MCRO_27-CR-22-22521_Order to Transport_2023-11-02_20240429163105.pdf
File Hash:    19029f79f11aacb67cfe8ceda1093d4468fab6ba9f6d42b8e11915ab5f2b94da
Page: 1 of 1    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
|  | FOURTH JUDICIAL DISTRICT |
| COUNTY OF HENNEPIN | CRIMINAL DIVISION |

State of Minnesota,

               Plaintiff,

    vs.

Dennis Joseph Barry,

               Defendant.

Court File No. 27-CR-22-22521

**TRANSPORT ORDER**

TO:    Dawanna S. Witt, Sheriff of Hennepin County, Minnesota

### NOTICE IS HEREBY GIVEN

    **THAT DEFENDANT,** Dennis Joseph Barry (date of birth 05/14/1977), was committed to the Commissioner of Human Services as a person who poses a risk of harm due to mental illness. Defendant Dennis Joseph Barry was admitted to Anoka Metro Regional Treatment Center for care and treatment. On November 2, 2023, Minnesota Department of Human Services Direct Care and Treatment requested, via electronic communication, that Defendant Dennis Joseph Barry be returned to jail from Anoka Metro Regional Treatment Center as the Defendant Dennis Joseph Barry no longer meets hospital criteria and is subject to conditions of release.

### IT IS HEREBY ORDERED

    **THAT DEFENDANT,** Dennis Joseph Barry, shall be transported by the Hennepin County Sheriff's Department from Anoka Metro Regional Treatment Center to the Hennepin County Adult Detention Center on November 3, 2023.

                        **BY THE COURT:**

                        _____

                        Judge of District Court

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 163**

**Case No. 27-CR-18-18391**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:    ·Order to Transport·
Filing Date:    **2024-02-02**
MCRO_27-CR-18-18391_Order to Transport_2024-02-02_20240430092716.pdf
File Hash:    f6b4382ab171ad66aca000a21214475cde66065a0155dc5a9f5e72a445479e41
Page: 1 of 1    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

|  |  |
|---|---|
| **STATE OF MINNESOTA** | **DISTRICT COURT** |
|  | **FOURTH JUDICIAL DISTRICT** |
| **COUNTY OF HENNEPIN** | **CRIMINAL DIVISION** |

State of Minnesota,

           Plaintiff,

   vs.

Aesha Ibrahim Osman,

           Defendant.

Court File No. 27-CR-21-22058, 27-CR-19-17539, 27-CR-19-3539, 27-CR-19-1916, 27-CR-18-18391

**TRANSPORT ORDER**

TO:   Dawanna S. Witt, Sheriff of Hennepin County, Minnesota

### NOTICE IS HEREBY GIVEN

    **THAT DEFENDANT,** Aesha Ibrahim Osman (date of birth 09/13/1998), was committed to the Commissioner of Human Services and the head of Hennepin County Medical Center as a person who poses a risk of harm due to a mental illness. Defendant Aesha Ibrahim Osman was admitted to Anoka Metro Regional Treatment Center for care and treatment. On February 1, 2024, Minnesota Department of Human Services Direct Care and Treatment filed a request that Defendant Aesha Ibrahim Osman be returned to jail from Anoka Metro Regional Treatment Center as the Defendant Aesha Ibrahim Osman is subject to conditions of release which do not permit community discharge.

### IT IS HEREBY ORDERED

    **THAT DEFENDANT,** Aesha Ibrahim Osman, shall be transported by the Hennepin County Sheriff's Department from Anoka Metro Regional Treatment Center to the Hennepin County Adult Detention Center on February 8, 2024.

**BY THE COURT:**

_____
Judge of District Court

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 164**

**Case No. 27-CR-19-1916**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:    ·Order to Transport·
Filing Date:    **2024-02-02**
MCRO_27-CR-19-1916_Order to Transport_2024-02-02_20240430091209.pdf
File Hash:      00df85461396d04aad0b21217a2447e93fb57279bfc4c8d2ef3197386c9465c4
Page: 1 of 1      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| | FOURTH JUDICIAL DISTRICT |
| COUNTY OF HENNEPIN | CRIMINAL DIVISION |

State of Minnesota,

              Plaintiff,

    vs.

Aesha Ibrahim Osman,

              Defendant.

Court File No. 27-CR-21-22058, 27-CR-19-17539, 27-CR-19-3539, 27-CR-19-1916, 27-CR-18-18391

**TRANSPORT ORDER**

TO:   Dawanna S. Witt, Sheriff of Hennepin County, Minnesota

### NOTICE IS HEREBY GIVEN

**THAT DEFENDANT,** Aesha Ibrahim Osman (date of birth 09/13/1998), was committed to the Commissioner of Human Services and the head of Hennepin County Medical Center as a person who poses a risk of harm due to a mental illness. Defendant Aesha Ibrahim Osman was admitted to Anoka Metro Regional Treatment Center for care and treatment. On February 1, 2024, Minnesota Department of Human Services Direct Care and Treatment filed a request that Defendant Aesha Ibrahim Osman be returned to jail from Anoka Metro Regional Treatment Center as the Defendant Aesha Ibrahim Osman is subject to conditions of release which do not permit community discharge.

### IT IS HEREBY ORDERED

**THAT DEFENDANT,** Aesha Ibrahim Osman, shall be transported by the Hennepin County Sheriff's Department from Anoka Metro Regional Treatment Center to the Hennepin County Adult Detention Center on February 8, 2024.

**BY THE COURT:**

_____
Judge of District Court

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 165**

**Case No. 27-CR-19-3539**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:    ·Order to Transport·
Filing Date:    **2024-02-02**
MCRO_27-CR-19-3539_Order to Transport_2024-02-02_20240430091320.pdf
File Hash:       adc5ae554bb5eecfd11d70f117f7d9bef38273876f751b43b0d24524f414d4df
Page: 1 of 1      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| | FOURTH JUDICIAL DISTRICT |
| COUNTY OF HENNEPIN | CRIMINAL DIVISION |

State of Minnesota,

          Plaintiff,

    vs.

Aesha Ibrahim Osman,

          Defendant.

Court File No. 27-CR-21-22058, 27-CR-19-17539, 27-CR-19-3539, 27-CR-19-1916, 27-CR-18-18391

**TRANSPORT ORDER**

TO:    Dawanna S. Witt, Sheriff of Hennepin County, Minnesota

### NOTICE IS HEREBY GIVEN

**THAT DEFENDANT,** Aesha Ibrahim Osman (date of birth 09/13/1998), was committed to the Commissioner of Human Services and the head of Hennepin County Medical Center as a person who poses a risk of harm due to a mental illness. Defendant Aesha Ibrahim Osman was admitted to Anoka Metro Regional Treatment Center for care and treatment. On February 1, 2024, Minnesota Department of Human Services Direct Care and Treatment filed a request that Defendant Aesha Ibrahim Osman be returned to jail from Anoka Metro Regional Treatment Center as the Defendant Aesha Ibrahim Osman is subject to conditions of release which do not permit community discharge.

### IT IS HEREBY ORDERED

**THAT DEFENDANT,** Aesha Ibrahim Osman, shall be transported by the Hennepin County Sheriff's Department from Anoka Metro Regional Treatment Center to the Hennepin County Adult Detention Center on February 8, 2024.

**BY THE COURT:**

_____

Judge of District Court

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 166**

**Case No. 27-CR-19-17539**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:    ·Order to Transport·
Filing Date:    **2024-02-02**
MCRO_27-CR-19-17539_Order to Transport_2024-02-02_20240430091927.pdf
File Hash:      d7f8b175edcf9b6954b2a15c1b53ee634d3e1a98e0a3ba698f5240df89e6c8aa
Page: 1 of 1        [ source file ]        [ .ots timestamp of source file ]        [ pdf signatures ]        [ metadata ]

| | |
|---|---|
| **STATE OF MINNESOTA** | **DISTRICT COURT** |
| | **FOURTH JUDICIAL DISTRICT** |
| **COUNTY OF HENNEPIN** | **CRIMINAL DIVISION** |

State of Minnesota,

      Plaintiff,

vs.

Aesha Ibrahim Osman,

      Defendant.

Court File No. 27-CR-21-22058, 27-CR-19-17539, 27-CR-19-3539, 27-CR-19-1916, 27-CR-18-18391

**TRANSPORT ORDER**

---

TO:   Dawanna S. Witt, Sheriff of Hennepin County, Minnesota

### NOTICE IS HEREBY GIVEN

     **THAT DEFENDANT,** Aesha Ibrahim Osman (date of birth 09/13/1998), was committed to the Commissioner of Human Services and the head of Hennepin County Medical Center as a person who poses a risk of harm due to a mental illness. Defendant Aesha Ibrahim Osman was admitted to Anoka Metro Regional Treatment Center for care and treatment. On February 1, 2024, Minnesota Department of Human Services Direct Care and Treatment filed a request that Defendant Aesha Ibrahim Osman be returned to jail from Anoka Metro Regional Treatment Center as the Defendant Aesha Ibrahim Osman is subject to conditions of release which do not permit community discharge.

### IT IS HEREBY ORDERED

     **THAT DEFENDANT,** Aesha Ibrahim Osman, shall be transported by the Hennepin County Sheriff's Department from Anoka Metro Regional Treatment Center to the Hennepin County Adult Detention Center on February 8, 2024.

BY THE COURT:

_____
Judge of District Court

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**Case No. 27-CR-21-22058**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:  ·Order to Transport·
Filing Date:  **2024-02-02**
MCRO_27-CR-21-22058_Order to Transport_2024-02-02_20240430083544.pdf
File Hash:  fe3ccefe6f3b29ecef6ec197d9cc6dbe0c96e191b76f1fd5aa9b0dbceaacd121
Page: 1 of 1    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| | FOURTH JUDICIAL DISTRICT |
| COUNTY OF HENNEPIN | CRIMINAL DIVISION |

| State of Minnesota, | Court File No. 27-CR-21-22058, 27-CR-19-17539, 27-CR-19-3539, 27-CR-19-1916, 27-CR-18-18391 |
|---|---|
| Plaintiff, | |
| vs. | **TRANSPORT ORDER** |
| Aesha Ibrahim Osman, | |
| Defendant. | |

TO:    Dawanna S. Witt, Sheriff of Hennepin County, Minnesota

### NOTICE IS HEREBY GIVEN

**THAT DEFENDANT,** Aesha Ibrahim Osman (date of birth 09/13/1998), was committed to the Commissioner of Human Services and the head of Hennepin County Medical Center as a person who poses a risk of harm due to a mental illness. Defendant Aesha Ibrahim Osman was admitted to Anoka Metro Regional Treatment Center for care and treatment. On February 1, 2024, Minnesota Department of Human Services Direct Care and Treatment filed a request that Defendant Aesha Ibrahim Osman be returned to jail from Anoka Metro Regional Treatment Center as the Defendant Aesha Ibrahim Osman is subject to conditions of release which do not permit community discharge.

### IT IS HEREBY ORDERED

**THAT DEFENDANT,** Aesha Ibrahim Osman, shall be transported by the Hennepin County Sheriff's Department from Anoka Metro Regional Treatment Center to the Hennepin County Adult Detention Center on February 8, 2024.

BY THE COURT:

_____

Judge of District Court

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 168**

**Case No. 27-CR-21-23131**
State of MN vs Rex Allen Basswood, Jr.
Filing Type:      ·Order-Evaluation for Competency to Proceed (Rule 20.01)·
Filing Date:     **2022-01-06**
MCRO_27-CR-21-23131_Order-Evaluation for Competency to Proceed (Rule 20.01)_2022-01-06_20240430083657.pdf
File Hash:       aa21c1747ff72235ec28e9379ad337b931d1ab33c2a1c70c1b53240b661e42b9
Page: 1 of 3      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

---

| State of Minnesota | District Court |

| Hennepin County | Fourth Judicial District |

---

State of Minnesota,
            Plaintiff,
v.                                                          Order to 4th Judicial District Court
                                                            Psychological Services
Rex Allen Basswood, Jr.,                                    27-CR-21-23131
            Defendant.

---

| Defendant Information | | |
|---|---|---|
| Location: | ☒ Out of Custody   ☐ In Custody   (_____) | |
| Phone: | Home: 320-532-4678, | Date of Birth: 07/19/1989 |
| | Cell: 218-407-2956 Mom's Cell | |
| Email: | rexbasswood89@gmail.com | SILS Identifier: 804819 |
| Home Address: | 1251 Washington Ave | |
| | Minneapolis MN  55401 | |
| Additional family/collateral contact number and instructions: | | |

It is hereby ordered:
      ☒ For felony and gross misdemeanor cases, probable cause has been found.
      ☐ The defendant is to be released upon completion of the interview process.
      ☐ This is part of the targeted misdemeanor program.

1.   The Chief of Psychological Services of the Fourth Judicial District or the Chief's designee ("Examiner") shall
      conduct the following psychological evaluation, assessment and/or consultation regarding the defendant:
      ☒ Competency to participate in proceedings pursuant to Rule 20.01
      ☐ Mental state at the time of the alleged act pursuant to Rule 20.02 (M'Naghten Rule)
      ☐ Sex Offender Evaluation pursuant to Minnesota Statute § 609.3457
      ☐ Consultation (Pre-Plea/Pre-Sentence) _____
      ☐ Other (please specify) _____

2.   Copies of this evaluation shall be provided to the Court and the following individuals:
      Defense Counsel: CHELSEA ANN KNUTSON                          612-596-7889
      Prosecuting Attorney: DANIEL ROBERT PROVENCHER                612-596-7304
      Probation Officer:

3.   The hearing for the return of psychological evaluation will be held on February 22, 2022
      at 1:30 PM            .

4.   Upon presentation of this order, the relevant custodian of records shall provide (whether mailed, faxed, or
      personally delivered) to the Examiner all relevant records from the following sources: behavioral, chemical
      dependency, developmental disability, educational, employment, judicial, law enforcement (including
      audio/visual recordings), medical, probation/correction, psychological, and social service. A copy of the
      records so requested shall be delivered to the Examiner within 96 hours of presentation of this order. Records
      that are faxed shall be sent to 612-348-3452. Mailed records should be sent to Hennepin County District

HC 2926 (11/2021)

---

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

<span style="color:red">**EXHIBIT ESO-1 | p. 169**</span>

**Case No. 27-CR-21-23131**
State of MN vs Rex Allen Basswood, Jr.
Filing Type:   ·Order-Evaluation for Competency to Proceed (Rule 20.01)·
Filing Date:   **2022-01-06**
MCRO_27-CR-21-23131_Order-Evaluation for Competency to Proceed (Rule 20.01)_2022-01-06_20240430083657.pdf
File Hash:      aa21c1747ff72235ec28e9379ad337b931d1ab33c2a1c70c1b53240b661e42b9
Page: 2 of 3      [ source file ]       [ .ots timestamp of source file ]       [ pdf signatures ]       [ metadata ]

---

Court, Psychological Services, 300 South Sixth Street, C-509 Government Center, Minneapolis, Minnesota 55487. All agencies maintaining the above-listed records may also communicate verbally with the requesting Examiner.

- **The Court specifically finds** good cause exists for authorizing the disclosure of the identified records, including chemical dependency records, because other ways of obtaining the information are not available or would not be effective, and the public interest and need for disclosure outweighs the potential injury to the patient, the physician/patient relationship and any chemical dependency treatment facility or organization holding records pertaining to Defendant.

5.  During the preparation of the report, the Examiner and any employee of Community Corrections and Rehabilitation may discuss the case and share relevant information in a manner consistent with Minnesota Rules of Criminal Procedure, Minnesota Statutes and case law.

6.  If a sex offender evaluation has been ordered and the defendant is a Repeat Sex Offender as defined in MN Statute 609.3457, Psychological Services is ordered to comply with both the requirements of § 609.3457 and the agreement with Minnesota State Operated Forensic Services.  A copy of any Repeat Sex Offender Report produced by Psychological Services shall be forwarded to the Court and the Commissioner of Corrections.

7.  In the case of Rule 20 evaluations, the Examiner shall offer an opinion and support for the opinion on whether the defendant:
    a.  Is suitable for civil commitment and the basis of the possible commitment.
    b.  Is mentally ill and dangerous; and
    c.  Needs immediate hospitalization.

8.  In the case of Rule 20 evaluations, the Examiner shall promptly notify the prosecutor, defense attorney and the Court if the Examiner concludes that the defendant:
    a.  Presents an imminent risk of serious danger to another,
    b.  Is imminently suicidal, or
    c.  Needs emergency intervention.


Dated: January 6, 2022

_____
Judge of District Court Signature
Hilary Caligiuri

✓  Please scan and e-mail the order to **4ᵗʰ Psych Services Orders**.
✓  Please direct the prosecuting agency to forward a copy of the police report for each case to Psychological Services.
✓  If a defendant is to be released upon completion of the interview process, a Conditional Release Order must be filed giving that direction.

HC 2926 (11/2021)

---

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 170**

Case No. 27-CR-21-23131
State of MN vs Rex Allen Basswood, Jr.
Filing Type: ·Order-Evaluation for Competency to Proceed (Rule 20.01)·
Filing Date: **2022-01-06**
MCRO_27-CR-21-23131_Order-Evaluation for Competency to Proceed (Rule 20.01)_2022-01-06_20240430083657.pdf
File Hash: aa21c1747ff72235ec28e9379ad337b931d1ab33c2a1c70c1b53240b661e42b9
Page: 3 of 3 [ source file ] [ .ots timestamp of source file ] [ pdf signatures ] [ metadata ]



**MINNESOTA JUDICIAL BRANCH**

**FOURTH JUDICIAL DISTRICT • HENNEPIN COUNTY**

**PSYCHOLOGICAL SERVICES**
**300 S. 6ᵗʰ Street, Suite C-509, Minneapolis MN 55487-0351 • (612) 348-3723 • FAX (612) 348-3452**

You have been ordered to participate in a psychological evaluation.
**A doctor will contact you to schedule your evaluation.**

Your evaluation will be at the Hennepin County Government Center, located in downtown Minneapolis. The address is:

**Psychological Services 300
South Sixth Street
Hennepin County Government Center C
Tower, 5th Floor
Suite 509
Minneapolis, MN 55487
612-348-3723**

**If you are able to, please bring information from any past mental health services you may have received, including facility names, locations, provider names and medications.**

Take the "C" elevators to the 5ᵗʰ floor. **Psychological Services is located in Suite C509**.

Please be aware security screening is in place at the Government Center and you should allow an extra 10-15 minutes prior to your appointment for this process.

HC 2926 (11/2021)

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 171

**Case No. 27-CR-19-12466**
State of MN vs TERRELL JOHNSON
Filing Type:    ·Order-Evaluation for Competency to Proceed (Rule 20.01)·
Filing Date:    **2022-01-19**
MCRO_27-CR-19-12466_Order-Evaluation for Competency to Proceed (Rule 20.01)_2022-01-19_20240430091830.pdf
File Hash:      f841d7c39f52813f1bc126182856994bb6295ff449ef98f0952bb34f574f3f1a
Page: 1 of 3      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

---

| State of Minnesota | District Court |
|---|---|
| Hennepin County | Fourth Judicial District |

State of Minnesota,
            Plaintiff,

v.                                                                    Order to 4th Judicial District Court
                                                                       Psychological Services
TERRELL JOHNSON,                                                       27-CR-21-23233
            Defendant.    **27-CR-19-12466, 27-CR-19-19606, 27-CR-20-8926, 27-CR-20-20037, 27-CR-20-23781, 27-CR-21-19552, 27-CR-20-23605**

---

| Defendant Information | |
|---|---|
| Location: | ☐ Out of Custody      ☒ In Custody      (_____) |
| Phone: | Home: 612-440-4268, Work: 952-292-1505, Cell: 952-687-9118_      Date of Birth: 08/28/1979 |
| Email: | TerrellJohnson818@gmail.com      SILS Identifier: 349836 |
| Home Address: | 3840 BOONE AVE N NEW HOPE MN  55427 |
| Additional family/collateral contact number and instructions: | |

It is hereby ordered:
      ☒ For felony and gross misdemeanor cases, probable cause has been found.
      ☐ The defendant is to be released upon completion of the interview process.
      ☐ This is part of the targeted misdemeanor program.

1.  The Chief of Psychological Services of the Fourth Judicial District or the Chief's designee ("Examiner") shall conduct the following psychological evaluation, assessment and/or consultation regarding the defendant:
      ☒ Competency to participate in proceedings pursuant to Rule 20.01
      ☐ Mental state at the time of the alleged act pursuant to Rule 20.02 (M'Naghten Rule)
      ☐ Sex Offender Evaluation pursuant to Minnesota Statute § 609.3457
      ☐ Consultation (Pre-Plea/Pre-Sentence) _____
      ☐ Other (please specify) _____

2.  Copies of this evaluation shall be provided to the Court and the following individuals:
      Defense Counsel: RACHEL FURNISS KOWARSKI                    612-543-3071
      Prosecuting Attorney: WARSAME ALI KHALIF GALAYDH            651-335-7650
      Probation Officer:

3.  The hearing for the return of psychological evaluation will be held on March 08, 2022
    at 1:30 PM         .

4.  Upon presentation of this order, the relevant custodian of records shall provide (whether mailed, faxed, or personally delivered) to the Examiner all relevant records from the following sources: behavioral, chemical dependency, developmental disability, educational, employment, judicial, law enforcement (including audio/visual recordings), medical, probation/correction, psychological, and social service. A copy of the

HC 2926 (11/2021)

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 172**

**Case No. 27-CR-19-12466**

State of MN vs TERRELL JOHNSON
Filing Type:   ·Order-Evaluation for Competency to Proceed (Rule 20.01)·
Filing Date:   **2022-01-19**
MCRO_27-CR-19-12466_Order-Evaluation for Competency to Proceed (Rule 20.01)_2022-01-19_20240430091830.pdf
File Hash:    f841d7c39f52813f1bc126182856994bb6295ff449ef98f0952bb34f574f3f1a
Page: 2 of 3    [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

records so requested shall be delivered to the Examiner within 96 hours of presentation of this order. Records that are faxed shall be sent to 612-348-3452. Mailed records should be sent to Hennepin County District Court, Psychological Services, 300 South Sixth Street, C-509 Government Center, Minneapolis, Minnesota 55487. All agencies maintaining the above-listed records may also communicate verbally with the requesting Examiner.

- **The Court specifically finds** good cause exists for authorizing the disclosure of the identified records, including chemical dependency records, because other ways of obtaining the information are not available or would not be effective, and the public interest and need for disclosure outweighs the potential injury to the patient, the physician/patient relationship and any chemical dependency treatment facility or organization holding records pertaining to Defendant.

5. During the preparation of the report, the Examiner and any employee of Community Corrections and Rehabilitation may discuss the case and share relevant information in a manner consistent with Minnesota Rules of Criminal Procedure, Minnesota Statutes and case law.

6. If a sex offender evaluation has been ordered and the defendant is a Repeat Sex Offender as defined in MN Statute 609.3457, Psychological Services is ordered to comply with both the requirements of § 609.3457 and the agreement with Minnesota State Operated Forensic Services. A copy of any Repeat Sex Offender Report produced by Psychological Services shall be forwarded to the Court and the Commissioner of Corrections.

7. In the case of Rule 20 evaluations, the Examiner shall offer an opinion and support for the opinion on whether the defendant:
   a. Is suitable for civil commitment and the basis of the possible commitment.
   b. Is mentally ill and dangerous; and
   c. Needs immediate hospitalization.

8. In the case of Rule 20 evaluations, the Examiner shall promptly notify the prosecutor, defense attorney and the Court if the Examiner concludes that the defendant:
   a. Presents an imminent risk of serious danger to another,
   b. Is imminently suicidal, or
   c. Needs emergency intervention.

Dated: January 18, 2022

_____
Judge of District Court Signature
Julie Allyn

✓ Please scan and e-mail the order to **4th Psych Services Orders**.
✓ Please direct the prosecuting agency to forward a copy of the police report for each case to Psychological Services.
✓ If a defendant is to be released upon completion of the interview process, a Conditional Release Order must be filed giving that direction.

HC 2926 (11/2021)

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 173**

**Case No. 27-CR-19-12466**
State of MN vs TERRELL JOHNSON
Filing Type:    ·Order-Evaluation for Competency to Proceed (Rule 20.01)·
Filing Date:    **2022-01-19**
MCRO_27-CR-19-12466_Order-Evaluation for Competency to Proceed (Rule 20.01)_2022-01-19_20240430091830.pdf
File Hash:      f841d7c39f52813f1bc126182856994bb6295ff449ef98f0952bb34f574f3f1a
Page: 3 of 3      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]



**PSYCHOLOGICAL SERVICES**
**300 S. 6th Street, Suite C-509, Minneapolis MN 55487-0351 • (612) 348-3723 • FAX (612) 348-3452**

You have been ordered to participate in a psychological evaluation.
**A doctor will contact you to schedule your evaluation.**

Your evaluation will be at the Hennepin County Government Center,
located in downtown Minneapolis. The address is:

**Psychological Services 300
South Sixth Street
Hennepin County Government Center C
Tower, 5th Floor
Suite 509
Minneapolis, MN 55487
612-348-3723**

**If you are able to, please bring information from any past mental health
services you may have received, including facility names, locations,
provider names and medications.**

Take the "C" elevators to the 5th floor. **Psychological Services is located in
Suite C509.**

Please be aware security screening is in place at the Government
Center and you should allow an extra 10-15 minutes prior to your
appointment for this process.

HC 2926 (11/2021)

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**Case No. 27-CR-19-19606**
State of MN vs TERRELL JOHNSON
Filing Type:   ·Order-Evaluation for Competency to Proceed (Rule 20.01)·
Filing Date:   **2022-01-19**
MCRO_27-CR-19-19606_Order-Evaluation for Competency to Proceed (Rule 20.01)_2022-01-19_20240430092047.pdf
File Hash:     2e07362e4c5d075ee4bc529161880e80aeefddc08c0cf6d71e8e4d3515bf0cee
Page: 1 of 3      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

---

State of Minnesota                                                     District Court

Hennepin County                                              Fourth Judicial District

---

State of Minnesota,
              Plaintiff,
v.                                                    Order to 4th Judicial District Court
                                                           Psychological Services
TERRELL JOHNSON,                                               27-CR-21-23233
              Defendant.    **27-CR-19-12466, 27-CR-19-19606, 27-CR-20-8926, 27-CR-20-20037, 27-CR-
                                20-23781, 27-CR-21-19552, 27-CR-20-23605**

---

| Defendant Information | |
|---|---|
| Location: | ☐ Out of Custody    ☒ In Custody    (_____) |
| Phone: | Home: 612-440-4268, Work: 952-    Date of Birth: 08/28/1979 |
|  | 292-1505, Cell: 952-687-9118 |
| Email: | TerrellJohnson818@gmail.com    SILS Identifier: 349836 |
|  |  |
| Home Address: | 3840 BOONE AVE N |
|  | NEW HOPE MN  55427 |
| Additional family/collateral contact number and instructions: | |

It is hereby ordered:
   ☒ For felony and gross misdemeanor cases, probable cause has been found.
   ☐ The defendant is to be released upon completion of the interview process.
   ☐ This is part of the targeted misdemeanor program.

1.  The Chief of Psychological Services of the Fourth Judicial District or the Chief's designee ("Examiner") shall
    conduct the following psychological evaluation, assessment and/or consultation regarding the defendant:
       ☒ Competency to participate in proceedings pursuant to Rule 20.01
       ☐ Mental state at the time of the alleged act pursuant to Rule 20.02 (M'Naghten Rule)
       ☐ Sex Offender Evaluation pursuant to Minnesota Statute § 609.3457
       ☐ Consultation (Pre-Plea/Pre-Sentence) _____
       ☐ Other (please specify) _____

2.  Copies of this evaluation shall be provided to the Court and the following individuals:
       Defense Counsel: RACHEL FURNISS KOWARSKI                    612-543-3071
       Prosecuting Attorney: WARSAME ALI KHALIF GALAYDH            651-335-7650
       Probation Officer:

3.  The hearing for the return of psychological evaluation will be held on March 08, 2022
    at 1:30 PM          .

4.  Upon presentation of this order, the relevant custodian of records shall provide (whether mailed, faxed, or
    personally delivered) to the Examiner all relevant records from the following sources: behavioral, chemical
    dependency, developmental disability, educational, employment, judicial, law enforcement (including
    audio/visual recordings), medical, probation/correction, psychological, and social service. A copy of the

                                                                    HC 2926 (11/2021)

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**Case No. 27-CR-19-19606**
State of MN vs TERRELL JOHNSON
Filing Type: ·Order-Evaluation for Competency to Proceed (Rule 20.01)·
Filing Date: **2022-01-19**
MCRO_27-CR-19-19606_Order-Evaluation for Competency to Proceed (Rule 20.01)_2022-01-19_20240430092047.pdf
File Hash: 2e07362e4c5d075ee4bc529161880e80aeefddc08c0cf6d71e8e4d3515bf0cee
Page: 2 of 3     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

records so requested shall be delivered to the Examiner within 96 hours of presentation of this order. Records that are faxed shall be sent to 612-348-3452. Mailed records should be sent to Hennepin County District Court, Psychological Services, 300 South Sixth Street, C-509 Government Center, Minneapolis, Minnesota 55487. All agencies maintaining the above-listed records may also communicate verbally with the requesting Examiner.

- **The Court specifically finds** good cause exists for authorizing the disclosure of the identified records, including chemical dependency records, because other ways of obtaining the information are not available or would not be effective, and the public interest and need for disclosure outweighs the potential injury to the patient, the physician/patient relationship and any chemical dependency treatment facility or organization holding records pertaining to Defendant.

5. During the preparation of the report, the Examiner and any employee of Community Corrections and Rehabilitation may discuss the case and share relevant information in a manner consistent with Minnesota Rules of Criminal Procedure, Minnesota Statutes and case law.

6. If a sex offender evaluation has been ordered and the defendant is a Repeat Sex Offender as defined in MN Statute 609.3457, Psychological Services is ordered to comply with both the requirements of § 609.3457 and the agreement with Minnesota State Operated Forensic Services. A copy of any Repeat Sex Offender Report produced by Psychological Services shall be forwarded to the Court and the Commissioner of Corrections.

7. In the case of Rule 20 evaluations, the Examiner shall offer an opinion and support for the opinion on whether the defendant:
   a. Is suitable for civil commitment and the basis of the possible commitment.
   b. Is mentally ill and dangerous; and
   c. Needs immediate hospitalization.

8. In the case of Rule 20 evaluations, the Examiner shall promptly notify the prosecutor, defense attorney and the Court if the Examiner concludes that the defendant:
   a. Presents an imminent risk of serious danger to another,
   b. Is imminently suicidal, or
   c. Needs emergency intervention.

Dated: January 18, 2022

_____
Judge of District Court Signature
Julie Allyn

- ✓ Please scan and e-mail the order to **4th Psych Services Orders**.
- ✓ Please direct the prosecuting agency to forward a copy of the police report for each case to Psychological Services.
- ✓ If a defendant is to be released upon completion of the interview process, a Conditional Release Order must be filed giving that direction.

HC 2926 (11/2021)

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 176

**Case No. 27-CR-19-19606**
State of MN vs TERRELL JOHNSON
Filing Type:    ·Order-Evaluation for Competency to Proceed (Rule 20.01)·
Filing Date:    **2022-01-19**
MCRO_27-CR-19-19606_Order-Evaluation for Competency to Proceed (Rule 20.01)_2022-01-19_20240430092047.pdf
File Hash:      2e07362e4c5d075ee4bc529161880e80aeefddc08c0cf6d71e8e4d3515bf0cee
Page: 3 of 3      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]



**PSYCHOLOGICAL SERVICES**
**300 S. 6ᵗʰ Street, Suite C-509, Minneapolis MN 55487-0351 • (612) 348-3723 • FAX (612) 348-3452**

You have been ordered to participate in a psychological evaluation.
**A doctor will contact you to schedule your evaluation.**

Your evaluation will be at the Hennepin County Government Center,
located in downtown Minneapolis. The address is:

**Psychological Services 300
South Sixth Street
Hennepin County Government Center C
Tower, 5th Floor
Suite 509
Minneapolis, MN 55487
612-348-3723**

**If you are able to, please bring information from any past mental health
services you may have received, including facility names, locations,
provider names and medications.**

Take the "C" elevators to the 5ᵗʰ floor. **Psychological Services is located in
Suite C509**.

Please be aware security screening is in place at the Government
Center and you should allow an extra 10-15 minutes prior to your
appointment for this process.

HC 2926 (11/2021)

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**Case No. 27-CR-20-8926**
State of MN vs TERRELL JOHNSON
Filing Type:    ·Order-Evaluation for Competency to Proceed (Rule 20.01)·
Filing Date:    **2022-01-19**
MCRO_27-CR-20-8926_Order-Evaluation for Competency to Proceed (Rule 20.01)_2022-01-19_20240430085443.pdf
File Hash:      ac06e47f9f3607a22cb115d268c741db7469d98a3a7a99925f0e612a5dcd80e4
Page: 1 of 3     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

---

| State of Minnesota | District Court |
|---|---|
| Hennepin County | Fourth Judicial District |

---

| | |
|---|---|
| State of Minnesota,<br>                Plaintiff, | |
| v. | Order to 4th Judicial District Court<br>Psychological Services<br>27-CR-21-23233 |
| TERRELL JOHNSON,<br>                Defendant. | **27-CR-19-12466, 27-CR-19-19606, 27-CR-20-8926, 27-CR-20-20037, 27-CR-20-23781, 27-CR-21-19552, 27-CR-20-23605** |

---

| Defendant Information | |
|---|---|
| Location: | ☐ Out of Custody     ☒ In Custody     (_____) |
| Phone: | Home: 612-440-4268, Work: 952-292-1505, Cell: 952-687-9118_     Date of Birth: 08/28/1979 |
| Email: | TerrellJohnson818@gmail.com     SILS Identifier: 349836 |
| Home Address: | 3840 BOONE AVE N<br>NEW HOPE MN  55427 |
| Additional family/collateral contact number and instructions: | |

It is hereby ordered:

    ☒ For felony and gross misdemeanor cases, probable cause has been found.
    ☐ The defendant is to be released upon completion of the interview process.
    ☐ This is part of the targeted misdemeanor program.

1. The Chief of Psychological Services of the Fourth Judicial District or the Chief's designee ("Examiner") shall conduct the following psychological evaluation, assessment and/or consultation regarding the defendant:
    ☒ Competency to participate in proceedings pursuant to Rule 20.01
    ☐ Mental state at the time of the alleged act pursuant to Rule 20.02 (M'Naghten Rule)
    ☐ Sex Offender Evaluation pursuant to Minnesota Statute § 609.3457
    ☐ Consultation (Pre-Plea/Pre-Sentence) _____
    ☐ Other (please specify) _____

2. Copies of this evaluation shall be provided to the Court and the following individuals:
    Defense Counsel: RACHEL FURNISS KOWARSKI                612-543-3071
    Prosecuting Attorney: WARSAME ALI KHALIF GALAYDH        651-335-7650
    Probation Officer:

3. The hearing for the return of psychological evaluation will be held on March 08, 2022 at 1:30 PM            .

4. Upon presentation of this order, the relevant custodian of records shall provide (whether mailed, faxed, or personally delivered) to the Examiner all relevant records from the following sources: behavioral, chemical dependency, developmental disability, educational, employment, judicial, law enforcement (including audio/visual recordings), medical, probation/correction, psychological, and social service. <u>A copy of the</u>

HC 2926 (11/2021)

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 178**

**Case No. 27-CR-20-8926**
State of MN vs TERRELL JOHNSON
Filing Type:    ·Order-Evaluation for Competency to Proceed (Rule 20.01)·
Filing Date:    **2022-01-19**
MCRO_27-CR-20-8926_Order-Evaluation for Competency to Proceed (Rule 20.01)_2022-01-19_20240430085443.pdf
File Hash:      ac06e47f9f3607a22cb115d268c741db7469d98a3a7a99925f0e612a5dcd80e4
Page: 2 of 3       [ source file ]       [ .ots timestamp of source file ]       [ pdf signatures ]       [ metadata ]

records so requested shall be delivered to the Examiner within 96 hours of presentation of this order. Records that are faxed shall be sent to 612-348-3452. Mailed records should be sent to Hennepin County District Court, Psychological Services, 300 South Sixth Street, C-509 Government Center, Minneapolis, Minnesota 55487. All agencies maintaining the above-listed records may also communicate verbally with the requesting Examiner.

- **The Court specifically finds** good cause exists for authorizing the disclosure of the identified records, including chemical dependency records, because other ways of obtaining the information are not available or would not be effective, and the public interest and need for disclosure outweighs the potential injury to the patient, the physician/patient relationship and any chemical dependency treatment facility or organization holding records pertaining to Defendant.

5.  During the preparation of the report, the Examiner and any employee of Community Corrections and Rehabilitation may discuss the case and share relevant information in a manner consistent with Minnesota Rules of Criminal Procedure, Minnesota Statutes and case law.

6.  If a sex offender evaluation has been ordered and the defendant is a Repeat Sex Offender as defined in MN Statute 609.3457, Psychological Services is ordered to comply with both the requirements of § 609.3457 and the agreement with Minnesota State Operated Forensic Services.  A copy of any Repeat Sex Offender Report produced by Psychological Services shall be forwarded to the Court and the Commissioner of Corrections.

7.  In the case of Rule 20 evaluations, the Examiner shall offer an opinion and support for the opinion on whether the defendant:
    a.  Is suitable for civil commitment and the basis of the possible commitment.
    b.  Is mentally ill and dangerous; and
    c.  Needs immediate hospitalization.

8.  In the case of Rule 20 evaluations, the Examiner shall promptly notify the prosecutor, defense attorney and the Court if the Examiner concludes that the defendant:
    a.  Presents an imminent risk of serious danger to another,
    b.  Is imminently suicidal, or
    c.  Needs emergency intervention.

Dated: January 18, 2022

_____
Judge of District Court Signature
Julie Allyn

✓  Please scan and e-mail the order to **4ᵗʰ Psych Services Orders**.
✓  Please direct the prosecuting agency to forward a copy of the police report for each case to Psychological Services.
✓  If a defendant is to be released upon completion of the interview process, a Conditional Release Order must be filed giving that direction.

HC 2926 (11/2021)

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 179**

**Case No. 27-CR-20-8926**
State of MN vs TERRELL JOHNSON
Filing Type: ·Order-Evaluation for Competency to Proceed (Rule 20.01)·
Filing Date: **2022-01-19**
MCRO_27-CR-20-8926_Order-Evaluation for Competency to Proceed (Rule 20.01)_2022-01-19_20240430085443.pdf
File Hash: ac06e47f9f3607a22cb115d268c741db7469d98a3a7a99925f0e612a5dcd80e4
Page: 3 of 3      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]



**PSYCHOLOGICAL SERVICES**
**300 S. 6ᵗʰ Street, Suite C-509, Minneapolis MN 55487-0351 • (612) 348-3723 • FAX (612) 348-3452**

You have been ordered to participate in a psychological evaluation.
**A doctor will contact you to schedule your evaluation.**

Your evaluation will be at the Hennepin County Government Center,
located in downtown Minneapolis. The address is:

**Psychological Services 300
South Sixth Street
Hennepin County Government Center C
Tower, 5th Floor
Suite 509
Minneapolis, MN 55487
612-348-3723**

**If you are able to, please bring information from any past mental health
services you may have received, including facility names, locations,
provider names and medications.**

Take the "C" elevators to the 5ᵗʰ floor. **Psychological Services is located in
Suite C509**.

Please be aware security screening is in place at the Government
Center and you should allow an extra 10-15 minutes prior to your
appointment for this process.

HC 2926 (11/2021)

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**Case No. 27-CR-20-20037**
State of MN vs TERRELL JOHNSON
Filing Type:   ·Order-Evaluation for Competency to Proceed (Rule 20.01)·
Filing Date:   **2022-01-19**
MCRO_27-CR-20-20037_Order-Evaluation for Competency to Proceed (Rule 20.01)_2022-01-19_20240430090145.pdf
File Hash:     62a20f12540a812c4b66133693748b5f8aac6f155285bc3de6889693bb9a983c
Page: 1 of 3     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

---

State of Minnesota                                                                                          District Court

Hennepin County                                                                                     Fourth Judicial District

---

State of Minnesota,
             Plaintiff,
v.                                                                                  Order to 4ᵗʰ Judicial District Court
                                                                                         Psychological Services
TERRELL JOHNSON,                                                                              27-CR-21-23233
             Defendant.     **27-CR-19-12466, 27-CR-19-19606, 27-CR-20-8926, 27-CR-20-20037, 27-CR-
                                  20-23781, 27-CR-21-19552, 27-CR-20-23605**

---

| Defendant Information | |
|---|---|
| Location: | ☐ Out of Custody   ☒ In Custody   (_____) |
| Phone: | Home: 612-440-4268, Work: 952-292-1505, Cell: 952-687-9118_     Date of Birth: 08/28/1979 |
| Email: | TerrellJohnson818@gmail.com           SILS Identifier: 349836 |
| Home Address:     3840 BOONE AVE N | |
| NEW HOPE MN  55427 | |
| Additional family/collateral contact number and instructions: | |

It is hereby ordered:
             ☒ For felony and gross misdemeanor cases, probable cause has been found.
             ☐ The defendant is to be released upon completion of the interview process.
             ☐ This is part of the targeted misdemeanor program.

1.  The Chief of Psychological Services of the Fourth Judicial District or the Chief's designee ("Examiner") shall
    conduct the following psychological evaluation, assessment and/or consultation regarding the defendant:
             ☒ Competency to participate in proceedings pursuant to Rule 20.01
             ☐ Mental state at the time of the alleged act pursuant to Rule 20.02 (M'Naghten Rule)
             ☐ Sex Offender Evaluation pursuant to Minnesota Statute § 609.3457
             ☐ Consultation (Pre-Plea/Pre-Sentence) _____
             ☐ Other (please specify) _____

2.  Copies of this evaluation shall be provided to the Court and the following individuals:
             Defense Counsel: RACHEL FURNISS KOWARSKI                     612-543-3071
             Prosecuting Attorney: WARSAME ALI KHALIF GALAYDH             651-335-7650
             Probation Officer:

3.  The hearing for the return of psychological evaluation will be held on March 08, 2022
    at 1:30 PM           .

4.  Upon presentation of this order, the relevant custodian of records shall provide (whether mailed, faxed, or
    personally delivered) to the Examiner all relevant records from the following sources: behavioral, chemical
    dependency, developmental disability, educational, employment, judicial, law enforcement (including
    audio/visual recordings), medical, probation/correction, psychological, and social service. A copy of the

HC 2926 (11/2021)

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 181

Case No. 27-CR-20-20037
State of MN vs TERRELL JOHNSON
Filing Type:   ·Order-Evaluation for Competency to Proceed (Rule 20.01)·
Filing Date:   **2022-01-19**
MCRO_27-CR-20-20037_Order-Evaluation for Competency to Proceed (Rule 20.01)_2022-01-19_20240430090145.pdf
File Hash:      62a20f12540a812c4b66133693748b5f8aac6f155285bc3de6889693bb9a983c
Page: 2 of 3      [ source file ]        [ .ots timestamp of source file ]        [ pdf signatures ]        [ metadata ]

records so requested shall be delivered to the Examiner within 96 hours of presentation of this order. Records that are faxed shall be sent to 612-348-3452. Mailed records should be sent to Hennepin County District Court, Psychological Services, 300 South Sixth Street, C-509 Government Center, Minneapolis, Minnesota 55487. All agencies maintaining the above-listed records may also communicate verbally with the requesting Examiner.

- **The Court specifically finds** good cause exists for authorizing the disclosure of the identified records, including chemical dependency records, because other ways of obtaining the information are not available or would not be effective, and the public interest and need for disclosure outweighs the potential injury to the patient, the physician/patient relationship and any chemical dependency treatment facility or organization holding records pertaining to Defendant.

5. During the preparation of the report, the Examiner and any employee of Community Corrections and Rehabilitation may discuss the case and share relevant information in a manner consistent with Minnesota Rules of Criminal Procedure, Minnesota Statutes and case law.

6. If a sex offender evaluation has been ordered and the defendant is a Repeat Sex Offender as defined in MN Statute 609.3457, Psychological Services is ordered to comply with both the requirements of § 609.3457 and the agreement with Minnesota State Operated Forensic Services.  A copy of any Repeat Sex Offender Report produced by Psychological Services shall be forwarded to the Court and the Commissioner of Corrections.

7. In the case of Rule 20 evaluations, the Examiner shall offer an opinion and support for the opinion on whether the defendant:
   a. Is suitable for civil commitment and the basis of the possible commitment.
   b. Is mentally ill and dangerous; and
   c. Needs immediate hospitalization.

8. In the case of Rule 20 evaluations, the Examiner shall promptly notify the prosecutor, defense attorney and the Court if the Examiner concludes that the defendant:
   a. Presents an imminent risk of serious danger to another,
   b. Is imminently suicidal, or
   c. Needs emergency intervention.

Dated: January 18, 2022

_____
Judge of District Court Signature
Julie Allyn

✓ Please scan and e-mail the order to **4ᵗʰ Psych Services Orders**.
✓ Please direct the prosecuting agency to forward a copy of the police report for each case to Psychological Services.
✓ If a defendant is to be released upon completion of the interview process, a Conditional Release Order must be filed giving that direction.

HC 2926 (11/2021)

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**Case No. 27-CR-20-20037**
State of MN vs TERRELL JOHNSON
Filing Type:    ·Order-Evaluation for Competency to Proceed (Rule 20.01)·
Filing Date:    **2022-01-19**
MCRO_27-CR-20-20037_Order-Evaluation for Competency to Proceed (Rule 20.01)_2022-01-19_20240430090145.pdf
File Hash:      62a20f12540a812c4b66133693748b5f8aac6f155285bc3de6889693bb9a983c
Page: 3 of 3     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]



**PSYCHOLOGICAL SERVICES**
**300 S. 6th Street, Suite C-509, Minneapolis MN 55487-0351 • (612) 348-3723 • FAX (612) 348-3452**

You have been ordered to participate in a psychological evaluation.
**A doctor will contact you to schedule your evaluation.**

Your evaluation will be at the Hennepin County Government Center,
located in downtown Minneapolis. The address is:

**Psychological Services 300
South Sixth Street
Hennepin County Government Center C
Tower, 5th Floor
Suite 509
Minneapolis, MN 55487
612-348-3723**

**If you are able to, please bring information from any past mental health
services you may have received, including facility names, locations,
provider names and medications.**

Take the "C" elevators to the 5th floor. **Psychological Services is located in
Suite C509**.

Please be aware security screening is in place at the Government
Center and you should allow an extra 10-15 minutes prior to your
appointment for this process.

HC 2926 (11/2021)

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 183**

**Case No. 27-CR-21-23233**
State of MN vs TERRELL JOHNSON
Filing Type:     ·Order-Evaluation for Competency to Proceed (Rule 20.01)·
Filing Date:     **2022-01-19**
MCRO_27-CR-21-23233_Order-Evaluation for Competency to Proceed (Rule 20.01)_2022-01-19_20240430084228.pdf
File Hash:      43d939bc70934973da77ed8732fae2cc45449dbe1ae48866d40abdcc58b484cd
Page: 1 of 3     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

---

State of Minnesota                                                              District Court

Hennepin County                                                        Fourth Judicial District

---

State of Minnesota,
                 Plaintiff,
v.                                                          Order to 4ᵗʰ Judicial District Court
                                                                Psychological Services
TERRELL JOHNSON,                                                        27-CR-21-23233
                 Defendant.     **27-CR-19-12466, 27-CR-19-19606, 27-CR-20-8926, 27-CR-20-20037, 27-CR-
                                         20-23781, 27-CR-21-19552, 27-CR-20-23605**

---

| Defendant Information | |
|---|---|
| Location: ☐ Out of Custody  ☒ In Custody  (_____) | |
| Phone: Home: 612-440-4268, Work: 952-292-1505, Cell: 952-687-9118_ | Date of Birth: 08/28/1979 |
| Email: TerrellJohnson818@gmail.com | SILS Identifier: 349836 |
| Home Address:  3840 BOONE AVE N  NEW HOPE MN  55427 | |
| Additional family/collateral contact number and instructions: | |

It is hereby ordered:
        ☒ For felony and gross misdemeanor cases, probable cause has been found.
        ☐ The defendant is to be released upon completion of the interview process.
        ☐ This is part of the targeted misdemeanor program.

1.  The Chief of Psychological Services of the Fourth Judicial District or the Chief's designee ("Examiner") shall
    conduct the following psychological evaluation, assessment and/or consultation regarding the defendant:
        ☒ Competency to participate in proceedings pursuant to Rule 20.01
        ☐ Mental state at the time of the alleged act pursuant to Rule 20.02 (M'Naghten Rule)
        ☐ Sex Offender Evaluation pursuant to Minnesota Statute § 609.3457
        ☐ Consultation (Pre-Plea/Pre-Sentence) _____
        ☐ Other (please specify) _____

2.  Copies of this evaluation shall be provided to the Court and the following individuals:
        Defense Counsel: RACHEL FURNISS KOWARSKI                        612-543-3071
        Prosecuting Attorney: WARSAME ALI KHALIF GALAYDH                651-335-7650
        Probation Officer:

3.  The hearing for the return of psychological evaluation will be held on March 08, 2022
    at 1:30 PM          .

4.  Upon presentation of this order, the relevant custodian of records shall provide (whether mailed, faxed, or
    personally delivered) to the Examiner all relevant records from the following sources: behavioral, chemical
    dependency, developmental disability, educational, employment, judicial, law enforcement (including
    audio/visual recordings), medical, probation/correction, psychological, and social service. A copy of the

HC 2926 (11/2021)

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 184**

Case No. 27-CR-21-23233
State of MN vs TERRELL JOHNSON
Filing Type:      ·Order-Evaluation for Competency to Proceed (Rule 20.01)·
Filing Date:     **2022-01-19**
MCRO_27-CR-21-23233_Order-Evaluation for Competency to Proceed (Rule 20.01)_2022-01-19_20240430084228.pdf
File Hash:       43d939bc70934973da77ed8732fae2cc45449dbe1ae48866d40abdcc58b484cd
Page: 2 of 3       [ source file ]          [ .ots timestamp of source file ]          [ pdf signatures ]          [ metadata ]

records so requested shall be delivered to the Examiner within 96 hours of presentation of this order. Records that are faxed shall be sent to 612-348-3452. Mailed records should be sent to Hennepin County District Court, Psychological Services, 300 South Sixth Street, C-509 Government Center, Minneapolis, Minnesota 55487. All agencies maintaining the above-listed records may also communicate verbally with the requesting Examiner.

- **The Court specifically finds** good cause exists for authorizing the disclosure of the identified records, including chemical dependency records, because other ways of obtaining the information are not available or would not be effective, and the public interest and need for disclosure outweighs the potential injury to the patient, the physician/patient relationship and any chemical dependency treatment facility or organization holding records pertaining to Defendant.

5. During the preparation of the report, the Examiner and any employee of Community Corrections and Rehabilitation may discuss the case and share relevant information in a manner consistent with Minnesota Rules of Criminal Procedure, Minnesota Statutes and case law.

6. If a sex offender evaluation has been ordered and the defendant is a Repeat Sex Offender as defined in MN Statute 609.3457, Psychological Services is ordered to comply with both the requirements of § 609.3457 and the agreement with Minnesota State Operated Forensic Services.  A copy of any Repeat Sex Offender Report produced by Psychological Services shall be forwarded to the Court and the Commissioner of Corrections.

7. In the case of Rule 20 evaluations, the Examiner shall offer an opinion and support for the opinion on whether the defendant:
   a.  Is suitable for civil commitment and the basis of the possible commitment.
   b.  Is mentally ill and dangerous; and
   c.  Needs immediate hospitalization.

8. In the case of Rule 20 evaluations, the Examiner shall promptly notify the prosecutor, defense attorney and the Court if the Examiner concludes that the defendant:
   a.  Presents an imminent risk of serious danger to another,
   b.  Is imminently suicidal, or
   c.  Needs emergency intervention.

Dated: January 18, 2022

_____
Judge of District Court Signature
Julie Allyn

✓  Please scan and e-mail the order to **4ᵗʰ Psych Services Orders**.
✓  Please direct the prosecuting agency to forward a copy of the police report for each case to Psychological Services.
✓  If a defendant is to be released upon completion of the interview process, a Conditional Release Order must be filed giving that direction.

HC 2926 (11/2021)

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 185

**Case No. 27-CR-21-23233**
State of MN vs TERRELL JOHNSON
Filing Type: ·Order-Evaluation for Competency to Proceed (Rule 20.01)·
Filing Date: **2022-01-19**
MCRO_27-CR-21-23233_Order-Evaluation for Competency to Proceed (Rule 20.01)_2022-01-19_20240430084228.pdf
File Hash: 43d939bc70934973da77ed8732fae2cc45449dbe1ae48866d40abdcc58b484cd
Page: 3 of 3    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

---



**MINNESOTA JUDICIAL BRANCH**

**FOURTH JUDICIAL DISTRICT • HENNEPIN COUNTY**

**PSYCHOLOGICAL SERVICES**
**300 S. 6th Street, Suite C-509, Minneapolis MN 55487-0351 • (612) 348-3723 • FAX (612) 348-3452**

You have been ordered to participate in a psychological evaluation.
**A doctor will contact you to schedule your evaluation.**

Your evaluation will be at the Hennepin County Government Center, located in downtown Minneapolis. The address is:

**Psychological Services 300
South Sixth Street
Hennepin County Government Center C
Tower, 5th Floor
Suite 509
Minneapolis, MN 55487
612-348-3723**

**If you are able to, please bring information from any past mental health services you may have received, including facility names, locations, provider names and medications.**

Take the "C" elevators to the 5th floor. **Psychological Services is located in Suite C509**.

Please be aware security screening is in place at the Government Center and you should allow an extra 10-15 minutes prior to your appointment for this process.

HC 2926 (11/2021)

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 186**

**Case No. 27-CR-22-10646**
State of MN vs LAMAR GLASS
Filing Type: ·Order-Evaluation for Competency to Proceed (Rule 20.01)·
Filing Date: **2022-08-10**
MCRO_27-CR-22-10646_Order-Evaluation for Competency to Proceed (Rule 20.01)_2022-08-10_20240429153000.pdf
File Hash: d7c556ecb0ddaf67c5b30061caa6006f6809411c35cdb470f17c02d563660779
Page: 1 of 3    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

---

| State of Minnesota | District Court |
|---|---|
| Hennepin County | Fourth Judicial District |

State of Minnesota,
      Plaintiff,
v.                                      Order to 4th Judicial District Court
                                          Psychological Services
LAMAR GLASS,                                 27-CR-22-10646
      Defendant.

| Defendant Information | | |
|---|---|---|
| Location: | ☐ Out of Custody    ☒ In Custody    (PSF) | |
| Phone: | Home: 952-220-7963 | Date of Birth: 12/15/1976 |
| Email: | | SILS Identifier: 260622 |
| Home Address: | 1811 GIRARD AVE N | |
| | MINNEAPOLIS MN 55412 | |
| Additional family/collateral contact number and instructions: | | |

It is hereby ordered:
    ☒ For felony and gross misdemeanor cases, probable cause has been found.
    ☐ The defendant is to be released upon completion of the interview process.
    ☐ This is part of the targeted misdemeanor program.

1. The Chief of Psychological Services of the Fourth Judicial District or the Chief's designee ("Examiner") shall conduct the following psychological evaluation, assessment and/or consultation regarding the defendant:
    ☒ Competency to participate in proceedings pursuant to Rule 20.01
    ☐ Mental state at the time of the alleged act pursuant to Rule 20.02 (M'Naghten Rule)
    ☐ Sex Offender Evaluation pursuant to Minnesota Statute § 609.3457
    ☐ Consultation (Pre-Plea/Pre-Sentence) _____
    ☐ Other (please specify) _____

2. Copies of this evaluation shall be provided to the Court and the following individuals:
    Defense Counsel: MATTHEW JOHN ELSEN            612-596-8798
    Prosecuting Attorney: ERIN COLLEEN STEPHENS       612-348-7103
    Probation Officer:

3. The hearing for the return of psychological evaluation will be held on September 13, 2022 at 1:30 PM     .

4. Upon presentation of this order, the relevant custodian of records shall provide (whether mailed, faxed, or personally delivered) to the Examiner all relevant records from the following sources: behavioral, chemical dependency, developmental disability, educational, employment, judicial, law enforcement (including audio/visual recordings), medical, probation/correction, psychological, and social service. A copy of the records so requested shall be delivered to the Examiner within 96 hours of presentation of this order. Records that are faxed shall be sent to 612-348-3452. Mailed records should be sent to Hennepin County District Court, Psychological Services, 300 South Sixth Street, C-509 Government Center, Minneapolis, Minnesota

HC 2926 (11/2021)

---

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**Case No. 27-CR-22-10646**
State of MN vs LAMAR GLASS
Filing Type: ·Order-Evaluation for Competency to Proceed (Rule 20.01)·
Filing Date: **2022-08-10**
MCRO_27-CR-22-10646_Order-Evaluation for Competency to Proceed (Rule 20.01)_2022-08-10_20240429153000.pdf
File Hash: d7c556ecb0ddaf67c5b30061caa6006f6809411c35cdb470f17c02d563660779
Page: 2 of 3    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

---

55487. All agencies maintaining the above-listed records may also communicate verbally with the requesting Examiner.

- **The Court specifically finds** good cause exists for authorizing the disclosure of the identified records, including chemical dependency records, because other ways of obtaining the information are not available or would not be effective, and the public interest and need for disclosure outweighs the potential injury to the patient, the physician/patient relationship and any chemical dependency treatment facility or organization holding records pertaining to Defendant.

5. During the preparation of the report, the Examiner and any employee of Community Corrections and Rehabilitation may discuss the case and share relevant information in a manner consistent with Minnesota Rules of Criminal Procedure, Minnesota Statutes and case law.

6. If a sex offender evaluation has been ordered and the defendant is a Repeat Sex Offender as defined in MN Statute 609.3457, Psychological Services is ordered to comply with both the requirements of § 609.3457 and the agreement with Minnesota State Operated Forensic Services. A copy of any Repeat Sex Offender Report produced by Psychological Services shall be forwarded to the Court and the Commissioner of Corrections.

7. In the case of Rule 20 evaluations, the Examiner shall offer an opinion and support for the opinion on whether the defendant:
   a. Is suitable for civil commitment and the basis of the possible commitment.
   b. Is mentally ill and dangerous; and
   c. Needs immediate hospitalization.

8. In the case of Rule 20 evaluations, the Examiner shall promptly notify the prosecutor, defense attorney and the Court if the Examiner concludes that the defendant:
   a. Presents an imminent risk of serious danger to another,
   b. Is imminently suicidal, or
   c. Needs emergency intervention.

Dated: August 10, 2022

_____
Judge of District Court Signature

- ✓ Please scan and e-mail the order to **4ᵗʰ Psych Services Orders**.
- ✓ Please direct the prosecuting agency to forward a copy of the police report for each case to Psychological Services.
- ✓ If a defendant is to be released upon completion of the interview process, a Conditional Release Order must be filed giving that direction.

HC 2926 (11/2021)

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 188**

**Case No. 27-CR-22-10646**
State of MN vs LAMAR GLASS
Filing Type: ·Order-Evaluation for Competency to Proceed (Rule 20.01)·
Filing Date: **2022-08-10**
MCRO_27-CR-22-10646_Order-Evaluation for Competency to Proceed (Rule 20.01)_2022-08-10_20240429153000.pdf
File Hash: d7c556ecb0ddaf67c5b30061caa6006f6809411c35cdb470f17c02d563660779
Page: 3 of 3    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]



**MINNESOTA JUDICIAL BRANCH**

FOURTH JUDICIAL DISTRICT • HENNEPIN COUNTY

**PSYCHOLOGICAL SERVICES**
300 S. 6ᵗʰ Street, Suite C-509, Minneapolis MN 55487-0351 • (612) 348-3723 • FAX (612) 348-3452

You have been ordered to participate in a psychological evaluation.
**A doctor will contact you to schedule your evaluation.**

Your evaluation will be at the Hennepin County Government Center, located in downtown Minneapolis. The address is:

**Psychological Services 300
South Sixth Street
Hennepin County Government Center C
Tower, 5th Floor
Suite 509
Minneapolis, MN 55487
612-348-3723**

**If you are able to, please bring information from any past mental health services you may have received, including facility names, locations, provider names and medications.**

Take the "C" elevators to the 5ᵗʰ floor. **Psychological Services is located in Suite C509.**

Please be aware security screening is in place at the Government Center and you should allow an extra 10-15 minutes prior to your appointment for this process.

HC 2926 (11/2021)

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 189**

**Case No. 27-CR-18-19274**
State of MN vs IFRAH ABDULL HASSAN
Filing Type:   ·Order-Evaluation for Competency to Proceed (Rule 20.01)·
Filing Date:   **2022-11-10**
MCRO_27-CR-18-19274_Order-Evaluation for Competency to Proceed (Rule 20.01)_2022-11-10_20240430093039.pdf
File Hash:     2e23948e56a88404856a15a8526a0f14987315552dc4f3118a233c261de1764c
Page: 1 of 3    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

---

| State of Minnesota | District Court |
|---|---|
| Hennepin County | Fourth Judicial District |

| | |
|---|---|
| State of Minnesota,<br>             Plaintiff,<br>v.<br><br>Ifrah Abdullahi Hassan,<br>             Defendant. | **Order to Fourth Judicial District Court Psychological Services**<br>27-CR-20-423<br>**27-CR-18-19274, 27-CR-21-5661** |

| Defendant Information |
|---|
| ☒ Out of Custody     ☐ In Custody – at Facility: _____ |
| Date of Birth: 10/21/1964          SILS Identifier: 431070 |
| Phone:        Home: UNKNOWN, Cell: 507-469-7213 |
| Email: |
| Current Address:   1419 CARNEY AVE<br>             1419 CARNEY AVENUE<br>             MANKATO MN  56001<br>             ☐ Confirmed address with Defendant |
| Additional family/collateral contact number and instructions: |

It is hereby ordered:

     [x] For felony and gross misdemeanor cases, probable cause has been found.
     ☐ The defendant is to be released upon completion of the interview process.
     ☐ This is part of the targeted misdemeanor program.

1.  The Chief of Psychological Services of the Fourth Judicial District or the Chief's designee ("Examiner") shall conduct the following psychological evaluation, assessment and/or consultation regarding the defendant:
         ☒ Competency to participate in proceedings pursuant to Rule 20.01
         ☐ Mental state at the time of the alleged act pursuant to Rule 20.02 (M'Naghten Rule)
         ☐ Sex Offender Evaluation pursuant to Minnesota Statute § 609.3457
         ☐ Repeat Sex Offender Evaluation pursuant to Minnesota Statute § 609.3457
         ☐ Consultation (Pre-Sentence) _____
         ☐ Other (please specify) _____

2.  Copies of this evaluation shall be provided to the Court and the following individuals:

    Defense Attorney: LISA ELLEN SKRZECZKOSKI       Phone:   612-596-1801
    Prosecuting Attorney: JABARI JAKSONI BARNER       Phone:
    Probation Officer:                                               Phone:

3.  The hearing for the return of the psychological evaluation will be held on January 17, 2023 at 1:30 PM.

HC 2926 (10/2022)

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**Case No. 27-CR-18-19274**
State of MN vs IFRAH ABDULL HASSAN
Filing Type:   ·Order-Evaluation for Competency to Proceed (Rule 20.01)·
Filing Date:   **2022-11-10**
MCRO_27-CR-18-19274_Order-Evaluation for Competency to Proceed (Rule 20.01)_2022-11-10_20240430093039.pdf
File Hash:     2e23948e56a88404856a15a8526a0f14987315552dc4f3118a233c261de1764c
Page: 2 of 3     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

4.  Upon presentation of this order, the relevant custodian of records shall provide (whether mailed, faxed, or personally delivered) to the Examiner all relevant records from the following sources: behavioral, chemical dependency, developmental disability, educational, employment, judicial, law enforcement (including audio/visual recordings), medical, probation/correction, psychological, and social service. A copy of the records so requested shall be delivered to the Examiner within 96 hours of presentation of this order. Records that are faxed shall be sent to 612-348-3452. Mailed records should be sent to Hennepin County District Court, Psychological Services, 300 South Sixth Street, C-509 Government Center, Minneapolis, Minnesota 55487. All agencies maintaining the above-listed records may also communicate verbally with the requesting Examiner.

    - **The Court specifically finds** good cause exists for authorizing the disclosure of the identified records, including chemical dependency records, because other ways of obtaining the information are not available or would not be effective, and the public interest and need for disclosure outweighs the potential injury to the patient, the physician/patient relationship and any chemical dependency treatment facility or organization holding records pertaining to Defendant.

5.  During the preparation of the report, the Examiner and any employee of Community Corrections and Rehabilitation may discuss the case and share relevant information in a manner consistent with Minnesota Rules of Criminal Procedure, Minnesota Statutes, and case law.

6.  If a sex offender evaluation has been ordered and the defendant is a Repeat Sex Offender as defined in Minnesota Statute § 609.3457, Psychological Services is ordered to comply with both the requirements of §609.3457 and the agreement with Minnesota State Operated Forensic Services.  A copy of any Repeat Sex Offender Report produced by Psychological Services shall be forwarded to the Court and the Commissioner of Corrections.

7.  In the case of Rule 20 evaluations, the Examiner shall offer in the report an opinion and support for the opinion on whether the defendant:
    a.  Is suitable to refer for consideration of civil commitment and the basis of the possible commitment,
    b.  May be mentally ill and dangerous, and
    c.  Needs immediate hospitalization.

8.  In the case of Rule 20 evaluations, the Examiner shall promptly notify the prosecutor, defense attorney and the Court if the Examiner concludes that the defendant:
    a.  Presents an imminent risk of serious danger to another,
    b.  May be imminently suicidal, or
    c.  Needs emergency intervention.

Dated: November 10, 2022                                    _____
                                                                     William H. Koch
                                                                  District Court Judge

✓  Please scan and e-mail the order to: **4ᵗʰ Psych Services Orders**.
✓  Please direct the prosecuting agency to forward a copy of the police report for each case to Psychological Services.
✓  If a defendant is to be released upon completion of the interview process, a Conditional Release Order must be filed giving that direction.

HC 2926 (10/2022)

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 191**

**Case No. 27-CR-18-19274**
State of MN vs IFRAH ABDULL HASSAN
Filing Type:      ·Order-Evaluation for Competency to Proceed (Rule 20.01)·
Filing Date:     **2022-11-10**
MCRO_27-CR-18-19274_Order-Evaluation for Competency to Proceed (Rule 20.01)_2022-11-10_20240430093039.pdf
File Hash:       2e23948e56a88404856a15a8526a0f14987315552dc4f3118a233c261de1764c
Page: 3 of 3        [ source file ]        [ .ots timestamp of source file ]        [ pdf signatures ]        [ metadata ]



**MINNESOTA JUDICIAL BRANCH**
FOURTH JUDICIAL DISTRICT • HENNEPIN COUNTY

**PSYCHOLOGICAL SERVICES**
**300 S. 6ᵗʰ Street, Suite C-509, Minneapolis MN 55487-0351 • (612) 348-3723 • FAX (612) 348-3452**

You have been ordered to participate in a psychological evaluation.
**A doctor will contact you to schedule your evaluation.**

Many evaluations are now completed in a non-contact office at the Hennepin
County Government Center, located in downtown Minneapolis. The address is:

**Psychological Services**
**Hennepin County Government Center**
**300 South Sixth Street**
**C Tower, 5th Floor**
**Suite 509**
**Minneapolis, MN 55487**
**612-348-3723**

Please be aware security screening is in place at the Government Center and you should
allow an extra 10-15 minutes prior to your appointment for this process.

Health screening questions will be asked when you check in for your evaluation, and
individuals with COVID-19 symptoms will be rescheduled. **Anyone experiencing COVID-19 symptoms should not come to an in-person appointment but should call the examiner as soon as possible.** Everyone needs to follow current rules for wearing a face
covering.

Some evaluations are being completed by video technology. The decision about how an
evaluation is completed will be made by the assigned examiner based upon a number of
factors. **Please, do not assume evaluations can be completed by video technology.**

If you are not contacted by the assigned examiner at least two weeks prior to the return
hearing, you should call 612-348-3723.

HC 2926 (10/2022)

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**Case No. 27-CR-20-423**
State of MN vs Ifrah Abdullahi Hassan
Filing Type:  ·Order-Evaluation for Competency to Proceed (Rule 20.01)·
Filing Date:  **2022-11-10**
MCRO_27-CR-20-423_Order-Evaluation for Competency to Proceed (Rule 20.01)_2022-11-10_20240430084800.pdf
File Hash:    f6c41597be4175227ba9c8869dd7f33746239b63018208800d8f65b70b0ea69b
Page: 1 of 3    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

| State of Minnesota | District Court |
|---|---|
| Hennepin County | Fourth Judicial District |

| State of Minnesota,<br>                Plaintiff,<br>v.<br><br>Ifrah Abdullahi Hassan,<br>                Defendant. | **Order to Fourth Judicial District Court<br>Psychological Services**<br>27-CR-20-423<br>**27-CR-18-19274, 27-CR-21-5661** |
|---|---|

| Defendant Information |
|---|
| ☒ Out of Custody    ☐ In Custody – at Facility: _____ |
| Date of Birth: 10/21/1964                    SILS Identifier: 431070 |
| Phone:        Home: UNKNOWN, Cell: 507-469-7213 |
| Email: |
| Current Address:    1419 CARNEY AVE<br>                    1419 CARNEY AVENUE<br>                    MANKATO MN  56001<br>                    ☐ Confirmed address with Defendant |
| Additional family/collateral contact number and instructions: |

It is hereby ordered:

       [x] For felony and gross misdemeanor cases, probable cause has been found.

       ☐ The defendant is to be released upon completion of the interview process.

       ☐ This is part of the targeted misdemeanor program.

1.  The Chief of Psychological Services of the Fourth Judicial District or the Chief's designee ("Examiner") shall conduct the following psychological evaluation, assessment and/or consultation regarding the defendant:

       ☒ Competency to participate in proceedings pursuant to Rule 20.01

       ☐ Mental state at the time of the alleged act pursuant to Rule 20.02 (M'Naghten Rule)

       ☐ Sex Offender Evaluation pursuant to Minnesota Statute § 609.3457

       ☐ Repeat Sex Offender Evaluation pursuant to Minnesota Statute § 609.3457

       ☐ Consultation (Pre-Sentence) _____

       ☐ Other (please specify) _____

2.  Copies of this evaluation shall be provided to the Court and the following individuals:

       Defense Attorney: LISA ELLEN SKRZECZKOSKI    Phone:   612-596-1801
       Prosecuting Attorney: JABARI JAKSONI BARNER    Phone:
       Probation Officer:    Phone:

3.  The hearing for the return of the psychological evaluation will be held on January 17, 2023 at 1:30 PM.

HC 2926 (10/2022)

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 193**

**Case No. 27-CR-20-423**

State of MN vs Ifrah Abdullahi Hassan

Filing Type:    ·Order-Evaluation for Competency to Proceed (Rule 20.01)·
Filing Date:    **2022-11-10**
MCRO_27-CR-20-423_Order-Evaluation for Competency to Proceed (Rule 20.01)_2022-11-10_20240430084800.pdf
File Hash:    f6c41597be4175227ba9c8869dd7f33746239b63018208800d8f65b70b0ea69b
Page: 2 of 3    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

4.   Upon presentation of this order, the relevant custodian of records shall provide (whether mailed, faxed, or personally delivered) to the Examiner all relevant records from the following sources: behavioral, chemical dependency, developmental disability, educational, employment, judicial, law enforcement (including audio/visual recordings), medical, probation/correction, psychological, and social service. A copy of the records so requested shall be delivered to the Examiner within 96 hours of presentation of this order. Records that are faxed shall be sent to 612-348-3452. Mailed records should be sent to Hennepin County District Court, Psychological Services, 300 South Sixth Street, C-509 Government Center, Minneapolis, Minnesota 55487. All agencies maintaining the above-listed records may also communicate verbally with the requesting Examiner.

  - **The Court specifically finds** good cause exists for authorizing the disclosure of the identified records, including chemical dependency records, because other ways of obtaining the information are not available or would not be effective, and the public interest and need for disclosure outweighs the potential injury to the patient, the physician/patient relationship and any chemical dependency treatment facility or organization holding records pertaining to Defendant.

5.   During the preparation of the report, the Examiner and any employee of Community Corrections and Rehabilitation may discuss the case and share relevant information in a manner consistent with Minnesota Rules of Criminal Procedure, Minnesota Statutes, and case law.

6.   If a sex offender evaluation has been ordered and the defendant is a Repeat Sex Offender as defined in Minnesota Statute § 609.3457, Psychological Services is ordered to comply with both the requirements of §609.3457 and the agreement with Minnesota State Operated Forensic Services.  A copy of any Repeat Sex Offender Report produced by Psychological Services shall be forwarded to the Court and the Commissioner of Corrections.

7.   In the case of Rule 20 evaluations, the Examiner shall offer in the report an opinion and support for the opinion on whether the defendant:
  a.   Is suitable to refer for consideration of civil commitment and the basis of the possible commitment,
  b.   May be mentally ill and dangerous, and
  c.   Needs immediate hospitalization.

8.   In the case of Rule 20 evaluations, the Examiner shall promptly notify the prosecutor, defense attorney and the Court if the Examiner concludes that the defendant:
  a.   Presents an imminent risk of serious danger to another,
  b.   May be imminently suicidal, or
  c.   Needs emergency intervention.

Dated: November 10, 2022                            _____

William H. Koch
District Court Judge

✓   Please scan and e-mail the order to: 4th Psych Services Orders.

✓   Please direct the prosecuting agency to forward a copy of the police report for each case to Psychological Services.

✓   If a defendant is to be released upon completion of the interview process, a Conditional Release Order must be filed giving that direction.

HC 2926 (10/2022)

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 194**

**Case No. 27-CR-20-423**
State of MN vs Ifrah Abdullahi Hassan
Filing Type:  ·Order-Evaluation for Competency to Proceed (Rule 20.01)·
Filing Date:  **2022-11-10**
MCRO_27-CR-20-423_Order-Evaluation for Competency to Proceed (Rule 20.01)_2022-11-10_20240430084800.pdf
File Hash:  f6c41597be4175227ba9c8869dd7f33746239b63018208800d8f65b70b0ea69b
Page: 3 of 3    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]



**MINNESOTA JUDICIAL BRANCH**
FOURTH JUDICIAL DISTRICT • HENNEPIN COUNTY

**PSYCHOLOGICAL SERVICES**
**300 S. 6th Street, Suite C-509, Minneapolis MN 55487-0351 • (612) 348-3723 • FAX (612) 348-3452**

You have been ordered to participate in a psychological evaluation.
**A doctor will contact you to schedule your evaluation.**

Many evaluations are now completed in a non-contact office at the Hennepin County Government Center, located in downtown Minneapolis. The address is:

**Psychological Services**
**Hennepin County Government Center**
**300 South Sixth Street**
**C Tower, 5th Floor**
**Suite 509**
**Minneapolis, MN 55487**
**612-348-3723**

Please be aware security screening is in place at the Government Center and you should allow an extra 10-15 minutes prior to your appointment for this process.

Health screening questions will be asked when you check in for your evaluation, and individuals with COVID-19 symptoms will be rescheduled. **Anyone experiencing COVID-19 symptoms should not come to an in-person appointment but should call the examiner as soon as possible.** Everyone needs to follow current rules for wearing a face covering.

Some evaluations are being completed by video technology. The decision about how an evaluation is completed will be made by the assigned examiner based upon a number of factors. **Please, do not assume evaluations can be completed by video technology.**

If you are not contacted by the assigned examiner at least two weeks prior to the return hearing, you should call 612-348-3723.

HC 2926 (10/2022)

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**Case No. 27-CR-22-18789**
State of MN vs MOLLY ANNE PRICE
Filing Type: ·Order-Evaluation for Competency to Proceed (Rule 20.01)·
Filing Date: **2022-12-29**
MCRO_27-CR-22-18789_Order-Evaluation for Competency to Proceed (Rule 20.01)_2022-12-29_20240429162252.pdf
File Hash: fbdb5a5ba7ad336ff2fe2a25cfc03d2d0f3a23212cc9627583844d45c56e59c9
Page: 1 of 2 [ source file ] [ .ots timestamp of source file ] [ pdf signatures ] [ metadata ]

---

STATE OF MINNESOTA                                     DISTRICT COURT

COUNTY OF HENNEPIN                           FOURTH JUDICIAL DISTRICT

---

State of Minnesota,
                   Plaintiff,
                                             **Order to Fourth Judicial District Court**
v.                                                   **Psychological Services**
                                                     27-CR-**22-18789**

Molly Anne Price,
                   Defendant.

---

| Defendant Information | | |
|---|---|---|
| ☒ Out of Custody | ☐ In Custody – at Facility: | |
| Date of Birth: | 07/17/1987 | SILS Identifier: |
| Phone: | 952-666-9591 | |
| Email: | mollybjj@gmail.com | |
| Current Address: | 3116 Girard Ave. S. Apt. 104, Minneapolis, MN 55408-2742 | |
| | ☐ Confirmed address with Defendant | |
| Additional family/collateral contact number and instructions: | | |

It is hereby ordered:
    ☒ For felony and gross misdemeanor cases, probable cause has been found.
    ☐ The defendant is to be released upon completion of the interview process.
    ☐ This is part of the targeted misdemeanor program.

1. The Chief of Psychological Services of the Fourth Judicial District or the Chief's designee ("Examiner") shall conduct the following psychological evaluation, assessment and/or consultation regarding the defendant:
    ☒ Competency to participate in proceedings pursuant to Rule 20.01
    ☒ Mental state at the time of the alleged act pursuant to Rule 20.02 (M'Naghten Rule)
    ☐ Sex Offender Evaluation pursuant to Minnesota Statute § 609.3457
    ☐ Repeat Sex Offender Evaluation pursuant to Minnesota Statute § 609.3457
    ☐ Consultation (Pre-Sentence) _____
    ☐ Other (please specify) _____

2. Copies of this evaluation shall be provided to the Court and the following individuals:

    Defense Attorney:      Doug Myren          Phone:    612-348-6373
    Prosecuting Attorney:   Erin Stephens        Phone:    612-348-7103
    Probation Officer:                   Phone:

3. The hearing for the return of the psychological evaluation will be held on <u>January 30</u> at <u>11:00am</u>.

HC 2926 (10/2022)

---

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 196

**Case No. 27-CR-22-18789**
State of MN vs MOLLY ANNE PRICE
Filing Type:  ·Order-Evaluation for Competency to Proceed (Rule 20.01)·
Filing Date:  **2022-12-29**
MCRO_27-CR-22-18789_Order-Evaluation for Competency to Proceed (Rule 20.01)_2022-12-29_20240429162252.pdf
File Hash:  fbdb5a5ba7ad336ff2fe2a25cfc03d2d0f3a23212cc9627583844d45c56e59c9
Page: 2 of 2   [ source file ]   [ .ots timestamp of source file ]   [ pdf signatures ]   [ metadata ]

4. Upon presentation of this order, the relevant custodian of records shall provide (whether mailed, faxed, or personally delivered) to the Examiner all relevant records from the following sources: behavioral, chemical dependency, developmental disability, educational, employment, judicial, law enforcement (including audio/visual recordings), medical, probation/correction, psychological, and social service. <u>A copy of the records so requested shall be delivered to the Examiner within 96 hours of presentation of this order</u>. Records that are faxed shall be sent to 612-348-3452. Mailed records should be sent to Hennepin County District Court, Psychological Services, 300 South Sixth Street, C-509 Government Center, Minneapolis, Minnesota 55487. All agencies maintaining the above-listed records may also communicate verbally with the requesting Examiner.

- **The Court specifically finds** good cause exists for authorizing the disclosure of the identified records, including chemical dependency records, because other ways of obtaining the information are not available or would not be effective, and the public interest and need for disclosure outweighs the potential injury to the patient, the physician/patient relationship and any chemical dependency treatment facility or organization holding records pertaining to Defendant.

5. During the preparation of the report, the Examiner and any employee of the Department of Community Corrections and Rehabilitation may discuss the case and share relevant information in a manner consistent with the Minnesota Rules of Criminal Procedure, Minnesota Statutes, and case law.

6. If a sex offender evaluation has been ordered and the defendant is a Repeat Sex Offender as defined in Minnesota Statute § 609.3457, Psychological Services is ordered to comply with both the requirements of § 609.3457 and the agreement with Minnesota State Operated Forensic Services. A copy of any Repeat Sex Offender Report produced by Psychological Services shall be forwarded to the Court and the Commissioner of Corrections.

7. In the case of Rule 20 evaluations, the Examiner shall offer in the report an opinion and support for the opinion on whether the defendant:
   a. Is suitable to refer for consideration of civil commitment and the basis of the possible commitment,
   b. May be mentally ill and dangerous, and
   c. Needs immediate hospitalization.

8. In the case of Rule 20 evaluations, the Examiner shall promptly notify the prosecutor, defense attorney and the Court if the Examiner concludes the defendant:
   a. Presents an imminent risk of serious danger to another,
   b. May be imminently suicidal, or
   c. Needs emergency intervention.

<u>December 27, 2022</u>
Dated

_____
Michael E. Burns
District Court Judge

✓  Please scan and e-mail the order to:  <u>4th Psych Services Orders</u>.
✓  Please direct the prosecuting agency to forward a copy of the police report for each case to Psychological Services.
✓  If a defendant is to be released upon completion of the interview process, a Conditional Release Order must be filed giving that direction.

HC 2926 (10/2022)

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 197**

**Case No. 27-CR-22-25151**
State of MN vs NICOLE LORETTA KELM
Filing Type:   ·Order-Evaluation for Competency to Proceed (Rule 20.01)·
Filing Date:   **2023-10-18**
MCRO_27-CR-22-25151_Order-Evaluation for Competency to Proceed (Rule 20.01)_2023-10-18_20240429164607.pdf
File Hash:     f72b2c6ef186d09c066546c62f6eb8acf34445a7be970d5439ca1761d8b553bb
Page: 1 of 3     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

State of Minnesota

District Court

Hennepin County

Fourth Judicial District

State of Minnesota,
        Plaintiff,

v.

NICOLE LORETTA KELM,
        Defendant.

**Order to Fourth Judicial District Court
Psychological Services**
27-CR-22-25151

| Defendant Information | | |
|---|---|---|
| ☐ Out of Custody | ☑ In Custody – at Facility: | PSF / hennepin ·vs |

Date of Birth: 10/17/1985
Phone:   Cell: 612-588-0806
Email:
Current Address:   3656 Dupont AVE
           MINNEAPOLIS MN 55412
           ☐ Confirmed address with Defendant
Additional family/collateral contact number and instructions:

SILS Identifier: 663563

It is hereby ordered:
    ☑ For felony and gross misdemeanor cases, probable cause has been found.
    ☑ The defendant is to be released upon completion of the interview process.
    ☐ This is part of the targeted misdemeanor program.

1.  The Chief of Psychological Services of the Fourth Judicial District or the Chief's designee ("Examiner") shall conduct the following psychological evaluation, assessment and/or consultation regarding the defendant:
    ☑ Competency to participate in proceedings pursuant to Rule 20.01
    ☐ Mental state at the time of the alleged act pursuant to Rule 20.02 (M'Naghten Rule)
    ☐ Sex Offender Evaluation (psychosexual) pursuant to Minnesota Statute § 609.3457
    ☐ Repeat Sex Offender Evaluation pursuant to Minnesota Statute § 609.3457
    ☐ Consultation (Pre-Sentence) _____
    ☐ Other (please specify) _____

2.  Copies of this evaluation shall be provided to the Court and the following individuals:

    Defense Attorney: AMANDA JEAN BRODHAG    Phone:   612-348-6419
    Prosecuting Attorney: JOSHUA IRVING LUGER    Phone:
                                Phone:

3.  The hearing for the return of the psychological evaluation will be held on November 28, 2023 at 1:30 PM.

HC 2926 (07/2023)

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 198

**Case No. 27-CR-22-25151**
State of MN vs NICOLE LORETTA KELM
Filing Type:      ·Order-Evaluation for Competency to Proceed (Rule 20.01)·
Filing Date:      **2023-10-18**
MCRO_27-CR-22-25151_Order-Evaluation for Competency to Proceed (Rule 20.01)_2023-10-18_20240429164607.pdf
File Hash:       f72b2c6ef186d09c066546c62f6eb8acf34445a7be970d5439ca1761d8b553bb
Page: 2 of 3      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

4.  Upon presentation of this order, the relevant custodian of records shall provide (whether mailed, faxed, or personally delivered) to the Examiner all relevant records from the following sources: behavioral, chemical dependency, developmental disability, educational, employment, judicial, law enforcement (including audio/visual recordings), medical, probation/correction, psychological, and social service. A copy of the records so requested shall be delivered to the Examiner within 96 hours of presentation of this order. Records that are faxed shall be sent to 612-348-3452. Mailed records should be sent to Hennepin County District Court, Psychological Services, 300 South Sixth Street, C-509 Government Center, Minneapolis, Minnesota 55487. All agencies maintaining the above-listed records may also communicate verbally with the requesting Examiner.

    -   **The Court specifically finds** good cause exists for authorizing the disclosure of the identified records, including chemical dependency records, because other ways of obtaining the information are not available or would not be effective, and the public interest and need for disclosure outweighs the potential injury to the patient, the physician/patient relationship and any chemical dependency treatment facility or organization holding records pertaining to Defendant.

5.  During the preparation of the report, the Examiner and any employee of Community Corrections and Rehabilitation may discuss the case and share relevant information in a manner consistent with Minnesota Rules of Criminal Procedure, Minnesota Statutes, and case law.

6.  If a sex offender evaluation has been ordered and the defendant is a Repeat Sex Offender as defined in Minnesota Statute § 609.3457, Psychological Services is ordered to comply with both the requirements of §609.3457 and the agreement with Minnesota State Operated Forensic Services. A copy of any Repeat Sex Offender Report produced by Psychological Services shall be forwarded to the Court and the Commissioner of Corrections.

7.  In the case of Rule 20 evaluations, the Examiner shall offer in the report an opinion and support for the opinion on whether the defendant:
    a.  Is suitable to refer for consideration of civil commitment and the basis of the possible commitment,
    b.  May be mentally ill and dangerous, and
    c.  Needs immediate hospitalization.

8.  In the case of Rule 20 evaluations, the Examiner shall promptly notify the prosecutor, defense attorney and the Court if the Examiner concludes that the defendant:
    a.  Presents an imminent risk of serious danger to another,
    b.  May be imminently suicidal, or
    c.  Needs emergency intervention.

Dated: October 16, 2023                        _____
                                               Michael E. Burns
                                               District Court Judge

✓  Please direct the prosecuting agency to forward a copy of the police report for each case to Psychological Services.
✓  If a defendant is to be released upon completion of the interview process, a Conditional Release Order must be filed giving that direction.

HC 2926 (07/2023)

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**Case No. 27-CR-22-25151**
State of MN vs NICOLE LORETTA KELM
Filing Type:   ·Order-Evaluation for Competency to Proceed (Rule 20.01)·
Filing Date:   **2023-10-18**
MCRO_27-CR-22-25151_Order-Evaluation for Competency to Proceed (Rule 20.01)_2023-10-18_20240429164607.pdf
File Hash:     f72b2c6ef186d09c066546c62f6eb8acf34445a7be970d5439ca1761d8b553bb
Page: 3 of 3      [ source file ]        [ .ots timestamp of source file ]        [ pdf signatures ]        [ metadata ]



**MINNESOTA JUDICIAL BRANCH**

FOURTH JUDICIAL DISTRICT • HENNEPIN COUNTY

REGIONAL PSYCHOLOGICAL SERVICES
300 S. 6th Street, Suite C-509, Minneapolis MN 55487-0351 • (612) 540-7303 • FAX (612) 348-3452

You have been ordered to participate in a psychological evaluation.
**A representative from Regional Psychological Services will contact you to schedule your evaluation.**

Many evaluations are now completed in a non-contact office at the Hennepin County Government Center, located in downtown Minneapolis. The address is:

**Regional Psychological Services
Hennepin County Government Center
300 South Sixth Street
C Tower, 5th Floor
Suite 509
Minneapolis, MN 55487
612-540-7303**

Please be aware security screening is in place at the Government Center and you should allow an extra 10-15 minutes prior to your appointment for this process.

Some evaluations are being completed by video technology. The decision about how an evaluation is completed will be made by the assigned examiner based upon a number of factors. **Please, do not assume evaluations can be completed by video technology.**

If you are not contacted by a representative at least two weeks prior to the return hearing, you should call 612-540-7303.

HC 2926 (07/2023)

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 200**

Case No. 27-CR-17-22909
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:    ·Order-Other·
Filing Date:    **2017-09-13**
MCRO_27-CR-17-22909_Order-Other_2017-09-13_20240430093736.pdf
File Hash:    894574504cbd48c0b78656cc64ff31db7c6f3a166469e5dde4b1282f3155542b
Page: 1 of 3    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

| | | |
|---|---|---|
| State of Minnesota, | ) | **FINDINGS OF FACT** |
| | ) | **CONCLUSIONS OF LAW** |
| Plaintiff, | ) | **AND ORDER INCLUDING** |
| | ) | **PETITION FOR** |
| vs. | ) | **JUDICIAL COMMITMENT** |
| | ) | |
| Michael Adrian Wesley, | ) | MNCIS No:  27-CR-17-22909 |
| | ) | |
| Defendant. | ) | |

\* \* \* \* \* \* \* \*

This matter was charged on September 12, 2017, and a complaint was issued as a warrant. Parties waived a hearing and appearance on the matter. Pursuant to the evidence adduced at the hearing and upon all of the files, records, and proceedings herein, the Court makes the following:

### FINDINGS OF FACT

1. The Defendant was born March 15, 1991; the Defendant is not a Veteran; and Defendant's nearest kindred is his aunt.

2. Defendant was charged with Assault in the Fourth Degree (Felony) from an offense date of July 14, 2017.  On September 13, 2017, Judge Lamas found probable cause to believe that the crime was committed and that Defendant committed it.

3. On January 20, 2017, Judge Jay Quam of the Fourth Judicial District ordered an examination of the Defendant's mental condition pursuant to Minn.R.Crim.P. 20.01 in.

4. In a report to the Court in MNCIS Case No. 27-CR-17-1555 and MNCIS Case No. 27-CR-17-8342, Kristen Otte, Psy.D., LP, Senior Clinical Forensic Psychologist, Regional

Url 1: link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
Url 4: drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 201**

Case No. 27-CR-17-22909
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:    ·Order-Other·
Filing Date:    **2017-09-13**
MCRO_27-CR-17-22909_Order-Other_2017-09-13_20240430093736.pdf
File Hash:    894574504cbd48c0b78656cc64ff31db7c6f3a166469e5dde4b1282f3155542b
Page: 2 of 3    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

Psychological Services, has determined that the Defendant may be mentally ill or mentally deficient so as to be incompetent to stand trial.

5. On February 21, 2017, Judge Lamas of the Fourth Judicial District Court found the defendant mentally ill or mentally deficient so as to be incompetent to stand trial.

6. Defendant was committed to the Minnesota Security Hospital, Saint Peter, as mentally ill and dangerous on July 27, 2017.

## CONCLUSIONS OF LAW

Defendant is presently incompetent to stand trial.

## ORDER

1. The Criminal proceedings are hereby suspended until the Defendant has returned to a competent state of mind.

2. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filed with the Court within ten days of the date of service.

3. The undersigned shall file this Order with the Fourth Judicial District Court – Criminal Division and the following persons/agencies shall be served with electronic copies of the Order:

    a.  Fourth Judicial District Court – Mental Health Division;

    b.  Hennepin County Attorney's Office – Mental Health Division;

    c.  Hennepin County Attorney's Office – Criminal Division;

    d.  Kellie Charles, Assistant Hennepin County Public Defender; and

    e.  Hennepin County Pre-petition Screening Unit.

4. The Defendant's next review date in Hennepin County District Court – Criminal Division on the criminal matter and status review of Rule 20, Minn.R.Crim.P. is

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 202

Case No. 27-CR-17-22909
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:    ·Order-Other·
Filing Date:    **2017-09-13**
MCRO_27-CR-17-22909_Order-Other_2017-09-13_20240430093736.pdf
File Hash:      894574504cbd48c0b78656cc64ff31db7c6f3a166469e5dde4b1282f3155542b
Page: 3 of 3      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

October 31, 2017. One week prior to that date, reports regarding Defendant's competency and mental status shall be e-filed and e-served to:

    a.  Fourth Judicial District Court – 4thCriminalRule20 email list;

    b.  Kellie Charles, Assistant Hennepin County Public Defender;

    c.  Sarah Hilleren, Assistant Hennepin County Attorney;

    d.  Hennepin County Attorney – Mental Health Section; and

    e.  The Commitment Defense Panel attorney appointed to represent Defendant by the Fourth Judicial District Court – Probate/Mental Health Division.

BY THE COURT:

DATED:  September 13, 2017

_____
Carolina A. Lamas
Judge of District Court
Fourth Judicial District

Attachments:  Examiner's Report
Police Reports
Complaints

3

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 203**

**Case No. 27-CR-18-19274**
State of MN vs IFRAH ABDULL HASSAN
Filing Type: ·Order-Other·
Filing Date: **2018-08-28**
MCRO_27-CR-18-19274_Order-Other_2018-08-28_20240430093110.pdf
File Hash: 567f0d5cf3f5aa2761903fdeaffdaf6fb27a0fa988439a2c4892686db1ce347b
Page: 1 of 3    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

State of Minnesota,

                Plaintiff,

vs.

Ifrah Abdull Hassan,

                Defendant.

)
)
)
)
)
)
)
)
)

**FINDINGS OF FACT
CONCLUSIONS OF LAW
AND ORDER INCLUDING
PETITION FOR
JUDICIAL COMMITMENT**

MNCIS No: 27-CR-15-2265;
27-CR-18-19274

* * * * * * * *

    This matter came on for hearing before the undersigned Judge on August 28, 2018; Elizabeth Beltaos, Assistant Hennepin County Attorney, represented the plaintiff on the felony. The Defendant appeared with counsel, Lisa Skrzeczkoski, of the Hennepin County Defender's Office. Pursuant to the evidence adduced at the hearing and upon all of the files, records, and proceedings herein, the Court makes the following:

**FINDINGS OF FACT**

1. The Defendant was born on October 21, 1964, is homeless; defendant is not a Veteran; and Defendant's nearest kindred is/are unknown.

2. The defendant is located in custody at the Hennepin County Adult Detention Center.

3. Defendant was charged with Terroristic Threats (Felony) from an offense date of June 27, 2018. On August 10, 2018, Judge William Koch found probable cause to believe that the felonies were committed and that Defendant committed them. Copies of the complaint and police reports are incorporated by reference and made part of this Order.

4. On August 10, 2018, Judge William Koch ordered Psychological Services of Hennepin County District Court, to conduct an examination and make an evaluation of the Defendant's mental condition pursuant to Minn.R.Crim.P. 20.01.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 204**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

**Case No. 27-CR-18-19274**
State of MN vs IFRAH ABDULL HASSAN
Filing Type:   ·Order-Other·
Filing Date:   **2018-08-28**
MCRO_27-CR-18-19274_Order-Other_2018-08-28_20240430093110.pdf
File Hash:      567f0d5cf3f5aa2761903fdeaffdaf6fb27a0fa988439a2c4892686db1ce347b
Page: 2 of 3      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

5. In a report to the Court, attached and incorporated herein, Click here to enter text., Psy.D, ABPP, LP, Psychological Services of Hennepin County District Court, has determined that the Defendant is mentally ill so as to be incompetent to stand trial.

### CONCLUSION OF LAW

Defendant is presently incompetent to stand trial. The misdemeanor charge must be dismissed pursuant to Rule 20.01.

### ORDER

1. Defendant's civil commitment shall continue in accordance with Minnesota Rule of Criminal Procedure 20.01, subdivision 6(b)(1). The civil court should determine whether to add safe and secure language to the commitment and begin competency restoration programming.

2. The Criminal proceedings are hereby suspended until the Defendant has returned to a competent state of mind.

3. Copies of this Order shall be served upon counsel for the parties and any objections to this Order shall be filled with Court within ten days of the date of service.

4. The undersigned shall file this Order with the Fourth Judicial District Court – Criminal Division and the following persons/agencies shall be served with electronic copies of the Order:

    a. Fourth Judicial District Court – Mental Health Division;

    b. Hennepin County Attorney's Office – Mental Health Division;

    c. .Brian Southwell – Civil Defense Attorney.

    d. Hennepin County Attorney's Office – Criminal Division

5. The Defendant's next review date in Hennepin County District Court – Criminal Division on the criminal matter and status review of the Rule 20, Minn.R.Crim.P. is

2

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 205**

**Case No. 27-CR-18-19274**
State of MN vs IFRAH ABDULL HASSAN
Filing Type:     ·Order-Other·
Filing Date:     **2018-08-28**
MCRO_27-CR-18-19274_Order-Other_2018-08-28_20240430093110.pdf
File Hash:       567f0d5cf3f5aa2761903fdeaffdaf6fb27a0fa988439a2c4892686db1ce347b
Page: 3 of 3     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

February 26, 2019. One week prior to that date, reports regarding Defendant's competency and mental status shall be prepared by DHS or Fourth Judicial District Court – Psychological Services, and e-filed and e-served to:

      a. Fourth Judicial District Court – Mental Health Division;

      b. Hennepin County Attorney's Office – Mental Health Division;

      c. Brian Southwell – Civil Defense Attorney.

      d. Hennepin County Attorney's Office – Criminal Division

BY THE COURT:

DATED:  August 28, 2018     _____

                          Carolina A. Lamas
                          Judge of District Court
                          Fourth Judicial District

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 206**

**Case No. 27-CR-18-18391**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:      ·Order-Other·
Filing Date:      **2019-10-09**
MCRO_27-CR-18-18391_Order-Other_2019-10-09_20240430092800.pdf
File Hash:      5c1c612cb55fb68bdd888fe970d5e8200efb8bb65837412862b6a91c78f73cf9
Page: 1 of 5      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

| | |
|---|---|
| State of Minnesota | District Court |
| County of Hennepin | Fourth Judicial District |

|  |  |
|---|---|
| | Judge Carolina A. Lamas |
| State of Minnesota, | Case Type: Criminal |
| Plaintiff, | |
| | **ORDER** |
| v. | |
| Aesha Ibrahim Osman, | |
| Defendant. | Case No.: 27-CR-19-3539; |
| | 27-CR-19-1916; 27-CR-19-17539 |
| | 27-CR-18-20198; 27-CR-18-18391 |

### FINDINGS OF FACT

1. Defendant (date of birth 09/03/1998) was charged in MNCIS Case No. 27-CR-19-3539 with Assault in the Fourth Degree (Felony) arising from an incident alleged to have occurred on January 30, 2019; MNCIS Case No. 27-CR-19-1916 with Assault in the Fifth Degree (Felony) and Assault in the Fourth Degree (Felony) arising from an incident alleged to have occurred on January 20, 2019; MNCIS Case No. 27-CR-18-20198 with Assault in the Fifth Degree (Gross Misdemeanor) and Disorderly Conduct arising from an incident alleged to have occurred on April 12, 2018; MNCIS Case No. 27-CR-18-18391 with Assault in the Fifth Degree (Felony) arising from an incident alleged to have occurred on July 2, 2018; MNCIS Case No. 27-CR-19-17539 with Assault in the Fifth Degree (Felony) arising from an incident alleged to have occurred on March 23, 2019. On August 27, 2019, Judge Carolina A. Lamas found probable cause to believe that the felony was committed in 27-CR-19-17539 was committed and that Defendant committed them; previously, on February 26, 2019 Judge Carolina A. Lamas found probable cause to believe that felonies were committed in 27-CR-19-3539, 27-CR-19-1916, 27-CR-18-20198, and 27-CR-18-1839 and that Defendant committed them.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 207**

Case No. 27-CR-18-18391
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:     ·Order-Other·
Filing Date:     **2019-10-09**
MCRO_27-CR-18-18391_Order-Other_2019-10-09_20240430092800.pdf
File Hash:     5c1c612cb55fb68bdd888fe970d5e8200efb8bb65837412862b6a91c78f73cf9
Page: 2 of 5     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

2.  On August 19, 2019, the Minnesota Department of Human Services – Direct Care and Treatment submitted a Rule 20.01, Subd. 7 report.

3.  Dr. Kristen E. Matson, Ph.D., LP, Minnesota Department of Human Services – Forensic Psychologist with Direct Care and Treatment reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4.  Dr. Kristen E. Matson, Ph.D., LP, Minnesota Department of Human Services – Direct Care and Treatment opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

5.  Assistant Hennepin County Attorney, Elizabeth Smith, requested that MNCIS Case No. 27-CR-19-17539 be added to the calendar for a finding regarding competency be entered.

6.  On August 27, 2019, the Defendant appeared in custody with counsel before the Court and Judge Carolina A. Lamas found Defendant incompetent to stand trial and ordered the criminal proceedings in this matter be suspended until Defendant is restored to competency to proceed. Judge Carolina A. Lamas ordered "Bail to Stand" and Defendant remained in custody subject $40,000 bail issued on the complaint in MNCIS Case No. 27-CR-19-1916 and subject to a Conditional Release Order issued and signed by Judge Marth Anne Holton Dimick on November 19. 2018 in MNCIS Case No. 27-CR-18-18391.

7.  On March 22, 2019, Judge Elizabeth Cutter of Hennepin County District Court issued an Order for Commitment as a Person Who is Mentally Ill (Rule 20) in MNCIS Case No. 27-MH-PR-19-280; the Defendant was civilly committed to the Commissioner of Human Services.

8.  On March 25, 2019, the Defendant was admitted to the Anoka Metro Regional Treatment Center.

9.  On March 25, 2019, Admission Notification for Persons Subject to Continuing Criminal Court Supervision was filed into the criminal cases.

2

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

Case No. 27-CR-18-18391
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:     ·Order-Other·
Filing Date:     **2019-10-09**
MCRO_27-CR-18-18391_Order-Other_2019-10-09_20240430092800.pdf
File Hash:     5c1c612cb55fb68bdd888fe970d5e8200efb8bb65837412862b6a91c78f73cf9
Page: 3 of 5     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

10. On September 30, 2019 a Notification of Reduction in Custody was filed into this criminal case, noting a Provisional Discharge to Adult Foster Care to go into effect on or after October 7, 2019.

11. Defendant remains incompetent and the criminal case remains suspended pursuant to Minn.R.Crim.P. 20.01, Subd. 6(b).

12. If the Criminal Court Judge denied the request to provisionally discharge the defendant to Adult Foster Care, the defendant would be released to the jail on the previously ordered bail.

13. The Hennepin County Jail does not provide competency restoration treatment or therapy and is not able to administer *Jarvis* orders.

14. If the defendant was provisionally discharged to the jail, the court would have to make the impossible decision as to whether to keep the incompetent defendant in the jail not receiving treatment with a suspended criminal case, or, to release the defendant to the street.

15. Given the options, Judge Katheryn Quaintance approved the request to provisionally discharge Defendant and issued a Conditional Release Order allowing Ms. Osman to be released to an adult foster care facility under her Civil Commitment.

### ANALYSIS

There is no case directly on point in Minnesota as to whether an incompetent defendant, whose criminal case has been suspended, can be held in the jail awaiting restoration to competency while not receiving competency restoration treatment at said jail. In dealing with similar issues, courts around the country have held that "incompetent criminal defendants – as pretrial detainees – have a liberty interest in being free from incarceration absent a criminal conviction." *Goodman v. Utah Department of Human Services,* 180 F.Supp.3d 998, 1009 (D. Utah 2016); that the "Constitutional questions pertaining to the pretrial confinement of incompetent criminal defendants are analyzed under the due process clause of the Fourteenth Amendment." *State v. Hand,*

3

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

Case No. 27-CR-18-18391
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:    ·Order-Other·
Filing Date:    **2019-10-09**
MCRO_27-CR-18-18391_Order-Other_2019-10-09_20240430092800.pdf
File Hash:    5c1c612cb55fb68bdd888fe970d5e8200efb8bb65837412862b6a91c78f73cf9
Page: 4 of 5    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

429 P.3d 502 (Wash. 2018); and that the relevant question is whether the nature and duration of said detention, "is reasonably related to the purpose for which he was committed." Id. (citing *Jackson v. Indiana,* 406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972)).

In *Jackson*, the court held that:

> a person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future. If it is determined that this is not the case, then the State must either institute the customary civil commitment proceeding that would be required to commit indefinitely any other citizen, or release the defendant. Furthermore, even if it is determined that the defendant probably soon will be able to stand trial, his continued commitment must be justified by progress toward that goal.

406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972).  Similarly, in *United States v. Jackson*, 306 F.Supp. 4 (N.D.Cal. 1969), the court held that the accused, who was incompetent to stand trial because of serious mental illness, that was not likely to be cured in foreseeable future, and who had already spent over a year and a half in federal hospital must be discharged from federal custody and responsibility for accused should transfer to state. The underlying tone in all of these decisions is the general understanding as stated in *Cook v. Ciccone*, 312 F.Supp. 822 (W.D.Mo. 1970), that "Such consideration is dictated by the inherent unfairness and substantial injustice in keeping an unconvicted person in federal custody to await trial where it is plainly evident his mental condition will not permit trial within a reasonable period of time." 312 F.Supp. at 824.

## ORDER

1.  Defendant is released in the criminal case pursuant to the condition that she remain at the adult foster care.

4

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 210**

Case No. 27-CR-18-18391
State of MN vs AESHA IBRAHIM OSMAN
Filing Type: ·Order-Other·
Filing Date: **2019-10-09**
MCRO_27-CR-18-18391_Order-Other_2019-10-09_20240430092800.pdf
File Hash: 5c1c612cb55fb68bdd888fe970d5e8200efb8bb65837412862b6a91c78f73cf9
Page: 5 of 5    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

2. Defendant is ordered to cooperate with his civil commitment including following all treatment recommendations and appearing at all court appearances in the civil and criminal cases.

3. DHS shall continue to submit a written reports addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

BY THE COURT:

DATED:  October 8, 2019

_____
Carolina A. Lamas
Judge of District Court
Fourth Judicial District

5

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**Case No. 27-CR-19-1916**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:      ·Order-Other·
Filing Date:      **2019-10-09**
MCRO_27-CR-19-1916_Order-Other_2019-10-09_20240430091243.pdf
File Hash:        15cc50923df3d1a07659719f0210e89a5c4c8bd95bb527553b670d44e5cd549e
Page: 1 of 5      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

|                            |                                |
|----------------------------|--------------------------------|
| State of Minnesota         | District Court                 |
| County of Hennepin         | Fourth Judicial District       |

|                            |                                |
|----------------------------|--------------------------------|
|                            | Judge Carolina A. Lamas        |
| State of Minnesota,        | Case Type: Criminal            |
|   Plaintiff,               |                                |
|                            | **ORDER**                      |
| v.                         |                                |
|                            |                                |
| Aesha Ibrahim Osman,       | Case No.: 27-CR-19-3539;       |
|   Defendant.               | 27-CR-19-1916; 27-CR-19-17539  |
|                            | 27-CR-18-20198; 27-CR-18-18391 |

### FINDINGS OF FACT

1. Defendant (date of birth 09/03/1998) was charged in MNCIS Case No. 27-CR-19-3539 with Assault in the Fourth Degree (Felony) arising from an incident alleged to have occurred on January 30, 2019; MNCIS Case No. 27-CR-19-1916 with Assault in the Fifth Degree (Felony) and Assault in the Fourth Degree (Felony) arising from an incident alleged to have occurred on January 20, 2019; MNCIS Case No. 27-CR-18-20198 with Assault in the Fifth Degree (Gross Misdemeanor) and Disorderly Conduct arising from an incident alleged to have occurred on April 12, 2018; MNCIS Case No. 27-CR-18-18391 with Assault in the Fifth Degree (Felony) arising from an incident alleged to have occurred on July 2, 2018; MNCIS Case No. 27-CR-19-17539 with Assault in the Fifth Degree (Felony) arising from an incident alleged to have occurred on March 23, 2019. On August 27, 2019, Judge Carolina A. Lamas found probable cause to believe that the felony was committed in 27-CR-19-17539 was committed and that Defendant committed them; previously, on February 26, 2019 Judge Carolina A. Lamas found probable cause to believe that felonies were committed in 27-CR-19-3539, 27-CR-19-1916, 27-CR-18-20198, and 27-CR-18-1839 and that Defendant committed them.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 212**

**Case No. 27-CR-19-1916**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:      ·Order-Other·
Filing Date:      **2019-10-09**
MCRO_27-CR-19-1916_Order-Other_2019-10-09_20240430091243.pdf
File Hash:       15cc50923df3d1a07659719f0210e89a5c4c8bd95bb527553b670d44e5cd549e
Page: 2 of 5       [ source file ]       [ .ots timestamp of source file ]       [ pdf signatures ]       [ metadata ]

2.  On August 19, 2019, the Minnesota Department of Human Services – Direct Care and Treatment submitted a Rule 20.01, Subd. 7 report.

3.  Dr. Kristen E. Matson, Ph.D., LP, Minnesota Department of Human Services – Forensic Psychologist with Direct Care and Treatment reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4.  Dr. Kristen E. Matson, Ph.D., LP, Minnesota Department of Human Services – Direct Care and Treatment opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

5.  Assistant Hennepin County Attorney, Elizabeth Smith, requested that MNCIS Case No. 27-CR-19-17539 be added to the calendar for a finding regarding competency be entered.

6.  On August 27, 2019, the Defendant appeared in custody with counsel before the Court and Judge Carolina A. Lamas found Defendant incompetent to stand trial and ordered the criminal proceedings in this matter be suspended until Defendant is restored to competency to proceed. Judge Carolina A. Lamas ordered "Bail to Stand" and Defendant remained in custody subject $40,000 bail issued on the complaint in MNCIS Case No. 27-CR-19-1916 and subject to a Conditional Release Order issued and signed by Judge Marth Anne Holton Dimick on November 19. 2018 in MNCIS Case No. 27-CR-18-18391.

7.  On March 22, 2019, Judge Elizabeth Cutter of Hennepin County District Court issued an Order for Commitment as a Person Who is Mentally Ill (Rule 20) in MNCIS Case No. 27-MH-PR-19-280; the Defendant was civilly committed to the Commissioner of Human Services.

8.  On March 25, 2019, the Defendant was admitted to the Anoka Metro Regional Treatment Center.

9.  On March 25, 2019, Admission Notification for Persons Subject to Continuing Criminal Court Supervision was filed into the criminal cases.

2

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 213**

Case No. 27-CR-19-1916
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:    ·Order-Other·
Filing Date:    **2019-10-09**
MCRO_27-CR-19-1916_Order-Other_2019-10-09_20240430091243.pdf
File Hash:    15cc50923df3d1a07659719f0210e89a5c4c8bd95bb527553b670d44e5cd549e
Page: 3 of 5    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

10. On September 30, 2019 a Notification of Reduction in Custody was filed into this criminal case, noting a Provisional Discharge to Adult Foster Care to go into effect on or after October 7, 2019.

11. Defendant remains incompetent and the criminal case remains suspended pursuant to Minn.R.Crim.P. 20.01, Subd. 6(b).

12. If the Criminal Court Judge denied the request to provisionally discharge the defendant to Adult Foster Care, the defendant would be released to the jail on the previously ordered bail.

13. The Hennepin County Jail does not provide competency restoration treatment or therapy and is not able to administer *Jarvis* orders.

14. If the defendant was provisionally discharged to the jail, the court would have to make the impossible decision as to whether to keep the incompetent defendant in the jail not receiving treatment with a suspended criminal case, or, to release the defendant to the street.

15. Given the options, Judge Katheryn Quaintance approved the request to provisionally discharge Defendant and issued a Conditional Release Order allowing Ms. Osman to be released to an adult foster care facility under her Civil Commitment.

## ANALYSIS

There is no case directly on point in Minnesota as to whether an incompetent defendant, whose criminal case has been suspended, can be held in the jail awaiting restoration to competency while not receiving competency restoration treatment at said jail. In dealing with similar issues, courts around the country have held that "incompetent criminal defendants – as pretrial detainees – have a liberty interest in being free from incarceration absent a criminal conviction." *Goodman v. Utah Department of Human Services,* 180 F.Supp.3d 998, 1009 (D. Utah 2016); that the "Constitutional questions pertaining to the pretrial confinement of incompetent criminal defendants are analyzed under the due process clause of the Fourteenth Amendment." *State v. Hand,*

3

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

Case No. 27-CR-19-1916
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:      ·Order-Other·
Filing Date:      **2019-10-09**
MCRO_27-CR-19-1916_Order-Other_2019-10-09_20240430091243.pdf
File Hash:      15cc50923df3d1a07659719f0210e89a5c4c8bd95bb527553b670d44e5cd549e
Page: 4 of 5      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

429 P.3d 502 (Wash. 2018); and that the relevant question is whether the nature and duration of said detention, "is reasonably related to the purpose for which he was committed." Id. (citing *Jackson v. Indiana,* 406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972)).

In *Jackson*, the court held that:

> a person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future. If it is determined that this is not the case, then the State must either institute the customary civil commitment proceeding that would be required to commit indefinitely any other citizen, or release the defendant. Furthermore, even if it is determined that the defendant probably soon will be able to stand trial, his continued commitment must be justified by progress toward that goal.

406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972). Similarly, in *United States v. Jackson*, 306 F.Supp. 4 (N.D.Cal. 1969), the court held that the accused, who was incompetent to stand trial because of serious mental illness, that was not likely to be cured in foreseeable future, and who had already spent over a year and a half in federal hospital must be discharged from federal custody and responsibility for accused should transfer to state. The underlying tone in all of these decisions is the general understanding as stated in *Cook v. Ciccone*, 312 F.Supp. 822 (W.D.Mo. 1970), that "Such consideration is dictated by the inherent unfairness and substantial injustice in keeping an unconvicted person in federal custody to await trial where it is plainly evident his mental condition will not permit trial within a reasonable period of time." 312 F.Supp. at 824.

## ORDER

1. Defendant is released in the criminal case pursuant to the condition that she remain at the adult foster care.

4

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**Case No. 27-CR-19-1916**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Order-Other·
Filing Date:   **2019-10-09**
MCRO_27-CR-19-1916_Order-Other_2019-10-09_20240430091243.pdf
File Hash:     15cc50923df3d1a07659719f0210e89a5c4c8bd95bb527553b670d44e5cd549e
Page: 5 of 5      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

2. Defendant is ordered to cooperate with his civil commitment including following all treatment recommendations and appearing at all court appearances in the civil and criminal cases.

3. DHS shall continue to submit a written reports addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

BY THE COURT:

DATED:  October 8, 2019

_____

Carolina A. Lamas
Judge of District Court
Fourth Judicial District

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 216**

**Case No. 27-CR-19-3539**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:    ·Order-Other·
Filing Date:    **2019-10-09**
MCRO_27-CR-19-3539_Order-Other_2019-10-09_20240430091353.pdf
File Hash:    f11eb8156b07b0ab266abcf0273282cbd578748d2c5f362d7129ab9c1a27feed
Page: 1 of 5    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

|  |  |
|---|---|
| State of Minnesota | District Court |
| County of Hennepin | Fourth Judicial District |

|  |  |
|---|---|
|  | Judge Carolina A. Lamas |
| State of Minnesota,<br>Plaintiff, | Case Type: Criminal |
|  | **ORDER** |
| v. |  |
| Aesha Ibrahim Osman,<br>Defendant. | Case No.: 27-CR-19-3539;<br>27-CR-19-1916; 27-CR-19-17539<br>27-CR-18-20198; 27-CR-18-18391 |

### FINDINGS OF FACT

1. Defendant (date of birth 09/03/1998) was charged in MNCIS Case No. 27-CR-19-3539 with Assault in the Fourth Degree (Felony) arising from an incident alleged to have occurred on January 30, 2019; MNCIS Case No. 27-CR-19-1916 with Assault in the Fifth Degree (Felony) and Assault in the Fourth Degree (Felony) arising from an incident alleged to have occurred on January 20, 2019; MNCIS Case No. 27-CR-18-20198 with Assault in the Fifth Degree (Gross Misdemeanor) and Disorderly Conduct arising from an incident alleged to have occurred on April 12, 2018; MNCIS Case No. 27-CR-18-18391 with Assault in the Fifth Degree (Felony) arising from an incident alleged to have occurred on July 2, 2018; MNCIS Case No. 27-CR-19-17539 with Assault in the Fifth Degree (Felony) arising from an incident alleged to have occurred on March 23, 2019. On August 27, 2019, Judge Carolina A. Lamas found probable cause to believe that the felony was committed in 27-CR-19-17539 was committed and that Defendant committed them; previously, on February 26, 2019 Judge Carolina A. Lamas found probable cause to believe that felonies were committed in 27-CR-19-3539, 27-CR-19-1916, 27-CR-18-20198, and 27-CR-18-1839 and that Defendant committed them.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 217**

**Case No. 27-CR-19-3539**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:    ·Order-Other·
Filing Date:    **2019-10-09**
MCRO_27-CR-19-3539_Order-Other_2019-10-09_20240430091353.pdf
File Hash:    f11eb8156b07b0ab266abcf0273282cbd578748d2c5f362d7129ab9c1a27feed
Page: 2 of 5    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

2. On August 19, 2019, the Minnesota Department of Human Services – Direct Care and Treatment submitted a Rule 20.01, Subd. 7 report.

3. Dr. Kristen E. Matson, Ph.D., LP, Minnesota Department of Human Services – Forensic Psychologist with Direct Care and Treatment reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Kristen E. Matson, Ph.D., LP, Minnesota Department of Human Services – Direct Care and Treatment opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

5. Assistant Hennepin County Attorney, Elizabeth Smith, requested that MNCIS Case No. 27-CR-19-17539 be added to the calendar for a finding regarding competency be entered.

6. On August 27, 2019, the Defendant appeared in custody with counsel before the Court and Judge Carolina A. Lamas found Defendant incompetent to stand trial and ordered the criminal proceedings in this matter be suspended until Defendant is restored to competency to proceed. Judge Carolina A. Lamas ordered "Bail to Stand" and Defendant remained in custody subject $40,000 bail issued on the complaint in MNCIS Case No. 27-CR-19-1916 and subject to a Conditional Release Order issued and signed by Judge Marth Anne Holton Dimick on November 19. 2018 in MNCIS Case No. 27-CR-18-18391.

7. On March 22, 2019, Judge Elizabeth Cutter of Hennepin County District Court issued an Order for Commitment as a Person Who is Mentally Ill (Rule 20) in MNCIS Case No. 27-MH-PR-19-280; the Defendant was civilly committed to the Commissioner of Human Services.

8. On March 25, 2019, the Defendant was admitted to the Anoka Metro Regional Treatment Center.

9. On March 25, 2019, Admission Notification for Persons Subject to Continuing Criminal Court Supervision was filed into the criminal cases.

2

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

Case No. 27-CR-19-3539
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:  ·Order-Other·
Filing Date:  **2019-10-09**
MCRO_27-CR-19-3539_Order-Other_2019-10-09_20240430091353.pdf
File Hash:    f11eb8156b07b0ab266a6bcf0273282cbd578748d2c5f362d7129ab9c1a27feed
Page: 3 of 5    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

10. On September 30, 2019 a Notification of Reduction in Custody was filed into this criminal case, noting a Provisional Discharge to Adult Foster Care to go into effect on or after October 7, 2019.

11. Defendant remains incompetent and the criminal case remains suspended pursuant to Minn.R.Crim.P. 20.01, Subd. 6(b).

12. If the Criminal Court Judge denied the request to provisionally discharge the defendant to Adult Foster Care, the defendant would be released to the jail on the previously ordered bail.

13. The Hennepin County Jail does not provide competency restoration treatment or therapy and is not able to administer *Jarvis* orders.

14. If the defendant was provisionally discharged to the jail, the court would have to make the impossible decision as to whether to keep the incompetent defendant in the jail not receiving treatment with a suspended criminal case, or, to release the defendant to the street.

15. Given the options, Judge Katheryn Quaintance approved the request to provisionally discharge Defendant and issued a Conditional Release Order allowing Ms. Osman to be released to an adult foster care facility under her Civil Commitment.

### ANALYSIS

There is no case directly on point in Minnesota as to whether an incompetent defendant, whose criminal case has been suspended, can be held in the jail awaiting restoration to competency while not receiving competency restoration treatment at said jail. In dealing with similar issues, courts around the country have held that "incompetent criminal defendants – as pretrial detainees – have a liberty interest in being free from incarceration absent a criminal conviction." *Goodman v. Utah Department of Human Services,* 180 F.Supp.3d 998, 1009 (D. Utah 2016); that the "Constitutional questions pertaining to the pretrial confinement of incompetent criminal defendants are analyzed under the due process clause of the Fourteenth Amendment." *State v. Hand,*

3

Url 1: link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
Url 4: drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 219**

Case No. 27-CR-19-3539
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:    ·Order-Other·
Filing Date:    **2019-10-09**
MCRO_27-CR-19-3539_Order-Other_2019-10-09_20240430091353.pdf
File Hash:      f11eb8156b07b0ab266abcf0273282cbd578748d2c5f362d7129ab9c1a27feed
Page: 4 of 5       [ source file ]       [ .ots timestamp of source file ]       [ pdf signatures ]       [ metadata ]

429 P.3d 502 (Wash. 2018); and that the relevant question is whether the nature and duration of said detention, "is reasonably related to the purpose for which he was committed." Id. (citing *Jackson v. Indiana,* 406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972)).

In *Jackson*, the court held that:

> a person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future. If it is determined that this is not the case, then the State must either institute the customary civil commitment proceeding that would be required to commit indefinitely any other citizen, or release the defendant. Furthermore, even if it is determined that the defendant probably soon will be able to stand trial, his continued commitment must be justified by progress toward that goal.

406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972). Similarly, in *United States v. Jackson*, 306 F.Supp. 4 (N.D.Cal. 1969), the court held that the accused, who was incompetent to stand trial because of serious mental illness, that was not likely to be cured in foreseeable future, and who had already spent over a year and a half in federal hospital must be discharged from federal custody and responsibility for accused should transfer to state. The underlying tone in all of these decisions is the general understanding as stated in *Cook v. Ciccone*, 312 F.Supp. 822 (W.D.Mo. 1970), that "Such consideration is dictated by the inherent unfairness and substantial injustice in keeping an unconvicted person in federal custody to await trial where it is plainly evident his mental condition will not permit trial within a reasonable period of time." 312 F.Supp. at 824.

## ORDER

1. Defendant is released in the criminal case pursuant to the condition that she remain at the adult foster care.

4

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 220**

**Case No. 27-CR-19-3539**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:      ·Order-Other·
Filing Date:     **2019-10-09**
MCRO_27-CR-19-3539_Order-Other_2019-10-09_20240430091353.pdf
File Hash:       f11eb8156b07b0ab266abcf0273282cbd578748d2c5f362d7129ab9c1a27feed
Page: 5 of 5        [ source file ]        [ .ots timestamp of source file ]        [ pdf signatures ]        [ metadata ]

2. Defendant is ordered to cooperate with his civil commitment including following all treatment recommendations and appearing at all court appearances in the civil and criminal cases.

3. DHS shall continue to submit a written reports addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

BY THE COURT:

DATED:  October 8, 2019

_____
Carolina A. Lamas
Judge of District Court
Fourth Judicial District

5

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 221**

**Case No. 27-CR-19-12466**
State of MN vs TERRELL JOHNSON
Filing Type:      ·Order-Other·
Filing Date:     **2019-07-31**
MCRO_27-CR-19-12466_Order-Other_2019-07-31_20240430091856.pdf
File Hash:      616d15e8473c89ab452a6b0e16acf108f653b71d0ed74d67e1c9e46230764344
Page: 1 of 5      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

| State of Minnesota | District Court |
|---|---|
| County of Hennepin | Fourth Judicial District |

|  | Judge Carolina A. Lamas |
|---|---|
| State of Minnesota,<br>          Plaintiff, | Case Type: Criminal |
|  | **ORDER** |
| v. |  |
| Terrell Johnson,<br>          Defendant. | Case No. 27-CR-19-12466;<br>27-CR-18-27501 |

### FINDINGS OF FACT

1. Defendant (date of birth 08/28/1979) was charged in MNCIS Case No. 27-CR-19-12466 with Drugs Possession in the Third Degree (Felony) arising from an incident alleged to have occurred on May 28, 2019; MNCIS Case No. 27-CR-18-27501, Defendant was convicted and sentenced for Drug Possession in the Fifth Degree (Felony) arising from an incident alleged to have occurred on November 6, 2018. On May 31, 2019, Judge Lois Conroy found probable cause to believe that the felony was committed and that Defendant committed them for Rule 20 purposes.

2. On May 31, 2019, Judge Lois Conroy ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Sonia Reardon, Ph.D., LP, for Psychological Services of Hennepin County District Court reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Sonia Reardon, Ph.D., LP,  for Psychological Services of Hennepin County District Court opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 222**

Case No. 27-CR-19-12466
State of MN vs TERRELL JOHNSON
Filing Type:     ·Order-Other·
Filing Date:     **2019-07-31**
MCRO_27-CR-19-12466_Order-Other_2019-07-31_20240430091856.pdf
File Hash:       616d15e8473c89ab452a6b0e16acf108f653b71d0ed74d67e1c9e46230764344
Page: 2 of 5       [ source file ]       [ .ots timestamp of source file ]       [ pdf signatures ]       [ metadata ]

the proceedings or participate in the defense. This opinion was uncontested by either party.

5. On June 25, 2019, the Defendant appeared in custody with counsel before the Court and Judge Carolina A. Lamas found Defendant incompetent to stand trial and ordered the criminal proceedings in this matter be suspended until Defendant is restored to competency to proceed. Judge Carolina A. Lamas ordered "Bail to Stand" and Defendant remained in custody.

6. On July 1, 2019, Judge Elizabeth V. Cutter of Hennepin County District Court issued an Order for Commitment as a Person Who is Mentally Ill (Rule 20) in MNCIS Case No. 27-MH-PR-19471; the Defendant was civilly committed to the Commissioner of Human Services.

7. On July 3, 2019, the Defendant was admitted to the Anoka Metro Regional Treatment Center.

8. On December 18, 2018, the Minnesota Department of Human Services issued a Bulletin announcing the unilateral decision that "DHS will provisionally discharge civilly committed defendants from a treatment facility to jail when the individual's mental health needs do not require in-patient care and the individual's conditions of release prevent community placement." Minnesota Department of Human Services, Bulletin No. 18-76-01, Provision Discharge of Direct Care and Treatment Patients, page 2, (2018).

9. On July 25, 2019,  a Notification of Reduction in Custody was filed into this criminal case, noting a Provisional Discharge to the jail to go into effect on or after July 31, 2019 as the Defendant was determined to no longer require in-patient level of care. The Court asked the Minnesota Department of Human Services to find a placement other than jail.

10. On July 29, 2019, a Notification of Reduction in Custody was filed into this criminal case, noting a Provisional Discharge to a community setting with ACT Team Services as the Defendant was determined to no longer require in-patient level of care.

2

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 223

**Case No. 27-CR-19-12466**
State of MN vs TERRELL JOHNSON
Filing Type:     ·Order-Other·
Filing Date:    **2019-07-31**
MCRO_27-CR-19-12466_Order-Other_2019-07-31_20240430091856.pdf
File Hash:      616d15e8473c89ab452a6b0e16acf108f653b71d0ed74d67e1c9e46230764344
Page: 3 of 5      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

11. Defendant remains incompetent and the criminal case remains suspended pursuant to Minn.R.Crim.P. 20.01, Subd. 6(b).

12. If the Criminal Court Judge denied the request to provisionally discharge Defendant to the community with ACT Team Services Defendant would be released to the jail on the previously ordered bail pursuant to DHS's Bulletin.

13. The Hennepin County Jail does not provide competency restoration treatment or therapy and is not able to administer *Jarvis* orders.

14. Due to DHS's unilateral changing of policy that was issued without warning, if the defendant was provisionally discharged to the jail, the court would have to make the impossible decision as to whether to keep the incompetent defendant in the jail not receiving treatment with a suspended criminal case, or, to release the defendant to the street.

15. Given the options, Judge Lisa Janzen approved the request to provisionally discharge Defendant and lifted the bail.

### ANALYSIS

There is no case directly on point in Minnesota as to whether an incompetent defendant, whose criminal case has been suspended, can be held in the jail awaiting restoration to competency while not receiving competency restoration treatment at said jail. In dealing with similar issues, courts around the country have held that "incompetent criminal defendants – as pretrial detainees – have a liberty interest in being free from incarceration absent a criminal conviction." *Goodman v. Utah Department of Human Services,* 180 F.Supp.3d 998, 1009 (D. Utah 2016); that the "Constitutional questions pertaining to the pretrial confinement of incompetent criminal defendants are analyzed under the due process clause of the Fourteenth Amendment." *State v. Hand,* 429 P.3d 502 (Wash. 2018); and that the relevant question is whether the nature and duration of said detention, "is reasonably related to the purpose for which he was committed." Id. (citing *Jackson v. Indiana,* 406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972)).

3

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 224**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

Case No. 27-CR-19-12466
State of MN vs TERRELL JOHNSON
Filing Type:    ·Order-Other·
Filing Date:    **2019-07-31**
MCRO_27-CR-19-12466_Order-Other_2019-07-31_20240430091856.pdf
File Hash:     616d15e8473c89ab452a6b0e16acf108f653b71d0ed74d67e1c9e46230764344
Page: 4 of 5     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

In *Jackson*, the court held that:

> a person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future. If it is determined that this is not the case, then the State must either institute the customary civil commitment proceeding that would be required to commit indefinitely any other citizen, or release the defendant. Furthermore, even if it is determined that the defendant probably soon will be able to stand trial, his continued commitment must be justified by progress toward that goal.

406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972).  Similarly, in *United States v. Jackson*, 306 F.Supp. 4 (N.D.Cal. 1969), the court held that the accused, who was incompetent to stand trial because of serious mental illness, that was not likely to be cured in foreseeable future, and who had already spent over a year and a half in federal hospital must be discharged from federal custody and responsibility for accused should transfer to state. The underlying tone in all of these decisions is the general understanding as stated in *Cook v. Ciccone*, 312 F.Supp. 822 (W.D.Mo. 1970), that "Such consideration is dictated by the inherent unfairness and substantial injustice in keeping an unconvicted person in federal custody to await trial where it is plainly evident his mental condition will not permit trial within a reasonable period of time." 312 F.Supp. at 824.

### ORDER

1.  Defendant is released in the criminal case no bail required.
2.  Defendant is ordered to cooperate with his civil commitment including following all treatment recommendations and appearing at all court appearances in the civil and criminal cases.

4

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 225

**Case No. 27-CR-19-12466**
State of MN vs TERRELL JOHNSON
Filing Type:    ·Order-Other·
Filing Date:    **2019-07-31**
MCRO_27-CR-19-12466_Order-Other_2019-07-31_20240430091856.pdf
File Hash:      616d15e8473c89ab452a6b0e16acf108f653b71d0ed74d67e1c9e46230764344
Page: 5 of 5      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

3.  DHS shall continue to submit a written reports addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

BY THE COURT:

DATED:  July 31, 2019

_____

Carolina A. Lamas
Judge of District Court
Fourth Judicial District

5

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 226**

**Case No. 27-CR-19-17539**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:     ·Order-Other·
Filing Date:     **2019-10-09**
MCRO_27-CR-19-17539_Order-Other_2019-10-09_20240430092000.pdf
File Hash:       e46282b598bcf38da63e9bc9ddf2947072500532286d771a40515d93372de835
Page: 1 of 5     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

| State of Minnesota | District Court |
|---|---|
| County of Hennepin | Fourth Judicial District |

|  | Judge Carolina A. Lamas |
|---|---|
| State of Minnesota,<br>Plaintiff, | Case Type: Criminal |
|  | **ORDER** |
| v. |  |
| Aesha Ibrahim Osman,<br>Defendant. | Case No.: 27-CR-19-3539;<br>27-CR-19-1916; 27-CR-19-17539<br>27-CR-18-20198; 27-CR-18-18391 |

## FINDINGS OF FACT

1. Defendant (date of birth 09/03/1998) was charged in MNCIS Case No. 27-CR-19-3539 with Assault in the Fourth Degree (Felony) arising from an incident alleged to have occurred on January 30, 2019; MNCIS Case No. 27-CR-19-1916 with Assault in the Fifth Degree (Felony) and Assault in the Fourth Degree (Felony) arising from an incident alleged to have occurred on January 20, 2019; MNCIS Case No. 27-CR-18-20198 with Assault in the Fifth Degree (Gross Misdemeanor) and Disorderly Conduct arising from an incident alleged to have occurred on April 12, 2018; MNCIS Case No. 27-CR-18-18391 with Assault in the Fifth Degree (Felony) arising from an incident alleged to have occurred on July 2, 2018; MNCIS Case No. 27-CR-19-17539 with Assault in the Fifth Degree (Felony) arising from an incident alleged to have occurred on March 23, 2019. On August 27, 2019, Judge Carolina A. Lamas found probable cause to believe that the felony was committed in 27-CR-19-17539 was committed and that Defendant committed them; previously, on February 26, 2019 Judge Carolina A. Lamas found probable cause to believe that felonies were committed in 27-CR-19-3539, 27-CR-19-1916, 27-CR-18-20198, and 27-CR-18-1839 and that Defendant committed them.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 227**

Case No. 27-CR-19-17539
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:      ·Order-Other·
Filing Date:    **2019-10-09**
MCRO_27-CR-19-17539_Order-Other_2019-10-09_20240430092000.pdf
File Hash:      e46282b598bcf38da63e9bc9ddf2947072500532286d771a40515d93372de835
Page: 2 of 5      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

2.  On August 19, 2019, the Minnesota Department of Human Services – Direct Care
    and Treatment submitted a Rule 20.01, Subd. 7 report.

3.  Dr. Kristen E. Matson, Ph.D., LP, Minnesota Department of Human Services –
    Forensic Psychologist with Direct Care and Treatment reviewed Defendant's
    records, interviewed Defendant, and filed a written report with this Court.

4.  Dr. Kristen E. Matson, Ph.D., LP, Minnesota Department of Human Services – Direct
    Care and Treatment opined that Defendant, due to mental illness or cognitive
    impairment, lacks the ability to rationally consult with counsel; or lacks the ability to
    understand the proceedings or participate in the defense. This opinion was
    uncontested by either party.

5.  Assistant Hennepin County Attorney, Elizabeth Smith, requested that MNCIS Case
    No. 27-CR-19-17539 be added to the calendar for a finding regarding competency be
    entered.

6.  On August 27, 2019, the Defendant appeared in custody with counsel before the
    Court and Judge Carolina A. Lamas found Defendant incompetent to stand trial and
    ordered the criminal proceedings in this matter be suspended until Defendant is
    restored to competency to proceed. Judge Carolina A. Lamas ordered "Bail to
    Stand" and Defendant remained in custody subject $40,000 bail issued on the
    complaint in MNCIS Case No. 27-CR-19-1916 and subject to a Conditional Release
    Order issued and signed by Judge Marth Anne Holton Dimick on November 19.
    2018 in MNCIS Case No. 27-CR-18-18391.

7.  On March 22, 2019, Judge Elizabeth Cutter of Hennepin County District Court
    issued an Order for Commitment as a Person Who is Mentally Ill (Rule 20) in
    MNCIS Case No. 27-MH-PR-19-280; the Defendant was civilly committed to the
    Commissioner of Human Services.

8.  On March 25, 2019, the Defendant was admitted to the Anoka Metro Regional
    Treatment Center.

9.  On March 25, 2019, Admission Notification for Persons Subject to Continuing
    Criminal Court Supervision was filed into the criminal cases.

2

Url 1: link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
Url 4: drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

Case No. 27-CR-19-17539
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:     ·Order-Other·
Filing Date:     2019-10-09
MCRO_27-CR-19-17539_Order-Other_2019-10-09_20240430092000.pdf
File Hash:       e46282b598bcf38da63e9bc9ddf294707250053228 6d771a40515d93372de835
Page: 3 of 5       [ source file ]       [ .ots timestamp of source file ]       [ pdf signatures ]       [ metadata ]

10. On September 30, 2019 a Notification of Reduction in Custody was filed into this criminal case, noting a Provisional Discharge to Adult Foster Care to go into effect on or after October 7, 2019.

11. Defendant remains incompetent and the criminal case remains suspended pursuant to Minn.R.Crim.P. 20.01, Subd. 6(b).

12. If the Criminal Court Judge denied the request to provisionally discharge the defendant to Adult Foster Care, the defendant would be released to the jail on the previously ordered bail.

13. The Hennepin County Jail does not provide competency restoration treatment or therapy and is not able to administer *Jarvis* orders.

14. If the defendant was provisionally discharged to the jail, the court would have to make the impossible decision as to whether to keep the incompetent defendant in the jail not receiving treatment with a suspended criminal case, or, to release the defendant to the street.

15. Given the options, Judge Katheryn Quaintance approved the request to provisionally discharge Defendant and issued a Conditional Release Order allowing Ms. Osman to be released to an adult foster care facility under her Civil Commitment.

## ANALYSIS

There is no case directly on point in Minnesota as to whether an incompetent defendant, whose criminal case has been suspended, can be held in the jail awaiting restoration to competency while not receiving competency restoration treatment at said jail. In dealing with similar issues, courts around the country have held that "incompetent criminal defendants – as pretrial detainees – have a liberty interest in being free from incarceration absent a criminal conviction." *Goodman v. Utah Department of Human Services,* 180 F.Supp.3d 998, 1009 (D. Utah 2016); that the "Constitutional questions pertaining to the pretrial confinement of incompetent criminal defendants are analyzed under the due process clause of the Fourteenth Amendment." *State v. Hand,*

3

Url 1: link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
Url 4: drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 229**

Case No. 27-CR-19-17539
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:    ·Order-Other·
Filing Date:    **2019-10-09**
MCRO_27-CR-19-17539_Order-Other_2019-10-09_20240430092000.pdf
File Hash:      e46282b598bcf38da63e9bc9ddf2947072500532286d771a40515d93372de835
Page: 4 of 5      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

429 P.3d 502 (Wash. 2018); and that the relevant question is whether the nature and duration of said detention, "is reasonably related to the purpose for which he was committed." Id. (citing *Jackson v. Indiana,* 406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972)).

In *Jackson*, the court held that:

> a person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future. If it is determined that this is not the case, then the State must either institute the customary civil commitment proceeding that would be required to commit indefinitely any other citizen, or release the defendant. Furthermore, even if it is determined that the defendant probably soon will be able to stand trial, his continued commitment must be justified by progress toward that goal.

406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972).  Similarly, in *United States v. Jackson*, 306 F.Supp. 4 (N.D.Cal. 1969), the court held that the accused, who was incompetent to stand trial because of serious mental illness, that was not likely to be cured in foreseeable future, and who had already spent over a year and a half in federal hospital must be discharged from federal custody and responsibility for accused should transfer to state. The underlying tone in all of these decisions is the general understanding as stated in *Cook v. Ciccone*, 312 F.Supp. 822 (W.D.Mo. 1970), that "Such consideration is dictated by the inherent unfairness and substantial injustice in keeping an unconvicted person in federal custody to await trial where it is plainly evident his mental condition will not permit trial within a reasonable period of time." 312 F.Supp. at 824.

## ORDER

1. Defendant is released in the criminal case pursuant to the condition that she remain at the adult foster care.

4

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 230

**Case No. 27-CR-19-17539**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:    ·Order-Other·
Filing Date:    **2019-10-09**
MCRO_27-CR-19-17539_Order-Other_2019-10-09_20240430092000.pdf
File Hash:      e46282b598bcf38da63e9bc9ddf2947072500532286d771a40515d93372de835
Page: 5 of 5      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

2. Defendant is ordered to cooperate with his civil commitment including following all treatment recommendations and appearing at all court appearances in the civil and criminal cases.

3. DHS shall continue to submit a written reports addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

BY THE COURT:

DATED:  October 8, 2019

_____
Carolina A. Lamas
Judge of District Court
Fourth Judicial District

5

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 231**

**Case No. 27-CR-19-22615**
State of MN vs ANNE MARIE RILEY
Filing Type:    ·Order-Other·
Filing Date:    **2023-12-27**
MCRO_27-CR-19-22615_Order-Other_2023-12-27_20240430092145.pdf
File Hash:      bf9bf0f62df093861fa9079680b2d3412e3119c5375384bf1212846b542d0980
Page: 1 of 2      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

STATE OF MINNESOTA                                 DISTRICT COURT

COUNTY OF HENNEPIN                          FOURTH JUDICIAL DISTRICT

---

State of Minnesota,

                   Plaintiff,                      ORDER MEMORIALIZING ORAL
                                              DECISIONS MADE ON THE RECORD

        v.

Anne Marie Riley,
                                              File No.  27-CR-19-22615
                   Defendant.

---

This matter comes forward following a recent appearance before the undersigned Judge of District Court. Anne Marie Riley ("Defendant") is represented by Hennepin County Assistant Public Defender Shawn Renee Kennon. The State of Minnesota is represented by attorney Anneliese Lorraine McCahery.

The parties appeared before the undersigned Judge on December 4, 2023. At that hearing, the Court denied Defendant's outstanding notices to remove various judicial officers for cause. Additionally, the Court denied Defendant's notice to remove her attorney, Ms. Kennon. The Court denied this latter motion pursuant to Minnesota Rule of Criminal Procedure 20.01, subdivision 1.

This order memorializes the oral orders made on the record during the December 4, 2023 hearing.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 232**

**Case No. 27-CR-19-22615**
State of MN vs ANNE MARIE RILEY
Filing Type:   ·Order-Other·
Filing Date:   **2023-12-27**
MCRO_27-CR-19-22615_Order-Other_2023-12-27_20240430092145.pdf
File Hash:     bf9bf0f62df093861fa9079680b2d3412e3119c5375384bf1212846b542d0980
Page: 2 of 2     [ source file ]       [ .ots timestamp of source file ]       [ pdf signatures ]       [ metadata ]

## ORDER

1. Defendant's motion to remove judicial officers for cause (Index #33, 34, 35) are denied

2. Defendant's motion to discharge her attorney (Index #43) is denied while the Rule 20 motion is pending.

BY THE COURT:

Dated:  December 27, 2023

_____

Kerry W. Meyer
Chief Judge of District Court

2

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 233**

Case No. 27-CR-20-13495
State of MN vs EYUAEL GONFA KEBEDE
Filing Type:    ·Order-Other·
Filing Date:    **2022-05-09**
MCRO_27-CR-20-13495_Order-Other_2022-05-09_20240430085927.pdf
File Hash:      741f8ea904e8b177d5e8910a5ef0bfcb51433ec838967d4f44edeb8b31747f36
Page: 1 of 3      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

| | |
|---|---|
| **State of Minnesota,** | **ORDER** |
| **Plaintiff,** | |
| **vs.** | |
| | **MNCIS No. 27-CR-20-13495** |
| **Eyuael Gonfa Kebede,** | |
| **Defendant.** | |

The above-entitled matter came administratively before the Honorable Bev Benson on May 5 and 6, 2022. Ahmad Samaha, Assistant Minneapolis City, represents the Minneapolis City Attorney's Office. Defense Counsel Gregory Renden. Based on the record, the Court makes the following:

## **FINDINGS OF FACT**

1. On May 2, 2022, and May 5, 2022, Defendant Mr. Kebede failed to appear at the hearings held in the above-two cases. As a result of the Defendant's failure to appear and the Court's belief that the Defendant had not had a chemical assessment, (a specific condition of his release) nor had he provided a chemical assessment to the Conditional Release Officer according to recent information provided by Probation, this Court directed that bench warrants be issued in each case.   Defense Counsel indicated that he wanted to request a Rule 20.01, but the Court indicated it would not order a Rule 20.01 without the Defendant being present in Court.

2. Shortly after the hearing was adjourned on May 5, 2022, Conditional Release Officer Becky Rodriquez sent an email to this Court indicating that the Defendant had completed a recent

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 234**

**Case No. 27-CR-20-13495**
State of MN vs EYUAEL GONFA KEBEDE
Filing Type: ·Order-Other·
Filing Date: **2022-05-09**
MCRO_27-CR-20-13495_Order-Other_2022-05-09_20240430085927.pdf
File Hash: 741f8ea904e8b177d5e8910a5ef0bfcb51433ec838967d4f44edeb8b31747f36
Page: 2 of 3     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

chemical assessment and recently provided it to Probation and attached a copy of the

Chemical Health Assessment, which the Court forwarded to both parties.

3.   Upon receiving updated information that the Chemical Assessment had been completed, the

Court via email correspondence with the parties advised that a hearing should be scheduled

to address this case next week to determine whether the Defendant was presently in treatment

and to address the Rule 20.01 Evaluation request.

4.   Defense Counsel indicated he could be available for this hearing on Monday at 1:30 p.m.

Based upon that additional information from probation and since the bench warrants had not

been issued by Court Administrative Staff, the Court directed that the bench warrants should

be <u>stayed</u> and the two cases should be scheduled on the Monday, May 9, 2022, at 1:30 p.m.

Pretrial calendar to address: the Rule 20.01 motion and whether Defendant is interested in the

treatment placement recommended by the chemical health assessment at Park Avenue.

5.   If the Defendant appears on Monday and is already in treatment, he can do an out of custody

Rule 20.01 and continue in treatment. If Defendant fails to appear on Monday, the bench

warrants should be issued, and he should do an in-custody Rule 20.01 evaluation and could

be released once he has been interviewed for that evaluation to do the treatment at Park

Avenue, with a bed to bed transfer, if he is interested/willing/amenable to participate in

treatment.

## **ORDER**

1.   A review hearing is scheduled for May 9, 2022, at 1:30 p.m**. The Defendant is ordered to

appear via Zoom for that Review Hearing.**

2.   The bench warrants should be <u>stayed</u> until May 9, 2022, at 130 p.m.

**3.**   The parties can address any request(s) for a Rule 20.01 evaluation at the Review hearing.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 235

**Case No. 27-CR-20-13495**
State of MN vs EYUAEL GONFA KEBEDE
Filing Type:   ·Order-Other·
Filing Date:   **2022-05-09**
MCRO_27-CR-20-13495_Order-Other_2022-05-09_20240430085927.pdf
File Hash:      741f8ea904e8b177d5e8910a5ef0bfcb51433ec838967d4f44edeb8b31747f36
Page: 3 of 3      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

---

4. Court Administrative Staff should email this order and remote hearing notice to the

   Defendant's email address provided to the check-in clerk.

**IT IS SO ORDERED:**                        **BY THE COURT:**

_____

Bev Benson
Judge of District Court

---

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**Case No. 27-CR-19-22615**
State of MN vs ANNE MARIE RILEY
Filing Type:   ·Order-Other·
Filing Date:   **2024-01-16**
MCRO_27-CR-19-22615_Order-Other_2024-01-16_20240430092136.pdf
File Hash:     a84781f5ef17600c42adb825c5d0ffb73c070d8948e4d5c8e43cfce11fd40728
Page: 1 of 2     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

State of Minnesota,

                    Plaintiff,

          v.

Anne Marie Riley,

                    Defendant.

DENIAL OF MOTION TO REMOVE
JUDICAL OFFICER

File No.  27-CR-19-22615

This matter comes before the undersigned Chief Judge of District Court. Anne Marie Riley ("Defendant") is represented by Hennepin County Assistant Public Defender Shawn Renee Kennon. The State of Minnesota is represented by attorney Anneliese Lorraine McCahery.

On January 16, 2024, Defendant filed a notice to remove Judge Hilary Caligiuri from the above-captioned case. Index #57. This filing was made under Minnesota Rule of Criminal Procedure 26.03, subdivision 14, which states:

> (4) Notice to Remove. A party may remove a judge assigned to preside at a trial or hearing as follows:
>> (a) A notice to remove must be served on the opposing counsel and filed with district court within seven days after the party receives notice of the name of the presiding judge at the trial or hearing;
>> (b) The notice must be filed before the start of the trial or hearing; and
>> (c) The notice is not effective against a judge who already presided at the trial, Omnibus Hearing, or evidentiary hearing if the removing party had notice the judge would preside at the hearing.
> (5) After a party removes a judge under paragraph (4) that party may remove a subsequent judge only for cause.

Minn. R. Crim. P. 26.03, subd. 14(4)-(5).

A litigant has a right to remove a judicial officer assigned to a criminal trial or hearing. *State v. Dahlin*, 753 N.W.2d 300, 305 (Minn. 2008). However, this right of

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 237

**Case No. 27-CR-19-22615**
State of MN vs ANNE MARIE RILEY
Filing Type: ·Order-Other·
Filing Date: **2024-01-16**
MCRO_27-CR-19-22615_Order-Other_2024-01-16_20240430092136.pdf
File Hash: a84781f5ef17600c42adb825c5d0ffb73c070d8948e4d5c8e43cfce11fd40728
Page: 2 of 2    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

removal is limited to one judicial officer. *See* Minn. R. Crim. P. 26.03, subd. 14 (5). Defendant has previously filed notices of removal under this rule. Index #25, 33, 34, 35, 48, 52. Her notice to remove Judge Conroy was granted. All others have been denied under this rule and for cause when cause was alleged.

Accordingly, Defendant's subsequent requests for removal must be denied.

### ORDER

Defendant's motion to remove Judge Hilary Caligiuri (Index #57) is denied.

BY THE COURT:

Dated: 1/16/2024

_____

Kerry W. Meyer
Judge of District Court

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**Case No. 27-CR-20-13495**
State of MN vs EYUAEL GONFA KEBEDE
Filing Type:   ·Order-Other·
Filing Date:   **2021-10-27**
MCRO_27-CR-20-13495_Order-Other_2021-10-27_20240430085950.pdf
File Hash:      3d46eebd4c0835bb32465950969dc02b32d188f35f6404413596d9584572950c
Page: 1 of 3     [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

STATE OF MINNESOTA                                          DISTRICT COURT
COUNTY OF HENNEPIN                              FOURTH JUDICIAL DISTRICT

State of Minnesota,                                  Court File No. 27-CR-20-13495

        Plaintiff,

   v.

Eyuael Gonfa Kebede,

        Defendant.

### FINDINGS AND ORDER FOR WRITTEN SUBMISSIONS

#### APPEARANCE

The above-captioned action came on administratively before the Honorable Michael K. Browne, Judge of District Court, on Wednesday, October 27, 2021. The Court is chambered at the Hennepin County Government Center, 300 South Sixth Street, Minneapolis Minnesota.  The State of Minnesota is represented by Katherine Galler, Esq. Mr. Eyuael Kebede is represented by Gregory Renden, Esq. Bail Bonds Doctor, Inc. is represented by John Daly, Esq. There were no appearances.

Based upon all of the files, records and proceedings herein, the Court issues the following:

#### FINDINGS OF FACT

1.  On February 22, 2021, Bail Bonds Doctor, Inc. posted a bond in the amount of $12,000 to ensure Mr. Kebede's appearance. Mr. Kebede failed to appear at his court date on September 9. 2021, at which the bail bond was forfeited.

1

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 239**

Case No. 27-CR-20-13495
State of MN vs EYUAEL GONFA KEBEDE
Filing Type:    ·Order-Other·
Filing Date:    **2021-10-27**
MCRO_27-CR-20-13495_Order-Other_2021-10-27_20240430085950.pdf
File Hash:      3d46eebd4c0835bb32465950969dc02b32d188f35f6404413596d9584572950c
Page: 2 of 3      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

2.    In its affidavit, Bail Bonds Doctor, Inc. states that agents attempted to locate Mr. Kebede. Bail Bonds Doctor, Inc.'s agent left messages with the cosigner of the bond indemnity agreement and the Defendant instructing the Defendant to turn himself in to the custody of the Hennepin County Jail. Although they did not locate him, Bail Bonds Doctor, Inc.'s investigator contacted family members and acquaintances of the Defendant. After several interviews and monitoring of social media sites, Bail Bonds Doctor, Inc.'s agent was able to locate the Defendant, who was living with his parents at a new address, 5710 Upper 179th St. West, Lakeville, MN.

3.    On October 22, 2021, Bail Bonds Doctor, Inc.'s agent apprehended Mr. Kebede and transferred him, without incident, to the custody of the Hennepin County Jail.

4.    The Defendant's warrant was cleared and on October 25, 2021, Mr. Kebede was conditionally released. This constitutes a modified release condition a modified release condition which supersedes the bail bond.

5.    On October 26, 2021, Bail Bonds Doctor, Inc. filed a petition to reinstate and discharge appearance bond in the amount of $12,000.

6.    Notice has since been sent to all parties providing a deadline to submit responses. The schedule is outlined below.

2

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

Case No. 27-CR-20-13495
State of MN vs EYUAEL GONFA KEBEDE
Filing Type:     ·Order-Other·
Filing Date:    **2021-10-27**
MCRO_27-CR-20-13495_Order-Other_2021-10-27_20240430085950.pdf
File Hash:      3d46eebd4c0835bb32465950969dc02b32d188f35f6404413596d9584572950c
Page: 3 of 3      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

<u>**ORDER**</u>

1.  **PRIOR ORDERS:** All prior and consistent orders in this action remain in full force and effect.

2.  **WRITTEN SUBMISSIONS:** On or before Wednesday, November 10, 2021, the parties shall serve and file a response to the bond petition. ***In addition to serving and filing their submissions, the parties shall send a courtesy copy via email to the Court's staff email address:*** 4thJudgeBrowneStaff@courts.state.mn.us. The matter will then be placed under advisement.

3.  **EXTENSIONS:** If the parties want to request an extension before the deadline, the parties must: 1) identify circumstances causing the missed deadline; 2) propose a different deadline; and 3) receive Court approval. Failure to take this action may be considered a violation of Rule 1.3 (Diligence) of the Minnesota Rules of Professional Conduct.

4.  **NO ORAL ARGUMENT:** Upon timely receipt of the parties' submissions, the Court will advise if oral argument or a telephone conference is necessary. Unless otherwise advised by the Court, the parties shall presume that no oral argument will occur, and this matter will be taken under advisement on the date the parties' submissions are due.

5.  **SERVICE:** Service of a copy of this order shall be made upon self-represented parties by first class U.S. mail at their address(es) last known to the Court Administrator, or to attorneys by e-service, which shall be due and proper service for all purposes.

IT IS SO ORDERED.

**BY THE COURT**

3

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**Case No. 27-CR-21-10675**
State of MN vs Dennis Joseph Barry
Filing Type:    ·Order-Other·
Filing Date:    **2023-07-13**
MCRO_27-CR-21-10675_Order-Other_2023-07-13_20240430082220.pdf
File Hash:      4b5f96af7765c09f7b7906f3fa5a451019897e29ef4dfaf9f75ab22d54c60433
Page: 1 of 3     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

27-CR-21-10675

STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF HENNEPIN                              FOURTH JUDICIAL DISTRICT

                                                     Case Type:  Criminal

State of Minnesota,                          Court File Nos.: 27-CR-22-22521,
                                              27-CR-21-10675, 27-CR-22-3570
                    Plaintiff,

v.
                                                **ORDER APPOINTING**
Dennis Joseph Barry,                       **EXAMINER  FOR RULE 20.01,**
                    Defendant.                 **SUBD. 7 EVALUATION**

        The above-entitled matter came before the Court via correspondence filed by the

Minnesota Department of Human Services' (DHS) - Forensic Services. The correspondence was

served on Defendant's counsel and the Hennepin County Attorney's Office at the time of filing.

        Defendant was found incompetent to participate in their defense under Minnesota Rule of

Criminal Procedure 20.01 and was subsequently civilly committed. The DHS Forensic Evaluation

Department is able to conduct continuing competency evaluations in this matter while Defendant

is under civil commitment. Like the court appointed examiner ordered to conduct the initial Rule

20.01 evaluation in this matter, the assigned DHS Forensic Examiner should have access to

Defendant's treatment and service records so a comprehensive report can be prepared to provide

a well-informed opinion to the Court and the parties regarding Defendant's current mental health

condition and competency status.

        Based upon the correspondence filed by DHS – Forensic Services, the Court hereby makes

and files the following:

                                     **ORDER**

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 242

Case No. 27-CR-21-10675
State of MN vs Dennis Joseph Barry
Filing Type:      ·Order-Other·
Filing Date:    **2023-07-13**
MCRO_27-CR-21-10675_Order-Other_2023-07-13_20240430082220.pdf
File Hash:      4b5f96af7765c09f7b7906f3fa5a451019897e29ef4dfaf9f75ab22d54c60433
Page: 2 of 3     [ source file ]       [ .ots timestamp of source file ]       [ pdf signatures ]       [ metadata ]

27-CR-21-10675

1. The DHS Forensic Evaluation Department is appointed to conduct under Minn. R. Crim. P. 20.01, subd. 7:

   ☒ A single continuing competency evaluation addressing Defendant's mental condition and an opinion as to competency to proceed, to be filed with the court no later than August 4, 2023, which is six months from Defendant's last competency evaluation.

   ☐ Continuing competency evaluations addressing Defendant's mental condition and an opinion as to competency to proceed, to be filed not less than once every six months, while Defendant remains under civil commitment or until further action by DHS or the Court. The next competency evaluation will be filed with the court no later than August 4, 2023, which is six months from Defendant's last competency evaluation.

2. DHS - Forensic Services shall have access to Defendant's treatment and other records so a comprehensive competency evaluation can be prepared under Minn. R. Crim. P. 20.01, subd. 7.

3. By presentation of a copy of this order, whether mailed, sent via facsimile, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional/jail records, including behavioral notes, medical notes, psychiatric notes, jail reports, and any records or information maintained by the jail from any third party medical provider/contractor/public health staff, developmental disability, employment and educational records, to DHS - Forensic Services within 72 hours.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**Case No. 27-CR-21-10675**
State of MN vs Dennis Joseph Barry
Filing Type:    ·Order-Other·
Filing Date:    **2023-07-13**
MCRO_27-CR-21-10675_Order-Other_2023-07-13_20240430082220.pdf
File Hash:     4b5f96af7765c09f7b7906f3fa5a451019897e29ef4dfaf9f75ab22d54c60433
Page: 3 of 3    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

---

27-CR-21-10675

4.  This Order shall be sufficient to require any agency, department, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility.

5.  Defendant's treatment and other records may not be disclosed to any other person without court authorization or Defendant's signed consent.

6.   Costs for competency evaluations as ordered herein will be paid by the Court pursuant to Minn. Stat. § 480.182 (4).

Dated: _____            BY THE COURT:


                                           _____
                                           Judge of District Court

3

---

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 244**

**Case No. 27-CR-22-3570**
State of MN vs Dennis Joseph Barry
Filing Type:   ·Order-Other·
Filing Date:   **2023-07-13**
MCRO_27-CR-22-3570_Order-Other_2023-07-13_20240429034611.pdf
File Hash:    0303ca5959dc78a692fb4924bb91687a2b0de7488ec45145d76a180962b99f6d
Page: 1 of 3    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

27-CR-21-10675

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

Case Type:  Criminal

State of Minnesota,

Plaintiff,

v.

Dennis Joseph Barry,

Defendant.

Court File Nos.: 27-CR-22-22521,
27-CR-21-10675, 27-CR-22-3570

**ORDER APPOINTING
EXAMINER  FOR RULE 20.01,
SUBD. 7 EVALUATION**

The above-entitled matter came before the Court via correspondence filed by the Minnesota Department of Human Services' (DHS) - Forensic Services. The correspondence was served on Defendant's counsel and the Hennepin County Attorney's Office at the time of filing.

Defendant was found incompetent to participate in their defense under Minnesota Rule of Criminal Procedure 20.01 and was subsequently civilly committed. The DHS Forensic Evaluation Department is able to conduct continuing competency evaluations in this matter while Defendant is under civil commitment. Like the court appointed examiner ordered to conduct the initial Rule 20.01 evaluation in this matter, the assigned DHS Forensic Examiner should have access to Defendant's treatment and service records so a comprehensive report can be prepared to provide a well-informed opinion to the Court and the parties regarding Defendant's current mental health condition and competency status.

Based upon the correspondence filed by DHS – Forensic Services, the Court hereby makes and files the following:

**ORDER**

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

Case No. 27-CR-22-3570
State of MN vs Dennis Joseph Barry
Filing Type:    ·Order-Other·
Filing Date:    **2023-07-13**
MCRO_27-CR-22-3570_Order-Other_2023-07-13_20240429034611.pdf
File Hash:    0303ca5959dc78a692fb4924bb91687a2b0de7488ec45145d76a180962b99f6d
Page: 2 of 3    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

27-CR-21-10675

1. The DHS Forensic Evaluation Department is appointed to conduct under Minn. R. Crim. P. 20.01, subd. 7:

   ☒ A single continuing competency evaluation addressing Defendant's mental condition and an opinion as to competency to proceed, to be filed with the court no later than August 4, 2023, which is six months from Defendant's last competency evaluation.

   ☐ Continuing competency evaluations addressing Defendant's mental condition and an opinion as to competency to proceed, to be filed not less than once every six months, while Defendant remains under civil commitment or until further action by DHS or the Court. The next competency evaluation will be filed with the court no later than August 4, 2023, which is six months from Defendant's last competency evaluation.

2. DHS - Forensic Services shall have access to Defendant's treatment and other records so a comprehensive competency evaluation can be prepared under Minn. R. Crim. P. 20.01, subd. 7.

3. By presentation of a copy of this order, whether mailed, sent via facsimile, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional/jail records, including behavioral notes, medical notes, psychiatric notes, jail reports, and any records or information maintained by the jail from any third party medical provider/contractor/public health staff, developmental disability, employment and educational records, to DHS - Forensic Services within 72 hours.

2

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**Case No. 27-CR-22-3570**
State of MN vs Dennis Joseph Barry
Filing Type:    ·Order-Other·
Filing Date:    **2023-07-13**
MCRO_27-CR-22-3570_Order-Other_2023-07-13_20240429034611.pdf
File Hash:      0303ca5959dc78a692fb4924bb91687a2b0de7488ec45145d76a180962b99f6d
Page: 3 of 3      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

27-CR-21-10675

4. This Order shall be sufficient to require any agency, department, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility.

5. Defendant's treatment and other records may not be disclosed to any other person without court authorization or Defendant's signed consent.

6. Costs for competency evaluations as ordered herein will be paid by the Court pursuant to Minn. Stat. § 480.182 (4).

Dated: _____          BY THE COURT:


                                       _____
                                       Judge of District Court

3

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 247**

**Case No. 27-CR-22-4239**
State of MN vs PRIEST JESUS DORSEY
Filing Type:  ·Order-Other·
Filing Date:  **2024-01-09**
MCRO_27-CR-22-4239_Order-Other_2024-01-09_20240429035758.pdf
File Hash:  022ab8aecfa77250612328l2f4836c044fc10c8ba170c6c1e1866c0d579d419f
Page: 1 of 1    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

|  |  |
|---|---|
| State of Minnesota, | **F I N D I N G S** |
| Plaintiff, | **AND** |
|  | **O R D E R** |
| vs. | Court Case No. 27-CR-22-4239 |
|  | C.A. Case No. 22A02382 |
| Priest Jesus Dorsey, |  |
| Defendant. |  |

Pursuant to Rule 9.02, subd. 2(1), Minnesota Rules of Criminal Procedure, the Court finds that the discovery procedure(s) marked below will be of material aid in determining whether Defendant in the above-entitled matter committed the offense charged, and hereby orders Defendant to:

- ☐ Appear in a lineup;
- ☐ Speak for the purpose of voice identification or for the purpose of taking voice prints;
- ☐ Be fingerprinted or permit his palm prints or footprints to be taken;
- ☐ Permit measurements of his body to be taken;
- ☐ Pose for photographs not involving reenactment of a scene;
- ☒ Permit the taking of samples of his buccal swab
  (The Court finds that there is probable cause to believe that a known DNA sample will aid in establishing the guilt of Defendant.)
- ☐ Provide specimens of his handwriting;
- ☐ Submit to reasonable physical or medical inspection of his body.

Defendant is therefore ordered to submit to the aforementioned discovery procedures at the Hennepin County Adult Detention Center at a time and date to be determined.

Dated:  January 8, 2024

_____
Judge of District Court

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 248**

**Case No. 27-CR-22-18209**
State of MN vs JULIET KAY HIGGINS
Filing Type:   ·Order-Other·
Filing Date:   **2023-06-08**
MCRO_27-CR-22-18209_Order-Other_2023-06-08_20240429162056.pdf
File Hash:      64826d6ea719f63e24a0fa093307cc7b15579d8438b0c3100b68f4327b990d09
Page: 1 of 3      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

27-CR-22-18209

STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF HENNEPIN                          FOURTH JUDICIAL DISTRICT

Case Type:  Criminal

State of Minnesota,                                Court File No.: 27-CR-22-18209

Plaintiff,

v.                                          **ORDER APPOINTING EXAMINER
                                              FOR RULE 20.01, SUBD. 7
Juliet Kay Higgins,                                 EVALUATION**
                          Defendant.

The above-entitled matter came before the Court via correspondence filed by the Minnesota Department of Human Services' (DHS) - Forensic Services. The correspondence was served on Defendant's counsel and the Hennepin County Attorney's Office at the time of filing.

Defendant was found incompetent to participate in their defense under Minnesota Rule of Criminal Procedure 20.01 and was subsequently civilly committed. The DHS Forensic Evaluation Department is able to conduct continuing competency evaluations in this matter while Defendant is under civil commitment. Like the court appointed examiner ordered to conduct the initial Rule 20.01 evaluation in this matter, the assigned DHS Forensic Examiner should have access to Defendant's treatment and service records so a comprehensive report can be prepared to provide a well-informed opinion to the Court and the parties regarding Defendant's current mental health condition and competency status.

Based upon the correspondence filed by DHS – Forensic Services, the Court hereby makes and files the following:

**ORDER**

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 249**

**Case No. 27-CR-22-18209**
State of MN vs JULIET KAY HIGGINS
Filing Type:    ·Order-Other·
Filing Date:    **2023-06-08**
MCRO_27-CR-22-18209_Order-Other_2023-06-08_20240429162056.pdf
File Hash:      64826d6ea719f63e24a0fa093307cc7b15579d8438b0c3100b68f4327b990d09
Page: 2 of 3      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

---

27-CR-22-18209

1. The DHS Forensic Evaluation Department is appointed to conduct under Minn. R. Crim. P. 20.01, subd. 7:

   ☒ A single continuing competency evaluation addressing Defendant's mental condition and an opinion as to competency to proceed, to be filed with the court no later than July 18, 2023, which is six months from Defendant's last competency evaluation.

   ☐ Continuing competency evaluations addressing Defendant's mental condition and an opinion as to competency to proceed, to be filed not less than once every six months, while Defendant remains under civil commitment or until further action by DHS or the Court. The next competency evaluation will be filed with the court no later than July 18, 2023, which is six months from Defendant's last competency evaluation.

2. DHS - Forensic Services shall have access to Defendant's treatment and other records so a comprehensive competency evaluation can be prepared under Minn. R. Crim. P. 20.01, subd. 7.

3. By presentation of a copy of this order, whether mailed, sent via facsimile, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional/jail records, including behavioral notes, medical notes, psychiatric notes, jail reports, and any records or information maintained by the jail from any third party medical provider/contractor/public health staff, developmental disability, employment and educational records, to DHS - Forensic Services within 72 hours.

2

---

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 250**

**Case No. 27-CR-22-18209**
State of MN vs JULIET KAY HIGGINS
Filing Type:      ·Order-Other·
Filing Date:      **2023-06-08**
MCRO_27-CR-22-18209_Order-Other_2023-06-08_20240429162056.pdf
File Hash:       64826d6ea719f63e24a0fa093307cc7b15579d8438b0c3100b68f4327b990d09
Page: 3 of 3      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

---

27-CR-22-18209

4.  This Order shall be sufficient to require any agency, department, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility.

5.  Defendant's treatment and other records may not be disclosed to any other person without court authorization or Defendant's signed consent.

6.  Costs for competency evaluations as ordered herein will be paid by the Court pursuant to Minn. Stat. § 480.182 (4).

Dated:   _June 8, 2023_               BY THE COURT:

                                                   _____
                                                   Judge of District Court

3

---

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 251**

**Case No. 27-CR-22-18859**
State of MN vs ABDIQANI AHMED HASSAN
Filing Type:      ·Order-Other·
Filing Date:    **2023-07-18**
MCRO_27-CR-22-18859_Order-Other_2023-07-18_20240429162339.pdf
File Hash:      3b7e3352e67ebffbab060e06adb8680c4b4e4d8910c761361e792da80738a3cc
Page: 1 of 3      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

27-CR-22-18859

STATE OF MINNESOTA

COUNTY OF HENNEPIN

State of Minnesota,

Plaintiff,

v.

Hassan, Abdiqani Ahmed,
                                    Defendant.

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

Case Type:  Criminal

Court File Nos.: 27-CR-22-22985,
                            27-CR-22-18859

**ORDER APPOINTING EXAMINER
FOR RULE 20.01, SUBD. 7
EVALUATION**

The above-entitled matter came before the Court via correspondence filed by the Minnesota Department of Human Services' (DHS) - Forensic Services. The correspondence was served on Defendant's counsel and the Hennepin County Attorney's Office at the time of filing.

Defendant was found incompetent to participate in their defense under Minnesota Rule of Criminal Procedure 20.01 and was subsequently civilly committed. The DHS Forensic Evaluation Department is able to conduct continuing competency evaluations in this matter while Defendant is under civil commitment. Like the court appointed examiner ordered to conduct the initial Rule 20.01 evaluation in this matter, the assigned DHS Forensic Examiner should have access to Defendant's treatment and service records so a comprehensive report can be prepared to provide a well-informed opinion to the Court and the parties regarding Defendant's current mental health condition and competency status.

Based upon the correspondence filed by DHS – Forensic Services, the Court hereby makes and files the following:

**ORDER**

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**Case No. 27-CR-22-18859**
State of MN vs ABDIQANI AHMED HASSAN
Filing Type:   ·Order-Other·
Filing Date:   **2023-07-18**
MCRO_27-CR-22-18859_Order-Other_2023-07-18_20240429162339.pdf
File Hash:     3b7e3352e67ebffbab060e06adb8680c4b4e4d8910c761361e792da80738a3cc
Page: 2 of 3     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

---

27-CR-22-18859

1. The DHS Forensic Evaluation Department is appointed to conduct under Minn. R. Crim. P. 20.01, subd. 7:

   ☒ A single continuing competency evaluation addressing Defendant's mental condition and an opinion as to competency to proceed, to be filed with the court no later than November 14, 2023, which is six months from Defendant's last competency evaluation.

   ☐ Continuing competency evaluations addressing Defendant's mental condition and an opinion as to competency to proceed, to be filed not less than once every six months, while Defendant remains under civil commitment or until further action by DHS or the Court. The next competency evaluation will be filed with the court no later than November 14, 2023, which is six months from Defendant's last competency evaluation.

2. DHS - Forensic Services shall have access to Defendant's treatment and other records so a comprehensive competency evaluation can be prepared under Minn. R. Crim. P. 20.01, subd. 7.

3. By presentation of a copy of this order, whether mailed, sent via facsimile, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional/jail records, including behavioral notes, medical notes, psychiatric notes, jail reports, and any records or information maintained by the jail from any third party medical provider/contractor/public health staff, developmental disability, employment and educational records, to DHS - Forensic Services within 72 hours.

2

---

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 253**

Case No. 27-CR-22-18859
State of MN vs ABDIQANI AHMED HASSAN
Filing Type:     ·Order-Other·
Filing Date:     **2023-07-18**
MCRO_27-CR-22-18859_Order-Other_2023-07-18_20240429162339.pdf
File Hash:       3b7e3352e67ebffbab060e06adb8680c4b4e4d8910c761361e792da80738a3cc
Page: 3 of 3      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

27-CR-22-18859

4.  This Order shall be sufficient to require any agency, department, or health care provider
    to release the requested information and/or records related to treatment Defendant has
    received in connection with that facility.

5.  Defendant's treatment and other records may not be disclosed to any other person
    without court authorization or Defendant's signed consent.

6.   Costs for competency evaluations as ordered herein will be paid by the Court pursuant
    to Minn. Stat. § 480.182 (4).

Dated: _____                    BY THE COURT:


                                                   _____
                                                   Judge of District Court

3

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**Case No. 27-CR-22-22521**
State of MN vs Dennis Joseph Barry
Filing Type:    ·Order-Other·
Filing Date:    **2023-07-13**
MCRO_27-CR-22-22521_Order-Other_2023-07-13_20240429163108.pdf
File Hash:     853f392194b23b7af89b2575ebb1383b7d459e766dc3c68d0c1c6961af632e0e
Page: 1 of 3      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

27-CR-21-10675

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

Case Type:  Criminal

State of Minnesota,

Plaintiff,

v.

Dennis Joseph Barry,

Defendant.

Court File Nos.: 27-CR-22-22521,
27-CR-21-10675, 27-CR-22-3570

**ORDER APPOINTING
EXAMINER  FOR RULE 20.01,
SUBD. 7 EVALUATION**

The above-entitled matter came before the Court via correspondence filed by the Minnesota Department of Human Services' (DHS) - Forensic Services. The correspondence was served on Defendant's counsel and the Hennepin County Attorney's Office at the time of filing.

Defendant was found incompetent to participate in their defense under Minnesota Rule of Criminal Procedure 20.01 and was subsequently civilly committed. The DHS Forensic Evaluation Department is able to conduct continuing competency evaluations in this matter while Defendant is under civil commitment. Like the court appointed examiner ordered to conduct the initial Rule 20.01 evaluation in this matter, the assigned DHS Forensic Examiner should have access to Defendant's treatment and service records so a comprehensive report can be prepared to provide a well-informed opinion to the Court and the parties regarding Defendant's current mental health condition and competency status.

Based upon the correspondence filed by DHS – Forensic Services, the Court hereby makes and files the following:

**ORDER**

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 255

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

Case No. 27-CR-22-22521
State of MN vs Dennis Joseph Barry
Filing Type:    ·Order-Other·
Filing Date:    **2023-07-13**
MCRO_27-CR-22-22521_Order-Other_2023-07-13_20240429163108.pdf
File Hash:      853f392194b23b7af89b2575ebb1383b7d459e766dc3c68d0c1c6961af632e0e
Page: 2 of 3     [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

27-CR-21-10675

1. The DHS Forensic Evaluation Department is appointed to conduct under Minn. R. Crim. P. 20.01, subd. 7:

   ☒ A single continuing competency evaluation addressing Defendant's mental condition and an opinion as to competency to proceed, to be filed with the court no later than August 4, 2023, which is six months from Defendant's last competency evaluation.

   ☐ Continuing competency evaluations addressing Defendant's mental condition and an opinion as to competency to proceed, to be filed not less than once every six months, while Defendant remains under civil commitment or until further action by DHS or the Court. The next competency evaluation will be filed with the court no later than August 4, 2023, which is six months from Defendant's last competency evaluation.

2. DHS - Forensic Services shall have access to Defendant's treatment and other records so a comprehensive competency evaluation can be prepared under Minn. R. Crim. P. 20.01, subd. 7.

3. By presentation of a copy of this order, whether mailed, sent via facsimile, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional/jail records, including behavioral notes, medical notes, psychiatric notes, jail reports, and any records or information maintained by the jail from any third party medical provider/contractor/public health staff, developmental disability, employment and educational records, to DHS - Forensic Services within 72 hours.

2

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 256**

**Case No. 27-CR-22-22521**
State of MN vs Dennis Joseph Barry
Filing Type:    ·Order-Other·
Filing Date:    **2023-07-13**
MCRO_27-CR-22-22521_Order-Other_2023-07-13_20240429163108.pdf
File Hash:      853f392194b23b7af89b2575ebb1383b7d459e766dc3c68d0c1c6961af632e0e
Page: 3 of 3      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

27-CR-21-10675

4. This Order shall be sufficient to require any agency, department, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility.

5. Defendant's treatment and other records may not be disclosed to any other person without court authorization or Defendant's signed consent.

6. Costs for competency evaluations as ordered herein will be paid by the Court pursuant to Minn. Stat. § 480.182 (4).

Dated: _____          BY THE COURT:

                                        _____
                                        Judge of District Court

3

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 257**

**Case No. 27-CR-22-22985**
State of MN vs ABDIQANI AHMED HASSAN
Filing Type:     ·Order-Other·
Filing Date:    **2023-07-18**
MCRO_27-CR-22-22985_Order-Other_2023-07-18_20240429164044.pdf
File Hash:      dc765654c3d980e183c8ca155251f927ed2b22702be47f230a73d54db4ad2862
Page: 1 of 3     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

---

27-CR-22-18859

STATE OF MINNESOTA                                  DISTRICT COURT

COUNTY OF HENNEPIN                          FOURTH JUDICIAL DISTRICT

                                                          Case Type:  Criminal

State of Minnesota,                               Court File Nos.: 27-CR-22-22985,
                                                                          27-CR-22-18859
                            Plaintiff,

v.
                                                          **ORDER APPOINTING EXAMINER**
Hassan, Abdiqani Ahmed,                      **FOR RULE 20.01, SUBD. 7**
                            Defendant.                        **EVALUATION**

---

The above-entitled matter came before the Court via correspondence filed by the

Minnesota Department of Human Services' (DHS) - Forensic Services. The correspondence was

served on Defendant's counsel and the Hennepin County Attorney's Office at the time of filing.

Defendant was found incompetent to participate in their defense under Minnesota Rule of

Criminal Procedure 20.01 and was subsequently civilly committed. The DHS Forensic Evaluation

Department is able to conduct continuing competency evaluations in this matter while Defendant

is under civil commitment. Like the court appointed examiner ordered to conduct the initial Rule

20.01 evaluation in this matter, the assigned DHS Forensic Examiner should have access to

Defendant's treatment and service records so a comprehensive report can be prepared to provide

a well-informed opinion to the Court and the parties regarding Defendant's current mental health

condition and competency status.

Based upon the correspondence filed by DHS – Forensic Services, the Court hereby makes

and files the following:

**ORDER**

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 258

**Case No. 27-CR-22-22985**
State of MN vs ABDIQANI AHMED HASSAN
Filing Type:    ·Order-Other·
Filing Date:    **2023-07-18**
MCRO_27-CR-22-22985_Order-Other_2023-07-18_20240429164044.pdf
File Hash:      dc765654c3d980e183c8ca155251f927ed2b22702be47f230a73d54db4ad2862
Page: 2 of 3    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

27-CR-22-18859

1. The DHS Forensic Evaluation Department is appointed to conduct under Minn. R. Crim. P. 20.01, subd. 7:

   ☒ A single continuing competency evaluation addressing Defendant's mental condition and an opinion as to competency to proceed, to be filed with the court no later than November 14, 2023, which is six months from Defendant's last competency evaluation.

   ☐ Continuing competency evaluations addressing Defendant's mental condition and an opinion as to competency to proceed, to be filed not less than once every six months, while Defendant remains under civil commitment or until further action by DHS or the Court. The next competency evaluation will be filed with the court no later than November 14, 2023, which is six months from Defendant's last competency evaluation.

2. DHS - Forensic Services shall have access to Defendant's treatment and other records so a comprehensive competency evaluation can be prepared under Minn. R. Crim. P. 20.01, subd. 7.

3. By presentation of a copy of this order, whether mailed, sent via facsimile, or personally delivered, the custodian of records for any agency, department, or health care provider shall release all information and/or records related to Defendant, including medical, psychological, behavioral, social service, probation/correctional/jail records, including behavioral notes, medical notes, psychiatric notes, jail reports, and any records or information maintained by the jail from any third party medical provider/contractor/public health staff, developmental disability, employment and educational records, to DHS - Forensic Services within 72 hours.

2

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 259**

Case No. 27-CR-22-22985
State of MN vs ABDIQANI AHMED HASSAN
Filing Type:   ·Order-Other·
Filing Date:   **2023-07-18**
MCRO_27-CR-22-22985_Order-Other_2023-07-18_20240429164044.pdf
File Hash:      dc765654c3d980e183c8ca155251f927ed2b22702be47f230a73d54db4ad2862
Page: 3 of 3      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

27-CR-22-18859

4. This Order shall be sufficient to require any agency, department, or health care provider to release the requested information and/or records related to treatment Defendant has received in connection with that facility.

5. Defendant's treatment and other records may not be disclosed to any other person without court authorization or Defendant's signed consent.

6.  Costs for competency evaluations as ordered herein will be paid by the Court pursuant to Minn. Stat. § 480.182 (4).

Dated: _____

BY THE COURT:

_____
Judge of District Court

3

Url 1: link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
Url 4: drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 260**

Case No. 27-CR-23-1886
State of MN vs MATTHEW DAVID GUERTIN
Filing Type:  ·Order-Other·
Filing Date:  **2023-07-13**
MCRO_27-CR-23-1886_Order-Other_2023-07-13_20240430072355.pdf
File Hash:  7f55a35d9f19876d7b081395bf8911471b7aa385da1c5dc294892ba945f9e419
Page: 1 of 7       [ source file ]       [ .ots timestamp of source file ]       [ pdf signatures ]       [ metadata ]

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
PROBATE/MENTAL HEALTH DIVISION

Court File No. 27-CR-23-1886

State of Minnesota,
        Plaintiff,

v.

Matthew David Guertin,
        Defendant.

**FINDINGS OF FACT,
CONCLUSIONS OF LAW, AND
ORDER REGARDING
COMPETENCY TO PROCEED**

---

The above-entitled matter came before the district court, on July 7, 2023, for an evidentiary hearing regarding the Defendant's competency. The hearing took place in person in Courtroom 456 at the Hennepin County Government Center. Jacqueline Perez, Assistant Hennepin County Attorney, appeared for the State. The Defendant appeared along with his attorney, Bruce Rivers, Esq. Jill E. Rogstad, Ph.D., LP, ABPP (Forensic), Senior Clinical Forensic Psychologist at the Fourth Judicial District Court, testified at the hearing and the court received into evidence her *Curriculum Vitae* (Exhibit 2), and her Forensic Evaluation Report dated March 10, 2023 (Exhibit 3). The court also received into evidence a copy of United States Patent No. 11,577,177 B2 dated February 14, 2023 (Exhibit 1), as well as testimony from the Defendant.

The matter was referred for hearing to the undersigned district court referee, who after considering the evidence, the arguments presented, and all the files and records herein, reports to the court making the following recommended Findings of Fact, Conclusions of Law and Order:

1. Defendant is currently **INCOMPETENT** to proceed.

### FINDINGS OF FACT

The Defendant, Matthew David Guertin, is charged in MNCIS file 27-CR-23-1886 with Dangerous Weapons-Reckless Discharge of Firearm Within a Municipality (Felony), Firearm-

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 261**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

Case No. 27-CR-23-1886
State of MN vs MATTHEW DAVID GUERTIN
Filing Type:      ·Order-Other·
Filing Date:    **2023-07-13**
MCRO_27-CR-23-1886_Order-Other_2023-07-13_20240430072355.pdf
File Hash:      7f55a35d9f19876d7b081395bf8911471b7aa385da1c5dc294892ba945f9e419
Page: 2 of 7      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

Serial Number-Receive/Possess With No Serial Number (Felony), Firearm-Serial Number-Receive/Possess With No Serial Number (Felony), and Firearm-Serial Number-Receive/Possess With No Serial Number (Felony), from an incident alleged to have occurred on January 21, 2023. On January 25, 2023, the Honorable Lyonel Norris, Referee of District Court, found probable cause to believe that the offenses were committed and that Defendant committed them. He then ordered that a Rule 20.01 evaluation be completed. Jill E. Rogstad, Ph.D., LP, ABPP (Forensic), was assigned to complete the evaluation of the Defendant. She filed her report on March 10, 2023, opining that Mr. Guertin is incompetent and provided the following diagnoses:

> Unspecified Schizophrenia Spectrum and Other Psychotic Disorder (primary).

Mr. Guertin challenges Dr. Rogstad's conclusion, taking the position that he is competent to proceed in his criminal matters. Mr. Guertin testified that he is currently employed as the Chief Executive Officer (CEO) of a start-up company. His company is listed as the assignee on United States Patent No. 11,577,177 B2, and he, as an individual, is listed as the inventor and the applicant. *Ex. 1*. Mr. Guertin testified that he understands his charges, noting that reckless discharge of a firearm in a municipality is a felony with a maximum of a two-year sentence. He notes that he and his attorney have discussed possible defenses; that he understands the information relayed to him by his attorney; and that there is nothing impeding their relationship. In fact, Mr. Guertin and his attorney, Mr. Rivers, have had a professional relationship for many years. Mr. Guertin also admitted to having been through criminal proceedings in the past. While he acknowledged that he may not understand all the technicalities of criminal proceedings, he indicates that he would ask his attorney if he had questions about the proceedings. Mr. Guertin appeared well-dressed, noting that he wore a tie to court "to be presentable." He presents as intelligent and passionate about his work with technology, including his patent. However, much of his testimony was focused on his

2

Url 1: link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
Url 4: drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 262**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

Case No. 27-CR-23-1886
State of MN vs MATTHEW DAVID GUERTIN
Filing Type:     ·Order-Other·
Filing Date:     **2023-07-13**
MCRO_27-CR-23-1886_Order-Other_2023-07-13_20240430072355.pdf
File Hash:       7f55a35d9f19876d7b081395bf8911471b7aa385da1c5dc294892ba945f9e419
Page: 3 of 7      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

technological work and patent, and he required frequent redirection to stay on point. In fact, there were times during his testimony that Mr. Guertin became lost in his answer to a question because of rambling statements about his patent or other unrelated topics. For instance, when discussing the events that led to what he describes as the "most cordial standoff ever" [with the police], Mr. Guertin began discussing his actions in firing his gun in order to attract the police. He did so instead of calling 911 because he could not trust his electronic devices due to his suspicions involving Netflix and Microsoft and protection of his patent. The court appreciates Mr. Guertin's testimony and his participation in the hearing; however, the court has serious concerns regard Mr. Guertin's ability to meaningfully participate in criminal proceedings and understand the process, given his perseveration regarding his patent, and his delusional beliefs about others.

Dr. Rogstad opines that Mr. Guertin is not competent to proceed in his criminal matters, concluding in her report "…that Mr. Guertin's symptoms presently compromise his capacity to understand rationally the proceedings, participate in the defense, and consult rationally with counsel." Ex. 3, p. 9. Dr. Rogstad offers a diagnosis of Unspecified Schizophrenia Spectrum and Other Psychotic Disorder (primary). While Dr. Rogstad testified that this is a legitimate diagnosis, she indicated that additional information would be needed to provide more specificity. Dr. Rogstad notes that Mr. Guertin "…displays prominent delusional beliefs that include persecutory and referential themes," the content and intensity of which "…are highly consistent with phenomenology of the persecutory delusions that can accompany psychotic disorders." *Id*. at 7. She further indicates that Mr. Guertin may also suffer from a mood-related disorder, namely mania or hypomania, given "…his frequent digressions and tendency to become distracted by his own thoughts," which "…were consistent with flight of ideas." *Id*. at 8. She also notes that Mr. Guertin was "highly distractible" during the examination, making it "…difficult to extract meaningful,

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 263

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

Case No. 27-CR-23-1886
State of MN vs MATTHEW DAVID GUERTIN
Filing Type:     ·Order-Other·
Filing Date:     **2023-07-13**
MCRO_27-CR-23-1886_Order-Other_2023-07-13_20240430072355.pdf
File Hash:       7f55a35d9f19876d7b081395bf8911471b7aa385da1c5dc294892ba945f9e419
Page: 4 of 7     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

coherent information from him." *Id*. The court observed identical behavior during his testimony on July 7, 2023, to that exhibited during his examination. Dr. Rogstad testified that misuse[1] of Adderall could account for some of Mr. Guertin's symptoms, but acknowledged that she was not a toxicologist or medical doctor and that she did not know how much Adderall Mr. Guertin actually took. Despite reporting this possibility, Dr. Rogstad opines Mr. Guertin is not competent.

As a result of his symptoms, Dr. Rogstad believes that Mr. Guertin is unable to participate in the legal process regarding his criminal matters. She credibly testified that while Mr. Guertin has good factual knowledge, he is unable to apply this knowledge due to delusional beliefs. For example, when Mr. Guertin spoke about his delusional beliefs, he indicated he would present evidence supporting these beliefs. In her report, Dr. Rogstad states, "…while he knows the nature of his charges, Mr. Guertin's delusional beliefs are inextricably linked to his perceptions of his current legal situation, and they obstruct his ability to apply this factual legal knowledge to discussions of his own case in a rational manner devoid of delusional reasoning." *Id*. at 9. Specifically, Dr. Rogstad reports that his delusions impacted his perception of relevant evidence, that he supported the choices he made "…with impaired perceptions of objective reality," and that ultimately, he was unable to participate in "consistently coherent" and "reality-based" discussions regarding the proceedings. *Id*. Her testimony supports these conclusions when she states that Mr. Guertin did not understand evidence or the ramifications of making decisions because of the delusions that emerged as they were discussing legal proceedings. Dr. Rogstad also testified that Mr. Guertin lacks insight into his mental health, as evidenced by his belief that he is under duress as opposed to having any impaired perceptions. Finally, Dr. Rogstad testified that neither her report nor her opinion changed after observing Mr. Guertin's testimony during the July 7, 2023 hearing.

---

[1] Mr. Guertin testified that he takes additional dosages of his Adderall medication on long days because the medication is "fast-acting." He gave one example as working overnight at Coachella to finish an art piece for the next day.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 264

Case No. 27-CR-23-1886
State of MN vs MATTHEW DAVID GUERTIN
Filing Type:     ·Order-Other·
Filing Date:     **2023-07-13**
MCRO_27-CR-23-1886_Order-Other_2023-07-13_20240430072355.pdf
File Hash:       7f55a35d9f19876d7b081395bf8911471b7aa385da1c5dc294892ba945f9e419
Page: 5 of 7      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

The court finds that the greater weight of the evidence establishes that Mr. Guertin is not competent to proceed at this time. He suffers from a mental illness with a diagnosis of Unspecified Schizophrenia Spectrum and Other Psychotic Disorder, as offered by Dr. Rogstad. This may also include a mood component, namely mania or hypomania. This mental illness prevents Mr. Guertin from rationally understanding the legal process and obstructs his ability to prepare a defense or rationally consult with his counsel. Dr. Rogstad persuasively reports that Mr. Guertin's delusions impact his strategical decisions. For instance, he indicated that providing testimony at his trial would serve "…as a way to 'have the opportunity to make all this stuff [about his perceived persecution] public in the courtroom,'" with similar thoughts regarding evidence he collected. Ex. 3, p. 9. Additionally, the court observed Mr. Guertin testify, during which his answers often wandered towards the themes of technology, patents, and competitors. While it is evident that Mr. Guertin is an intelligent, talented individual with a passion for technology, this does not necessarily make him competent to proceed in his criminal matters. He may understand the factual components of criminal proceedings, but it is evident to the court that he is unable to apply this factual knowledge in his defense. Based upon the totality of evidence before the court including Mr. Guertin's testimony, Dr. Rogstad's testimony, and the exhibits received into evidence, the court concludes that the greater weight of the evidence establishes that Mr. Guertin is not currently competent to proceed and thus, the defense has not met their burden of proof.

In summary, the court finds the testimony and report of Dr. Rogstad to be the most credible and persuasive evidence regarding Mr. Guertin's competency to proceed. Dr. Rogstad has extensive experience conducting forensic evaluations, including having completed approximately 400 forensic evaluations. *See also* Ex. 2. Her report was thorough and considered several possible factors contributing to Mr. Guertin's symptoms, as well as the significance of those symptoms.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 265**

Case No. 27-CR-23-1886
State of MN vs MATTHEW DAVID GUERTIN
Filing Type:    ·Order-Other·
Filing Date:    **2023-07-13**
MCRO_27-CR-23-1886_Order-Other_2023-07-13_20240430072355.pdf
File Hash:      7f55a35d9f19876d7b081395bf8911471b7aa385da1c5dc294892ba945f9e419
Page: 6 of 7      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

The court also notes the similarity in Mr. Guertin's presentation during both his evaluation and at the July 7, 2023 hearing: Mr. Guertin presented as verbose, with responses to questions that included excessive detail.  He often brought his responses back to the themes of technology, patents, and competitors; and on occasion, had to ask that questions be repeated due to his extensive responses. Mr. Guertin appears to the court to be unable to separate matters involving his criminal charges from his delusional thoughts regarding his technology. It was evident that he continues to suffer from mental health concerns that impact his ability to fully understand and engage in the proceedings regarding his criminal matters.

### CONCLUSIONS OF LAW

"A defendant has a due process right not to be tried or convicted of a criminal charge if he or she is legally incompetent." *Bonga v. State*, 797 N.W.2d 712, 718 (Minn. 2011). Rule 20.01 of the Minnesota Rules of Criminal Procedure requires that if the court finds by the greater weight of the evidence that the defendant is competent, it must enter an order finding the defendant competent to proceed. Minn. R. Crim. P. Rule 20.01, subd. 5(c). A defendant is incompetent and must not plead, be tried, or be sentenced if the defendant due to mental illness or cognitive impairment lacks ability to: (a) rationally consult with counsel; or (b) understand the proceedings or participate in the defense. *Id*., subd. 2.  The determination of whether a defendant is able to rationally consult with the defense attorney or understand and participate in the proceedings turns on the facts of each particular case.  Moreover, fact-finders, including district courts, are not required to accept an expert's testimony or recommendations. *State v. Roberts*, 876 N.W.2d 863, 868 (Minn. 2016). Foremost, throughout the criminal proceedings the trial court must be mindful of its protective duty to ensure that a defendant is competent to proceed.  See State v.

6

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

Case No. 27-CR-23-1886
State of MN vs MATTHEW DAVID GUERTIN
Filing Type: ·Order-Other·
Filing Date: **2023-07-13**
MCRO_27-CR-23-1886_Order-Other_2023-07-13_20240430072355.pdf
File Hash: 7f55a35d9f19876d7b081395bf8911471b7aa385da1c5dc294892ba945f9e419
Page: 7 of 7 [ source file ] [ .ots timestamp of source file ] [ pdf signatures ] [ metadata ]

Bauer, 245 N.W.2d 848, 852 (Minn. 1976) (ruling that the court should have conducted further inquiry into the important matter of defendant's competency).

The greater weight of the evidence establishes that Mr. Guertin is incompetent to proceed.

### ORDER

Defendant, Matthew David Guertin, is currently **INCOMPETENT** to proceed.

Order Recommended By: **BY THE COURT:**

_____        _____
Referee of District Court                Judge of District Court

7

Url 1: link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
Url 4: drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 267

Case No. 27-CR-23-3198
State of MN vs AARON DASHAUN CHERRY
Filing Type:     ·Order-Other·
Filing Date:    **2024-02-09**
MCRO_27-CR-23-3198_Order-Other_2024-02-09_20240430072725.pdf
File Hash:      956dc07a55660c18f0ffa64c094195dc82266472e2215486337eb631a31316e5
Page: 1 of 6     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

STATE OF MINNESOTA                                  DISTRICT COURT
                                    PROBATE/MENTAL HEALTH DIVISION
COUNTY OF HENNEPIN                         JUDICIAL DISTRICT: FOURTH

                                            Court File No. 27-CR-23-3198

State of Minnesota,

                        Plaintiff,          ORDER DENYING MOTION FOR RELEASE,
v.                                          AND DENYING MOTION FOR AMENDED
                                            CONDITIONAL RELEASE ORDER
Aaron Dashaun Cherry,

                        Defendant.

This matter came before the Court on February 6, 2024, on a Motion by Counsel for the Defendant to Modify the Conditions of Release of the Defendant from the Hennepin County Adult Detention Center, and to remove the bail requirement imposed on Defendant by the Court's Conditional Release Order dated February 10, 2023. The hearing took place remotely using Zoom video. The Defendant appeared at the hearing in custody from the Hennepin County Adult Detention Center and was represented by attorneys Chelsea Knutson and Susan Herlofsky, Assistant Hennepin County Public Defenders. The State of Minnesota was represented by Assistant Hennepin County Attorney Thomas Arneson.

The matter was referred for hearing to the undersigned District Court Referee, and based on the Referee's recommendations, the Court makes the following:

**FINDINGS OF FACT**

1.  Defendant (date of birth 08/19/1994) was charged in Court File No. 27-CR-23-3198 with felony Violation of No Contact Order Within 10 years of the first of two convictions, in violation of Minn. Stat. § 629.75.2(d)(1); and felony Domestic Assault in violation of

1

Url 1: link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
Url 4: drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 268

Case No. 27-CR-23-3198
State of MN vs AARON DASHAUN CHERRY
Filing Type:  ·Order-Other·
Filing Date:  **2024-02-09**
MCRO_27-CR-23-3198_Order-Other_2024-02-09_20240430072725.pdf
File Hash:   956dc07a55660c18f0ffa64c094195dc82266472e2215486337eb631a31316e5
Page: 2 of 6   [ source file ]   [ .ots timestamp of source file ]   [ pdf signatures ]   [ metadata ]

Minn. Stat. § 609.2242.4. Both charges arise from an incident alleged to have occurred on February 8, 2023.

2. In the course of the proceedings, concerns were raised over Defendant's competence and a Rule 20 evaluation was ordered by the Court on March 7, 2023. The psychologist who evaluated the Defendant opined that he was competent to proceed on the criminal charges. Defendant's Counsel challenged that opinion and a contested competency hearing was subsequently held on November 17, 2023. On December 6, 2023, an Order was issued by this Court finding that Defendant was incompetent to proceed on the criminal charges. A motion for review of the December 6, 2023 Order was made by the State's Counsel, and by oral and written Orders dated January 31, 2024, the motion was denied and the December 6, 2023 Order was confirmed.

3. Defense Counsel notes that under Minn. R. Crim. P. Rule 6.02, subd. 4, the Court must review conditions of release on request of any party. Defense Counsel also directs the Court to Minn. R. Crim. P. Rule 6.02, subd. 1 which reads, in part, that a person must be released on personal recognizance or an unsupervised appearance bond "unless a court determines that release will endanger the public safety or will not reasonably assure the defendant's appearance."

4. When determining release, the Court looks to Minn. R. Crim. P. Rule 6.02, subd. 2 which sets forth the factors the court must consider in determining conditions of release. When analyzing the case under this Rule the Court finds as follows:

   a. The nature and circumstances of the offense charged are serious. Both charges are felonies and both allegedly involved a victim with a prior DANCO against the Defendant.

   b. As to the weight of the evidence, the Defendant is presumed innocent, however, the Court notes that on March 6, 2023, the Honorable Judge William H. Koch found

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 269**

**Case No. 27-CR-23-3198**
State of MN vs AARON DASHAUN CHERRY
Filing Type:    ·Order-Other·
Filing Date:    **2024-02-09**
MCRO_27-CR-23-3198_Order-Other_2024-02-09_20240430072725.pdf
File Hash:    956dc07a55660c18f0ffa64c094195dc82266472e2215486337eb631a31316e5
Page: 3 of 6    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

---

probable cause to believe that the offenses were committed and that the Defendant committed them.

c.   No information was presented to the Court about the Defendant's family ties.

d.   No information was presented to the Court about employment, but it appears from the Hennepin County Pre-Trial Evaluation filed February 10, 2023, that Defendant was unemployed prior to the alleged offenses.

e.   No information was presented to the Court about Defendant's financial resources.

f.   As for Defendant's character and mental condition, the Court has most recently found that he is incompetent to stand trial on the criminal charges.

g.   The Pre-Trial Evaluation indicates that Defendant's length of residence in the community prior to the offense was only one year.

h.   The Defendant has several prior felony convictions including Domestic Assault, Fourth Degree Assault, Domestic Strangulation, Armed Robbery, and Unlawful Possession of a Weapon by a Felon. Additionally, the Defendant has misdemeanor convictions of Trespass, Fleeing by means other than a motor vehicle, Violation of a No Contact Order, and Disorderly Conduct.

i.   The Pre-Trial Evaluation indicates 10 failures to appear beginning in January 2020 and ending in May 2022. Additionally, Defendant's Pre-Trial Score on his Pre-Trial Evaluation was 76, a very high score.

j.   No evidence was presented regarding any prior flight to avoid prosecution by the Defendant.

k.   The victim's safety is of concern to the Court especially given the Defendant's history of violence.

l.   No evidence was presented as to the jeopardy of any other person's safety.

m.   The Court has serious concerns about the public safety because of the Defendant's conduct and his past behavior.

Page 3 of 6

---

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 270

Case No. 27-CR-23-3198
State of MN vs AARON DASHAUN CHERRY
Filing Type:      ·Order-Other·
Filing Date:     **2024-02-09**
MCRO_27-CR-23-3198_Order-Other_2024-02-09_20240430072725.pdf
File Hash:       956dc07a55660c18f0ffa64c094195dc82266472e2215486337eb631a31316e5
Page: 4 of 6      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

5.  When weighing all of the Rule 6.02, subd. 2 factors as a whole, the Court finds that
    Defendant's release without appropriate safeguards in place will endanger the victim, the
    public safety, and will likely result in the Defendant's nonappearance for future hearings.

6.  Defense Counsel notes that Defendant has been in custody since his arrest on February 8,
    2023. While this may be an extended period of time in custody, the Court does not find this
    to be cruel or unusual punishment. Here, the Court determined that Defendant is a risk to
    public safety and is not assured that he would appear in the future. He is charged with
    violating a no contact order within 10 years of the first of two convictions and domestic
    assault. The Defense Motion also indicates that Defendant is alleged to have violated his
    probation by having contact with the victim and by failing to remain law abiding, which
    would have occurred when Defendant was out of custody. MNCIS Index No. 29. The Court
    is also not assured that Defendant would attend future Court appearances, given his history
    of bench warrants issued as a result of failing to appear. The Court has not been presented
    with any reasonable alternatives for release of the Defendant that would not result in
    jeopardizing public safety or his future Court appearances.

7.  Defense Counsel indicates that even though the Defendant has been found incompetent
    due to cognitive impairment, he is not receiving treatment while in the Jail. However, it is
    not the Court's role to find an appropriate placement or treatment for the Defendant. It is
    the Court's role to protect the safety of the victim and the public, and to ensure the
    Defendant is not a flight risk. Neither the State nor the Defense has presented a reasonable
    suggestion for a conditional release of the Defendant that would satisfy these concerns.

8.  Following the Court's finding that the Defendant was incompetent to stand trial, the State
    declined to pursue civil commitment of the Defendant. Defense Counsel argues that the

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

Case No. 27-CR-23-3198
State of MN vs AARON DASHAUN CHERRY
Filing Type:      ·Order-Other·
Filing Date:     **2024-02-09**
MCRO_27-CR-23-3198_Order-Other_2024-02-09_20240430072725.pdf
File Hash:       956dc07a55660c18f0ffa64c094195dc82266472e2215486337eb631a31316e5
Page: 5 of 6      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

Defendant is unconstitutionally being held indefinitely and solely on account of his incompetence to stand trial. The Court finds, however, that the Defendant is being held based on the risk he poses to public safety and the lack of assurance that he would attend future Court appearances, and not because of his incompetence to stand trial. Additionally, the Defendant is not being held indefinitely.  He is scheduled to appear before this Court for a six-month review hearing on June 11, 2024, demonstrating that the Court continues to review his status.

9.  Defense Counsel states that the placements which have been contacted will not accept the Defendant without an evaluation which cannot be done at the Jail. The Court also acknowledges Defense Counsel's suggestion that this Court issue an Order to transport the Defendant to 1800 Chicago for evaluation, care and treatment.  The Court notes, however, that this facility is not a secure facility which would not serve to protect the victim or the general public. The court does not find this proposal to be an adequate condition for release. Defense Counsel also argues that the Defendant has an address in the community, however, the address is a post office box and not a residence. While the Defendant cannot be punished for failing to have a residence, this is another factor which leads the Court to find it likely that the Defendant would not be able to be reached for future court appearances. Additionally, Hennepin County Probation will not supervise the Defendant if released because he has been found incompetent to stand trial on the criminal charges. Therefore, the Court finds that a release of the Defendant under the proposal made by Defense Counsel will endanger the public safety and will not reasonably assure the Defendant's appearance at future hearings.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**Case No. 27-CR-23-3198**
State of MN vs AARON DASHAUN CHERRY
Filing Type:      ·Order-Other·
Filing Date:     **2024-02-09**
MCRO_27-CR-23-3198_Order-Other_2024-02-09_20240430072725.pdf
File Hash:      956dc07a55660c18f0ffa64c094195dc82266472e2215486337eb631a31316e5
Page: 6 of 6      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

10. Since no appropriate conditions have been presented to the Court for the Defendant's conditional release, the Court finds the current bail and conditions of release to be appropriate and declines to amend its Conditional Release Order to allow for release of Defendant from the Adult Detention Center.

### ORDER

**IT IS ORDERED:**

1.  The Defendant's Motion to remove the bail requirements imposed by the Court and release him from the Hennepin County Adult Detention Center without bail, but on conditions, is DENIED.

2.  The conditions of release set forth in the Conditional Release Order filed February 10, 2023, shall remain in effect.

3.  Copies of this Order shall be served upon Counsel for the parties including:

    Joshua Luger, Assistant Hennepin County Attorney;

    Thomas Arneson, Assistant Hennepin County Attorney;

    Chelsea Knutson, Assistant Hennepin County Public Defender; and

    Susan Herlofsky, Assistant Hennepin County Public Defender.

Order Recommended by:                          **BY THE COURT:**

_____              _____
Referee of District Court                                  Judge of District Court

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 273**

**Case No. 27-CR-23-3459**
State of MN vs MUAD ABDULKADIR
Filing Type:  ·Order-Other·
Filing Date:  **2023-05-12**
MCRO_27-CR-23-3459_Order-Other_2023-05-12_20240430072904.pdf
File Hash:   3137ef77639bff5041ab4d101562b815ea4a5bdd845da1d07fb28920e5d5f525
Page: 1 of 27    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

---

State of Minnesota,
      Plaintiff,

v.

Muad Abdulkadir,
      Defendant.

Judge Michael K. Browne
Case Type: Criminal

**FINDINGS OF FACT AND
CONCLUSIONS OF LAW
REGARDING DEFENDANT'S
COMPETENCY TO PROCEED**

Case File Numbers:
27-CR-23-3459,
27-CR- 23-3460

---

### APPEARANCES

The above-entitled matter came before the Honorable Michael K. Browne, Judge of District Court, on May 10, 2023, for an evidentiary hearing upon the Defense's objection to the incompetency opinion rendered by John R. Anderson, Ph.D., L.P. of the Senior Clinical Forensic Psychologist – Fourth District Psychological Services dated March 10, 2023. The Court is chambered at the Hennepin County Government Center, 300 South Sixth Street, Minneapolis, Minnesota.

Thomas Prochazka, Assistant Hennepin County Attorney, appeared for the State.  Douglas Biglow, Assistant Public Defender, appeared on behalf of the defendant. Mr. Abdulkadir (the Defendant) appeared in custody.

1

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 274**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

Case No. 27-CR-23-3459
State of MN vs MUAD ABDULKADIR
Filing Type:    ·Order-Other·
Filing Date:    **2023-05-12**
MCRO_27-CR-23-3459_Order-Other_2023-05-12_20240430072904.pdf
File Hash:    3137ef77639bff5041ab4d101562b815ea4a5bdd845da1d07fb28920e5d5f525
Page: 2 of 27    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

#### EVIDENCE IN THE PROCEEDING

The Court received three exhibits, to which the parties stipulated: Dr. John Anderson's Curriculum Vitae (Ex. 1), Dr. John Anderson's Report dated March 10, 2023 (Ex. 2), and Dr. Megan Paris' Report dated May 4, 2023, from case file number 27-MH-PR-23-402 (Ex. 3). The Court also took judicial notice of the underlying orders and reports in case file number 27-MH-PR-23-402. Mr. Abdulkadir (the Defendant) and Dr. John Anderson testified. After hearing arguments of counsel, the Court took the matter of Defendant's competency under advisement. Based upon the arguments presented and all the files and records herein, the Court orders as follows:

1. Defendant is **INCOMPETENT** to proceed.

#### PROCEDURAL HISTORY

The Defendant, Mr. Abdulkadir, is charged with one count of Aggravated Robbery-1st Degree arising from an incident alleged to have occurred on February 11, 2023, wherein he is accused of forcing himself into a neighbor's home, assaulting a man, brandishing a firearm, and leaving with money from the location in Bloomington, Minnesota (27-CR-23-3459). Mr. Abdulkadir is also charged with Assault-2nd Degree – Dangerous Weapon and Threats of Violence – Reckless Disregard Risk related to allegations that he threatened patrons in a store while carrying a handgun in Minneapolis, Minnesota, on February 12, 2023 (27-CR-23-3460).

On February 15, 2023, Mr. Abdulkadir made his first appearance in court, where the Court determined he did qualify for the services of a public defender. On February 16, 2023, Judge Caligiuri ordered Respondent for an Evaluation for Competency to Proceed (Rule 20.01). Judge Caligiuri found probable cause on all counts and ordered a Rule 20.01 evaluation to determine if Mr. Abdulkadir was competent to proceed.

2

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 275**

Case No. 27-CR-23-3459
State of MN vs MUAD ABDULKADIR
Filing Type:     ·Order-Other·
Filing Date:     **2023-05-12**
MCRO_27-CR-23-3459_Order-Other_2023-05-12_20240430072904.pdf
File Hash:       3137ef77639bff5041ab4d101562b815ea4a5bdd845da1d07fb28920e5d5f525
Page: 3 of 27      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

John R. Anderson, Ph.D., L.P. of the Senior Clinical Forensic Psychologist – Fourth District Psychological Services was assigned to complete the evaluation of the Defendant. He filed his report on March 10, 2023. Dr. Anderson opined that Mr. Abdulkadir was incompetent and provided the diagnoses of Unspecified Bipolar and Related Disorder, Unspecified Schizophrenia Spectrum and other Psychotic Disorder, Alcohol Use Disorder, Cannabis Use Disorder, and Opioid Use Disorder. Additionally, he recommended that he be referred for evaluation for indefinite civil commitment as a Mentally Ill and Dangerous person.

The first hearing on competency was held on March 21, 2023, at which time Mr. Abdulkadir was unable to participate due to mental illness symptoms. Accordingly, the Court found that Defendant was incompetent to stand trial. The matter was referred to prepetition screening and an order for civil commitment was filed on April 7, 2023, in file 27-MH-PR-23-402. On April 4, 2023, Defendant was scheduled to appear for a bail hearing and refused to appear. On April 11, 2023, Defendant appeared for a bail hearing where a request for continuance was granted for defense counsel to discuss further options. On April 17, 2023, the Defendant filed a motion to vacate the March 21, 2023, incompetency finding. On April 18, 2023, the Court heard Defendant's motion to vacate the March 21, 2023, incompetency finding. All parties were present at this hearing. The Court denied Defendant's motion to vacate the incompetency findings and granted Respondent's motion for a contested hearing on the issue of competency.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 276**

Case No. 27-CR-23-3459
State of MN vs MUAD ABDULKADIR
Filing Type:    ·Order-Other·
Filing Date:    **2023-05-12**
MCRO_27-CR-23-3459_Order-Other_2023-05-12_20240430072904.pdf
File Hash:      3137ef77639bff5041ab4d101562b815ea4a5bdd845da1d07fb28920e5d5f525
Page: 4 of 27     [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

On May 4, 2023, Dr. Megan Paris, Psy.D., LP, ABPP, submitted her Forensic Evaluation Report in file 27-MH-PR-23-402, pursuant to a petition for civil commitment as Mentally Ill and Dangerous. Dr. Paris diagnosed Defendant with Bipolar I Disorder, with mood-congruent psychotic features (most recent episode manic), Traits of Antisocial Personality Disorder, Alcohol Use Disorder (By History), Cannabis Use Disorder (By History), and Opioid Use Disorder (By History). Dr. Paris opined that Defendant meets criteria for civil commitment as an individual who is mentally ill and dangerous to the public.

The hearing on competency was held on May 10, 2023, at which time the Defense argued that the Court should find Mr. Abdulkadir competent to proceed with the criminal trial.

### FINDINGS OF FACT

The Court's findings are based on the information and opinions provided by John R. Anderson, Ph.D., L.P. of the Senior Clinical Forensic Psychologist – Fourth District Psychological Services dated March 10, 2023 (Ex. 2), and Megan Paris, Psy.D., LP, ABPP, Forensic Evaluation Report in file 27-MH-PR-23-402 dated May 4, 2023 (Ex. 3.). The Court's opinion is also based on the findings of fact contained in its Order, dated March 22, 2023, finding Mr. Abdulkadir incompetent. Those findings are incorporated into the findings below.

Mr. Abdulkadir is 29 years old.  He graduated from high school in the United States after immigrating from Somalia in 2005.  He previously stated that he participated in special education services in the twelfth grade. He expressed a negative attitude towards school and acknowledged that he was expelled from high school at one point. His employment history includes work in retail, delivery, cashier work, working with the houseless (i.e., homeless), and his own courier service.

4

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 277**

Case No. 27-CR-23-3459
State of MN vs MUAD ABDULKADIR
Filing Type:     ·Order-Other·
Filing Date:     **2023-05-12**
MCRO_27-CR-23-3459_Order-Other_2023-05-12_20240430072904.pdf
File Hash:      3137ef77639bff5041ab4d101562b815ea4a5bdd845da1d07fb28920e5d5f525
Page: 5 of 27      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

Mr. Abdulkadir has a significant mental health history. He was subject to civil commitment proceedings in 2019 (27-MH-PR-19-74). On November 29, 2018, he was transported to Acute Psychiatric Services from Hennepin County Adult Detention Center after he was noted to be naked, sweating, and agitated in his cell. Additionally, he was throwing water on himself and speaking rapidly and incoherently. He was placed on a 72-hour hold in the context of aggression, mania, delusional thought processes, and agitation requiring treatment with injectable medications. He was discharged after two days to his mother's care.

On January 15, 2019, Mr. Abdulkadir was released from jail and returned to his family's home. He became agitated and aggressive, his family called Hennepin County COPE, and he was transported to the Hennepin Healthcare / Hennepin County Medical Center (HCMC) emergency department. He was described as uncooperative, inappropriate, and vulgar. He was treated with multiple doses of antipsychotic and sedating medications. His mother described to HCMC providers chronic concerns for violence. Prepetition screening noted he tested positive for unspecified substances though he denied drug use. Mr. Abdulkadir focused on religious beliefs. Mr. Abdulkadir reportedly became agitated during the interview with prepetition screening and followed the screener through the unit demanding a copy of notes.

The Court-appointed examiner, Bruce Renken, Ph.D., LP ABPP, diagnosed Mr. Abdulkadir with unspecified bipolar and related disorder. Dr. Renken noted hyperverbal speech, grandiose thoughts, irritability, shifting mood, agitation, and hostile statements. Dr. Renken also noted multiple threats to harm hospital staff necessitating seclusion and use of forced medications. Dr. Renken supported commitment as a person who poses a risk of harm due to a mental illness (MI) as well as the corresponding *Jarvis* petition.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 278**

Case No. 27-CR-23-3459
State of MN vs MUAD ABDULKADIR
Filing Type:     ·Order-Other·
Filing Date:     2023-05-12
MCRO_27-CR-23-3459_Order-Other_2023-05-12_20240430072904.pdf
File Hash:       3137ef77639bff5041ab4d1015622b815ea4a5bdd845da1d07fb28920e5d5f525
Page: 6 of 27      [ source file ]       [ .ots timestamp of source file ]       [ pdf signatures ]       [ metadata ]

Mr. Abdulkadir was subsequently committed as MI with the order for use of psychotropic medications. After his release from the hospital, case management described unsuccessful attempts to remain in contact with Mr. Abdulkadir.

Ann Marie Winskowski Psy.D., LP examined Mr. Abdulkadir related to his adjudicative competency and authored a report dated March 7, 2019. Dr. Winskowski wrote that Mr. Abdulkadir reported growing up in slums in Kenya and India before moving to the United States in 2005. He reported he graduated high school and worked as a cashier, retail worker, and delivery driver. He described a history of binge drinking and use of cannabis. Mr. Abdulkadir reported a history of at least five hospitalizations because he was "just too wild." Dr. Winskowski described a history of hospitalizations since 2016 related to agitation, difficulty caring for himself, behavioral dysregulation. Symptoms were often described as consistent with mania.

Dr. Winskowski interviewed Mr. Abdulkadir at an HCMC inpatient unit. He denied any history of suicide attempts but endorsed passive suicidal thoughts in the past. Dr. Winskowski diagnosed Mr. Abdulkadir with bipolar disorder, current episode manic with psychosis; alcohol use disorder; and cannabis use disorder. She noted: "Mr. Abdulkadir indicated that the devil was consistently testing him, had a hand in some of the alleged incidents that substantiate the charges against him, and is influencing major players in a criminal court setting." Dr. Winskowski opined that Mr. Abdulkadir's decision making ability was influenced by delusional ideas related to the devil and God, though noted he demonstrated adequate understanding of relevant legal proceedings. Lastly, Dr. Winskowski noted that collateral records indicated Mr. Abdulkadir's behavior remained unpredictable and aggressive in settings with high levels of structure and security, though he was emotionally and behaviorally regulated during the interview.

6

Url 1: link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
Url 4: drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

Case No. 27-CR-23-3459
State of MN vs MUAD ABDULKADIR
Filing Type:      ·Order-Other·
Filing Date:     **2023-05-12**
MCRO_27-CR-23-3459_Order-Other_2023-05-12_20240430072904.pdf
File Hash:      3137ef77639bff5041ab4d101562b815ea4a5bdd845da1d07fb28920e5d5f525
Page: 7 of 27      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

Dr. Winskowski reevaluated Mr. Abdulkadir and authored a report dated September 20, 2019. Dr. Winskowski wrote that Mr. Abdulkadir lived with his mother in Minneapolis, but had maintained very limited contact with civil commitment case management. He reported a subsequent hospitalization in February 2019 in the context of mania and psychosis. Mr. Abdulkadir reported he did not need psychiatric treatment following his release from the hospital in March 2019, though he also stated he continued taking prescribed medications (noting only negative side effects without helping his mental health) until his commitment ended in August 2019. Mr. Abdulkadir did not evidence symptoms of mental illness during the interview.

Dr. Winskowski again diagnosed Mr. Abdulkadir with bipolar disorder, most recent episode manic with psychosis; alcohol use disorder, in early remission, per client report; and cannabis use disorder, in early remission, per client report and noted: "Mr. Abdulkadir has a history of episodes where he has demonstrated a decreased need for sleep, pressured speech, agitation, grandiose delusion, dysregulated and hypersexual behavior. He has been hospitalized multiple times and civilly committed on the basis of this behavior." Dr. Winskowski opined that Mr. Abdulkadir demonstrated adequate factual understanding of legal proceedings, that he was able to rationally describe his cases, and that he could participate in his defense.

Then, Mr. Abdulkadir was brought to the hospital by paramedics following an apparent opioid overdose in August 2020. He required a dose of Narcan (naloxone, opioid antagonist), and his oxygen levels were listed as very low. Contusions were noted on his eye and chest. Mr. Abdulkadir became agitated in the hospital.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

Case No. 27-CR-23-3459
State of MN vs MUAD ABDULKADIR
Filing Type:      ·Order-Other·
Filing Date:      **2023-05-12**
MCRO_27-CR-23-3459_Order-Other_2023-05-12_20240430072904.pdf
File Hash:        3137ef77639bff5041ab4d101562b815ea4a5bdd845da1d07fb28920e5d5f525
Page: 8 of 27      [ source file ]        [ .ots timestamp of source file ]        [ pdf signatures ]        [ metadata ]

Upon admission to Hennepin County Adult detention on February 12, 2023, Mr. Abdulkadir refused all medications. He was evaluated after uses of force (i.e., Taser deployment) by deputies on February 13, 2023, and February 24, 2023. Mr. Abdulkadir was described as aggressive, vocal, and not responding to the provider's verbal commands in recent records.

Additionally, the files indicate collateral records from Defendant's brother Mr. Musab Abdulkadir. Mr. Musab Abdulkadir described his brother experiencing two periods of mental illness including in 2019/2020 and one beginning more recently.

Mr. Musab Abdulkadir reported his brother had stopped taking psychotropic medications in 2020, and previously been psychiatrically stable since about 2021. He added his brother had worked and been active in religious and community groups including tutoring children until relatively recently. He said his brother's demeanor changed to the point that he carried weapons and threatened others including faith leaders or acquaintances on social media. Mr. Musab Abdulkadir described a recent instance in which his brother carried a firearm to a music venue where he said he was to perform; he said his brother threatened others who drew weapons, but Mr. Musab Abdulkadir was able to deescalate the situation.

Mr. Musab Abdulkadir also described an instance where Bloomington Police were called after his brother posed a threat of harm to himself, though he said his brother was not arrested or taken to treatment. He stated his brother stopped using alcohol and only used opioids once but uses cannabis "heavily." Mr. Musab Abdulkadir reported his brother has called him from jail and described revelations from God and that he believed he was a prophet.

8

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 281

Case No. 27-CR-23-3459
State of MN vs MUAD ABDULKADIR
Filing Type:    ·Order-Other·
Filing Date:    **2023-05-12**
MCRO_27-CR-23-3459_Order-Other_2023-05-12_20240430072904.pdf
File Hash:      3137ef77639bff5041ab4d101562b815ea4a5bdd845da1d07fb28920e5d5f525
Page: 9 of 27      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

On March 21, 2023, Mr. Abdulkadir was unable to participate in the court proceedings due to mental illness symptoms. Accordingly, the Court found that Defendant was incompetent to stand trial. The matter was referred to prepetition screening and an order for civil commitment was filed on April 7, 2023, in file 27-MH-PR-23-402.

John R. Anderson, Ph.D., L.P. of the Senior Clinical Forensic Psychologist – Fourth District Psychological Services completed a six-month competency review evaluation of the defendant. Dr. Anderson attempted to interviewed Mr. Abdulkadir, reviewed the following documents and information, and filed his report with the court on March 21, 2023:

1. Records from Hennepin County Adult Detention, dated February 12, 2019 to March 7, 2023
2. Records from Hennepin Healthcare / Hennepin County Medical Center (HCMC), dated August 6, 2020 to March 7, 2023
3. Criminal Complaints and Orders of Detention related to the current cases, each dated February 14, 2023
4. Evaluation reports and memos regarding Mr. Clinton's competency to proceed:
   a. Psychological Evaluation to Determine Competence to Stand Trial (Rule 20.01) authored by Ann Marie Winskowski,
   Psy.D., LP on March 7, 2019
   b. Psychological Evaluation to Determine Competence to Stand Trial (Rule 20.01) authored by Ann Marie Winskowski, Psy.D., LP on September 20, 2019
5. Minnesota Court Information System (MNCIS) records related to the current case, various dates
6. MNCIS Case History Summary dated February 17, 2023
7. Order to 4th Judicial District Psychological Services, issued by Judge Hilary Caligiuri on February 16, 2023
8. Records related to petition for civil commitment (27-MH-PR-19-74), various dates
9. Email correspondence with Judith L. Cole, Senior Hennepin County Attorney, on March 1, 2023
10. Telephone conversation with Mr. Abdulkadir's brother, Musab Abdulkadir, on March 8, 2023
11. Telephone conversation with Mr. Abdulkadir' s attorney, Douglas Biglow, on March 8, 2023

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

Case No. 27-CR-23-3459
State of MN vs MUAD ABDULKADIR
Filing Type:     ·Order-Other·
Filing Date:     **2023-05-12**
MCRO_27-CR-23-3459_Order-Other_2023-05-12_20240430072904.pdf
File Hash:      3137ef77639bff5041ab4d101562b815ea4a5bdd845da1d07fb28920e5d5f525
Page: 10 of 27      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

Hennepin County Public Safety Facility records reviewed by Dr. Anderson stated that Mr. Abdulkadir's current detention is his first at the facility since 2019. Upon arriving at the jail on February 12, 2023, he was described as "not redirectable and verbally abusive." A "green leafy substance" was found in his property when he arrived. Hours later, he was described as nude and screaming at staff. The Special Response Team (SRT) was activated on February 12 and 13, 2023. He was described a saying, "See how small ya are and how big I am, that is because ya walk with the devil and I walk with Allah."

From the jail records, Dr. Anderson learned that the deputies deployed Tasers on Mr. Abdulkadir. Mr. Abdulkadir also threatened to kill staff and spit on windows. In addition, staff wrote that he stated, "I will smoke you when I see you outside, I will be out on Tuesday." Mr. Abdulkadir told staff to enter his cell to fight him, threw liquid at staff, and threatened to kill their family members. Mr. Abdulkadir refused to return to his cell following a court date. He was noted not to sleep much.

On February 17, 2023, Mr. Abdulkadir reported he was in a "'holy war" against staff and threatened to kill staff, the mayor, and the governor. That same day, he made sexual comments directed at staff and stated his belief that one deputy was "evil" and that others were "heathens." Mr. Abdulkadir continued to make specific threats to physically or sexually assault or kill staff (sometimes by name) on most days throughout his detention. He was noted to demonstrate emotional lability as evidenced by apologizing to staff for his behavior before threatening them in the same interaction. Mr. Abdulkadir was described as showing "erratic mood swings." He was described as talking to himself on March 4, 2023, and he also accused staff of tampering with his water.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 283**

Case No. 27-CR-23-3459
State of MN vs MUAD ABDULKADIR
Filing Type:     ·Order-Other·
Filing Date:     **2023-05-12**
MCRO_27-CR-23-3459_Order-Other_2023-05-12_20240430072904.pdf
File Hash:       3137ef77639bff5041ab4d101562b815ea4a5bdd845da1d07fb28920e5d5f525
Page: 11 of 27     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

Because of reported safety concerns related to his behavior during the current detention, Hennepin County Sherriff's deputies elected to conduct a remote interview from Mr. Abdulkadir's cell door. Upon connecting, Dr. Anderson noted that the cell door window was smeared with an unknown white substance. Defendant was yelling and pacing around the cell without a shirt. Dr. Anderson attempted to provide him the forensic notification and describe the purpose of their meeting, though Mr. Abdulkadir was clearly agitated from the moment Dr. Anderson attempted to engage him.

When Dr. Anderson asked if he could hear him, he replied he could not. Mr. Abdulkadir recognized that Dr. Anderson identified himself as a psychologist working for the courts and referenced "mind games." He repeated several times that he did not consent to the interview and used profanities. Mr. Abdulkadir's speech was pressured. He was holding a book in his hands. Ultimately, Dr. Anderson was not able to provide him the forensic notification, and the attempted interview was discontinued. Hennepin County deputies facilitating the attempted meeting reported Mr. Abdulkadir's presentation had been consistent throughout his current detention and stated SRT had been activated to manage his behavior.

Dr. Anderson offered diagnoses of Unspecified Bipolar and Related Disorder, Unspecified Schizophrenia Spectrum and other Psychotic Disorder, Alcohol Use Disorder, Cannabis Use Disorder, and Opioid Use Disorder. He noted Mr. Abdulkadir' history of a psychotic disorder that has been characterized by grandiosity, hypersexuality, insomnia, pressured speech, irritability, aggression, potential response to hallucinations (as evidenced by talking to himself), and likely delusional paranoid and religious beliefs (e.g., that he is in a "holy war'" or that deputies tampered with his water supply) may be attributed to mania and psychosis.

11

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 284

Case No. 27-CR-23-3459
State of MN vs MUAD ABDULKADIR
Filing Type:     ·Order-Other·
Filing Date:    **2023-05-12**
MCRO_27-CR-23-3459_Order-Other_2023-05-12_20240430072904.pdf
File Hash:      3137ef77639bff5041ab4d101562b815ea4a5bdd845da1d07fb28920e5d5f525
Page: 12 of 27      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

Dr. Anderson also noted that Defendant demonstrates disregard for and violation of the rights of others including failure to conform to social norms with respect to lawful behaviors, impulsivity, irritability and aggressiveness, and reckless disregard for safety of self and others.

Regarding competency, at the time of the interview with Dr. Anderson, Mr. Abdulkadir did not demonstrate an adequate understanding of courtroom personnel and court proceedings. Based upon his presentation in detention and during the attempted interview and a review of records, Mr. Abdulkadir's refusal to participate in the current evaluation was driven by his symptoms of mental illness and that it is more likely than not his competency-related abilities are currently impaired by his symptoms of mental illness. Specifically, his current/recent presentation including impaired thinking process, agitation, and likely delusional beliefs impaired his ability to meaningfully participate in the interview.

Mr. Abdulkadir appeared to understand Dr. Anderson's role but accused the court system of playing "mind games" and was not receptive to Dr. Anderson's attempts to engage him in the interview process. Lastly, it was Dr. Anderson's opinion that the totality of information described above (e.g., descriptions of likely psychotic thinking processes, mania, and ongoing agitation) indicates that Mr. Abdulkadir's lack of cooperation with the current evaluation is likely due to his current symptoms of mental illness. Dr. Anderson was of the opinion that it is likely his current presentation would impair his ability to participate in proceedings and consult with counsel. Notably, he has declined to meet with his attorney as well. Dr. Anderson concluded that it is possible, if not likely, that the symptoms also impair to some unknown degree his ability to consult with a reasonable degree of rational understanding with defense counsel as well as understand the criminal proceedings and participate in the defense.

12

Url 1: link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
Url 4: drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

Case No. 27-CR-23-3459
State of MN vs MUAD ABDULKADIR
Filing Type:     ·Order-Other·
Filing Date:    **2023-05-12**
MCRO_27-CR-23-3459_Order-Other_2023-05-12_20240430072904.pdf
File Hash:      3137ef77639bff5041ab4d101562b815ea4a5bdd845da1d07fb28920e5d5f525
Page: 13 of 27      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

Dr. Anderson did not examine Mr. Abdulkadir related to his functional abilities, and withheld an opinion about the impact of symptoms of mental illness on these abilities. Still, Dr. Anderson's evaluation indicates that while Mr. Abdulkadir does demonstrate an adequate factual understanding of courtroom personnel and court proceedings and he is unable to apply this understanding to the specifics of the case in a logical and rational manner. In addition, Mr. Abdulkadir is unable to discuss the specifics of his case or potential defense strategies with consideration of the potential evidence due to impaired thought processes such as disorganized thoughts and delusional beliefs.

Dr. Anderson also noted that that Mr. Abdulkadir's use of illicit or nonprescribed substances or alcohol could certainly contribute to changes in his mental status. Mr. Abdulkadir has previously demonstrated impaired competency-related abilities due to mental illness, but after a period of limited treatment in the community was able to demonstrate intact. As a result, Dr. Anderson opined that Mr. Abdulkadir does not have the ability to rationally assist defense counsel in the development of a defense strategy or to make informed and rational legal decisions.

On May 4, 2023, Dr. Megan Paris, Psy.D., LP, ABPP, submitted her report regarding Defendant's commitment case 27-MH-PR-23-402. Dr. Paris diagnosed Mr. Abdulkadir with a bipolar disorder with psychotic features, which is a substantial psychiatric disorder. Dr. Paris opined that his psychiatric condition impacts his thought (racing, grandiose, and paranoid beliefs) and mood (agitated and labile), which grossly impair his judgment and behavior; these impairments have been recently manifested through instances of grossly disturbed behavior, including reactive aggression precipitated by Mr. Abdulkadir's manic agitation, disinhibition, and grandiosity.

13

Url 1: link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
Url 4: drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

Case No. 27-CR-23-3459
State of MN vs MUAD ABDULKADIR
Filing Type:    ·Order-Other·
Filing Date:    **2023-05-12**
MCRO_27-CR-23-3459_Order-Other_2023-05-12_20240430072904.pdf
File Hash:      3137ef77639bff5041ab4d101562b815ea4a5bdd845da1d07fb28920e5d5f525
Page: 14 of 27      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

It is Dr. Paris' opinion that while Mr. Abdulkadir's patterns of reactivity and lack of self-restraint are amplified by his antisocial traits, his clinical presentation is not exclusively accounted for by a personality disorder. She also noted that quite similarly, substance use appears to be an amplifying factor to his symptoms; however, his presentation cannot be exclusively accounted for solely by substance use.

Dr. Paris interviewed Mr. Abdulkadir and found the following: his speech was of quickened pace, loud volume, and typical cadence. His vocabulary appeared advanced. Mr. Abdulkadir regularly derailed into tangential asides that failed to answer the question at hand. He required redirection and repetition of interview questions yet continued to provide minimally useful or purposefully deflective responses. Regarding the latter, even when Mr. Abdulkadir was directly addressing the topic inquired about, he regularly responded with purposefully vague responses, or posed the question back to myself. To this end, he presented as interpersonally intrusive and defensive.

Additionally, Mr. Abdulkadir's mood was expansive (i.e., lack of restraint in expressing emotions/intense affect, with an over-inflated sense of importance). He presented as irritated by Dr. Paris' insistence on him answering questions and setting boundaries in response to his intrusive nature; however, he remained in behavioral control and did not exhibit yelling, swearing, or displays of physical aggression. Mr. Abdulkadir's thought process was tangential (i.e., excessively detailed asides that detract from one's ability to address the main point). Mr. Abdulkadir's thought content was significant for themes of grandiosity (e.g., believing he has a divine fate), persecution (e.g., believing correctional officers are aligned purposefully against him), and ideas of reference (e.g., assigning special meaning to coincidences).

14

Url 1: link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
Url 4: drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 287**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

Case No. 27-CR-23-3459
State of MN vs MUAD ABDULKADIR
Filing Type:     ·Order-Other·
Filing Date:     2023-05-12
MCRO_27-CR-23-3459_Order-Other_2023-05-12_20240430072904.pdf
File Hash:       3137ef77639bff5041ab4d101562b815ea4a5bdd845da1d07fb28920e5d5f525
Page: 15 of 27     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

Moreover, subtle themes of religious preoccupation were also observed, such as Mr. Abdulkadir presenting with a Koran for the interview; however, his statements and behaviors did not clearly rise to a degree constituting religious delusions. Mr. Abdulkadir also exhibited substantial antiauthority attitudes, evidenced by his deflective approach to the examination, his manner of interacting with authority figures (e.g., his own attorney), and attempts to control the interview to be able to discuss topics at his discretion. Mr. Abdulkadir did not exhibit any behaviors suggestive of hallucinations during the examination. Mr. Abdulkadir was alert, and was oriented to his identity, the date, his location, and circumstance of meeting.

On May 10, 2023, Mr. Abdulkadir testified before the Court. He testified that he was here to contest the incompetency finding. He testified that he completed high school. He testified that he believes he is competent because he is competent. He testified that he has had the competency process occur in court, but he was never present for it. He testified that he was found incompetent in 2019, and then later that year in August 2019, he was restored to competency and found competent by the courts. He testified that he restored himself to competency by traveling to Somalia and visit with his long-lost family. He testified that his father is the Colonel of the North Somali Army, so he lacks restriction when he is there. He testified that his father just had a baby and that this trip made him feel affirmed, heard, safe, and free. He testified that jail is a vacation too, but it is a "staycation." He testified that his faith has kept him going, which is also being sure of a destiny, whether good or bad and trusting the process.

15

Url 1: link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
Url 4: drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 288

Case No. 27-CR-23-3459
State of MN vs MUAD ABDULKADIR
Filing Type:    ·Order-Other·
Filing Date:    **2023-05-12**
MCRO_27-CR-23-3459_Order-Other_2023-05-12_20240430072904.pdf
File Hash:      3137ef77639bff5041ab4d101562b815ea4a5bdd845da1d07fb28920e5d5f525
Page: 16 of 27      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

Mr. Abdulkadir testified that he has too many jobs to count and that he operated his own

currier service called the "Happy Journey Express Corporation," but he put a hold on this in

December 2022 to work in the community for his brother Mussad Abdulkadir as a "housing access

coordinator." Mr. Abdulkadir testified that he had a contract with Street Fleet and NAPA for his

courier service and had to talk with the community to get business (here, Mr. Abdulkadir testified

that a "closed mouth does not get fed"). Mr. Abdulkadir testified that as a housing access

coordinator, he worked with the houseless population and would take them to different areas to

get them any help that they needed. He testified that some these included 1800 Chicago and

Endeavors. He testified that the people in the housing camps were there due to the "luck of the

draw."

Mr. Abdulkadir testified that he liked to take directions and follow directions. He testified

that many of the houseless people suffered from substance abuse issues and testified that they have

to want to help themselves to be helped. He testified that he had gotten into verbal bouts while

working, but never physical bouts.

Regarding medication, Mr. Abdulkadir testified that he takes Naproxen for sleep; Vistaril

for anxiety; all of which was prescribed to him by Dr. Silva. He testified that he does not believe

the medications are working. He testified that he believes in eastern medicine, like "congeal visits"

with his wife and fresh air. He testified that Naproxen is a placebo. Mr. Abdulkadir testified that

at home, he uses medicine like melatonin and then to wake up coffee. He testified that Vistaril is

for anxiety, and testified that "we all have it" (anxiety), so he does not have it no more than every

other human being. He testified that everyone has anxiety in the jail.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

Case No. 27-CR-23-3459
State of MN vs MUAD ABDULKADIR
Filing Type:    ·Order-Other·
Filing Date:    2023-05-12
MCRO_27-CR-23-3459_Order-Other_2023-05-12_20240430072904.pdf
File Hash:      3137ef77639bff5041ab4d101562b815ea4a5bdd845da1d07fb28920e5d5f525
Page: 17 of 27      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

Mr. Abdulkadir testified that he does not think the medications are helping but keeps taking them because he like to take direction. He testified that he took the following "consensual" medications: marijuana; Alprazolam for anxiety (but the DEA cracked down and it is hard to get); Oxycodone for physical ailments and muscle relaxers because his body tightened up. He also testified that he has been forced to take medications.

Mr. Abdulkadir testified that from November 2018 to March 2019 there was a *Jarvis* order, and he was deemed mentally ill.[1] He testified that Dr. Bruce Renken diagnosed him with bipolar disorder. He testified that to take the medicine he would get restrained, stripped naked, physically harmed, and shot to the neck with Lithium. He testified that he thinks that the shot gave him PTSD. He then proceeded to start crying on the witness stand. He testified that he did not regularly see a psychologist. He testified that he tried anything that works to forget about it. He testified that he is voluntarily seeking treatment. Mr. Abdulkadir testified that he has no diagnosis, only a self-diagnosis. He testified that he is not prescribed any medication and the psychologist was just "bleeding" him for his money.

Mr. Abdulkadir testified that he currently does not think he is experiencing mental health issues. He testified that he could consult with others. He testified that he was deemed incompetent by two different examiners. He testified that Drs. John Anderson and Megan Paris are the examiners. He testified that on February 16, 2023, he declined to meet with Dr. Anderson. He testified that on that day he was "cruisin' for a bruising'" and he "got whooped." Mr. Abdulkadir testified that a deputy brought the tablet to him to attend the exam, and he declined. He testified that he did not think that it would make a difference if he attended the exam. He testified that he did not believe that the outcome of the examination would be different.

---

[1] Mr. Abdulkadir testified that a *Jarvis* order is a petition filed while under commitment and if you refuse to take the medication, the county has the right to make sure you take it.

Url 1: link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
Url 4: drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 290**

Case No. 27-CR-23-3459
State of MN vs MUAD ABDULKADIR
Filing Type:     ·Order-Other·
Filing Date:     **2023-05-12**
MCRO_27-CR-23-3459_Order-Other_2023-05-12_20240430072904.pdf
File Hash:       3137ef77639bff5041ab4d101562b815ea4a5bdd845da1d07fb28920e5d5f525
Page: 18 of 27     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

Mr. Abdulkadir testified that he is in jail for the following charges: Bloomington, Minnesota Aggravated Robbery – Felony, Minneapolis., Assault 2nd degree– Felony, and Bloomington Dangerous Weapon – Felony. He testified that there are penalties with them. He testified that if he was successful at the competency hearing, it would get rid of the mental health court and proceed with the criminal.

As for the roles of the courtroom participants, Mr. Abdulkadir testified that Mr. Prochazka is "doing the opposite of Mr. Biglow" and is not his "helper, but his hinderer." He testified that the judge's role to be in between the two of them. He testified that Mr. Biglow is his lawyer and his confidant. He testified that Dr. Anderson was the first to examine him. He testified that he tried to test Defendant and Defendant declined, but he came up with findings anyway. He testified that he declined to meet with Dr. Anderson because Defendant had the prerogative to meet with whoever he so please and he had no reason to meet with him. Importantly, Mr. Abdulkadir testified that he thinks that the court examiner is on Mr. Prochazka's side.

Mr. Abdulkadir testified about his mind games comment. He testified that Dr. Anne Marie Winskowski found in March to August that he was not competent. He testified that Dr. Renken diagnosed him as bipolar and unspecified. He testified that whether he met with them or not, he believed that they were going to find him incompetent. He testified that this is not "a conspiracy theory as it is a conspiracy fact." He testified that the decision was set in stone. He testified that this was based on previous experiences as his conversation and freewill was used against. He testified that therefore he would not meet with Dr. Anderson.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

Case No. 27-CR-23-3459
State of MN vs MUAD ABDULKADIR
Filing Type:    ·Order-Other·
Filing Date:    **2023-05-12**
MCRO_27-CR-23-3459_Order-Other_2023-05-12_20240430072904.pdf
File Hash:      3137ef77639bff5041ab4d101562b815ea4a5bdd845da1d07fb28920e5d5f525
Page: 19 of 27      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

Regarding previous court appearances, Mr. Abdulkadir testified that on March 21, 2023, he did not go to court, and it was "not his call." He testified that was antagonized by a deputy then was locked up. He testified that he gets one hour to shower and make phone calls and was not told Ramadan was happening. He testified that Zoom was brought to him, and he was naked. He testified that the cell is his home, and he dresses how he likes. He testified that he was un-clothed on the Zoom session and does not recall anything else about it.

Mr. Abdulkadir testified that on April 4, 2023, he did not attend court that day. He testified that the deputy said that he needed to get ready for court while he was sitting on the toilet. He testified that he did not get time to get dressed. He testified that he cannot consult with his attorney if not at court. He testified that it was "not of his doing."

Mr. Abdulkadir testified to his past physical altercations. He testified that these were in self-defense. He testified that self-defense is when somebody offensively tries to harm you and you defend yourself. He testified that there are limits of self-defense and that Minnesota is not a stand your ground state. He testified that you have to escape first, and it is fight or flight.

Mr. Abdulkadir testified that during his trip to Somalia he was not taking prescription medications, but he was smoking cannabis. He testified that he was prescribed Haldol, Risperidone, and Olanzapine at the time. He testified that Somalia is war ridden county and did not find any of those medication. He also testified that at this time he had a *Jarvis* order and would follow instructions.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 292**

Case No. 27-CR-23-3459
State of MN vs MUAD ABDULKADIR
Filing Type:     ·Order-Other·
Filing Date:     **2023-05-12**
MCRO_27-CR-23-3459_Order-Other_2023-05-12_20240430072904.pdf
File Hash:       3137ef77639bff5041ab4d101562b815ea4a5bdd845da1d07fb28920e5d5f525
Page: 20 of 27       [ source file ]       [ .ots timestamp of source file ]       [ pdf signatures ]       [ metadata ]

Mr. Abdulkadir testified about various comments he made. He made a comment in 2019 to Dr. Winskowski, where he told her "the devil is always testing" him. He testified that "the devil" comes in many forms, and he was very young when he made those comments. Mr. Abdulkadir also made a comment stating that he was in a "holy war" against the correctional officers. Mr. Abdulkadir testified that he speaks in metaphors, and it was misconstrued.

Mr. Abdulkadir testified that he does not remember saying everyone around him in jail "walked with the devil" and he "walked with Allah." He testified that the devil is not actually directing his actions in the past. He testified that he was denied religious artifacts in the jail and was not told that Ramadan has started. He testified that the restrictions that were put on him were the deputies "taking the easy route." He testified that he was following the rules. He testified that he was not put on restrictions. He was noted to say that there is nothing wrong with him, but something wrong with the world. He testified that he is outspoken and speaking in metaphors.

Mr. Abdulkadir testified that he has a self-diagnosis of PTSD. He testified that he has no other mental illnesses. He testified that anxiety is not a mental illness, and he has no more than the average person. He testified that he would defer to the doctors and professionals. He testified that he does not defer to Dr. Anderson's diagnoses of bipolar, schizophrenia, use disorder, as he believes that there are "too many diagnoses" in his body. He testified that Dr. Paris gave him too many diagnoses to count. He testified that he does not believe that need in services voluntarily, still, Mr. Abdulkadir testified that stopped taking the medication in the past.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 293**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

Case No. 27-CR-23-3459
State of MN vs MUAD ABDULKADIR
Filing Type:    ·Order-Other·
Filing Date:    **2023-05-12**
MCRO_27-CR-23-3459_Order-Other_2023-05-12_20240430072904.pdf
File Hash:    3137ef77639bff5041ab4d101562b815ea4a5bdd845da1d07fb28920e5d5f525
Page: 21 of 27    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

Mr. Abdulkadir testified to comments made by his brother Musab Abdulkadir. His brother said that he had a history of mental illness. He testified that his brother has never been to jail, to hospitals, or mental illness courts. He testified that his brother is not a doctor but has experience working with him closely. He testified that his brother is one of the best friends and familiar with him as a person; however, they never lived together so he would not know what is going on with his mental health. He testified to the comments he made to his brother in a phone call from jail where he stated he had revelations from God and that he is a prophet. He testified that it was a metaphor. He testified that we all have freewill unless we are incarcerated. He testified that no one imposes will.

The Court appreciates Mr. Abdulkadir's testimony; however, Mr. Abdulkadir was not an accurate historian, appeared confused at times, had rapid speech, and was very tangential. For those reasons, the Court gives Mr. Abdulkadir's testimony less weight.

On May 10, 2023, Dr. John Anderson testified before the Court. Dr. Anderson credibly testified that he is a court examiner for the Court and has been for 2 years and 9 months. Dr. Anderson credibly testified that the majority of his job is forensic treatment for criminal and civil matters. Dr. Anderson credibly testified that he has done 110 to 115 evaluations for competency. He credibly testified that in those cases, he finds defendants incompetent 56% of the time. He credibly testified that the purpose if the Rule 20.01 evaluation is to make a determination on a defendant's ability to proceed. He credibly testified that the criminal proceeding stops and is referred. He credibly testified that the legal standard is whether defendant has the ability to consult with counsel and participate in the defense.

21

Url 1: link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
Url 4: drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 294

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

Case No. 27-CR-23-3459
State of MN vs MUAD ABDULKADIR
Filing Type:      ·Order-Other·
Filing Date:    **2023-05-12**
MCRO_27-CR-23-3459_Order-Other_2023-05-12_20240430072904.pdf
File Hash:      3137ef77639bff5041ab4d101562b815ea4a5bdd845da1d07fb28920e5d5f525
Page: 22 of 27      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

Dr. Anderson credibly testified that during this process he searches for relevant records, jail records, treatment records, prior evaluations. He also testified that it is important to meet with the person who is the subject of the evaluation. Dr. Anderson credibly testified that it is a semi-structured interview process. He credibly testified that he generally questions if symptoms impair their ability to proceed with the defense. He credibly testified that he considers background, current presentation, diagnosis if any, testing if any, opinion related to competency.

Dr. Anderson credibly testified that he conducted the Rule 20.01 – March 10, 2023, report for Defendant. He credibly testified that he tried to meet with him on February 22, 2023. He credibly testified that he did not successfully interview Defendant. He credibly testified that this was because Defendant did not want to meet with him, and Defendant appeared to be experiencing symptoms of mental illness that would render the interview of diminishing return.

Dr. Anderson credibly testified that the Defendant's symptoms included mania, agitation, pacing, and not wearing a shirt. He credibly testified that Defendant stated that "mind games" were being done by the court. He credibly testified that Defendant's presentation was similar to past reports. He credibly testified that Defendant's inability to participate was driven by mental illness and he would not improve competency. He credibly testified that his conclusions were based on jail and other previous records.

Dr. Anderson credibly testified that he reviewed updated jail logs after he submitted his report. He credibly testified that the jail records indicated presentation effect of liable. He credibly testified that Defendant's emotional expression goes back and forth, has agitation, has threats to jail staff, and his presentation was not meaningfully different. He credibly testified that he reviewed Jail records for 3-21-23. He credibly testified that the deputies wrote that Defendant was nude, not wearing pants, and turned to the Zoom camera to "moon" the Zoom.

Url 1: link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
Url 4: drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 295**

Case No. 27-CR-23-3459
State of MN vs MUAD ABDULKADIR
Filing Type:      ·Order-Other·
Filing Date:     **2023-05-12**
MCRO_27-CR-23-3459_Order-Other_2023-05-12_20240430072904.pdf
File Hash:       3137ef77639bff5041ab4d101562b815ea4a5bdd845da1d07fb28920e5d5f525
Page: 23 of 27      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

Dr. Anderson credibly testified that he reviewed Dr. Megan Paris' psychological report. He credibly testified that Dr. Paris' interview was shorter than intended because of his presentation. Dr. Anderson credibly testified that Dr. Paris noted continued symptoms of mania. Dr. Anderson credibly testified that the Defendant's symptoms are consistent, but there would still be impairment. Dr. Anderson credibly testified that based on this information there would be no changes to his report. He credibly testified that seeing him in Court did not change his conclusion either. Dr. Anderson credibly testified that Respondent is not able to rationally consult.

Dr. Anderson credibly testified that Defendant's mental health is cyclical in nature as he suffers from mania or psychosis more on other days than on May 11, 2023 (the date of the contested hearing). Dr. Anderson credibly testified that being under duress or being incarcerated would not be the sole cause of Defendant's symptoms. He noted that Defendant continues to exhibit psychotic symptoms even after being incarcerated for an extended period with limited access to drugs as well. The Court found Dr. Anderson to be a credible witness.

#### CONCLUSIONS OF LAW

"A defendant has a due process right not to be tried or convicted of a criminal charge if he or she is legally incompetent." *Bonga v. State*, 797 N.W.2d 712, 718 (Minn. 2011). Rule 20.01 of the Minnesota Rules of Criminal Procedure requires the court to find a defendant not competent unless the greater weight of the evidence shows that the defendant is competent to proceed. MINN. R. CRIM. P. Rule 20.01, subd. 5 (c). A defendant is not competent if, due to mental illness or cognitive impairment he is unable to "(a) rationally consult with counsel or (b) understand the proceedings or participate in the defense." *Id.*, subd. 2.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 296**

Case No. 27-CR-23-3459
State of MN vs MUAD ABDULKADIR
Filing Type:    ·Order-Other·
Filing Date:    **2023-05-12**
MCRO_27-CR-23-3459_Order-Other_2023-05-12_20240430072904.pdf
File Hash:      3137ef77639bff5041ab4d101562b815ea4a5bdd845da1d07fb28920e5d5f525
Page: 24 of 27      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

The determination of whether a defendant is able to rationally consult with the defense attorney or understand and participate in the proceedings turns on the facts of each particular case. Moreover, factfinders, including district courts, are not required to accept an expert's testimony or recommendations. In a criminal case involving a mental-illness defense, the Minnesota Supreme Court noted that "the factfinder is not bound by expert psychiatric testimony and may reject it entirely, even when the only experts who testify support the defendant's assertion of a mental-illness defense." *State v. Roberts,* 876 N.W.2d 863, 868 (Minn. 2016).

Foremost, throughout the criminal proceedings the trial court must be mindful of its protective duty to ensure that a defendant is competent to proceed. *See State v. Bauer*, 245 N.W.2d 848, 852 (Minn. 1976) (ruling that the court should have conducted further inquiry into the important matter of defendant's competency). The defendant bears the burden of proof in a contested competency proceeding under MINN. R. CRIM. P. 20.01 when the defendant asserts their own competence. *See State v. Thompson*, 988 N.W.2d 149, 158 (Minn. 2023).

The first step in the Court's competency analysis is to determine whether Mr. Abdulkadir suffers from a mental illness or cognitive deficit. This Court concludes the greater weight of the evidence establishes that Mr. Abdulkadir does suffer from specified Bipolar and Related Disorder, Unspecified Schizophrenia Spectrum and other Psychotic Disorder, Alcohol Use Disorder, Cannabis Use Disorder, and Opioid Use Disorder. These diagnoses have been provided numerous times by multiple mental health professionals since his first hospitalization in 2019. Also, Mr. Abdulkadir has a significant history of psychiatric hospitalizations, including stayed civil commitment based on a diagnosis of unspecified bipolar and related disorder in 2018.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 297**

Case No. 27-CR-23-3459
State of MN vs MUAD ABDULKADIR
Filing Type:    ·Order-Other·
Filing Date:    2023-05-12
MCRO_27-CR-23-3459_Order-Other_2023-05-12_20240430072904.pdf
File Hash:      3137ef77639bff5041ab4d101562b815ea4a5bdd845da1d07fb28920e5d5f525
Page: 25 of 27      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

Importantly, Mr. Abdulkadir has demonstrated serious and persistent symptoms of his diagnoses in recent years, including delusions, paranoia, mania, impaired reality contact, erratic behavior, and aggression and violence. In the most recent competency evaluation, Dr. Anderson provided diagnoses of Bipolar and Related Disorder, Unspecified Schizophrenia Spectrum and other Psychotic Disorder, Alcohol Use Disorder, Cannabis Use Disorder, and Opioid Use Disorder. Dr. Anderson was not able to meet with Mr. Abdulkadir as he refused the interview.

Additionally, in preparation of a commitment hearing Dr. Paris provided diagnoses Bipolar I Disorder, with mood-congruent psychotic features (most recent episode manic), Traits of Antisocial Personality Disorder, Alcohol Use Disorder (By History), Cannabis Use Disorder (By History), and Opioid Use Disorder (By History). Dr. Paris opined that Defendant meets criteria for civil commitment as an individual who is mentally ill and dangerous to the public.

As it relates to competency, the Court must determine whether he presently is exhibiting these symptoms. The Court finds Dr. Anderson's opinion in this regard persuasive and concludes that Mr. Abdulkadir continues to exhibit symptoms of his diagnoses since being incarcerated. It is important to note that he historically has responded positively to anti-psychotic medications.

The Court must next analyze whether Mr. Abdulkadir's diagnoses render him incapable of consulting with defense counsel with a reasonable degree of rational understanding and/or to understand the proceedings or participate in his defense. The Court concludes, while Mr. Abdulkadir has a rational understanding of the proceedings, he continues to lack the ability to rationally consult with counsel or participate in his defense given that his psychiatric symptoms are preventing him from even recognizing that he suffers from a mental illness.

Url 1: link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
Url 4: drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 298

Case No. 27-CR-23-3459
State of MN vs MUAD ABDULKADIR
Filing Type:    ·Order-Other·
Filing Date:    2023-05-12
MCRO_27-CR-23-3459_Order-Other_2023-05-12_20240430072904.pdf
File Hash:    3137ef77639bff5041ab4d1015562b815ea4a5bdd845da1d07fb28920e5d5f525
Page: 26 of 27      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

Mr. Abdulkadir demonstrated that he generally has the ability to rationally understand the proceedings. He understands the charges and potential sentence, and the role of the attorneys, judge, and jury (it was not clear that he understood the role of the court examiner).

Mr. Abdulkadir, however, does not have the ability to participate in his defense with a reasonable degree of understanding or to rationally participate in his defense. His psychotic thinking currently results in impairment in judgment, reasoning, and decision making. Additionally, Mr. Abdulkadir continues to evidence the hallmark symptom of lack of insight into his mental illness and belief that psychotropic medication is harmful to him. During his testimony, Respondent endorsed delusional beliefs while discussing his previous examinations that impaired his ability to engage in rational discussion and that because he could not set these beliefs aside, he is likely to rely on these delusional beliefs in formulating his defense.

Additionally, based on previous records, Dr. Anderson opined that he does not have the ability to rationally assist defense counsel in the development of a defense strategy or to make informed and rational legal decisions. Dr. Anderson also credibly testified that after observing Mr. Abdulkadir's testimony that it did not change his opinion. As a result, the Court finds Dr. Anderson's opinion persuasive.

It is important to emphasize that the Court's finding of incompetency is not due to Mr. Abdulkadir's refusal to discuss or assert a mental illness defense or due to his desire to proceed *pro se*. Mr. Abdulkadir is incompetent due to his inability to recognize that he suffers from a mental illness and thus, he is unable to rationally consider whether to raise such a defense.

Url 1: link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
Url 4: drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

Case No. 27-CR-23-3459
State of MN vs MUAD ABDULKADIR
Filing Type:    ·Order-Other·
Filing Date:    **2023-05-12**
MCRO_27-CR-23-3459_Order-Other_2023-05-12_20240430072904.pdf
File Hash:      3137ef77639bff5041ab4d101562b815ea4a5bdd845da1d07fb28920e5d5f525
Page: 27 of 27       [ source file ]       [ .ots timestamp of source file ]       [ pdf signatures ]       [ metadata ]

If restored to competency, Mr. Abdulkadir may have a recognition of his mental illness and some insight into the extent to which his illness results in delusions, hallucinations, and paranoid thinking. If competent, he will have the ability to rationally consult with an attorney, rationally make a decision about whether to proceed *pro se*, and to decide whether he wishes to raise a defense of not guilty by reason of mental illness. A competent defendant with a plausible defense of mental illness certainly may choose not to raise this affirmative defense and may also make a valid waiver of counsel.

Based on the totality of the information before the Court, the Court finds that the greater weight of the evidence demonstrates Mr. Abdulkadir presently does not have the ability to rationally consult with counsel and participate in his defense. Under *Anderson*, the Defense has not met its burden of proving, by a greater weight of the evidence, that Mr. Abdulkadir is competent. Therefore, the Court finds that the defendant, Mr. Abdulkadir, is **INCOMPETENT.**

IT IS SO ORDERED.

**BY THE COURT**

Url 1: link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
Url 4: drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

Case No. 27-CR-23-3460
State of MN vs MUAD ABDULKADIR
Filing Type:      ·Order-Other·
Filing Date:     **2023-05-12**
MCRO_27-CR-23-3460_Order-Other_2023-05-12_20240430072942.pdf
File Hash:      7a3a244c0f624f30d037fbccb24f33c67431ea8a167f5e3524cc7e6ae2483a01
Page: 1 of 27      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

| | Judge Michael K. Browne |
|---|---|
| State of Minnesota, | Case Type: Criminal |
| Plaintiff, | |
| | **FINDINGS OF FACT AND** |
| v. | **CONCLUSIONS OF LAW** |
| | **REGARDING DEFENDANT'S** |
| | **COMPETENCY TO PROCEED** |
| Muad Abdulkadir, | |
| Defendant. | Case File Numbers: |
| | 27-CR-23-3459, |
| | 27-CR- 23-3460 |

### APPEARANCES

The above-entitled matter came before the Honorable Michael K. Browne, Judge of District Court, on May 10, 2023, for an evidentiary hearing upon the Defense's objection to the incompetency opinion rendered by John R. Anderson, Ph.D., L.P. of the Senior Clinical Forensic Psychologist – Fourth District Psychological Services dated March 10, 2023. The Court is chambered at the Hennepin County Government Center, 300 South Sixth Street, Minneapolis, Minnesota.

Thomas Prochazka, Assistant Hennepin County Attorney, appeared for the State. Douglas Biglow, Assistant Public Defender, appeared on behalf of the defendant. Mr. Abdulkadir (the Defendant) appeared in custody.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 301**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

Case No. 27-CR-23-3460
State of MN vs MUAD ABDULKADIR
Filing Type:    ·Order-Other·
Filing Date:    **2023-05-12**
MCRO_27-CR-23-3460_Order-Other_2023-05-12_20240430072942.pdf
File Hash:    7a3a244c0f624f30d037fbccb24f33c67431ea8a167f5e3524cc7e6ae2483a01
Page: 2 of 27    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

### EVIDENCE IN THE PROCEEDING

The Court received three exhibits, to which the parties stipulated: Dr. John Anderson's Curriculum Vitae (Ex. 1), Dr. John Anderson's Report dated March 10, 2023 (Ex. 2), and Dr. Megan Paris' Report dated May 4, 2023, from case file number 27-MH-PR-23-402 (Ex. 3). The Court also took judicial notice of the underlying orders and reports in case file number 27-MH-PR-23-402. Mr. Abdulkadir (the Defendant) and Dr. John Anderson testified. After hearing arguments of counsel, the Court took the matter of Defendant's competency under advisement. Based upon the arguments presented and all the files and records herein, the Court orders as follows:

1. Defendant is **INCOMPETENT** to proceed.

### PROCEDURAL HISTORY

The Defendant, Mr. Abdulkadir, is charged with one count of Aggravated Robbery-1st Degree arising from an incident alleged to have occurred on February 11, 2023, wherein he is accused of forcing himself into a neighbor's home, assaulting a man, brandishing a firearm, and leaving with money from the location in Bloomington, Minnesota (27-CR-23-3459). Mr. Abdulkadir is also charged with Assault-2nd Degree – Dangerous Weapon and Threats of Violence – Reckless Disregard Risk related to allegations that he threatened patrons in a store while carrying a handgun in Minneapolis, Minnesota, on February 12, 2023 (27-CR-23-3460).

On February 15, 2023, Mr. Abdulkadir made his first appearance in court, where the Court determined he did qualify for the services of a public defender. On February 16, 2023, Judge Caligiuri ordered Respondent for an Evaluation for Competency to Proceed (Rule 20.01). Judge Caligiuri found probable cause on all counts and ordered a Rule 20.01 evaluation to determine if Mr. Abdulkadir was competent to proceed.

2

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 302**

Case No. 27-CR-23-3460
State of MN vs MUAD ABDULKADIR
Filing Type:    ·Order-Other·
Filing Date:    2023-05-12
MCRO_27-CR-23-3460_Order-Other_2023-05-12_20240430072942.pdf
File Hash:      7a3a244c0f624f30d037fbccb24f33c67431ea8a167f5e3524cc7e6ae2483a01
Page: 3 of 27     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

John R. Anderson, Ph.D., L.P. of the Senior Clinical Forensic Psychologist – Fourth District Psychological Services was assigned to complete the evaluation of the Defendant. He filed his report on March 10, 2023. Dr. Anderson opined that Mr. Abdulkadir was incompetent and provided the diagnoses of Unspecified Bipolar and Related Disorder, Unspecified Schizophrenia Spectrum and other Psychotic Disorder, Alcohol Use Disorder, Cannabis Use Disorder, and Opioid Use Disorder. Additionally, he recommended that he be referred for evaluation for indefinite civil commitment as a Mentally Ill and Dangerous person.

The first hearing on competency was held on March 21, 2023, at which time Mr. Abdulkadir was unable to participate due to mental illness symptoms. Accordingly, the Court found that Defendant was incompetent to stand trial. The matter was referred to prepetition screening and an order for civil commitment was filed on April 7, 2023, in file 27-MH-PR-23-402. On April 4, 2023, Defendant was scheduled to appear for a bail hearing and refused to appear. On April 11, 2023, Defendant appeared for a bail hearing where a request for continuance was granted for defense counsel to discuss further options. On April 17, 2023, the Defendant filed a motion to vacate the March 21, 2023, incompetency finding. On April 18, 2023, the Court heard Defendant's motion to vacate the March 21, 2023, incompetency finding. All parties were present at this hearing. The Court denied Defendant's motion to vacate the incompetency findings and granted Respondent's motion for a contested hearing on the issue of competency.

Url 1: link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
Url 4: drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 303**

Case No. 27-CR-23-3460
State of MN vs MUAD ABDULKADIR
Filing Type:      ·Order-Other·
Filing Date:     **2023-05-12**
MCRO_27-CR-23-3460_Order-Other_2023-05-12_20240430072942.pdf
File Hash:      7a3a244c0f624f30d037fbccb24f33c67431ea8a167f5e3524cc7e6ae2483a01
Page: 4 of 27      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

On May 4, 2023, Dr. Megan Paris, Psy.D., LP, ABPP, submitted her Forensic Evaluation Report in file 27-MH-PR-23-402, pursuant to a petition for civil commitment as Mentally Ill and Dangerous. Dr. Paris diagnosed Defendant with Bipolar I Disorder, with mood-congruent psychotic features (most recent episode manic), Traits of Antisocial Personality Disorder, Alcohol Use Disorder (By History), Cannabis Use Disorder (By History), and Opioid Use Disorder (By History). Dr. Paris opined that Defendant meets criteria for civil commitment as an individual who is mentally ill and dangerous to the public.

The hearing on competency was held on May 10, 2023, at which time the Defense argued that the Court should find Mr. Abdulkadir competent to proceed with the criminal trial.

### FINDINGS OF FACT

The Court's findings are based on the information and opinions provided by John R. Anderson, Ph.D., L.P. of the Senior Clinical Forensic Psychologist – Fourth District Psychological Services dated March 10, 2023 (Ex. 2), and Megan Paris, Psy.D., LP, ABPP, Forensic Evaluation Report in file 27-MH-PR-23-402 dated May 4, 2023 (Ex. 3.). The Court's opinion is also based on the findings of fact contained in its Order, dated March 22, 2023, finding Mr. Abdulkadir incompetent. Those findings are incorporated into the findings below.

Mr. Abdulkadir is 29 years old.  He graduated from high school in the United States after immigrating from Somalia in 2005.  He previously stated that he participated in special education services in the twelfth grade. He expressed a negative attitude towards school and acknowledged that he was expelled from high school at one point. His employment history includes work in retail, delivery, cashier work, working with the houseless (i.e., homeless), and his own courier service.

4

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

Case No. 27-CR-23-3460
State of MN vs MUAD ABDULKADIR
Filing Type:  ·Order-Other·
Filing Date:  **2023-05-12**
MCRO_27-CR-23-3460_Order-Other_2023-05-12_20240430072942.pdf
File Hash:  7a3a244c0f624f30d037fbccb24f33c67431ea8a167f5e3524cc7e6ae2483a01
Page: 5 of 27  [ source file ]  [ .ots timestamp of source file ]  [ pdf signatures ]  [ metadata ]

Mr. Abdulkadir has a significant mental health history. He was subject to civil commitment proceedings in 2019 (27-MH-PR-19-74). On November 29, 2018, he was transported to Acute Psychiatric Services from Hennepin County Adult Detention Center after he was noted to be naked, sweating, and agitated in his cell. Additionally, he was throwing water on himself and speaking rapidly and incoherently. He was placed on a 72-hour hold in the context of aggression, mania, delusional thought processes, and agitation requiring treatment with injectable medications. He was discharged after two days to his mother's care.

On January 15, 2019, Mr. Abdulkadir was released from jail and returned to his family's home. He became agitated and aggressive, his family called Hennepin County COPE, and he was transported to the Hennepin Healthcare / Hennepin County Medical Center (HCMC) emergency department. He was described as uncooperative, inappropriate, and vulgar. He was treated with multiple doses of antipsychotic and sedating medications. His mother described to HCMC providers chronic concerns for violence. Prepetition screening noted he tested positive for unspecified substances though he denied drug use. Mr. Abdulkadir focused on religious beliefs. Mr. Abdulkadir reportedly became agitated during the interview with prepetition screening and followed the screener through the unit demanding a copy of notes.

The Court-appointed examiner, Bruce Renken, Ph.D., LP ABPP, diagnosed Mr. Abdulkadir with unspecified bipolar and related disorder. Dr. Renken noted hyperverbal speech, grandiose thoughts, irritability, shifting mood, agitation, and hostile statements. Dr. Renken also noted multiple threats to harm hospital staff necessitating seclusion and use of forced medications. Dr. Renken supported commitment as a person who poses a risk of harm due to a mental illness (MI) as well as the corresponding *Jarvis* petition.

Url 1: link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
Url 4: drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 305**

Case No. 27-CR-23-3460
State of MN vs MUAD ABDULKADIR
Filing Type:     ·Order-Other·
Filing Date:     2023-05-12
MCRO_27-CR-23-3460_Order-Other_2023-05-12_20240430072942.pdf
File Hash:     7a3a244c0f624f30d037fbccb24f33c67431ea8a167f5e3524cc7e6ae2483a01
Page: 6 of 27     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

Mr. Abdulkadir was subsequently committed as MI with the order for use of psychotropic medications. After his release from the hospital, case management described unsuccessful attempts to remain in contact with Mr. Abdulkadir.

Ann Marie Winskowski Psy.D., LP examined Mr. Abdulkadir related to his adjudicative competency and authored a report dated March 7, 2019. Dr. Winskowski wrote that Mr. Abdulkadir reported growing up in slums in Kenya and India before moving to the United States in 2005. He reported he graduated high school and worked as a cashier, retail worker, and delivery driver. He described a history of binge drinking and use of cannabis. Mr. Abdulkadir reported a history of at least five hospitalizations because he was "just too wild." Dr. Winskowski described a history of hospitalizations since 2016 related to agitation, difficulty caring for himself, behavioral dysregulation. Symptoms were often described as consistent with mania.

Dr. Winskowski interviewed Mr. Abdulkadir at an HCMC inpatient unit. He denied any history of suicide attempts but endorsed passive suicidal thoughts in the past. Dr. Winskowski diagnosed Mr. Abdulkadir with bipolar disorder, current episode manic with psychosis; alcohol use disorder; and cannabis use disorder. She noted: "Mr. Abdulkadir indicated that the devil was consistently testing him, had a hand in some of the alleged incidents that substantiate the charges against him, and is influencing major players in a criminal court setting." Dr. Winskowski opined that Mr. Abdulkadir's decision making ability was influenced by delusional ideas related to the devil and God, though noted he demonstrated adequate understanding of relevant legal proceedings. Lastly, Dr. Winskowski noted that collateral records indicated Mr. Abdulkadir's behavior remained unpredictable and aggressive in settings with high levels of structure and security, though he was emotionally and behaviorally regulated during the interview.

Url 1: link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
Url 4: drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 306

Case No. 27-CR-23-3460
State of MN vs MUAD ABDULKADIR
Filing Type:    ·Order-Other·
Filing Date:    2023-05-12
MCRO_27-CR-23-3460_Order-Other_2023-05-12_20240430072942.pdf
File Hash:     7a3a244c0f624f30d037fbccb24f33c67431ea8a167f5e3524cc7e6ae2483a01
Page: 7 of 27    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

Dr. Winskowski reevaluated Mr. Abdulkadir and authored a report dated September 20, 2019. Dr. Winskowski wrote that Mr. Abdulkadir lived with his mother in Minneapolis, but had maintained very limited contact with civil commitment case management. He reported a subsequent hospitalization in February 2019 in the context of mania and psychosis. Mr. Abdulkadir reported he did not need psychiatric treatment following his release from the hospital in March 2019, though he also stated he continued taking prescribed medications (noting only negative side effects without helping his mental health) until his commitment ended in August 2019. Mr. Abdulkadir did not evidence symptoms of mental illness during the interview.

Dr. Winskowski again diagnosed Mr. Abdulkadir with bipolar disorder, most recent episode manic with psychosis; alcohol use disorder, in early remission, per client report; and cannabis use disorder, in early remission, per client report and noted: "Mr. Abdulkadir has a history of episodes where he has demonstrated a decreased need for sleep, pressured speech, agitation, grandiose delusion, dysregulated and hypersexual behavior. He has been hospitalized multiple times and civilly committed on the basis of this behavior." Dr. Winskowski opined that Mr. Abdulkadir demonstrated adequate factual understanding of legal proceedings, that he was able to rationally describe his cases, and that he could participate in his defense.

Then, Mr. Abdulkadir was brought to the hospital by paramedics following an apparent opioid overdose in August 2020. He required a dose of Narcan (naloxone, opioid antagonist), and his oxygen levels were listed as very low. Contusions were noted on his eye and chest. Mr. Abdulkadir became agitated in the hospital.

Url 1: link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
Url 4: drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 307

Case No. 27-CR-23-3460
State of MN vs MUAD ABDULKADIR
Filing Type:     ·Order-Other·
Filing Date:     **2023-05-12**
MCRO_27-CR-23-3460_Order-Other_2023-05-12_20240430072942.pdf
File Hash:       7a3a244c0f624f30d037fbccb24f33c67431ea8a167f5e3524cc7e6ae2483a01
Page: 8 of 27     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

Upon admission to Hennepin County Adult detention on February 12, 2023, Mr. Abdulkadir refused all medications. He was evaluated after uses of force (i.e., Taser deployment) by deputies on February 13, 2023, and February 24, 2023. Mr. Abdulkadir was described as aggressive, vocal, and not responding to the provider's verbal commands in recent records.

Additionally, the files indicate collateral records from Defendant's brother Mr. Musab Abdulkadir. Mr. Musab Abdulkadir described his brother experiencing two periods of mental illness including in 2019/2020 and one beginning more recently.

Mr. Musab Abdulkadir reported his brother had stopped taking psychotropic medications in 2020, and previously been psychiatrically stable since about 2021. He added his brother had worked and been active in religious and community groups including tutoring children until relatively recently. He said his brother's demeanor changed to the point that he carried weapons and threatened others including faith leaders or acquaintances on social media. Mr. Musab Abdulkadir described a recent instance in which his brother carried a firearm to a music venue where he said he was to perform; he said his brother threatened others who drew weapons, but Mr. Musab Abdulkadir was able to deescalate the situation.

Mr. Musab Abdulkadir also described an instance where Bloomington Police were called after his brother posed a threat of harm to himself, though he said his brother was not arrested or taken to treatment. He stated his brother stopped using alcohol and only used opioids once but uses cannabis "heavily." Mr. Musab Abdulkadir reported his brother has called him from jail and described revelations from God and that he believed he was a prophet.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 308**

**Case No. 27-CR-23-3460**
State of MN vs MUAD ABDULKADIR
Filing Type:    ·Order-Other·
Filing Date:    **2023-05-12**
MCRO_27-CR-23-3460_Order-Other_2023-05-12_20240430072942.pdf
File Hash:    7a3a244c0f624f30d037fbccb24f33c67431ea8a167f5e3524cc7e6ae2483a01
Page: 9 of 27    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

On March 21, 2023, Mr. Abdulkadir was unable to participate in the court proceedings

due to mental illness symptoms. Accordingly, the Court found that Defendant was incompetent

to stand trial. The matter was referred to prepetition screening and an order for civil commitment

was filed on April 7, 2023, in file 27-MH-PR-23-402.

John R. Anderson, Ph.D., L.P. of the Senior Clinical Forensic Psychologist – Fourth

District Psychological Services completed a six-month competency review evaluation of the

defendant. Dr. Anderson attempted to interviewed Mr. Abdulkadir, reviewed the following

documents and information, and filed his report with the court on March 21, 2023:

1. Records from Hennepin County Adult Detention, dated February 12, 2019 to March 7, 2023
2. Records from Hennepin Healthcare / Hennepin County Medical Center (HCMC), dated August 6, 2020 to March 7, 2023
3. Criminal Complaints and Orders of Detention related to the current cases, each dated February 14, 2023
4. Evaluation reports and memos regarding Mr. Clinton's competency to proceed:
   a. Psychological Evaluation to Determine Competence to Stand Trial (Rule 20.01) authored by Ann Marie Winskowski,
   Psy.D., LP on March 7, 2019
   b. Psychological Evaluation to Determine Competence to Stand Trial (Rule 20.01) authored by Ann Marie Winskowski, Psy.D., LP on September 20, 2019
5. Minnesota Court Information System (MNCIS) records related to the current case, various dates
6. MNCIS Case History Summary dated February 17, 2023
7. Order to 4th Judicial District Psychological Services, issued by Judge Hilary Caligiuri on February 16, 2023
8. Records related to petition for civil commitment (27-MH-PR-19-74), various dates
9. Email correspondence with Judith L. Cole, Senior Hennepin County Attorney, on March 1, 2023
10. Telephone conversation with Mr. Abdulkadir's brother, Musab Abdulkadir, on March 8, 2023
11. Telephone conversation with Mr. Abdulkadir' s attorney, Douglas Biglow, on March 8, 2023

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

Case No. 27-CR-23-3460
State of MN vs MUAD ABDULKADIR
Filing Type:    ·Order-Other·
Filing Date:    **2023-05-12**
MCRO_27-CR-23-3460_Order-Other_2023-05-12_20240430072942.pdf
File Hash:      7a3a244c0f624f30d037fbccb24f33c67431ea8a167f5e3524cc7e6ae2483a01
Page: 10 of 27      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

Hennepin County Public Safety Facility records reviewed by Dr. Anderson stated that Mr. Abdulkadir's current detention is his first at the facility since 2019. Upon arriving at the jail on February 12, 2023, he was described as "not redirectable and verbally abusive." A "green leafy substance" was found in his property when he arrived. Hours later, he was described as nude and screaming at staff. The Special Response Team (SRT) was activated on February 12 and 13, 2023. He was described a saying, "See how small ya are and how big I am, that is because ya walk with the devil and I walk with Allah."

From the jail records, Dr. Anderson learned that the deputies deployed Tasers on Mr. Abdulkadir. Mr. Abdulkadir also threatened to kill staff and spit on windows. In addition, staff wrote that he stated, "I will smoke you when I see you outside, I will be out on Tuesday." Mr. Abdulkadir told staff to enter his cell to fight him, threw liquid at staff, and threatened to kill their family members. Mr. Abdulkadir refused to return to his cell following a court date. He was noted not to sleep much.

On February 17, 2023, Mr. Abdulkadir reported he was in a "'holy war" against staff and threatened to kill staff, the mayor, and the governor. That same day, he made sexual comments directed at staff and stated his belief that one deputy was "evil" and that others were "heathens." Mr. Abdulkadir continued to make specific threats to physically or sexually assault or kill staff (sometimes by name) on most days throughout his detention. He was noted to demonstrate emotional lability as evidenced by apologizing to staff for his behavior before threatening them in the same interaction. Mr. Abdulkadir was described as showing "erratic mood swings." He was described as talking to himself on March 4, 2023, and he also accused staff of tampering with his water.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 310**

Case No. 27-CR-23-3460
State of MN vs MUAD ABDULKADIR
Filing Type:     ·Order-Other·
Filing Date:    **2023-05-12**
MCRO_27-CR-23-3460_Order-Other_2023-05-12_20240430072942.pdf
File Hash:      7a3a244c0f624f30d037fbccb24f33c67431ea8a167f5e3524cc7e6ae2483a01
Page: 11 of 27     [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

Because of reported safety concerns related to his behavior during the current detention,
Hennepin County Sherriff's deputies elected to conduct a remote interview from Mr. Abdulkadir's
cell door. Upon connecting, Dr. Anderson noted that the cell door window was smeared with an
unknown white substance. Defendant was yelling and pacing around the cell without a shirt. Dr.
Anderson attempted to provide him the forensic notification and describe the purpose of their
meeting, though Mr. Abdulkadir was clearly agitated from the moment Dr. Anderson attempted to
engage him.

When Dr. Anderson asked if he could hear him, he replied he could not. Mr. Abdulkadir
recognized that Dr. Anderson identified himself as a psychologist working for the courts and
referenced "mind games." He repeated several times that he did not consent to the interview and
used profanities. Mr. Abdulkadir's speech was pressured. He was holding a book in his hands.
Ultimately, Dr. Anderson was not able to provide him the forensic notification, and the attempted
interview was discontinued. Hennepin County deputies facilitating the attempted meeting reported
Mr. Abdulkadir's presentation had been consistent throughout his current detention and stated SRT
had been activated to manage his behavior.

Dr. Anderson offered diagnoses of Unspecified Bipolar and Related Disorder, Unspecified
Schizophrenia Spectrum and other Psychotic Disorder, Alcohol Use Disorder, Cannabis Use
Disorder, and Opioid Use Disorder. He noted Mr. Abdulkadir' history of a psychotic disorder
that has been characterized by grandiosity, hypersexuality, insomnia, pressured speech, irritability,
aggression, potential response to hallucinations (as evidenced by talking to himself), and likely
delusional paranoid and religious beliefs (e.g., that he is in a "holy war'" or that deputies tampered
with his water supply) may be attributed to mania and psychosis.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 311**

Case No. 27-CR-23-3460
State of MN vs MUAD ABDULKADIR
Filing Type:    ·Order-Other·
Filing Date:    2023-05-12
MCRO_27-CR-23-3460_Order-Other_2023-05-12_20240430072942.pdf
File Hash:      7a3a244c0f624f30d037fbccb24f33c67431ea8a167f5e3524cc7e6ae2483a01
Page: 12 of 27      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

Dr. Anderson also noted that Defendant demonstrates disregard for and violation of the rights of others including failure to conform to social norms with respect to lawful behaviors, impulsivity, irritability and aggressiveness, and reckless disregard for safety of self and others.

Regarding competency, at the time of the interview with Dr. Anderson, Mr. Abdulkadir did not demonstrate an adequate understanding of courtroom personnel and court proceedings. Based upon his presentation in detention and during the attempted interview and a review of records, Mr. Abdulkadir's refusal to participate in the current evaluation was driven by his symptoms of mental illness and that it is more likely than not his competency-related abilities are currently impaired by his symptoms of mental illness. Specifically, his current/recent presentation including impaired thinking process, agitation, and likely delusional beliefs impaired his ability to meaningfully participate in the interview.

Mr. Abdulkadir appeared to understand Dr. Anderson's role but accused the court system of playing "mind games" and was not receptive to Dr. Anderson's attempts to engage him in the interview process. Lastly, it was Dr. Anderson's opinion that the totality of information described above (e.g., descriptions of likely psychotic thinking processes, mania, and ongoing agitation) indicates that Mr. Abdulkadir's lack of cooperation with the current evaluation is likely due to his current symptoms of mental illness. Dr. Anderson was of the opinion that it is likely his current presentation would impair his ability to participate in proceedings and consult with counsel. Notably, he has declined to meet with his attorney as well. Dr. Anderson concluded that it is possible, if not likely, that the symptoms also impair to some unknown degree his ability to consult with a reasonable degree of rational understanding with defense counsel as well as understand the criminal proceedings and participate in the defense.

12

Url 1: link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
Url 4: drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

Case No. 27-CR-23-3460
State of MN vs MUAD ABDULKADIR
Filing Type:    ·Order-Other·
Filing Date:    **2023-05-12**
MCRO_27-CR-23-3460_Order-Other_2023-05-12_20240430072942.pdf
File Hash:      7a3a244c0f624f30d037fbccb24f33c67431ea8a167f5e3524cc7e6ae2483a01
Page: 13 of 27      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

Dr. Anderson did not examine Mr. Abdulkadir related to his functional abilities, and withheld an opinion about the impact of symptoms of mental illness on these abilities. Still, Dr. Anderson's evaluation indicates that while Mr. Abdulkadir does demonstrate an adequate factual understanding of courtroom personnel and court proceedings and he is unable to apply this understanding to the specifics of the case in a logical and rational manner. In addition, Mr. Abdulkadir is unable to discuss the specifics of his case or potential defense strategies with consideration of the potential evidence due to impaired thought processes such as disorganized thoughts and delusional beliefs.

Dr. Anderson also noted that that Mr. Abdulkadir's use of illicit or nonprescribed substances or alcohol could certainly contribute to changes in his mental status. Mr. Abdulkadir has previously demonstrated impaired competency-related abilities due to mental illness, but after a period of limited treatment in the community was able to demonstrate intact. As a result, Dr. Anderson opined that Mr. Abdulkadir does not have the ability to rationally assist defense counsel in the development of a defense strategy or to make informed and rational legal decisions.

On May 4, 2023, Dr. Megan Paris, Psy.D., LP, ABPP, submitted her report regarding Defendant's commitment case 27-MH-PR-23-402. Dr. Paris diagnosed Mr. Abdulkadir with a bipolar disorder with psychotic features, which is a substantial psychiatric disorder. Dr. Paris opined that his psychiatric condition impacts his thought (racing, grandiose, and paranoid beliefs) and mood (agitated and labile), which grossly impair his judgment and behavior; these impairments have been recently manifested through instances of grossly disturbed behavior, including reactive aggression precipitated by Mr. Abdulkadir's manic agitation, disinhibition, and grandiosity.

Url 1: link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
Url 4: drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

Case No. 27-CR-23-3460
State of MN vs MUAD ABDULKADIR
Filing Type:     ·Order-Other·
Filing Date:     **2023-05-12**
MCRO_27-CR-23-3460_Order-Other_2023-05-12_20240430072942.pdf
File Hash:       7a3a244c0f624f30d037fbccb24f33c67431ea8a167f5e3524cc7e6ae2483a01
Page: 14 of 27     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

It is Dr. Paris' opinion that while Mr. Abdulkadir's patterns of reactivity and lack of self-restraint are amplified by his antisocial traits, his clinical presentation is not exclusively accounted for by a personality disorder. She also noted that quite similarly, substance use appears to be an amplifying factor to his symptoms; however, his presentation cannot be exclusively accounted for solely by substance use.

Dr. Paris interviewed Mr. Abdulkadir and found the following: his speech was of quickened pace, loud volume, and typical cadence. His vocabulary appeared advanced. Mr. Abdulkadir regularly derailed into tangential asides that failed to answer the question at hand. He required redirection and repetition of interview questions yet continued to provide minimally useful or purposefully deflective responses. Regarding the latter, even when Mr. Abdulkadir was directly addressing the topic inquired about, he regularly responded with purposefully vague responses, or posed the question back to myself. To this end, he presented as interpersonally intrusive and defensive.

Additionally, Mr. Abdulkadir's mood was expansive (i.e., lack of restraint in expressing emotions/intense affect, with an over-inflated sense of importance). He presented as irritated by Dr. Paris' insistence on him answering questions and setting boundaries in response to his intrusive nature; however, he remained in behavioral control and did not exhibit yelling, swearing, or displays of physical aggression. Mr. Abdulkadir's thought process was tangential (i.e., excessively detailed asides that detract from one's ability to address the main point). Mr. Abdulkadir's thought content was significant for themes of grandiosity (e.g., believing he has a divine fate), persecution (e.g., believing correctional officers are aligned purposefully against him), and ideas of reference (e.g., assigning special meaning to coincidences).

14

Url 1: link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
Url 4: drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 314**

Case No. 27-CR-23-3460
State of MN vs MUAD ABDULKADIR
Filing Type:     ·Order-Other·
Filing Date:     **2023-05-12**
MCRO_27-CR-23-3460_Order-Other_2023-05-12_20240430072942.pdf
File Hash:     7a3a244c0f624f30d037fbccb24f33c67431ea8a167f5e3524cc7e6ae2483a01
Page: 15 of 27     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

Moreover, subtle themes of religious preoccupation were also observed, such as Mr. Abdulkadir presenting with a Koran for the interview; however, his statements and behaviors did not clearly rise to a degree constituting religious delusions. Mr. Abdulkadir also exhibited substantial antiauthority attitudes, evidenced by his deflective approach to the examination, his manner of interacting with authority figures (e.g., his own attorney), and attempts to control the interview to be able to discuss topics at his discretion. Mr. Abdulkadir did not exhibit any behaviors suggestive of hallucinations during the examination. Mr. Abdulkadir was alert, and was oriented to his identity, the date, his location, and circumstance of meeting.

On May 10, 2023, Mr. Abdulkadir testified before the Court. He testified that he was here to contest the incompetency finding. He testified that he completed high school. He testified that he believes he is competent because he is competent. He testified that he has had the competency process occur in court, but he was never present for it. He testified that he was found incompetent in 2019, and then later that year in August 2019, he was restored to competency and found competent by the courts. He testified that he restored himself to competency by traveling to Somalia and visit with his long-lost family. He testified that his father is the Colonel of the North Somali Army, so he lacks restriction when he is there. He testified that his father just had a baby and that this trip made him feel affirmed, heard, safe, and free. He testified that jail is a vacation too, but it is a "staycation." He testified that his faith has kept him going, which is also being sure of a destiny, whether good or bad and trusting the process.

15

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 315**

Case No. 27-CR-23-3460
State of MN vs MUAD ABDULKADIR
Filing Type:    ·Order-Other·
Filing Date:    **2023-05-12**
MCRO_27-CR-23-3460_Order-Other_2023-05-12_20240430072942.pdf
File Hash:      7a3a244c0f624f30d037fbccb24f33c67431ea8a167f5e3524cc7e6ae2483a01
Page: 16 of 27      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

Mr. Abdulkadir testified that he has too many jobs to count and that he operated his own currier service called the "Happy Journey Express Corporation," but he put a hold on this in December 2022 to work in the community for his brother Mussad Abdulkadir as a "housing access coordinator." Mr. Abdulkadir testified that he had a contract with Street Fleet and NAPA for his courier service and had to talk with the community to get business (here, Mr. Abdulkadir testified that a "closed mouth does not get fed"). Mr. Abdulkadir testified that as a housing access coordinator, he worked with the houseless population and would take them to different areas to get them any help that they needed. He testified that some these included 1800 Chicago and Endeavors. He testified that the people in the housing camps were there due to the "luck of the draw."

Mr. Abdulkadir testified that he liked to take directions and follow directions. He testified that many of the houseless people suffered from substance abuse issues and testified that they have to want to help themselves to be helped. He testified that he had gotten into verbal bouts while working, but never physical bouts.

Regarding medication, Mr. Abdulkadir testified that he takes Naproxen for sleep; Vistaril for anxiety; all of which was prescribed to him by Dr. Silva.  He testified that he does not believe the medications are working. He testified that he believes in eastern medicine, like "congeal visits" with his wife and fresh air. He testified that Naproxen is a placebo. Mr. Abdulkadir testified that at home, he uses medicine like melatonin and then to wake up coffee. He testified that Vistaril is for anxiety, and testified that "we all have it" (anxiety), so he does not have it no more than every other human being. He testified that everyone has anxiety in the jail.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 316**

Case No. 27-CR-23-3460
State of MN vs MUAD ABDULKADIR
Filing Type:    ·Order-Other·
Filing Date:    2023-05-12
MCRO_27-CR-23-3460_Order-Other_2023-05-12_20240430072942.pdf
File Hash:    7a3a244c0f624f30d037fbccb24f33c67431ea8a167f5e3524cc7e6ae2483a01
Page: 17 of 27    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

Mr. Abdulkadir testified that he does not think the medications are helping but keeps taking them because he like to take direction. He testified that he took the following "consensual" medications: marijuana; Alprazolam for anxiety (but the DEA cracked down and it is hard to get); Oxycodone for physical ailments and muscle relaxers because his body tightened up. He also testified that he has been forced to take medications.

Mr. Abdulkadir testified that from November 2018 to March 2019 there was a *Jarvis* order, and he was deemed mentally ill.[1] He testified that Dr. Bruce Renken diagnosed him with bipolar disorder. He testified that to take the medicine he would get restrained, stripped naked, physically harmed, and shot to the neck with Lithium. He testified that he thinks that the shot gave him PTSD. He then proceeded to start crying on the witness stand. He testified that he did not regularly see a psychologist. He testified that he tried anything that works to forget about it. He testified that he is voluntarily seeking treatment. Mr. Abdulkadir testified that he has no diagnosis, only a self-diagnosis. He testified that he is not prescribed any medication and the psychologist was just "bleeding" him for his money.

Mr. Abdulkadir testified that he currently does not think he is experiencing mental health issues. He testified that he could consult with others. He testified that he was deemed incompetent by two different examiners. He testified that Drs. John Anderson and Megan Paris are the examiners. He testified that on February 16, 2023, he declined to meet with Dr. Anderson. He testified that on that day he was "cruisin' for a bruising'" and he "got whooped." Mr. Abdulkadir testified that a deputy brought the tablet to him to attend the exam, and he declined. He testified that he did not think that it would make a difference if he attended the exam. He testified that he did not believe that the outcome of the examination would be different.

---

[1] Mr. Abdulkadir testified that a *Jarvis* order is a petition filed while under commitment and if you refuse to take the medication, the county has the right to make sure you take it.

Url 1: link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
Url 4: drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 317**

Case No. 27-CR-23-3460
State of MN vs MUAD ABDULKADIR
Filing Type:    ·Order-Other·
Filing Date:    **2023-05-12**
MCRO_27-CR-23-3460_Order-Other_2023-05-12_20240430072942.pdf
File Hash:      7a3a244c0f624f30d037fbccb24f33c67431ea8a167f5e3524cc7e6ae2483a01
Page: 18 of 27     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

Mr. Abdulkadir testified that he is in jail for the following charges: Bloomington, Minnesota Aggravated Robbery – Felony, Minneapolis., Assault 2nd degree– Felony, and Bloomington Dangerous Weapon – Felony. He testified that there are penalties with them. He testified that if he was successful at the competency hearing,  it would get rid of the mental health court and proceed with the criminal.

As for the roles of the courtroom participants, Mr. Abdulkadir testified that Mr. Prochazka is "doing the opposite of Mr. Biglow" and is not his "helper, but his hinderer." He testified that the judge's role to be in between the two of them. He testified that Mr. Biglow is his lawyer and his confidant. He testified that Dr. Anderson was the first to examine him. He testified that he tried to test Defendant and Defendant declined, but he came up with findings anyway. He testified that he declined to meet with Dr. Anderson because Defendant had the prerogative to meet with whoever he so please and he had no reason to meet with him. Importantly, Mr. Abdulkadir testified that he thinks that the court examiner is on Mr. Prochazka's side.

Mr. Abdulkadir testified about his mind games comment. He testified that Dr. Anne Marie Winskowski found in March to August that he was not competent. He testified that Dr. Renken diagnosed him as bipolar and unspecified. He testified that whether he met with them or not, he believed that they were going to find him incompetent. He testified that this is not "a conspiracy theory as it is a conspiracy fact." He testified that the decision was set in stone. He testified that this was based on previous experiences as his conversation and freewill was used against. He testified that therefore he would not meet with Dr. Anderson.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 318**

Case No. 27-CR-23-3460
State of MN vs MUAD ABDULKADIR
Filing Type:    ·Order-Other·
Filing Date:    **2023-05-12**
MCRO_27-CR-23-3460_Order-Other_2023-05-12_20240430072942.pdf
File Hash:      7a3a244c0f624f30d037fbccb24f33c67431ea8a167f5e3524cc7e6ae2483a01
Page: 19 of 27      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

Regarding previous court appearances, Mr. Abdulkadir testified that on March 21, 2023, he did not go to court, and it was "not his call." He testified that was antagonized by a deputy then was locked up. He testified that he gets one hour to shower and make phone calls and was not told Ramadan was happening. He testified that Zoom was brought to him, and he was naked. He testified that the cell is his home, and he dresses how he likes. He testified that he was un-clothed on the Zoom session and does not recall anything else about it.

Mr. Abdulkadir testified that on April 4, 2023, he did not attend court that day. He testified that the deputy said that he needed to get ready for court while he was sitting on the toilet. He testified that he did not get time to get dressed. He testified that he cannot consult with his attorney if not at court. He testified that it was "not of his doing."

Mr. Abdulkadir testified to his past physical altercations. He testified that these were in self-defense. He testified that self-defense is when somebody offensively tries to harm you and you defend yourself. He testified that there are limits of self-defense and that Minnesota is not a stand your ground state. He testified that you have to escape first, and it is fight or flight.

Mr. Abdulkadir testified that during his trip to Somalia he was not taking prescription medications, but he was smoking cannabis. He testified that he was prescribed Haldol, Risperidone, and Olanzapine at the time. He testified that Somalia is war ridden county and did not find any of those medication. He also testified that at this time he had a *Jarvis* order and would follow instructions.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 319**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

Case No. 27-CR-23-3460
State of MN vs MUAD ABDULKADIR
Filing Type:     ·Order-Other·
Filing Date:    **2023-05-12**
MCRO_27-CR-23-3460_Order-Other_2023-05-12_20240430072942.pdf
File Hash:     7a3a244c0f624f30d037fbccb24f33c67431ea8a167f5e3524cc7e6ae2483a01
Page: 20 of 27      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

Mr. Abdulkadir testified about various comments he made. He made a comment in 2019 to Dr. Winskowski, where he told her "the devil is always testing" him. He testified that "the devil" comes in many forms, and he was very young when he made those comments. Mr. Abdulkadir also made a comment stating that he was in a "holy war" against the correctional officers. Mr. Abdulkadir testified that he speaks in metaphors, and it was misconstrued.

Mr. Abdulkadir testified that he does not remember saying everyone around him in jail "walked with the devil" and he "walked with Allah." He testified that the devil is not actually directing his actions in the past. He testified that he was denied religious artifacts in the jail and was not told that Ramadan has started. He testified that the restrictions that were put on him were the deputies "taking the easy route." He testified that he was following the rules. He testified that he was not put on restrictions. He was noted to say that there is nothing wrong with him, but something wrong with the world. He testified that he is outspoken and speaking in metaphors.

Mr. Abdulkadir testified that he has a self-diagnosis of PTSD. He testified that he has no other mental illnesses. He testified that anxiety is not a mental illness, and he has no more than the average person. He testified that he would defer to the doctors and professionals. He testified that he does not defer to Dr. Anderson's diagnoses of bipolar, schizophrenia, use disorder, as he believes that there are "too many diagnoses" in his body. He testified that Dr. Paris gave him too many diagnoses to count. He testified that he does not believe that need in services voluntarily, still, Mr. Abdulkadir testified that stopped taking the medication in the past.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 320**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

Case No. 27-CR-23-3460
State of MN vs MUAD ABDULKADIR
Filing Type:     ·Order-Other·
Filing Date:    **2023-05-12**
MCRO_27-CR-23-3460_Order-Other_2023-05-12_20240430072942.pdf
File Hash:      7a3a244c0f624f30d037fbccb24f33c67431ea8a167f5e3524cc7e6ae2483a01
Page: 21 of 27      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

Mr. Abdulkadir testified to comments made by his brother Musab Abdulkadir. His brother said that he had a history of mental illness. He testified that his brother has never been to jail, to hospitals, or mental illness courts. He testified that his brother is not a doctor but has experience working with him closely. He testified that his brother is one of the best friends and familiar with him as a person; however, they never lived together so he would not know what is going on with his mental health. He testified to the comments he made to his brother in a phone call from jail where he stated he had revelations from God and that he is a prophet. He testified that it was a metaphor. He testified that we all have freewill unless we are incarcerated. He testified that no one imposes will.

The Court appreciates Mr. Abdulkadir's testimony; however, Mr. Abdulkadir was not an accurate historian, appeared confused at times, had rapid speech, and was very tangential. For those reasons, the Court gives Mr. Abdulkadir's testimony less weight.

On May 10, 2023, Dr. John Anderson testified before the Court. Dr. Anderson credibly testified that he is a court examiner for the Court and has been for 2 years and 9 months. Dr. Anderson credibly testified that the majority of his job is forensic treatment for criminal and civil matters. Dr. Anderson credibly testified that he has done 110 to 115 evaluations for competency. He credibly testified that in those cases, he finds defendants incompetent 56% of the time. He credibly testified that the purpose if the Rule 20.01 evaluation is to make a determination on a defendant's ability to proceed. He credibly testified that the criminal proceeding stops and is referred. He credibly testified that the legal standard is whether defendant has the ability to consult with counsel and participate in the defense.

21

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 321**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

Case No. 27-CR-23-3460
State of MN vs MUAD ABDULKADIR
Filing Type:     ·Order-Other·
Filing Date:     **2023-05-12**
MCRO_27-CR-23-3460_Order-Other_2023-05-12_20240430072942.pdf
File Hash:        7a3a244c0f624f30d037fbccb24f33c67431ea8a167f5e3524cc7e6ae2483a01
Page: 22 of 27       [ source file ]       [ .ots timestamp of source file ]       [ pdf signatures ]       [ metadata ]

Dr. Anderson credibly testified that during this process he searches for relevant records, jail records, treatment records, prior evaluations. He also testified that it is important to meet with the person who is the subject of the evaluation. Dr. Anderson credibly testified that it is a semi-structured interview process. He credibly testified that he generally questions if symptoms impair their ability to proceed with the defense. He credibly testified that he considers background, current presentation, diagnosis if any, testing if any, opinion related to competency.

Dr. Anderson credibly testified that he conducted the Rule 20.01 – March 10, 2023, report for Defendant. He credibly testified that he tried to meet with him on February 22, 2023. He credibly testified that he did not successfully interview Defendant. He credibly testified that this was because Defendant did not want to meet with him, and Defendant appeared to be experiencing symptoms of mental illness that would render the interview of diminishing return.

Dr. Anderson credibly testified that the Defendant's symptoms included mania, agitation, pacing, and not wearing a shirt. He credibly testified that Defendant stated that "mind games" were being done by the court. He credibly testified that Defendant's presentation was similar to past reports. He credibly testified that Defendant's inability to participate was driven by mental illness and he would not improve competency. He credibly testified that his conclusions were based on jail and other previous records.

Dr. Anderson credibly testified that he reviewed updated jail logs after he submitted his report. He credibly testified that the jail records indicated presentation effect of liable. He credibly testified that Defendant's emotional expression goes back and forth, has agitation, has threats to jail staff, and his presentation was not meaningfully different. He credibly testified that he reviewed Jail records for 3-21-23. He credibly testified that the deputies wrote that Defendant was nude, not wearing pants, and turned to the Zoom camera to "moon" the Zoom.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 322**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

Case No. 27-CR-23-3460
State of MN vs MUAD ABDULKADIR
Filing Type:    ·Order-Other·
Filing Date:    2023-05-12
MCRO_27-CR-23-3460_Order-Other_2023-05-12_20240430072942.pdf
File Hash:    7a3a244c0f624f30d037fbccb24f33c67431ea8a167f5e3524cc7e6ae2483a01
Page: 23 of 27    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

Dr. Anderson credibly testified that he reviewed Dr. Megan Paris' psychological report. He credibly testified that Dr. Paris' interview was shorter than intended because of his presentation. Dr. Anderson credibly testified that Dr. Paris noted continued symptoms of mania. Dr. Anderson credibly testified that the Defendant's symptoms are consistent, but there would still be impairment. Dr. Anderson credibly testified that based on this information there would be no changes to his report. He credibly testified that seeing him in Court did not change his conclusion either. Dr. Anderson credibly testified that Respondent is not able to rationally consult.

Dr. Anderson credibly testified that Defendant's mental health is cyclical in nature as he suffers from mania or psychosis more on other days than on May 11, 2023 (the date of the contested hearing). Dr. Anderson credibly testified that being under duress or being incarcerated would not be the sole cause of Defendant's symptoms. He noted that Defendant continues to exhibit psychotic symptoms even after being incarcerated for an extended period with limited access to drugs as well. The Court found Dr. Anderson to be a credible witness.

**CONCLUSIONS OF LAW**

"A defendant has a due process right not to be tried or convicted of a criminal charge if he or she is legally incompetent." *Bonga v. State*, 797 N.W.2d 712, 718 (Minn. 2011). Rule 20.01 of the Minnesota Rules of Criminal Procedure requires the court to find a defendant not competent unless the greater weight of the evidence shows that the defendant is competent to proceed. MINN. R. CRIM. P. Rule 20.01, subd. 5 (c). A defendant is not competent if, due to mental illness or cognitive impairment he is unable to "(a) rationally consult with counsel or (b) understand the proceedings or participate in the defense." *Id.*, subd. 2.

23

Url 1: link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
Url 4: drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 323

Case No. 27-CR-23-3460
State of MN vs MUAD ABDULKADIR
Filing Type: ·Order-Other·
Filing Date: **2023-05-12**
MCRO_27-CR-23-3460_Order-Other_2023-05-12_20240430072942.pdf
File Hash: 7a3a244c0f624f30d037fbccb24f33c67431ea8a167f5e3524cc7e6ae2483a01
Page: 24 of 27 [ source file ] [ .ots timestamp of source file ] [ pdf signatures ] [ metadata ]

The determination of whether a defendant is able to rationally consult with the defense attorney or understand and participate in the proceedings turns on the facts of each particular case. Moreover, factfinders, including district courts, are not required to accept an expert's testimony or recommendations. In a criminal case involving a mental-illness defense, the Minnesota Supreme Court noted that "the factfinder is not bound by expert psychiatric testimony and may reject it entirely, even when the only experts who testify support the defendant's assertion of a mental-illness defense." *State v. Roberts,* 876 N.W.2d 863, 868 (Minn. 2016).

Foremost, throughout the criminal proceedings the trial court must be mindful of its protective duty to ensure that a defendant is competent to proceed. *See State v. Bauer*, 245 N.W.2d 848, 852 (Minn. 1976) (ruling that the court should have conducted further inquiry into the important matter of defendant's competency). The defendant bears the burden of proof in a contested competency proceeding under MINN. R. CRIM. P. 20.01 when the defendant asserts their own competence. *See State v. Thompson*, 988 N.W.2d 149, 158 (Minn. 2023).

The first step in the Court's competency analysis is to determine whether Mr. Abdulkadir suffers from a mental illness or cognitive deficit. This Court concludes the greater weight of the evidence establishes that Mr. Abdulkadir does suffer from specified Bipolar and Related Disorder, Unspecified Schizophrenia Spectrum and other Psychotic Disorder, Alcohol Use Disorder, Cannabis Use Disorder, and Opioid Use Disorder. These diagnoses have been provided numerous times by multiple mental health professionals since his first hospitalization in 2019. Also, Mr. Abdulkadir has a significant history of psychiatric hospitalizations, including stayed civil commitment based on a diagnosis of unspecified bipolar and related disorder in 2018.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 324**

Case No. 27-CR-23-3460
State of MN vs MUAD ABDULKADIR
Filing Type:     ·Order-Other·
Filing Date:     **2023-05-12**
MCRO_27-CR-23-3460_Order-Other_2023-05-12_20240430072942.pdf
File Hash:     7a3a244c0f624f30d037fbccb24f33c67431ea8a167f5e3524cc7e6ae2483a01
Page: 25 of 27     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

Importantly, Mr. Abdulkadir has demonstrated serious and persistent symptoms of his diagnoses in recent years, including delusions, paranoia, mania, impaired reality contact, erratic behavior, and aggression and violence. In the most recent competency evaluation, Dr. Anderson provided diagnoses of Bipolar and Related Disorder, Unspecified Schizophrenia Spectrum and other Psychotic Disorder, Alcohol Use Disorder, Cannabis Use Disorder, and Opioid Use Disorder. Dr. Anderson was not able to meet with Mr. Abdulkadir as he refused the interview.

Additionally, in preparation of a commitment hearing Dr. Paris provided diagnoses Bipolar I Disorder, with mood-congruent psychotic features (most recent episode manic), Traits of Antisocial Personality Disorder, Alcohol Use Disorder (By History), Cannabis Use Disorder (By History), and Opioid Use Disorder (By History). Dr. Paris opined that Defendant meets criteria for civil commitment as an individual who is mentally ill and dangerous to the public.

As it relates to competency, the Court must determine whether he presently is exhibiting these symptoms. The Court finds Dr. Anderson's opinion in this regard persuasive and concludes that Mr. Abdulkadir continues to exhibit symptoms of his diagnoses since being incarcerated. It is important to note that he historically has responded positively to anti-psychotic medications.

The Court must next analyze whether Mr. Abdulkadir's diagnoses render him incapable of consulting with defense counsel with a reasonable degree of rational understanding and/or to understand the proceedings or participate in his defense. The Court concludes, while Mr. Abdulkadir has a rational understanding of the proceedings, he continues to lack the ability to rationally consult with counsel or participate in his defense given that his psychiatric symptoms are preventing him from even recognizing that he suffers from a mental illness.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

Case No. 27-CR-23-3460
State of MN vs MUAD ABDULKADIR
Filing Type:    ·Order-Other·
Filing Date:    **2023-05-12**
MCRO_27-CR-23-3460_Order-Other_2023-05-12_20240430072942.pdf
File Hash:      7a3a244c0f624f30d037fbccb24f33c67431ea8a167f5e3524cc7e6ae2483a01
Page: 26 of 27      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

Mr. Abdulkadir demonstrated that he generally has the ability to rationally understand the proceedings. He understands the charges and potential sentence, and the role of the attorneys, judge, and jury (it was not clear that he understood the role of the court examiner).

Mr. Abdulkadir, however, does not have the ability to participate in his defense with a reasonable degree of understanding or to rationally participate in his defense. His psychotic thinking currently results in impairment in judgment, reasoning, and decision making. Additionally, Mr. Abdulkadir continues to evidence the hallmark symptom of lack of insight into his mental illness and belief that psychotropic medication is harmful to him. During his testimony, Respondent endorsed delusional beliefs while discussing his previous examinations that impaired his ability to engage in rational discussion and that because he could not set these beliefs aside, he is likely to rely on these delusional beliefs in formulating his defense.

Additionally, based on previous records, Dr. Anderson opined that he does not have the ability to rationally assist defense counsel in the development of a defense strategy or to make informed and rational legal decisions. Dr. Anderson also credibly testified that after observing Mr. Abdulkadir's testimony that it did not change his opinion. As a result, the Court finds Dr. Anderson's opinion persuasive.

It is important to emphasize that the Court's finding of incompetency is not due to Mr. Abdulkadir's refusal to discuss or assert a mental illness defense or due to his desire to proceed *pro se*. Mr. Abdulkadir is incompetent due to his inability to recognize that he suffers from a mental illness and thus, he is unable to rationally consider whether to raise such a defense.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

Case No. 27-CR-23-3460
State of MN vs MUAD ABDULKADIR
Filing Type:    ·Order-Other·
Filing Date:    **2023-05-12**
MCRO_27-CR-23-3460_Order-Other_2023-05-12_20240430072942.pdf
File Hash:      7a3a244c0f624f30d037fbccb24f33c67431ea8a167f5e3524cc7e6ae2483a01
Page: 27 of 27     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

If restored to competency, Mr. Abdulkadir may have a recognition of his mental illness and some insight into the extent to which his illness results in delusions, hallucinations, and paranoid thinking. If competent, he will have the ability to rationally consult with an attorney, rationally make a decision about whether to proceed *pro se*, and to decide whether he wishes to raise a defense of not guilty by reason of mental illness. A competent defendant with a plausible defense of mental illness certainly may choose not to raise this affirmative defense and may also make a valid waiver of counsel.

Based on the totality of the information before the Court, the Court finds that the greater weight of the evidence demonstrates Mr. Abdulkadir presently does not have the ability to rationally consult with counsel and participate in his defense. Under *Anderson*, the Defense has not met its burden of proving, by a greater weight of the evidence, that Mr. Abdulkadir is competent. Therefore, the Court finds that the defendant, Mr. Abdulkadir, is **INCOMPETENT.**

IT IS SO ORDERED.

**BY THE COURT**

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 327**

**Case No. 27-CR-23-4547**
State of MN vs Delayna Adrianne Lussier
Filing Type:    ·Order-Other·
Filing Date:    **2023-09-11**
MCRO_27-CR-23-4547_Order-Other_2023-09-11_20240430073114.pdf
File Hash:    5a167392a6cfd5f2f02c39774399bffc54432e5e561c74b0a53b601314f5624d
Page: 1 of 2    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

---

86-CR-21-5725

STATE OF MINNESOTA                                          DISTRICT COURT

COUNTY OF WRIGHT                                    TENTH JUDICIAL DISTRICT

State of Minnesota,                              Court File Nos.: **86-CR-21-5725**
                                                                 **86-CR-22-2212**
              Plaintiff,

vs.

                                                                **ORDER**
**Delayna A. Lussier,**

              Defendant.

---

        The above-entitled matters came on for hearing before the Honorable Catherine
McPherson, Judge of District Court, on August 30, 2023, at the Wright County Justice Center for
a Review Hearing.  Present were the Defendant, the Defendant's attorney William Robyt, and
Mark Erickson on behalf of the State.

        It has been determined that a Rule 20.01 Evaluation was ordered in Hennepin County
File Nos. 27-CR-23-4496 and 27-CR-23-4547 on/about May 10, 2023.

        **NOW THEREFORE, the Court hereby makes the following:**

                                    **<u>ORDER</u>**

1.    Hennepin County District Court Administration is directed to release Defendant's Rule
      20.01 Evaluation Report when it is filed in Hennepin County Court File Nos. 27-CR-23-
      4496 and 27-CR-23-4547 to Wright County District Court Administration.  They may do
      so by filing the Rule 20.01 Evaluation Report in Ms. Lussier's above-captioned Wright
      County files.

---

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

<span style="color:red">**EXHIBIT ESO-1 | p. 328**</span>

Case No. 27-CR-23-4547
State of MN vs Delayna Adrianne Lussier
Filing Type:    ·Order-Other·
Filing Date:    **2023-09-11**
MCRO_27-CR-23-4547_Order-Other_2023-09-11_20240430073114.pdf
File Hash:      5a167392a6cfd5f2f02c39774399bffc54432e5e561c74b0a53b601314f5624d
Page: 2 of 2      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

86-CR-21-5725

2.    Upon filing of the Hennepin County Rule 20.01 Evaluation Report in the above-captioned

Wright County files, Wright County District Court Administration shall provide copies to

both parties.

DATE: _____      **BY THE COURT:**

_____
**JUDGE OF DISTRICT COURT**

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 329

**Case No. 27-CR-23-16281**
State of MN vs FUE VANG
Filing Type: ·Other Document·
Filing Date: **2024-01-10**
MCRO_27-CR-23-16281_Other Document_2024-01-10_20240430074127.pdf
File Hash: 67c03c9ecbcace1cccecc316cd02475562d62199aca24bf0e14191d0708d9ae6
Page: 1 of 1     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

---

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF ANOKA | TENTH JUDICIAL DISTRICT |

| | |
|---|---|
| State of Minnesota, | **ORDER RELEASING** |
|         Plaintiff, | |
| v. | **RULE 20 EVALUATION** |
| Fue Vang, | |
|            Defendant. | Court File No.: 02-CR-21-5729 |

The above-entitled matter came on for pre-trial before the Honorable Melissa M. Saterbak, Judge of District Court, at the Anoka County Courthouse in Anoka, Minnesota, on January 4, 2024. Defendant is represented by Justin Collins, Assistant State Public Defender. Danielle Peden, Assistant Anoka County Attorney appeared for the State of Minnesota.

**WHEREAS,** this matter is set for a review hearing on January 23, 2024 at 1:30 p.m.; and

**WHEREAS,** Defense informed the Court that Defendant was recently ordered to have a Rule 20.01 evaluation done in Hennepin County court file 27-CR-23-16281. The parties are requesting this Court order release of the Rule 20 evaluation completed in that matter rather than order another one in this case file.

Having considered all of the filings, records, and proceedings herein, the Court hereby makes the following:

**ORDER**

1. Anoka County Court Administration is directed to provide to the parties a copy of the Rule 20.01 evaluation to be filed in Hennepin District Court file 27-CR-23-16281. Additionally, defense counsel is permitted to provide their copy of the evaluation to the prosecutor.

2. A copy of this Order shall be sent to the parties or their attorneys, if any, by U.S. Mail or e-service as appropriate.

By the Court:

_____
Hon. Melissa M. Saterbak
Judge of District Court

---

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 330

**Case No. 27-CR-20-20788**
State of MN vs Lawrence Joseph Durheim
Filing Type: ·Probation Violation Order for Detention·
Filing Date: **2021-03-08**
MCRO_27-CR-20-20788_Probation Violation Order for Detention_2021-03-08_20240430090242.pdf
File Hash: 0926d920e01017f6ee4457cc724204c0fa323d207cc23b7ddaee9d60647b4ae0
Page: 1 of 2    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

---

27-CR-20-20788

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

State of Minnesota, Plaintiff.

**ORDER REVOKING CONDITIONAL RELEASE AND APPEARANCE**

vs.

Lawrence Joseph Durheim, Defendant.
Dist Ct File 27-CR-20-20788

On March 08, 2021, the Department of Community Corrections and Rehabilitation filed a Conditional Release Violation Report, alleging under penalty of perjury that Defendant violated the following interim conditions in this case:

1. Obey all laws
2. Have not direct or indirect contact with T.A.; stay away from a 3-block radius of anywhere T.A. lives, works, or goes to school (DANCO)

The court finds that there is probable cause to believe Defendant has violated the interim conditions, so the Conditional Release is hereby set aside and vacated. Defendant is ordered to appear before a Judicial Officer of the District Court so that a final determination may be made as to whether Defendant has violated the interim conditions.

☐ **SUMMONS**
I order court administration to summons the defendant to appear before a Judicial Officer.

☐**WARRANT**
It is further ordered that a bench warrant shall be issued for the defendant's apprehension.
Bail: _____ (***Note:*** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

☒ **ORDER OF DETENTION**
Since the Defendant is already in custody, I order, subject to bail or conditions of release, that the Defendant continue to be detained pending further proceedings.
Bail: _$40,000.00_____ (***Note:*** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

BY THE COURT:

_____
Judge of District Court

Page **1** of **2**     *27-CR-20-20788.03/08/2021.64.0441.1*

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 331

**Case No. 27-CR-20-20788**
State of MN vs Lawrence Joseph Durheim
Filing Type:   ·Probation Violation Order for Detention·
Filing Date:   **2021-03-08**
MCRO_27-CR-20-20788_Probation Violation Order for Detention_2021-03-08_20240430090242.pdf
File Hash:     0926d920e01017f6ee4457cc724204c0fa323d207cc23b7ddaee9d60647b4ae0
Page: 2 of 2     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

27-CR-20-20788

Page **2** of **2**          *«CC_MNCIS_Num».«Short_Date».64.0441.2*

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 332**

**Case No. 27-CR-22-4898**
State of MN vs TERRELL JOHNSON
Filing Type:    ·Probation Violation Order for Detention·
Filing Date:    **2022-04-22**
MCRO_27-CR-22-4898_Probation Violation Order for Detention_2022-04-22_20240429040226.pdf
File Hash:      6e2bc8fbcc6a5667b81c93f7a44deb5320f161a9b745dae5362c5fa97d99146e
Page: 1 of 1      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

---

27-CR-22-4898

STATE OF MINNESOTA                          DISTRICT COURT

COUNTY OF HENNEPIN                          FOURTH JUDICIAL DISTRICT

---

State of Minnesota, Plaintiff.

**ORDER REVOKING CONDITIONAL
RELEASE AND APPEARANCE**

vs.

Terrell Johnson, Defendant.
Dist Ct File 27-CR-22-4898

---

On April 21, 2022, the Department of Community Corrections and Rehabilitation filed a Conditional Release Violation Report, alleging under penalty of perjury that Defendant violated the following interim conditions in this case:

**Failure to Remain Law-Abiding**

The court finds that there is probable cause to believe Defendant has violated the interim conditions, so the Conditional Release is hereby set aside and vacated.  Defendant is ordered to appear before a Judicial Officer of the District Court so that a final determination may be made as to whether Defendant has violated the interim conditions.

☐ **SUMMONS**
I order court administration to summons the defendant to appear before a Judicial Officer.

☐**WARRANT**
It is further ordered that a bench warrant shall be issued for the defendant's apprehension.
Bail: _____    (**Note:** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

☒ **ORDER OF DETENTION**
Since the Defendant is already in custody, I order, subject to bail or conditions of release, that the Defendant continue to be detained pending further proceedings.
Bail:  _$15,000.00_    (**Note:** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

BY THE COURT:

_____
Judge of District Court

Page **1** of **1**         *27-CR-22-4898.04/21/2022.64.0441.1*

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 333

**Case No. 27-CR-21-23628**
State of MN vs Carmen Bendu Greaves
Filing Type:    ·Probation Violation Order for Detention·
Filing Date:    **2022-04-27**
MCRO_27-CR-21-23628_Probation Violation Order for Detention_2022-04-27_20240430084625.pdf
File Hash:      e37b835cc996dbb0a3f3a484e0275ea2eddc3f640402131a17074a37ac5d3865
Page: 1 of 2        [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

---

STATE OF MINNESOTA                                              DISTRICT COURT

COUNTY OF HENNEPIN                                             FOURTH JUDICIAL DISTRICT

---

State of Minnesota,

                            Plaintiff,

                                                                        **ORDER TO APPEAR**
vs.

Carmen Bendu Greaves,

                            Defendant.                          Dist Ct File 27-CR-21-23628

---

On April 27, 2022, the Department of Community Corrections and Rehabilitation filed a Probation Violation Report, alleging under penalty of perjury that Defendant violated the following conditions of the stayed sentence in this case:

1.  Failure to remain law abiding

The court finds that there is probable cause to believe Defendant has violated the conditions of the stayed sentence, so the stay is hereby revoked, pending a final determination.  Defendant is ordered to appear before a Judge or Judicial Officer of the District Court so that a final determination may be made as to whether Defendant has violated the conditions of his sentence, and if so, what, if any sanction, should be imposed.

☐ **SUMMONS -**                         05/24/22 10:30am. Tagging with case
                Proposed Court date:       27CR227797

I order court administration to summons the defendant to appear before a Judge or Judicial Officer.

☐ **WARRANT**
To the Sheriff of the above-named county or other person authorized to execute this warrant: I order, in the name of the State of Minnesota, that the Defendant be apprehended and arrested without delay and brought promptly before the court (if in session), and if not, before a Judge or Judicial Officer of the District Court without unnecessary delay, and in any event not later than
36 hours after the arrest or as soon as such Judge or Judicial Officer is available to be dealt with according to law.

Bail: _____              ☐ Hold Without Bail

☐ You are hereby commanded to arrest the above named defendant on any Sunday, legal holiday or in the night time.
☐ Warrant to be executed out of state

☑ **ORDER OF DETENTION**
Since the Defendant is already in custody, I order, subject to bail or conditions of release, that the Defendant continue to be detained pending further proceedings.

Bail: _____              ☒ Hold Without Bail

                                                          BY THE COURT:

                                                          _____

                                                          Judge of District Court

---

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 334**

**Case No. 27-CR-21-23628**
State of MN vs Carmen Bendu Greaves
Filing Type:    ·Probation Violation Order for Detention·
Filing Date:    **2022-04-27**
MCRO_27-CR-21-23628_Probation Violation Order for Detention_2022-04-27_20240430084625.pdf
File Hash:      e37b835cc996dbb0a3f3a484e0275ea2eddc3f640402131a17074a37ac5d3865
Page: 2 of 2      [ source file ]        [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

---

**ADDITIONAL IDENTIFYING INFORMATION**

Height:   **5 - 6**        Weight:   **134**
Eyes:     **Brown**        Hair:     **Black**


Race:     **Black**
Sex:      **Female**


Physical Description:



A.K.A.:
Carmen Bendu Greaves, Carmen Bendu Johnetta
Greaves, Carmen Johnetta Greaves, Carmen Bendu
Greene

---

WARRANT NO. _____
MNCIS Case NO.   **27-CR-21-23628**
SILS ID.   **337741**

**STATE OF MINNESOTA**
COUNTY OF HENNEPIN

---

**STATE OF MINNESOTA**

-vs-

**Carmen Bendu Greaves**
                              *Defendant*

**1355  Shenandoah Ln N**
*Street Address*

**Plymouth, MN 55447**              **10/03/1978**
*City*                               *D.O.B.*

*Telephone No.*     **(612) 403-0225**

| Probation Officer: | **Jason Hodge** | Telephone No. **(612) 348-7564** |
| --- | --- | --- |

**ORDER OF ARREST AND
DETENTION**

Felony

CT 1: Burglary-1st Deg-Dwelling-Occupied-Non-
Accomplice Present; CT 2: Domestic Abuse; Violates 2
or more OFPw/in 10 years of previous conviction/adj of
delinq.; CT 3: Violate No Contact Order - Within 10
years of the first of two or more convictions

A copy of this Order for Arrest and Detention has been
duly signed and filed with the Court Administrator of
the Hennepin County District Court.



*Copy of this order served on defendant on*        /  /

**By**       _____
                              *Deputy Sheriff*

---

☐ **Interstate Compact Offender**
   Offender Waiver of Extradition Signed

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 335**

**Case No. 27-CR-21-19723**
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type:     ·Probation Violation Order for Detention·
Filing Date:    **2022-08-08**
MCRO_27-CR-21-19723_Probation Violation Order for Detention_2022-08-08_20240430082948.pdf
File Hash:      f42189d16271f250b638b2f348618f878c7dd386c657c808255c85192f4ade38
Page: 1 of 1      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

---

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

---

State of Minnesota, Plaintiff.

**ORDER REVOKING CONDITIONAL RELEASE AND APPEARANCE**

vs.

Brittany Lateshia Crutchfield, Defendant.
Dist Ct File 27-CR-21-19723

---

On August 08, 2022, the Department of Community Corrections and Rehabilitation filed a Conditional Release Violation Report, alleging under penalty of perjury that Defendant violated the following interim conditions in this case:

1.   Failure to remain law abiding

The court finds that there is probable cause to believe Defendant has violated the interim conditions, so the Conditional Release is hereby set aside and vacated.  Defendant is ordered to appear before a Judicial Officer of the District Court so that a final determination may be made as to whether Defendant has violated the interim conditions.

☐ **SUMMONS**
I order court administration to summons the defendant to appear before a Judicial Officer.

☐**WARRANT**
It is further ordered that a bench warrant shall be issued for the defendant's apprehension.
Bail: _____ (***Note:*** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

☒ **ORDER OF DETENTION**
Since the Defendant is already in custody, I order, subject to bail or conditions of release, that the Defendant continue to be detained pending further proceedings.
Bail: $20,000 (***Note:*** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

BY THE COURT:

_____
Judge of District Court

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 336**

**Case No. 27-CR-21-23456**
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type:   ·Probation Violation Order for Detention·
Filing Date:   **2022-08-08**
MCRO_27-CR-21-23456_Probation Violation Order for Detention_2022-08-08_20240430084323.pdf
File Hash:     ae71532eb63f4c7c1311b3b82e8079bedb8b0b00170054fb43ab230df93ea58b
Page: 1 of 1      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

---

STATE OF MINNESOTA                          DISTRICT COURT

COUNTY OF HENNEPIN                          FOURTH JUDICIAL DISTRICT

---

State of Minnesota, Plaintiff.

|  | **ORDER REVOKING CONDITIONAL RELEASE AND APPEARANCE** |

vs.

Brittany Lateshia Crutchfield, Defendant.
Dist Ct File 27-CR-21-23456

---

On August 08, 2022, the Department of Community Corrections and Rehabilitation filed a Conditional Release Violation Report, alleging under penalty of perjury that Defendant violated the following interim conditions in this case:

1.   Failure to remain law abiding.

The court finds that there is probable cause to believe Defendant has violated the interim conditions, so the Conditional Release is hereby set aside and vacated.  Defendant is ordered to appear before a Judicial Officer of the District Court so that a final determination may be made as to whether Defendant has violated the interim conditions.

☐ **SUMMONS**
I order court administration to summons the defendant to appear before a Judicial Officer.

☐**WARRANT**
It is further ordered that a bench warrant shall be issued for the defendant's apprehension.
Bail: _____    (***Note:*** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

☒ **ORDER OF DETENTION**
Since the Defendant is already in custody, I order, subject to bail or conditions of release, that the Defendant continue to be detained pending further proceedings.
Bail:  $20,000    (***Note:*** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

BY THE COURT:

_____
Judge of District Court

Page **1** of **1**          *27-CR-21-23456.08/08/2022.64.0441.1*

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 337

**Case No. 27-CR-22-18209**
State of MN vs JULIET KAY HIGGINS
Filing Type:    ·Probation Violation Order for Detention·
Filing Date:    **2023-01-11**
MCRO_27-CR-22-18209_Probation Violation Order for Detention_2023-01-11_20240429162105.pdf
File Hash:    0d2e81a24d7e76bbf29d787e5a6c3b900229ea6c7496e9e9ffcc2dd2ca389df7
Page: 1 of 1    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

---

27-CR-22-18209

STATE OF MINNESOTA                          DISTRICT COURT

COUNTY OF HENNEPIN                          FOURTH JUDICIAL DISTRICT

---

State of Minnesota, Plaintiff.

                                            **ORDER REVOKING CONDITIONAL**
                                            **RELEASE AND APPEARANCE**

vs.

Juliet Kay Higgins, Defendant.
Dist Ct File 27-CR-22-18209

---

On January 11, 2023, the Department of Community Corrections and Rehabilitation filed a Conditional Release Violation Report, alleging under penalty of perjury that Defendant violated the following interim conditions in this case:

1.  Obey All Laws

The court finds that there is probable cause to believe Defendant has violated the interim conditions, so the Conditional Release is hereby set aside and vacated.  Defendant is ordered to appear before a Judicial Officer of the District Court so that a final determination may be made as to whether Defendant has violated the interim conditions.

☐ **SUMMONS**
I order court administration to summons the defendant to appear before a Judicial Officer.

☐**WARRANT**
It is further ordered that a bench warrant shall be issued for the defendant's apprehension.
Bail: _____ (***Note:*** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

☒**ORDER OF DETENTION**
Since the Defendant is already in custody, I order, subject to bail or conditions of release, that the Defendant continue to be detained pending further proceedings.
Bail:  $40,000  (***Note:*** Hold without bail cannot be ordered unless a guilty plea/finding has been entered and the defendant is awaiting sentencing.)

BY THE COURT:

_____
Judge of District Court

Page **1** of **1**        *27-CR-22-18209.01/11/2023.64.0441.1*

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

<span style="color:red">**EXHIBIT ESO-1 | p. 338**</span>

**Case No. 27-CR-21-14861**
State of MN vs KESSIE KAFELE WILSON
Filing Type:    ·Probation Violation Order for Detention·
Filing Date:    **2023-09-29**
MCRO_27-CR-21-14861_Probation Violation Order for Detention_2023-09-29_20240430082518.pdf
File Hash:      31cdc112c858380367f36253908616bc0fef904e2c4a0078011fb7f4b22b5465
Page: 1 of 2       [ source file ]       [ .ots timestamp of source file ]       [ pdf signatures ]       [ metadata ]

---

STATE OF MINNESOTA                                                    DISTRICT COURT

COUNTY OF HENNEPIN                                          FOURTH JUDICIAL DISTRICT

State of Minnesota,

                                    Plaintiff,

                                                                    **ORDER TO APPEAR**
vs.

Kessie Kafele Wilson,

                                    Defendant.                    Dist Ct File: 27-CR-21-14861

On September 29, 2023, the Department of Community Corrections and Rehabilitation filed a Probation Violation Report, alleging under penalty of perjury that Defendant violated the following conditions of the stayed sentence in this case:

    1.    Failure to remain law abiding.

The court finds that there is probable cause to believe Defendant has violated the conditions of the stayed sentence, so the stay is hereby revoked, pending a final determination.  Defendant is ordered to appear before a Judge or Judicial Officer of the District Court so that a final determination may be made as to whether Defendant has violated the conditions of the sentence, and if so, what, if any sanction, should be imposed.

☐ **SUMMONS**          Proposed Court date: _____
I order court administration to summons the defendant to appear before a Judge or Judicial Officer.

☐ **WARRANT**
To the Sheriff of the above-named county or other person authorized to execute this warrant: I order, in the name of the State of Minnesota, that the Defendant be apprehended and arrested without delay and brought promptly before the court (if in session), and if not, before a Judge or Judicial Officer of the District Court without unnecessary delay, and in any event not later than 36 hours after the arrest or as soon as such Judge or Judicial Officer is available to be dealt with according to law.

Any previously issued active warrant in this case is hereby ordered recalled.

Bail: _____          ☐ Hold Without Bail

☐ You are hereby commanded to arrest the above-named defendant on any Sunday, legal holiday or in the nighttime.
☐ Warrant to be executed out of state

☒ **ORDER OF DETENTION**
Since the Defendant is already in custody, I order, subject to bail or conditions of release, that the Defendant continue to be detained pending further proceedings.

Bail: _____          ☒ Hold Without Bail

                                                          BY THE COURT:

                                                          _____
                                                          Judge of District Court

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**Case No. 27-CR-21-14861**

State of MN vs KESSIE KAFELE WILSON

Filing Type:  ·Probation Violation Order for Detention·
Filing Date:  **2023-09-29**
MCRO_27-CR-21-14861_Probation Violation Order for Detention_2023-09-29_20240430082518.pdf
File Hash:  31cdc112c858380367f36253908616bc0fef904e2c4a0078011fb7f4b22b5465
Page: 2 of 2     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

---

**ADDITIONAL IDENTIFYING INFORMATION**

Height:  **6 - 0**          Weight:  **191**
Eyes:  **Brown**          Hair:  **Black**

Race:  **Black**
Sex:  **Male**

Physical Description: Data Exchange Offender Build
Code: MED
Data Exchange Offender Skin Code: DBR

A.K.A.:
Kessie K. Wilson, Kessie N. Wilson

WARRANT NO. _____
MNCIS Case NO.  **27-CR-21-14861**
SILS ID.  **411022**

**STATE OF MINNESOTA**

COUNTY OF HENNEPIN

---

**STATE OF MINNESOTA**

-vs-

**Kessie Kafele Wilson**

_____
                                    *Defendant*
**1920  Columbus Ave Apt 1**
_____
*Street Address*
**Minneapolis, MN 55404**          **07/02/1979**
_____
*City*                                    *D.O.B.*

*Telephone No.*    **(312) 799-2142**
_____

Probation                         Telephone No.
Officer:    **Latonya Reeves**        **(612) 596-1745**

**ORDER OF ARREST AND
DETENTION**

Felony

CT 1: Assault-3rd Degree-Substantial Bodily Harm
_____

A copy of this Order for Arrest and Detention has been
duly signed and filed with the Court Administrator of
the Hennepin County District Court.

*Copy of this order served on defendant on*        / /

**By**  _____
                                    *Deputy Sheriff*

---

☐ **Interstate Compact Offender**
   Offender Waiver of Extradition Signed

Page **2** of **2**          *27-CR-21-14861.09/29/2023.64.0442.2*

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 340**

**Case No. 27-CR-20-1893**
State of MN vs JIMMY EDWARD SPEARS, III
Filing Type:    ·Probation Violation Warrant·
Filing Date:    **2021-11-30**
MCRO_27-CR-20-1893_Probation Violation Warrant_2021-11-30_20240430084908.pdf
File Hash:      10fbbd92458716d3c8c2d17bae11224ccc9353b5926a955c54e1d8b34b22268f
Page: 1 of 2     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

---

STATE OF MINNESOTA                                              DISTRICT COURT
COUNTY OF HENNEPIN                                     FOURTH JUDICIAL DISTRICT

State of Minnesota,
                 Plaintiff,

                                                               **ORDER TO APPEAR**

v.
                                                               27-CR-20-1893

Jimmy Edward Spears 3Rd,
                 Defendant.

On **Click to enter a date.**, the Department of Community Corrections and Rehabilitation (DOCCR) filed a Probation Violation Report alleging, under penalty of perjury, Defendant violated the following condition(s) of the stayed sentence:

1.    Failure to contact probation as directed.

The court finds there is probable cause to believe Defendant violated the condition(s) of the stayed sentence, so the stay is revoked pending a final determination.

---

To the Hennepin County Sheriff or other person authorized to execute this warrant:

Defendant shall be apprehended, arrested, and brought before a Judge or designee of the District Court without unnecessary delay, and in any event not later than 36 hours after the arrest or as soon as a Judge is available.

☐ You are hereby commanded to arrest Defendant on any Sunday, legal holiday, or in the night time.
☐ This warrant may be executed out of state.

---

☒ **BOOK, MEET-AND-RELEASE WARRANT**
District Court designates and orders DOCCR to meet with Defendant within 36 hours of being booked in the Hennepin County Adult Detention Center, and promptly release Defendant from custody without the requirement of a court appearance.  After this meeting with DOCCR, this alleged violation is dismissed without prejudice.

☐ **WARRANT**
District Court orders Defendant to appear before a Judge so a final determination may be made as to whether Defendant violated one or more conditions of the sentence and if any sanction should be imposed.

Bail: _____           ☐   Hold Without Bail

                                     BY THE COURT:

                                     _____

                                     Judge of District Court

# *27-CR-20-1893.11/30/2021.64.0442.1*

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 341

**Case No. 27-CR-20-1893**
State of MN vs JIMMY EDWARD SPEARS, III
Filing Type:   ·Probation Violation Warrant·
Filing Date:   **2021-11-30**
MCRO_27-CR-20-1893_Probation Violation Warrant_2021-11-30_20240430084908.pdf
File Hash:     10fbbd92458716d3c8c2d17bae11224ccc9353b5926a955c54e1d8b34b22268f
Page: 2 of 2     [ source file ]       [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

---

ADDITIONAL IDENTIFYING INFORMATION

Height:  _5, 7_          Weight:  _175_
Eyes:    **Brown**       Hair:    **Black**


Race:    **Black**
Sex:     _Male_


Physical Description:


A.K.A.:

WARRANT NO.   _____
MNCIS Case NO.   **27-CR-20-1893**
SILS ID.   **637629**

**STATE OF MINNESOTA**
COUNTY OF HENNEPIN

---

**STATE OF MINNESOTA**

-vs-

**Jimmy Edward Spears 3Rd**
                                        *Defendant*
**929  Central Ave NE**
*Street Address*

**Minneapolis**                    **9/22/1986**
*City*                              *D.O.B.*

*Telephone No.*     **(773) 717-3121**

Probation Officer: **Benjamin**      Telephone No.
**Sisco**                            **(612) 348-4221**

**ORDER OF ARREST AND DETENTION**

Felony

CT 1: Threats of Violence - Reckless Disregard Risk

A copy of this Order for Arrest and Detention has been duly signed and filed with the Court Administrator of the Hennepin County District Court.


*Copy of this order served on defendant on*        /  /

**By**   _____
                                *Deputy Sheriff*

---

☐ **Interstate Compact Offender**
   Offender Waiver of Extradition Signed

---

**\*27-CR-20-1893.11/30/2021.64.0442.2\***
Page **2** of 2                    *27-CR-20-1893.11/30/2021.64.0442.2*

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 342**

**Case No. 27-CR-20-1893**
State of MN vs JIMMY EDWARD SPEARS, III
Filing Type:    ·Probation Violation Warrant·
Filing Date:    **2023-05-17**
MCRO_27-CR-20-1893_Probation Violation Warrant_2023-05-17_20240430084901.pdf
File Hash:    afcfeb3b7c46d2720721a6b75a8144dda943b1c1bd649d47defd9414c0c19f10
Page: 1 of 2    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

---

STATE OF MINNESOTA                                      DISTRICT COURT

COUNTY OF HENNEPIN                              FOURTH JUDICIAL DISTRICT

---

State of Minnesota,

                        Plaintiff,

                                                        **ORDER TO APPEAR**

vs.

Jimmy Edward Spears 3Rd,

                        Defendant.                  Dist Ct File: 27-CR-20-1893

---

On May 16, 2023, the Department of Community Corrections and Rehabilitation filed a Probation Violation Report, alleging under penalty of perjury that Defendant violated the following conditions of the stayed sentence in this case:

1. No Alcohol/Controlled Substance Use.
2. Follow Recommendations of Evaluation.
3. Follow all Instructions of Probation.
4. Follow all State and Federal Criminal Laws.

The court finds that there is probable cause to believe Defendant has violated the conditions of the stayed sentence, so the stay is hereby revoked, pending a final determination.  Defendant is ordered to appear before a Judge or Judicial Officer of the District Court so that a final determination may be made as to whether Defendant has violated the conditions of the sentence, and if so, what, if any sanction, should be imposed.

☐ **SUMMONS**        Proposed Court date: _____
I order court administration to summons the defendant to appear before a Judge or Judicial Officer.

☑ **WARRANT**
To the Sheriff of the above-named county or other person authorized to execute this warrant: I order, in the name of the State of Minnesota, that the Defendant be apprehended and arrested without delay and brought promptly before the court (if in session), and if not, before a Judge or Judicial Officer of the District Court without unnecessary delay, and in any event not later than 36 hours after the arrest or as soon as such Judge or Judicial Officer is available to be dealt with according to law.

Any previously issued active warrant in this case is hereby ordered recalled.

Bail: _____        ☑ Hold Without Bail

☐ You are hereby commanded to arrest the above-named defendant on any Sunday, legal holiday or in the nighttime.
☐ Warrant to be executed out of state

☐ **ORDER OF DETENTION**
Since the Defendant is already in custody, I order, subject to bail or conditions of release, that the Defendant continue to be detained pending further proceedings.

Bail: _____        ☐ Hold Without Bail

                                        BY THE COURT:

                                        _____
                                        Judge of District Court

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 343**

**Case No. 27-CR-20-1893**

State of MN vs JIMMY EDWARD SPEARS, III

Filing Type:    ·Probation Violation Warrant·
Filing Date:    **2023-05-17**
MCRO_27-CR-20-1893_Probation Violation Warrant_2023-05-17_20240430084901.pdf
File Hash:    afcfeb3b7c46d2720721a6b75a8144dda943b1c1bd649d47defd9414c0c19f10
Page: 2 of 2    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

---

**ADDITIONAL IDENTIFYING INFORMATION**

Height:   **5 - 7**          Weight:   **175**
Eyes:     **Brown**          Hair:     **Black**

Race:     **Black**
Sex:      **Male**

Physical Description: Data Exchange Offender Build
Code: MED
Data Exchange Offender Skin Code: MBR

A.K.A.:
Zachary Johnson, Jim Spears, Jimmie Spears, Jimmy
Spears, Jimmy E. Spears, Jimmy Edward Spears,
Jimmye Spears

WARRANT NO. _____
MNCIS Case NO.   **27-CR-20-1893**
SILS ID.   **637629**

**STATE OF MINNESOTA**
COUNTY OF HENNEPIN

---

**STATE OF MINNESOTA**

-vs-

**Jimmy Edward Spears 3Rd**
_____
                          *Defendant*
**719 Columbus St E**
_____
*Street Address*
 **Minneapolis, MN 55404**          **09/22/1986**
_____
*City*                        *D.O.B.*

*Telephone No.*    **(312) 912-4409**
_____

Probation                   Telephone No.
Officer:    **Eric Hildreth**      **(612) 543-2082**

**ORDER OF ARREST AND
DETENTION**

Felony

CT 1: Threats of Violence - Reckless Disregard Risk

A copy of this Order for Arrest and Detention has been
duly signed and filed with the Court Administrator of
the Hennepin County District Court.

*Copy of this order served on defendant on*          / /

**By** _____
                          *Deputy Sheriff*

---

☐ **Interstate Compact Offender**
   Offender Waiver of Extradition Signed

Page **2** of **2**          *27-CR-20-1893.05/16/2023.64.0442.2*

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 344**

**Case No. 27-CR-21-17008**
State of MN vs NICOLLE LYNN FAWCETT
Filing Type:   ·Probation Violation Warrant·
Filing Date:   **2024-01-04**
MCRO_27-CR-21-17008_Probation Violation Warrant_2024-01-04_20240430082732.pdf
File Hash:     a25bf855646fc3143ec4f06e1c69aea48f44469673ec5e79e12d6f77e5fbd87b
Page: 1 of 2     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

---

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

State of Minnesota,
                    Plaintiff,

                                                                **ORDER TO APPEAR**

v.
                                                                27-CR-21-17008

Nicolle Lynn Fawcett,
                    Defendant.

---

On 1/4/2024, the Department of Community Corrections and Rehabilitation (DOCCR) filed a Probation Violation Report alleging, under penalty of perjury, Defendant violated the following condition(s) of the stayed sentence:

1.   Failure to maintain contact with probation

The court finds there is probable cause to believe Defendant violated the condition(s) of the stayed sentence, so the stay is revoked pending a final determination.

> To the Hennepin County Sheriff or other person authorized to execute this warrant:
>
> Defendant shall be apprehended, arrested, and brought before a Judge or designee of the District Court without unnecessary delay, and in any event not later than 36 hours after the arrest or as soon as a Judge is available.
>
> ☒  You are hereby commanded to arrest Defendant on any Sunday, legal holiday, or in the nighttime.
> ☐  This warrant may be executed out of state.

☒ **BOOK, MEET-AND-RELEASE WARRANT**
District Court designates and orders DOCCR to meet with Defendant within 36 hours of being booked in the Hennepin County Adult Detention Center, and promptly release Defendant from custody with a Probation Violation Hearing scheduled.

☐ **WARRANT**
District Court orders Defendant to appear before a Judge so a final determination may be made as to whether Defendant violated one or more conditions of the sentence and if any sanction should be imposed.

Bail: _____     ☐   Hold Without Bail

                                                BY THE COURT:

                                                _____
                                                Judge of District Court

Page **1** of **2**                    *27-CR-21-17008.01/04/2024.64.0442.1*

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 345

**Case No. 27-CR-21-17008**
State of MN vs NICOLLE LYNN FAWCETT
Filing Type:   ·Probation Violation Warrant·
Filing Date:   **2024-01-04**
MCRO_27-CR-21-17008_Probation Violation Warrant_2024-01-04_20240430082732.pdf
File Hash:     a25bf855646fc3143ec4f06e1c69aea48f44469673ec5e79e12d6f77e5fbd87b
Page: 2 of 2      [ source file ]        [ .ots timestamp of source file ]        [ pdf signatures ]        [ metadata ]

---

**ADDITIONAL IDENTIFYING INFORMATION**

Height:   _5, 7_          Weight:   _166_
Eyes:     **Green**        Hair:     **Black**


Race:     **White**
Sex:      _Female_


Physical Description:


A.K.A.:

---

WARRANT NO.   _____
MNCIS Case NO.   _27-CR-21-17008_
SILS ID.   _870748_

## STATE OF MINNESOTA
COUNTY OF HENNEPIN

---

### STATE OF MINNESOTA

-vs-

**Nicolle Lynn Fawcett**
                                                      *Defendant*

**7528  110th St W**
*Street Address*

**Bloomington**                          **03/11/1983**
*City*                                    *D.O.B.*

*Telephone No.*      **(952) 698-8925**

Probation Officer:  **Anne**          Telephone No.
**Forsyth-Gillette**                   **(612) 348-7280**

---

### ORDER OF ARREST AND DETENTION

Felony

CT 1: Drugs - 5th Degree - Possess Schedule 1,2,3,4 - Not Small Amount Marijuana

A copy of this Order for Arrest and Detention has been duly signed and filed with the Court Administrator of the Hennepin County District Court.


*Copy of this order served on defendant on*      /  /

**By**      _____
                                    *Deputy Sheriff*

---

☐ **Interstate Compact Offender**
   Offender Waiver of Extradition Signed

Page **2** of **2**                    *27-CR-21-17008.01/04/2024.64.0442.2*

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 346**

**Case No. 27-CR-23-3459**
State of MN vs MUAD ABDULKADIR
Filing Type:    ·Scheduling Order·
Filing Date:    **2024-01-26**
MCRO_27-CR-23-3459_Scheduling Order_2024-01-26_20240430072857.pdf
File Hash:      adbde4f07f430644fcbc8ee609a69f2e5c3bd7a41f847a884d361df8eeea753e
Page: 1 of 2      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

STATE OF MINNESOTA                                           DISTRICT COURT

HENNEPIN COUNTY                                    FOURTH JUDICIAL DISTRICT

---

State of Minnesota,

             Plaintiff,                        **SCHEDULING ORDER**

   v.
                                                   MNCIS No. 27-CR-23-3459
Muad Abdulkadir,

             Defendant.

---

IT IS HEREBY ORDERED:

    1.     A continued omnibus hearing in this matter is set for **February 28, 2024, at 9:30 a.m.**

    2.     Discovery shall be completed no later than **February 26, 2024**. Any discovery not produced by this date may be subject to suppression at trial. Newly discovered or created documents shall be provided to opposing counsel as they are received.

    3.     The defense shall file on or before **March 26, 2024,** any motions to suppress evidence based on constitutional grounds (*Rasmussen* motions). The Court will hear all suppression motions at a single hearing; serial motions are not permitted. ***Rasmussen motions will not be heard on the day of trial. Failure to raise such issues by the date prescribed will result in such issues being deemed waived.*** Any testimony in connection with the motions must be presented at the hearing. ***Parties should plan to file briefs before the hearing and/or to make oral arguments, including to legal authority, following any testimony.*** The court will not set a briefing schedule after the hearing absent good reason.

    4.     Consistent with the deadlines provided in the rules of criminal procedure and, in any case, **by one month before trial**, the parties must file all other motions relating to probable cause, evidentiary issues, discovery, *Spreigl* evidence, relationship evidence, rape shield evidence, constitutional issues, procedural issues, or aggravated sentence. ***Failure to raise these pretrial issues by the date prescribed will result in these issues being deemed waived by the Court.***

    5.     If the parties agree any of said motions may be decided without a hearing, the responding party shall serve and file any responsive pleadings and inform the Court that the matter(s) may be taken under advisement.

    6.     Parties shall timely serve and e-file witness lists. Any additional witnesses must be made known to opposing counsel as soon as reasonably possible, together with a brief description of the witness's expected testimony. Such disclosure may be oral, but a supplemental witness list containing the name of the new witness(es) must be served and e-filed before trial.

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

EXHIBIT ESO-1 | p. 347

**Case No. 27-CR-23-3459**
State of MN vs MUAD ABDULKADIR
Filing Type:   ·Scheduling Order·
Filing Date:   **2024-01-26**
MCRO_27-CR-23-3459_Scheduling Order_2024-01-26_20240430072857.pdf
File Hash:      adbde4f07f430644fcbc8ee609a69f2e5c3bd7a41f847a884d361df8eeea753e
Page: 2 of 2      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

7.      If the parties wish to use a jury questionnaire, the parties shall agree upon and submit a proposed questionnaire to the Court by the **Wednesday prior** to the trial date.

8.      Any extensions or other changes will be made only for good cause shown by written motion supported by affidavit.  Neither a conflict with other court appearances nor agreement of the parties is, by itself, good cause for extension.

9.      When filing documents with the court, all parties shall use e-service or the courtesy copy function of the Minnesota Judicial Branch e-File and Serve system to send copies to the judge of record and her staff (4thJudgeCaligiuriStaff@courts.state.mn.us).

**IT IS SO ORDERED.**

BY THE COURT:

Dated:  January 26, 2024

_____

HILARY LINDELL CALIGIURI
Judge of District Court

**Url 1:** link.storjshare.io/raw/jvngf2da33g6x3koqxbq5cf4tt6a/file/EXHIBIT ESO-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/815b11fa-44ba-4691-b1cd-c4a22b6ca075.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/8c6e14fc-4506-4926-83a9-e4f6c80793ad.pdf
**Url 4:** drive.proton.me/urls/TBG55Q3ZFM#e0bl3BTf35a4

**EXHIBIT ESO-1 | p. 348**