**EXHIBIT NEH-1**

# Find of Fact-Order, Pet Commitment-Dfd Found Incompetent

## 2020-05-08        Minnesota Fourth Judicial District Court,  Case No. 27-CR-17-1555

---

## DOCUMENT METADATA

| | |
|---|---|
| File: | 27-CR-17-1555_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2020-05-08.pdf |
| File Size: | 427 KiB |
| Author: | **Nehring, Alisha; Nehring; Alisha** |
| Create Date: | 2020:05:08 15:43:00-05:00 |
| Modify Date: | 2024:04:30 09:35:50-05:00 |
| XMP Toolkit: | Adobe XMP Core 5.1.0-jc003 |
| Creator Tool: | Microsoft® Word 2013 |
| Metadata Date: | 2020:05:08 16:48:21-05:00 |
| Producer: | Microsoft® Word 2013; modified using iText® 7.1.16 ©2000-2021 iText Group NV (Minnesota Judicial Branch; licensed version) |
| Document ID: | uuid:334a7afa-680e-4938-800b-76e3ebe38366 |
| Instance ID: | uuid:e0001e01-fe68-40ce-b6cf-c63026c64057 |
| Creator: | **Nehring, Alisha, Nehring, Alisha** |
| Page Count: | 7 |

---

## DOCUMENT DIGITAL SIGNATURES

**Signature #1:**

Signer Certificate Common Name: **Minnesota Court Records Online (MCRO) Watermark**

Signer full Distinguished Name: **CN=Minnesota Court Records Online (MCRO) Watermark,O=State of MN Judicial Branch**

Signing Time: **Apr 30 2024 09:35:50**

Signing Hash Algorithm: SHA-256

Signature Type: adbe.pkcs7.detached

Signed Ranges: [0 - 415431], [431817 - 437107]

**Total document signed**

Signature Validation: **SIGNATURE IS VALID**

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 1**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

**Case No. 27-CR-17-1555**
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:   ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:   **2020-05-08**
27-CR-17-1555_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2020-05-08.pdf
File Hash:   fc424bd30661ee32c496266db3d0ab7359e23bd2f9fd1c7b859f8bc02b119e90
Page: 1 of 7      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

27-CR-17-1555

Filed in District Court
State of Minnesota
5/8/2020 3:50 PM

State of Minnesota

District Court

County of Hennepin

Fourth Judicial District

Judge Lisa K. Janzen
Case Type: Criminal

State of Minnesota,
    Plaintiff,

**FINDINGS OF FACT AND
CONCLUSIONS OF LAW
REGARDING DEFENDANT'S
COMPETENCY TO PROCEED**

v.

Adrian Wesley,
    Defendant.

Case Numbers: 27-CR-17-1555
27-CR-17-22909
27-CR-17-8342

The above-entitled matter came before Lisa K. Janzen, Judge of District Court, on February 10, 2020, for an evidentiary hearing upon the Defense's objection to the competency opinion rendered by Dr. Jason Lewis, dated October 1, 2019.  Amy Blagoev, Assistant Hennepin County Attorney, appeared for the State.  Julius Nolen, appeared on behalf of the defendant who was personally present.  Dr. Jason Lewis, PhD, LP, of State Operated Forensic Services testified and the court received his report dated October 1, 2019 and his Curriculum Vitae as exhibits.  The court also took judicial notice of the five previous rule 20.01 evaluations filed in the case.  The court took the matter under advisement on February 10, 2020. Based upon the arguments presented and all the files and records herein, the Court orders as follows:

1.  Defendant is **INCOMPETENT** to proceed.

**FINDINGS AND CONCLUSIONS**

Rule 20.01 of the Minnesota Rules of Criminal Procedure requires the court to find that the defendant is not competent unless the greater weight of the evidence shows that the defendant is competent. Minn.R.Crim.P. Rule 20.01, subd. 5 (c). A defendant is not competent if, due to mental illness or cognitive impairment he is unable to "(a) rationally consult with counsel or (b) understand the proceedings or participate in the defense." *Id.*, subd. 2.   The determination of whether a defendant is able

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 2**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

Case No. 27-CR-17-1555
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:   ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:   **2020-05-08**
27-CR-17-1555_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2020-05-08.pdf
File Hash:   fc424bd30661ee32c496266db3d0ab7359e23bd2f9fd1c7b859f8bc02b119e90
Page: 2 of 7      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

27-CR-17-1555

Filed in District Court
State of Minnesota
5/8/2020 3:50 PM

to rationally consult with the defense attorney or understand and participate in the proceedings turns on the facts of each particular case.

Mr. Wesley has been charged in file 27-CR-17-1555 with one count of Criminal Sexual Conduct in the 2nd Degree arising from an incident alleged to have occurred on January 15, 2017. He is also charged in file 27-CR-17-22909 with one count of Assault in the 4th Degree from an incident alleged to have occurred on July 14, 2017.   Finally, he is charged in file 27-CR-17-8342 with one count of Criminal Damage to Property in the First Degree for an incident alleged to have occurred on March 5, 2017.  On January 20, 2017 Judge Jay Quam found probable cause on file 27-CR-17-1555 and ordered that a Rule 20.01 evaluation be completed. Dr. Kristen A. Otte, Psy.D. LP of Hennepin Psychological Services was assigned to complete the first 20.01 evaluation of the defendant. She filed her report on February 17, 2017.  Dr. Otte opined that Mr. Wesley was incompetent and provided the following diagnoses:

1. Other Specified Neurodevelopmental Disorder (Associated with Prenatal Alcohol Exposure, formerly referred to as Fetal Alcohol Syndrome).
2. Intellectual Disability, Moderate
3. Unspecified Depressive Disorder

Dr. Otte indicated further information was required to determine whether Mr. Wesley met the diagnostic criteria for a psychotic disorder.

Dr. Otte noted Mr. Wesley's clinical presentation is complex due to his long standing and well-documented history of neurodevelopmental deficits and intellectual disabilities which contribute to problems with emotion regulation and behavioral control as well as his ability to communicate effectively about his thoughts and emotions.  Mr. Wesley demonstrates a history of aggression and impulse control as well as sexually inappropriate behavior.  Dr. Otte noted these issues are further compounded by his hearing impairment and that he requires the use of ASL interpreters to communicate and participate in evaluation interviews.  Mr. Wesley's deficits are due to drug and alcohol exposure in-utero. Due to maternal abuse and neglect he was removed from his mother's care.  His hearing loss is due to recurrent and untreated ear infections.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 3**

**Case No. 27-CR-17-1555**
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type: ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date: **2020-05-08**
27-CR-17-1555_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2020-05-08.pdf
File Hash: fc424bd30661ee32c496266db3d0ab7359e23bd2f9fd1c7b859f8bc02b119e90
Page: 3 of 7 [ source file ] [ .ots timestamp of source file ] [ pdf signatures ] [ metadata ]

27-CR-17-1555

Filed in District Court
State of Minnesota
5/8/2020 3:50 PM

Dr. Otte indicated in her evaluation that Mr. Wesley's impairments result in significant deficits in planning and decision-making, reasoning, problem-solving, abstract thinking, emotion regulation, adaptive functioning and self-care. She opined that the deficits associated with his neurodevelopmental disorder and intellectual disability significantly interfere with his competency-related functioning. Dr. Otte opined that his prognosis for maintaining the requisite competency-related abilities is exceedingly poor. She noted his deficits and disabilities are chronic and long standing despite a long history of intensive support and intervention and wrote, "There is little likelihood that Mr. Wesley would be restored to competency in the foreseeable future."

On February 21, 2017, Judge Carolina Lamas entered findings of incompetency on all three of Mr. Wesley's files and referred him for screening for civil commitment. He was subsequently committed as Developmentally Disabled and Mentally Ill and Dangerous. The Department of Human Services placed him in the Minnesota Security Hospital - St. Peter where he continues to reside as a patient. Subsequently he has undergone four additional forensic evaluations conducted by Dr. Jason Lewis of State Operated Forensic Services. In each of the four subsequent evaluations, Dr. Lewis opined that Mr. Wesley was incompetent. Additionally, Dr. Lewis included a diagnoses of Unspecified Schizophrenia Spectrum and Psychotic Disorder.

In the most recent Rule 20.01 evaluation, filed on October 1, 2019, Dr. Lewis filed a report opining that Mr. Wesley has been restored to competency. Dr. Lewis noted that Mr. Wesley is psychiatrically stable and has been psychiatrically stable for the last couple evaluations. Dr. Lewis indicated Mr. Wesley demonstrates a lack of ongoing psychosis, he is alert, and his memory and thought processes are intact. Thus, Mr. Wesley's mental illness is not currently interfering significantly with competency issues. The questions the court must determine is whether Mr. Wesley's chronic cognitive deficits render him incompetent.

Dr. Lewis is a forensic examiner for State Operated Forensic Services and was previously the Clinical Director of the Competency Restoration Program. He testified that the Competency Restoration Program focuses on educating patients about the criminal legal process, including the roles of the parties in

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

**Case No. 27-CR-17-1555**
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:    ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:    **2020-05-08**
27-CR-17-1555_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2020-05-08.pdf
File Hash:    fc424bd30661ee32c496266db3d0ab7359e23bd2f9fd1c7b859f8bc02b119e90
Page: 4 of 7      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

27-CR-17-1555

Filed in District Court
State of Minnesota
5/8/2020 3:50 PM

the legal system, the trial process and possible sentences.  They also discuss the evidence and facts in each patient's case.  The goal is for the patients to understand the legal process sufficiently to be able to rationally consult with counsel and to be able to participate in their defense.  The program consists of group class sessions and uses an assessment tool, consisting of one-hundred questions about the criminal process, to assist with a competency determination.

At the evidentiary hearing Dr. Lewis testified that the main factor he considered in his opinion that Mr. Wesley has been restored to competency was that Mr. Wesley had recently demonstrated an increased knowledge of legal concepts and facts related to his charges.  Dr. Lewis testified the hospital had recently increased the frequency of Mr. Wesley's competency restoration sessions as compared to the prior evaluation review period.  Dr. Lewis testified that Mr. Wesley is now able to discuss the evidence, facts and possible sentences of each of his cases individually.  This is consistent with the restoration program's records which show substantial progress being made in the restoration groups he has been participating in.  Dr. Lewis testified regarding Mr. Wesley's recent performance on the assessment tool. Below are examples of questions and responses given by Mr. Wesley noted during the hearing.

1. When asked whether he is obligated to accept a plea bargain Mr. Wesley responded, "Defendants have to take a plea bargain".  Dr. Lewis testified he did consider this significant as it relates to competency.

2. Mr. Wesley was unable to understand the difference between a sentence to jail and a prison sentence.  Dr. Lewis testified he did not consider this significant.

3. When asked to explain what not guilty by reason of mental illness means Mr. Wesley responded, "Maybe I did it but they are going to drop the charges".  Dr. Wesley testified this response is inadequate but not significant.

4. Mr. Wesley was able to identify six basis rights rudimentarily.

5. Mr. Wesley answered one question, "If I plead not guilty the charge will be dropped".

6. Mr. Wesley was not able to answer some questions without being given clues and took a significant amount of time to answer many questions.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 5**

Case No. 27-CR-17-1555
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:   ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:   **2020-05-08**
27-CR-17-1555_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2020-05-08.pdf
File Hash:     fc424bd30661ee32c496266db3d0ab7359e23bd2f9fd1c7b859f8bc02b119e90
Page: 5 of 7      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

27-CR-17-1555

Filed in District Court
State of Minnesota
5/8/2020 3:50 PM

Dr. Lewis agreed that Mr. Wesley still demonstrates some deficits as it relates to competency, but that based on the totality of the data he is now able to communicate rationally with counsel and participate in his defense, with the caveat that defense counsel is encouraged to use simple language to explain the legal concepts and to identify multiple ways to describe complicated legal concepts.  Dr. Lewis wrote, "Put another way, the 'legalese' that a layman with no mental illness or intellectual deficits would find confusing will be particularly challenging for Mr. Wesley, but he has demonstrated the ability to participate meaningfully in his defense when the discourse is simplified."   Dr. Lewis also made an additional recommendation that the sign language interpreter have a CDI certification, which means that the interpreter is also deaf and familiar with deaf culture.  This type of interpreter is considered more able to accurately interpret and communicate.  Dr. Lewis testified that the last time he met with Mr. Wesley was in September but that the notes he reviewed regarding progress between October and February indicated he has not decompensated.  He also testified that if Mr. Wesley were to stop taking the competency restoration classes he would likely regress to incompetency.

At the evidentiary hearing attorney Susan Herlofsky testified that she is not the attorney of record for Mr. Wesley, but works at the public defender office with assigned counsel, Julius Nolen.  She met with Mr. Wesley and assigned counsel prior to the hearing and sat at counsel table during the hearing.  She testified in their conversation prior to the hearing Mr. Wesley did not understand what a trial was and was unable to understand the difference between a trial by jury and a court trial.  He told defense counsel that he was proud that he "passed the test" at St. Peter hospital.  Ms. Herlofsky testified at the end of the evidentiary hearing and stated that during the evidentiary hearing Mr. Wesley did not appear to understand the proceedings, had been unable to consult with counsel rationally or answer specific questions that counsel asked of him.

Based on the totality of the above noted facts, the court finds that the greater weight of the evidence demonstrates Mr. Wesley is not able to rationally consult with counsel or participate in his defense.  While Mr. Wesley has demonstrated a basic understanding of the facts of his case and the legal process during his competency classes, this understanding appears to be rudimentary and fleeting.  The court does not find

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 6**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

**Case No. 27-CR-17-1555**
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:   ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:   **2020-05-08**
27-CR-17-1555_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2020-05-08.pdf
File Hash:   fc424bd30661ee32c496266db3d0ab7359e23bd2f9fd1c7b859f8bc02b119e90
Page: 6 of 7      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

that this evidence demonstrates a cognitive ability to understand the legal concepts. Rather, it appears Mr. Wesley has been able to memorize definitions and terms due to repetition as a result of the high frequency of the competency classes he attends. This finding is further supported by Dr. Lewis's testimony that if Mr. Wesley were to discontinue competency restoration classes, he would likely soon regress to incompetency.

In order to rationally consult with counsel and participate in his defense, a defendant must have the cognitive ability, after consulting with counsel, to make important decisions about whether to accept a plea bargain, whether to have a jury or court trial and whether or not to testify. These decisions regarding the waiver of constitutional rights must be made by a defendant himself, after consulting with counsel. The defendant's attorney may not make these decisions for a defendant. While it appears Mr. Wesley now understands that he must behave properly in a courtroom setting and that he should follow the advice of counsel, simply indicating that he will "behave" in the courtroom and do what his lawyers tell him to do not establish that he is competent. His lack of understanding about whether he must accept a plea bargain and the difference between jail and prison is evidence that he is unable to participate in his defense. As noted by the psychologists, his cognitive impairments significantly interfere with his reasoning and decision making abilities. Most importantly, defense counsel's testimony that during the evidentiary hearing he demonstrated a lack of understanding about what a trial was and did not have the ability to consult with counsel or participate in his defense solidifies the court's conclusion that Mr. Wesley is incompetent.

Finally, it is important to take into consideration the recommendations of Dr. Lewis regarding suggested accommodations that can be made to assist Mr. Wesley in understanding the proceedings. Dr. Lewis indicates that Mr. Wesley does not have the ability to understand the "legalese" that a typical layman defendant would comprehend. His suggestion that defense counsel allot more time than customary, use simple language and explain legal concepts in multiple ways is prudent and the court does believe that defense counsel can implement these strategies. However, under the facts of Mr. Wesley's case, the court does not find that these accommodations are sufficient to render an otherwise incompetent defendant competent. Slowing down a legal proceeding by pausing or recessing to allow defense counsel to explain

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 7**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

**Case No. 27-CR-17-1555**
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:    ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:    **2020-05-08**
27-CR-17-1555_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2020-05-08.pdf
File Hash:     fc424bd30661ee32c496266db3d0ab7359e23bd2f9fd1c7b859f8bc02b119e90
Page: 7 of 7    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

27-CR-17-1555

Filed in District Court
State of Minnesota
5/8/2020 3:50 PM

every process, objection, argument or term used in witness testimony will not be sufficient to allow Mr. Wesley to comprehend the process, rationally consult with counsel and participate in his own defense.  Dr. Lewis noted in his April 2019 evaluation that "if his competence-related deficits are primarily the result of intellectual deficits, his prognosis is likely to be poor."  The court finds that his competency related deficits are the result of his intellectual deficits.  Although his factual understanding of his charges and the legal process has improved due to competency classes, the greater weight of the evidence does not establish that he has the rational ability to consult with counsel regarding trial strategy, make decisions regarding the waiver of constitutional rights and plea negotiations or otherwise participate in his defense.

The state has not met its burden of proving, by greater weight of the evidence that Mr. Wesley is competent.  Therefore the court finds that the defendant, Mr. Wesley, is **INCOMPETENT**.

LKJ

By the Court:

Dated: 5/8/2020

_____

Lisa K. Janzen
Judge of District Court

Url 1: link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
Url 4: drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 8**

# Find of Fact-Order, Pet Commitment-Dfd Found Incompetent

## 2020-05-08        Minnesota Fourth Judicial District Court,  Case No. 27-CR-17-8342

---

## DOCUMENT METADATA

| | |
|---|---|
| File: | 27-CR-17-8342_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2020-05-08.pdf |
| File Size: | 427 KiB |
| Author: | **Nehring, Alisha; Nehring; Alisha** |
| Create Date: | 2020:05:08 15:43:00-05:00 |
| Modify Date: | 2024:04:30 09:36:44-05:00 |
| XMP Toolkit: | Adobe XMP Core 5.1.0-jc003 |
| Creator Tool: | Microsoft® Word 2013 |
| Metadata Date: | 2020:05:08 16:56:47-05:00 |
| Producer: | Microsoft® Word 2013; modified using iText® 7.1.16 ©2000-2021 iText Group NV (Minnesota Judicial Branch; licensed version) |
| Document ID: | uuid:334a7afa-680e-4938-800b-76e3ebe38366 |
| Instance ID: | uuid:882353f7-36f6-476d-a03e-9b08f16b0790 |
| Creator: | **Nehring, Alisha, Nehring, Alisha** |
| Page Count: | 7 |

---

## DOCUMENT DIGITAL SIGNATURES

**Signature #1:**

Signer Certificate Common Name: **Minnesota Court Records Online (MCRO) Watermark**

Signer full Distinguished Name: **CN=Minnesota Court Records Online (MCRO) Watermark,O=State of MN Judicial Branch**

Signing Time: **Apr 30 2024 09:36:44**

Signing Hash Algorithm: SHA-256

Signature Type: adbe.pkcs7.detached

Signed Ranges: [0 - 415441], [431827 - 437115]

**Total document signed**

Signature Validation: **SIGNATURE IS VALID**

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 9**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

Case No. 27-CR-17-8342
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:   ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:   **2020-05-08**
27-CR-17-8342_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2020-05-08.pdf
File Hash:   ecd56ec1ab1637d9c83c6687b69bd914180df20c67175c0b33dce4fc8a79271c
Page: 1 of 7      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

27-CR-17-8342

Filed in District Court
State of Minnesota
5/8/2020 3:54 PM

State of Minnesota

District Court

County of Hennepin

Fourth Judicial District

State of Minnesota,
    Plaintiff,

v.

Adrian Wesley,
    Defendant.

Judge Lisa K. Janzen
Case Type: Criminal

**FINDINGS OF FACT AND
CONCLUSIONS OF LAW
REGARDING DEFENDANT'S
COMPETENCY TO PROCEED**

Case Numbers: 27-CR-17-1555
27-CR-17-22909
27-CR-17-8342

The above-entitled matter came before Lisa K. Janzen, Judge of District Court, on February 10, 2020, for an evidentiary hearing upon the Defense's objection to the competency opinion rendered by Dr. Jason Lewis, dated October 1, 2019.  Amy Blagoev, Assistant Hennepin County Attorney, appeared for the State.  Julius Nolen, appeared on behalf of the defendant who was personally present.  Dr. Jason Lewis, PhD, LP, of State Operated Forensic Services testified and the court received his report dated October 1, 2019 and his Curriculum Vitae as exhibits.  The court also took judicial notice of the five previous rule 20.01 evaluations filed in the case.  The court took the matter under advisement on February 10, 2020. Based upon the arguments presented and all the files and records herein, the Court orders as follows:

    1.   Defendant is **INCOMPETENT** to proceed.

**FINDINGS AND CONCLUSIONS**

Rule 20.01 of the Minnesota Rules of Criminal Procedure requires the court to find that the defendant is not competent unless the greater weight of the evidence shows that the defendant is competent. Minn.R.Crim.P. Rule 20.01, subd. 5 (c). A defendant is not competent if, due to mental illness or cognitive impairment he is unable to "(a) rationally consult with counsel or (b) understand the proceedings or participate in the defense." *Id.*, subd. 2.   The determination of whether a defendant is able

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

EXHIBIT NEH-1 | p. 10

**Case No. 27-CR-17-8342**
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:   ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:   **2020-05-08**
27-CR-17-8342_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2020-05-08.pdf
File Hash:   ecd56ec1ab1637d9c83c6687b69bd914180df20c67175c0b33dce4fc8a79271c
Page: 2 of 7      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

27-CR-17-8342

Filed in District Court
State of Minnesota
5/8/2020 3:54 PM

to rationally consult with the defense attorney or understand and participate in the proceedings turns on the facts of each particular case.

Mr. Wesley has been charged in file 27-CR-17-1555 with one count of Criminal Sexual Conduct in the 2nd Degree arising from an incident alleged to have occurred on January 15, 2017. He is also charged in file 27-CR-17-22909 with one count of Assault in the 4th Degree from an incident alleged to have occurred on July 14, 2017.   Finally, he is charged in file 27-CR-17-8342 with one count of Criminal Damage to Property in the First Degree for an incident alleged to have occurred on March 5, 2017.  On January 20, 2017 Judge Jay Quam found probable cause on file 27-CR-17-1555 and ordered that a Rule 20.01 evaluation be completed. Dr. Kristen A. Otte, Psy.D. LP of Hennepin Psychological Services was assigned to complete the first 20.01 evaluation of the defendant. She filed her report on February 17, 2017.  Dr. Otte opined that Mr. Wesley was incompetent and provided the following diagnoses:

1. Other Specified Neurodevelopmental Disorder (Associated with Prenatal Alcohol Exposure, formerly referred to as Fetal Alcohol Syndrome).
2. Intellectual Disability, Moderate
3. Unspecified Depressive Disorder

Dr. Otte indicated further information was required to determine whether Mr. Wesley met the diagnostic criteria for a psychotic disorder.

Dr. Otte noted Mr. Wesley's clinical presentation is complex due to his long standing and well-documented history of neurodevelopmental deficits and intellectual disabilities which contribute to problems with emotion regulation and behavioral control as well as his ability to communicate effectively about his thoughts and emotions.  Mr. Wesley demonstrates a history of aggression and impulse control as well as sexually inappropriate behavior.  Dr. Otte noted these issues are further compounded by his hearing impairment and that he requires the use of ASL interpreters to communicate and participate in evaluation interviews.  Mr. Wesley's deficits are due to drug and alcohol exposure in-utero. Due to maternal abuse and neglect he was removed from his mother's care.  His hearing loss is due to recurrent and untreated ear infections.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

Case No. 27-CR-17-8342
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:   ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:   **2020-05-08**
27-CR-17-8342_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2020-05-08.pdf
File Hash:    ecd56ec1ab1637d9c83c6687b69bd914180df20c67175c0b33dce4fc8a79271c
Page: 3 of 7      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

27-CR-17-8342

Filed in District Court
State of Minnesota
5/8/2020 3:54 PM

Dr. Otte indicated in her evaluation that Mr. Wesley's impairments result in significant deficits in planning and decision-making, reasoning, problem-solving, abstract thinking, emotion regulation, adaptive functioning and self-care. She opined that the deficits associated with his neurodevelopmental disorder and intellectual disability significantly interfere with his competency-related functioning. Dr. Otte opined that his prognosis for maintaining the requisite competency-related abilities is exceedingly poor. She noted his deficits and disabilities are chronic and long standing despite a long history of intensive support and intervention and wrote, "There is little likelihood that Mr. Wesley would be restored to competency in the foreseeable future."

On February 21, 2017, Judge Carolina Lamas entered findings of incompetency on all three of Mr. Wesley's files and referred him for screening for civil commitment. He was subsequently committed as Developmentally Disabled and Mentally Ill and Dangerous. The Department of Human Services placed him in the Minnesota Security Hospital - St. Peter where he continues to reside as a patient. Subsequently he has undergone four additional forensic evaluations conducted by Dr. Jason Lewis of State Operated Forensic Services. In each of the four subsequent evaluations, Dr. Lewis opined that Mr. Wesley was incompetent. Additionally, Dr. Lewis included a diagnoses of Unspecified Schizophrenia Spectrum and Psychotic Disorder.

In the most recent Rule 20.01 evaluation, filed on October 1, 2019, Dr. Lewis filed a report opining that Mr. Wesley has been restored to competency. Dr. Lewis noted that Mr. Wesley is psychiatrically stable and has been psychiatrically stable for the last couple evaluations. Dr. Lewis indicated Mr. Wesley demonstrates a lack of ongoing psychosis, he is alert, and his memory and thought processes are intact. Thus, Mr. Wesley's mental illness is not currently interfering significantly with competency issues. The questions the court must determine is whether Mr. Wesley's chronic cognitive deficits render him incompetent.

Dr. Lewis is a forensic examiner for State Operated Forensic Services and was previously the Clinical Director of the Competency Restoration Program. He testified that the Competency Restoration Program focuses on educating patients about the criminal legal process, including the roles of the parties in

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

EXHIBIT NEH-1 | p. 12

Case No. 27-CR-17-8342
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:   ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:   **2020-05-08**
27-CR-17-8342_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2020-05-08.pdf
File Hash:   ecd56ec1ab1637d9c83c6687b69bd914180df20c67175c0b33dce4fc8a79271c
Page: 4 of 7     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

27-CR-17-8342

the legal system, the trial process and possible sentences.  They also discuss the evidence and facts in each patient's case.  The goal is for the patients to understand the legal process sufficiently to be able to rationally consult with counsel and to be able to participate in their defense.  The program consists of group class sessions and uses an assessment tool, consisting of one-hundred questions about the criminal process, to assist with a competency determination.

At the evidentiary hearing Dr. Lewis testified that the main factor he considered in his opinion that Mr. Wesley has been restored to competency was that Mr. Wesley had recently demonstrated an increased knowledge of legal concepts and facts related to his charges.  Dr. Lewis testified the hospital had recently increased the frequency of Mr. Wesley's competency restoration sessions as compared to the prior evaluation review period.  Dr. Lewis testified that Mr. Wesley is now able to discuss the evidence, facts and possible sentences of each of his cases individually.  This is consistent with the restoration program's records which show substantial progress being made in the restoration groups he has been participating in.  Dr. Lewis testified regarding Mr. Wesley's recent performance on the assessment tool. Below are examples of questions and responses given by Mr. Wesley noted during the hearing.

1. When asked whether he is obligated to accept a plea bargain Mr. Wesley responded, "Defendants have to take a plea bargain".  Dr. Lewis testified he did consider this significant as it relates to competency.

2. Mr. Wesley was unable to understand the difference between a sentence to jail and a prison sentence.  Dr. Lewis testified he did not consider this significant.

3. When asked to explain what not guilty by reason of mental illness means Mr. Wesley responded, "Maybe I did it but they are going to drop the charges".  Dr. Wesley testified this response is inadequate but not significant.

4. Mr. Wesley was able to identify six basis rights rudimentarily.

5. Mr. Wesley answered one question, "If I plead not guilty the charge will be dropped".

6. Mr. Wesley was not able to answer some questions without being given clues and took a significant amount of time to answer many questions.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**Case No. 27-CR-17-8342**
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:  ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:  **2020-05-08**
27-CR-17-8342_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2020-05-08.pdf
File Hash:  ecd56ec1ab1637d9c83c6687b69bd914180df20c67175c0b33dce4fc8a79271c
Page: 5 of 7  [ source file ]  [ .ots timestamp of source file ]  [ pdf signatures ]  [ metadata ]

27-CR-17-8342

Dr. Lewis agreed that Mr. Wesley still demonstrates some deficits as it relates to competency, but that based on the totality of the data he is now able to communicate rationally with counsel and participate in his defense, with the caveat that defense counsel is encouraged to use simple language to explain the legal concepts and to identify multiple ways to describe complicated legal concepts. Dr. Lewis wrote, "Put another way, the 'legalese' that a layman with no mental illness or intellectual deficits would find confusing will be particularly challenging for Mr. Wesley, but he has demonstrated the ability to participate meaningfully in his defense when the discourse is simplified." Dr. Lewis also made an additional recommendation that the sign language interpreter have a CDI certification, which means that the interpreter is also deaf and familiar with deaf culture. This type of interpreter is considered more able to accurately interpret and communicate. Dr. Lewis testified that the last time he met with Mr. Wesley was in September but that the notes he reviewed regarding progress between October and February indicated he has not decompensated. He also testified that if Mr. Wesley were to stop taking the competency restoration classes he would likely regress to incompetency.

At the evidentiary hearing attorney Susan Herlofsky testified that she is not the attorney of record for Mr. Wesley, but works at the public defender office with assigned counsel, Julius Nolen. She met with Mr. Wesley and assigned counsel prior to the hearing and sat at counsel table during the hearing. She testified in their conversation prior to the hearing Mr. Wesley did not understand what a trial was and was unable to understand the difference between a trial by jury and a court trial. He told defense counsel that he was proud that he "passed the test" at St. Peter hospital. Ms. Herlofsky testified at the end of the evidentiary hearing and stated that during the evidentiary hearing Mr. Wesley did not appear to understand the proceedings, had been unable to consult with counsel rationally or answer specific questions that counsel asked of him.

Based on the totality of the above noted facts, the court finds that the greater weight of the evidence demonstrates Mr. Wesley is not able to rationally consult with counsel or participate in his defense. While Mr. Wesley has demonstrated a basic understanding of the facts of his case and the legal process during his competency classes, this understanding appears to be rudimentary and fleeting. The court does not find

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 14**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

**Case No. 27-CR-17-8342**
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:     ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:     **2020-05-08**
27-CR-17-8342_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2020-05-08.pdf
File Hash:     ecd56ec1ab1637d9c83c6687b69bd914180df20c67175c0b33dce4fc8a79271c
Page: 6 of 7     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

27-CR-17-8342

that this evidence demonstrates a cognitive ability to understand the legal concepts. Rather, it appears Mr. Wesley has been able to memorize definitions and terms due to repetition as a result of the high frequency of the competency classes he attends. This finding is further supported by Dr. Lewis's testimony that if Mr. Wesley were to discontinue competency restoration classes, he would likely soon regress to incompetency.

In order to rationally consult with counsel and participate in his defense, a defendant must have the cognitive ability, after consulting with counsel, to make important decisions about whether to accept a plea bargain, whether to have a jury or court trial and whether or not to testify. These decisions regarding the waiver of constitutional rights must be made by a defendant himself, after consulting with counsel. The defendant's attorney may not make these decisions for a defendant. While it appears Mr. Wesley now understands that he must behave properly in a courtroom setting and that he should follow the advice of counsel, simply indicating that he will "behave" in the courtroom and do what his lawyers tell him to do not establish that he is competent. His lack of understanding about whether he must accept a plea bargain and the difference between jail and prison is evidence that he is unable to participate in his defense. As noted by the psychologists, his cognitive impairments significantly interfere with his reasoning and decision making abilities. Most importantly, defense counsel's testimony that during the evidentiary hearing he demonstrated a lack of understanding about what a trial was and did not have the ability to consult with counsel or participate in his defense solidifies the court's conclusion that Mr. Wesley is incompetent.

Finally, it is important to take into consideration the recommendations of Dr. Lewis regarding suggested accommodations that can be made to assist Mr. Wesley in understanding the proceedings. Dr. Lewis indicates that Mr. Wesley does not have the ability to understand the "legalese" that a typical layman defendant would comprehend. His suggestion that defense counsel allot more time than customary, use simple language and explain legal concepts in multiple ways is prudent and the court does believe that defense counsel can implement these strategies. However, under the facts of Mr. Wesley's case, the court does not find that these accommodations are sufficient to render an otherwise incompetent defendant competent. Slowing down a legal proceeding by pausing or recessing to allow defense counsel to explain

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

EXHIBIT NEH-1 | p. 15

**Case No. 27-CR-17-8342**
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:   ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:   **2020-05-08**
27-CR-17-8342_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2020-05-08.pdf
File Hash:   ecd56ec1ab1637d9c83c6687b69bd914180df20c67175c0b33dce4fc8a79271c
Page: 7 of 7     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

27-CR-17-8342

Filed in District Court
State of Minnesota
5/8/2020 3:54 PM

every process, objection, argument or term used in witness testimony will not be sufficient to allow Mr.

Wesley to comprehend the process, rationally consult with counsel and participate in his own defense.   Dr.

Lewis noted in his April 2019 evaluation that "if his competence-related deficits are primarily the result of

intellectual deficits, his prognosis is likely to be poor."  The court finds that his competency related deficits

are the result of his intellectual deficits.  Although his factual understanding of his charges and the legal

process has improved due to competency classes, the greater weight of the evidence does not establish that

he has the rational ability to consult with counsel regarding trial strategy, make decisions regarding the

waiver of constitutional rights and plea negotiations or otherwise participate in his defense.

The state has not met its burden of proving, by greater weight of the evidence that Mr. Wesley is

competent.  Therefore the court finds that the defendant, Mr. Wesley, is **INCOMPETENT**.

LKJ

By the Court:

Dated: 5/8/2020

_____
Lisa K. Janzen
Judge of District Court

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

# Find of Fact-Order, Pet Commitment-Dfd Found Incompetent

## 2020-05-08        Minnesota Fourth Judicial District Court,  Case No. 27-CR-17-22909

---

## DOCUMENT METADATA

| | |
|---|---|
| File: | 27-CR-17-22909_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2020-05-08.pdf |
| File Size: | 427 KiB |
| Author: | **Nehring, Alisha; Nehring; Alisha** |
| Create Date: | 2020:05:08 15:43:00-05:00 |
| Modify Date: | 2024:04:30 09:37:26-05:00 |
| XMP Toolkit: | Adobe XMP Core 5.1.0-jc003 |
| Creator Tool: | Microsoft® Word 2013 |
| Metadata Date: | 2020:05:08 16:53:56-05:00 |
| Producer: | Microsoft® Word 2013; modified using iText® 7.1.16 ©2000-2021 iText Group NV (Minnesota Judicial Branch; licensed version) |
| Document ID: | uuid:334a7afa-680e-4938-800b-76e3ebe38366 |
| Instance ID: | uuid:de2e7946-bb0d-41b0-9946-0e8a8aa7777d |
| Creator: | **Nehring, Alisha, Nehring, Alisha** |
| Page Count: | 7 |

---

## DOCUMENT DIGITAL SIGNATURES

**Signature #1:**

Signer Certificate Common Name: **Minnesota Court Records Online (MCRO) Watermark**

Signer full Distinguished Name: **CN=Minnesota Court Records Online (MCRO) Watermark,O=State of MN Judicial Branch**

Signing Time: **Apr 30 2024 09:37:26**

Signing Hash Algorithm: SHA-256

Signature Type: adbe.pkcs7.detached

Signed Ranges: [0 - 415448], [431834 - 437121]

**Total document signed**

Signature Validation: **SIGNATURE IS VALID**

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 17**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

**Case No. 27-CR-17-22909**
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:  ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:  **2020-05-08**
27-CR-17-22909_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2020-05-08.pdf
File Hash:  3b5f8a84d16dad91eb65567c426df0c0d1959b9d29a02a9bfd91e6723f602840
Page: 1 of 7  [ source file ]  [ .ots timestamp of source file ]  [ pdf signatures ]  [ metadata ]

27-CR-17-22909

Filed in District Court
State of Minnesota
5/8/2020 3:52 PM

State of Minnesota

District Court

County of Hennepin

Fourth Judicial District

---

Judge Lisa K. Janzen
Case Type: Criminal

State of Minnesota,
    Plaintiff,

**FINDINGS OF FACT AND
CONCLUSIONS OF LAW
REGARDING DEFENDANT'S
COMPETENCY TO PROCEED**

v.

Adrian Wesley,
    Defendant.

Case Numbers: 27-CR-17-1555
27-CR-17-22909
27-CR-17-8342

---

The above-entitled matter came before Lisa K. Janzen, Judge of District Court, on February 10, 2020, for an evidentiary hearing upon the Defense's objection to the competency opinion rendered by Dr. Jason Lewis, dated October 1, 2019. Amy Blagoev, Assistant Hennepin County Attorney, appeared for the State. Julius Nolen, appeared on behalf of the defendant who was personally present. Dr. Jason Lewis, PhD, LP, of State Operated Forensic Services testified and the court received his report dated October 1, 2019 and his Curriculum Vitae as exhibits. The court also took judicial notice of the five previous rule 20.01 evaluations filed in the case. The court took the matter under advisement on February 10, 2020. Based upon the arguments presented and all the files and records herein, the Court orders as follows:

1. Defendant is **INCOMPETENT** to proceed.

**FINDINGS AND CONCLUSIONS**

Rule 20.01 of the Minnesota Rules of Criminal Procedure requires the court to find that the defendant is not competent unless the greater weight of the evidence shows that the defendant is competent. Minn.R.Crim.P. Rule 20.01, subd. 5 (c). A defendant is not competent if, due to mental illness or cognitive impairment he is unable to "(a) rationally consult with counsel or (b) understand the proceedings or participate in the defense." *Id.*, subd. 2. The determination of whether a defendant is able

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 18**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

**Case No. 27-CR-17-22909**
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:   ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:   **2020-05-08**
27-CR-17-22909_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2020-05-08.pdf
File Hash:   3b5f8a84d16dad91eb65567c426df0c0d1959b9d29a02a9bfd91e6723f602840
Page: 2 of 7   [ source file ]   [ .ots timestamp of source file ]   [ pdf signatures ]   [ metadata ]

27-CR-17-22909

Filed in District Court
State of Minnesota
5/8/2020 3:52 PM

to rationally consult with the defense attorney or understand and participate in the proceedings turns on the facts of each particular case.

Mr. Wesley has been charged in file 27-CR-17-1555 with one count of Criminal Sexual Conduct in the 2nd Degree arising from an incident alleged to have occurred on January 15, 2017. He is also charged in file 27-CR-17-22909 with one count of Assault in the 4th Degree from an incident alleged to have occurred on July 14, 2017.   Finally, he is charged in file 27-CR-17-8342 with one count of Criminal Damage to Property in the First Degree for an incident alleged to have occurred on March 5, 2017.   On January 20, 2017 Judge Jay Quam found probable cause on file 27-CR-17-1555 and ordered that a Rule 20.01 evaluation be completed. Dr. Kristen A. Otte, Psy.D. LP of Hennepin Psychological Services was assigned to complete the first 20.01 evaluation of the defendant. She filed her report on February 17, 2017.  Dr. Otte opined that Mr. Wesley was incompetent and provided the following diagnoses:

1. Other Specified Neurodevelopmental Disorder (Associated with Prenatal Alcohol Exposure, formerly referred to as Fetal Alcohol Syndrome).
2. Intellectual Disability, Moderate
3. Unspecified Depressive Disorder

Dr. Otte indicated further information was required to determine whether Mr. Wesley met the diagnostic criteria for a psychotic disorder.

Dr. Otte noted Mr. Wesley's clinical presentation is complex due to his long standing and well-documented history of neurodevelopmental deficits and intellectual disabilities which contribute to problems with emotion regulation and behavioral control as well as his ability to communicate effectively about his thoughts and emotions.  Mr. Wesley demonstrates a history of aggression and impulse control as well as sexually inappropriate behavior.  Dr. Otte noted these issues are further compounded by his hearing impairment and that he requires the use of ASL interpreters to communicate and participate in evaluation interviews.  Mr. Wesley's deficits are due to drug and alcohol exposure in-utero. Due to maternal abuse and neglect he was removed from his mother's care.  His hearing loss is due to recurrent and untreated ear infections.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 19**

**Case No. 27-CR-17-22909**
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:   ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:   **2020-05-08**
27-CR-17-22909_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2020-05-08.pdf
File Hash:    3b5f8a84d16dad91eb65567c426df0c0d1959b9d29a02a9bfd91e6723f602840
Page: 3 of 7     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

27-CR-17-22909

Filed in District Court
State of Minnesota
5/8/2020 3:52 PM

Dr. Otte indicated in her evaluation that Mr. Wesley's impairments result in significant deficits in planning and decision-making, reasoning, problem-solving, abstract thinking, emotion regulation, adaptive functioning and self-care.  She opined that the deficits associated with his neurodevelopmental disorder and intellectual disability significantly interfere with his competency-related functioning.  Dr. Otte opined that his prognosis for maintaining the requisite competency-related abilities is exceedingly poor.  She noted his deficits and disabilities are chronic and long standing despite a long history of intensive support and intervention and wrote, "There is little likelihood that Mr. Wesley would be restored to competency in the foreseeable future."

On February 21, 2017, Judge Carolina Lamas entered findings of incompetency on all three of Mr. Wesley's files and referred him for screening for civil commitment.  He was subsequently committed as Developmentally Disabled and Mentally Ill and Dangerous.  The Department of Human Services placed him in the Minnesota Security Hospital - St. Peter where he continues to reside as a patient.  Subsequently he has undergone four additional forensic evaluations conducted by Dr. Jason Lewis of State Operated Forensic Services. In each of the four subsequent evaluations, Dr. Lewis opined that Mr. Wesley was incompetent.  Additionally, Dr. Lewis included a diagnoses of Unspecified Schizophrenia Spectrum and Psychotic Disorder.

In the most recent Rule 20.01 evaluation, filed on October 1, 2019, Dr. Lewis filed a report opining that Mr. Wesley has been restored to competency.  Dr. Lewis noted that Mr. Wesley is psychiatrically stable and has been psychiatrically stable for the last couple evaluations.  Dr. Lewis indicated Mr. Wesley demonstrates a lack of ongoing psychosis, he is alert, and his memory and thought processes are intact.  Thus, Mr. Wesley's mental illness is not currently interfering significantly with competency issues.  The questions the court must determine is whether Mr. Wesley's chronic cognitive deficits render him incompetent.

Dr. Lewis is a forensic examiner for State Operated Forensic Services and was previously the Clinical Director of the Competency Restoration Program.   He testified that the Competency Restoration Program focuses on educating patients about the criminal legal process, including the roles of the parties in

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**Case No. 27-CR-17-22909**
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type: ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date: **2020-05-08**
27-CR-17-22909_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2020-05-08.pdf
File Hash: 3b5f8a84d16dad91eb65567c426df0c0d1959b9d29a02a9bfd91e6723f602840
Page: 4 of 7    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

27-CR-17-22909

Filed in District Court
State of Minnesota
5/8/2020 3:52 PM

the legal system, the trial process and possible sentences. They also discuss the evidence and facts in each patient's case. The goal is for the patients to understand the legal process sufficiently to be able to rationally consult with counsel and to be able to participate in their defense. The program consists of group class sessions and uses an assessment tool, consisting of one-hundred questions about the criminal process, to assist with a competency determination.

At the evidentiary hearing Dr. Lewis testified that the main factor he considered in his opinion that Mr. Wesley has been restored to competency was that Mr. Wesley had recently demonstrated an increased knowledge of legal concepts and facts related to his charges. Dr. Lewis testified the hospital had recently increased the frequency of Mr. Wesley's competency restoration sessions as compared to the prior evaluation review period. Dr. Lewis testified that Mr. Wesley is now able to discuss the evidence, facts and possible sentences of each of his cases individually. This is consistent with the restoration program's records which show substantial progress being made in the restoration groups he has been participating in. Dr. Lewis testified regarding Mr. Wesley's recent performance on the assessment tool. Below are examples of questions and responses given by Mr. Wesley noted during the hearing.

1. When asked whether he is obligated to accept a plea bargain Mr. Wesley responded, "Defendants have to take a plea bargain". Dr. Lewis testified he did consider this significant as it relates to competency.

2. Mr. Wesley was unable to understand the difference between a sentence to jail and a prison sentence. Dr. Lewis testified he did not consider this significant.

3. When asked to explain what not guilty by reason of mental illness means Mr. Wesley responded, "Maybe I did it but they are going to drop the charges". Dr. Wesley testified this response is inadequate but not significant.

4. Mr. Wesley was able to identify six basis rights rudimentarily.

5. Mr. Wesley answered one question, "If I plead not guilty the charge will be dropped".

6. Mr. Wesley was not able to answer some questions without being given clues and took a significant amount of time to answer many questions.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 21**

**Case No. 27-CR-17-22909**
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type: ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date: **2020-05-08**
27-CR-17-22909_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2020-05-08.pdf
File Hash: 3b5f8a84d16dad91eb65567c426df0c0d1959b9d29a02a9bfd91e6723f602840
Page: 5 of 7 [ source file ] [ .ots timestamp of source file ] [ pdf signatures ] [ metadata ]

27-CR-17-22909

Dr. Lewis agreed that Mr. Wesley still demonstrates some deficits as it relates to competency, but that based on the totality of the data he is now able to communicate rationally with counsel and participate in his defense, with the caveat that defense counsel is encouraged to use simple language to explain the legal concepts and to identify multiple ways to describe complicated legal concepts. Dr. Lewis wrote, "Put another way, the 'legalese' that a layman with no mental illness or intellectual deficits would find confusing will be particularly challenging for Mr. Wesley, but he has demonstrated the ability to participate meaningfully in his defense when the discourse is simplified." Dr. Lewis also made an additional recommendation that the sign language interpreter have a CDI certification, which means that the interpreter is also deaf and familiar with deaf culture. This type of interpreter is considered more able to accurately interpret and communicate. Dr. Lewis testified that the last time he met with Mr. Wesley was in September but that the notes he reviewed regarding progress between October and February indicated he has not decompensated. He also testified that if Mr. Wesley were to stop taking the competency restoration classes he would likely regress to incompetency.

At the evidentiary hearing attorney Susan Herlofsky testified that she is not the attorney of record for Mr. Wesley, but works at the public defender office with assigned counsel, Julius Nolen. She met with Mr. Wesley and assigned counsel prior to the hearing and sat at counsel table during the hearing. She testified in their conversation prior to the hearing Mr. Wesley did not understand what a trial was and was unable to understand the difference between a trial by jury and a court trial. He told defense counsel that he was proud that he "passed the test" at St. Peter hospital. Ms. Herlofsky testified at the end of the evidentiary hearing and stated that during the evidentiary hearing Mr. Wesley did not appear to understand the proceedings, had been unable to consult with counsel rationally or answer specific questions that counsel asked of him.

Based on the totality of the above noted facts, the court finds that the greater weight of the evidence demonstrates Mr. Wesley is not able to rationally consult with counsel or participate in his defense. While Mr. Wesley has demonstrated a basic understanding of the facts of his case and the legal process during his competency classes, this understanding appears to be rudimentary and fleeting. The court does not find

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

**Case No. 27-CR-17-22909**
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type:    ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date:    **2020-05-08**
27-CR-17-22909_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2020-05-08.pdf
File Hash:     3b5f8a84d16dad91eb65567c426df0c0d1959b9d29a02a9bfd91e6723f602840
Page: 6 of 7     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

27-CR-17-22909

Filed in District Court
State of Minnesota
5/8/2020 3:52 PM

that this evidence demonstrates a cognitive ability to understand the legal concepts. Rather, it appears Mr. Wesley has been able to memorize definitions and terms due to repetition as a result of the high frequency of the competency classes he attends. This finding is further supported by Dr. Lewis's testimony that if Mr. Wesley were to discontinue competency restoration classes, he would likely soon regress to incompetency.

In order to rationally consult with counsel and participate in his defense, a defendant must have the cognitive ability, after consulting with counsel, to make important decisions about whether to accept a plea bargain, whether to have a jury or court trial and whether or not to testify. These decisions regarding the waiver of constitutional rights must be made by a defendant himself, after consulting with counsel. The defendant's attorney may not make these decisions for a defendant. While it appears Mr. Wesley now understands that he must behave properly in a courtroom setting and that he should follow the advice of counsel, simply indicating that he will "behave" in the courtroom and do what his lawyers tell him to do not establish that he is competent. His lack of understanding about whether he must accept a plea bargain and the difference between jail and prison is evidence that he is unable to participate in his defense. As noted by the psychologists, his cognitive impairments significantly interfere with his reasoning and decision making abilities. Most importantly, defense counsel's testimony that during the evidentiary hearing he demonstrated a lack of understanding about what a trial was and did not have the ability to consult with counsel or participate in his defense solidifies the court's conclusion that Mr. Wesley is incompetent.

Finally, it is important to take into consideration the recommendations of Dr. Lewis regarding suggested accommodations that can be made to assist Mr. Wesley in understanding the proceedings. Dr. Lewis indicates that Mr. Wesley does not have the ability to understand the "legalese" that a typical layman defendant would comprehend. His suggestion that defense counsel allot more time than customary, use simple language and explain legal concepts in multiple ways is prudent and the court does believe that defense counsel can implement these strategies. However, under the facts of Mr. Wesley's case, the court does not find that these accommodations are sufficient to render an otherwise incompetent defendant competent. Slowing down a legal proceeding by pausing or recessing to allow defense counsel to explain

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 23**

**Case No. 27-CR-17-22909**
State of MN vs ADRIAN MICHAEL WESLEY
Filing Type: ·Find of Fact-Order, Pet Commitment-Dfd Found Incompetent·
Filing Date: **2020-05-08**
27-CR-17-22909_Find of Fact-Order, Pet Commitment-Dfd Found Incompetent_2020-05-08.pdf
File Hash: 3b5f8a84d16dad91eb65567c426df0c0d1959b9d29a02a9bfd91e6723f602840
Page: 7 of 7      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

27-CR-17-22909

Filed in District Court
State of Minnesota
5/8/2020 3:52 PM

every process, objection, argument or term used in witness testimony will not be sufficient to allow Mr. Wesley to comprehend the process, rationally consult with counsel and participate in his own defense. Dr. Lewis noted in his April 2019 evaluation that "if his competence-related deficits are primarily the result of intellectual deficits, his prognosis is likely to be poor." The court finds that his competency related deficits are the result of his intellectual deficits. Although his factual understanding of his charges and the legal process has improved due to competency classes, the greater weight of the evidence does not establish that he has the rational ability to consult with counsel regarding trial strategy, make decisions regarding the waiver of constitutional rights and plea negotiations or otherwise participate in his defense.

The state has not met its burden of proving, by greater weight of the evidence that Mr. Wesley is competent. Therefore the court finds that the defendant, Mr. Wesley, is **INCOMPETENT**.

LKJ

By the Court:

Dated: 5/8/2020

_____
Lisa K. Janzen
Judge of District Court

Url 1: link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
Url 4: drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 24**

# Findings and Order

## 2022-11-08          Minnesota Fourth Judicial District Court,  Case No. 27-CR-20-26577

### DOCUMENT METADATA

| | |
|---|---|
| File: | 27-CR-20-26577_Findings and Order_2022-11-08.pdf |
| File Size: | 260 KiB |
| Author: | **Nehring, Alisha; Nehring; Alisha** |
| Create Date: | 2022:11:09 12:50:26-06:00 |
| Modify Date: | 2024:04:30 09:06:10-05:00 |
| XMP Toolkit: | Adobe XMP Core 5.1.0-jc003 |
| Producer: | Microsoft® Word for Microsoft 365; modified using iText® 7.1.16 ©2000-2021 iText Group NV (Minnesota Judicial Branch; licensed version) |
| Creator Tool: | Microsoft® Word for Microsoft 365 |
| Metadata Date: | 2022:11:09 12:52:34-06:00 |
| Document ID: | uuid:6684A692-60E4-4097-88A4-EB676567ACF2 |
| Instance ID: | uuid:e36e2414-6545-4634-b3a5-cdbd0acfa3ef |
| Creator: | **Nehring, Alisha, Nehring, Alisha** |
| Page Count: | 4 |

### DOCUMENT DIGITAL SIGNATURES

**Signature #1:**

Signer Certificate Common Name: **Minnesota Court Records Online (MCRO) Watermark**

Signer full Distinguished Name: **CN=Minnesota Court Records Online (MCRO) Watermark,O=State of MN Judicial Branch**

Signing Time: **Apr 30 2024 09:06:10**

Signing Hash Algorithm: SHA-256

Signature Type: adbe.pkcs7.detached

Signed Ranges: [0 - 244997], [261383 - 266718]

**Total document signed**

Signature Validation: **SIGNATURE IS VALID**

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**Case No. 27-CR-20-26577**
State of MN vs Rasheed Richardson
Filing Type:   ·Findings and Order·
Filing Date:   **2022-11-08**
27-CR-20-26577_Findings and Order_2022-11-08.pdf
File Hash:    fa4f7489007ee20561e3bf128f43f37e1fa920f301521592abf5b1ca27fdc36f
Page: 1 of 4      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

Nov 8, 2022

State of Minnesota                                    District Court

County of Hennepin                              Fourth Judicial District

State of Minnesota,                              Judge Lisa K. Janzen
            Plaintiff,                                Case Type: Criminal

                                                        **ORDER**
v.

Rasheed Richardson,
            Defendant.                       Case No. 27-CR-20-26577

**FINDINGS OF FACT**

1. Defendant (date of birth 03/01/1976) was charged with Stalking (Felony), First Degree Damage to Property (Felony), and six counts of Possess Ammo (Felony) arising from an incident alleged to have occurred on 03/25/20. On 10/29/21, Judge Koch found probable cause to believe that the felony charges were committed and that Defendant committed them for Rule 20 purposes.

2. On 04/19/22, Judge Janzen ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Turner, Ph.D., LP, ABPP, for Direct Care and Treatment – Forensic Services, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Turner, Ph.D., LP, ABPP, for Direct Care and Treatment – Forensic Services, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

5. On 07/12/22, Judge Lisa Janzen found Defendant incompetent to stand trial and ordered the criminal proceedings in this matter be suspended until Defendant is restored to competency to proceed.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 26**

**Case No. 27-CR-20-26577**
State of MN vs Rasheed Richardson
Filing Type:    ·Findings and Order·
Filing Date:    **2022-11-08**
27-CR-20-26577_Findings and Order_2022-11-08.pdf
File Hash:      fa4f7489007ee20561e3bf128f43f37e1fa920f301521592abf5b1ca27fdc36f
Page: 2 of 4     [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

6. On 08/24/22, Judge Browne of Hennepin County District Court issued an Order for Continued Commitment in MNCIS Case No. 27-MH-PR-22-59; the Defendant remained civilly committed to the Commissioner of Human Services.

7. On 04/27/22, the Defendant was admitted to AMRTC.

8. On 10/26/22 a Notification of Reduction in Custody was filed into this criminal case, noting a Provisional Discharge to RS Eden to go into effect on or after 11/7/22 as the Defendant was determined to no longer require in-patient level of care as of 10/26/22.

9. Defendant remains incompetent and the criminal case remains suspended pursuant to Minn.R.Crim.P. 20.01, Subd. 6(b).

10. If the Criminal Court Judge denied the request to provisionally discharge the defendant to RS Eden, the defendant would be released to the jail on the previously ordered bail.

11. The Hennepin County Jail does not provide competency restoration treatment or therapy and is not able to administer *Jarvis* orders.

12. If the defendant was provisionally discharged to the jail, the court would have to make the impossible decision as to whether to keep the incompetent defendant in the jail not receiving treatment with a suspended criminal case, or, to release the defendant to the street.

13. Given the options, Judge Janzen approved the request to provisionally discharge Defendant and bail was amended.

### ANALYSIS

There is no case directly on point in Minnesota as to whether an incompetent defendant, whose criminal case has been suspended, can be held in the jail awaiting restoration to competency while not receiving competency restoration treatment at said jail. In dealing with similar issues, courts around the country have held that "incompetent criminal defendants – as pretrial detainees – have a liberty interest in being free from incarceration absent a criminal conviction." *Goodman v. Utah Department*

2

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 27**

**Case No. 27-CR-20-26577**
State of MN vs Rasheed Richardson
Filing Type:   ·Findings and Order·
Filing Date:   **2022-11-08**
27-CR-20-26577_Findings and Order_2022-11-08.pdf
File Hash:   fa4f7489007ee20561e3bf128f43f37e1fa920f301521592abf5b1ca27fdc36f
Page: 3 of 4      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

*of Human Services,* 180 F.Supp.3d 998, 1009 (D. Utah 2016); that the "Constitutional questions pertaining to the pretrial confinement of incompetent criminal defendants are analyzed under the due process clause of the Fourteenth Amendment." *State v. Hand,* 429 P.3d 502 (Wash. 2018); and that the relevant question is whether the nature and duration of said detention, "is reasonably related to the purpose for which he was committed." Id. (citing *Jackson v. Indiana,* 406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972)).

In *Jackson,* the court held that:

> a person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future. If it is determined that this is not the case, then the State must either institute the customary civil commitment proceeding that would be required to commit indefinitely any other citizen, or release the defendant. Furthermore, even if it is determined that the defendant probably soon will be able to stand trial, his continued commitment must be justified by progress toward that goal.

406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972).  Similarly, in *United States v. Jackson*, 306 F.Supp. 4 (N.D.Cal. 1969), the court held that the accused, who was incompetent to stand trial because of serious mental illness, that was not likely to be cured in foreseeable future, and who had already spent over a year and a half in federal hospital must be discharged from federal custody and responsibility for accused should transfer to state. The underlying tone in all of these decisions is the general understanding as stated in *Cook v. Ciccone*, 312 F.Supp. 822 (W.D.Mo. 1970), that "Such consideration is dictated by the inherent unfairness and substantial injustice in keeping an unconvicted person in federal custody to await trial where it is plainly evident his mental condition will not permit trial within a reasonable period of time." 312 F.Supp. at 824.

3

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 28**

**Case No. 27-CR-20-26577**
State of MN vs Rasheed Richardson
Filing Type:   ·Findings and Order·
Filing Date:   **2022-11-08**
27-CR-20-26577_Findings and Order_2022-11-08.pdf
File Hash:     fa4f7489007ee20561e3bf128f43f37e1fa920f301521592abf5b1ca27fdc36f
Page: 4 of 4     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

## ORDER

1. Defendant is released in the criminal case under the conditions set forth in the in the amended conditional release order.

2. Defendant is ordered to cooperate with his civil commitment including following all treatment recommendations and appearing at all court appearances in the civil and criminal cases.

3. DHS shall continue to submit a written reports addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

BY THE COURT:

DATED:  November 8, 2022

_____

Lisa K. Janzen
Judge of District Court
Fourth Judicial District

4

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

EXHIBIT NEH-1 | p. 29

# Findings of Fact, Conclusions of Law and Order

## 2020-09-04    Minnesota Fourth Judicial District Court,  Case No. 27-CR-18-19274

### DOCUMENT METADATA

| | |
|---|---|
| File: | 27-CR-18-19274_Findings of Fact, Conclusions of Law and Order_2020-09-04.pdf |
| File Size: | 368 KiB |
| Author: | **Nehring, Alisha; Nehring; Alisha** |
| Create Date: | 2020:09:04 13:18:15-05:00 |
| Modify Date: | 2024:04:30 09:30:54-05:00 |
| XMP Toolkit: | Adobe XMP Core 5.1.0-jc003 |
| Creator Tool: | Microsoft® Word 2013 |
| Metadata Date: | 2020:09:04 14:38:09-05:00 |
| Producer: | Microsoft® Word 2013; modified using iText® 7.1.16 ©2000-2021 iText Group NV (Minnesota Judicial Branch; licensed version) |
| Document ID: | uuid:ce165915-ce22-4cc4-9ec4-4a75ff612308 |
| Instance ID: | uuid:7805f3a1-7265-4a5c-9edf-79eb6c79859b |
| Creator: | **Nehring, Alisha, Nehring, Alisha** |
| Page Count: | 5 |

### DOCUMENT DIGITAL SIGNATURES

**Signature #1:**

Signer Certificate Common Name: **Minnesota Court Records Online (MCRO) Watermark**
Signer full Distinguished Name: **CN=Minnesota Court Records Online (MCRO) Watermark,O=State of MN Judicial Branch**
Signing Time: **Apr 30 2024 09:30:54**
Signing Hash Algorithm: SHA-256
Signature Type: adbe.pkcs7.detached
Signed Ranges: [0 - 355796], [372182 - 377341]
**Total document signed**
Signature Validation: **SIGNATURE IS VALID**

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 30**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

**Case No. 27-CR-18-19274**
State of MN vs IFRAH ABDULL HASSAN
Filing Type:   ·Findings of Fact, Conclusions of Law and Order·
Filing Date:   **2020-09-04**
27-CR-18-19274_Findings of Fact, Conclusions of Law and Order_2020-09-04.pdf
File Hash:    ea340ebecd5dd54c6b108584ff9670614d29fd17e6f5e1956b7dda5536796f6d
Page: 1 of 5      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

27-CR-18-19274

Filed in District Court
State of Minnesota
9/4/2020 1:28 PM

State of Minnesota

District Court

County of Hennepin

Fourth Judicial District

State of Minnesota,
        Plaintiff,

v.

Ifrah Abdull Hassan,
        Defendant.

Judge Lisa K. Janzen
Case Type: Criminal

**FINDINGS OF FACT AND
CONCLUSIONS OF LAW
REGARDING DEFENDANT'S
COMPETENCY TO PROCEED**

Case Numbers:   27-CR-18-19274
                27CR-20-423

The above-entitled matter came before Lisa K. Janzen, Judge of District Court, on August 6, 2020, for an evidentiary hearing upon the Defense's objection to the competency opinion rendered by Dr. Jason Lewis of State Forensic Services and filed with the court on April 13, 2020.   Andrew Johnson, Assistant Hennepin County Attorney, appeared for the State.   Lisa Skrzeczkoski, appeared on behalf of the Defendant, Ifrah Hassan, who was personally present. Jason Lewis, PhD, LP, of State Operated Forensic Services testified and the court received his report dated April 13, 2020 and his Curriculum Vitae as exhibits.   The court also received, as Exhibit 1, a packet of 105 pages of documents, reports and evaluations reviewed by Dr. Lewis in completing his report.   The court took the matter under advisement.   Based upon the arguments presented and all the files and records herein, the Court orders as follows:

1.  Defendant is **INCOMPETENT** to proceed.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 31**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

**Case No. 27-CR-18-19274**
State of MN vs IFRAH ABDULL HASSAN
Filing Type:   ·Findings of Fact, Conclusions of Law and Order·
Filing Date:   **2020-09-04**
27-CR-18-19274_Findings of Fact, Conclusions of Law and Order_2020-09-04.pdf
File Hash:   ea340ebecd5dd54c6b108584ff9670614d29fd17e6f5e1956b7dda5536796f6d
Page: 2 of 5     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

27-CR-18-19274

Filed in District Court
State of Minnesota
9/4/2020 1:28 PM

### PROCEDURAL HISTORY AND FINDINGS OF FACT

In file number 27-CR-18-19274 Ms. Hassan is charged with one count of Threats of Violence arising from an incident alleged to have occurred on June 27, 2018.  On 8/28/18 the court found Ms. Hassan incompetent to stand trial.  Ms. Hassan was subsequently committed as Mentally Ill and Chemically Dependent.  Findings of incompetency based on subsequent evaluations were also entered on this file in February 2019 and October of 2019.

Subsequently, Ms. Hassan was charged in file 27-CR-20-423 with 2nd Degree Aggravated Robbery from an incident alleged to have occurred on January 3, 2020.  On January 7, 2020 probable cause was found and a Rule 20.01 evaluation was ordered.   Dr. Shannon Garrity completed a 20.01 evaluation of the defendant which was filed February 12, 2020, opining that Ms. Hassan was not competent.  Dr. Garrity noted previous diagnoses of Schizophrenia and Schizoaffective Disorder, as well as prior civil commitments, numerous hospitalizations and facility placements.  Dr. Garrity noted that during the interview Ms. Hassan demonstrated unusual behaviors.  While she appeared to understand basic aspects of her charges and courtroom proceedings, her disorganization of thought and difficulty tracking the content of the interview were of sufficient severity to render her incompetent to proceed. This finding was entered on February 18, 2020.

Ms. Hassan was again civilly committed and admitted to the State Forensic Mental Health Program (formerly Competency Restoration) on February 26th.  Ms. Hassan responded favorably to psychotropic medication and participation in treatment groups during her hospitalization.  Her psychiatric provider noted in late March that Ms. Hassan was psychiatrically stable and did not appear to be experiencing symptoms of psychosis or delusional ideation.

Dr. Lewis met with Ms. Hassan on April 7, 2020 at Forensic Mental Health Program.  Due to the Pandemic, interpreter services were only available via a telephonic service.  Over a two day period Dr. Lewis was unable to connect with this service.  Ms. Hassan requested that the interview proceed without the services of an interpreter.   During the interview Ms. Hassan's memory functioning appeared grossly intact and she did not present with impairment of attention or concentration.  She did not demonstrate

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 32**

Case No. 27-CR-18-19274
State of MN vs IFRAH ABDULL HASSAN
Filing Type:   ·Findings of Fact, Conclusions of Law and Order·
Filing Date:   **2020-09-04**
27-CR-18-19274_Findings of Fact, Conclusions of Law and Order_2020-09-04.pdf
File Hash:     ea340ebecd5dd54c6b108584ff9670614d29fd17e6f5e1956b7dda5536796f6d
Page: 3 of 5      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

27-CR-18-19274

Filed in District Court
State of Minnesota
9/4/2020 1:28 PM

difficulty tracking the discussion.  Ms. Hassan acknowledged a history of auditory and visual hallucination and paranoid ideation but acknowledged that her symptoms of psychosis stopped when she began taking her medication. Dr. Lewis noted that she did not present with symptoms of psychosis, disorganized thought or delusional ideation.  Dr. Lewis provided diagnoses of Schizoaffective Disorder and Substance Use Disorders.  Dr. Lewis indicated Ms. Hassan demonstrated adequate factual understanding of the legal system and the charge against her.  She also demonstrated an ability to rationally consult with her attorney.  She was aware of the roles of courtroom personnel, trial procedures and her rights in the criminal justice system. She was unable to adequately define a plea bargain.  She expressed a willingness to work with defense counsel.  Dr. Lewis noted that her presentation during the April 2020 interview and his interview with her in September of 2019 was night and day.  He noted he previously opined her incompetent in September of 2019.  On April 13, 2020, Dr. Lewis filed a report with the court opining that Ms. Hassan had regained the capacity to proceed.  He noted her competency is contingent upon continued compliance with psychotropic medication and abstinence from alcohol and drugs.  He noted her history of absconding after being discharged into the community.

Subsequently DHS provisionally discharged Ms. Hassan to the community.  Ms. Hassan's mental health decompensated rapidly after her release and she was re-hospitalized at Forensic Mental Health. After achieving psychiatric stability she was again discharged to the community and subsequently re-hospitalized. Believing that Ms. Hassan was no longer competent to proceed, defense counsel requested a contested hearing.  The matter was set for a hearing on June 8th.  However, this hearing was delayed due to the Pandemic, as Forensic Mental Health was unable to allow transport of Ms. Hassan to the Hennepin County Government Center for a hearing.  Ms. Hassan was subsequently released to the community and a hearing was held on August 6, 2020.

During the hearing defense counsel, Lisa Skrzeczkoski, testified that since her release from Forensic Mental Health Ms. Hassan has been unable to remember conversations with her from the day before and overall has been unable to have rational discussion about her case. Ms. Skrzeczkoski testified that on the day of the hearing, in discussions with defense counsel, Ms. Hassan did not understand what

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**Case No. 27-CR-18-19274**
State of MN vs IFRAH ABDULL HASSAN
Filing Type:  ·Findings of Fact, Conclusions of Law and Order·
Filing Date:  **2020-09-04**
27-CR-18-19274_Findings of Fact, Conclusions of Law and Order_2020-09-04.pdf
File Hash:  ea340ebecd5dd54c6b108584ff9670614d29fd17e6f5e1956b7dda5536796f6d
Page: 4 of 5     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

27-CR-18-19274

Filed in District Court
State of Minnesota
9/4/2020 1:28 PM

a witness was nor was she able to communicate what counsel had explained to her just minutes earlier. She testified the only thing Ms. Hassan can say when discussing her case is that her charge is "Aggravated Robbery with a maximum of 15 years and a $30,000 fine."

## LEGAL CONCLUSIONS

Rule 20.01 of the Minnesota Rules of Criminal Procedure requires the court to find that the defendant is not competent unless the greater weight of the evidence shows that the defendant is competent. Minn.R.Crim.P. Rule 20.01, subd. 5 (c). A defendant is not competent if, due to mental illness or cognitive impairment he is unable to "(a) rationally consult with counsel or (b) understand the proceedings or participate in the defense." *Id.*, subd. 2.  The determination of whether a defendant is able to rationally consult with the defense attorney or understand and participate in the proceedings turns on the facts of each particular case.

The court concurs with Dr. Lewis that at the time his report was filed in April of 2020 Ms. Hassan likely was competent to proceed.  However, since that time Ms. Hassan's mental health has significantly decompensated such that she is presently not competent to proceed. Ms. Hassan was found incompetent by the courts over ten times between the years 2009 and 2016.  Additionally since 2018 at least 4 competency evaluations have opined incompetent.  She has been civilly committed multiple times, but historically has only been stabilized over short periods of time and rapidly decompensates once discharged into the community.  Once in the community she is not compliant with her medication and resumes chemical use.  Competency is fluid.  It appears that since the filing of Dr. Lewis's opinion in April of 2020 Ms. Hassan has not been compliant with psychotropic medication and has been re-hospitalized on multiple occasions.  Additionally, the court finds defense counsel's testimony persuasive that her client currently lacks the ability to rationally consult with her attorney and understand the legal proceedings.

Based on the totality of the above noted facts, the court finds that the State has not proven by the greater weight of the evidence that Ms. Hassan is competent.  Rather, the court finds the greater weight of

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 34**

**Case No. 27-CR-18-19274**
State of MN vs IFRAH ABDULL HASSAN
Filing Type:   ·Findings of Fact, Conclusions of Law and Order·
Filing Date:   **2020-09-04**
27-CR-18-19274_Findings of Fact, Conclusions of Law and Order_2020-09-04.pdf
File Hash:   ea340ebecd5dd54c6b108584ff9670614d29fd17e6f5e1956b7dda5536796f6d
Page: 5 of 5   [ source file ]   [ .ots timestamp of source file ]   [ pdf signatures ]   [ metadata ]

27-CR-18-19274

Filed in District Court
State of Minnesota
9/4/2020 1:28 PM

the evidence demonstrates Ms. Hassan is not able to rationally consult with counsel or participate in her

defense.  Therefore the court finds that the defendant, Ms. Hassan, is **NOT COMPETENT**.


By the Court,



Dated: 9/4/2020                    _____

                                   Lisa K. Janzen
                                   Judge of District Court

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 35**

# Findings of Fact, Conclusions of Law and Order

## 2020-09-04    Minnesota Fourth Judicial District Court,  Case No. 27-CR-20-423

---

## DOCUMENT METADATA

| | |
|---|---|
| File: | 27-CR-20-423_Findings of Fact, Conclusions of Law and Order_2020-09-04.pdf |
| File Size: | 368 KiB |
| Author: | **Nehring, Alisha; Nehring; Alisha** |
| Create Date: | 2020:09:04 13:18:15-05:00 |
| Modify Date: | 2024:04:30 08:48:19-05:00 |
| XMP Toolkit: | Adobe XMP Core 5.1.0-jc003 |
| Creator Tool: | Microsoft® Word 2013 |
| Metadata Date: | 2020:09:04 14:38:39-05:00 |
| Producer: | Microsoft® Word 2013; modified using iText® 7.1.16 ©2000-2021 iText Group NV (Minnesota Judicial Branch; licensed version) |
| Document ID: | uuid:ce165915-ce22-4cc4-9ec4-4a75ff612308 |
| Instance ID: | uuid:1b84494b-1027-47c9-98d8-18ce2649c434 |
| Creator: | **Nehring, Alisha, Nehring, Alisha** |
| Page Count: | 5 |

---

## DOCUMENT DIGITAL SIGNATURES

**Signature #1:**

Signer Certificate Common Name: **Minnesota Court Records Online (MCRO) Watermark**

Signer full Distinguished Name: **CN=Minnesota Court Records Online (MCRO) Watermark,O=State of MN Judicial Branch**

Signing Time: **Apr 30 2024 08:48:19**

Signing Hash Algorithm: SHA-256

Signature Type: adbe.pkcs7.detached

Signed Ranges: [0 - 355783], [372169 - 377327]

**Total document signed**

Signature Validation: **SIGNATURE IS VALID**

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 36**

**Case No. 27-CR-20-423**
State of MN vs Ifrah Abdullahi Hassan
Filing Type:  ·Findings of Fact, Conclusions of Law and Order·
Filing Date:  **2020-09-04**
27-CR-20-423_Findings of Fact, Conclusions of Law and Order_2020-09-04.pdf
File Hash:    b2a0eb0952cb3cce483043d5a145b527314e1c51e13bc23db90abc5a000a9a53
Page: 1 of 5     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

---

27-CR-20-423

Filed in District Court
State of Minnesota
9/4/2020 1:30 PM

State of Minnesota                                          District Court

County of Hennepin                                Fourth Judicial District

---

|                              |                                        |
|------------------------------|----------------------------------------|
|                              | Judge Lisa K. Janzen                   |
| State of Minnesota,          | Case Type: Criminal                    |
|     Plaintiff,               |                                        |
|                              | **FINDINGS OF FACT AND                  |
| v.                           | CONCLUSIONS OF LAW                      |
|                              | REGARDING DEFENDANT'S                   |
|                              | COMPETENCY TO PROCEED**                 |
|                              |                                        |
| Ifrah Abdull Hassan,         |                                        |
|     Defendant.               | Case Numbers:    27-CR-18-19274        |
|                              |                  27CR-20-423           |

---

The above-entitled matter came before Lisa K. Janzen, Judge of District Court, on August 6, 2020, for an evidentiary hearing upon the Defense's objection to the competency opinion rendered by Dr. Jason Lewis of State Forensic Services and filed with the court on April 13, 2020.   Andrew Johnson, Assistant Hennepin County Attorney, appeared for the State.   Lisa Skrzeczkoski, appeared on behalf of the Defendant, Ifrah Hassan, who was personally present. Jason Lewis, PhD, LP, of State Operated Forensic Services testified and the court received his report dated April 13, 2020 and his Curriculum Vitae as exhibits.  The court also received, as Exhibit 1, a packet of 105 pages of documents, reports and evaluations reviewed by Dr. Lewis in completing his report.  The court took the matter under advisement.  Based upon the arguments presented and all the files and records herein, the Court orders as follows:

1.  Defendant is **INCOMPETENT** to proceed.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 37**

**Case No. 27-CR-20-423**
State of MN vs Ifrah Abdullahi Hassan
Filing Type: ·Findings of Fact, Conclusions of Law and Order·
Filing Date: **2020-09-04**
27-CR-20-423_Findings of Fact, Conclusions of Law and Order_2020-09-04.pdf
File Hash: b2a0eb0952cb3cce483043d5a145b527314e1c51e13bc23db90abc5a000a9a53
Page: 2 of 5 [ source file ] [ .ots timestamp of source file ] [ pdf signatures ] [ metadata ]

27-CR-20-423

## PROCEDURAL HISTORY AND FINDINGS OF FACT

In file number 27-CR-18-19274 Ms. Hassan is charged with one count of Threats of Violence arising from an incident alleged to have occurred on June 27, 2018. On 8/28/18 the court found Ms. Hassan incompetent to stand trial. Ms. Hassan was subsequently committed as Mentally Ill and Chemically Dependent. Findings of incompetency based on subsequent evaluations were also entered on this file in February 2019 and October of 2019.

Subsequently, Ms. Hassan was charged in file 27-CR-20-423 with 2nd Degree Aggravated Robbery from an incident alleged to have occurred on January 3, 2020. On January 7, 2020 probable cause was found and a Rule 20.01 evaluation was ordered. Dr. Shannon Garrity completed a 20.01 evaluation of the defendant which was filed February 12, 2020, opining that Ms. Hassan was not competent. Dr. Garrity noted previous diagnoses of Schizophrenia and Schizoaffective Disorder, as well as prior civil commitments, numerous hospitalizations and facility placements. Dr. Garrity noted that during the interview Ms. Hassan demonstrated unusual behaviors. While she appeared to understand basic aspects of her charges and courtroom proceedings, her disorganization of thought and difficulty tracking the content of the interview were of sufficient severity to render her incompetent to proceed. This finding was entered on February 18, 2020.

Ms. Hassan was again civilly committed and admitted to the State Forensic Mental Health Program (formerly Competency Restoration) on February 26th. Ms. Hassan responded favorably to psychotropic medication and participation in treatment groups during her hospitalization. Her psychiatric provider noted in late March that Ms. Hassan was psychiatrically stable and did not appear to be experiencing symptoms of psychosis or delusional ideation.

Dr. Lewis met with Ms. Hassan on April 7, 2020 at Forensic Mental Health Program. Due to the Pandemic, interpreter services were only available via a telephonic service. Over a two day period Dr. Lewis was unable to connect with this service. Ms. Hassan requested that the interview proceed without the services of an interpreter. During the interview Ms. Hassan's memory functioning appeared grossly intact and she did not present with impairment of attention or concentration. She did not demonstrate

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 38**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

Case No. 27-CR-20-423
State of MN vs Ifrah Abdullahi Hassan
Filing Type:     ·Findings of Fact, Conclusions of Law and Order·
Filing Date:     **2020-09-04**
27-CR-20-423_Findings of Fact, Conclusions of Law and Order_2020-09-04.pdf
File Hash:      b2a0eb0952cb3cce483043d5a145b527314e1c51e13bc23db90abc5a000a9a53
Page: 3 of 5      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

27-CR-20-423

Filed in District Court
State of Minnesota
9/4/2020 1:30 PM

difficulty tracking the discussion. Ms. Hassan acknowledged a history of auditory and visual hallucination and paranoid ideation but acknowledged that her symptoms of psychosis stopped when she began taking her medication. Dr. Lewis noted that she did not present with symptoms of psychosis, disorganized thought or delusional ideation. Dr. Lewis provided diagnoses of Schizoaffective Disorder and Substance Use Disorders. Dr. Lewis indicated Ms. Hassan demonstrated adequate factual understanding of the legal system and the charge against her. She also demonstrated an ability to rationally consult with her attorney. She was aware of the roles of courtroom personnel, trial procedures and her rights in the criminal justice system. She was unable to adequately define a plea bargain. She expressed a willingness to work with defense counsel. Dr. Lewis noted that her presentation during the April 2020 interview and his interview with her in September of 2019 was night and day. He noted he previously opined her incompetent in September of 2019. On April 13, 2020, Dr. Lewis filed a report with the court opining that Ms. Hassan had regained the capacity to proceed. He noted her competency is contingent upon continued compliance with psychotropic medication and abstinence from alcohol and drugs. He noted her history of absconding after being discharged into the community.

Subsequently DHS provisionally discharged Ms. Hassan to the community. Ms. Hassan's mental health decompensated rapidly after her release and she was re-hospitalized at Forensic Mental Health. After achieving psychiatric stability she was again discharged to the community and subsequently re-hospitalized. Believing that Ms. Hassan was no longer competent to proceed, defense counsel requested a contested hearing. The matter was set for a hearing on June 8th. However, this hearing was delayed due to the Pandemic, as Forensic Mental Health was unable to allow transport of Ms. Hassan to the Hennepin County Government Center for a hearing. Ms. Hassan was subsequently released to the community and a hearing was held on August 6, 2020.

During the hearing defense counsel, Lisa Skrzeczkoski, testified that since her release from Forensic Mental Health Ms. Hassan has been unable to remember conversations with her from the day before and overall has been unable to have rational discussion about her case. Ms. Skrzeczkoski testified that on the day of the hearing, in discussions with defense counsel, Ms. Hassan did not understand what

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

EXHIBIT NEH-1 | p. 39

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

**Case No. 27-CR-20-423**
State of MN vs Ifrah Abdullahi Hassan
Filing Type: ·Findings of Fact, Conclusions of Law and Order·
Filing Date: **2020-09-04**
27-CR-20-423_Findings of Fact, Conclusions of Law and Order_2020-09-04.pdf
File Hash: b2a0eb0952cb3cce483043d5a145b527314e1c51e13bc23db90abc5a000a9a53
Page: 4 of 5   [ source file ]   [ .ots timestamp of source file ]   [ pdf signatures ]   [ metadata ]

a witness was nor was she able to communicate what counsel had explained to her just minutes earlier. She testified the only thing Ms. Hassan can say when discussing her case is that her charge is "Aggravated Robbery with a maximum of 15 years and a $30,000 fine."

## LEGAL CONCLUSIONS

Rule 20.01 of the Minnesota Rules of Criminal Procedure requires the court to find that the defendant is not competent unless the greater weight of the evidence shows that the defendant is competent. Minn.R.Crim.P. Rule 20.01, subd. 5 (c). A defendant is not competent if, due to mental illness or cognitive impairment he is unable to "(a) rationally consult with counsel or (b) understand the proceedings or participate in the defense." *Id.*, subd. 2. The determination of whether a defendant is able to rationally consult with the defense attorney or understand and participate in the proceedings turns on the facts of each particular case.

The court concurs with Dr. Lewis that at the time his report was filed in April of 2020 Ms. Hassan likely was competent to proceed. However, since that time Ms. Hassan's mental health has significantly decompensated such that she is presently not competent to proceed. Ms. Hassan was found incompetent by the courts over ten times between the years 2009 and 2016. Additionally since 2018 at least 4 competency evaluations have opined incompetent. She has been civilly committed multiple times, but historically has only been stabilized over short periods of time and rapidly decompensates once discharged into the community. Once in the community she is not compliant with her medication and resumes chemical use. Competency is fluid. It appears that since the filing of Dr. Lewis's opinion in April of 2020 Ms. Hassan has not been compliant with psychotropic medication and has been re-hospitalized on multiple occasions. Additionally, the court finds defense counsel's testimony persuasive that her client currently lacks the ability to rationally consult with her attorney and understand the legal proceedings.

Based on the totality of the above noted facts, the court finds that the State has not proven by the greater weight of the evidence that Ms. Hassan is competent. Rather, the court finds the greater weight of

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 40**

**Case No. 27-CR-20-423**
State of MN vs Ifrah Abdullahi Hassan
Filing Type:    ·Findings of Fact, Conclusions of Law and Order·
Filing Date:    **2020-09-04**
27-CR-20-423_Findings of Fact, Conclusions of Law and Order_2020-09-04.pdf
File Hash:      b2a0eb0952cb3cce483043d5a145b527314e1c51e13bc23db90abc5a000a9a53
Page: 5 of 5      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

---

27-CR-20-423

Filed in District Court
State of Minnesota
9/4/2020 1:30 PM

the evidence demonstrates Ms. Hassan is not able to rationally consult with counsel or participate in her

defense.  Therefore the court finds that the defendant, Ms. Hassan, is **NOT COMPETENT**.


By the Court,



Dated: 9/4/2020                    _____
                                   Lisa K. Janzen
                                   Judge of District Court

---

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 41**

# Findings of Fact, Conclusions of Law and Order

## 2022-02-25     Minnesota Fourth Judicial District Court,   Case No. 27-CR-18-19274

### DOCUMENT METADATA

| | |
|---|---|
| File: | 27-CR-18-19274_Findings of Fact, Conclusions of Law and Order_2022-02-25.pdf |
| File Size: | 424 KiB |
| Author: | **Nehring, Alisha; Nehring; Alisha** |
| Create Date: | 2022:02:25 13:10:37-06:00 |
| Modify Date: | 2024:04:30 09:30:42-05:00 |
| XMP Toolkit: | Adobe XMP Core 5.1.0-jc003 |
| Creator Tool: | Microsoft® Word for Microsoft 365 |
| Metadata Date: | 2022:02:25 14:53:13-06:00 |
| Producer: | Microsoft® Word for Microsoft 365; modified using iText® 7.1.16 ©2000-2021 iText Group NV (Minnesota Judicial Branch; licensed version) |
| Document ID: | uuid:08BD32A3-9135-4509-9023-0B68453EE1FF |
| Instance ID: | uuid:4428e6cd-3a3a-431f-93c0-729f50f0859f |
| Creator: | **Nehring, Alisha, Nehring, Alisha** |
| Page Count: | 8 |

### DOCUMENT DIGITAL SIGNATURES

**Signature #1:**

Signer Certificate Common Name: **Minnesota Court Records Online (MCRO) Watermark**

Signer full Distinguished Name: **CN=Minnesota Court Records Online (MCRO) Watermark,O=State of MN Judicial Branch**

Signing Time: **Apr 30 2024 09:30:42**

Signing Hash Algorithm: SHA-256

Signature Type: adbe.pkcs7.detached

Signed Ranges: [0 - 412209], [428595 - 434186]

**Total document signed**

Signature Validation: **SIGNATURE IS VALID**

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

**Case No. 27-CR-18-19274**
State of MN vs IFRAH ABDULL HASSAN
Filing Type:  ·Findings of Fact, Conclusions of Law and Order·
Filing Date:  **2022-02-25**
27-CR-18-19274_Findings of Fact, Conclusions of Law and Order_2022-02-25.pdf
File Hash:  cc8588ab60d798420df614751565dc8ff95b551ec583c68f00b5bdb48db6d50b
Page: 1 of 8    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

27-CR-18-19274

Filed in District Court
State of Minnesota
2/25/2022 1:13 PM

State of Minnesota

District Court

County of Hennepin

Fourth Judicial District

State of Minnesota,
    Plaintiff,

v.

Ifrah Abdull Hassan,
    Defendant.

Judge Lisa K. Janzen
Case Type: Criminal

**FINDINGS OF FACT AND
CONCLUSIONS OF LAW
REGARDING DEFENDANT'S
COMPETENCY TO PROCEED**

Case Numbers:   27-CR-18-19274
27CR-20-423; 27-CR-21-5661

---

The above-entitled matter came before Lisa K. Janzen, Judge of District Court, on December 16, 2021, and January 28, 2022, for a competency hearing. Andrew Johnson, Assistant Hennepin County Attorney, appeared for the State.  Lisa Skrzeczkoski appeared on behalf of the Defendant, Ifrah Hassan, who was personally present. Stephanie Bruss, Psy.D., LP, testified and the court received her report dated August 30, 2021 (Ex. 2) and her Curriculum Vitae (Ex. 1).  The Defendant also provided the testimony of Dotti Lynch, Ms. Hassan's Behavioral Health Case Manager and the testimony Lisa Skrzeczkoski, defense counsel. The Court took the matter under advisement.  Based upon the arguments presented and all the files and records herein, the Court orders as follows:

1.  Defendant is **COMPETENT** to proceed.

**PROCEDURAL HISTORY AND FINDINGS OF FACT**

In file number 27-CR-18-19274 Ms. Hassan is charged with one count of Threats of Violence arising from an incident alleged to have occurred on June 27, 2018.  On August 28, 2018, the Court found Ms. Hassan incompetent to stand trial.  Ms. Hassan was subsequently committed as Mentally Ill and Chemically Dependent.  Findings of incompetency based on subsequent evaluations were also entered on this file in February 2019 and October of 2019.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**Case No. 27-CR-18-19274**
State of MN vs IFRAH ABDULL HASSAN
Filing Type:    ·Findings of Fact, Conclusions of Law and Order·
Filing Date:    **2022-02-25**
27-CR-18-19274_Findings of Fact, Conclusions of Law and Order_2022-02-25.pdf
File Hash:    cc8588ab60d798420df614751565dc8ff95b551ec583c68f00b5bdb48db6d50b
Page: 2 of 8     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

27-CR-18-19274

Filed in District Court
State of Minnesota
2/25/2022 1:13 PM

Subsequently, Ms. Hassan was charged in file 27-CR-20-423 with 2nd Degree Aggravated Robbery from an incident alleged to have occurred on January 3, 2020.  On January 7, 2020, probable cause was found and a Rule 20.01 evaluation was ordered.  Dr. Shannon Garrity completed a 20.01 evaluation of the defendant which was filed February 12, 2020, opining that Ms. Hassan was not competent.  Dr. Garrity noted previous diagnoses of Schizophrenia and Schizoaffective Disorder, as well as prior civil commitments, numerous hospitalizations, and facility placements.  Dr. Garrity noted that during the interview Ms. Hassan demonstrated unusual behaviors.  While she appeared to understand basic aspects of her charges and courtroom proceedings, her disorganization of thought and difficulty tracking the content of the interview were of sufficient severity to render her incompetent to proceed. This finding was entered on February 18, 2020.

Ms. Hassan was again civilly committed and admitted to the State Forensic Mental Health Program (formerly Competency Restoration) on February 26, 2020.  Ms. Hassan responded favorably to psychotropic medication and participation in treatment groups during her hospitalization.  Her psychiatric provider noted in late March that Ms. Hassan was psychiatrically stable and did not appear to be experiencing symptoms of psychosis or delusional ideation.

Dr. Lewis met with Ms. Hassan on April 7, 2020, at the Forensic Mental Health Program.  Due to the Pandemic, interpreter services were only available via a telephonic service.  Over a two day period Dr. Lewis was unable to connect with this service.  Ms. Hassan requested that the interview proceed without the services of an interpreter.  During the interview Ms. Hassan's memory functioning appeared grossly intact and she did not present with impairment of attention or concentration.  She did not demonstrate difficulty tracking the discussion.  Ms. Hassan acknowledged a history of auditory and visual hallucination and paranoid ideation but acknowledged that her symptoms of psychosis stopped when she began taking her medication.  Dr. Lewis noted that she did not present with symptoms of psychosis, disorganized thought or delusional ideation.  Dr. Lewis provided diagnoses of Schizoaffective Disorder and Substance Use Disorders.  Dr. Lewis indicated Ms. Hassan demonstrated adequate factual understanding of the legal system and the charge against her.  She also demonstrated an ability to

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

**Case No. 27-CR-18-19274**
State of MN vs IFRAH ABDULL HASSAN
Filing Type:   ·Findings of Fact, Conclusions of Law and Order·
Filing Date:   **2022-02-25**
27-CR-18-19274_Findings of Fact, Conclusions of Law and Order_2022-02-25.pdf
File Hash:   cc8588ab60d798420df614751565dc8ff95b551ec583c68f00b5bdb48db6d50b
Page: 3 of 8      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

27-CR-18-19274

rationally consult with her attorney. She was aware of the roles of courtroom personnel, trial procedures and her rights in the criminal justice system. She was unable to adequately define a plea bargain. She expressed a willingness to work with defense counsel. Dr. Lewis noted that her presentation during the April 2020 interview and his interview with her in September of 2019 was night and day. He noted he previously opined her incompetent in September of 2019. On April 13, 2020, Dr. Lewis filed a report with the court opining that Ms. Hassan had regained the capacity to proceed. He noted her competency is contingent upon continued compliance with psychotropic medication and abstinence from alcohol and drugs. He noted her history of absconding after being discharged into the community.

Subsequently DHS provisionally discharged Ms. Hassan to the community. Ms. Hassan's mental health decompensated rapidly after her release and she was re-hospitalized at Forensic Mental Health. After achieving psychiatric stability she was again discharged to the community and subsequently re-hospitalized. Believing that Ms. Hassan was no longer competent to proceed, defense counsel requested a contested hearing. The matter was set for a hearing on June 8th. However, this hearing was delayed due to the Pandemic, as Forensic Mental Health was unable to allow transport of Ms. Hassan to the Hennepin County Government Center for a hearing. Ms. Hassan was subsequently released to the community and a hearing was held on August 6, 2020.

During the hearing defense counsel, Lisa Skrzeczkoski, testified that since her release from Forensic Mental Health Ms. Hassan has been unable to remember conversations with her from the day before and overall has been unable to have rational discussions about her case. Ms. Skrzeczkoski testified that on the day of the hearing, in discussions with defense counsel, Ms. Hassan did not understand what a witness was nor was she able to communicate what counsel had explained to her just minutes earlier. After hearing testimony, the Court took the matter under advisement and entered an order on September 4, 2020, finding Ms. Hassan incompetent to proceed.

Subsequently a competency evaluation, dated March 1, 2021, was filed by Stephanie Bruss, Psy.D., LP, on behalf of Hennepin Psychological Services. The evaluation offered an opinion of incompetent to proceed. The parties did not contest this opinion and a finding of incompetency was

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 45**

Case No. 27-CR-18-19274
State of MN vs IFRAH ABDULL HASSAN
Filing Type: ·Findings of Fact, Conclusions of Law and Order·
Filing Date: **2022-02-25**
27-CR-18-19274_Findings of Fact, Conclusions of Law and Order_2022-02-25.pdf
File Hash: cc8588ab60d798420df614751565dc8ff95b551ec583c68f00b5bdb48db6d50b
Page: 4 of 8     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

27-CR-18-19274

entered by the court on March 9, 2021. Dr. Bruss completed a six-month competency review evaluation filed with the court on August 30, 2021, offering an opinion of competent. The Defendant contests this opinion and argues that the Defendant remains incompetent to proceed.

In preparing her most recent evaluation, Dr. Bruss interviewed Ms. Hassan on August 19, 2021, via video. During the forty-five-minute interview, Ms. Hassan was located at her group home residence in Mankato. Dr. Bruss noted Ms. Hassan was calm, pleasant, oriented, and no major symptoms of mental illness were observed. Dr. Bruss testified that Ms. Hassan appeared psychiatrically stable. Dr. Bruss reviewed updated records from AMRTC and Ms. Hassan's current community psychiatric providers at Blue Earth Mental Health. Records from May of 2021 to August of 2021 indicated that since Ms. Hassan's provisional discharge from AMRTC to the group home she has been devoid of psychiatric symptoms, has been compliant with medications and has abstained from substance use, except for one incident in July of 2021. Records show medication compliance since July 13, 2021. Dr. Bruss noted that in previous competency evaluations Ms. Hassan had not been medication compliant. Dr. Bruss provided the same diagnoses as in her past evaluations: Schizoaffective Disorder vs. Bipolar 1 Disorder with Psychotic Features and multiple substance abuse disorders.

Regarding competency, Dr. Bruss opined that Ms. Hassan appeared to understand the nature of her charges and that she had a basic understanding of the roles of court personnel. Ms. Hassan expressed that she trusts her attorney. She stated she understood that the judge is "the boss" and will listen to both sides before making decisions. When discussing potential penalties, like probation, she correctly described probation (e.g., "have to check on you every month, check on your place, show up every month, give your number, address, have an officer check on you.") She also said someone can be "arrested" if they violate probation. Additionally, she appeared to understand the serious nature of the charges and expressed fear of the consequences she would face if convicted. She was able to state that a guilty plea means, "that you did the crime" and a plea of not guilty means "I didn't do the crime." When asked how she might want to proceed with her case, Ms. Hassan was able to offer various ideas, which were logical, self-serving, and well-reasoned. For example, when asked about a hypothetical plea bargain that involved

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

**Case No. 27-CR-18-19274**
State of MN vs IFRAH ABDULL HASSAN
Filing Type:    ·Findings of Fact, Conclusions of Law and Order·
Filing Date:    **2022-02-25**
27-CR-18-19274_Findings of Fact, Conclusions of Law and Order_2022-02-25.pdf
File Hash:    cc8588ab60d798420df614751565dc8ff95b551ec583c68f00b5bdb48db6d50b
Page: 5 of 8    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

27-CR-18-19274

Filed in District Court
State of Minnesota
2/25/2022 1:13 PM

probation, she stated she does not want to be on probation because "I want to bring my husband and my mom here, I don't want probation, if I do probation I cannot go out of the country." Ms. Hassan was at times preoccupied with not wanting any punishment at all, yet she was able to acknowledge the possibility of having a punishment and incarceration. However, Dr. Bruss agreed that Ms. Hassan was not able to express a more in depth understanding of the pros and cons going to trial versus accepting a plea bargain.

Dr. Bruss noted that Ms. Hassan does have some limitations in understanding and that redirection and rephrasing was necessary during her interview, noting there were occasions when she had to repeat or re-word questions as Ms. Hassan did not seem to understand what she was asking. This was most notable when she would respond in English before the interpreter had a chance to assist. With the questions re-worded, and with the assistance of the interpreter, Ms. Hassan was generally able to answer questions relevantly. Dr. Bruss noted, that in contrast to prior evaluations, Ms. Hassan was able to engage in productive discussions. Dr. Bruss testified that her previous concerns regarding possible cognitive impairment were likely due to substance use and that historically there are not diagnoses of cognitive impairment nor did she have these concerns during the latest interviews.

In reaching this opinion, however, Dr. Bruss did not discuss competency concerns with defense counsel. Nor did she speak with the staff at Ms. Hassan's group home or with her case manager concerning her current functioning or the daily supports that she requires. At the request of defense counsel, Dr. Bruss re-interviewed Ms. Hassan a few days prior to the contested hearing. Dr. Bruss testified this conversation did not alter her opinion of competency, stating she believes Ms. Hassan continues to demonstrate psychiatric stability and an understanding of the legal proceedings. Dr. Bruss explained the difference in Ms. Hassan's presentation and understanding from the prior evaluation. She testified that during the August 2021 interview and on the day of the competency hearing, Ms. Hassan was the most stable she has ever seen her. She attributes the restoration to competency to medication compliance and abstaining from substance use. Dr. Bruss's competency opinion offered to the court is that Ms. Hassan has a simplistic but rational understanding of the court process and that her reasoning does not appear to

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 47**

Case No. 27-CR-18-19274
State of MN vs IFRAH ABDULL HASSAN
Filing Type:    ·Findings of Fact, Conclusions of Law and Order·
Filing Date:    **2022-02-25**
27-CR-18-19274_Findings of Fact, Conclusions of Law and Order_2022-02-25.pdf
File Hash:    cc8588ab60d798420df614751565dc8ff95b551ec583c68f00b5bdb48db6d50b
Page: 6 of 8     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

27-CR-18-19274

Filed in District Court
State of Minnesota
2/25/2022 1:13 PM

be influenced by psychiatric symptoms. Dr. Bruss opined that with redirection and rephrasing information in simple terms Ms. Hassan should have the ability to rationally consult with counsel and participate in her defense.

Dotti Lynch, Ms. Hassan's Hennepin County Behavioral Health Case manager testified on behalf of Ms. Hassan. Ms. Lynch explained that Ms. Hassan requires placement in an Adult Foster Care facility where she has 24/7 supervision. She requires assistance with medication and money management, hygiene, assistance with opening mail and completing paperwork, and other basic life and problem-solving skills. Ms. Lynch explained that Ms. Hassan has difficulty retaining information between conversations. She also must use simplistic terms and re-explain many things multiple times. Ms. Lynch believes that Ms. Hassan does have the ability to make some very simple decisions on her own, such as what to eat, but she does not have the ability to follow rules, maintain a schedule, nor does she possess rational decision-making abilities.

Defense counsel, Lisa Skrzeczkoski testified regarding the difficulties she has communicating with her client. Ms. Skrzeczkoski has been a public defender for sixteen years and has a master's degree in social work. She has represented Ms. Hassan since 2018 and typically speaks to her at least once per week. In her experience, Ms. Hassan has been unable to retain the information she explains to her from one conversation to another. Ms. Hassan ruminates and focuses on her housing situation and counsel must repeat the same conversation over and over. Ms. Skrzeczkoski explained, in the 3 years of representing Ms. Hassan, she has never been able to get past the basics of explaining the charges and move onto other issues in the case. Ms. Skrzeczkoski explained that the skills she frequently uses with other clients, simplifying legal terms and rephrasing, have not worked in her consultation with Ms. Hassan. Her answers are always non-responsive and tangential. They have never been able to discuss possible defenses or witnesses. She does not believe Ms. Hassan would have the ability to testify on her own behalf. While defense counsel agrees that presently Ms. Hassan is psychiatrically stable, she does not believe she has the ability to consult with counsel or participate in her defense.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**Case No. 27-CR-18-19274**
State of MN vs IFRAH ABDULL HASSAN
Filing Type:    ·Findings of Fact, Conclusions of Law and Order·
Filing Date:    **2022-02-25**
27-CR-18-19274_Findings of Fact, Conclusions of Law and Order_2022-02-25.pdf
File Hash:    cc8588ab60d798420df614751565dc8ff95b551ec583c68f00b5bdb48db6d50b
Page: 7 of 8      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

27-CR-18-19274

Filed in District Court
State of Minnesota
2/25/2022 1:13 PM

## LEGAL CONCLUSIONS

Rule 20.01 of the Minnesota Rules of Criminal Procedure requires the court to find that the defendant is not competent unless the greater weight of the evidence shows that the defendant is competent. Minn.R.Crim.P. Rule 20.01, subd. 5 (c). A defendant is not competent if, due to mental illness or cognitive impairment he is unable to "(a) rationally consult with counsel or (b) understand the proceedings or participate in the defense." *Id.*, subd. 2. This rule codifies the well-settled test for competency established by the Supreme Court. *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960); *Drope v. Missouri*, 420 U.S. 162, 171-172, 95 S.Ct. 896, 903-904, 43 L.Ed.2d 103 (1975). Thus, to be competent, a defendant must be able to (1) consult with a lawyer with a reasonable degree of rational understanding; (2) otherwise assist in the defense, (3) have a rational understanding of the criminal proceedings and (4) have a factual understanding of the proceedings. The determination of whether a defendant is able to rationally consult with the defense attorney or understand and participate in the proceedings turns on the facts of each case. Foremost, throughout the criminal proceedings the trial court must be mindful of its protective duty to ensure that a defendant is competent to proceed. See *State v. Bauer*, 245 N.W.2d 848, 852 (Minn. 1976) (ruling that the court should have conducted further inquiry into the important matter of defendant's competency). It is the State's burden, by a preponderance of the evidence, to prove that a defendant is competent. *State v. Curtis*, 921 N.W.2d 342, 348 (2018).

In the Court's order dated September 4, 2020, the Court concurred with Dr. Lewis that at the time his report was filed in April of 2020, prior to Ms. Hassan's provisional discharge to the community, she likely was competent to proceed. After her release into the community, Ms. Hassan's mental health significantly decompensated due to non-compliance with medication and a return to substance use. For these reasons, the Court entered a finding of incompetency. Since that time, Dr. Bruss has had the ability to evaluate Ms. Hassan twice over the course of six months. In her first evaluation filed in March of 2021, she offered an opinion of incompetent, noting that while Ms. Hassan demonstrated some factual understanding of her charges and the legal system, she did not have a rational understanding of her cases, the seriousness of her case, or the ability to consult with her attorney. Dr. Bruss also noted that if

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 49**

Case No. 27-CR-18-19274
State of MN vs IFRAH ABDULL HASSAN
Filing Type:    ·Findings of Fact, Conclusions of Law and Order·
Filing Date:    **2022-02-25**
27-CR-18-19274_Findings of Fact, Conclusions of Law and Order_2022-02-25.pdf
File Hash:    cc8588ab60d798420df614751565dc8ff95b551ec583c68f00b5bdb48db6d50b
Page: 8 of 8        [ source file ]        [ .ots timestamp of source file ]        [ pdf signatures ]        [ metadata ]

27-CR-18-19274

Filed in District Court
State of Minnesota
2/25/2022 1:13 PM

testimony was required, Ms. Hassan would not have the capacity to relevantly answer questions posed by either party. Dr. Bruss subsequently evaluated Ms. Hassan in August of 2021 and found her presentation significantly improved to the extent that she now offers an opinion of competent. The Court finds Dr. Bruss's opinion that Ms. Hassan has been restored to competency persuasive. Dr. Bruss has detailed evidence establishing that Ms. Hassan's ability to understand the proceedings and relevantly respond to questions has shown marked improvement. Dr. Bruss's ability to rationally communicate with Ms. Hassan regarding her case and the legal process was significantly improved from prior evaluations. Ms. Hassan is psychiatrically stable. The Court recognizes, as noted by Dr. Bruss, that counsel's consultation with Ms. Hassan will require re-phrasing and repeat explanations. The Court recognizes this presents significant challenges to defense counsel, but these challenges do not render Ms. Hassan incompetent. The Court will need to allow defense counsel opportunities to recess during proceedings to have the time to explain the proceedings and consult with her client.

Based on the totality of the above noted facts, the Court finds that the State has proven by the greater weight of the evidence that Ms. Hassan is able to rationally consult with counsel, understand the proceedings, and participate in her defense. Therefore, the Court finds that the defendant, Ms. Hassan, is **COMPETENT**.

By the Court,

Dated: 2/25/2022_____

_____
Lisa K. Janzen
Judge of District Court

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/.file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

EXHIBIT NEH-1 | p. 50

# Findings of Fact, Conclusions of Law and Order

## 2022-02-25    Minnesota Fourth Judicial District Court,  Case No. 27-CR-20-423

---

### DOCUMENT METADATA

| | |
|---|---|
| File: | 27-CR-20-423_Findings of Fact, Conclusions of Law and Order_2022-02-25.pdf |
| File Size: | 424 KiB |
| Author: | **Nehring, Alisha; Nehring; Alisha** |
| Create Date: | 2022:02:25 13:10:37-06:00 |
| Modify Date: | 2024:04:30 08:48:08-05:00 |
| XMP Toolkit: | Adobe XMP Core 5.1.0-jc003 |
| Producer: | Microsoft® Word for Microsoft 365; modified using iText® 7.1.16 ©2000-2021 iText Group NV (Minnesota Judicial Branch; licensed version) |
| Creator Tool: | Microsoft® Word for Microsoft 365 |
| Metadata Date: | 2022:02:25 14:54:11-06:00 |
| Document ID: | uuid:08BD32A3-9135-4509-9023-0B68453EE1FF |
| Instance ID: | uuid:2c4dbc65-4497-44b3-ac2d-e1936bf062aa |
| Creator: | **Nehring, Alisha, Nehring, Alisha** |
| Page Count: | 8 |

---

### DOCUMENT DIGITAL SIGNATURES

**Signature #1:**

Signer Certificate Common Name: **Minnesota Court Records Online (MCRO) Watermark**

Signer full Distinguished Name: **CN=Minnesota Court Records Online (MCRO) Watermark,O=State of MN Judicial Branch**

Signing Time: **Apr 30 2024 08:48:08**

Signing Hash Algorithm: SHA-256

Signature Type: adbe.pkcs7.detached

Signed Ranges: [0 - 412191], [428577 - 434165]

**Total document signed**

Signature Validation: **SIGNATURE IS VALID**

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 51**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

**Case No. 27-CR-20-423**
State of MN vs Ifrah Abdullahi Hassan
Filing Type:   ·Findings of Fact, Conclusions of Law and Order·
Filing Date:   **2022-02-25**
27-CR-20-423_Findings of Fact, Conclusions of Law and Order_2022-02-25.pdf
File Hash:    6cc0348dfd8fd56bd7256697241675729ef5a88f5b7bd17fd2a912f62ec40fdd
Page: 1 of 8      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

27-CR-20-423

Filed in District Court
State of Minnesota
2/25/2022 1:15 PM

State of Minnesota                                   District Court

County of Hennepin                            Fourth Judicial District

---

State of Minnesota,

Judge Lisa K. Janzen
Case Type: Criminal

Plaintiff,

**FINDINGS OF FACT AND
CONCLUSIONS OF LAW
REGARDING DEFENDANT'S
COMPETENCY TO PROCEED**

v.

Ifrah Abdull Hassan,
        Defendant.

Case Numbers:   27-CR-18-19274
27CR-20-423; 27-CR-21-5661

---

The above-entitled matter came before Lisa K. Janzen, Judge of District Court, on December 16, 2021, and January 28, 2022, for a competency hearing. Andrew Johnson, Assistant Hennepin County Attorney, appeared for the State. Lisa Skrzeczkoski appeared on behalf of the Defendant, Ifrah Hassan, who was personally present. Stephanie Bruss, Psy.D., LP, testified and the court received her report dated August 30, 2021 (Ex. 2) and her Curriculum Vitae (Ex. 1). The Defendant also provided the testimony of Dotti Lynch, Ms. Hassan's Behavioral Health Case Manager and the testimony Lisa Skrzeczkoski, defense counsel. The Court took the matter under advisement. Based upon the arguments presented and all the files and records herein, the Court orders as follows:

1.  Defendant is **COMPETENT** to proceed.

**PROCEDURAL HISTORY AND FINDINGS OF FACT**

In file number 27-CR-18-19274 Ms. Hassan is charged with one count of Threats of Violence arising from an incident alleged to have occurred on June 27, 2018. On August 28, 2018, the Court found Ms. Hassan incompetent to stand trial. Ms. Hassan was subsequently committed as Mentally Ill and Chemically Dependent. Findings of incompetency based on subsequent evaluations were also entered on this file in February 2019 and October of 2019.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 52**

Case No. 27-CR-20-423
State of MN vs Ifrah Abdullahi Hassan
Filing Type:    ·Findings of Fact, Conclusions of Law and Order·
Filing Date:    **2022-02-25**
27-CR-20-423_Findings of Fact, Conclusions of Law and Order_2022-02-25.pdf
File Hash:    6cc0348dfd8fd56bd7256697241675729ef5a88f5b7bd17fd2a912f62ec40fdd
Page: 2 of 8     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

27-CR-20-423

Filed in District Court
State of Minnesota
2/25/2022 1:15 PM

Subsequently, Ms. Hassan was charged in file 27-CR-20-423 with 2nd Degree Aggravated Robbery from an incident alleged to have occurred on January 3, 2020.  On January 7, 2020, probable cause was found and a Rule 20.01 evaluation was ordered.  Dr. Shannon Garrity completed a 20.01 evaluation of the defendant which was filed February 12, 2020, opining that Ms. Hassan was not competent.  Dr. Garrity noted previous diagnoses of Schizophrenia and Schizoaffective Disorder, as well as prior civil commitments, numerous hospitalizations, and facility placements.  Dr. Garrity noted that during the interview Ms. Hassan demonstrated unusual behaviors.  While she appeared to understand basic aspects of her charges and courtroom proceedings, her disorganization of thought and difficulty tracking the content of the interview were of sufficient severity to render her incompetent to proceed. This finding was entered on February 18, 2020.

Ms. Hassan was again civilly committed and admitted to the State Forensic Mental Health Program (formerly Competency Restoration) on February 26, 2020.  Ms. Hassan responded favorably to psychotropic medication and participation in treatment groups during her hospitalization.  Her psychiatric provider noted in late March that Ms. Hassan was psychiatrically stable and did not appear to be experiencing symptoms of psychosis or delusional ideation.

Dr. Lewis met with Ms. Hassan on April 7, 2020, at the Forensic Mental Health Program.  Due to the Pandemic, interpreter services were only available via a telephonic service.  Over a two day period Dr. Lewis was unable to connect with this service.  Ms. Hassan requested that the interview proceed without the services of an interpreter.  During the interview Ms. Hassan's memory functioning appeared grossly intact and she did not present with impairment of attention or concentration.  She did not demonstrate difficulty tracking the discussion.  Ms. Hassan acknowledged a history of auditory and visual hallucination and paranoid ideation but acknowledged that her symptoms of psychosis stopped when she began taking her medication.  Dr. Lewis noted that she did not present with symptoms of psychosis, disorganized thought or delusional ideation.  Dr. Lewis provided diagnoses of Schizoaffective Disorder and Substance Use Disorders.  Dr. Lewis indicated Ms. Hassan demonstrated adequate factual understanding of the legal system and the charge against her.  She also demonstrated an ability to

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

Case No. 27-CR-20-423
State of MN vs Ifrah Abdullahi Hassan
Filing Type:   ·Findings of Fact, Conclusions of Law and Order·
Filing Date:   **2022-02-25**
27-CR-20-423_Findings of Fact, Conclusions of Law and Order_2022-02-25.pdf
File Hash:      6cc0348dfd8fd56bd7256697241675729ef5a88f5b7bd17fd2a912f62ec40fdd
Page: 3 of 8      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

27-CR-20-423

Filed in District Court
State of Minnesota
2/25/2022 1:15 PM

rationally consult with her attorney. She was aware of the roles of courtroom personnel, trial procedures and her rights in the criminal justice system. She was unable to adequately define a plea bargain. She expressed a willingness to work with defense counsel. Dr. Lewis noted that her presentation during the April 2020 interview and his interview with her in September of 2019 was night and day. He noted he previously opined her incompetent in September of 2019. On April 13, 2020, Dr. Lewis filed a report with the court opining that Ms. Hassan had regained the capacity to proceed. He noted her competency is contingent upon continued compliance with psychotropic medication and abstinence from alcohol and drugs. He noted her history of absconding after being discharged into the community.

Subsequently DHS provisionally discharged Ms. Hassan to the community. Ms. Hassan's mental health decompensated rapidly after her release and she was re-hospitalized at Forensic Mental Health. After achieving psychiatric stability she was again discharged to the community and subsequently re-hospitalized. Believing that Ms. Hassan was no longer competent to proceed, defense counsel requested a contested hearing. The matter was set for a hearing on June 8th. However, this hearing was delayed due to the Pandemic, as Forensic Mental Health was unable to allow transport of Ms. Hassan to the Hennepin County Government Center for a hearing. Ms. Hassan was subsequently released to the community and a hearing was held on August 6, 2020.

During the hearing defense counsel, Lisa Skrzeczkoski, testified that since her release from Forensic Mental Health Ms. Hassan has been unable to remember conversations with her from the day before and overall has been unable to have rational discussions about her case. Ms. Skrzeczkoski testified that on the day of the hearing, in discussions with defense counsel, Ms. Hassan did not understand what a witness was nor was she able to communicate what counsel had explained to her just minutes earlier. After hearing testimony, the Court took the matter under advisement and entered an order on September 4, 2020, finding Ms. Hassan incompetent to proceed.

Subsequently a competency evaluation, dated March 1, 2021, was filed by Stephanie Bruss, Psy.D., LP, on behalf of Hennepin Psychological Services. The evaluation offered an opinion of incompetent to proceed. The parties did not contest this opinion and a finding of incompetency was

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

EXHIBIT NEH-1 | p. 54

**Case No. 27-CR-20-423**
State of MN vs Ifrah Abdullahi Hassan
Filing Type:   ·Findings of Fact, Conclusions of Law and Order·
Filing Date:   **2022-02-25**
27-CR-20-423_Findings of Fact, Conclusions of Law and Order_2022-02-25.pdf
File Hash:   6cc0348dfd8fd556bd7256697241675729ef5a88f5b7bd17fd2a912f62ec40fdd
Page: 4 of 8       [ source file ]       [ .ots timestamp of source file ]       [ pdf signatures ]       [ metadata ]

27-CR-20-423

Filed in District Court<br>
State of Minnesota<br>
2/25/2022 1:15 PM

entered by the court on March 9, 2021. Dr. Bruss completed a six-month competency review evaluation filed with the court on August 30, 2021, offering an opinion of competent. The Defendant contests this opinion and argues that the Defendant remains incompetent to proceed.

In preparing her most recent evaluation, Dr. Bruss interviewed Ms. Hassan on August 19, 2021, via video. During the forty-five-minute interview, Ms. Hassan was located at her group home residence in Mankato. Dr. Bruss noted Ms. Hassan was calm, pleasant, oriented, and no major symptoms of mental illness were observed. Dr. Bruss testified that Ms. Hassan appeared psychiatrically stable. Dr. Bruss reviewed updated records from AMRTC and Ms. Hassan's current community psychiatric providers at Blue Earth Mental Health. Records from May of 2021 to August of 2021 indicated that since Ms. Hassan's provisional discharge from AMRTC to the group home she has been devoid of psychiatric symptoms, has been compliant with medications and has abstained from substance use, except for one incident in July of 2021. Records show medication compliance since July 13, 2021. Dr. Bruss noted that in previous competency evaluations Ms. Hassan had not been medication compliant. Dr. Bruss provided the same diagnoses as in her past evaluations: Schizoaffective Disorder vs. Bipolar 1 Disorder with Psychotic Features and multiple substance abuse disorders.

Regarding competency, Dr. Bruss opined that Ms. Hassan appeared to understand the nature of her charges and that she had a basic understanding of the roles of court personnel. Ms. Hassan expressed that she trusts her attorney. She stated she understood that the judge is "the boss" and will listen to both sides before making decisions. When discussing potential penalties, like probation, she correctly described probation (e.g., "have to check on you every month, check on your place, show up every month, give your number, address, have an officer check on you.") She also said someone can be "arrested" if they violate probation. Additionally, she appeared to understand the serious nature of the charges and expressed fear of the consequences she would face if convicted. She was able to state that a guilty plea means, "that you did the crime" and a plea of not guilty means "I didn't do the crime." When asked how she might want to proceed with her case, Ms. Hassan was able to offer various ideas, which were logical, self-serving, and well-reasoned. For example, when asked about a hypothetical plea bargain that involved

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 55**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

**Case No. 27-CR-20-423**
State of MN vs Ifrah Abdullahi Hassan
Filing Type:  ·Findings of Fact, Conclusions of Law and Order·
Filing Date:  **2022-02-25**
27-CR-20-423_Findings of Fact, Conclusions of Law and Order_2022-02-25.pdf
File Hash:    6cc0348dfd8fd56bd7256697241675729ef5a88f5b7bd17fd2a912f62ec40fdd
Page: 5 of 8      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

27-CR-20-423

Filed in District Court
State of Minnesota
2/25/2022 1:15 PM

probation, she stated she does not want to be on probation because "I want to bring my husband and my mom here, I don't want probation, if I do probation I cannot go out of the country." Ms. Hassan was at times preoccupied with not wanting any punishment at all, yet she was able to acknowledge the possibility of having a punishment and incarceration. However, Dr. Bruss agreed that Ms. Hassan was not able to express a more in depth understanding of the pros and cons going to trial versus accepting a plea bargain.

Dr. Bruss noted that Ms. Hassan does have some limitations in understanding and that redirection and rephrasing was necessary during her interview, noting there were occasions when she had to repeat or re-word questions as Ms. Hassan did not seem to understand what she was asking. This was most notable when she would respond in English before the interpreter had a chance to assist. With the questions re-worded, and with the assistance of the interpreter, Ms. Hassan was generally able to answer questions relevantly. Dr. Bruss noted, that in contrast to prior evaluations, Ms. Hassan was able to engage in productive discussions. Dr. Bruss testified that her previous concerns regarding possible cognitive impairment were likely due to substance use and that historically there are not diagnoses of cognitive impairment nor did she have these concerns during the latest interviews.

In reaching this opinion, however, Dr. Bruss did not discuss competency concerns with defense counsel. Nor did she speak with the staff at Ms. Hassan's group home or with her case manager concerning her current functioning or the daily supports that she requires. At the request of defense counsel, Dr. Bruss re-interviewed Ms. Hassan a few days prior to the contested hearing. Dr. Bruss testified this conversation did not alter her opinion of competency, stating she believes Ms. Hassan continues to demonstrate psychiatric stability and an understanding of the legal proceedings. Dr. Bruss explained the difference in Ms. Hassan's presentation and understanding from the prior evaluation. She testified that during the August 2021 interview and on the day of the competency hearing, Ms. Hassan was the most stable she has ever seen her. She attributes the restoration to competency to medication compliance and abstaining from substance use. Dr. Bruss's competency opinion offered to the court is that Ms. Hassan has a simplistic but rational understanding of the court process and that her reasoning does not appear to

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**Case No. 27-CR-20-423**
State of MN vs Ifrah Abdullahi Hassan
Filing Type:    ·Findings of Fact, Conclusions of Law and Order·
Filing Date:    **2022-02-25**
27-CR-20-423_Findings of Fact, Conclusions of Law and Order_2022-02-25.pdf
File Hash:    6cc0348dfd8fd56bd7256697241675729ef5a88f5b7bd17fd2a912f62ec40fdd
Page: 6 of 8      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

27-CR-20-423

Filed in District Court
State of Minnesota
2/25/2022 1:15 PM

be influenced by psychiatric symptoms. Dr. Bruss opined that with redirection and rephrasing information in simple terms Ms. Hassan should have the ability to rationally consult with counsel and participate in her defense.

Dotti Lynch, Ms. Hassan's Hennepin County Behavioral Health Case manager testified on behalf of Ms. Hassan. Ms. Lynch explained that Ms. Hassan requires placement in an Adult Foster Care facility where she has 24/7 supervision. She requires assistance with medication and money management, hygiene, assistance with opening mail and completing paperwork, and other basic life and problem-solving skills. Ms. Lynch explained that Ms. Hassan has difficulty retaining information between conversations. She also must use simplistic terms and re-explain many things multiple times. Ms. Lynch believes that Ms. Hassan does have the ability to make some very simple decisions on her own, such as what to eat, but she does not have the ability to follow rules, maintain a schedule, nor does she possess rational decision-making abilities.

Defense counsel, Lisa Skrzeczkoski testified regarding the difficulties she has communicating with her client. Ms. Skrzeczkoski has been a public defender for sixteen years and has a master's degree in social work. She has represented Ms. Hassan since 2018 and typically speaks to her at least once per week. In her experience, Ms. Hassan has been unable to retain the information she explains to her from one conversation to another. Ms. Hassan ruminates and focuses on her housing situation and counsel must repeat the same conversation over and over. Ms. Skrzeczkoski explained, in the 3 years of representing Ms. Hassan, she has never been able to get past the basics of explaining the charges and move onto other issues in the case. Ms. Skrzeczkoski explained that the skills she frequently uses with other clients, simplifying legal terms and rephrasing, have not worked in her consultation with Ms. Hassan. Her answers are always non-responsive and tangential. They have never been able to discuss possible defenses or witnesses. She does not believe Ms. Hassan would have the ability to testify on her own behalf. While defense counsel agrees that presently Ms. Hassan is psychiatrically stable, she does not believe she has the ability to consult with counsel or participate in her defense.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 57**

Case No. 27-CR-20-423
State of MN vs Ifrah Abdullahi Hassan
Filing Type:  ·Findings of Fact, Conclusions of Law and Order·
Filing Date:  **2022-02-25**
27-CR-20-423_Findings of Fact, Conclusions of Law and Order_2022-02-25.pdf
File Hash:   6cc0348dfd8fd56bd7256697241675729ef5a88f5b7bd17fd2a912f62ec40fdd
Page: 7 of 8   [ source file ]   [ .ots timestamp of source file ]   [ pdf signatures ]   [ metadata ]

27-CR-20-423

Filed in District Court
State of Minnesota
2/25/2022 1:15 PM

## LEGAL CONCLUSIONS

Rule 20.01 of the Minnesota Rules of Criminal Procedure requires the court to find that the defendant is not competent unless the greater weight of the evidence shows that the defendant is competent. Minn.R.Crim.P. Rule 20.01, subd. 5 (c). A defendant is not competent if, due to mental illness or cognitive impairment he is unable to "(a) rationally consult with counsel or (b) understand the proceedings or participate in the defense." *Id.*, subd. 2. This rule codifies the well-settled test for competency established by the Supreme Court. *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960); *Drope v. Missouri*, 420 U.S. 162, 171-172, 95 S.Ct. 896, 903-904, 43 L.Ed.2d 103 (1975). Thus, to be competent, a defendant must be able to (1) consult with a lawyer with a reasonable degree of rational understanding; (2) otherwise assist in the defense, (3) have a rational understanding of the criminal proceedings and (4) have a factual understanding of the proceedings. The determination of whether a defendant is able to rationally consult with the defense attorney or understand and participate in the proceedings turns on the facts of each case. Foremost, throughout the criminal proceedings the trial court must be mindful of its protective duty to ensure that a defendant is competent to proceed. See *State v. Bauer*, 245 N.W.2d 848, 852 (Minn. 1976) (ruling that the court should have conducted further inquiry into the important matter of defendant's competency). It is the State's burden, by a preponderance of the evidence, to prove that a defendant is competent. *State v. Curtis*, 921 N.W.2d 342, 348 (2018).

In the Court's order dated September 4, 2020, the Court concurred with Dr. Lewis that at the time his report was filed in April of 2020, prior to Ms. Hassan's provisional discharge to the community, she likely was competent to proceed. After her release into the community, Ms. Hassan's mental health significantly decompensated due to non-compliance with medication and a return to substance use. For these reasons, the Court entered a finding of incompetency. Since that time, Dr. Bruss has had the ability to evaluate Ms. Hassan twice over the course of six months. In her first evaluation filed in March of 2021, she offered an opinion of incompetent, noting that while Ms. Hassan demonstrated some factual understanding of her charges and the legal system, she did not have a rational understanding of her cases, the seriousness of her case, or the ability to consult with her attorney. Dr. Bruss also noted that if

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**Case No. 27-CR-20-423**
State of MN vs Ifrah Abdullahi Hassan
Filing Type:   ·Findings of Fact, Conclusions of Law and Order·
Filing Date:   **2022-02-25**
27-CR-20-423_Findings of Fact, Conclusions of Law and Order_2022-02-25.pdf
File Hash:   6cc0348dfd8fd56bd7256697241675729ef5a88f5b7bd17fd2a912f62ec40fdd
Page: 8 of 8      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

27-CR-20-423

Filed in District Court
State of Minnesota
2/25/2022 1:15 PM

testimony was required, Ms. Hassan would not have the capacity to relevantly answer questions posed by either party. Dr. Bruss subsequently evaluated Ms. Hassan in August of 2021 and found her presentation significantly improved to the extent that she now offers an opinion of competent.  The Court finds Dr. Bruss's opinion that Ms. Hassan has been restored to competency persuasive.  Dr. Bruss has detailed evidence establishing that Ms. Hassan's ability to understand the proceedings and relevantly respond to questions has shown marked improvement.  Dr. Bruss's ability to rationally communicate with Ms. Hassan regarding her case and the legal process was significantly improved from prior evaluations.  Ms. Hassan is psychiatrically stable.  The Court recognizes, as noted by Dr. Bruss, that counsel's consultation with Ms. Hassan will require re-phrasing and repeat explanations.  The Court recognizes this presents significant challenges to defense counsel, but these challenges do not render Ms. Hassan incompetent. The Court will need to allow defense counsel opportunities to recess during proceedings to have the time to explain the proceedings and consult with her client.

Based on the totality of the above noted facts, the Court finds that the State has proven by the greater weight of the evidence that Ms. Hassan is able to rationally consult with counsel, understand the proceedings, and participate in her defense.  Therefore, the Court finds that the defendant, Ms. Hassan, is **COMPETENT**.

By the Court,

Dated: 2/25/2022

_____
Lisa K. Janzen
Judge of District Court

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 59**

# Findings of Fact, Conclusions of Law and Order

## 2024-04-26        Minnesota Fourth Judicial District Court,  Case No. 27-CR-23-21403

### DOCUMENT METADATA

| | |
|---|---|
| File: | 27-CR-23-21403_Findings of Fact, Conclusions of Law and Order_2024-04-26.pdf |
| File Size: | 435 KiB |
| Author: | **Nehring, Alisha; Nehring; Alisha** |
| Create Date: | 2024:04:25 17:32:42-05:00 |
| Modify Date: | 2024:04:30 07:49:33-05:00 |
| XMP Toolkit: | Adobe XMP Core 5.1.0-jc003 |
| Producer: | Microsoft® Word for Microsoft 365; modified using iText® 7.1.16 ©2000-2021 iText Group NV (Minnesota Judicial Branch; licensed version) |
| Creator Tool: | Microsoft® Word for Microsoft 365 |
| Document ID: | uuid:710327DF-0E2A-4B3C-BD9E-3222F4165A94 |
| Instance ID: | uuid:710327DF-0E2A-4B3C-BD9E-3222F4165A94 |
| Title: | Contested Competency for David Ekers (incompetent) (parties claim comp but drs claim incomp) |
| Creator: | **Nehring, Alisha, Nehring, Alisha** |
| Page Count: | 9 |

### DOCUMENT DIGITAL SIGNATURES

**Signature #1:**

Signer Certificate Common Name: **Browne, Michael**
Signer full Distinguished Name: **CN="Browne, Michael",E=Michael.Browne@courts.state.mn.us,O=Minnesota Judicial**
Signing Time: Apr 25 2024 17:35:57
Signing Hash Algorithm: SHA-256
Signature Type: ETSI.CAdES.detached
Signed Ranges: [0 - 145781], [151781 - 164950]
Not total document signed
Signature Validation: **SIGNATURE IS VALID**

**Signature #2:**

Signer Certificate Common Name: **ESolutions Development Certificate Authority**
Signer full Distinguished Name: **CN=ESolutions Development Certificate Authority**
Signing Time: Apr 26 2024 15:01:48
Signing Hash Algorithm: SHA-256
Signature Type: ETSI.CAdES.detached
Signed Ranges: [0 - 165380], [181766 - 220804]
Not total document signed
Signature Validation: **SIGNATURE IS VALID**

**Signature #3:**

Signer Certificate Common Name: **Minnesota Court Records Online (MCRO) Watermark**
Signer full Distinguished Name: **CN=Minnesota Court Records Online (MCRO) Watermark,O=State of MN Judicial Branch**
Signing Time: **Apr 30 2024 07:49:33**
Signing Hash Algorithm: SHA-256
Signature Type: adbe.pkcs7.detached
Signed Ranges: [0 - 422795], [439181 - 444949]
**Total document signed**
Signature Validation: **SIGNATURE IS VALID**

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 60**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

**Case No. 27-CR-23-21403**
State of MN vs PETER JAHAN LEHMEYER
Filing Type:   ·Findings of Fact, Conclusions of Law and Order·
Filing Date:   **2024-04-26**
27-CR-23-21403_Findings of Fact, Conclusions of Law and Order_2024-04-26.pdf
File Hash:      f8d79ed031640aa17d29a29a8eb2c31dc8c4940b05b75e175be7efd98e222166
Page: 1 of 9      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

|  |  |
|---|---|
| | Judge Michael K. Browne |
| State of Minnesota, | Case Type: Criminal |
| Plaintiff, | |
| | **FINDINGS OF FACT AND** |
| v. | **CONCLUSIONS OF LAW** |
| | **REGARDING DEFENDANT'S** |
| | **COMPETENCY TO PROCEED** |
| Peter Jahan Lehmeyer, | |
| Defendant. | Case File Numbers: |
| | 27-CR-23-21403, 27-CR-24-385 |

### APPEARANCES

The above-entitled matter came before the Honorable Michael K. Browne, Judge of District Court, on April 11, 2024, for an evidentiary hearing upon the Defense's objection to the incompetency opinion rendered by Elizabeth J. Barbo, Ph.D., L.P., in her report dated February 1, 2024. The Court is chambered at the Hennepin County Government Center, 300 South Sixth Street, Minneapolis, Minnesota.

Steven M. Tallen, Esq., appeared for the State. Julia M. Inz, Assistant Hennepin County Public Defender, appeared on behalf of the Defendant. Mr. Lehmeyer (the Defendant) appeared out of custody.

1

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 61**

**Case No. 27-CR-23-21403**
State of MN vs PETER JAHAN LEHMEYER
Filing Type:    ·Findings of Fact, Conclusions of Law and Order·
Filing Date:    **2024-04-26**
27-CR-23-21403_Findings of Fact, Conclusions of Law and Order_2024-04-26.pdf
File Hash:    f8d79ed031640aa17d29a29a8eb2c31dc8c4940b05b75e175be7efd98e222166
Page: 2 of 9    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

### EVIDENCE IN THE PROCEEDING

The Court received two exhibits into evidence: Dr. Elizabeth J. Barbo's Report dated February 1, 2024 (Ex. 1)[1]; and Dr. Elizabeth J. Barbo's Curriculum Vitae (Ex. 2). Mr. Lehmeyer and Dr. Elizabeth J. Barbo testified. After hearing arguments of counsel, the Court took the matter of Defendant's competency under advisement.

### PROCEDURAL HISTORY

The Defendant, Mr. Lehmeyer, is charged with one count of driving after cancellation – inimical to public safety (Gross Misdemeanor) arising from an incident alleged to have occurred on October 6, 2023 (27-CR-23-21403). Mr. Lehmeyer is also charged with one count of driving after cancellation – inimical to public safety (Gross Misdemeanor) arising from an incident alleged to have occurred on December 29, 2023 (27-CR-24-385).

On October 9, 2023, Mr. Lehmeyer made his first appearance in Court, where the Court determined that he qualified for the services of a public defender. Also on October 9, 2023, the Honorable Edward Wahl, Judge of District Court, ordered Defendant to undergo an Evaluation for Competency to Proceed (Rule 20.01). Judge Wahl found probable cause and ordered a Rule 20.01 evaluation to determine if Mr. Lehmeyer was competent to proceed.

---

[1] Attorney Inz objected to the admission of Exhibit 1 on behalf of Mr. Lehmeyer. However, the Court overruled this objection and Exhibit 1 was received into evidence.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 62**

**Case No. 27-CR-23-21403**
State of MN vs PETER JAHAN LEHMEYER
Filing Type:  ·Findings of Fact, Conclusions of Law and Order·
Filing Date:  **2024-04-26**
27-CR-23-21403_Findings of Fact, Conclusions of Law and Order_2024-04-26.pdf
File Hash:  f8d79ed031640aa17d29a29a8eb2c31dc8c4940b05b75e175be7efd98e222166
Page: 3 of 9  [ source file ]  [ .ots timestamp of source file ]  [ pdf signatures ]  [ metadata ]

Elizabeth J. Barbo, Ph.D., L.P., was assigned to complete the evaluation of the Defendant. She filed her report on February 1, 2024. Dr. Barbo opined that Mr. Lehmeyer was incompetent, as she concluded that his "refusal to participate in the examination is likely due to his untreated mental illness." Ex. 1, p. 8. Dr. Barbo provided the diagnoses of unspecified schizophrenia spectrum and other psychotic disorder rule out: substance induced psychotic disorder vs. delusional disorder; stimulant use disorder (methamphetamine), severe; alcohol use disorder, severe; cannabis use disorder, severity unknown; opioid use disorder, severity unknown; and borderline personality disorder. *Id*. Additionally, she concluded that "[Mr. Lehmeyer] may be an appropriate candidate for civil commitment if he is determined to be incompetent to proceed." *Id*. at 9.

The hearing on competency was held on April 11, 2024, at which time the Defense argued that the Court should find Mr. Lehmeyer competent to proceed with the criminal trial. Based upon the arguments presented and all the files and records herein, the Court orders as follows:

### FINDINGS OF FACT

The Court's findings are based on the information and opinions provided by Elizabeth J. Barbo, Ph.D., L.P. in her Rule 20 Evaluation Report dated February 1, 2024 (Ex. 1), and on the testimony of Mr. Lehmeyer and Dr. Elizabeth J. Barbo.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 63**

Case No. 27-CR-23-21403
State of MN vs PETER JAHAN LEHMEYER
Filing Type: ·Findings of Fact, Conclusions of Law and Order·
Filing Date: **2024-04-26**
27-CR-23-21403_Findings of Fact, Conclusions of Law and Order_2024-04-26.pdf
File Hash: f8d79ed031640aa17d29a29a8eb2c31dc8c4940b05b75e175be7efd98e222166
Page: 4 of 9 [ source file ] [ .ots timestamp of source file ] [ pdf signatures ] [ metadata ]

It is the position of the Defense that Mr. Lehmeyer has the requisite capacity to proceed in his criminal matters. Mr. Lehmeyer's testimony did indicate some understanding of court proceedings. For instance, he testified to his understanding of the following: penalties; having a jury trial or a bench trial; that the prosecutor could present evidence (which he noted generally occurs during the Omnibus hearing); and plea negotiations. However, throughout his testimony, Mr. Lehmeyer required several prompts from the Court to answer the questions posed by his attorney without changing topic. It appeared difficult for him to follow these instructions and he often required redirection. Mr. Lehmeyer frequently rambled (after answering the question) about information unrelated to the question itself. For instance, in one response he began referencing a publication of the Supreme Court. After Mr. Lehmeyer's testimony concluded, he also raised his hand to speak again during other parts of the proceeding.

The Court next received testimony from Dr. Barbo. Dr. Barbo credibly opines that Mr. Lehmeyer refused to participate in his evaluation due to mental illness and that Mr. Lehmeyer was incompetent to proceed. She credibly testified that her opinion had not changed. Dr. Barbo indicates that she has evaluated Mr. Lehmeyer as part of the Rule 20.01 process at least eight times, the first of which occurred in June 2018. Ex. 1, pp. 5–6, 8. Dr. Barbo conducted the most recent evaluation of Mr. Lehmeyer on February 1, 2024, which is the subject of these proceedings. *Id.* at 1.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 64**

Case No. 27-CR-23-21403
State of MN vs PETER JAHAN LEHMEYER
Filing Type:   ·Findings of Fact, Conclusions of Law and Order·
Filing Date:   **2024-04-26**
27-CR-23-21403_Findings of Fact, Conclusions of Law and Order_2024-04-26.pdf
File Hash:     f8d79ed031640aa17d29a29a8eb2c31dc8c4940b05b75e175be7efd98e222166
Page: 5 of 9     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

Dr. Barbo credibly testified that Mr. Lehmeyer presented as very intense and neutral in affect during their initial discussion, but that he then became more agitated and irritable. Significantly, Mr. Lehmeyer "would not discuss his use of alcohol or substances, any mental health treatment, or any additional personal information," which Dr. Barbo notes is consistent with previous interviews. *Id*. 3. Despite Mr. Lehmeyer's refusal to discuss his substance use or mental health treatment, Dr. Barbo's report details a lengthy history or both substance use and mental health concerns beginning in April 1996, including several attempts at treatment programs, hospital presentations, and a stayed civil commitment. *Id*. at 3–5. Additionally, Dr. Barbo credibly testified that Mr. Lehmeyer left at least five voicemails with Psychological Services that were more than five minutes in length. *See also id*. at 7. In these voicemails, Mr. Lehmeyer spoke quickly about irrelevant information, before "signing off." *Id*. Dr. Barbo also discussed these voicemails in her report, noting that there were seven voicemails in total all received between the hours of midnight and 3:00 a.m. on October 31, 2023. *Id*. "In these voicemails, [Mr. Lehmeyer] talked about court rules and statutes that are unrelated to his case and do not appear to exist and then provided his contact information." *Id*.

Url 1: link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/.file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
Url 4: drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 65**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

**Case No. 27-CR-23-21403**
State of MN vs PETER JAHAN LEHMEYER
Filing Type: ·Findings of Fact, Conclusions of Law and Order·
Filing Date: **2024-04-26**
27-CR-23-21403_Findings of Fact, Conclusions of Law and Order_2024-04-26.pdf
File Hash: f8d79ed031640aa17d29a29a8eb2c31dc8c4940b05b75e175be7efd98e222166
Page: 6 of 9 [ source file ] [ .ots timestamp of source file ] [ pdf signatures ] [ metadata ]

Dr. Barbo offered the following diagnoses of Mr. Lehmeyer: unspecified schizophrenia spectrum and other psychotic disorder rule out: substance induced psychotic disorder vs. delusional disorder; stimulant use disorder (methamphetamine), severe; alcohol use disorder, severe; cannabis use disorder, severity unknown; opioid use disorder, severity unknown; and borderline personality disorder. *Id*. at 8. She concluded that "[b]ased on the available data it [is] my opinion that Mr. Lehmeyer's refusal to participate in the examination is likely due to his untreated mental illness." *Id*. Dr. Barbo believes that Mr. Lehmeyer is experiencing symptoms of mental illness. *Id*. Specifically, Dr. Barbo reports that it is her belief that Mr. Lehmeyer's refusal to participate in the evaluation is "related to his irrational thought processes and his delusional belief systems." *Id*. She further reports that it could not be confirmed whether Mr. Lehmeyer was using substances, but notes that "[Mr. Lehmeyer] has had similar symptoms even when he had been free from substance use for an extended period of time." *Id*. Ultimately, Dr. Barbo states that "[w]ithout formal intervention to assist with medication management and sobriety it is unlikely [Mr. Lehmeyer] will be restored in the future." *Id*. She opines that Mr. Lehmeyer "may be an appropriate candidate for civil commitment if he is determined to be incompetent to proceed." *Id*. at 9.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 66**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

**Case No. 27-CR-23-21403**
State of MN vs PETER JAHAN LEHMEYER
Filing Type: ·Findings of Fact, Conclusions of Law and Order·
Filing Date: **2024-04-26**
27-CR-23-21403_Findings of Fact, Conclusions of Law and Order_2024-04-26.pdf
File Hash: f8d79ed031640aa17d29a29a8eb2c31dc8c4940b05b75e175be7efd98e222166
Page: 7 of 9     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

In summary, the Court finds the opinion and report of Dr. Barbo to be most persuasive regarding Mr. Lehmeyer's competency to proceed. The Court's observations of Mr. Lehmeyer, including his testimony, mirrored Dr. Barbo's observations of Mr. Lehmeyer in the time leading up to and during her evaluation, namely discussing irrelevant information. The Court is concerned that although Mr. Lehmeyer was able to exhibit some understanding of court proceedings in his testimony, this understanding may be superficial as he then turned to irrelevant information, such as that listed in his voicemails. Mr. Lehmeyer also continued to appear symptomatic, including displaying pressured speech. Given these behaviors, the Court finds that Mr. Lehmeyer lacks the ability to rationally consult with counsel, understand the proceedings, and participate in his defense. Therefore, the Court finds that the Defendant has not met his burden of proof.

### CONCLUSIONS OF LAW

"A defendant has a due process right not to be tried or convicted of a criminal charge if he or she is legally incompetent." *Bonga v. State*, 797 N.W.2d 712, 718 (Minn. 2011). Rule 20.01 of the Minnesota Rules of Criminal Procedure requires the district court to find a defendant not competent unless the greater weight of the evidence shows that the defendant is competent to proceed. MINN. R. CRIM. P. Rule 20.01, subd. 5 (c). A defendant is not competent if, due to mental illness or cognitive impairment he is unable to "(a) rationally consult with counsel or (b) understand the proceedings or participate in the defense." *Id.*, subd. 2.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 67**

**Case No. 27-CR-23-21403**
State of MN vs PETER JAHAN LEHMEYER
Filing Type:  ·Findings of Fact, Conclusions of Law and Order·
Filing Date:  **2024-04-26**
27-CR-23-21403_Findings of Fact, Conclusions of Law and Order_2024-04-26.pdf
File Hash:  f8d79ed031640aa17d29a29a8eb2c31dc8c4940b05b75e175be7efd98e222166
Page: 8 of 9  [ source file ]  [ .ots timestamp of source file ]  [ pdf signatures ]  [ metadata ]

The determination of whether a defendant is able to rationally consult with the defense attorney or understand and participate in the proceedings turns on the facts of each particular case. Moreover, factfinders, including district courts, are not required to accept an expert's testimony or recommendations. In a criminal case involving a mental-illness defense, the Minnesota Supreme Court noted that "the factfinder is not bound by expert psychiatric testimony and may reject it entirely, even when the only experts who testify support the defendant's assertion of a mental-illness defense." *State v. Roberts,* 876 N.W.2d 863, 868 (Minn. 2016).

Foremost, throughout the criminal proceedings the trial court must be mindful of its protective duty to ensure that a defendant is competent to proceed. *See State v. Bauer*, 245 N.W.2d 848, 852 (Minn. 1976) (ruling that the district court should have conducted further inquiry into the important matter of defendant's competency). The defendant bears the burden of proof in a contested competency proceeding under MINN. R. CRIM. P. 20.01 when the defendant asserts their own competence. *See State v. Thompson*, 988 N.W.2d 149, 158 (Minn. 2023).

The evidence presented shows that Dr. Barbo has diagnosed Mr. Lehmeyer with unspecified schizophrenia spectrum and other psychotic disorders, along with several other mental illnesses. Based on the totality of the information before the Court, the Court finds that the greater weight of the evidence demonstrates that because of the mental illnesses diagnosed by Dr. Barbo, Mr. Lehmeyer presently does not have the ability to rationally consult with counsel, understand the proceedings, and participate in his defense. The Court found both Dr. Barbo's written reports, in combination with her testimony, to be highly credible and persuasive. As a result, under *Anderson*, the Defense has not met its burden of proving, by a greater weight of the evidence, that Mr. Lehmeyer is competent.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 68**

**Case No. 27-CR-23-21403**
State of MN vs PETER JAHAN LEHMEYER
Filing Type:    ·Findings of Fact, Conclusions of Law and Order·
Filing Date:    **2024-04-26**
27-CR-23-21403_Findings of Fact, Conclusions of Law and Order_2024-04-26.pdf
File Hash:    f8d79ed031640aa17d29a29a8eb2c31dc8c4940b05b75e175be7efd98e222166
Page: 9 of 9       [ source file ]       [ .ots timestamp of source file ]       [ pdf signatures ]       [ metadata ]

<u>**ORDER**</u>

Therefore, the Court finds that the Defendant, Mr. Lehmeyer, is **<u>INCOMPETENT</u>** to proceed with trial.

IT IS SO ORDERED.

**BY THE COURT**

9

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

# ORDER FOR CONTINUANCE  *(with no motion for continuance)*

## 2023-06-14    Minnesota Fourth Judicial District Court,  Case No. 27-CR-23-1886

### DOCUMENT METADATA

| | |
|---|---|
| File Name: | 27-CR-23-1886_Order for Continuance_2023-06-14.pdf |
| File Size: | 239 KiB |
| Author: | **Nehring, Alisha; Nehring; Alisha** |
| Company: | MN Judicial Branch |
| Content Type Id: | |
| | 0x0101007059A136461CEB43877A5C39FE5E524A0700127D6044742B8049970528DA170B1E16 |
| Create Date: | 2023:06:14 14:22:45-05:00 |
| Modify Date: | 2024:04:30 07:23:57-05:00 |
| Source Modified: | D:20230614192231 |
| XMP Toolkit: | Adobe XMP Core 5.1.0-jc003 |
| Metadata Date: | 2023:06:15 08:48:11-05:00 |
| Creator Tool: | Acrobat PDFMaker 23 for Word |
| Document ID: | uuid:5605f81b-c13f-4220-b107-889543f1a8de |
| Instance ID: | uuid:c1f06b89-fa17-4a07-97bf-3fc9e2e9f0e8 |
| Producer: | Adobe PDF Library 23.1.175; modified using iText® 7.1.16 ©2000-2021 iText Group NV (Minnesota Judicial Branch; licensed version) |
| Title: | **Contested Competency for Adrian Wesley (incompetent) (doctors disagree)** |
| Creator: | **Nehring, Alisha, Nehring, Alisha** |
| Page Count: | 1 |

### DOCUMENT DIGITAL SIGNATURES

**Signature #1:**

Signer Certificate Common Name: **Dayton Klein, Julia**
Signer full Distinguished Name: **CN="Dayton Klein, Julia", E=Julia.DaytonKlein@courts.state.mn.us, O=Minnesota Judicial**
Signing Time: Jun 14 2023 14:23:20
Signing Hash Algorithm: SHA-256
Signature Type: adbe.pkcs7.detached
Signed Ranges: [0 - 68297], [75903 - 144170]
Not total document signed
Signature Validation:  **SIGNATURE IS VALID**

**Signature #2:**

Signer Certificate Common Name: **ESolutions Development Certificate Authority**
Signer full Distinguished Name: **CN=ESolutions Development Certificate Authority**
Signing Time: Jun 15 2023 03:48:11
Signing Hash Algorithm: SHA-256
Signature Type: ETSI.CAdES.detached
Signed Ranges: [0 - 144405], [160791 - 194897]
Not total document signed
Signature Validation:  **SIGNATURE IS VALID**

**Signature #3:**

Signer Certificate Common Name: **Minnesota Court Records Online (MCRO) Watermark**
Signer full Distinguished Name: **CN=Minnesota Court Records Online (MCRO) Watermark,O=State of MN Judicial Branch**
Signing Time: **Apr 30 2024 07:23:57**
Signing Hash Algorithm: SHA-256
Signature Type: adbe.pkcs7.detached
Signed Ranges: [0 - 222232], [238618 - 244403]
**Total document signed**

Signature Validation:  **SIGNATURE IS VALID**

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptfian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

<span style="color:red">**EXHIBIT NEH-1 | p. 70**</span>

**Case No. 27-CR-23-1886**
State of MN vs MATTHEW DAVID GUERTIN
Filing Type: ·Order for Continuance·
Filing Date: **2023-06-14**
27-CR-23-1886_Order for Continuance_2023-06-14.pdf
File Hash: 48c08118fd5de00495953552e4a66bb64940d993f8e410eb47b2aafb7ab7557d
Page: 1 of 1 [ source file ] [ .ots timestamp of source file ] [ pdf signatures ] [ metadata ]

---

State of Minnesota

District Court

County of Hennepin

Fourth Judicial District

---

State of Minnesota,
    Plaintiff,

**ORDER CONTINUING
HEARING**

v.

Matthew David Guertin,
    Defendant.

Court File No.: 27-CR-23-1886

---

       The above-entitled matter was scheduled before Julia Dayton Klein, Judge of District Court, on June 14, 2023, for an evidentiary hearing upon the Defense's objection to the competency opinion rendered by Dr. Rogstad, dated March 10, 2023. Jacqueline Perez, Assistant Hennepin County Attorney, represents the State. Bruce Rivers represents Defendant. On June 13, 2023, Mr. Rivers requested a continuance in the matter due to scheduling conflicts. The State did not object. The parties agreed on the new date of July 7, 2023 at 10:30 am. For good cause, the Court finds:

**ORDER**

1. The contested competency hearing shall be continued to **July 7, 2023 at 10:30 AM**.

       By the Court:

               _____

               Julia Dayton Klein
               Judge of District Court

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 71**

# Order to Transport

## 2022-06-15    Minnesota Fourth Judicial District Court,  Case No. 27-CR-20-26577

### DOCUMENT METADATA

| | |
|---|---|
| File: | 27-CR-20-26577_Order to Transport_2022-06-15.pdf |
| File Size: | 127 KiB |
| Author: | **Nehring, Alisha; Nehring; Alisha** |
| Create Date: | 2022:06:15 13:44:16-05:00 |
| Modify Date: | 2024:04:30 09:06:20-05:00 |
| XMP Toolkit: | Adobe XMP Core 5.1.0-jc003 |
| Producer: | Microsoft® Word for Microsoft 365; modified using iText® 7.1.16 ©2000-2021 iText Group NV (Minnesota Judicial Branch; licensed version) |
| Creator Tool: | Microsoft® Word for Microsoft 365 |
| Metadata Date: | 2022:06:17 15:29:31-05:00 |
| Document ID: | uuid:5C7378CE-FA2A-4CD7-A425-6D80D64382DF |
| Instance ID: | uuid:75be593e-d3ff-4b80-89e8-fe2712a32183 |
| Creator: | **Nehring, Alisha, Nehring, Alisha** |
| Page Count: | 1 |

### DOCUMENT DIGITAL SIGNATURES

**Signature #1:**

Signer Certificate Common Name: **Minnesota Court Records Online (MCRO) Watermark**

Signer full Distinguished Name: **CN=Minnesota Court Records Online (MCRO) Watermark,O=State of MN Judicial Branch**

Signing Time: Apr 30 2024 09:06:20

Signing Hash Algorithm: SHA-256

Signature Type: adbe.pkcs7.detached

Signed Ranges: [0 - 109318], [125704 - 130552]

**Total document signed**

Signature Validation: **SIGNATURE IS VALID**

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**Case No. 27-CR-20-26577**
State of MN vs Rasheed Richardson
Filing Type: ·Order to Transport·
Filing Date: **2022-06-15**
27-CR-20-26577_Order to Transport_2022-06-15.pdf
File Hash: 7578c64c03a4a20853549255006cdbf11925f498278514dee1ef0b077f2d4ba6
Page: 1 of 1 [ source file ] [ .ots timestamp of source file ] [ pdf signatures ] [ metadata ]

27-CR-20-26577

Filed in District Court
State of Minnesota
6/15/2022 1:56 PM

STATE OF MINNESOTA

DISTRICT COURT

COUNTY OF HENNEPIN

FOURTH JUDICIAL DISTRICT

State of Minnesota,

Plaintiff,

**TRANSPORT ORDER**

v.      27-CR-20-26577

Rasheed Richardson,
(AKA Lamar Johnson)
(03/01/1976)

Defendant.

TO:    David P. Hutchinson, Sheriff of Hennepin County, Minnesota

### NOTICE IS HEREBY GIVEN

**THAT DEFENDANT,** Rasheed Richardson, was committed to the Commissioner of Human Services as Mentally Ill and Chemically Dependent. The Minnesota Department of Human Services – Direct Care and Treatment filed a Notification of Change in Custody on June 9, 2022, indicating that the Defendant would be provisionally discharged from Anoka Metro Regional Treatment Center and returned to the jail. A hearing on the criminal matter is currently scheduled for Tuesday, June 21, 2022 at 1:30 PM before Judge Lisa Janzen, Courtroom 857, Hennepin County Government Center.

### IT IS HEREBY ORDERED

**THAT DEFENDANT,** Rasheed Richardson, shall be transported to the Hennepin County Detention Center from the Anoka Metro Regional Treatment Center on or before June 21, 2022. The Defendant shall remain at the Hennepin County Detention Center and not return to the Anoka Metro Regional Treatment Center.

BY THE COURT:

Dated: _____

_____
Lisa K. Janzen
Judge of District Court

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 73**

# Order to Transport

## 2022-06-22         Minnesota Fourth Judicial District Court,  Case No. 27-CR-20-26577

## DOCUMENT METADATA

| | |
|---|---|
| File: | 27-CR-20-26577_Order to Transport_2022-06-22.pdf |
| File Size: | 140 KiB |
| Author: | **Nehring, Alisha; Nehring; Alisha** |
| Create Date: | 2022:06:22 13:01:10-05:00 |
| Modify Date: | 2024:04:30 09:06:18-05:00 |
| XMP Toolkit: | Adobe XMP Core 5.1.0-jc003 |
| Producer: | Microsoft® Word for Microsoft 365; modified using iText® 7.1.16 ©2000-2021 iText Group NV (Minnesota Judicial Branch; licensed version) |
| Creator Tool: | Microsoft® Word for Microsoft 365 |
| Metadata Date: | 2022:06:22 17:04:59-05:00 |
| Document ID: | uuid:A652072C-7B6F-4292-9BAD-AA680D26DCAD |
| Instance ID: | uuid:2d3aee58-9e14-4399-9267-be5cf6bb7a78 |
| Creator: | **Nehring, Alisha, Nehring, Alisha** |
| Page Count: | 1 |

## DOCUMENT DIGITAL SIGNATURES

**Signature #1:**

   Signer Certificate Common Name: **Minnesota Court Records Online (MCRO) Watermark**
   Signer full Distinguished Name: **CN=Minnesota Court Records Online (MCRO) Watermark,O=State of MN Judicial Branch**
   Signing Time: **Apr 30 2024 09:06:18**
   Signing Hash Algorithm: SHA-256
   Signature Type: adbe.pkcs7.detached
   Signed Ranges: [0 - 121544], [137930 - 143064]
   **Total document signed**
   Signature Validation: **SIGNATURE IS VALID**

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**Case No. 27-CR-20-26577**
State of MN vs Rasheed Richardson
Filing Type:  ·Order to Transport·
Filing Date:  **2022-06-22**
27-CR-20-26577_Order to Transport_2022-06-22.pdf
File Hash:  dbc37633dd465822fedbc588af99a8b235861fa0483d39a2de39fff80d4b0be1
Page: 1 of 1      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

---

27-CR-20-26577

Filed in District Court
State of Minnesota
6/22/2022 1:06 PM

STATE OF MINNESOTA                              DISTRICT COURT

COUNTY OF HENNEPIN                    FOURTH JUDICIAL DISTRICT

State of Minnesota,

    Plaintiff,

                              **TRANSPORT ORDER**
               v.         27-CR-20-26577

Rasheed Richardson,
 (AKA Lamar Johnson)
(03/01/1976)

    Defendant.

---

TO:    David P. Hutchinson, Sheriff of Hennepin County, Minnesota

NOTICE IS HEREBY GIVEN

**THAT DEFENDANT,** Rasheed Richardson, was committed to the Commissioner of Human Services as Mentally Ill and Chemically Dependent. The Minnesota Department of Human Services – Direct Care and Treatment ("DCT") filed a Notification of Change in Custody on June 9, 2022, indicating that the Defendant would be provisionally discharged from Anoka Metro Regional Treatment Center ("AMRTC") and returned to the jail on or after June 16, 2022. On June 15, 2022, the Court issued a Transport Order for the Defendant to be returned to the jail on June 16, 2022. On June 17, 2022, DCT filed a Notification of Change in Custody indicating a provisional discharge from AMRTC to Community Addiction Recovery Enterprise ("CARE"). As the Defendant was already back in custody at the jail, Hennepin County Case Management reached out to DCT to request that the Defendant be returned to AMRTC. AMRTC has now confirmed with Hennepin County Case Management that the Defendant will remain at AMRTC to begin treatment rather than being discharged if the Defendant is transported back to AMRTC today, June 22, 2022.

IT IS HEREBY ORDERED

**THAT DEFENDANT,** Rasheed Richardson, shall be transported to the Anoka Metro Regional Treatment Center from the Hennepin County Detention Center today, June 22, 2022.

                               BY THE COURT:

Dated: _____                _____
                                    Lisa K. Janzen
                             Judge of District Court

---

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

<span style="color:red">**EXHIBIT NEH-1 | p. 75**</span>

# Order-Other

## 2019-07-31     Minnesota Fourth Judicial District Court,   Case No. 27-CR-19-12466

---

### DOCUMENT METADATA

| | |
|---|---|
| File: | 27-CR-19-12466_Order-Other_2019-07-31.pdf |
| File Size: | 334 KiB |
| Author: | **Nehring, Alisha; Nehring; Alisha** |
| Company: | State of Minnesota |
| Create Date: | 2019:07:31 15:44:55-05:00 |
| Modify Date: | 2024:04:30 09:18:56-05:00 |
| Source Modified: | D:20190731204445 |
| XMP Toolkit: | Adobe XMP Core 5.1.0-jc003 |
| Metadata Date: | 2019:08:01 09:55:06-05:00 |
| Creator Tool: | Acrobat PDFMaker 17 for Word |
| Document ID: | uuid:19682ff7-405d-49a1-a57a-828b626bb779 |
| Instance ID: | uuid:ca58fdae-065c-403f-b963-c9171408dd08 |
| Producer: | Adobe PDF Library 15.0; modified using iText® 7.1.16 ©2000-2021 iText Group NV (Minnesota Judicial Branch; licensed version) |
| Creator: | **Nehring, Alisha, Nehring, Alisha** |
| Page Count: | 5 |

---

### DOCUMENT DIGITAL SIGNATURES

**Signature #1:**

Signer Certificate Common Name:**Lamas, Carolina**
Signer full Distinguished Name: **CN="Lamas, Carolina",OU=Users, OU=Government Center, OU=District04, DC=courts,DC=state,DC=mn,DC=us**
Signing Time: Jul 31 2019 15:47:25
Signing Hash Algorithm: SHA-256
Signature Type: adbe.pkcs7.detached
Signed Ranges: [0 - 71639], [81695 - 155751]
Not total document signed
Signature Validation: **<span style="color:green">SIGNATURE IS VALID</span>**

**Signature #2:**

Signer Certificate Common Name: **ESolutions Development Certificate Authority**
Signer full Distinguished Name: **CN=ESolutions Development Certificate Authority**
Signing Time: Aug 01 2019 04:55:06
Signing Hash Algorithm: SHA-256
Signature Type: ETSI.CAdES.detached
Signed Ranges: [0 - 155986], [172372 - 205862]
Not total document signed
Signature Validation: **<span style="color:green">SIGNATURE IS VALID</span>**

**Signature #3:**

Signer Certificate Common Name: **Minnesota Court Records Online (MCRO) Watermark**
Signer full Distinguished Name: **CN=Minnesota Court Records Online (MCRO) Watermark,O=State of MN Judicial Branch**
Signing Time: **Apr 30 2024 09:18:56**
Signing Hash Algorithm: SHA-256
Signature Type: adbe.pkcs7.detached
Signed Ranges: [0 - 319882], [336268 - 341687]
**<u>Total document signed</u>**

Signature Validation: **<u><span style="color:green">SIGNATURE IS VALID</span></u>**

---

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

<span style="color:red">**EXHIBIT NEH-1 | p. 76**</span>

**Case No. 27-CR-19-12466**
State of MN vs TERRELL JOHNSON
Filing Type: ·Order-Other·
Filing Date: **2019-07-31**
27-CR-19-12466_Order-Other_2019-07-31.pdf
File Hash: 616d15e8473c89ab452a6b0e16acf108f653b71d0ed74d67e1c9e46230764344
Page: 1 of 5 [ source file ] [ .ots timestamp of source file ] [ pdf signatures ] [ metadata ]

State of Minnesota

District Court

County of Hennepin

Fourth Judicial District

---

State of Minnesota,
      Plaintiff,

v.

Terrell Johnson,
      Defendant.

Judge Carolina A. Lamas
Case Type: Criminal

**ORDER**

Case No. 27-CR-19-12466;
27-CR-18-27501

---

### FINDINGS OF FACT

1. Defendant (date of birth 08/28/1979) was charged in MNCIS Case No. 27-CR-19-12466 with Drugs Possession in the Third Degree (Felony) arising from an incident alleged to have occurred on May 28, 2019; MNCIS Case No. 27-CR-18-27501, Defendant was convicted and sentenced for Drug Possession in the Fifth Degree (Felony) arising from an incident alleged to have occurred on November 6, 2018. On May 31, 2019, Judge Lois Conroy found probable cause to believe that the felony was committed and that Defendant committed them for Rule 20 purposes.

2. On May 31, 2019, Judge Lois Conroy ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Sonia Reardon, Ph.D., LP, for Psychological Services of Hennepin County District Court reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Sonia Reardon, Ph.D., LP, for Psychological Services of Hennepin County District Court opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 77**

Case No. 27-CR-19-12466
State of MN vs TERRELL JOHNSON
Filing Type:   ·Order-Other·
Filing Date:   **2019-07-31**
27-CR-19-12466_Order-Other_2019-07-31.pdf
File Hash:     616d15e8473c89ab452a6b0e16acf108f653b71d0ed74d67e1c9e46230764344
Page: 2 of 5      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

the proceedings or participate in the defense. This opinion was uncontested by either party.

5. On June 25, 2019, the Defendant appeared in custody with counsel before the Court and Judge Carolina A. Lamas found Defendant incompetent to stand trial and ordered the criminal proceedings in this matter be suspended until Defendant is restored to competency to proceed. Judge Carolina A. Lamas ordered "Bail to Stand" and Defendant remained in custody.

6. On July 1, 2019, Judge Elizabeth V. Cutter of Hennepin County District Court issued an Order for Commitment as a Person Who is Mentally Ill (Rule 20) in MNCIS Case No. 27-MH-PR-19471; the Defendant was civilly committed to the Commissioner of Human Services.

7. On July 3, 2019, the Defendant was admitted to the Anoka Metro Regional Treatment Center.

8. On December 18, 2018, the Minnesota Department of Human Services issued a Bulletin announcing the unilateral decision that "DHS will provisionally discharge civilly committed defendants from a treatment facility to jail when the individual's mental health needs do not require in-patient care and the individual's conditions of release prevent community placement." Minnesota Department of Human Services, Bulletin No. 18-76-01, Provision Discharge of Direct Care and Treatment Patients, page 2, (2018).

9. On July 25, 2019,  a Notification of Reduction in Custody was filed into this criminal case, noting a Provisional Discharge to the jail to go into effect on or after July 31, 2019 as the Defendant was determined to no longer require in-patient level of care. The Court asked the Minnesota Department of Human Services to find a placement other than jail.

10. On July 29, 2019, a Notification of Reduction in Custody was filed into this criminal case, noting a Provisional Discharge to a community setting with ACT Team Services as the Defendant was determined to no longer require in-patient level of care.

2

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

Case No. 27-CR-19-12466
State of MN vs TERRELL JOHNSON
Filing Type: ·Order-Other·
Filing Date: **2019-07-31**
27-CR-19-12466_Order-Other_2019-07-31.pdf
File Hash: 616d15e8473c89ab452a6b0e16acf108f653b71d0ed74d67e1c9e46230764344
Page: 3 of 5 [ source file ] [ .ots timestamp of source file ] [ pdf signatures ] [ metadata ]

11. Defendant remains incompetent and the criminal case remains suspended pursuant to Minn.R.Crim.P. 20.01, Subd. 6(b).

12. If the Criminal Court Judge denied the request to provisionally discharge Defendant to the community with ACT Team Services Defendant would be released to the jail on the previously ordered bail pursuant to DHS's Bulletin.

13. The Hennepin County Jail does not provide competency restoration treatment or therapy and is not able to administer *Jarvis* orders.

14. Due to DHS's unilateral changing of policy that was issued without warning, if the defendant was provisionally discharged to the jail, the court would have to make the impossible decision as to whether to keep the incompetent defendant in the jail not receiving treatment with a suspended criminal case, or, to release the defendant to the street.

15. Given the options, Judge Lisa Janzen approved the request to provisionally discharge Defendant and lifted the bail.

### ANALYSIS

There is no case directly on point in Minnesota as to whether an incompetent defendant, whose criminal case has been suspended, can be held in the jail awaiting restoration to competency while not receiving competency restoration treatment at said jail. In dealing with similar issues, courts around the country have held that "incompetent criminal defendants – as pretrial detainees – have a liberty interest in being free from incarceration absent a criminal conviction." *Goodman v. Utah Department of Human Services*, 180 F.Supp.3d 998, 1009 (D. Utah 2016); that the "Constitutional questions pertaining to the pretrial confinement of incompetent criminal defendants are analyzed under the due process clause of the Fourteenth Amendment." *State v. Hand,* 429 P.3d 502 (Wash. 2018); and that the relevant question is whether the nature and duration of said detention, "is reasonably related to the purpose for which he was committed." Id. (citing *Jackson v. Indiana,* 406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972)).

3

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

Case No. 27-CR-19-12466
State of MN vs TERRELL JOHNSON
Filing Type: ·Order-Other·
Filing Date: **2019-07-31**
27-CR-19-12466_Order-Other_2019-07-31.pdf
File Hash: 616d15e8473c89ab452a6b0e16acf108f653b71d0ed74d67e1c9e46230764344
Page: 4 of 5     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

In *Jackson*, the court held that:

> a person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future. If it is determined that this is not the case, then the State must either institute the customary civil commitment proceeding that would be required to commit indefinitely any other citizen, or release the defendant. Furthermore, even if it is determined that the defendant probably soon will be able to stand trial, his continued commitment must be justified by progress toward that goal.

406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972). Similarly, in *United States v. Jackson*, 306 F.Supp. 4 (N.D.Cal. 1969), the court held that the accused, who was incompetent to stand trial because of serious mental illness, that was not likely to be cured in foreseeable future, and who had already spent over a year and a half in federal hospital must be discharged from federal custody and responsibility for accused should transfer to state. The underlying tone in all of these decisions is the general understanding as stated in *Cook v. Ciccone*, 312 F.Supp. 822 (W.D.Mo. 1970), that "Such consideration is dictated by the inherent unfairness and substantial injustice in keeping an unconvicted person in federal custody to await trial where it is plainly evident his mental condition will not permit trial within a reasonable period of time." 312 F.Supp. at 824.

## ORDER

1. Defendant is released in the criminal case no bail required.

2. Defendant is ordered to cooperate with his civil commitment including following all treatment recommendations and appearing at all court appearances in the civil and criminal cases.

4

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**Case No. 27-CR-19-12466**
State of MN vs TERRELL JOHNSON
Filing Type:   ·Order-Other·
Filing Date:   **2019-07-31**
27-CR-19-12466_Order-Other_2019-07-31.pdf
File Hash:      616d15e8473c89ab452a6b0e16acf108f653b71d0ed74d67e1c9e46230764344
Page: 5 of 5      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

3.   DHS shall continue to submit a written reports addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

BY THE COURT:

DATED:  July 31, 2019

_____
Carolina A. Lamas
Judge of District Court
Fourth Judicial District

5

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 81**

# Order-Other

## 2019-10-09    Minnesota Fourth Judicial District Court,  Case No. 27-CR-18-18391

---

### DOCUMENT METADATA

| | |
|---|---|
| File: | 27-CR-18-18391_Order-Other_2019-10-09.pdf |
| File Size: | 334 KiB |
| Author: | **Nehring, Alisha; Nehring; Alisha** |
| Company: | State of Minnesota |
| Create Date: | 2019:10:08 16:57:40-05:00 |
| Modify Date: | 2024:04:30 09:28:00-05:00 |
| Source Modified: | D:20191008215724 |
| XMP Toolkit: | Adobe XMP Core 5.1.0-jc003 |
| Metadata Date: | 2019:10:09 11:01:36-05:00 |
| Creator Tool: | Acrobat PDFMaker 17 for Word |
| Document ID: | uuid:5e70ea27-ba65-46bb-9442-1548b9e0b748 |
| Instance ID: | uuid:7320c32a-2b8f-4831-a31f-a326450f8d4d |
| Producer: | Adobe PDF Library 15.0; modified using iText® 7.1.16 ©2000-2021 iText Group NV (Minnesota Judicial Branch; licensed version) |
| Creator: | **Nehring, Alisha, Nehring, Alisha** |
| Page Count: | 5 |

---

### DOCUMENT DIGITAL SIGNATURES

**Signature #1:**

Signer Certificate Common Name:**Lamas, Carolina**

Signer full Distinguished Name: **CN="Lamas, Carolina",OU=Users, OU=Government Center, OU=District04, DC=courts,DC=state,DC=mn,DC=us**

Signing Time: Oct 08 2019 16:57:59

Signing Hash Algorithm: SHA-256

Signature Type: adbe.pkcs7.detached

Signed Ranges: [0 - 72039], [82095 - 156389]

Not total document signed

Signature Validation: **SIGNATURE IS VALID**

**Signature #2:**

Signer Certificate Common Name: **ESolutions Development Certificate Authority**

Signer full Distinguished Name: **CN=ESolutions Development Certificate Authority**

Signing Time: Oct 09 2019 06:01:36

Signing Hash Algorithm: SHA-256

Signature Type: ETSI.CAdES.detached

Signed Ranges: [0 - 156624], [173010 - 206479]

Not total document signed

Signature Validation: **SIGNATURE IS VALID**

**Signature #3:**

Signer Certificate Common Name: **Minnesota Court Records Online (MCRO) Watermark**

Signer full Distinguished Name: **CN=Minnesota Court Records Online (MCRO) Watermark,O=State of MN Judicial Branch**

Signing Time: **Apr 30 2024 09:28:00**

Signing Hash Algorithm: SHA-256

Signature Type: adbe.pkcs7.detached

Signed Ranges: [0 - 320505], [336891 - 342316]

**Total document signed**

Signature Validation: **SIGNATURE IS VALID**

---

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 82**

**Case No. 27-CR-18-18391**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Order-Other·
Filing Date:   **2019-10-09**
27-CR-18-18391_Order-Other_2019-10-09.pdf
File Hash:   5c1c612cb55fb68bdd888fe970d5e8200efb8bb65837412862b6a91c78f73cf9
Page: 1 of 5     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

| State of Minnesota | District Court |
|---|---|
| County of Hennepin | Fourth Judicial District |

| | Judge Carolina A. Lamas<br>Case Type: Criminal |
|---|---|
| State of Minnesota,<br>Plaintiff, | **ORDER** |
| v. | |
| Aesha Ibrahim Osman,<br>Defendant. | Case No.: 27-CR-19-3539;<br>27-CR-19-1916; 27-CR-19-17539<br>27-CR-18-20198; 27-CR-18-18391 |

**FINDINGS OF FACT**

1. Defendant (date of birth 09/03/1998) was charged in MNCIS Case No. 27-CR-19-3539 with Assault in the Fourth Degree (Felony) arising from an incident alleged to have occurred on January 30, 2019; MNCIS Case No. 27-CR-19-1916 with Assault in the Fifth Degree (Felony) and Assault in the Fourth Degree (Felony) arising from an incident alleged to have occurred on January 20, 2019; MNCIS Case No. 27-CR-18-20198 with Assault in the Fifth Degree (Gross Misdemeanor) and Disorderly Conduct arising from an incident alleged to have occurred on April 12, 2018; MNCIS Case No. 27-CR-18-18391 with Assault in the Fifth Degree (Felony) arising from an incident alleged to have occurred on July 2, 2018; MNCIS Case No. 27-CR-19-17539 with Assault in the Fifth Degree (Felony) arising from an incident alleged to have occurred on March 23, 2019. On August 27, 2019, Judge Carolina A. Lamas found probable cause to believe that the felony was committed in 27-CR-19-17539 was committed and that Defendant committed them; previously, on February 26, 2019 Judge Carolina A. Lamas found probable cause to believe that felonies were committed in 27-CR-19-3539, 27-CR-19-1916, 27-CR-18-20198, and 27-CR-18-1839 and that Defendant committed them.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

**Case No. 27-CR-18-18391**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Order-Other·
Filing Date:   **2019-10-09**
27-CR-18-18391_Order-Other_2019-10-09.pdf
File Hash:    5c1c612cb55fb68bdd888fe970d5e8200efb8bb65837412862b6a91c78f73cf9
Page: 2 of 5     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

2. On August 19, 2019, the Minnesota Department of Human Services – Direct Care and Treatment submitted a Rule 20.01, Subd. 7 report.

3. Dr. Kristen E. Matson, Ph.D., LP, Minnesota Department of Human Services – Forensic Psychologist with Direct Care and Treatment reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Kristen E. Matson, Ph.D., LP, Minnesota Department of Human Services – Direct Care and Treatment opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

5. Assistant Hennepin County Attorney, Elizabeth Smith, requested that MNCIS Case No. 27-CR-19-17539 be added to the calendar for a finding regarding competency be entered.

6. On August 27, 2019, the Defendant appeared in custody with counsel before the Court and Judge Carolina A. Lamas found Defendant incompetent to stand trial and ordered the criminal proceedings in this matter be suspended until Defendant is restored to competency to proceed. Judge Carolina A. Lamas ordered "Bail to Stand" and Defendant remained in custody subject $40,000 bail issued on the complaint in MNCIS Case No. 27-CR-19-1916 and subject to a Conditional Release Order issued and signed by Judge Marth Anne Holton Dimick on November 19. 2018 in MNCIS Case No. 27-CR-18-18391.

7. On March 22, 2019, Judge Elizabeth Cutter of Hennepin County District Court issued an Order for Commitment as a Person Who is Mentally Ill (Rule 20) in MNCIS Case No. 27-MH-PR-19-280; the Defendant was civilly committed to the Commissioner of Human Services.

8. On March 25, 2019, the Defendant was admitted to the Anoka Metro Regional Treatment Center.

9. On March 25, 2019, Admission Notification for Persons Subject to Continuing Criminal Court Supervision was filed into the criminal cases.

2

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

**Case No. 27-CR-18-18391**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:  ·Order-Other·
Filing Date:  **2019-10-09**
27-CR-18-18391_Order-Other_2019-10-09.pdf
File Hash:  5c1c612cb55fb68bdd888fe970d5e8200efb8bb65837412862b6a91c78f73cf9
Page: 3 of 5      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

10. On September 30, 2019 a Notification of Reduction in Custody was filed into this criminal case, noting a Provisional Discharge to Adult Foster Care to go into effect on or after October 7, 2019.

11. Defendant remains incompetent and the criminal case remains suspended pursuant to Minn.R.Crim.P. 20.01, Subd. 6(b).

12. If the Criminal Court Judge denied the request to provisionally discharge the defendant to Adult Foster Care, the defendant would be released to the jail on the previously ordered bail.

13. The Hennepin County Jail does not provide competency restoration treatment or therapy and is not able to administer *Jarvis* orders.

14. If the defendant was provisionally discharged to the jail, the court would have to make the impossible decision as to whether to keep the incompetent defendant in the jail not receiving treatment with a suspended criminal case, or, to release the defendant to the street.

15. Given the options, Judge Katheryn Quaintance approved the request to provisionally discharge Defendant and issued a Conditional Release Order allowing Ms. Osman to be released to an adult foster care facility under her Civil Commitment.

### ANALYSIS

There is no case directly on point in Minnesota as to whether an incompetent defendant, whose criminal case has been suspended, can be held in the jail awaiting restoration to competency while not receiving competency restoration treatment at said jail. In dealing with similar issues, courts around the country have held that "incompetent criminal defendants – as pretrial detainees – have a liberty interest in being free from incarceration absent a criminal conviction." *Goodman v. Utah Department of Human Services,* 180 F.Supp.3d 998, 1009 (D. Utah 2016); that the "Constitutional questions pertaining to the pretrial confinement of incompetent criminal defendants are analyzed under the due process clause of the Fourteenth Amendment." *State v. Hand,*

3

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-45c0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 85**

**Case No. 27-CR-18-18391**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type: ·Order-Other·
Filing Date: **2019-10-09**
27-CR-18-18391_Order-Other_2019-10-09.pdf
File Hash: 5c1c612cb55fb68bdd888fe970d5e8200efb8bb65837412862b6a91c78f73cf9
Page: 4 of 5 [ source file ] [ .ots timestamp of source file ] [ pdf signatures ] [ metadata ]

429 P.3d 502 (Wash. 2018); and that the relevant question is whether the nature and duration of said detention, "is reasonably related to the purpose for which he was committed." Id. (citing *Jackson v. Indiana,* 406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972)).

In *Jackson*, the court held that:

> a person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future. If it is determined that this is not the case, then the State must either institute the customary civil commitment proceeding that would be required to commit indefinitely any other citizen, or release the defendant. Furthermore, even if it is determined that the defendant probably soon will be able to stand trial, his continued commitment must be justified by progress toward that goal.

406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972).  Similarly, in *United States v. Jackson*, 306 F.Supp. 4 (N.D.Cal. 1969), the court held that the accused, who was incompetent to stand trial because of serious mental illness, that was not likely to be cured in foreseeable future, and who had already spent over a year and a half in federal hospital must be discharged from federal custody and responsibility for accused should transfer to state. The underlying tone in all of these decisions is the general understanding as stated in *Cook v. Ciccone*, 312 F.Supp. 822 (W.D.Mo. 1970), that "Such consideration is dictated by the inherent unfairness and substantial injustice in keeping an unconvicted person in federal custody to await trial where it is plainly evident his mental condition will not permit trial within a reasonable period of time." 312 F.Supp. at 824.

## ORDER

1. Defendant is released in the criminal case pursuant to the condition that she remain at the adult foster care.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**Case No. 27-CR-18-18391**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type: ·Order-Other·
Filing Date: **2019-10-09**
27-CR-18-18391_Order-Other_2019-10-09.pdf
File Hash: 5c1c612cb55fb68bdd888fe970d5e8200efb8bb65837412862b6a91c78f73cf9
Page: 5 of 5 [ source file ] [ .ots timestamp of source file ] [ pdf signatures ] [ metadata ]

2. Defendant is ordered to cooperate with his civil commitment including following all treatment recommendations and appearing at all court appearances in the civil and criminal cases.

3. DHS shall continue to submit a written reports addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

BY THE COURT:

DATED: October 8, 2019

_____
Carolina A. Lamas
Judge of District Court
Fourth Judicial District

5

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

# Order-Other

## 2019-10-09    Minnesota Fourth Judicial District Court,  Case No. 27-CR-19-1916

### DOCUMENT METADATA

| | |
|---|---|
| File: | 27-CR-19-1916_Order-Other_2019-10-09.pdf |
| File Size: | 334 KiB |
| Author: | **Nehring, Alisha; Nehring; Alisha** |
| Company: | State of Minnesota |
| Create Date: | 2019:10:08 16:57:40-05:00 |
| Modify Date: | 2024:04:30 09:12:43-05:00 |
| Source Modified: | D:20191008215724 |
| XMP Toolkit: | Adobe XMP Core 5.1.0-jc003 |
| Metadata Date: | 2019:10:09 11:00:28-05:00 |
| Creator Tool: | Acrobat PDFMaker 17 for Word |
| Document ID: | uuid:5e70ea27-ba65-46bb-9442-1548b9e0b748 |
| Instance ID: | uuid:7320c32a-2b8f-4831-a31f-a326450f8d4d |
| Producer: | Adobe PDF Library 15.0; modified using iText® 7.1.16 ©2000-2021 iText Group NV (Minnesota Judicial Branch; licensed version) |
| Creator: | **Nehring, Alisha, Nehring, Alisha** |
| Page Count: | 5 |

### DOCUMENT DIGITAL SIGNATURES

**Signature #1:**

Signer Certificate Common Name:**Lamas, Carolina**

Signer full Distinguished Name: **CN="Lamas, Carolina",OU=Users, OU=Government Center, OU=District04, DC=courts,DC=state,DC=mn,DC=us**

Signing Time: Oct 08 2019 16:57:59

Signing Hash Algorithm: SHA-256

Signature Type: adbe.pkcs7.detached

Signed Ranges: [0 - 72039], [82095 - 156389]

Not total document signed

Signature Validation: **SIGNATURE IS VALID**

**Signature #2:**

Signer Certificate Common Name: **ESolutions Development Certificate Authority**

Signer full Distinguished Name: **CN=ESolutions Development Certificate Authority**

Signing Time: Oct 09 2019 06:00:28

Signing Hash Algorithm: SHA-256

Signature Type: ETSI.CAdES.detached

Signed Ranges: [0 - 156624], [173010 - 205991]

Not total document signed

Signature Validation: **SIGNATURE IS VALID**

**Signature #3:**

Signer Certificate Common Name: **Minnesota Court Records Online (MCRO) Watermark**

Signer full Distinguished Name: **CN=Minnesota Court Records Online (MCRO) Watermark,O=State of MN Judicial Branch**

Signing Time: **Apr 30 2024 09:12:43**

Signing Hash Algorithm: SHA-256

Signature Type: adbe.pkcs7.detached

Signed Ranges: [0 - 320017], [336403 - 341827]

**Total document signed**

Signature Validation: **SIGNATURE IS VALID**

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 88**

**Case No. 27-CR-19-1916**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Order-Other·
Filing Date:   **2019-10-09**
27-CR-19-1916_Order-Other_2019-10-09.pdf
File Hash:   15cc50923df3d1a07659719f0210e89a5c4c8bd95bb527553b670d44e5cd549e
Page: 1 of 5     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

| | |
|---|---|
| State of Minnesota | District Court |
| County of Hennepin | Fourth Judicial District |

| | |
|---|---|
| | Judge Carolina A. Lamas |
| State of Minnesota, | Case Type: Criminal |
| Plaintiff, | |
| | **ORDER** |
| v. | |
| | |
| Aesha Ibrahim Osman, | Case No.: 27-CR-19-3539; |
| Defendant. | 27-CR-19-1916; 27-CR-19-17539 |
| | 27-CR-18-20198; 27-CR-18-18391 |

### FINDINGS OF FACT

1.  Defendant (date of birth 09/03/1998) was charged in MNCIS Case No. 27-CR-19-
    3539 with Assault in the Fourth Degree (Felony) arising from an incident alleged to
    have occurred on January 30, 2019; MNCIS Case No. 27-CR-19-1916 with Assault in
    the Fifth Degree (Felony) and Assault in the Fourth Degree (Felony) arising from an
    incident alleged to have occurred on January 20, 2019; MNCIS Case No. 27-CR-18-
    20198 with Assault in the Fifth Degree (Gross Misdemeanor) and Disorderly
    Conduct arising from an incident alleged to have occurred on April 12, 2018; MNCIS
    Case No. 27-CR-18-18391 with Assault in the Fifth Degree (Felony) arising from an
    incident alleged to have occurred on July 2, 2018; MNCIS Case No. 27-CR-19-17539
    with Assault in the Fifth Degree (Felony) arising from an incident alleged to have
    occurred on March 23, 2019. On August 27, 2019, Judge Carolina A. Lamas found
    probable cause to believe that the felony was committed in 27-CR-19-17539 was
    committed and that Defendant committed them; previously, on February 26, 2019
    Judge Carolina A. Lamas found probable cause to believe that felonies were
    committed in 27-CR-19-3539, 27-CR-19-1916, 27-CR-18-20198, and 27-CR-18-1839
    and that Defendant committed them.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 89**

**Case No. 27-CR-19-1916**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Order-Other·
Filing Date:   **2019-10-09**
27-CR-19-1916_Order-Other_2019-10-09.pdf
File Hash:   15cc50923df3d1a07659719f0210e89a5c4c8bd95bb527553b670d44e5cd549e
Page: 2 of 5     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

2. On August 19, 2019, the Minnesota Department of Human Services – Direct Care and Treatment submitted a Rule 20.01, Subd. 7 report.

3. Dr. Kristen E. Matson, Ph.D., LP, Minnesota Department of Human Services – Forensic Psychologist with Direct Care and Treatment reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Kristen E. Matson, Ph.D., LP, Minnesota Department of Human Services – Direct Care and Treatment opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

5. Assistant Hennepin County Attorney, Elizabeth Smith, requested that MNCIS Case No. 27-CR-19-17539 be added to the calendar for a finding regarding competency be entered.

6. On August 27, 2019, the Defendant appeared in custody with counsel before the Court and Judge Carolina A. Lamas found Defendant incompetent to stand trial and ordered the criminal proceedings in this matter be suspended until Defendant is restored to competency to proceed. Judge Carolina A. Lamas ordered "Bail to Stand" and Defendant remained in custody subject $40,000 bail issued on the complaint in MNCIS Case No. 27-CR-19-1916 and subject to a Conditional Release Order issued and signed by Judge Marth Anne Holton Dimick on November 19. 2018 in MNCIS Case No. 27-CR-18-18391.

7. On March 22, 2019, Judge Elizabeth Cutter of Hennepin County District Court issued an Order for Commitment as a Person Who is Mentally Ill (Rule 20) in MNCIS Case No. 27-MH-PR-19-280; the Defendant was civilly committed to the Commissioner of Human Services.

8. On March 25, 2019, the Defendant was admitted to the Anoka Metro Regional Treatment Center.

9. On March 25, 2019, Admission Notification for Persons Subject to Continuing Criminal Court Supervision was filed into the criminal cases.

2

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**Case No. 27-CR-19-1916**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:  ·Order-Other·
Filing Date:  **2019-10-09**
27-CR-19-1916_Order-Other_2019-10-09.pdf
File Hash:  15cc50923df3d1a07659719f0210e89a5c4c8bd95bb527553b670d44e5cd549e
Page: 3 of 5     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

10. On September 30, 2019 a Notification of Reduction in Custody was filed into this criminal case, noting a Provisional Discharge to Adult Foster Care to go into effect on or after October 7, 2019.

11. Defendant remains incompetent and the criminal case remains suspended pursuant to Minn.R.Crim.P. 20.01, Subd. 6(b).

12. If the Criminal Court Judge denied the request to provisionally discharge the defendant to Adult Foster Care, the defendant would be released to the jail on the previously ordered bail.

13. The Hennepin County Jail does not provide competency restoration treatment or therapy and is not able to administer *Jarvis* orders.

14. If the defendant was provisionally discharged to the jail, the court would have to make the impossible decision as to whether to keep the incompetent defendant in the jail not receiving treatment with a suspended criminal case, or, to release the defendant to the street.

15. Given the options, Judge Katheryn Quaintance approved the request to provisionally discharge Defendant and issued a Conditional Release Order allowing Ms. Osman to be released to an adult foster care facility under her Civil Commitment.

**ANALYSIS**

There is no case directly on point in Minnesota as to whether an incompetent defendant, whose criminal case has been suspended, can be held in the jail awaiting restoration to competency while not receiving competency restoration treatment at said jail. In dealing with similar issues, courts around the country have held that "incompetent criminal defendants – as pretrial detainees – have a liberty interest in being free from incarceration absent a criminal conviction." *Goodman v. Utah Department of Human Services,* 180 F.Supp.3d 998, 1009 (D. Utah 2016); that the "Constitutional questions pertaining to the pretrial confinement of incompetent criminal defendants are analyzed under the due process clause of the Fourteenth Amendment." *State v. Hand,*

3

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 91**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

**Case No. 27-CR-19-1916**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Order-Other·
Filing Date:   **2019-10-09**
27-CR-19-1916_Order-Other_2019-10-09.pdf
File Hash:     15cc50923df3d1a07659719f0210e89a5c4c8bd95bb527553b670d44e5cd549e
Page: 4 of 5      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

429 P.3d 502 (Wash. 2018); and that the relevant question is whether the nature and duration of said detention, "is reasonably related to the purpose for which he was committed." Id. (citing *Jackson v. Indiana,* 406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972)).

In *Jackson*, the court held that:

> a person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future. If it is determined that this is not the case, then the State must either institute the customary civil commitment proceeding that would be required to commit indefinitely any other citizen, or release the defendant. Furthermore, even if it is determined that the defendant probably soon will be able to stand trial, his continued commitment must be justified by progress toward that goal.

406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972).  Similarly, in *United States v. Jackson*, 306 F.Supp. 4 (N.D.Cal. 1969), the court held that the accused, who was incompetent to stand trial because of serious mental illness, that was not likely to be cured in foreseeable future, and who had already spent over a year and a half in federal hospital must be discharged from federal custody and responsibility for accused should transfer to state. The underlying tone in all of these decisions is the general understanding as stated in *Cook v. Ciccone*, 312 F.Supp. 822 (W.D.Mo. 1970), that "Such consideration is dictated by the inherent unfairness and substantial injustice in keeping an unconvicted person in federal custody to await trial where it is plainly evident his mental condition will not permit trial within a reasonable period of time." 312 F.Supp. at 824.

### ORDER

1.  Defendant is released in the criminal case pursuant to the condition that she remain at the adult foster care.

4

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 92**

**Case No. 27-CR-19-1916**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Order-Other·
Filing Date:   **2019-10-09**
27-CR-19-1916_Order-Other_2019-10-09.pdf
File Hash:      15cc50923df3d1a07659719f0210e89a5c4c8bd95bb527553b670d44e5cd549e
Page: 5 of 5      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

2.  Defendant is ordered to cooperate with his civil commitment including following all treatment recommendations and appearing at all court appearances in the civil and criminal cases.

3.  DHS shall continue to submit a written reports addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

BY THE COURT:

DATED:  October 8, 2019

_____
Carolina A. Lamas
Judge of District Court
Fourth Judicial District

5

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 93**

# Order-Other

## 2019-10-09    Minnesota Fourth Judicial District Court,  Case No. 27-CR-19-3539

### DOCUMENT METADATA

| | |
|---|---|
| File: | 27-CR-19-3539_Order-Other_2019-10-09.pdf |
| File Size: | 334 KiB |
| Author: | **Nehring, Alisha; Nehring; Alisha** |
| Company: | State of Minnesota |
| Create Date: | 2019:10:08 16:57:40-05:00 |
| Modify Date: | 2024:04:30 09:13:53-05:00 |
| Source Modified: | D:20191008215724 |
| XMP Toolkit: | Adobe XMP Core 5.1.0-jc003 |
| Metadata Date: | 2019:10:09 10:59:50-05:00 |
| Creator Tool: | Acrobat PDFMaker 17 for Word |
| Document ID: | uuid:5e70ea27-ba65-46bb-9442-1548b9e0b748 |
| Instance ID: | uuid:7320c32a-2b8f-4831-a31f-a326450f8d4d |
| Producer: | Adobe PDF Library 15.0; modified using iText® 7.1.16 ©2000-2021 iText Group NV (Minnesota Judicial Branch; licensed version) |
| Creator: | **Nehring, Alisha, Nehring, Alisha** |
| Page Count: | 5 |

### DOCUMENT DIGITAL SIGNATURES

**Signature #1:**

Signer Certificate Common Name:**Lamas, Carolina**
Signer full Distinguished Name: **CN="Lamas, Carolina",OU=Users, OU=Government Center, OU=District04, DC=courts,DC=state,DC=mn,DC=us**
Signing Time: Oct 08 2019 16:57:59
Signing Hash Algorithm: SHA-256
Signature Type: adbe.pkcs7.detached
Signed Ranges: [0 - 72039], [82095 - 156389]
Not total document signed
Signature Validation:  **SIGNATURE IS VALID**

**Signature #2:**

Signer Certificate Common Name: **ESolutions Development Certificate Authority**
Signer full Distinguished Name: **CN=ESolutions Development Certificate Authority**
Signing Time: Oct 09 2019 05:59:50
Signing Hash Algorithm: SHA-256
Signature Type: ETSI.CAdES.detached
Signed Ranges: [0 - 156624], [173010 - 206324]
Not total document signed
Signature Validation:  **SIGNATURE IS VALID**

**Signature #3:**

Signer Certificate Common Name: **Minnesota Court Records Online (MCRO) Watermark**
Signer full Distinguished Name: **CN=Minnesota Court Records Online (MCRO) Watermark,O=State of MN Judicial Branch**
Signing Time: **Apr 30 2024 09:13:53**
Signing Hash Algorithm: SHA-256
Signature Type: adbe.pkcs7.detached
Signed Ranges: [0 - 320346], [336732 - 342152]
**Total document signed**

Signature Validation:  **SIGNATURE IS VALID**

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 94**

**Case No. 27-CR-19-3539**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Order-Other·
Filing Date:   **2019-10-09**
27-CR-19-3539_Order-Other_2019-10-09.pdf
File Hash:      f11eb8156b07b0ab266abcf0273282cbd578748d2c5f362d7129ab9c1a27feed
Page: 1 of 5      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

State of Minnesota

District Court

County of Hennepin

Fourth Judicial District

---

State of Minnesota,
      Plaintiff,

v.

Aesha Ibrahim Osman,
      Defendant.

Judge Carolina A. Lamas
Case Type: Criminal

**ORDER**

Case No.: 27-CR-19-3539;
27-CR-19-1916; 27-CR-19-17539
27-CR-18-20198; 27-CR-18-18391

---

### FINDINGS OF FACT

1. Defendant (date of birth 09/03/1998) was charged in MNCIS Case No. 27-CR-19-3539 with Assault in the Fourth Degree (Felony) arising from an incident alleged to have occurred on January 30, 2019; MNCIS Case No. 27-CR-19-1916 with Assault in the Fifth Degree (Felony) and Assault in the Fourth Degree (Felony) arising from an incident alleged to have occurred on January 20, 2019; MNCIS Case No. 27-CR-18-20198 with Assault in the Fifth Degree (Gross Misdemeanor) and Disorderly Conduct arising from an incident alleged to have occurred on April 12, 2018; MNCIS Case No. 27-CR-18-18391 with Assault in the Fifth Degree (Felony) arising from an incident alleged to have occurred on July 2, 2018; MNCIS Case No. 27-CR-19-17539 with Assault in the Fifth Degree (Felony) arising from an incident alleged to have occurred on March 23, 2019. On August 27, 2019, Judge Carolina A. Lamas found probable cause to believe that the felony was committed in 27-CR-19-17539 was committed and that Defendant committed them; previously, on February 26, 2019 Judge Carolina A. Lamas found probable cause to believe that felonies were committed in 27-CR-19-3539, 27-CR-19-1916, 27-CR-18-20198, and 27-CR-18-1839 and that Defendant committed them.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 95**

**Case No. 27-CR-19-3539**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type: ·Order-Other·
Filing Date: **2019-10-09**
27-CR-19-3539_Order-Other_2019-10-09.pdf
File Hash: f11eb8156b07b0ab266abcf0273282cbd578748d2c5f362d7129ab9c1a27feed
Page: 2 of 5    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

2. On August 19, 2019, the Minnesota Department of Human Services – Direct Care and Treatment submitted a Rule 20.01, Subd. 7 report.

3. Dr. Kristen E. Matson, Ph.D., LP, Minnesota Department of Human Services – Forensic Psychologist with Direct Care and Treatment reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Kristen E. Matson, Ph.D., LP, Minnesota Department of Human Services – Direct Care and Treatment opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

5. Assistant Hennepin County Attorney, Elizabeth Smith, requested that MNCIS Case No. 27-CR-19-17539 be added to the calendar for a finding regarding competency be entered.

6. On August 27, 2019, the Defendant appeared in custody with counsel before the Court and Judge Carolina A. Lamas found Defendant incompetent to stand trial and ordered the criminal proceedings in this matter be suspended until Defendant is restored to competency to proceed. Judge Carolina A. Lamas ordered "Bail to Stand" and Defendant remained in custody subject $40,000 bail issued on the complaint in MNCIS Case No. 27-CR-19-1916 and subject to a Conditional Release Order issued and signed by Judge Marth Anne Holton Dimick on November 19. 2018 in MNCIS Case No. 27-CR-18-18391.

7. On March 22, 2019, Judge Elizabeth Cutter of Hennepin County District Court issued an Order for Commitment as a Person Who is Mentally Ill (Rule 20) in MNCIS Case No. 27-MH-PR-19-280; the Defendant was civilly committed to the Commissioner of Human Services.

8. On March 25, 2019, the Defendant was admitted to the Anoka Metro Regional Treatment Center.

9. On March 25, 2019, Admission Notification for Persons Subject to Continuing Criminal Court Supervision was filed into the criminal cases.

2

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**Case No. 27-CR-19-3539**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Order-Other·
Filing Date:   **2019-10-09**
27-CR-19-3539_Order-Other_2019-10-09.pdf
File Hash:      f11eb8156b07b0ab266abcf0273282cbd578748d2c5f362d7129ab9c1a27feed
Page: 3 of 5      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

10. On September 30, 2019 a Notification of Reduction in Custody was filed into this criminal case, noting a Provisional Discharge to Adult Foster Care to go into effect on or after October 7, 2019.

11. Defendant remains incompetent and the criminal case remains suspended pursuant to Minn.R.Crim.P. 20.01, Subd. 6(b).

12. If the Criminal Court Judge denied the request to provisionally discharge the defendant to Adult Foster Care, the defendant would be released to the jail on the previously ordered bail.

13. The Hennepin County Jail does not provide competency restoration treatment or therapy and is not able to administer *Jarvis* orders.

14. If the defendant was provisionally discharged to the jail, the court would have to make the impossible decision as to whether to keep the incompetent defendant in the jail not receiving treatment with a suspended criminal case, or, to release the defendant to the street.

15. Given the options, Judge Katheryn Quaintance approved the request to provisionally discharge Defendant and issued a Conditional Release Order allowing Ms. Osman to be released to an adult foster care facility under her Civil Commitment.

## ANALYSIS

There is no case directly on point in Minnesota as to whether an incompetent defendant, whose criminal case has been suspended, can be held in the jail awaiting restoration to competency while not receiving competency restoration treatment at said jail. In dealing with similar issues, courts around the country have held that "incompetent criminal defendants – as pretrial detainees – have a liberty interest in being free from incarceration absent a criminal conviction." *Goodman v. Utah Department of Human Services,* 180 F.Supp.3d 998, 1009 (D. Utah 2016); that the "Constitutional questions pertaining to the pretrial confinement of incompetent criminal defendants are analyzed under the due process clause of the Fourteenth Amendment." *State v. Hand,*

3

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 97**

**Case No. 27-CR-19-3539**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Order-Other·
Filing Date:   **2019-10-09**
27-CR-19-3539_Order-Other_2019-10-09.pdf
File Hash:     f11eb8156b07b0ab266abcf0273282cbd578748d2c5f362d7129ab9c1a27feed
Page: 4 of 5     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

429 P.3d 502 (Wash. 2018); and that the relevant question is whether the nature and duration of said detention, "is reasonably related to the purpose for which he was committed." Id. (citing *Jackson v. Indiana,* 406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972)).

In *Jackson*, the court held that:

> a person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future. If it is determined that this is not the case, then the State must either institute the customary civil commitment proceeding that would be required to commit indefinitely any other citizen, or release the defendant. Furthermore, even if it is determined that the defendant probably soon will be able to stand trial, his continued commitment must be justified by progress toward that goal.

406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972).  Similarly, in *United States v. Jackson*, 306 F.Supp. 4 (N.D.Cal. 1969), the court held that the accused, who was incompetent to stand trial because of serious mental illness, that was not likely to be cured in foreseeable future, and who had already spent over a year and a half in federal hospital must be discharged from federal custody and responsibility for accused should transfer to state. The underlying tone in all of these decisions is the general understanding as stated in *Cook v. Ciccone*, 312 F.Supp. 822 (W.D.Mo. 1970), that "Such consideration is dictated by the inherent unfairness and substantial injustice in keeping an unconvicted person in federal custody to await trial where it is plainly evident his mental condition will not permit trial within a reasonable period of time." 312 F.Supp. at 824.

### ORDER

1. Defendant is released in the criminal case pursuant to the condition that she remain at the adult foster care.

4

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**Case No. 27-CR-19-3539**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Order-Other·
Filing Date:   **2019-10-09**
27-CR-19-3539_Order-Other_2019-10-09.pdf
File Hash:      f11eb8156b07b0ab266abcf0273282cbd578748d2c5f362d7129ab9c1a27feed
Page: 5 of 5      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

2. Defendant is ordered to cooperate with his civil commitment including following all treatment recommendations and appearing at all court appearances in the civil and criminal cases.

3. DHS shall continue to submit a written reports addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

BY THE COURT:

DATED:  October 8, 2019

_____
Carolina A. Lamas
Judge of District Court
Fourth Judicial District

5

Url 1: link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
Url 4: drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 99**

# Order-Other

## 2019-10-09    Minnesota Fourth Judicial District Court,  Case No. 27-CR-19-17539

### DOCUMENT METADATA

| | |
|---|---|
| File: | 27-CR-19-17539_Order-Other_2019-10-09.pdf |
| File Size: | 334 KiB |
| Author: | **Nehring, Alisha; Nehring; Alisha** |
| Company: | State of Minnesota |
| Create Date: | 2019:10:08 16:57:40-05:00 |
| Modify Date: | 2024:04:30 09:20:00-05:00 |
| Source Modified: | D:20191008215724 |
| XMP Toolkit: | Adobe XMP Core 5.1.0-jc003 |
| Metadata Date: | 2019:10:09 11:00:44-05:00 |
| Creator Tool: | Acrobat PDFMaker 17 for Word |
| Document ID: | uuid:5e70ea27-ba65-46bb-9442-1548b9e0b748 |
| Instance ID: | uuid:7320c32a-2b8f-4831-a31f-a326450f8d4d |
| Producer: | Adobe PDF Library 15.0; modified using iText® 7.1.16 ©2000-2021 iText Group NV (Minnesota Judicial Branch; licensed version) |
| Creator: | **Nehring, Alisha, Nehring, Alisha** |
| Page Count: | 5 |

### DOCUMENT DIGITAL SIGNATURES

**Signature #1:**

Signer Certificate Common Name:**Lamas, Carolina**

Signer full Distinguished Name: **CN="Lamas, Carolina",OU=Users, OU=Government Center, OU=District04, DC=courts,DC=state,DC=mn,DC=us**

Signing Time: Oct 08 2019 16:57:59

Signing Hash Algorithm: SHA-256

Signature Type: adbe.pkcs7.detached

Signed Ranges: [0 - 72039], [82095 - 156389]

Not total document signed

Signature Validation:  **SIGNATURE IS VALID**

**Signature #2:**

Signer Certificate Common Name: **ESolutions Development Certificate Authority**

Signer full Distinguished Name: **CN=ESolutions Development Certificate Authority**

Signing Time: Oct 09 2019 06:00:44

Signing Hash Algorithm: SHA-256

Signature Type: ETSI.CAdES.detached

Signed Ranges: [0 - 156624], [173010 - 206327]

Not total document signed

Signature Validation:  **SIGNATURE IS VALID**

**Signature #3:**

Signer Certificate Common Name: **Minnesota Court Records Online (MCRO) Watermark**

Signer full Distinguished Name: **CN=Minnesota Court Records Online (MCRO) Watermark,O=State of MN Judicial Branch**

Signing Time: **Apr 30 2024 09:20:00**

Signing Hash Algorithm: SHA-256

Signature Type: adbe.pkcs7.detached

Signed Ranges: [0 - 320349], [336735 - 342157]

**Total document signed**

Signature Validation: **SIGNATURE IS VALID**

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**Case No. 27-CR-19-17539**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type: ·Order-Other·
Filing Date: **2019-10-09**
27-CR-19-17539_Order-Other_2019-10-09.pdf
File Hash: e46282b598bcf38da63e9bc9ddf2947072500532286d771a40515d93372de835
Page: 1 of 5 [ source file ] [ .ots timestamp of source file ] [ pdf signatures ] [ metadata ]

| State of Minnesota | District Court |
|---|---|
| County of Hennepin | Fourth Judicial District |

|  | Judge Carolina A. Lamas |
|---|---|
| State of Minnesota,<br>　　　Plaintiff, | Case Type: Criminal |
|  | **ORDER** |
| v. |  |
| Aesha Ibrahim Osman,<br>　　　Defendant. | Case No.: 27-CR-19-3539;<br>27-CR-19-1916; 27-CR-19-17539<br>27-CR-18-20198; 27-CR-18-18391 |

### FINDINGS OF FACT

1. Defendant (date of birth 09/03/1998) was charged in MNCIS Case No. 27-CR-19-3539 with Assault in the Fourth Degree (Felony) arising from an incident alleged to have occurred on January 30, 2019; MNCIS Case No. 27-CR-19-1916 with Assault in the Fifth Degree (Felony) and Assault in the Fourth Degree (Felony) arising from an incident alleged to have occurred on January 20, 2019; MNCIS Case No. 27-CR-18-20198 with Assault in the Fifth Degree (Gross Misdemeanor) and Disorderly Conduct arising from an incident alleged to have occurred on April 12, 2018; MNCIS Case No. 27-CR-18-18391 with Assault in the Fifth Degree (Felony) arising from an incident alleged to have occurred on July 2, 2018; MNCIS Case No. 27-CR-19-17539 with Assault in the Fifth Degree (Felony) arising from an incident alleged to have occurred on March 23, 2019. On August 27, 2019, Judge Carolina A. Lamas found probable cause to believe that the felony was committed in 27-CR-19-17539 was committed and that Defendant committed them; previously, on February 26, 2019 Judge Carolina A. Lamas found probable cause to believe that felonies were committed in 27-CR-19-3539, 27-CR-19-1916, 27-CR-18-20198, and 27-CR-18-1839 and that Defendant committed them.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**Case No. 27-CR-19-17539**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Order-Other·
Filing Date:   **2019-10-09**
27-CR-19-17539_Order-Other_2019-10-09.pdf
File Hash:      e46282b598bcf38da63e9bc9ddf2947072500532286d771a40515d93372de835
Page: 2 of 5      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

2.  On August 19, 2019, the Minnesota Department of Human Services – Direct Care and Treatment submitted a Rule 20.01, Subd. 7 report.

3.  Dr. Kristen E. Matson, Ph.D., LP, Minnesota Department of Human Services – Forensic Psychologist with Direct Care and Treatment reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4.  Dr. Kristen E. Matson, Ph.D., LP, Minnesota Department of Human Services – Direct Care and Treatment opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

5.  Assistant Hennepin County Attorney, Elizabeth Smith, requested that MNCIS Case No. 27-CR-19-17539 be added to the calendar for a finding regarding competency be entered.

6.  On August 27, 2019, the Defendant appeared in custody with counsel before the Court and Judge Carolina A. Lamas found Defendant incompetent to stand trial and ordered the criminal proceedings in this matter be suspended until Defendant is restored to competency to proceed. Judge Carolina A. Lamas ordered "Bail to Stand" and Defendant remained in custody subject $40,000 bail issued on the complaint in MNCIS Case No. 27-CR-19-1916 and subject to a Conditional Release Order issued and signed by Judge Marth Anne Holton Dimick on November 19. 2018 in MNCIS Case No. 27-CR-18-18391.

7.  On March 22, 2019, Judge Elizabeth Cutter of Hennepin County District Court issued an Order for Commitment as a Person Who is Mentally Ill (Rule 20) in MNCIS Case No. 27-MH-PR-19-280; the Defendant was civilly committed to the Commissioner of Human Services.

8.  On March 25, 2019, the Defendant was admitted to the Anoka Metro Regional Treatment Center.

9.  On March 25, 2019, Admission Notification for Persons Subject to Continuing Criminal Court Supervision was filed into the criminal cases.

2

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**Case No. 27-CR-19-17539**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Order-Other·
Filing Date:   **2019-10-09**
27-CR-19-17539_Order-Other_2019-10-09.pdf
File Hash:     e46282b598bcf38da63e9bc9ddf2947072500532286d771a40515d93372de835
Page: 3 of 5     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

---

10. On September 30, 2019 a Notification of Reduction in Custody was filed into this criminal case, noting a Provisional Discharge to Adult Foster Care to go into effect on or after October 7, 2019.

11. Defendant remains incompetent and the criminal case remains suspended pursuant to Minn.R.Crim.P. 20.01, Subd. 6(b).

12. If the Criminal Court Judge denied the request to provisionally discharge the defendant to Adult Foster Care, the defendant would be released to the jail on the previously ordered bail.

13. The Hennepin County Jail does not provide competency restoration treatment or therapy and is not able to administer *Jarvis* orders.

14. If the defendant was provisionally discharged to the jail, the court would have to make the impossible decision as to whether to keep the incompetent defendant in the jail not receiving treatment with a suspended criminal case, or, to release the defendant to the street.

15. Given the options, Judge Katheryn Quaintance approved the request to provisionally discharge Defendant and issued a Conditional Release Order allowing Ms. Osman to be released to an adult foster care facility under her Civil Commitment.

### ANALYSIS

There is no case directly on point in Minnesota as to whether an incompetent defendant, whose criminal case has been suspended, can be held in the jail awaiting restoration to competency while not receiving competency restoration treatment at said jail. In dealing with similar issues, courts around the country have held that "incompetent criminal defendants – as pretrial detainees – have a liberty interest in being free from incarceration absent a criminal conviction." *Goodman v. Utah Department of Human Services,* 180 F.Supp.3d 998, 1009 (D. Utah 2016); that the "Constitutional questions pertaining to the pretrial confinement of incompetent criminal defendants are analyzed under the due process clause of the Fourteenth Amendment." *State v. Hand,*

3

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 103**

**Case No. 27-CR-19-17539**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:    ·Order-Other·
Filing Date:    **2019-10-09**
27-CR-19-17539_Order-Other_2019-10-09.pdf
File Hash:    e46282b598bcf38da63e9bc9ddf2947072500532286d771a40515d93372de835
Page: 4 of 5      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

429 P.3d 502 (Wash. 2018); and that the relevant question is whether the nature and duration of said detention, "is reasonably related to the purpose for which he was committed." Id. (citing *Jackson v. Indiana,* 406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972)).

In *Jackson*, the court held that:

> a person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future. If it is determined that this is not the case, then the State must either institute the customary civil commitment proceeding that would be required to commit indefinitely any other citizen, or release the defendant. Furthermore, even if it is determined that the defendant probably soon will be able to stand trial, his continued commitment must be justified by progress toward that goal.

406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972).  Similarly, in *United States v. Jackson*, 306 F.Supp. 4 (N.D.Cal. 1969), the court held that the accused, who was incompetent to stand trial because of serious mental illness, that was not likely to be cured in foreseeable future, and who had already spent over a year and a half in federal hospital must be discharged from federal custody and responsibility for accused should transfer to state. The underlying tone in all of these decisions is the general understanding as stated in *Cook v. Ciccone*, 312 F.Supp. 822 (W.D.Mo. 1970), that "Such consideration is dictated by the inherent unfairness and substantial injustice in keeping an unconvicted person in federal custody to await trial where it is plainly evident his mental condition will not permit trial within a reasonable period of time." 312 F.Supp. at 824.

## ORDER

1.  Defendant is released in the criminal case pursuant to the condition that she remain at the adult foster care.

4

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**Case No. 27-CR-19-17539**
State of MN vs AESHA IBRAHIM OSMAN
Filing Type:   ·Order-Other·
Filing Date:   **2019-10-09**
27-CR-19-17539_Order-Other_2019-10-09.pdf
File Hash:    e46282b598bcf38da63e9bc9ddf2947072500532286d771a40515d93372de835
Page: 5 of 5      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

2.  Defendant is ordered to cooperate with his civil commitment including following all treatment recommendations and appearing at all court appearances in the civil and criminal cases.

3.  DHS shall continue to submit a written reports addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

BY THE COURT:

DATED:  October 8, 2019

_____
Carolina A. Lamas
Judge of District Court
Fourth Judicial District

5

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 105**

# Order-Other

## 2021-08-30     Minnesota Fourth Judicial District Court,  Case No. 27-CR-21-6229

### DOCUMENT METADATA

| | |
|---|---|
| File: | 27-CR-21-6229_Order-Other_2021-08-30.pdf |
| File Size: | 244 KiB |
| Author: | **Nehring, Alisha; Nehring; Alisha** |
| Create Date: | 2021:08:25 14:03:51-05:00 |
| Modify Date: | 2024:04:30 08:02:29-05:00 |
| XMP Toolkit: | Adobe XMP Core 5.1.0-jc003 |
| Creator Tool: | Microsoft® Word 2013 |
| Metadata Date: | 2021:08:30 12:59:16-05:00 |
| Producer: | Microsoft® Word 2013; modified using iText® 7.1.16 ©2000-2021 iText Group NV (Minnesota Judicial Branch; licensed version) |
| Document ID: | uuid:978f27fb-c21b-4d77-b875-fd025114d01b |
| Instance ID: | uuid:276e343a-c1a5-408e-8261-9c3076adca41 |
| Creator: | **Nehring, Alisha, Nehring, Alisha** |
| Page Count: | 4 |

### DOCUMENT DIGITAL SIGNATURES

**Signature #1:**

Signer Certificate Common Name: **Minnesota Court Records Online (MCRO) Watermark**

Signer full Distinguished Name: **CN=Minnesota Court Records Online (MCRO) Watermark,O=State of MN Judicial Branch**

Signing Time: **Apr 30 2024 08:02:29**

Signing Hash Algorithm: SHA-256

Signature Type: adbe.pkcs7.detached

Signed Ranges: [0 - 227935], [244321 - 249737]

**Total document signed**

Signature Validation: **SIGNATURE IS VALID**

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**Case No. 27-CR-21-6229**
State of MN vs MARVAL BARNES
Filing Type:   ·Order-Other·
Filing Date:   **2021-08-30**
27-CR-21-6229_Order-Other_2021-08-30.pdf
File Hash:   e052d046e4c05ef0e843feb8dbadd5a0de1aba804ab12dba85e7417644a86d47
Page: 1 of 4    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

27-CR-21-6229

Filed in District Court
State of Minnesota
8/30/2021 12:54 PM

State of Minnesota

District Court

County of Hennepin

Fourth Judicial District

Judge Lisa K. Janzen
Case Type: Criminal

State of Minnesota,
　　　　Plaintiff,

**ORDER**

v.

Marval Barnes,
　　　　Defendant.

Case No. 27-CR-21-8856;
27-CR-21-11758; 27-CR-21-6229;
27-CR-21-722; 27-CR-21-8613;
27-CR-21-8643

**FINDINGS OF FACT**

1. Defendant (date of birth 12/17/79) was charged in MNCIS file 27-CR-21-8856 with two counts of Fourth Degree Assault (Felony) arising from an incident alleged to have occurred on 5/6/21; in MNCIS file 27-CR-21-11758 with Fourth Degree Assault (Felony) arising from an incident alleged to have occurred on 5/14/21; in MNCIS file 27-CR-21-6229 with First Degree Damage to Property (Felony) arising from an incident alleged to have occurred on 2/25/21; in MNCIS file 27-CR-21-722 with Trespass (Gross Misdemeanor) arising from an incident alleged to have occurred on 1/10/21; in MNCIS file 27-CR-21-8613 with First Degree Damage to Property (Felony) arising from an incident alleged to have occurred on 4/29/21; and in MNCIS file 27-CR-21-8643 with Trespass (Gross Misdemeanor) arising from an incident alleged to have occurred on 5/4/21. On 5/10/21, Judge Daniel Moreno found probable cause to believe that the felony charges were committed and that Defendant committed them for Rule 20 purposes.

2. On 5/10/21, Judge Daniel Moreno ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 107**

Case No. 27-CR-21-6229
State of MN vs MARVAL BARNES
Filing Type:  ·Order-Other·
Filing Date:  **2021-08-30**
27-CR-21-6229_Order-Other_2021-08-30.pdf
File Hash:    e052d046e4c05ef0e843feb8dbadd5a0de1aba804ab12dba85e7417644a86d47
Page: 2 of 4    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

27-CR-21-6229

Filed in District Court
State of Minnesota
8/30/2021 12:54 PM

3.  Dr. Bruce Renken, Ph.D., L.P., for Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4.  Dr. Bruce Renken,Ph.D., L.P., for Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

5.  On 5/18/21, the Defendant appeared in custody with counsel before the Court and Judge Gina Brandt found Defendant incompetent to stand trial and ordered the criminal proceedings in this matter be suspended until Defendant is restored to competency to proceed. Judge Gina Brandt ordered the Hennepin County Prepetition Screening Program to conduct prepetition screening and Defendant remained in custody subject to conditions issued on 5/10/21.

6.  On 6/15/21, Judge Phil Carruthers of Hennepin County District Court issued an Order for Commitment as a Person Who is Mentally Ill (Rule 20) in MNCIS Case No. 27-MH-PR-21-638; the Defendant was civilly committed to the Commissioner of Human Services.

7.  On 6/21/21, the Defendant was admitted to AMRTC.

8.  On 8/24/21 a Notification of Reduction in Custody was filed into this criminal case, noting a Provisional Discharge to Risen Care-Adult Foster Care facility to go into effect on or after 8/30/21 as the Defendant was determined to no longer require in-patient level of care as of 8/24/21.

9.  Defendant remains incompetent and the criminal case remains suspended pursuant to Minn.R.Crim.P. 20.01, Subd. 6(b).

10. If the Criminal Court Judge denied the request to provisionally discharge the defendant to Risen Care, the defendant would be released to the jail on the previously ordered bail.

2

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

EXHIBIT NEH-1 | p. 108

**Case No. 27-CR-21-6229**
State of MN vs MARVAL BARNES
Filing Type: ·Order-Other·
Filing Date: **2021-08-30**
27-CR-21-6229_Order-Other_2021-08-30.pdf
File Hash: e052d046e4c05ef0e843feb8dbadd5a0de1aba804ab12dba85e7417644a86d47
Page: 3 of 4 [ source file ] [ .ots timestamp of source file ] [ pdf signatures ] [ metadata ]

---

27-CR-21-6229

Filed in District Court<br>State of Minnesota<br>8/30/2021 12:54 PM

11. The Hennepin County Jail does not provide competency restoration treatment or therapy and is not able to administer *Jarvis* orders.

12. If the defendant was provisionally discharged to the jail, the court would have to make the impossible decision as to whether to keep the incompetent defendant in the jail not receiving treatment with a suspended criminal case, or, to release the defendant to the street.

13. Given the options, Judge Peter Cahill approved the request to provisionally discharge Defendant and amended bail.

<b>ANALYSIS</b>

There is no case directly on point in Minnesota as to whether an incompetent defendant, whose criminal case has been suspended, can be held in the jail awaiting restoration to competency while not receiving competency restoration treatment at said jail. In dealing with similar issues, courts around the country have held that "incompetent criminal defendants – as pretrial detainees – have a liberty interest in being free from incarceration absent a criminal conviction." *Goodman v. Utah Department of Human Services,* 180 F.Supp.3d 998, 1009 (D. Utah 2016); that the "Constitutional questions pertaining to the pretrial confinement of incompetent criminal defendants are analyzed under the due process clause of the Fourteenth Amendment." *State v. Hand,* 429 P.3d 502 (Wash. 2018); and that the relevant question is whether the nature and duration of said detention, "is reasonably related to the purpose for which he was committed." Id. (citing *Jackson v. Indiana,* 406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972)).

In *Jackson*, the court held that:

> a person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future. If it is determined that this is not the case, then the State must either institute the customary civil commitment proceeding that would be required to commit indefinitely any other citizen, or release the defendant.

3

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

<span style="color:red"><b>EXHIBIT NEH-1 | p. 109</b></span>

**Case No. 27-CR-21-6229**
State of MN vs MARVAL BARNES
Filing Type:   ·Order-Other·
Filing Date:   **2021-08-30**
27-CR-21-6229_Order-Other_2021-08-30.pdf
File Hash:   e052d046e4c05ef0e843feb8dbadd5a0de1aba804ab12dba85e7417644a86d47
Page: 4 of 4   [ source file ]   [ .ots timestamp of source file ]   [ pdf signatures ]   [ metadata ]

27-CR-21-6229

Filed in District Court
State of Minnesota
8/30/2021 12:54 PM

Furthermore, even if it is determined that the defendant probably soon will be able to stand trial, his continued commitment must be justified by progress toward that goal.

406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972). Similarly, in *United States v. Jackson*, 306 F.Supp. 4 (N.D.Cal. 1969), the court held that the accused, who was incompetent to stand trial because of serious mental illness, that was not likely to be cured in foreseeable future, and who had already spent over a year and a half in federal hospital must be discharged from federal custody and responsibility for accused should transfer to state. The underlying tone in all of these decisions is the general understanding as stated in *Cook v. Ciccone*, 312 F.Supp. 822 (W.D.Mo. 1970), that "Such consideration is dictated by the inherent unfairness and substantial injustice in keeping an unconvicted person in federal custody to await trial where it is plainly evident his mental condition will not permit trial within a reasonable period of time." 312 F.Supp. at 824.

### ORDER

1. Defendant is released in the criminal case under the conditions set forth in the amended conditional release order.

2. Defendant is ordered to cooperate with his civil commitment including following all treatment recommendations and appearing at all court appearances in the civil and criminal cases.

3. DHS shall continue to submit a written reports addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

BY THE COURT:

DATED:  August 26, 2021

_____
Lisa K. Janzen
Judge of District Court
Fourth Judicial District

4

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 110**

# Order-Other

## 2022-02-17      Minnesota Fourth Judicial District Court,  Case No. 27-CR-21-20637

### DOCUMENT METADATA

| | |
|---|---|
| File: | 27-CR-21-20637_Order-Other_2022-02-17.pdf |
| File Size: | 238 KiB |
| Author: | **Nehring, Alisha; Nehring; Alisha** |
| Create Date: | 2022:02:17 10:02:35-06:00 |
| Modify Date: | 2024:04:30 08:32:55-05:00 |
| XMP Toolkit: | Adobe XMP Core 5.1.0-jc003 |
| Producer: | Microsoft® Word for Microsoft 365; modified using iText® 7.1.16 ©2000-2021 iText Group NV (Minnesota Judicial Branch; licensed version) |
| Creator Tool: | Microsoft® Word for Microsoft 365 |
| Metadata Date: | 2022:02:17 10:26:24-06:00 |
| Document ID: | uuid:22BD092E-D726-4520-B7E6-7D0428D0AB5B |
| Instance ID: | uuid:b82ae2a4-cf30-4b0d-a96a-7cd7498c20c8 |
| Creator: | **Nehring, Alisha, Nehring, Alisha** |
| Page Count: | 4 |

### DOCUMENT DIGITAL SIGNATURES

**Signature #1:**

Signer Certificate Common Name: **Minnesota Court Records Online (MCRO) Watermark**

Signer full Distinguished Name: **CN=Minnesota Court Records Online (MCRO) Watermark,O=State of MN Judicial Branch**

Signing Time: **Apr 30 2024 08:32:55**

Signing Hash Algorithm: SHA-256

Signature Type: adbe.pkcs7.detached

Signed Ranges: [0 - 221357], [237743 - 243245]

**Total document signed**

Signature Validation: **SIGNATURE IS VALID**

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 111**

**Case No. 27-CR-21-20637**
State of MN vs Daniel Lamar Ford
Filing Type: ·Order-Other·
Filing Date: **2022-02-17**
27-CR-21-20637_Order-Other_2022-02-17.pdf
File Hash: 9b8f9205aa7963cd450d9dbd2fe42a54102a9d46218f6828d3f53b8d84c34e52
Page: 1 of 4    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

---

27-CR-21-20637

Filed in District Court
State of Minnesota
2/17/2022 10:06 AM

State of Minnesota                            District Court

County of Hennepin                    Fourth Judicial District

---

| | |
|---|---|
| State of Minnesota,<br>Plaintiff, | Judge Lisa K. Janzen<br>Case Type: Criminal |
| v. | **ORDER** |
| Daniel Lamar Ford,<br>Defendant. | Case No. 27-CR-21-20637 |

---

### FINDINGS OF FACT

1. Defendant (date of birth 08/28/1991) was charged with Fifth Degree Assault (Felony) arising from an incident alleged to have occurred on 09/04/21. On 11/08/21, Judge Tamara Garcia found probable cause to believe that the felony was committed and that Defendant committed it for Rule 20 purposes.

2. On 11/08/21, Judge Tamara Garcia ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Brie Pileggi-Valleen, Psy.D., LP, ABPP, for Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Brie Pileggi-Valleen, Psy.D., LP, ABPP, for Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

5. On 11/23/21, the Defendant appeared in custody with counsel before the Court and Judge Lisa Janzen found Defendant incompetent to stand trial and ordered the criminal proceedings in this matter be suspended until Defendant is restored to

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 112**

**Case No. 27-CR-21-20637**
State of MN vs Daniel Lamar Ford
Filing Type: ·Order-Other·
Filing Date: **2022-02-17**
27-CR-21-20637_Order-Other_2022-02-17.pdf
File Hash: 9b8f9205aa7963cd450d9dbd2fe42a54102a9d46218f6828d3f53b8d84c34e52
Page: 2 of 4 [ source file ] [ .ots timestamp of source file ] [ pdf signatures ] [ metadata ]

27-CR-21-20637

Filed in District Court
State of Minnesota
2/17/2022 10:06 AM

competency to proceed. Judge Lisa Janzen ordered the Hennepin County Prepetition Screening Program to conduct prepetition screening and Defendant remained in custody subject to conditions issued on 11/23/21.

6. On 12/20/21, Judge Phil Carruthers of Hennepin County District Court issued an Order for Commitment as a Person Who is Mentally Ill (Rule 20) in MNCIS Case No. 27-MH-PR-21-1406; the Defendant was civilly committed to the Commissioner of Human Services.

7. On 01/26/22, the Defendant was admitted to CBHH Baxter.

8. On 02/16/22, the Department of Human Services – Direct Care and Treatment emailed the Court regarding a Provisional Discharge to an Adult Foster Care facility.

9. Defendant remains incompetent and the criminal case remains suspended pursuant to Minn.R.Crim.P. 20.01, Subd. 6(b).

10. If the Criminal Court Judge denied the request to provisionally discharge the defendant to an Adult Foster Care facility, the defendant would be released to the jail on the previously ordered bail.

11. The Hennepin County Jail does not provide competency restoration treatment or therapy and is not able to administer *Jarvis* orders.

12. If the defendant was provisionally discharged to the jail, the court would have to make the impossible decision as to whether to keep the incompetent defendant in the jail not receiving treatment with a suspended criminal case, or, to release the defendant to the street.

13. Given the options, Judge Lisa Janzen approved the request to provisionally discharge Defendant and amended bail.

**ANALYSIS**

There is no case directly on point in Minnesota as to whether an incompetent defendant, whose criminal case has been suspended, can be held in the jail awaiting restoration to competency while not receiving competency restoration treatment at said jail. In dealing with similar issues, courts around the country have held that

2

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 113**

**Case No. 27-CR-21-20637**
State of MN vs Daniel Lamar Ford
Filing Type: ·Order-Other·
Filing Date: **2022-02-17**
27-CR-21-20637_Order-Other_2022-02-17.pdf
File Hash: 9b8f9205aa7963cd450d9dbd2fe42a54102a9d46218f6828d3f53b8d84c34e52
Page: 3 of 4   [ source file ]   [ .ots timestamp of source file ]   [ pdf signatures ]   [ metadata ]

---

27-CR-21-20637

Filed in District Court
State of Minnesota
2/17/2022 10:06 AM

"incompetent criminal defendants – as pretrial detainees – have a liberty interest in being free from incarceration absent a criminal conviction." *Goodman v. Utah Department of Human Services*, 180 F.Supp.3d 998, 1009 (D. Utah 2016); that the "Constitutional questions pertaining to the pretrial confinement of incompetent criminal defendants are analyzed under the due process clause of the Fourteenth Amendment." *State v. Hand*, 429 P.3d 502 (Wash. 2018); and that the relevant question is whether the nature and duration of said detention, "is reasonably related to the purpose for which he was committed." Id. (citing *Jackson v. Indiana*, 406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972)).

In *Jackson*, the court held that:

> a person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future. If it is determined that this is not the case, then the State must either institute the customary civil commitment proceeding that would be required to commit indefinitely any other citizen, or release the defendant. Furthermore, even if it is determined that the defendant probably soon will be able to stand trial, his continued commitment must be justified by progress toward that goal.

406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972). Similarly, in *United States v. Jackson*, 306 F.Supp. 4 (N.D.Cal. 1969), the court held that the accused, who was incompetent to stand trial because of serious mental illness, that was not likely to be cured in foreseeable future, and who had already spent over a year and a half in federal hospital must be discharged from federal custody and responsibility for accused should transfer to state. The underlying tone in all of these decisions is the general understanding as stated in *Cook v. Ciccone*, 312 F.Supp. 822 (W.D.Mo. 1970), that "Such consideration is dictated by the inherent unfairness and substantial injustice in keeping an unconvicted person in federal custody to await trial where it is plainly evident his

3

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 114**

**Case No. 27-CR-21-20637**
State of MN vs Daniel Lamar Ford
Filing Type: ·Order-Other·
Filing Date: **2022-02-17**
27-CR-21-20637_Order-Other_2022-02-17.pdf
File Hash: 9b8f9205aa7963cd450d9dbd2fe42a54102a9d46218f6828d3f53b8d84c34e52
Page: 4 of 4     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

27-CR-21-20637

Filed in District Court
State of Minnesota
2/17/2022 10:06 AM

mental condition will not permit trial within a reasonable period of time." 312 F.Supp. at 824.

### ORDER

1. Defendant is released in the criminal case under the conditions set forth in the amended conditional release order.

2. Defendant is ordered to cooperate with his civil commitment including following all treatment recommendations and appearing at all court appearances in the civil and criminal cases.

3. DHS shall continue to submit a written reports addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

BY THE COURT:

DATED: February 17, 2022

_____
Lisa K. Janzen
Judge of District Court
Fourth Judicial District

4

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 115**

# Order-Other

## 2022-09-07        Minnesota Fourth Judicial District Court,  Case No. 27-CR-19-28883

---

### DOCUMENT METADATA

| | |
|---|---|
| File: | 27-CR-19-28883_Order-Other_2022-09-07.pdf |
| File Size: | 238 KiB |
| Author: | **Nehring, Alisha; Nehring; Alisha** |
| Create Date: | 2022:09:07 15:07:40-05:00 |
| Modify Date: | 2024:04:30 09:23:48-05:00 |
| XMP Toolkit: | Adobe XMP Core 5.1.0-jc003 |
| Producer: | Microsoft® Word for Microsoft 365; modified using iText® 7.1.16 ©2000-2021 iText Group NV (Minnesota Judicial Branch; licensed version) |
| Creator Tool: | Microsoft® Word for Microsoft 365 |
| Metadata Date: | 2022:09:07 15:36:04-05:00 |
| Document ID: | uuid:9FBFB0E9-BDEB-4975-93A0-492941BB4151 |
| Instance ID: | uuid:16f2be42-945f-401c-bc57-2eb65c229a93 |
| Creator: | **Nehring, Alisha, Nehring, Alisha** |
| Page Count: | 4 |

---

### DOCUMENT DIGITAL SIGNATURES

**Signature #1:**

Signer Certificate Common Name: **Minnesota Court Records Online (MCRO) Watermark**

Signer full Distinguished Name: **CN=Minnesota Court Records Online (MCRO) Watermark,O=State of MN Judicial Branch**

Signing Time: **Apr 30 2024 09:23:48**

Signing Hash Algorithm: SHA-256

Signature Type: adbe.pkcs7.detached

Signed Ranges: [0 - 222086], [238472 - 243964]

**Total document signed**

Signature Validation: **SIGNATURE IS VALID**

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**Case No. 27-CR-19-28883**
State of MN vs JACOB MAMAR JOHNSON
Filing Type:   ·Order-Other·
Filing Date:   **2022-09-07**
27-CR-19-28883_Order-Other_2022-09-07.pdf
File Hash:      5302819deeb93306aa6a3c191e9760f824778670c9e89e7b6722fce14fe47ce6
Page: 1 of 4      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

27-CR-19-28883

Filed in District Court
State of Minnesota
9/7/2022 3:19 PM

State of Minnesota

District Court

County of Hennepin

Fourth Judicial District

---

State of Minnesota,
    Plaintiff,

v.

Jacob Mamar Johnson,
    Defendant.

Judge Lisa K. Janzen
Case Type: Criminal

**ORDER**

Case No. 27-CR-21-13795;
27-CR-21-4207; 27-CR-19-28883;
27-CR-18-2328

---

### FINDINGS OF FACT

1. Defendant (date of birth 12/18/1988) was charged in MNCIS file 27-CR-21-13795 with Fifth Degree Drugs (Felony) arising from an incident alleged to have occurred on 07/22/21; in MNCIS file 27-CR-21-4207 with First Degree Damage to Property (Felony) arising from an incident alleged to have occurred on 01/21/21; in MNCIS file 27-CR-19-28883 with Fifth Degree Drugs (Felony) arising from an incident alleged to have occurred on 09/06/19; and convicted in MNCIS file 27-CR-18-2728 of Fifth Degree Drugs (Felony) . On 12/17/21, Judge Lyonel Norris found probable cause to believe that the felony offenses were committed and that Defendant committed them for Rule 20 purposes.

2. On 12/17/21, Judge Lyonel Norris ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Bruce Renken, Ph.D., LP, ABPP, for Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Bruce Renken, Ph.D., LP, ABPP, for Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 117**

**Case No. 27-CR-19-28883**
State of MN vs JACOB MAMAR JOHNSON
Filing Type: ·Order-Other·
Filing Date: **2022-09-07**
27-CR-19-28883_Order-Other_2022-09-07.pdf
File Hash: 5302819deeb93306aa6a3c191e9760f824778670c9e89e7b6722fce14fe47ce6
Page: 2 of 4 [ source file ] [ .ots timestamp of source file ] [ pdf signatures ] [ metadata ]

27-CR-19-28883

Filed in District Court
State of Minnesota
9/7/2022 3:19 PM

impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

5. On 02/01/22, the Defendant appeared in custody with counsel before the Court and Judge Lisa Janzen found Defendant incompetent to stand trial and ordered the criminal proceedings in this matter be suspended until Defendant is restored to competency to proceed. Judge Lisa Janzen ordered the Hennepin County Prepetition Screening Program to conduct prepetition screening and Defendant remained in custody subject to conditions issued on 02/01/22.

6. On 03/01/22, Judge Phil Carruthers of Hennepin County District Court issued an Order for Commitment as a Person Who is Mentally Ill (Rule 20) in MNCIS Case No. 27-MH-PR-22-181; the Defendant was civilly committed to the Commissioner of Human Services.

7. On 04/22/22, the Defendant was admitted to AMRTC.

8. On 09/02/22 a Notification of Reduction in Custody was filed into this criminal case, noting a Provisional Discharge to an Adult Foster Care/Customized Living facility to go into effect on or after 09/09/22 as the Defendant was determined to no longer require in-patient level of care as of 09/02/22.

9. Defendant remains incompetent and the criminal case remains suspended pursuant to Minn.R.Crim.P. 20.01, Subd. 6(b).

10. If the Criminal Court Judge denied the request to provisionally discharge the defendant to an Adult Foster Care/Customized Living facility, the defendant would be released to the jail on the previously ordered bail.

11. The Hennepin County Jail does not provide competency restoration treatment or therapy and is not able to administer *Jarvis* orders.

12. If the defendant was provisionally discharged to the jail, the court would have to make the impossible decision as to whether to keep the incompetent defendant in the jail not receiving treatment with a suspended criminal case, or, to release the defendant to the street.

2

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 118**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

**Case No. 27-CR-19-28883**
State of MN vs JACOB MAMAR JOHNSON
Filing Type:   ·Order-Other·
Filing Date:   **2022-09-07**
27-CR-19-28883_Order-Other_2022-09-07.pdf
File Hash:   5302819deeb93306aa6a3c191e9760f824778670c9e89e7b6722fce14fe47ce6
Page: 3 of 4   [ source file ]   [ .ots timestamp of source file ]   [ pdf signatures ]   [ metadata ]

27-CR-19-28883

Filed in District Court
State of Minnesota
9/7/2022 3:19 PM

13. Given the options, Judge Lisa Janzen approved the request to provisionally
discharge Defendant and  amended bail.

## ANALYSIS

There is no case directly on point in Minnesota as to whether an incompetent
defendant, whose criminal case has been suspended, can be held in the jail awaiting
restoration to competency while not receiving competency restoration treatment at said
jail. In dealing with similar issues, courts around the country have held that
"incompetent criminal defendants – as pretrial detainees – have a liberty interest in
being free from incarceration absent a criminal conviction." *Goodman v. Utah Department
of Human Services,* 180 F.Supp.3d 998, 1009 (D. Utah 2016); that the "Constitutional
questions pertaining to the pretrial confinement of incompetent criminal defendants are
analyzed under the due process clause of the Fourteenth Amendment." *State v. Hand,*
429 P.3d 502 (Wash. 2018); and that the relevant question is whether the nature and
duration of said detention, "is reasonably related to the purpose for which he was
committed." Id. (citing *Jackson v. Indiana,* 406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435
(1972)).

In *Jackson*, the court held that:

> a person charged by a State with a criminal offense who is committed solely
> on account of his incapacity to proceed to trial cannot be held more than the
> reasonable period of time necessary to determine whether there is a
> substantial probability that he will attain that capacity in the foreseeable
> future. If it is determined that this is not the case, then the State must either
> institute the customary civil commitment proceeding that would be
> required to commit indefinitely any other citizen, or release the defendant.
> Furthermore, even if it is determined that the defendant probably soon will
> be able to stand trial, his continued commitment must be justified by
> progress toward that goal.

406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972).  Similarly, in *United States v.
Jackson*, 306 F.Supp. 4 (N.D.Cal. 1969), the court held that the accused, who was

3

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 119**

**Case No. 27-CR-19-28883**
State of MN vs JACOB MAMAR JOHNSON
Filing Type:   ·Order-Other·
Filing Date:   **2022-09-07**
27-CR-19-28883_Order-Other_2022-09-07.pdf
File Hash:   5302819deeb93306aa6a3c191e9760f824778670c9e89e7b6722fce14fe47ce6
Page: 4 of 4     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

27-CR-19-28883

Filed in District Court
State of Minnesota
9/7/2022 3:19 PM

incompetent to stand trial because of serious mental illness, that was not likely to be cured in foreseeable future, and who had already spent over a year and a half in federal hospital must be discharged from federal custody and responsibility for accused should transfer to state. The underlying tone in all of these decisions is the general understanding as stated in *Cook v. Ciccone*, 312 F.Supp. 822 (W.D.Mo. 1970), that "Such consideration is dictated by the inherent unfairness and substantial injustice in keeping an unconvicted person in federal custody to await trial where it is plainly evident his mental condition will not permit trial within a reasonable period of time." 312 F.Supp. at 824.

## ORDER

1. Defendant is released in the criminal case under the conditions set forth in the in the amended conditional release order.

2. Defendant is ordered to cooperate with his civil commitment including following all treatment recommendations and appearing at all court appearances in the civil and criminal cases.

3. DHS shall continue to submit a written reports addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

BY THE COURT:

DATED:  September 7, 2022

_____
Lisa K. Janzen
Judge of District Court
Fourth Judicial District

4

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/.file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

# Order-Other

## 2022-09-07    Minnesota Fourth Judicial District Court,  Case No. 27-CR-21-13795

---

### DOCUMENT METADATA

| | |
|---|---|
| File: | 27-CR-21-13795_Order-Other_2022-09-07.pdf |
| File Size: | 238 KiB |
| Author: | **Nehring, Alisha; Nehring; Alisha** |
| Create Date: | 2022:09:07 15:07:40-05:00 |
| Modify Date: | 2024:04:30 08:24:35-05:00 |
| XMP Toolkit: | Adobe XMP Core 5.1.0-jc003 |
| Producer: | Microsoft® Word for Microsoft 365; modified using iText® 7.1.16 ©2000-2021 iText Group NV (Minnesota Judicial Branch; licensed version) |
| Creator Tool: | Microsoft® Word for Microsoft 365 |
| Metadata Date: | 2022:09:07 15:32:02-05:00 |
| Document ID: | uuid:9FBFB0E9-BDEB-4975-93A0-492941BB4151 |
| Instance ID: | uuid:3103727d-a146-43c5-b69e-ae09382c4568 |
| Creator: | **Nehring, Alisha, Nehring, Alisha** |
| Page Count: | 4 |

---

### DOCUMENT DIGITAL SIGNATURES

**Signature #1:**

Signer Certificate Common Name: **Minnesota Court Records Online (MCRO) Watermark**

Signer full Distinguished Name: **CN=Minnesota Court Records Online (MCRO) Watermark,O=State of MN Judicial Branch**

Signing Time: **Apr 30 2024 08:24:35**

Signing Hash Algorithm: SHA-256

Signature Type: adbe.pkcs7.detached

Signed Ranges: [0 - 222083], [238469 - 243962]

**Total document signed**

Signature Validation: **SIGNATURE IS VALID**

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**Case No. 27-CR-21-13795**
State of MN vs JACOB MAMAR JOHNSON
Filing Type: ·Order-Other·
Filing Date: **2022-09-07**
27-CR-21-13795_Order-Other_2022-09-07.pdf
File Hash: a706a99b0093ad62742d919f1bfaa6f13823ee97b8b1643a34217843a9a959dd
Page: 1 of 4    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

---

27-CR-21-13795

Filed in District Court
State of Minnesota
9/7/2022 3:15 PM

State of Minnesota                  District Court

County of Hennepin             Fourth Judicial District

---

State of Minnesota,          Judge Lisa K. Janzen
      Plaintiff,              Case Type: Criminal

                                   **ORDER**
v.

Jacob Mamar Johnson,
      Defendant.             Case No. 27-CR-21-13795;
                       27-CR-21-4207; 27-CR-19-28883;
                                 27-CR-18-2328

---

### FINDINGS OF FACT

1. Defendant (date of birth 12/18/1988) was charged in MNCIS file 27-CR-21-13795 with Fifth Degree Drugs (Felony) arising from an incident alleged to have occurred on 07/22/21; in MNCIS file 27-CR-21-4207 with First Degree Damage to Property (Felony) arising from an incident alleged to have occurred on 01/21/21; in MNCIS file 27-CR-19-28883 with Fifth Degree Drugs (Felony) arising from an incident alleged to have occurred on 09/06/19; and convicted in MNCIS file 27-CR-18-2728 of Fifth Degree Drugs (Felony) . On 12/17/21, Judge Lyonel Norris found probable cause to believe that the felony offenses were committed and that Defendant committed them for Rule 20 purposes.

2. On 12/17/21, Judge Lyonel Norris ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Bruce Renken, Ph.D., LP, ABPP, for Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Bruce Renken, Ph.D., LP, ABPP, for Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive

---

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 122**

**Case No. 27-CR-21-13795**
State of MN vs JACOB MAMAR JOHNSON
Filing Type:   ·Order-Other·
Filing Date:   **2022-09-07**
27-CR-21-13795_Order-Other_2022-09-07.pdf
File Hash:      a706a99b0093ad62742d919f1bfaa6f13823ee97b8b1643a34217843a9a959dd
Page: 2 of 4      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

27-CR-21-13795

Filed in District Court
State of Minnesota
9/7/2022 3:15 PM

impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

5. On 02/01/22, the Defendant appeared in custody with counsel before the Court and Judge Lisa Janzen found Defendant incompetent to stand trial and ordered the criminal proceedings in this matter be suspended until Defendant is restored to competency to proceed. Judge Lisa Janzen ordered the Hennepin County Prepetition Screening Program to conduct prepetition screening and Defendant remained in custody subject to conditions issued on 02/01/22.

6. On 03/01/22, Judge Phil Carruthers of Hennepin County District Court issued an Order for Commitment as a Person Who is Mentally Ill (Rule 20) in MNCIS Case No. 27-MH-PR-22-181; the Defendant was civilly committed to the Commissioner of Human Services.

7. On 04/22/22, the Defendant was admitted to AMRTC.

8. On 09/02/22 a Notification of Reduction in Custody was filed into this criminal case, noting a Provisional Discharge to an Adult Foster Care/Customized Living facility to go into effect on or after 09/09/22 as the Defendant was determined to no longer require in-patient level of care as of 09/02/22.

9. Defendant remains incompetent and the criminal case remains suspended pursuant to Minn.R.Crim.P. 20.01, Subd. 6(b).

10. If the Criminal Court Judge denied the request to provisionally discharge the defendant to an Adult Foster Care/Customized Living facility, the defendant would be released to the jail on the previously ordered bail.

11. The Hennepin County Jail does not provide competency restoration treatment or therapy and is not able to administer *Jarvis* orders.

12. If the defendant was provisionally discharged to the jail, the court would have to make the impossible decision as to whether to keep the incompetent defendant in the jail not receiving treatment with a suspended criminal case, or, to release the defendant to the street.

2

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 123**

**Case No. 27-CR-21-13795**
State of MN vs JACOB MAMAR JOHNSON
Filing Type:   ·Order-Other·
Filing Date:   **2022-09-07**
27-CR-21-13795_Order-Other_2022-09-07.pdf
File Hash:   a706a99b0093ad62742d919f1bfaa6f13823ee97b8b1643a34217843a9a959dd
Page: 3 of 4   [ source file ]   [ .ots timestamp of source file ]   [ pdf signatures ]   [ metadata ]

27-CR-21-13795

Filed in District Court
State of Minnesota
9/7/2022 3:15 PM

13. Given the options, Judge Lisa Janzen approved the request to provisionally discharge Defendant and  amended bail.

## ANALYSIS

There is no case directly on point in Minnesota as to whether an incompetent defendant, whose criminal case has been suspended, can be held in the jail awaiting restoration to competency while not receiving competency restoration treatment at said jail. In dealing with similar issues, courts around the country have held that "incompetent criminal defendants – as pretrial detainees – have a liberty interest in being free from incarceration absent a criminal conviction." *Goodman v. Utah Department of Human Services,* 180 F.Supp.3d 998, 1009 (D. Utah 2016); that the "Constitutional questions pertaining to the pretrial confinement of incompetent criminal defendants are analyzed under the due process clause of the Fourteenth Amendment." *State v. Hand,* 429 P.3d 502 (Wash. 2018); and that the relevant question is whether the nature and duration of said detention, "is reasonably related to the purpose for which he was committed." Id. (citing *Jackson v. Indiana,* 406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972)).

In *Jackson*, the court held that:

> a person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future. If it is determined that this is not the case, then the State must either institute the customary civil commitment proceeding that would be required to commit indefinitely any other citizen, or release the defendant. Furthermore, even if it is determined that the defendant probably soon will be able to stand trial, his continued commitment must be justified by progress toward that goal.

406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972).  Similarly, in *United States v. Jackson*, 306 F.Supp. 4 (N.D.Cal. 1969), the court held that the accused, who was

3

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**Case No. 27-CR-21-13795**
State of MN vs JACOB MAMAR JOHNSON
Filing Type: ·Order-Other·
Filing Date: **2022-09-07**
27-CR-21-13795_Order-Other_2022-09-07.pdf
File Hash: a706a99b0093ad62742d919f1bfaa6f13823ee97b8b1643a34217843a9a959dd
Page: 4 of 4   [ source file ]   [ .ots timestamp of source file ]   [ pdf signatures ]   [ metadata ]

27-CR-21-13795

Filed in District Court
State of Minnesota
9/7/2022 3:15 PM

incompetent to stand trial because of serious mental illness, that was not likely to be cured in foreseeable future, and who had already spent over a year and a half in federal hospital must be discharged from federal custody and responsibility for accused should transfer to state. The underlying tone in all of these decisions is the general understanding as stated in *Cook v. Ciccone*, 312 F.Supp. 822 (W.D.Mo. 1970), that "Such consideration is dictated by the inherent unfairness and substantial injustice in keeping an unconvicted person in federal custody to await trial where it is plainly evident his mental condition will not permit trial within a reasonable period of time." 312 F.Supp. at 824.

## ORDER

1. Defendant is released in the criminal case under the conditions set forth in the in the amended conditional release order.

2. Defendant is ordered to cooperate with his civil commitment including following all treatment recommendations and appearing at all court appearances in the civil and criminal cases.

3. DHS shall continue to submit a written reports addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

BY THE COURT:

DATED: September 7, 2022

_____
Lisa K. Janzen
Judge of District Court
Fourth Judicial District

4

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 125**

# Order-Other

**2022-11-04**      **Minnesota Fourth Judicial District Court,  Case No. 27-CR-21-19723**

## DOCUMENT METADATA

| | |
|---|---|
| File: | 27-CR-21-19723_Order-Other_2022-11-04.pdf |
| File Size: | 792 KiB |
| Author: | **Nehring, Alisha; Nehring; Alisha** |
| Company: | State of Minnesota |
| Create Date: | 2022:11:04 11:46:54-05:00 |
| Modify Date: | 2024:04:30 08:29:44-05:00 |
| Source Modified: | D:20221104155401 |
| XMP Toolkit: | Adobe XMP Core 5.1.0-jc003 |
| Metadata Date: | 2022:11:04 11:47:21-05:00 |
| Creator Tool: | Acrobat PDFMaker 22 for Word |
| Document ID: | uuid:1a7d1fde-5218-4513-8f5e-7c1a1afb8877 |
| Instance ID: | uuid:5a205d1b-bade-4c48-bec8-3478342d305d |
| Producer: | Adobe PDF Library 22.3.34; modified using iText® 7.1.16 ©2000-2021 iText Group NV (Minnesota Judicial Branch; licensed version) |
| Creator: | **Nehring, Alisha, Nehring, Alisha** |
| Page Count: | 4 |

## DOCUMENT DIGITAL SIGNATURES

**Signature #1:**

Signer Certificate Common Name: **Minnesota Court Records Online (MCRO) Watermark**

Signer full Distinguished Name: **CN=Minnesota Court Records Online (MCRO) Watermark,O=State of MN Judicial Branch**

Signing Time: **Apr 30 2024 08:29:44**

Signing Hash Algorithm: SHA-256

Signature Type: adbe.pkcs7.detached

Signed Ranges: [0 - 788870], [805256 - 810649]

**Total document signed**

Signature Validation: **SIGNATURE IS VALID**

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

**Case No. 27-CR-21-19723**
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type: ·Order-Other·
Filing Date: **2022-11-04**
27-CR-21-19723_Order-Other_2022-11-04.pdf
File Hash: fb10d12c21aea9333db04ef42e27e41ce4477399bfc06b6a7384bda313d2d2d2
Page: 1 of 4 [ source file ] [ .ots timestamp of source file ] [ pdf signatures ] [ metadata ]

| State of Minnesota | District Court |
|---|---|
| County of Hennepin | Fourth Judicial District |

|  | Judge Lisa K. Janzen |
|---|---|
| State of Minnesota,<br>Plaintiff, | Case Type: Criminal |
|  | **ORDER** |
| v. |  |
| Brittany Latesha Crutchfield,<br>Defendant. | Case No. 27-CR-21-19723, 27-CR-21-23456, 27-CR-22-15550 |

### FINDINGS OF FACT

1. Defendant (date of birth 03/06/1988) was charged in File No. 27-CR-21-19723 with Burglary-3rd Degree-Steal (Felony) arising from an incident alleged to have occurred on 10/21/2021; in File No. 27-CR-21-23456 with Burglary-3rd Degree-Steal (Felony) arising from an incident alleged to have occurred on 12/19/2021; in File No. 27-CR-22-15550 with Burglary-3rd Degree-Steal (Felony) arising from an incident alleged to have occurred on 8/5/2022. On 10/13/21, Judge Larson ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed for Rule 20 purposes on misdemeanor offenses which alleged to have occurred on or before the above offenses referenced in this Order. Those findings were applied to the above cases as well.

2. On 10/13/21, Judge Larson ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Bruce Renken, Ph.D., for Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Bruce Renken, Ph.D., for Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 127**

**Case No. 27-CR-21-19723**
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type:   ·Order-Other·
Filing Date:   **2022-11-04**
27-CR-21-19723_Order-Other_2022-11-04.pdf
File Hash:     fb10d12c21aea9333db04ef42e27e41ce4477399bfc06b6a7384bda313d2d2d2
Page: 2 of 4     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

5. On 10/26/21, the Defendant appeared counsel before the Court and Judge Lisa Janzen found Defendant incompetent to stand trial and ordered the criminal proceedings in this matter be suspended until Defendant is restored to competency to proceed. Judge Lisa Janzen ordered the Hennepin County Prepetition Screening Program to conduct prepetition screening.

6. On 09/8/22, Judge Browne of Hennepin County District Court issued an Order for Commitment as a Person Who is Chemically Dependent Person and as a Person who Poses a Rick of Harm Due to a Mental Illness (Rule 20) in MNCIS Case No. 27-MH-PR-22-944; the Defendant was civilly committed to the Commissioner of Human Services.

7. On 10/3/22, the Defendant was admitted to CBHH Alexandria.

8. On 11/4/22 a Notification of Reduction in Custody was filed into this criminal case, noting a Provisional Discharge to a community setting, namely Paris Crutchfield's home (Brittany Crutchfield's sister) 3133 Central Avenue NE, Minneapolis, MN 55418, to go into effect on or after 11/9/22 as the Defendant was determined to no longer require in-patient level of care as of 11/9/22.

9. Defendant remains incompetent and the criminal case remains suspended pursuant to Minn.R.Crim.P. 20.01, Subd. 6(b).

10. If the Criminal Court Judge denied the request to provisionally discharge the defendant to a community setting, the defendant would be released to the jail on the previously ordered bail.

11. The Hennepin County Jail does not provide competency restoration treatment or therapy and is not able to administer *Jarvis* orders.

12. If the defendant was provisionally discharged to the jail, the court would have to make the impossible decision as to whether to keep the incompetent defendant in

2

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 128**

**Case No. 27-CR-21-19723**
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type:    ·Order-Other·
Filing Date:    **2022-11-04**
27-CR-21-19723_Order-Other_2022-11-04.pdf
File Hash:      fb10d12c21aea9333db04ef42e27e41ce4477399bfc06b6a7384bda313d2d2d2
Page: 3 of 4      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

the jail not receiving treatment with a suspended criminal case, or, to release the
defendant to the street.

13. Given the options, Judge Chou approved the request to provisionally discharge
Defendant and amended bail.

## ANALYSIS

There is no case directly on point in Minnesota as to whether an incompetent
defendant, whose criminal case has been suspended, can be held in the jail awaiting
restoration to competency while not receiving competency restoration treatment at said
jail. In dealing with similar issues, courts around the country have held that
"incompetent criminal defendants – as pretrial detainees – have a liberty interest in
being free from incarceration absent a criminal conviction." *Goodman v. Utah Department
of Human Services,* 180 F.Supp.3d 998, 1009 (D. Utah 2016); that the "Constitutional
questions pertaining to the pretrial confinement of incompetent criminal defendants are
analyzed under the due process clause of the Fourteenth Amendment." *State v. Hand,*
429 P.3d 502 (Wash. 2018); and that the relevant question is whether the nature and
duration of said detention, "is reasonably related to the purpose for which he was
committed." Id. (citing *Jackson v. Indiana,* 406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435
(1972)).

In *Jackson,* the court held that:

> a person charged by a State with a criminal offense who is committed solely
> on account of his incapacity to proceed to trial cannot be held more than the
> reasonable period of time necessary to determine whether there is a
> substantial probability that he will attain that capacity in the foreseeable
> future. If it is determined that this is not the case, then the State must either
> institute the customary civil commitment proceeding that would be
> required to commit indefinitely any other citizen, or release the defendant.
> Furthermore, even if it is determined that the defendant probably soon will
> be able to stand trial, his continued commitment must be justified by
> progress toward that goal.

3

Url 1: link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
Url 4: drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**Case No. 27-CR-21-19723**
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type: ·Order-Other·
Filing Date: **2022-11-04**
27-CR-21-19723_Order-Other_2022-11-04.pdf
File Hash: fb10d12c21aea9333db04ef42e27e41ce4477399bfc06b6a7384bda313d2d2d2
Page: 4 of 4 [ source file ] [ .ots timestamp of source file ] [ pdf signatures ] [ metadata ]

---

406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972). Similarly, in *United States v. Jackson*, 306 F.Supp. 4 (N.D.Cal. 1969), the court held that the accused, who was incompetent to stand trial because of serious mental illness, that was not likely to be cured in foreseeable future, and who had already spent over a year and a half in federal hospital must be discharged from federal custody and responsibility for accused should transfer to state. The underlying tone in all of these decisions is the general understanding as stated in *Cook v. Ciccone*, 312 F.Supp. 822 (W.D.Mo. 1970), that "Such consideration is dictated by the inherent unfairness and substantial injustice in keeping an unconvicted person in federal custody to await trial where it is plainly evident his mental condition will not permit trial within a reasonable period of time." 312 F.Supp. at 824.

### ORDER

1. Defendant is released in the criminal case under the conditions set forth in the in the amended conditional release order.

2. Defendant is ordered to cooperate with his civil commitment including following all treatment recommendations and appearing at all court appearances in the civil and criminal cases.

3. DHS shall continue to submit a written reports addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

BY THE COURT:

DATED: November 4, 2022

_____
Lisa K. Janzen
Judge of District Court
Fourth Judicial District

4

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 130**

# Order-Other

## 2022-11-04    Minnesota Fourth Judicial District Court,  Case No. 27-CR-21-23456

### DOCUMENT METADATA

| | |
|---|---|
| File: | 27-CR-21-23456_Order-Other_2022-11-04.pdf |
| File Size: | 792 KiB |
| Author: | **Nehring, Alisha; Nehring; Alisha** |
| Company: | State of Minnesota |
| Create Date: | 2022:11:04 11:46:54-05:00 |
| Modify Date: | 2024:04:30 08:43:20-05:00 |
| Source Modified: | D:20221104155401 |
| XMP Toolkit: | Adobe XMP Core 5.1.0-jc003 |
| Metadata Date: | 2022:11:04 11:47:21-05:00 |
| Creator Tool: | Acrobat PDFMaker 22 for Word |
| Document ID: | uuid:1a7d1fde-5218-4513-8f5e-7c1a1afb8877 |
| Instance ID: | uuid:5a205d1b-bade-4c48-bec8-3478342d305d |
| Producer: | Adobe PDF Library 22.3.34; modified using iText® 7.1.16 ©2000-2021 iText Group NV (Minnesota Judicial Branch; licensed version) |
| Creator: | **Nehring, Alisha, Nehring, Alisha** |
| Page Count: | 4 |

### DOCUMENT DIGITAL SIGNATURES

**Signature #1:**

Signer Certificate Common Name: **Minnesota Court Records Online (MCRO) Watermark**

Signer full Distinguished Name: **CN=Minnesota Court Records Online (MCRO) Watermark,O=State of MN Judicial Branch**

Signing Time: **Apr 30 2024 08:43:20**

Signing Hash Algorithm: SHA-256

Signature Type: adbe.pkcs7.detached

Signed Ranges: [0 - 788870], [805256 - 810652]

**Total document signed**

Signature Validation: **SIGNATURE IS VALID**

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

EXHIBIT NEH-1 | p. 131

**Case No. 27-CR-21-23456**
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type:  ·Order-Other·
Filing Date:  **2022-11-04**
27-CR-21-23456_Order-Other_2022-11-04.pdf
File Hash:  1e57631ddb7fde15ad9552c3bfca151d6aa9702f95de042087c6a917fff767c7
Page: 1 of 4   [ source file ]   [ .ots timestamp of source file ]   [ pdf signatures ]   [ metadata ]

State of Minnesota

District Court

County of Hennepin

Fourth Judicial District

---

Judge Lisa K. Janzen
Case Type: Criminal

State of Minnesota,
      Plaintiff,

**ORDER**

v.

Brittany Latesha Crutchfield,
      Defendant.

Case No. 27-CR-21-19723, 27-CR-21-23456, 27-CR-22-15550

---

### FINDINGS OF FACT

1. Defendant (date of birth 03/06/1988) was charged in File No. 27-CR-21-19723 with Burglary-3rd Degree-Steal (Felony) arising from an incident alleged to have occurred on 10/21/2021; in File No. 27-CR-21-23456 with Burglary-3rd Degree-Steal (Felony) arising from an incident alleged to have occurred on 12/19/2021; in File No. 27-CR-22-15550 with Burglary-3rd Degree-Steal (Felony) arising from an incident alleged to have occurred on 8/5/2022. On 10/13/21, Judge Larson ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed for Rule 20 purposes on misdemeanor offenses which alleged to have occurred on or before the above offenses referenced in this Order. Those findings were applied to the above cases as well.

2. On 10/13/21, Judge Larson ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Bruce Renken, Ph.D., for Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Bruce Renken, Ph.D., for Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 132**

**Case No. 27-CR-21-23456**
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type:   ·Order-Other·
Filing Date:   **2022-11-04**
27-CR-21-23456_Order-Other_2022-11-04.pdf
File Hash:    1e57631ddb7fde15ad9552c3bfca151d6aa9702f95de042087c6a917fff767c7
Page: 2 of 4      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

5. On 10/26/21, the Defendant appeared counsel before the Court and Judge Lisa Janzen found Defendant incompetent to stand trial and ordered the criminal proceedings in this matter be suspended until Defendant is restored to competency to proceed. Judge Lisa Janzen ordered the Hennepin County Prepetition Screening Program to conduct prepetition screening.

6. On 09/8/22, Judge Browne of Hennepin County District Court issued an Order for Commitment as a Person Who is Chemically Dependent Person and as a Person who Poses a Rick of Harm Due to a Mental Illness (Rule 20) in MNCIS Case No. 27-MH-PR-22-944; the Defendant was civilly committed to the Commissioner of Human Services.

7. On 10/3/22, the Defendant was admitted to CBHH Alexandria.

8. On 11/4/22 a Notification of Reduction in Custody was filed into this criminal case, noting a Provisional Discharge to a community setting, namely Paris Crutchfield's home (Brittany Crutchfield's sister) 3133 Central Avenue NE, Minneapolis, MN 55418, to go into effect on or after 11/9/22 as the Defendant was determined to no longer require in-patient level of care as of  11/9/22.

9. Defendant remains incompetent and the criminal case remains suspended pursuant to Minn.R.Crim.P. 20.01, Subd. 6(b).

10. If the Criminal Court Judge denied the request to provisionally discharge the defendant to a community setting, the defendant would be released to the jail on the previously ordered bail.

11. The Hennepin County Jail does not provide competency restoration treatment or therapy and is not able to administer *Jarvis* orders.

12. If the defendant was provisionally discharged to the jail, the court would have to make the impossible decision as to whether to keep the incompetent defendant in

2

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 133**

**Case No. 27-CR-21-23456**
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type:   ·Order-Other·
Filing Date:   **2022-11-04**
27-CR-21-23456_Order-Other_2022-11-04.pdf
File Hash:   1e57631ddb7fde15ad9552c3bfca151d6aa9702f95de042087c6a917fff767c7
Page: 3 of 4     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

the jail not receiving treatment with a suspended criminal case, or, to release the defendant to the street.

13. Given the options, Judge Chou approved the request to provisionally discharge Defendant and amended bail.

### ANALYSIS

There is no case directly on point in Minnesota as to whether an incompetent defendant, whose criminal case has been suspended, can be held in the jail awaiting restoration to competency while not receiving competency restoration treatment at said jail. In dealing with similar issues, courts around the country have held that "incompetent criminal defendants – as pretrial detainees – have a liberty interest in being free from incarceration absent a criminal conviction." *Goodman v. Utah Department of Human Services,* 180 F.Supp.3d 998, 1009 (D. Utah 2016); that the "Constitutional questions pertaining to the pretrial confinement of incompetent criminal defendants are analyzed under the due process clause of the Fourteenth Amendment." *State v. Hand,* 429 P.3d 502 (Wash. 2018); and that the relevant question is whether the nature and duration of said detention, "is reasonably related to the purpose for which he was committed." Id. (citing *Jackson v. Indiana,* 406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972)).

In *Jackson*, the court held that:

> a person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future. If it is determined that this is not the case, then the State must either institute the customary civil commitment proceeding that would be required to commit indefinitely any other citizen, or release the defendant. Furthermore, even if it is determined that the defendant probably soon will be able to stand trial, his continued commitment must be justified by progress toward that goal.

3

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 134**

**Case No. 27-CR-21-23456**
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type:   ·Order-Other·
Filing Date:   **2022-11-04**
27-CR-21-23456_Order-Other_2022-11-04.pdf
File Hash:     1e57631ddb7fde15ad9552c3bfca151d6aa9702f95de042087c6a917fff767c7
Page: 4 of 4     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972).  Similarly, in *United States v. Jackson*, 306 F.Supp. 4 (N.D.Cal. 1969), the court held that the accused, who was incompetent to stand trial because of serious mental illness, that was not likely to be cured in foreseeable future, and who had already spent over a year and a half in federal hospital must be discharged from federal custody and responsibility for accused should transfer to state. The underlying tone in all of these decisions is the general understanding as stated in *Cook v. Ciccone*, 312 F.Supp. 822 (W.D.Mo. 1970), that "Such consideration is dictated by the inherent unfairness and substantial injustice in keeping an unconvicted person in federal custody to await trial where it is plainly evident his mental condition will not permit trial within a reasonable period of time." 312 F.Supp. at 824.

### ORDER

1.  Defendant is released in the criminal case under the conditions set forth in the in the amended conditional release order.

2.  Defendant is ordered to cooperate with his civil commitment including following all treatment recommendations and appearing at all court appearances in the civil and criminal cases.

3.  DHS shall continue to submit a written reports addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

BY THE COURT:

DATED:  November 4, 2022

_____
Lisa K. Janzen
Judge of District Court
Fourth Judicial District

4

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 135**

# Order-Other

## 2022-11-04        Minnesota Fourth Judicial District Court,  Case No. 27-CR-22-15550

### DOCUMENT METADATA

| | |
|---|---|
| File: | 27-CR-22-15550_Order-Other_2022-11-04.pdf |
| File Size: | 792 KiB |
| Author: | **Nehring, Alisha; Nehring; Alisha** |
| Company: | State of Minnesota |
| Create Date: | 2022:11:04 11:46:54-05:00 |
| Modify Date: | 2024:04:29 16:19:23-05:00 |
| Source Modified: | D:20221104155401 |
| XMP Toolkit: | Adobe XMP Core 5.1.0-jc003 |
| Metadata Date: | 2022:11:04 11:47:21-05:00 |
| Creator Tool: | Acrobat PDFMaker 22 for Word |
| Document ID: | uuid:1a7d1fde-5218-4513-8f5e-7c1a1afb8877 |
| Instance ID: | uuid:5a205d1b-bade-4c48-bec8-3478342d305d |
| Producer: | Adobe PDF Library 22.3.34; modified using iText® 7.1.16 ©2000-2021 iText Group NV (Minnesota Judicial Branch; licensed version) |
| Creator: | **Nehring, Alisha, Nehring, Alisha** |
| Page Count: | 4 |

### DOCUMENT DIGITAL SIGNATURES

**Signature #1:**

Signer Certificate Common Name: **Minnesota Court Records Online (MCRO) Watermark**

Signer full Distinguished Name: **CN=Minnesota Court Records Online (MCRO) Watermark,O=State of MN Judicial Branch**

Signing Time: **Apr 29 2024 16:19:23**

Signing Hash Algorithm: SHA-256

Signature Type: adbe.pkcs7.detached

Signed Ranges: [0 - 788868], [805254 - 810647]

**Total document signed**

Signature Validation: **SIGNATURE IS VALID**

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 136**

**Case No. 27-CR-22-15550**
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type:   ·Order-Other·
Filing Date:   **2022-11-04**
27-CR-22-15550_Order-Other_2022-11-04.pdf
File Hash:    a0bf5b21d7e40df2ff0bad8c1063c6f841a824039edf4296e6cac089e84d743b
Page: 1 of 4    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

| State of Minnesota | District Court |
|---|---|
| County of Hennepin | Fourth Judicial District |

|  | Judge Lisa K. Janzen |
|---|---|
| State of Minnesota,<br>    Plaintiff, | Case Type: Criminal |
|  | **ORDER** |
| v. |  |
| Brittany Latesha Crutchfield,<br>    Defendant. | Case No. 27-CR-21-19723, 27-CR-21-23456, 27-CR-22-15550 |

### FINDINGS OF FACT

1. Defendant (date of birth 03/06/1988) was charged in File No. 27-CR-21-19723 with Burglary-3rd Degree-Steal (Felony) arising from an incident alleged to have occurred on 10/21/2021; in File No. 27-CR-21-23456 with Burglary-3rd Degree-Steal (Felony) arising from an incident alleged to have occurred on 12/19/2021; in File No. 27-CR-22-15550 with Burglary-3rd Degree-Steal (Felony) arising from an incident alleged to have occurred on 8/5/2022. On 10/13/21, Judge Larson ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed for Rule 20 purposes on misdemeanor offenses which alleged to have occurred on or before the above offenses referenced in this Order. Those findings were applied to the above cases as well.

2. On 10/13/21, Judge Larson ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Bruce Renken, Ph.D., for Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Bruce Renken, Ph.D., for Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

Case No. 27-CR-22-15550
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type: ·Order-Other·
Filing Date: **2022-11-04**
27-CR-22-15550_Order-Other_2022-11-04.pdf
File Hash: a0bf5b21d7e40df2ff0bad8c1063c6f841a824039edf4296e6cac089e84d743b
Page: 2 of 4 [ source file ] [ .ots timestamp of source file ] [ pdf signatures ] [ metadata ]

the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

5. On 10/26/21, the Defendant appeared counsel before the Court and Judge Lisa Janzen found Defendant incompetent to stand trial and ordered the criminal proceedings in this matter be suspended until Defendant is restored to competency to proceed. Judge Lisa Janzen ordered the Hennepin County Prepetition Screening Program to conduct prepetition screening.

6. On 09/8/22, Judge Browne of Hennepin County District Court issued an Order for Commitment as a Person Who is Chemically Dependent Person and as a Person who Poses a Rick of Harm Due to a Mental Illness (Rule 20) in MNCIS Case No. 27-MH-PR-22-944; the Defendant was civilly committed to the Commissioner of Human Services.

7. On 10/3/22, the Defendant was admitted to CBHH Alexandria.

8. On 11/4/22 a Notification of Reduction in Custody was filed into this criminal case, noting a Provisional Discharge to a community setting, namely Paris Crutchfield's home (Brittany Crutchfield's sister) 3133 Central Avenue NE, Minneapolis, MN 55418, to go into effect on or after 11/9/22 as the Defendant was determined to no longer require in-patient level of care as of 11/9/22.

9. Defendant remains incompetent and the criminal case remains suspended pursuant to Minn.R.Crim.P. 20.01, Subd. 6(b).

10. If the Criminal Court Judge denied the request to provisionally discharge the defendant to a community setting, the defendant would be released to the jail on the previously ordered bail.

11. The Hennepin County Jail does not provide competency restoration treatment or therapy and is not able to administer *Jarvis* orders.

12. If the defendant was provisionally discharged to the jail, the court would have to make the impossible decision as to whether to keep the incompetent defendant in

2

Url 1: link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
Url 4: drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 138**

**Case No. 27-CR-22-15550**
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type:   ·Order-Other·
Filing Date:   **2022-11-04**
27-CR-22-15550_Order-Other_2022-11-04.pdf
File Hash:     a0bf5b21d7e40df2ff0bad8c1063c6f841a824039edf4296e6cac089e84d743b
Page: 3 of 4     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

the jail not receiving treatment with a suspended criminal case, or, to release the
defendant to the street.

13. Given the options, Judge Chou approved the request to provisionally discharge
Defendant and amended bail.

ANALYSIS

There is no case directly on point in Minnesota as to whether an incompetent
defendant, whose criminal case has been suspended, can be held in the jail awaiting
restoration to competency while not receiving competency restoration treatment at said
jail. In dealing with similar issues, courts around the country have held that
"incompetent criminal defendants – as pretrial detainees – have a liberty interest in
being free from incarceration absent a criminal conviction." *Goodman v. Utah Department
of Human Services,* 180 F.Supp.3d 998, 1009 (D. Utah 2016); that the "Constitutional
questions pertaining to the pretrial confinement of incompetent criminal defendants are
analyzed under the due process clause of the Fourteenth Amendment." *State v. Hand,*
429 P.3d 502 (Wash. 2018); and that the relevant question is whether the nature and
duration of said detention, "is reasonably related to the purpose for which he was
committed." Id. (citing *Jackson v. Indiana,* 406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435
(1972)).

In *Jackson,* the court held that:

> a person charged by a State with a criminal offense who is committed solely
> on account of his incapacity to proceed to trial cannot be held more than the
> reasonable period of time necessary to determine whether there is a
> substantial probability that he will attain that capacity in the foreseeable
> future. If it is determined that this is not the case, then the State must either
> institute the customary civil commitment proceeding that would be
> required to commit indefinitely any other citizen, or release the defendant.
> Furthermore, even if it is determined that the defendant probably soon will
> be able to stand trial, his continued commitment must be justified by
> progress toward that goal.

3

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**Case No. 27-CR-22-15550**
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type:   ·Order-Other·
Filing Date:   **2022-11-04**
27-CR-22-15550_Order-Other_2022-11-04.pdf
File Hash:   a0bf5b21d7e40df2ff0bad8c1063c6f841a824039edf4296e6cac089e84d743b
Page: 4 of 4   [ source file ]   [ .ots timestamp of source file ]   [ pdf signatures ]   [ metadata ]

406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972).  Similarly, in *United States v. Jackson*, 306 F.Supp. 4 (N.D.Cal. 1969), the court held that the accused, who was incompetent to stand trial because of serious mental illness, that was not likely to be cured in foreseeable future, and who had already spent over a year and a half in federal hospital must be discharged from federal custody and responsibility for accused should transfer to state. The underlying tone in all of these decisions is the general understanding as stated in *Cook v. Ciccone*, 312 F.Supp. 822 (W.D.Mo. 1970), that "Such consideration is dictated by the inherent unfairness and substantial injustice in keeping an unconvicted person in federal custody to await trial where it is plainly evident his mental condition will not permit trial within a reasonable period of time." 312 F.Supp. at 824.

### ORDER

1. Defendant is released in the criminal case under the conditions set forth in the in the amended conditional release order.

2. Defendant is ordered to cooperate with his civil commitment including following all treatment recommendations and appearing at all court appearances in the civil and criminal cases.

3. DHS shall continue to submit a written reports addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

BY THE COURT:

DATED:  November 4, 2022

_____
Lisa K. Janzen
Judge of District Court
Fourth Judicial District

4

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 140**

# Order-Other

## 2022-12-09    Minnesota Fourth Judicial District Court,  Case No. 27-CR-22-7797

### DOCUMENT METADATA

| | |
|---|---|
| File: | 27-CR-22-7797_Order-Other_2022-12-09.pdf |
| File Size: | 238 KiB |
| Author: | **Nehring, Alisha; Nehring; Alisha** |
| Create Date: | 2022:12:09 11:06:55-06:00 |
| Modify Date: | 2024:04:29 04:05:30-05:00 |
| XMP Toolkit: | Adobe XMP Core 5.1.0-jc003 |
| Producer: | Microsoft® Word for Microsoft 365; modified using iText® 7.1.16 ©2000-2021 iText Group NV (Minnesota Judicial Branch; licensed version) |
| Creator Tool: | Microsoft® Word for Microsoft 365 |
| Metadata Date: | 2022:12:09 11:35:13-06:00 |
| Document ID: | uuid:9B0828B2-6594-4BCE-8D0F-722EDF93F3D0 |
| Instance ID: | uuid:ea6ff32a-a6f4-472c-b020-2b095c7bf231 |
| Creator: | **Nehring, Alisha, Nehring, Alisha** |
| Page Count: | 4 |

### DOCUMENT DIGITAL SIGNATURES

**Signature #1:**

Signer Certificate Common Name: **Minnesota Court Records Online (MCRO) Watermark**

Signer full Distinguished Name: **CN=Minnesota Court Records Online (MCRO) Watermark,O=State of MN Judicial Branch**

Signing Time: **Apr 29 2024 04:05:30**

Signing Hash Algorithm: SHA-256

Signature Type: adbe.pkcs7.detached

Signed Ranges: [0 - 221666], [238052 - 243543]

**Total document signed**

Signature Validation: **SIGNATURE IS VALID**

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 141**

**Case No. 27-CR-22-7797**
State of MN vs Carmen Bendu Greaves
Filing Type:  ·Order-Other·
Filing Date:  **2022-12-09**
27-CR-22-7797_Order-Other_2022-12-09.pdf
File Hash:    8835c8eba9aa67560906aecf774669e1d1bd12997109fcba007d39db23be3a28
Page: 1 of 4    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

27-CR-22-7797

Filed in District Court
State of Minnesota
12/9/2022 11:10 AM

State of Minnesota

District Court

County of Hennepin

Fourth Judicial District

State of Minnesota,
　　　　Plaintiff,

Judge Lisa K. Janzen
Case Type: Criminal

**ORDER**

v.

Carmen Bendu Greaves,
　　　　Defendant.

Case No. 27-CR-22-7797;
　　　　27-CR-22-9010

### FINDINGS OF FACT

1. Defendant (date of birth 10/03/1978) was charged in MNCIS file 27-CR-22-7797 with Violate No Contact Order (Felony) arising from an incident alleged to have occurred on 04/22/22; and in MNCIS file 27-CR-22-9010 with Violate No Contact Order (Felony) arising from an incident alleged to have occurred on 05/06/22. On 05/18/22, Judge Scoggin found probable cause to believe that the felony offenses were committed and that Defendant committed them for Rule 20 purposes.

2. On 05/18/22, Judge Scoggin ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Pileggi-Valleen, Psy.D., LP, ABPP, for Psychological Services of Hennepin County District Court reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Pileggi-Valleen, Psy.D., LP, ABPP, for Psychological Services of Hennepin County District Court opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 142**

Case No. 27-CR-22-7797
State of MN vs Carmen Bendu Greaves
Filing Type: ·Order-Other·
Filing Date: **2022-12-09**
27-CR-22-7797_Order-Other_2022-12-09.pdf
File Hash: 8835c8eba9aa67560906aecf774669e1d1bd12997109fcba007d39db23be3a28
Page: 2 of 4 [ source file ] [ .ots timestamp of source file ] [ pdf signatures ] [ metadata ]

27-CR-22-7797

Filed in District Court
State of Minnesota
12/9/2022 11:10 AM

5. On 07/12/22, the Defendant appeared in custody with counsel before the Court and Judge Lisa Janzen found Defendant incompetent to stand trial and ordered the criminal proceedings in this matter be suspended until Defendant is restored to competency to proceed. Judge Lisa Janzen ordered the Hennepin County Prepetition Screening Program to conduct prepetition screening and Defendant remained in custody subject to conditions issued on 05/16/22.

6. On 08/09/22, Judge Browne of Hennepin County District Court issued an Order for Commitment as a Person Who is Mentally Ill (Rule 20) in MNCIS Case No. 27-MH-PR-22-824; the Defendant was civilly committed to the Commissioner of Human Services.

7. On 10/04/22, the Defendant was admitted to AMRTC.

8. On 12/06/22 a Notification of Reduction in Custody was filed into this criminal case, noting a Provisional Discharge to Phoenix Place IRTS to go into effect on or after 12/13/22 as the Defendant was determined to no longer require in-patient level of care as of 12/06/22.

9. Defendant remains incompetent and the criminal case remains suspended pursuant to Minn.R.Crim.P. 20.01, Subd. 6(b).

10. If the Criminal Court Judge denied the request to provisionally discharge the defendant to Phoenix Place IRTS, the defendant would be released to the jail on the previously ordered bail.

11. The Hennepin County Jail does not provide competency restoration treatment or therapy and is not able to administer *Jarvis* orders.

12. If the defendant was provisionally discharged to the jail, the court would have to make the impossible decision as to whether to keep the incompetent defendant in the jail not receiving treatment with a suspended criminal case, or, to release the defendant to the street.

13. Given the options, Judge Scoggin approved the request to provisionally discharge Defendant and amended bail.

2

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

Case No. 27-CR-22-7797
State of MN vs Carmen Bendu Greaves
Filing Type:   ·Order-Other·
Filing Date:   **2022-12-09**
27-CR-22-7797_Order-Other_2022-12-09.pdf
File Hash:    8835c8eba9aa67560906aecf774669e1d1bd12997109fcba007d39db23be3a28
Page: 3 of 4    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

27-CR-22-7797

Filed in District Court
State of Minnesota
12/9/2022 11:10 AM

## ANALYSIS

There is no case directly on point in Minnesota as to whether an incompetent defendant, whose criminal case has been suspended, can be held in the jail awaiting restoration to competency while not receiving competency restoration treatment at said jail. In dealing with similar issues, courts around the country have held that "incompetent criminal defendants – as pretrial detainees – have a liberty interest in being free from incarceration absent a criminal conviction." *Goodman v. Utah Department of Human Services,* 180 F.Supp.3d 998, 1009 (D. Utah 2016); that the "Constitutional questions pertaining to the pretrial confinement of incompetent criminal defendants are analyzed under the due process clause of the Fourteenth Amendment." *State v. Hand,* 429 P.3d 502 (Wash. 2018); and that the relevant question is whether the nature and duration of said detention, "is reasonably related to the purpose for which he was committed." Id. (citing *Jackson v. Indiana,* 406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972)).

In *Jackson*, the court held that:

> a person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future. If it is determined that this is not the case, then the State must either institute the customary civil commitment proceeding that would be required to commit indefinitely any other citizen, or release the defendant. Furthermore, even if it is determined that the defendant probably soon will be able to stand trial, his continued commitment must be justified by progress toward that goal.

406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972).  Similarly, in *United States v. Jackson*, 306 F.Supp. 4 (N.D.Cal. 1969), the court held that the accused, who was incompetent to stand trial because of serious mental illness, that was not likely to be cured in foreseeable future, and who had already spent over a year and a half in federal hospital must be discharged from federal custody and responsibility for accused should

3

Url 1: link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
Url 4: drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**Case No. 27-CR-22-7797**
State of MN vs Carmen Bendu Greaves
Filing Type: ·Order-Other·
Filing Date: **2022-12-09**
27-CR-22-7797_Order-Other_2022-12-09.pdf
File Hash: 8835c8eba9aa67560906aecf774669e1d1bd12997109fcba007d39db23be3a28
Page: 4 of 4    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

---

27-CR-22-7797

Filed in District Court
State of Minnesota
12/9/2022 11:10 AM

transfer to state. The underlying tone in all of these decisions is the general understanding as stated in *Cook v. Ciccone*, 312 F.Supp. 822 (W.D.Mo. 1970), that "Such consideration is dictated by the inherent unfairness and substantial injustice in keeping an unconvicted person in federal custody to await trial where it is plainly evident his mental condition will not permit trial within a reasonable period of time." 312 F.Supp. at 824.

### ORDER

1. Defendant is released in the criminal case under the conditions set forth in the in the amended conditional release order.

2. Defendant is ordered to cooperate with his civil commitment including following all treatment recommendations and appearing at all court appearances in the civil and criminal cases.

3. DHS shall continue to submit a written reports addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

BY THE COURT:

DATED: December 9, 2022

_____
Lisa K. Janzen
Judge of District Court
Fourth Judicial District

4

---

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 145**

# Order-Other

## 2023-05-12      Minnesota Fourth Judicial District Court,  Case No. 27-CR-23-3459

### DOCUMENT METADATA

| | |
|---|---|
| File: | 27-CR-23-3459_Order-Other_2023-05-12.pdf |
| File Size: | 893 KiB |
| Author: | **Nehring, Alisha; Nehring; Alisha** |
| Create Date: | 2023:05:12 01:06:02-05:00 |
| Modify Date: | 2024:04:30 07:29:04-05:00 |
| XMP Toolkit: | Adobe XMP Core 5.1.0-jc003 |
| Producer: | Microsoft® Word for Microsoft 365; modified using iText® 7.1.16 ©2000-2021 iText Group NV (Minnesota Judicial Branch; licensed version) |
| Creator Tool: | Microsoft® Word for Microsoft 365 |
| Document ID: | uuid:DA8BE7D2-D41F-43DA-9D31-0BE1F22D7489 |
| Instance ID: | uuid:DA8BE7D2-D41F-43DA-9D31-0BE1F22D7489 |
| Title: | Contested Competency for David Ekers (incompetent) (parties claim comp but drs claim incomp) |
| Creator: | **Nehring, Alisha, Nehring, Alisha** |
| Page Count: | 27 |

### DOCUMENT DIGITAL SIGNATURES

**Signature #1:**

Signer Certificate Common Name: **Browne, Michael**
Signer full Distinguished Name: **CN="Browne, Michael",E=Michael.Browne@courts.state.mn.us,O=Minnesota Judicial**
Signing Time: May 12 2023 01:07:36
Signing Hash Algorithm: SHA-256
Signature Type: ETSI.CAdES.detached
Signed Ranges: [0 - 216985], [222985 - 235822]
Not total document signed
Signature Validation: **SIGNATURE IS VALID**

**Signature #2:**

Signer Certificate Common Name: **ESolutions Development Certificate Authority**
Signer full Distinguished Name: **CN=ESolutions Development Certificate Authority**
Signing Time: May 12 2023 06:42:01
Signing Hash Algorithm: SHA-256
Signature Type: ETSI.CAdES.detached
Signed Ranges: [0 - 236252], [252638 - 296099]
Not total document signed
Signature Validation: **SIGNATURE IS VALID**

**Signature #3:**

Signer Certificate Common Name: **Minnesota Court Records Online (MCRO) Watermark**
Signer full Distinguished Name: **CN=Minnesota Court Records Online (MCRO) Watermark,O=State of MN Judicial Branch**
Signing Time: **Apr 30 2024 07:29:04**
Signing Hash Algorithm: SHA-256
Signature Type: adbe.pkcs7.detached
Signed Ranges: [0 - 891559], [907945 - 914366]
**Total document signed**
Signature Validation: **SIGNATURE IS VALID**

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 146**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

**Case No. 27-CR-3-3459**
State of MN vs MUAD ABDULKADIR
Filing Type: ·Order-Other·
Filing Date: **2023-05-12**
27-CR-23-3459_Order-Other_2023-05-12.pdf
File Hash: 3137ef77639bff5041ab4d101562b815ea4a5bdd845da1d07fb28920e5d5f525
Page: 1 of 27 [ source file ] [ .ots timestamp of source file ] [ pdf signatures ] [ metadata ]

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

| | Judge Michael K. Browne |
|---|---|
| State of Minnesota, | Case Type: Criminal |
| Plaintiff, | |
| | **FINDINGS OF FACT AND** |
| v. | **CONCLUSIONS OF LAW** |
| | **REGARDING DEFENDANT'S** |
| | **COMPETENCY TO PROCEED** |
| Muad Abdulkadir, | |
| Defendant. | Case File Numbers: |
| | 27-CR-23-3459, |
| | 27-CR- 23-3460 |

### APPEARANCES

The above-entitled matter came before the Honorable Michael K. Browne, Judge of District Court, on May 10, 2023, for an evidentiary hearing upon the Defense's objection to the incompetency opinion rendered by John R. Anderson, Ph.D., L.P. of the Senior Clinical Forensic Psychologist – Fourth District Psychological Services dated March 10, 2023. The Court is chambered at the Hennepin County Government Center, 300 South Sixth Street, Minneapolis, Minnesota.

Thomas Prochazka, Assistant Hennepin County Attorney, appeared for the State. Douglas Biglow, Assistant Public Defender, appeared on behalf of the defendant. Mr. Abdulkadir (the Defendant) appeared in custody.

1

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

**Case No. 27-CR-23-3459**
State of MN vs MUAD ABDULKADIR
Filing Type:  ·Order-Other·
Filing Date:  **2023-05-12**
27-CR-23-3459_Order-Other_2023-05-12.pdf
File Hash:   3137ef77639bff5041ab4d101562b815ea4a5bdd845da1d07fb28920e5d5f525
Page: 2 of 27    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

### EVIDENCE IN THE PROCEEDING

The Court received three exhibits, to which the parties stipulated: Dr. John Anderson's Curriculum Vitae (Ex. 1), Dr. John Anderson's Report dated March 10, 2023 (Ex. 2), and Dr. Megan Paris' Report dated May 4, 2023, from case file number 27-MH-PR-23-402 (Ex. 3). The Court also took judicial notice of the underlying orders and reports in case file number 27-MH-PR-23-402. Mr. Abdulkadir (the Defendant) and Dr. John Anderson testified. After hearing arguments of counsel, the Court took the matter of Defendant's competency under advisement. Based upon the arguments presented and all the files and records herein, the Court orders as follows:

1. Defendant is **INCOMPETENT** to proceed.

### PROCEDURAL HISTORY

The Defendant, Mr. Abdulkadir, is charged with one count of Aggravated Robbery-1st Degree arising from an incident alleged to have occurred on February 11, 2023, wherein he is accused of forcing himself into a neighbor's home, assaulting a man, brandishing a firearm, and leaving with money from the location in Bloomington, Minnesota (27-CR-23-3459). Mr. Abdulkadir is also charged with Assault-2nd Degree – Dangerous Weapon and Threats of Violence – Reckless Disregard Risk related to allegations that he threatened patrons in a store while carrying a handgun in Minneapolis, Minnesota, on February 12, 2023 (27-CR-23-3460).

On February 15, 2023, Mr. Abdulkadir made his first appearance in court, where the Court determined he did qualify for the services of a public defender. On February 16, 2023, Judge Caligiuri ordered Respondent for an Evaluation for Competency to Proceed (Rule 20.01). Judge Caligiuri found probable cause on all counts and ordered a Rule 20.01 evaluation to determine if Mr. Abdulkadir was competent to proceed.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 148**

Case No. 27-CR-23-3459
State of MN vs MUAD ABDULKADIR
Filing Type: ·Order-Other·
Filing Date: **2023-05-12**
27-CR-23-3459_Order-Other_2023-05-12.pdf
File Hash: 3137ef77639bff5041ab4d101562b815ea4a5bdd845da1d07fb28920e5d5f525
Page: 3 of 27 [ source file ] [ .ots timestamp of source file ] [ pdf signatures ] [ metadata ]

John R. Anderson, Ph.D., L.P. of the Senior Clinical Forensic Psychologist – Fourth District Psychological Services was assigned to complete the evaluation of the Defendant. He filed his report on March 10, 2023. Dr. Anderson opined that Mr. Abdulkadir was incompetent and provided the diagnoses of Unspecified Bipolar and Related Disorder, Unspecified Schizophrenia Spectrum and other Psychotic Disorder, Alcohol Use Disorder, Cannabis Use Disorder, and Opioid Use Disorder. Additionally, he recommended that he be referred for evaluation for indefinite civil commitment as a Mentally Ill and Dangerous person.

The first hearing on competency was held on March 21, 2023, at which time Mr. Abdulkadir was unable to participate due to mental illness symptoms. Accordingly, the Court found that Defendant was incompetent to stand trial. The matter was referred to prepetition screening and an order for civil commitment was filed on April 7, 2023, in file 27-MH-PR-23-402. On April 4, 2023, Defendant was scheduled to appear for a bail hearing and refused to appear. On April 11, 2023, Defendant appeared for a bail hearing where a request for continuance was granted for defense counsel to discuss further options. On April 17, 2023, the Defendant filed a motion to vacate the March 21, 2023, incompetency finding. On April 18, 2023, the Court heard Defendant's motion to vacate the March 21, 2023, incompetency finding. All parties were present at this hearing. The Court denied Defendant's motion to vacate the incompetency findings and granted Respondent's motion for a contested hearing on the issue of competency.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 149**

**Case No. 27-CR-23-3459**
State of MN vs MUAD ABDULKADIR
Filing Type:  ·Order-Other·
Filing Date:  **2023-05-12**
27-CR-23-3459_Order-Other_2023-05-12.pdf
File Hash:  3137ef77639bff5041ab4d101562b815ea4a5bdd845da1d07fb28920e5d5f525
Page: 4 of 27      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

On May 4, 2023, Dr. Megan Paris, Psy.D., LP, ABPP, submitted her Forensic Evaluation Report in file 27-MH-PR-23-402, pursuant to a petition for civil commitment as Mentally Ill and Dangerous. Dr. Paris diagnosed Defendant with Bipolar I Disorder, with mood-congruent psychotic features (most recent episode manic), Traits of Antisocial Personality Disorder, Alcohol Use Disorder (By History), Cannabis Use Disorder (By History), and Opioid Use Disorder (By History). Dr. Paris opined that Defendant meets criteria for civil commitment as an individual who is mentally ill and dangerous to the public.

The hearing on competency was held on May 10, 2023, at which time the Defense argued that the Court should find Mr. Abdulkadir competent to proceed with the criminal trial.

### FINDINGS OF FACT

The Court's findings are based on the information and opinions provided by John R. Anderson, Ph.D., L.P. of the Senior Clinical Forensic Psychologist – Fourth District Psychological Services dated March 10, 2023 (Ex. 2), and Megan Paris, Psy.D., LP, ABPP, Forensic Evaluation Report in file 27-MH-PR-23-402 dated May 4, 2023 (Ex. 3.). The Court's opinion is also based on the findings of fact contained in its Order, dated March 22, 2023, finding Mr. Abdulkadir incompetent. Those findings are incorporated into the findings below.

Mr. Abdulkadir is 29 years old.  He graduated from high school in the United States after immigrating from Somalia in 2005.  He previously stated that he participated in special education services in the twelfth grade. He expressed a negative attitude towards school and acknowledged that he was expelled from high school at one point. His employment history includes work in retail, delivery, cashier work, working with the houseless (i.e., homeless), and his own courier service.

4

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 150**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

**Case No. 27-CR-23-3459**
State of MN vs MUAD ABDULKADIR
Filing Type:    ·Order-Other·
Filing Date:    **2023-05-12**
27-CR-23-3459_Order-Other_2023-05-12.pdf
File Hash:      3137ef77639bff5041ab4d101562b815ea4a5bdd845da1d07fb28920e5d5f525
Page: 5 of 27      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

Mr. Abdulkadir has a significant mental health history. He was subject to civil commitment proceedings in 2019 (27-MH-PR-19-74). On November 29, 2018, he was transported to Acute Psychiatric Services from Hennepin County Adult Detention Center after he was noted to be naked, sweating, and agitated in his cell. Additionally, he was throwing water on himself and speaking rapidly and incoherently. He was placed on a 72-hour hold in the context of aggression, mania, delusional thought processes, and agitation requiring treatment with injectable medications. He was discharged after two days to his mother's care.

On January 15, 2019, Mr. Abdulkadir was released from jail and returned to his family's home. He became agitated and aggressive, his family called Hennepin County COPE, and he was transported to the Hennepin Healthcare / Hennepin County Medical Center (HCMC) emergency department. He was described as uncooperative, inappropriate, and vulgar. He was treated with multiple doses of antipsychotic and sedating medications. His mother described to HCMC providers chronic concerns for violence. Prepetition screening noted he tested positive for unspecified substances though he denied drug use. Mr. Abdulkadir focused on religious beliefs. Mr. Abdulkadir reportedly became agitated during the interview with prepetition screening and followed the screener through the unit demanding a copy of notes.

The Court-appointed examiner, Bruce Renken, Ph.D., LP ABPP, diagnosed Mr. Abdulkadir with unspecified bipolar and related disorder. Dr. Renken noted hyperverbal speech, grandiose thoughts, irritability, shifting mood, agitation, and hostile statements. Dr. Renken also noted multiple threats to harm hospital staff necessitating seclusion and use of forced medications. Dr. Renken supported commitment as a person who poses a risk of harm due to a mental illness (MI) as well as the corresponding *Jarvis* petition.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 151**

**Case No. 27-CR-23-3459**
State of MN vs MUAD ABDULKADIR
Filing Type:   ·Order-Other·
Filing Date:   **2023-05-12**
27-CR-23-3459_Order-Other_2023-05-12.pdf
File Hash:    3137ef77639bff5041ab4d101562b815ea4a5bdd845da1d07fb28920e5d5f525
Page: 6 of 27     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

Mr. Abdulkadir was subsequently committed as MI with the order for use of psychotropic medications. After his release from the hospital, case management described unsuccessful attempts to remain in contact with Mr. Abdulkadir.

Ann Marie Winskowski Psy.D., LP examined Mr. Abdulkadir related to his adjudicative competency and authored a report dated March 7, 2019. Dr. Winskowski wrote that Mr. Abdulkadir reported growing up in slums in Kenya and India before moving to the United States in 2005. He reported he graduated high school and worked as a cashier, retail worker, and delivery driver. He described a history of binge drinking and use of cannabis. Mr. Abdulkadir reported a history of at least five hospitalizations because he was "just too wild." Dr. Winskowski described a history of hospitalizations since 2016 related to agitation, difficulty caring for himself, behavioral dysregulation. Symptoms were often described as consistent with mania.

Dr. Winskowski interviewed Mr. Abdulkadir at an HCMC inpatient unit. He denied any history of suicide attempts but endorsed passive suicidal thoughts in the past. Dr. Winskowski diagnosed Mr. Abdulkadir with bipolar disorder, current episode manic with psychosis; alcohol use disorder; and cannabis use disorder. She noted: "Mr. Abdulkadir indicated that the devil was consistently testing him, had a hand in some of the alleged incidents that substantiate the charges against him, and is influencing major players in a criminal court setting." Dr. Winskowski opined that Mr. Abdulkadir's decision making ability was influenced by delusional ideas related to the devil and God, though noted he demonstrated adequate understanding of relevant legal proceedings. Lastly, Dr. Winskowski noted that collateral records indicated Mr. Abdulkadir's behavior remained unpredictable and aggressive in settings with high levels of structure and security, though he was emotionally and behaviorally regulated during the interview.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 152**

Case No. 27-CR-23-3459
State of MN vs MUAD ABDULKADIR
Filing Type:  ·Order-Other·
Filing Date:  **2023-05-12**
27-CR-23-3459_Order-Other_2023-05-12.pdf
File Hash:  3137ef77639bff5041ab4d101562b815ea4a5bdd845da1d07fb28920e5d5f525
Page: 7 of 27     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

Dr. Winskowski reevaluated Mr. Abdulkadir and authored a report dated September 20, 2019. Dr. Winskowski wrote that Mr. Abdulkadir lived with his mother in Minneapolis, but had maintained very limited contact with civil commitment case management. He reported a subsequent hospitalization in February 2019 in the context of mania and psychosis. Mr. Abdulkadir reported he did not need psychiatric treatment following his release from the hospital in March 2019, though he also stated he continued taking prescribed medications (noting only negative side effects without helping his mental health) until his commitment ended in August 2019. Mr. Abdulkadir did not evidence symptoms of mental illness during the interview.

Dr. Winskowski again diagnosed Mr. Abdulkadir with bipolar disorder, most recent episode manic with psychosis; alcohol use disorder, in early remission, per client report; and cannabis use disorder, in early remission, per client report and noted: "Mr. Abdulkadir has a history of episodes where he has demonstrated a decreased need for sleep, pressured speech, agitation, grandiose delusion, dysregulated and hypersexual behavior. He has been hospitalized multiple times and civilly committed on the basis of this behavior." Dr. Winskowski opined that Mr. Abdulkadir demonstrated adequate factual understanding of legal proceedings, that he was able to rationally describe his cases, and that he could participate in his defense.

Then, Mr. Abdulkadir was brought to the hospital by paramedics following an apparent opioid overdose in August 2020. He required a dose of Narcan (naloxone, opioid antagonist), and his oxygen levels were listed as very low. Contusions were noted on his eye and chest. Mr. Abdulkadir became agitated in the hospital.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 153**

Case No. 27-CR-23-3459
State of MN vs MUAD ABDULKADIR
Filing Type:   ·Order-Other·
Filing Date:   **2023-05-12**
27-CR-23-3459_Order-Other_2023-05-12.pdf
File Hash:      3137ef77639bff5041ab4d101562b815ea4a5bdd845da1d07fb28920e5d5f525
Page: 8 of 27      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

Upon admission to Hennepin County Adult detention on February 12, 2023, Mr. Abdulkadir refused all medications. He was evaluated after uses of force (i.e., Taser deployment) by deputies on February 13, 2023, and February 24, 2023. Mr. Abdulkadir was described as aggressive, vocal, and not responding to the provider's verbal commands in recent records.

Additionally, the files indicate collateral records from Defendant's brother Mr. Musab Abdulkadir. Mr. Musab Abdulkadir described his brother experiencing two periods of mental illness including in 2019/2020 and one beginning more recently.

Mr. Musab Abdulkadir reported his brother had stopped taking psychotropic medications in 2020, and previously been psychiatrically stable since about 2021. He added his brother had worked and been active in religious and community groups including tutoring children until relatively recently. He said his brother's demeanor changed to the point that he carried weapons and threatened others including faith leaders or acquaintances on social media. Mr. Musab Abdulkadir described a recent instance in which his brother carried a firearm to a music venue where he said he was to perform; he said his brother threatened others who drew weapons, but Mr. Musab Abdulkadir was able to deescalate the situation.

Mr. Musab Abdulkadir also described an instance where Bloomington Police were called after his brother posed a threat of harm to himself, though he said his brother was not arrested or taken to treatment. He stated his brother stopped using alcohol and only used opioids once but uses cannabis "heavily." Mr. Musab Abdulkadir reported his brother has called him from jail and described revelations from God and that he believed he was a prophet.

8

Url 1: link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
Url 4: drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**Case No. 27-CR-23-3459**
State of MN vs MUAD ABDULKADIR
Filing Type:   ·Order-Other·
Filing Date:   **2023-05-12**
27-CR-23-3459_Order-Other_2023-05-12.pdf
File Hash:      3137ef77639bff5041ab4d101562b815ea4a5bdd845da1d07fb28920e5d5f525
Page: 9 of 27      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

---

On March 21, 2023, Mr. Abdulkadir was unable to participate in the court proceedings due to mental illness symptoms. Accordingly, the Court found that Defendant was incompetent to stand trial. The matter was referred to prepetition screening and an order for civil commitment was filed on April 7, 2023, in file 27-MH-PR-23-402.

John R. Anderson, Ph.D., L.P. of the Senior Clinical Forensic Psychologist – Fourth District Psychological Services completed a six-month competency review evaluation of the defendant. Dr. Anderson attempted to interviewed Mr. Abdulkadir, reviewed the following documents and information, and filed his report with the court on March 21, 2023:

1. Records from Hennepin County Adult Detention, dated February 12, 2019 to March 7, 2023
2. Records from Hennepin Healthcare / Hennepin County Medical Center (HCMC), dated August 6, 2020 to March 7, 2023
3. Criminal Complaints and Orders of Detention related to the current cases, each dated February 14, 2023
4. Evaluation reports and memos regarding Mr. Clinton's competency to proceed:
   a. Psychological Evaluation to Determine Competence to Stand Trial (Rule 20.01) authored by Ann Marie Winskowski,
   Psy.D., LP on March 7, 2019
   b. Psychological Evaluation to Determine Competence to Stand Trial (Rule 20.01) authored by Ann Marie Winskowski, Psy.D., LP on September 20, 2019
5. Minnesota Court Information System (MNCIS) records related to the current case, various dates
6. MNCIS Case History Summary dated February 17, 2023
7. Order to 4th Judicial District Psychological Services, issued by Judge Hilary Caligiuri on February 16, 2023
8. Records related to petition for civil commitment (27-MH-PR-19-74), various dates
9. Email correspondence with Judith L. Cole, Senior Hennepin County Attorney, on March 1, 2023
10. Telephone conversation with Mr. Abdulkadir's brother, Musab Abdulkadir, on March 8, 2023
11. Telephone conversation with Mr. Abdulkadir' s attorney, Douglas Biglow, on March 8, 2023

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 155**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

**Case No. 27-CR-23-3459**
State of MN vs MUAD ABDULKADIR
Filing Type:   ·Order-Other·
Filing Date:   **2023-05-12**
27-CR-23-3459_Order-Other_2023-05-12.pdf
File Hash:      3137ef77639bff5041ab4d101562b815ea4a5bdd845da1d07fb28920e5d5f525
Page: 10 of 27      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

Hennepin County Public Safety Facility records reviewed by Dr. Anderson stated that Mr. Abdulkadir's current detention is his first at the facility since 2019. Upon arriving at the jail on February 12, 2023, he was described as "not redirectable and verbally abusive." A "green leafy substance" was found in his property when he arrived. Hours later, he was described as nude and screaming at staff. The Special Response Team (SRT) was activated on February 12 and 13, 2023. He was described a saying, "See how small ya are and how big I am, that is because ya walk with the devil and I walk with Allah."

From the jail records, Dr. Anderson learned that the deputies deployed Tasers on Mr. Abdulkadir. Mr. Abdulkadir also threatened to kill staff and spit on windows. In addition, staff wrote that he stated, "I will smoke you when I see you outside, I will be out on Tuesday." Mr. Abdulkadir told staff to enter his cell to fight him, threw liquid at staff, and threatened to kill their family members. Mr. Abdulkadir refused to return to his cell following a court date. He was noted not to sleep much.

On February 17, 2023, Mr. Abdulkadir reported he was in a "'holy war" against staff and threatened to kill staff, the mayor, and the governor. That same day, he made sexual comments directed at staff and stated his belief that one deputy was "evil" and that others were "heathens." Mr. Abdulkadir continued to make specific threats to physically or sexually assault or kill staff (sometimes by name) on most days throughout his detention. He was noted to demonstrate emotional lability as evidenced by apologizing to staff for his behavior before threatening them in the same interaction. Mr. Abdulkadir was described as showing "erratic mood swings." He was described as talking to himself on March 4, 2023, and he also accused staff of tampering with his water.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 156**

Case No. 27-CR-23-3459
State of MN vs MUAD ABDULKADIR
Filing Type:    ·Order-Other·
Filing Date:    **2023-05-12**
27-CR-23-3459_Order-Other_2023-05-12.pdf
File Hash:    3137ef77639bff5041ab4d101562b815ea4a5bdd845da1d07fb28920e5d5f525
Page: 11 of 27    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

Because of reported safety concerns related to his behavior during the current detention,
Hennepin County Sherriff's deputies elected to conduct a remote interview from Mr. Abdulkadir's
cell door. Upon connecting, Dr. Anderson noted that the cell door window was smeared with an
unknown white substance. Defendant was yelling and pacing around the cell without a shirt. Dr.
Anderson attempted to provide him the forensic notification and describe the purpose of their
meeting, though Mr. Abdulkadir was clearly agitated from the moment Dr. Anderson attempted to
engage him.

When Dr. Anderson asked if he could hear him, he replied he could not. Mr. Abdulkadir
recognized that Dr. Anderson identified himself as a psychologist working for the courts and
referenced "mind games." He repeated several times that he did not consent to the interview and
used profanities. Mr. Abdulkadir's speech was pressured. He was holding a book in his hands.
Ultimately, Dr. Anderson was not able to provide him the forensic notification, and the attempted
interview was discontinued. Hennepin County deputies facilitating the attempted meeting reported
Mr. Abdulkadir's presentation had been consistent throughout his current detention and stated SRT
had been activated to manage his behavior.

Dr. Anderson offered diagnoses of Unspecified Bipolar and Related Disorder, Unspecified
Schizophrenia Spectrum and other Psychotic Disorder, Alcohol Use Disorder, Cannabis Use
Disorder, and Opioid Use Disorder. He noted Mr. Abdulkadir' history of a psychotic disorder
that has been characterized by grandiosity, hypersexuality, insomnia, pressured speech, irritability,
aggression, potential response to hallucinations (as evidenced by talking to himself), and likely
delusional paranoid and religious beliefs (e.g., that he is in a "holy war'" or that deputies tampered
with his water supply) may be attributed to mania and psychosis.

11

Url 1: link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
Url 4: drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

Case No. 27-CR-23-3459
State of MN vs MUAD ABDULKADIR
Filing Type:   ·Order-Other·
Filing Date:   **2023-05-12**
27-CR-23-3459_Order-Other_2023-05-12.pdf
File Hash:      3137ef77639bff5041ab4d101562b815ea4a5bdd845da1d07fb28920e5d5f525
Page: 12 of 27      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

Dr. Anderson also noted that Defendant demonstrates disregard for and violation of the rights of others including failure to conform to social norms with respect to lawful behaviors, impulsivity, irritability and aggressiveness, and reckless disregard for safety of self and others.

Regarding competency, at the time of the interview with Dr. Anderson, Mr. Abdulkadir did not demonstrate an adequate understanding of courtroom personnel and court proceedings. Based upon his presentation in detention and during the attempted interview and a review of records, Mr. Abdulkadir's refusal to participate in the current evaluation was driven by his symptoms of mental illness and that it is more likely than not his competency-related abilities are currently impaired by his symptoms of mental illness. Specifically, his current/recent presentation including impaired thinking process, agitation, and likely delusional beliefs impaired his ability to meaningfully participate in the interview.

Mr. Abdulkadir appeared to understand Dr. Anderson's role but accused the court system of playing "mind games" and was not receptive to Dr. Anderson's attempts to engage him in the interview process. Lastly, it was Dr. Anderson's opinion that the totality of information described above (e.g., descriptions of likely psychotic thinking processes, mania, and ongoing agitation) indicates that Mr. Abdulkadir's lack of cooperation with the current evaluation is likely due to his current symptoms of mental illness. Dr. Anderson was of the opinion that it is likely his current presentation would impair his ability to participate in proceedings and consult with counsel. Notably, he has declined to meet with his attorney as well. Dr. Anderson concluded that it is possible, if not likely, that the symptoms also impair to some unknown degree his ability to consult with a reasonable degree of rational understanding with defense counsel as well as understand the criminal proceedings and participate in the defense.

12

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**Case No. 27-CR-23-3459**
State of MN vs MUAD ABDULKADIR
Filing Type: ·Order-Other·
Filing Date: **2023-05-12**
27-CR-23-3459_Order-Other_2023-05-12.pdf
File Hash: 3137ef77639bff5041ab4d101562b815ea4a5bdd845da1d07fb28920e5d5f525
Page: 13 of 27 [ source file ] [ .ots timestamp of source file ] [ pdf signatures ] [ metadata ]

Dr. Anderson did not examine Mr. Abdulkadir related to his functional abilities, and withheld an opinion about the impact of symptoms of mental illness on these abilities. Still, Dr. Anderson's evaluation indicates that while Mr. Abdulkadir does demonstrate an adequate factual understanding of courtroom personnel and court proceedings and he is unable to apply this understanding to the specifics of the case in a logical and rational manner. In addition, Mr. Abdulkadir is unable to discuss the specifics of his case or potential defense strategies with consideration of the potential evidence due to impaired thought processes such as disorganized thoughts and delusional beliefs.

Dr. Anderson also noted that that Mr. Abdulkadir's use of illicit or nonprescribed substances or alcohol could certainly contribute to changes in his mental status. Mr. Abdulkadir has previously demonstrated impaired competency-related abilities due to mental illness, but after a period of limited treatment in the community was able to demonstrate intact. As a result, Dr. Anderson opined that Mr. Abdulkadir does not have the ability to rationally assist defense counsel in the development of a defense strategy or to make informed and rational legal decisions.

On May 4, 2023, Dr. Megan Paris, Psy.D., LP, ABPP, submitted her report regarding Defendant's commitment case 27-MH-PR-23-402. Dr. Paris diagnosed Mr. Abdulkadir with a bipolar disorder with psychotic features, which is a substantial psychiatric disorder. Dr. Paris opined that his psychiatric condition impacts his thought (racing, grandiose, and paranoid beliefs) and mood (agitated and labile), which grossly impair his judgment and behavior; these impairments have been recently manifested through instances of grossly disturbed behavior, including reactive aggression precipitated by Mr. Abdulkadir's manic agitation, disinhibition, and grandiosity.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**Case No. 27-CR-23-3459**
State of MN vs MUAD ABDULKADIR
Filing Type: ·Order-Other·
Filing Date: **2023-05-12**
27-CR-23-3459_Order-Other_2023-05-12.pdf
File Hash: 3137ef77639bff5041ab4d101562b815ea4a5bdd845da1d07fb28920e5d5f525
Page: 14 of 27 [ source file ] [ .ots timestamp of source file ] [ pdf signatures ] [ metadata ]

It is Dr. Paris' opinion that while Mr. Abdulkadir's patterns of reactivity and lack of self-restraint are amplified by his antisocial traits, his clinical presentation is not exclusively accounted for by a personality disorder. She also noted that quite similarly, substance use appears to be an amplifying factor to his symptoms; however, his presentation cannot be exclusively accounted for solely by substance use.

Dr. Paris interviewed Mr. Abdulkadir and found the following: his speech was of quickened pace, loud volume, and typical cadence. His vocabulary appeared advanced. Mr. Abdulkadir regularly derailed into tangential asides that failed to answer the question at hand. He required redirection and repetition of interview questions yet continued to provide minimally useful or purposefully deflective responses. Regarding the latter, even when Mr. Abdulkadir was directly addressing the topic inquired about, he regularly responded with purposefully vague responses, or posed the question back to myself. To this end, he presented as interpersonally intrusive and defensive.

Additionally, Mr. Abdulkadir's mood was expansive (i.e., lack of restraint in expressing emotions/intense affect, with an over-inflated sense of importance). He presented as irritated by Dr. Paris' insistence on him answering questions and setting boundaries in response to his intrusive nature; however, he remained in behavioral control and did not exhibit yelling, swearing, or displays of physical aggression. Mr. Abdulkadir's thought process was tangential (i.e., excessively detailed asides that detract from one's ability to address the main point). Mr. Abdulkadir's thought content was significant for themes of grandiosity (e.g., believing he has a divine fate), persecution (e.g., believing correctional officers are aligned purposefully against him), and ideas of reference (e.g., assigning special meaning to coincidences).

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

Case No. 27-CR-23-3459
State of MN vs MUAD ABDULKADIR
Filing Type:   ·Order-Other·
Filing Date:   **2023-05-12**
27-CR-23-3459_Order-Other_2023-05-12.pdf
File Hash:     3137ef77639bff5041ab4d101562b815ea4a5bdd845da1d07fb28920e5d5f525
Page: 15 of 27      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

Moreover, subtle themes of religious preoccupation were also observed, such as Mr. Abdulkadir presenting with a Koran for the interview; however, his statements and behaviors did not clearly rise to a degree constituting religious delusions. Mr. Abdulkadir also exhibited substantial antiauthority attitudes, evidenced by his deflective approach to the examination, his manner of interacting with authority figures (e.g., his own attorney), and attempts to control the interview to be able to discuss topics at his discretion. Mr. Abdulkadir did not exhibit any behaviors suggestive of hallucinations during the examination. Mr. Abdulkadir was alert, and was oriented to his identity, the date, his location, and circumstance of meeting.

On May 10, 2023, Mr. Abdulkadir testified before the Court. He testified that he was here to contest the incompetency finding. He testified that he completed high school. He testified that he believes he is competent because he is competent. He testified that he has had the competency process occur in court, but he was never present for it. He testified that he was found incompetent in 2019, and then later that year in August 2019, he was restored to competency and found competent by the courts. He testified that he restored himself to competency by traveling to Somalia and visit with his long-lost family. He testified that his father is the Colonel of the North Somali Army, so he lacks restriction when he is there. He testified that his father just had a baby and that this trip made him feel affirmed, heard, safe, and free. He testified that jail is a vacation too, but it is a "staycation." He testified that his faith has kept him going, which is also being sure of a destiny, whether good or bad and trusting the process.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 161**

Case No. 27-CR-23-3459
State of MN vs MUAD ABDULKADIR
Filing Type: ·Order-Other·
Filing Date: **2023-05-12**
27-CR-23-3459_Order-Other_2023-05-12.pdf
File Hash: 3137ef77639bff5041ab4d101562b815ea4a5bdd845da1d07fb28920e5d5f525
Page: 16 of 27 [ source file ] [ .ots timestamp of source file ] [ pdf signatures ] [ metadata ]

Mr. Abdulkadir testified that he has too many jobs to count and that he operated his own currier service called the "Happy Journey Express Corporation," but he put a hold on this in December 2022 to work in the community for his brother Mussad Abdulkadir as a "housing access coordinator." Mr. Abdulkadir testified that he had a contract with Street Fleet and NAPA for his courier service and had to talk with the community to get business (here, Mr. Abdulkadir testified that a "closed mouth does not get fed"). Mr. Abdulkadir testified that as a housing access coordinator, he worked with the houseless population and would take them to different areas to get them any help that they needed. He testified that some these included 1800 Chicago and Endeavors. He testified that the people in the housing camps were there due to the "luck of the draw."

Mr. Abdulkadir testified that he liked to take directions and follow directions. He testified that many of the houseless people suffered from substance abuse issues and testified that they have to want to help themselves to be helped. He testified that he had gotten into verbal bouts while working, but never physical bouts.

Regarding medication, Mr. Abdulkadir testified that he takes Naproxen for sleep; Vistaril for anxiety; all of which was prescribed to him by Dr. Silva. He testified that he does not believe the medications are working. He testified that he believes in eastern medicine, like "congeal visits" with his wife and fresh air. He testified that Naproxen is a placebo. Mr. Abdulkadir testified that at home, he uses medicine like melatonin and then to wake up coffee. He testified that Vistaril is for anxiety, and testified that "we all have it" (anxiety), so he does not have it no more than every other human being. He testified that everyone has anxiety in the jail.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 162**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

Case No. 27-CR-23-3459
State of MN vs MUAD ABDULKADIR
Filing Type:  ·Order-Other·
Filing Date:  **2023-05-12**
27-CR-23-3459_Order-Other_2023-05-12.pdf
File Hash:    3137ef77639bff5041ab4d101562b815ea4a5bdd845da1d07fb28920e5d5f525
Page: 17 of 27      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

Mr. Abdulkadir testified that he does not think the medications are helping but keeps taking them because he like to take direction. He testified that he took the following "consensual" medications: marijuana; Alprazolam for anxiety (but the DEA cracked down and it is hard to get); Oxycodone for physical ailments and muscle relaxers because his body tightened up. He also testified that he has been forced to take medications.

Mr. Abdulkadir testified that from November 2018 to March 2019 there was a *Jarvis* order, and he was deemed mentally ill.[1] He testified that Dr. Bruce Renken diagnosed him with bipolar disorder. He testified that to take the medicine he would get restrained, stripped naked, physically harmed, and shot to the neck with Lithium. He testified that he thinks that the shot gave him PTSD. He then proceeded to start crying on the witness stand. He testified that he did not regularly see a psychologist. He testified that he tried anything that works to forget about it. He testified that he is voluntarily seeking treatment. Mr. Abdulkadir testified that he has no diagnosis, only a self-diagnosis. He testified that he is not prescribed any medication and the psychologist was just "bleeding" him for his money.

Mr. Abdulkadir testified that he currently does not think he is experiencing mental health issues. He testified that he could consult with others. He testified that he was deemed incompetent by two different examiners. He testified that Drs. John Anderson and Megan Paris are the examiners. He testified that on February 16, 2023, he declined to meet with Dr. Anderson. He testified that on that day he was "cruisin' for a bruising'" and he "got whooped." Mr. Abdulkadir testified that a deputy brought the tablet to him to attend the exam, and he declined. He testified that he did not think that it would make a difference if he attended the exam. He testified that he did not believe that the outcome of the examination would be different.

---

[1] Mr. Abdulkadir testified that a *Jarvis* order is a petition filed while under commitment and if you refuse to take the medication, the county has the right to make sure you take it.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 163**

**Case No. 27-CR-23-3459**
State of MN vs MUAD ABDULKADIR
Filing Type:  ·Order-Other·
Filing Date:  **2023-05-12**
27-CR-23-3459_Order-Other_2023-05-12.pdf
File Hash:  3137ef77639bff5041ab4d101562b815ea4a5bdd845da1d07fb28920e5d5f525
Page: 18 of 27  [ source file ]  [ .ots timestamp of source file ]  [ pdf signatures ]  [ metadata ]

Mr. Abdulkadir testified that he is in jail for the following charges: Bloomington, Minnesota Aggravated Robbery – Felony, Minneapolis., Assault 2nd degree– Felony, and Bloomington Dangerous Weapon – Felony. He testified that there are penalties with them. He testified that if he was successful at the competency hearing,  it would get rid of the mental health court and proceed with the criminal.

As for the roles of the courtroom participants, Mr. Abdulkadir testified that Mr. Prochazka is "doing the opposite of Mr. Biglow" and is not his "helper, but his hinderer." He testified that the judge's role to be in between the two of them. He testified that Mr. Biglow is his lawyer and his confidant. He testified that Dr. Anderson was the first to examine him. He testified that he tried to test Defendant and Defendant declined, but he came up with findings anyway. He testified that he declined to meet with Dr. Anderson because Defendant had the prerogative to meet with whoever he so please and he had no reason to meet with him. Importantly, Mr. Abdulkadir testified that he thinks that the court examiner is on Mr. Prochazka's side.

Mr. Abdulkadir testified about his mind games comment. He testified that Dr. Anne Marie Winskowski found in March to August that he was not competent. He testified that Dr. Renken diagnosed him as bipolar and unspecified. He testified that whether he met with them or not, he believed that they were going to find him incompetent. He testified that this is not "a conspiracy theory as it is a conspiracy fact." He testified that the decision was set in stone. He testified that this was based on previous experiences as his conversation and freewill was used against. He testified that therefore he would not meet with Dr. Anderson.

18

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 164**

**Case No. 27-CR-23-3459**
State of MN vs MUAD ABDULKADIR
Filing Type: ·Order-Other·
Filing Date: **2023-05-12**
27-CR-23-3459_Order-Other_2023-05-12.pdf
File Hash: 3137ef77639bff5041ab4d101562b815ea4a5bdd845da1d07fb28920e5d5f525
Page: 19 of 27 [ source file ] [ .ots timestamp of source file ] [ pdf signatures ] [ metadata ]

Regarding previous court appearances, Mr. Abdulkadir testified that on March 21, 2023, he did not go to court, and it was "not his call." He testified that was antagonized by a deputy then was locked up. He testified that he gets one hour to shower and make phone calls and was not told Ramadan was happening. He testified that Zoom was brought to him, and he was naked. He testified that the cell is his home, and he dresses how he likes. He testified that he was un-clothed on the Zoom session and does not recall anything else about it.

Mr. Abdulkadir testified that on April 4, 2023, he did not attend court that day. He testified that the deputy said that he needed to get ready for court while he was sitting on the toilet. He testified that he did not get time to get dressed. He testified that he cannot consult with his attorney if not at court. He testified that it was "not of his doing."

Mr. Abdulkadir testified to his past physical altercations. He testified that these were in self-defense. He testified that self-defense is when somebody offensively tries to harm you and you defend yourself. He testified that there are limits of self-defense and that Minnesota is not a stand your ground state. He testified that you have to escape first, and it is fight or flight.

Mr. Abdulkadir testified that during his trip to Somalia he was not taking prescription medications, but he was smoking cannabis. He testified that he was prescribed Haldol, Risperidone, and Olanzapine at the time. He testified that Somalia is war ridden county and did not find any of those medication. He also testified that at this time he had a *Jarvis* order and would follow instructions.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**Case No. 27-CR-23-3459**
State of MN vs MUAD ABDULKADIR
Filing Type:   ·Order-Other·
Filing Date:   **2023-05-12**
27-CR-23-3459_Order-Other_2023-05-12.pdf
File Hash:      3137ef77639bff5041ab4d101562b815ea4a5bdd845da1d07fb28920e5d5f525
Page: 20 of 27      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

Mr. Abdulkadir testified about various comments he made. He made a comment in 2019 to Dr. Winskowski, where he told her "the devil is always testing" him. He testified that "the devil" comes in many forms, and he was very young when he made those comments. Mr. Abdulkadir also made a comment stating that he was in a "holy war" against the correctional officers. Mr. Abdulkadir testified that he speaks in metaphors, and it was misconstrued.

Mr. Abdulkadir testified that he does not remember saying everyone around him in jail "walked with the devil" and he "walked with Allah." He testified that the devil is not actually directing his actions in the past. He testified that he was denied religious artifacts in the jail and was not told that Ramadan has started. He testified that the restrictions that were put on him were the deputies "taking the easy route." He testified that he was following the rules. He testified that he was not put on restrictions. He was noted to say that there is nothing wrong with him, but something wrong with the world. He testified that he is outspoken and speaking in metaphors.

Mr. Abdulkadir testified that he has a self-diagnosis of PTSD. He testified that he has no other mental illnesses. He testified that anxiety is not a mental illness, and he has no more than the average person.  He testified that he would defer to the doctors and professionals. He testified that he does not defer to Dr. Anderson's diagnoses of bipolar, schizophrenia, use disorder, as he believes that there are "too many diagnoses" in his body. He testified that Dr. Paris gave him too many diagnoses to count. He testified that he does not believe that need in services voluntarily, still, Mr. Abdulkadir testified that stopped taking the medication in the past.

20

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

**Case No. 27-CR-23-3459**
State of MN vs MUAD ABDULKADIR
Filing Type:   ·Order-Other·
Filing Date:   **2023-05-12**
27-CR-23-3459_Order-Other_2023-05-12.pdf
File Hash:   3137ef77639bff5041ab4d101562b815ea4a5bdd845da1d07fb28920e5d5f525
Page: 21 of 27      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

Mr. Abdulkadir testified to comments made by his brother Musab Abdulkadir. His brother said that he had a history of mental illness. He testified that his brother has never been to jail, to hospitals, or mental illness courts. He testified that his brother is not a doctor but has experience working with him closely. He testified that his brother is one of the best friends and familiar with him as a person; however, they never lived together so he would not know what is going on with his mental health. He testified to the comments he made to his brother in a phone call from jail where he stated he had revelations from God and that he is a prophet. He testified that it was a metaphor. He testified that we all have freewill unless we are incarcerated. He testified that no one imposes will.

The Court appreciates Mr. Abdulkadir's testimony; however, Mr. Abdulkadir was not an accurate historian, appeared confused at times, had rapid speech, and was very tangential. For those reasons, the Court gives Mr. Abdulkadir's testimony less weight.

On May 10, 2023, Dr. John Anderson testified before the Court. Dr. Anderson credibly testified that he is a court examiner for the Court and has been for 2 years and 9 months. Dr. Anderson credibly testified that the majority of his job is forensic treatment for criminal and civil matters. Dr. Anderson credibly testified that he has done 110 to 115 evaluations for competency. He credibly testified that in those cases, he finds defendants incompetent 56% of the time. He credibly testified that the purpose if the Rule 20.01 evaluation is to make a determination on a defendant's ability to proceed. He credibly testified that the criminal proceeding stops and is referred. He credibly testified that the legal standard is whether defendant has the ability to consult with counsel and participate in the defense.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 167**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

Case No. 27-CR-23-3459
State of MN vs MUAD ABDULKADIR
Filing Type: ·Order-Other·
Filing Date: **2023-05-12**
27-CR-23-3459_Order-Other_2023-05-12.pdf
File Hash: 3137ef77639bff5041ab4d101562b815ea4a5bdd845da1d07fb28920e5d5f525
Page: 22 of 27    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

Dr. Anderson credibly testified that during this process he searches for relevant records, jail records, treatment records, prior evaluations. He also testified that it is important to meet with the person who is the subject of the evaluation. Dr. Anderson credibly testified that it is a semi-structured interview process. He credibly testified that he generally questions if symptoms impair their ability to proceed with the defense. He credibly testified that he considers background, current presentation, diagnosis if any, testing if any, opinion related to competency.

Dr. Anderson credibly testified that he conducted the Rule 20.01 – March 10, 2023, report for Defendant. He credibly testified that he tried to meet with him on February 22, 2023. He credibly testified that he did not successfully interview Defendant. He credibly testified that this was because Defendant did not want to meet with him, and Defendant appeared to be experiencing symptoms of mental illness that would render the interview of diminishing return.

Dr. Anderson credibly testified that the Defendant's symptoms included mania, agitation, pacing, and not wearing a shirt. He credibly testified that Defendant stated that "mind games" were being done by the court. He credibly testified that Defendant's presentation was similar to past reports. He credibly testified that Defendant's inability to participate was driven by mental illness and he would not improve competency. He credibly testified that his conclusions were based on jail and other previous records.

Dr. Anderson credibly testified that he reviewed updated jail logs after he submitted his report. He credibly testified that the jail records indicated presentation effect of liable. He credibly testified that Defendant's emotional expression goes back and forth, has agitation, has threats to jail staff, and his presentation was not meaningfully different. He credibly testified that he reviewed Jail records for 3-21-23. He credibly testified that the deputies wrote that Defendant was nude, not wearing pants, and turned to the Zoom camera to "moon" the Zoom.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

Case No. 27-CR-23-3459
State of MN vs MUAD ABDULKADIR
Filing Type: ·Order-Other·
Filing Date: **2023-05-12**
27-CR-23-3459_Order-Other_2023-05-12.pdf
File Hash: 3137ef77639bff5041ab4d101562b815ea4a5bdd845da1d07fb28920e5d5f525
Page: 23 of 27 [ source file ] [ .ots timestamp of source file ] [ pdf signatures ] [ metadata ]

Dr. Anderson credibly testified that he reviewed Dr. Megan Paris' psychological report. He credibly testified that Dr. Paris' interview was shorter than intended because of his presentation. Dr. Anderson credibly testified that Dr. Paris noted continued symptoms of mania. Dr. Anderson credibly testified that the Defendant's symptoms are consistent, but there would still be impairment. Dr. Anderson credibly testified that based on this information there would be no changes to his report. He credibly testified that seeing him in Court did not change his conclusion either. Dr. Anderson credibly testified that Respondent is not able to rationally consult.

Dr. Anderson credibly testified that Defendant's mental health is cyclical in nature as he suffers from mania or psychosis more on other days than on May 11, 2023 (the date of the contested hearing). Dr. Anderson credibly testified that being under duress or being incarcerated would not be the sole cause of Defendant's symptoms. He noted that Defendant continues to exhibit psychotic symptoms even after being incarcerated for an extended period with limited access to drugs as well. The Court found Dr. Anderson to be a credible witness.

### CONCLUSIONS OF LAW

"A defendant has a due process right not to be tried or convicted of a criminal charge if he or she is legally incompetent." *Bonga v. State*, 797 N.W.2d 712, 718 (Minn. 2011). Rule 20.01 of the Minnesota Rules of Criminal Procedure requires the court to find a defendant not competent unless the greater weight of the evidence shows that the defendant is competent to proceed. MINN. R. CRIM. P. Rule 20.01, subd. 5 (c). A defendant is not competent if, due to mental illness or cognitive impairment he is unable to "(a) rationally consult with counsel or (b) understand the proceedings or participate in the defense." *Id.*, subd. 2.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 169**

**Case No. 27-CR-23-3459**
State of MN vs MUAD ABDULKADIR
Filing Type:   ·Order-Other·
Filing Date:   **2023-05-12**
27-CR-23-3459_Order-Other_2023-05-12.pdf
File Hash:     3137ef77639bff5041ab4d101562b815ea4a5bdd845da1d07fb28920e5d5f525
Page: 24 of 27      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

The determination of whether a defendant is able to rationally consult with the defense attorney or understand and participate in the proceedings turns on the facts of each particular case. Moreover, factfinders, including district courts, are not required to accept an expert's testimony or recommendations. In a criminal case involving a mental-illness defense, the Minnesota Supreme Court noted that "the factfinder is not bound by expert psychiatric testimony and may reject it entirely, even when the only experts who testify support the defendant's assertion of a mental-illness defense." *State v. Roberts,* 876 N.W.2d 863, 868 (Minn. 2016).

Foremost, throughout the criminal proceedings the trial court must be mindful of its protective duty to ensure that a defendant is competent to proceed. *See State v. Bauer*, 245 N.W.2d 848, 852 (Minn. 1976) (ruling that the court should have conducted further inquiry into the important matter of defendant's competency). The defendant bears the burden of proof in a contested competency proceeding under MINN. R. CRIM. P. 20.01 when the defendant asserts their own competence. *See State v. Thompson*, 988 N.W.2d 149, 158 (Minn. 2023).

The first step in the Court's competency analysis is to determine whether Mr. Abdulkadir suffers from a mental illness or cognitive deficit. This Court concludes the greater weight of the evidence establishes that Mr. Abdulkadir does suffer from specified Bipolar and Related Disorder, Unspecified Schizophrenia Spectrum and other Psychotic Disorder, Alcohol Use Disorder, Cannabis Use Disorder, and Opioid Use Disorder. These diagnoses have been provided numerous times by multiple mental health professionals since his first hospitalization in 2019. Also, Mr. Abdulkadir has a significant history of psychiatric hospitalizations, including stayed civil commitment based on a diagnosis of unspecified bipolar and related disorder in 2018.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 170**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

Case No. 27-CR-23-3459
State of MN vs MUAD ABDULKADIR
Filing Type:   ·Order-Other·
Filing Date:   **2023-05-12**
27-CR-23-3459_Order-Other_2023-05-12.pdf
File Hash:   3137ef77639bff5041ab4d101562b815ea4a5bdd845da1d07fb28920e5d5f525
Page: 25 of 27   [ source file ]   [ .ots timestamp of source file ]   [ pdf signatures ]   [ metadata ]

Importantly, Mr. Abdulkadir has demonstrated serious and persistent symptoms of his diagnoses in recent years, including delusions, paranoia, mania, impaired reality contact, erratic behavior, and aggression and violence. In the most recent competency evaluation, Dr. Anderson provided diagnoses of Bipolar and Related Disorder, Unspecified Schizophrenia Spectrum and other Psychotic Disorder, Alcohol Use Disorder, Cannabis Use Disorder, and Opioid Use Disorder. Dr. Anderson was not able to meet with Mr. Abdulkadir as he refused the interview.

Additionally, in preparation of a commitment hearing Dr. Paris provided diagnoses Bipolar I Disorder, with mood-congruent psychotic features (most recent episode manic), Traits of Antisocial Personality Disorder, Alcohol Use Disorder (By History), Cannabis Use Disorder (By History), and Opioid Use Disorder (By History). Dr. Paris opined that Defendant meets criteria for civil commitment as an individual who is mentally ill and dangerous to the public.

As it relates to competency, the Court must determine whether he presently is exhibiting these symptoms. The Court finds Dr. Anderson's opinion in this regard persuasive and concludes that Mr. Abdulkadir continues to exhibit symptoms of his diagnoses since being incarcerated. It is important to note that he historically has responded positively to anti-psychotic medications.

The Court must next analyze whether Mr. Abdulkadir's diagnoses render him incapable of consulting with defense counsel with a reasonable degree of rational understanding and/or to understand the proceedings or participate in his defense. The Court concludes, while Mr. Abdulkadir has a rational understanding of the proceedings, he continues to lack the ability to rationally consult with counsel or participate in his defense given that his psychiatric symptoms are preventing him from even recognizing that he suffers from a mental illness.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 171**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

**Case No. 27-CR-23-3459**
State of MN vs MUAD ABDULKADIR
Filing Type:   ·Order-Other·
Filing Date:   **2023-05-12**
27-CR-23-3459_Order-Other_2023-05-12.pdf
File Hash:     3137ef77639bff5041ab4d101562b815ea4a5bdd845da1d07fb28920e5d5f525
Page: 26 of 27      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

Mr. Abdulkadir demonstrated that he generally has the ability to rationally understand the proceedings. He understands the charges and potential sentence, and the role of the attorneys, judge, and jury (it was not clear that he understood the role of the court examiner).

Mr. Abdulkadir, however, does not have the ability to participate in his defense with a reasonable degree of understanding or to rationally participate in his defense. His psychotic thinking currently results in impairment in judgment, reasoning, and decision making. Additionally, Mr. Abdulkadir continues to evidence the hallmark symptom of lack of insight into his mental illness and belief that psychotropic medication is harmful to him. During his testimony, Respondent endorsed delusional beliefs while discussing his previous examinations that impaired his ability to engage in rational discussion and that because he could not set these beliefs aside, he is likely to rely on these delusional beliefs in formulating his defense.

Additionally, based on previous records, Dr. Anderson opined that he does not have the ability to rationally assist defense counsel in the development of a defense strategy or to make informed and rational legal decisions. Dr. Anderson also credibly testified that after observing Mr. Abdulkadir's testimony that it did not change his opinion. As a result, the Court finds Dr. Anderson's opinion persuasive.

It is important to emphasize that the Court's finding of incompetency is not due to Mr. Abdulkadir's refusal to discuss or assert a mental illness defense or due to his desire to proceed *pro se*. Mr. Abdulkadir is incompetent due to his inability to recognize that he suffers from a mental illness and thus, he is unable to rationally consider whether to raise such a defense.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 172**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

**Case No. 27-CR-23-3459**
State of MN vs MUAD ABDULKADIR
Filing Type:   ·Order-Other·
Filing Date:   **2023-05-12**
27-CR-23-3459_Order-Other_2023-05-12.pdf
File Hash:     3137ef77639bff5041ab4d101562b815ea4a5bdd845da1d07fb28920e5d5f525
Page: 27 of 27      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

If restored to competency, Mr. Abdulkadir may have a recognition of his mental illness and some insight into the extent to which his illness results in delusions, hallucinations, and paranoid thinking. If competent, he will have the ability to rationally consult with an attorney, rationally make a decision about whether to proceed *pro se*, and to decide whether he wishes to raise a defense of not guilty by reason of mental illness. A competent defendant with a plausible defense of mental illness certainly may choose not to raise this affirmative defense and may also make a valid waiver of counsel.

Based on the totality of the information before the Court, the Court finds that the greater weight of the evidence demonstrates Mr. Abdulkadir presently does not have the ability to rationally consult with counsel and participate in his defense. Under *Anderson*, the Defense has not met its burden of proving, by a greater weight of the evidence, that Mr. Abdulkadir is competent. Therefore, the Court finds that the defendant, Mr. Abdulkadir, is **INCOMPETENT.**

IT IS SO ORDERED.

**BY THE COURT**

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 173**

# Order-Other

## 2023-05-12    Minnesota Fourth Judicial District Court,  Case No. 27-CR-23-3460

---

### DOCUMENT METADATA

| | |
|---|---|
| File: | 27-CR-23-3460_Order-Other_2023-05-12.pdf |
| File Size: | 895 KiB |
| Author: | **Nehring, Alisha; Nehring; Alisha** |
| Create Date: | 2023:05:12 01:06:02-05:00 |
| Modify Date: | 2024:04:30 07:29:42-05:00 |
| XMP Toolkit: | Adobe XMP Core 5.1.0-jc003 |
| Producer: | Microsoft® Word for Microsoft 365; modified using iText® 7.1.16 ©2000-2021 iText Group NV (Minnesota Judicial Branch; licensed version) |
| Creator Tool: | Microsoft® Word for Microsoft 365 |
| Document ID: | uuid:DA8BE7D2-D41F-43DA-9D31-0BE1F22D7489 |
| Instance ID: | uuid:DA8BE7D2-D41F-43DA-9D31-0BE1F22D7489 |
| Title: | Contested Competency for David Ekers (incompetent) (parties claim comp but drs claim incomp) |
| Creator: | **Nehring, Alisha, Nehring, Alisha** |
| Page Count: | 27 |

---

### DOCUMENT DIGITAL SIGNATURES

**Signature #1:**

Signer Certificate Common Name: **Browne, Michael**
Signer full Distinguished Name: **CN="Browne, Michael",E=Michael.Browne@courts.state.mn.us,O=Minnesota Judicial**
Signing Time: May 12 2023 01:07:36
Signing Hash Algorithm: SHA-256
Signature Type: ETSI.CAdES.detached
Signed Ranges: [0 - 216985], [222985 - 235822]
Not total document signed
Signature Validation:  **SIGNATURE IS VALID**

**Signature #2:**

Signer Certificate Common Name: **ESolutions Development Certificate Authority**
Signer full Distinguished Name: **CN=ESolutions Development Certificate Authority**
Signing Time: May 12 2023 06:42:41
Signing Hash Algorithm: SHA-256
Signature Type: ETSI.CAdES.detached
Signed Ranges: [0 - 236252], [252638 - 298010]
Not total document signed
Signature Validation:  **SIGNATURE IS VALID**

**Signature #3:**

Signer Certificate Common Name: **Minnesota Court Records Online (MCRO) Watermark**
Signer full Distinguished Name: **CN=Minnesota Court Records Online (MCRO) Watermark,O=State of MN Judicial Branch**
Signing Time: **Apr 30 2024 07:29:42**
Signing Hash Algorithm: SHA-256
Signature Type: adbe.pkcs7.detached
Signed Ranges: [0 - 893465], [909851 - 916270]
**Total document signed**

Signature Validation: **SIGNATURE IS VALID**

---

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

<span style="color:red">**EXHIBIT NEH-1 | p. 174**</span>

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

**Case No. 27-CR-23-3460**
State of MN vs MUAD ABDULKADIR
Filing Type:   ·Order-Other·
Filing Date:   **2023-05-12**
27-CR-23-3460_Order-Other_2023-05-12.pdf
File Hash:    7a3a244c0f624f30d037fbccb24f33c67431ea8a167f5e3524cc7e6ae2483a01
Page: 1 of 27      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

Judge Michael K. Browne
Case Type: Criminal

State of Minnesota,
          Plaintiff,

v.

**FINDINGS OF FACT AND
CONCLUSIONS OF LAW
REGARDING DEFENDANT'S
COMPETENCY TO PROCEED**

Muad Abdulkadir,
          Defendant.

Case File Numbers:
   27-CR-23-3459,
   27-CR- 23-3460

#### APPEARANCES

The above-entitled matter came before the Honorable Michael K. Browne, Judge of

District Court, on May 10, 2023, for an evidentiary hearing upon the Defense's objection to the

incompetency opinion rendered by John R. Anderson, Ph.D., L.P. of the Senior Clinical Forensic

Psychologist – Fourth District Psychological Services dated March 10, 2023. The Court is

chambered at the Hennepin County Government Center, 300 South Sixth Street, Minneapolis,

Minnesota.

Thomas Prochazka, Assistant Hennepin County Attorney, appeared for the State.  Douglas

Biglow, Assistant Public Defender, appeared on behalf of the defendant. Mr. Abdulkadir (the

Defendant) appeared in custody.

1

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

EXHIBIT NEH-1 | p. 175

**Case No. 27-CR-23-3460**
State of MN vs MUAD ABDULKADIR
Filing Type: ·Order-Other·
Filing Date: **2023-05-12**
27-CR-23-3460_Order-Other_2023-05-12.pdf
File Hash: 7a3a244c0f624f30d037fbccb24f33c67431ea8a167f5e3524cc7e6ae2483a01
Page: 2 of 27 [ source file ] [ .ots timestamp of source file ] [ pdf signatures ] [ metadata ]

### EVIDENCE IN THE PROCEEDING

The Court received three exhibits, to which the parties stipulated: Dr. John Anderson's Curriculum Vitae (Ex. 1), Dr. John Anderson's Report dated March 10, 2023 (Ex. 2), and Dr. Megan Paris' Report dated May 4, 2023, from case file number 27-MH-PR-23-402 (Ex. 3). The Court also took judicial notice of the underlying orders and reports in case file number 27-MH-PR-23-402. Mr. Abdulkadir (the Defendant) and Dr. John Anderson testified. After hearing arguments of counsel, the Court took the matter of Defendant's competency under advisement. Based upon the arguments presented and all the files and records herein, the Court orders as follows:

1. Defendant is **INCOMPETENT** to proceed.

### PROCEDURAL HISTORY

The Defendant, Mr. Abdulkadir, is charged with one count of Aggravated Robbery-1st Degree arising from an incident alleged to have occurred on February 11, 2023, wherein he is accused of forcing himself into a neighbor's home, assaulting a man, brandishing a firearm, and leaving with money from the location in Bloomington, Minnesota (27-CR-23-3459). Mr. Abdulkadir is also charged with Assault-2nd Degree – Dangerous Weapon and Threats of Violence – Reckless Disregard Risk related to allegations that he threatened patrons in a store while carrying a handgun in Minneapolis, Minnesota, on February 12, 2023 (27-CR-23-3460).

On February 15, 2023, Mr. Abdulkadir made his first appearance in court, where the Court determined he did qualify for the services of a public defender. On February 16, 2023, Judge Caligiuri ordered Respondent for an Evaluation for Competency to Proceed (Rule 20.01). Judge Caligiuri found probable cause on all counts and ordered a Rule 20.01 evaluation to determine if Mr. Abdulkadir was competent to proceed.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 176**

Case No. 27-CR-23-3460
State of MN vs MUAD ABDULKADIR
Filing Type:   ·Order-Other·
Filing Date:   **2023-05-12**
27-CR-23-3460_Order-Other_2023-05-12.pdf
File Hash:    7a3a244c0f624f30d037fbccb24f33c67431ea8a167f5e3524cc7e6ae2483a01
Page: 3 of 27     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

John R. Anderson, Ph.D., L.P. of the Senior Clinical Forensic Psychologist – Fourth District Psychological Services was assigned to complete the evaluation of the Defendant. He filed his report on March 10, 2023. Dr. Anderson opined that Mr. Abdulkadir was incompetent and provided the diagnoses of Unspecified Bipolar and Related Disorder, Unspecified Schizophrenia Spectrum and other Psychotic Disorder, Alcohol Use Disorder, Cannabis Use Disorder, and Opioid Use Disorder. Additionally, he recommended that he be referred for evaluation for indefinite civil commitment as a Mentally Ill and Dangerous person.

The first hearing on competency was held on March 21, 2023, at which time Mr. Abdulkadir was unable to participate due to mental illness symptoms. Accordingly, the Court found that Defendant was incompetent to stand trial. The matter was referred to prepetition screening and an order for civil commitment was filed on April 7, 2023, in file 27-MH-PR-23-402. On April 4, 2023, Defendant was scheduled to appear for a bail hearing and refused to appear. On April 11, 2023, Defendant appeared for a bail hearing where a request for continuance was granted for defense counsel to discuss further options. On April 17, 2023, the Defendant filed a motion to vacate the March 21, 2023, incompetency finding. On April 18, 2023, the Court heard Defendant's motion to vacate the March 21, 2023, incompetency finding. All parties were present at this hearing. The Court denied Defendant's motion to vacate the incompetency findings and granted Respondent's motion for a contested hearing on the issue of competency.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 177**

Case No. 27-CR-23-3460
State of MN vs MUAD ABDULKADIR
Filing Type:   ·Order-Other·
Filing Date:   **2023-05-12**
27-CR-23-3460_Order-Other_2023-05-12.pdf
File Hash:     7a3a244c0f624f30d037fbccb24f33c67431ea8a167f5e3524cc7e6ae2483a01
Page: 4 of 27      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

On May 4, 2023, Dr. Megan Paris, Psy.D., LP, ABPP, submitted her Forensic Evaluation Report in file 27-MH-PR-23-402, pursuant to a petition for civil commitment as Mentally Ill and Dangerous. Dr. Paris diagnosed Defendant with Bipolar I Disorder, with mood-congruent psychotic features (most recent episode manic), Traits of Antisocial Personality Disorder, Alcohol Use Disorder (By History), Cannabis Use Disorder (By History), and Opioid Use Disorder (By History). Dr. Paris opined that Defendant meets criteria for civil commitment as an individual who is mentally ill and dangerous to the public.

The hearing on competency was held on May 10, 2023, at which time the Defense argued that the Court should find Mr. Abdulkadir competent to proceed with the criminal trial.

### FINDINGS OF FACT

The Court's findings are based on the information and opinions provided by John R. Anderson, Ph.D., L.P. of the Senior Clinical Forensic Psychologist – Fourth District Psychological Services dated March 10, 2023 (Ex. 2), and Megan Paris, Psy.D, LP, ABPP, Forensic Evaluation Report in file 27-MH-PR-23-402 dated May 4, 2023 (Ex. 3.). The Court's opinion is also based on the findings of fact contained in its Order, dated March 22, 2023, finding Mr. Abdulkadir incompetent. Those findings are incorporated into the findings below.

Mr. Abdulkadir is 29 years old.  He graduated from high school in the United States after immigrating from Somalia in 2005.  He previously stated that he participated in special education services in the twelfth grade. He expressed a negative attitude towards school and acknowledged that he was expelled from high school at one point. His employment history includes work in retail, delivery, cashier work, working with the houseless (i.e., homeless), and his own courier service.

4

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

EXHIBIT NEH-1 | p. 178

Case No. 27-CR-23-3460
State of MN vs MUAD ABDULKADIR
Filing Type:   ·Order-Other·
Filing Date:   **2023-05-12**
27-CR-23-3460_Order-Other_2023-05-12.pdf
File Hash:     7a3a244c0f624f30d037fbccb24f33c67431ea8a167f5e3524cc7e6ae2483a01
Page: 5 of 27     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

Mr. Abdulkadir has a significant mental health history. He was subject to civil commitment proceedings in 2019 (27-MH-PR-19-74). On November 29, 2018, he was transported to Acute Psychiatric Services from Hennepin County Adult Detention Center after he was noted to be naked, sweating, and agitated in his cell. Additionally, he was throwing water on himself and speaking rapidly and incoherently. He was placed on a 72-hour hold in the context of aggression, mania, delusional thought processes, and agitation requiring treatment with injectable medications. He was discharged after two days to his mother's care.

On January 15, 2019, Mr. Abdulkadir was released from jail and returned to his family's home. He became agitated and aggressive, his family called Hennepin County COPE, and he was transported to the Hennepin Healthcare / Hennepin County Medical Center (HCMC) emergency department. He was described as uncooperative, inappropriate, and vulgar. He was treated with multiple doses of antipsychotic and sedating medications. His mother described to HCMC providers chronic concerns for violence. Prepetition screening noted he tested positive for unspecified substances though he denied drug use. Mr. Abdulkadir focused on religious beliefs. Mr. Abdulkadir reportedly became agitated during the interview with prepetition screening and followed the screener through the unit demanding a copy of notes.

The Court-appointed examiner, Bruce Renken, Ph.D., LP ABPP, diagnosed Mr. Abdulkadir with unspecified bipolar and related disorder. Dr. Renken noted hyperverbal speech, grandiose thoughts, irritability, shifting mood, agitation, and hostile statements. Dr. Renken also noted multiple threats to harm hospital staff necessitating seclusion and use of forced medications. Dr. Renken supported commitment as a person who poses a risk of harm due to a mental illness (MI) as well as the corresponding *Jarvis* petition.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 179**

**Case No. 27-CR-23-3460**
State of MN vs MUAD ABDULKADIR
Filing Type:   ·Order-Other·
Filing Date:   **2023-05-12**
27-CR-23-3460_Order-Other_2023-05-12.pdf
File Hash:   7a3a244c0f624f30d037fbccb24f33c67431ea8a167f5e3524cc7e6ae2483a01
Page: 6 of 27     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

Mr. Abdulkadir was subsequently committed as MI with the order for use of psychotropic medications. After his release from the hospital, case management described unsuccessful attempts to remain in contact with Mr. Abdulkadir.

Ann Marie Winskowski Psy.D., LP examined Mr. Abdulkadir related to his adjudicative competency and authored a report dated March 7, 2019. Dr. Winskowski wrote that Mr. Abdulkadir reported growing up in slums in Kenya and India before moving to the United States in 2005. He reported he graduated high school and worked as a cashier, retail worker, and delivery driver. He described a history of binge drinking and use of cannabis. Mr. Abdulkadir reported a history of at least five hospitalizations because he was "just too wild." Dr. Winskowski described a history of hospitalizations since 2016 related to agitation, difficulty caring for himself, behavioral dysregulation. Symptoms were often described as consistent with mania.

Dr. Winskowski interviewed Mr. Abdulkadir at an HCMC inpatient unit. He denied any history of suicide attempts but endorsed passive suicidal thoughts in the past. Dr. Winskowski diagnosed Mr. Abdulkadir with bipolar disorder, current episode manic with psychosis; alcohol use disorder; and cannabis use disorder. She noted: "Mr. Abdulkadir indicated that the devil was consistently testing him, had a hand in some of the alleged incidents that substantiate the charges against him, and is influencing major players in a criminal court setting." Dr. Winskowski opined that Mr. Abdulkadir's decision making ability was influenced by delusional ideas related to the devil and God, though noted he demonstrated adequate understanding of relevant legal proceedings. Lastly, Dr. Winskowski noted that collateral records indicated Mr. Abdulkadir's behavior remained unpredictable and aggressive in settings with high levels of structure and security, though he was emotionally and behaviorally regulated during the interview.

6

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 180**

Case No. 27-CR-23-3460
State of MN vs MUAD ABDULKADIR
Filing Type: ·Order-Other·
Filing Date: **2023-05-12**
27-CR-23-3460_Order-Other_2023-05-12.pdf
File Hash: 7a3a244c0f624f30d037fbccb24f33c67431ea8a167f5e3524cc7e6ae2483a01
Page: 7 of 27 [ source file ] [ .ots timestamp of source file ] [ pdf signatures ] [ metadata ]

Dr. Winskowski reevaluated Mr. Abdulkadir and authored a report dated September 20, 2019. Dr. Winskowski wrote that Mr. Abdulkadir lived with his mother in Minneapolis, but had maintained very limited contact with civil commitment case management. He reported a subsequent hospitalization in February 2019 in the context of mania and psychosis. Mr. Abdulkadir reported he did not need psychiatric treatment following his release from the hospital in March 2019, though he also stated he continued taking prescribed medications (noting only negative side effects without helping his mental health) until his commitment ended in August 2019. Mr. Abdulkadir did not evidence symptoms of mental illness during the interview.

Dr. Winskowski again diagnosed Mr. Abdulkadir with bipolar disorder, most recent episode manic with psychosis; alcohol use disorder, in early remission, per client report; and cannabis use disorder, in early remission, per client report and noted: "Mr. Abdulkadir has a history of episodes where he has demonstrated a decreased need for sleep, pressured speech, agitation, grandiose delusion, dysregulated and hypersexual behavior. He has been hospitalized multiple times and civilly committed on the basis of this behavior." Dr. Winskowski opined that Mr. Abdulkadir demonstrated adequate factual understanding of legal proceedings, that he was able to rationally describe his cases, and that he could participate in his defense.

Then, Mr. Abdulkadir was brought to the hospital by paramedics following an apparent opioid overdose in August 2020. He required a dose of Narcan (naloxone, opioid antagonist), and his oxygen levels were listed as very low. Contusions were noted on his eye and chest. Mr. Abdulkadir became agitated in the hospital.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 181**

**Case No. 27-CR-23-3460**
State of MN vs MUAD ABDULKADIR
Filing Type: ·Order-Other·
Filing Date: **2023-05-12**
27-CR-23-3460_Order-Other_2023-05-12.pdf
File Hash: 7a3a244c0f624f30d037fbccb24f33c67431ea8a167f5e3524cc7e6ae2483a01
Page: 8 of 27 [ source file ] [ .ots timestamp of source file ] [ pdf signatures ] [ metadata ]

Upon admission to Hennepin County Adult detention on February 12, 2023, Mr. Abdulkadir refused all medications. He was evaluated after uses of force (i.e., Taser deployment) by deputies on February 13, 2023, and February 24, 2023. Mr. Abdulkadir was described as aggressive, vocal, and not responding to the provider's verbal commands in recent records.

Additionally, the files indicate collateral records from Defendant's brother Mr. Musab Abdulkadir. Mr. Musab Abdulkadir described his brother experiencing two periods of mental illness including in 2019/2020 and one beginning more recently.

Mr. Musab Abdulkadir reported his brother had stopped taking psychotropic medications in 2020, and previously been psychiatrically stable since about 2021. He added his brother had worked and been active in religious and community groups including tutoring children until relatively recently. He said his brother's demeanor changed to the point that he carried weapons and threatened others including faith leaders or acquaintances on social media. Mr. Musab Abdulkadir described a recent instance in which his brother carried a firearm to a music venue where he said he was to perform; he said his brother threatened others who drew weapons, but Mr. Musab Abdulkadir was able to deescalate the situation.

Mr. Musab Abdulkadir also described an instance where Bloomington Police were called after his brother posed a threat of harm to himself, though he said his brother was not arrested or taken to treatment. He stated his brother stopped using alcohol and only used opioids once but uses cannabis "heavily." Mr. Musab Abdulkadir reported his brother has called him from jail and described revelations from God and that he believed he was a prophet.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 182**

**Case No. 27-CR-23-3460**
State of MN vs MUAD ABDULKADIR
Filing Type: ·Order-Other·
Filing Date: **2023-05-12**
27-CR-23-3460_Order-Other_2023-05-12.pdf
File Hash: 7a3a244c0f624f30d037fbccb24f33c67431ea8a167f5e3524cc7e6ae2483a01
Page: 9 of 27 [ source file ] [ .ots timestamp of source file ] [ pdf signatures ] [ metadata ]

---

On March 21, 2023, Mr. Abdulkadir was unable to participate in the court proceedings

due to mental illness symptoms. Accordingly, the Court found that Defendant was incompetent

to stand trial. The matter was referred to prepetition screening and an order for civil commitment

was filed on April 7, 2023, in file 27-MH-PR-23-402.

John R. Anderson, Ph.D., L.P. of the Senior Clinical Forensic Psychologist – Fourth

District Psychological Services completed a six-month competency review evaluation of the

defendant. Dr. Anderson attempted to interviewed Mr. Abdulkadir, reviewed the following

documents and information, and filed his report with the court on March 21, 2023:

1. Records from Hennepin County Adult Detention, dated February 12, 2019 to March 7, 2023
2. Records from Hennepin Healthcare / Hennepin County Medical Center (HCMC), dated August 6, 2020 to March 7, 2023
3. Criminal Complaints and Orders of Detention related to the current cases, each dated February 14, 2023
4. Evaluation reports and memos regarding Mr. Clinton's competency to proceed:
   a. Psychological Evaluation to Determine Competence to Stand Trial (Rule 20.01) authored by Ann Marie Winskowski,
   Psy.D., LP on March 7, 2019
   b. Psychological Evaluation to Determine Competence to Stand Trial (Rule 20.01) authored by Ann Marie Winskowski, Psy.D., LP on September 20, 2019
5. Minnesota Court Information System (MNCIS) records related to the current case, various dates
6. MNCIS Case History Summary dated February 17, 2023
7. Order to 4th Judicial District Psychological Services, issued by Judge Hilary Caligiuri on February 16, 2023
8. Records related to petition for civil commitment (27-MH-PR-19-74), various dates
9. Email correspondence with Judith L. Cole, Senior Hennepin County Attorney, on March 1, 2023
10. Telephone conversation with Mr. Abdulkadir's brother, Musab Abdulkadir, on March 8, 2023
11. Telephone conversation with Mr. Abdulkadir' s attorney, Douglas Biglow, on March 8, 2023

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 183**

**Case No. 27-CR-23-3460**
State of MN vs MUAD ABDULKADIR
Filing Type:   ·Order-Other·
Filing Date:   **2023-05-12**
27-CR-23-3460_Order-Other_2023-05-12.pdf
File Hash:      7a3a244c0f624f30d037fbccb24f33c67431ea8a167f5e3524cc7e6ae2483a01
Page: 10 of 27     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

Hennepin County Public Safety Facility records reviewed by Dr. Anderson stated that Mr. Abdulkadir's current detention is his first at the facility since 2019. Upon arriving at the jail on February 12, 2023, he was described as "not redirectable and verbally abusive." A "green leafy substance" was found in his property when he arrived. Hours later, he was described as nude and screaming at staff. The Special Response Team (SRT) was activated on February 12 and 13, 2023. He was described a saying, "See how small ya are and how big I am, that is because ya walk with the devil and I walk with Allah."

From the jail records, Dr. Anderson learned that the deputies deployed Tasers on Mr. Abdulkadir. Mr. Abdulkadir also threatened to kill staff and spit on windows. In addition, staff wrote that he stated, "I will smoke you when I see you outside, I will be out on Tuesday." Mr. Abdulkadir told staff to enter his cell to fight him, threw liquid at staff, and threatened to kill their family members. Mr. Abdulkadir refused to return to his cell following a court date. He was noted not to sleep much.

On February 17, 2023, Mr. Abdulkadir reported he was in a "'holy war" against staff and threatened to kill staff, the mayor, and the governor. That same day, he made sexual comments directed at staff and stated his belief that one deputy was "evil" and that others were "heathens." Mr. Abdulkadir continued to make specific threats to physically or sexually assault or kill staff (sometimes by name) on most days throughout his detention. He was noted to demonstrate emotional lability as evidenced by apologizing to staff for his behavior before threatening them in the same interaction. Mr. Abdulkadir was described as showing "erratic mood swings." He was described as talking to himself on March 4, 2023, and he also accused staff of tampering with his water.

10

Url 1: link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
Url 4: drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 184**

Case No. 27-CR-23-3460
State of MN vs MUAD ABDULKADIR
Filing Type: ·Order-Other·
Filing Date: **2023-05-12**
27-CR-23-3460_Order-Other_2023-05-12.pdf
File Hash: 7a3a244c0f624f30d037fbccb24f33c67431ea8a167f5e3524cc7e6ae2483a01
Page: 11 of 27      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

Because of reported safety concerns related to his behavior during the current detention,

Hennepin County Sherriff's deputies elected to conduct a remote interview from Mr. Abdulkadir's

cell door. Upon connecting, Dr. Anderson noted that the cell door window was smeared with an

unknown white substance. Defendant was yelling and pacing around the cell without a shirt. Dr.

Anderson attempted to provide him the forensic notification and describe the purpose of their

meeting, though Mr. Abdulkadir was clearly agitated from the moment Dr. Anderson attempted to

engage him.

When Dr. Anderson asked if he could hear him, he replied he could not. Mr. Abdulkadir

recognized that Dr. Anderson identified himself as a psychologist working for the courts and

referenced "mind games." He repeated several times that he did not consent to the interview and

used profanities. Mr. Abdulkadir's speech was pressured. He was holding a book in his hands.

Ultimately, Dr. Anderson was not able to provide him the forensic notification, and the attempted

interview was discontinued. Hennepin County deputies facilitating the attempted meeting reported

Mr. Abdulkadir's presentation had been consistent throughout his current detention and stated SRT

had been activated to manage his behavior.

Dr. Anderson offered diagnoses of Unspecified Bipolar and Related Disorder, Unspecified

Schizophrenia Spectrum and other Psychotic Disorder, Alcohol Use Disorder, Cannabis Use

Disorder, and Opioid Use Disorder. He noted Mr. Abdulkadir's history of a psychotic disorder

that has been characterized by grandiosity, hypersexuality, insomnia, pressured speech, irritability,

aggression, potential response to hallucinations (as evidenced by talking to himself), and likely

delusional paranoid and religious beliefs (e.g., that he is in a "holy war'" or that deputies tampered

with his water supply) may be attributed to mania and psychosis.

Url 1: link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
Url 4: drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

Case No. 27-CR-23-3460
State of MN vs MUAD ABDULKADIR
Filing Type: ·Order-Other·
Filing Date: **2023-05-12**
27-CR-23-3460_Order-Other_2023-05-12.pdf
File Hash: 7a3a244c0f624f30d037fbccb24f33c67431ea8a167f5e3524cc7e6ae2483a01
Page: 12 of 27 [ source file ] [ .ots timestamp of source file ] [ pdf signatures ] [ metadata ]

Dr. Anderson also noted that Defendant demonstrates disregard for and violation of the rights of others including failure to conform to social norms with respect to lawful behaviors, impulsivity, irritability and aggressiveness, and reckless disregard for safety of self and others.

Regarding competency, at the time of the interview with Dr. Anderson, Mr. Abdulkadir did not demonstrate an adequate understanding of courtroom personnel and court proceedings. Based upon his presentation in detention and during the attempted interview and a review of records, Mr. Abdulkadir's refusal to participate in the current evaluation was driven by his symptoms of mental illness and that it is more likely than not his competency-related abilities are currently impaired by his symptoms of mental illness. Specifically, his current/recent presentation including impaired thinking process, agitation, and likely delusional beliefs impaired his ability to meaningfully participate in the interview.

Mr. Abdulkadir appeared to understand Dr. Anderson's role but accused the court system of playing "mind games" and was not receptive to Dr. Anderson's attempts to engage him in the interview process. Lastly, it was Dr. Anderson's opinion that the totality of information described above (e.g., descriptions of likely psychotic thinking processes, mania, and ongoing agitation) indicates that Mr. Abdulkadir's lack of cooperation with the current evaluation is likely due to his current symptoms of mental illness. Dr. Anderson was of the opinion that it is likely his current presentation would impair his ability to participate in proceedings and consult with counsel. Notably, he has declined to meet with his attorney as well. Dr. Anderson concluded that it is possible, if not likely, that the symptoms also impair to some unknown degree his ability to consult with a reasonable degree of rational understanding with defense counsel as well as understand the criminal proceedings and participate in the defense.

12

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 186**

Case No. 27-CR-23-3460
State of MN vs MUAD ABDULKADIR
Filing Type:    ·Order-Other·
Filing Date:    **2023-05-12**
27-CR-23-3460_Order-Other_2023-05-12.pdf
File Hash:      7a3a244c0f624f30d037fbccb24f33c67431ea8a167f5e3524cc7e6ae2483a01
Page: 13 of 27       [ source file ]       [ .ots timestamp of source file ]       [ pdf signatures ]       [ metadata ]

Dr. Anderson did not examine Mr. Abdulkadir related to his functional abilities, and withheld an opinion about the impact of symptoms of mental illness on these abilities. Still, Dr. Anderson's evaluation indicates that while Mr. Abdulkadir does demonstrate an adequate factual understanding of courtroom personnel and court proceedings and he is unable to apply this understanding to the specifics of the case in a logical and rational manner. In addition, Mr. Abdulkadir is unable to discuss the specifics of his case or potential defense strategies with consideration of the potential evidence due to impaired thought processes such as disorganized thoughts and delusional beliefs.

Dr. Anderson also noted that that Mr. Abdulkadir's use of illicit or nonprescribed substances or alcohol could certainly contribute to changes in his mental status. Mr. Abdulkadir has previously demonstrated impaired competency-related abilities due to mental illness, but after a period of limited treatment in the community was able to demonstrate intact. As a result, Dr. Anderson opined that Mr. Abdulkadir does not have the ability to rationally assist defense counsel in the development of a defense strategy or to make informed and rational legal decisions.

On May 4, 2023, Dr. Megan Paris, Psy.D., LP, ABPP, submitted her report regarding Defendant's commitment case 27-MH-PR-23-402. Dr. Paris diagnosed Mr. Abdulkadir with a bipolar disorder with psychotic features, which is a substantial psychiatric disorder. Dr. Paris opined that his psychiatric condition impacts his thought (racing, grandiose, and paranoid beliefs) and mood (agitated and labile), which grossly impair his judgment and behavior; these impairments have been recently manifested through instances of grossly disturbed behavior, including reactive aggression precipitated by Mr. Abdulkadir's manic agitation, disinhibition, and grandiosity.

13

Url 1: link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
Url 4: drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**Case No. 27-CR-23-3460**
State of MN vs MUAD ABDULKADIR
Filing Type:    ·Order-Other·
Filing Date:    **2023-05-12**
27-CR-23-3460_Order-Other_2023-05-12.pdf
File Hash:    7a3a244c0f624f30d037fbccb24f33c67431ea8a167f5e3524cc7e6ae2483a01
Page: 14 of 27    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

It is Dr. Paris' opinion that while Mr. Abdulkadir's patterns of reactivity and lack of self-restraint are amplified by his antisocial traits, his clinical presentation is not exclusively accounted for by a personality disorder. She also noted that quite similarly, substance use appears to be an amplifying factor to his symptoms; however, his presentation cannot be exclusively accounted for solely by substance use.

Dr. Paris interviewed Mr. Abdulkadir and found the following: his speech was of quickened pace, loud volume, and typical cadence. His vocabulary appeared advanced. Mr. Abdulkadir regularly derailed into tangential asides that failed to answer the question at hand. He required redirection and repetition of interview questions yet continued to provide minimally useful or purposefully deflective responses. Regarding the latter, even when Mr. Abdulkadir was directly addressing the topic inquired about, he regularly responded with purposefully vague responses, or posed the question back to myself. To this end, he presented as interpersonally intrusive and defensive.

Additionally, Mr. Abdulkadir's mood was expansive (i.e., lack of restraint in expressing emotions/intense affect, with an over-inflated sense of importance). He presented as irritated by Dr. Paris' insistence on him answering questions and setting boundaries in response to his intrusive nature; however, he remained in behavioral control and did not exhibit yelling, swearing, or displays of physical aggression. Mr. Abdulkadir's thought process was tangential (i.e., excessively detailed asides that detract from one's ability to address the main point). Mr. Abdulkadir's thought content was significant for themes of grandiosity (e.g., believing he has a divine fate), persecution (e.g., believing correctional officers are aligned purposefully against him), and ideas of reference (e.g., assigning special meaning to coincidences).

14

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 188**

Case No. 27-CR-23-3460
State of MN vs MUAD ABDULKADIR
Filing Type:    ·Order-Other·
Filing Date:    2023-05-12
27-CR-23-3460_Order-Other_2023-05-12.pdf
File Hash:      7a3a244c0f624f30d037fbccb24f33c67431ea8a167f5e3524cc7e6ae2483a01
Page: 15 of 27     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

Moreover, subtle themes of religious preoccupation were also observed, such as Mr. Abdulkadir presenting with a Koran for the interview; however, his statements and behaviors did not clearly rise to a degree constituting religious delusions. Mr. Abdulkadir also exhibited substantial antiauthority attitudes, evidenced by his deflective approach to the examination, his manner of interacting with authority figures (e.g., his own attorney), and attempts to control the interview to be able to discuss topics at his discretion. Mr. Abdulkadir did not exhibit any behaviors suggestive of hallucinations during the examination. Mr. Abdulkadir was alert, and was oriented to his identity, the date, his location, and circumstance of meeting.

On May 10, 2023, Mr. Abdulkadir testified before the Court. He testified that he was here to contest the incompetency finding. He testified that he completed high school. He testified that he believes he is competent because he is competent. He testified that he has had the competency process occur in court, but he was never present for it. He testified that he was found incompetent in 2019, and then later that year in August 2019, he was restored to competency and found competent by the courts. He testified that he restored himself to competency by traveling to Somalia and visit with his long-lost family. He testified that his father is the Colonel of the North Somali Army, so he lacks restriction when he is there. He testified that his father just had a baby and that this trip made him feel affirmed, heard, safe, and free. He testified that jail is a vacation too, but it is a "staycation." He testified that his faith has kept him going, which is also being sure of a destiny, whether good or bad and trusting the process.

Url 1: link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
Url 4: drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 189**

Case No. 27-CR-23-3460
State of MN vs MUAD ABDULKADIR
Filing Type: ·Order-Other·
Filing Date: **2023-05-12**
27-CR-23-3460_Order-Other_2023-05-12.pdf
File Hash: 7a3a244c0f624f30d037fbccb24f33c67431ea8a167f5e3524cc7e6ae2483a01
Page: 16 of 27 [ source file ] [ .ots timestamp of source file ] [ pdf signatures ] [ metadata ]

Mr. Abdulkadir testified that he has too many jobs to count and that he operated his own currier service called the "Happy Journey Express Corporation," but he put a hold on this in December 2022 to work in the community for his brother Mussad Abdulkadir as a "housing access coordinator." Mr. Abdulkadir testified that he had a contract with Street Fleet and NAPA for his courier service and had to talk with the community to get business (here, Mr. Abdulkadir testified that a "closed mouth does not get fed"). Mr. Abdulkadir testified that as a housing access coordinator, he worked with the houseless population and would take them to different areas to get them any help that they needed. He testified that some these included 1800 Chicago and Endeavors. He testified that the people in the housing camps were there due to the "luck of the draw."

Mr. Abdulkadir testified that he liked to take directions and follow directions. He testified that many of the houseless people suffered from substance abuse issues and testified that they have to want to help themselves to be helped. He testified that he had gotten into verbal bouts while working, but never physical bouts.

Regarding medication, Mr. Abdulkadir testified that he takes Naproxen for sleep; Vistaril for anxiety; all of which was prescribed to him by Dr. Silva. He testified that he does not believe the medications are working. He testified that he believes in eastern medicine, like "congeal visits" with his wife and fresh air. He testified that Naproxen is a placebo. Mr. Abdulkadir testified that at home, he uses medicine like melatonin and then to wake up coffee. He testified that Vistaril is for anxiety, and testified that "we all have it" (anxiety), so he does not have it no more than every other human being. He testified that everyone has anxiety in the jail.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 190**

**Case No. 27-CR-23-3460**
State of MN vs MUAD ABDULKADIR
Filing Type:   ·Order-Other·
Filing Date:   **2023-05-12**
27-CR-23-3460_Order-Other_2023-05-12.pdf
File Hash:     7a3a244c0f624f30d037fbccb24f33c67431ea8a167f5e3524cc7e6ae2483a01
Page: 17 of 27      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

Mr. Abdulkadir testified that he does not think the medications are helping but keeps taking them because he like to take direction. He testified that he took the following "consensual" medications: marijuana; Alprazolam for anxiety (but the DEA cracked down and it is hard to get); Oxycodone for physical ailments and muscle relaxers because his body tightened up. He also testified that he has been forced to take medications.

Mr. Abdulkadir testified that from November 2018 to March 2019 there was a *Jarvis* order, and he was deemed mentally ill.[1] He testified that Dr. Bruce Renken diagnosed him with bipolar disorder. He testified that to take the medicine he would get restrained, stripped naked, physically harmed, and shot to the neck with Lithium. He testified that he thinks that the shot gave him PTSD. He then proceeded to start crying on the witness stand. He testified that he did not regularly see a psychologist. He testified that he tried anything that works to forget about it. He testified that he is voluntarily seeking treatment. Mr. Abdulkadir testified that he has no diagnosis, only a self-diagnosis. He testified that he is not prescribed any medication and the psychologist was just "bleeding" him for his money.

Mr. Abdulkadir testified that he currently does not think he is experiencing mental health issues. He testified that he could consult with others. He testified that he was deemed incompetent by two different examiners. He testified that Drs. John Anderson and Megan Paris are the examiners. He testified that on February 16, 2023, he declined to meet with Dr. Anderson. He testified that on that day he was "cruisin' for a bruising'" and he "got whooped." Mr. Abdulkadir testified that a deputy brought the tablet to him to attend the exam, and he declined. He testified that he did not think that it would make a difference if he attended the exam. He testified that he did not believe that the outcome of the examination would be different.

---

[1] Mr. Abdulkadir testified that a *Jarvis* order is a petition filed while under commitment and if you refuse to take the medication, the county has the right to make sure you take it.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 191**

**Case No. 27-CR-23-3460**
State of MN vs MUAD ABDULKADIR
Filing Type: ·Order-Other·
Filing Date: **2023-05-12**
27-CR-23-3460_Order-Other_2023-05-12.pdf
File Hash: 7a3a244c0f624f30d037fbccb24f33c67431ea8a167f5e3524cc7e6ae2483a01
Page: 18 of 27 [ source file ] [ .ots timestamp of source file ] [ pdf signatures ] [ metadata ]

Mr. Abdulkadir testified that he is in jail for the following charges: Bloomington, Minnesota Aggravated Robbery – Felony, Minneapolis., Assault 2nd degree– Felony, and Bloomington Dangerous Weapon – Felony. He testified that there are penalties with them. He testified that if he was successful at the competency hearing, it would get rid of the mental health court and proceed with the criminal.

As for the roles of the courtroom participants, Mr. Abdulkadir testified that Mr. Prochazka is "doing the opposite of Mr. Biglow" and is not his "helper, but his hinderer." He testified that the judge's role to be in between the two of them. He testified that Mr. Biglow is his lawyer and his confidant. He testified that Dr. Anderson was the first to examine him. He testified that he tried to test Defendant and Defendant declined, but he came up with findings anyway. He testified that he declined to meet with Dr. Anderson because Defendant had the prerogative to meet with whoever he so please and he had no reason to meet with him. Importantly, Mr. Abdulkadir testified that he thinks that the court examiner is on Mr. Prochazka's side.

Mr. Abdulkadir testified about his mind games comment. He testified that Dr. Anne Marie Winskowski found in March to August that he was not competent. He testified that Dr. Renken diagnosed him as bipolar and unspecified. He testified that whether he met with them or not, he believed that they were going to find him incompetent. He testified that this is not "a conspiracy theory as it is a conspiracy fact." He testified that the decision was set in stone. He testified that this was based on previous experiences as his conversation and freewill was used against. He testified that therefore he would not meet with Dr. Anderson.

18

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**Case No. 27-CR-23-3460**
State of MN vs MUAD ABDULKADIR
Filing Type:  ·Order-Other·
Filing Date:  **2023-05-12**
27-CR-23-3460_Order-Other_2023-05-12.pdf
File Hash:  7a3a244c0f624f30d037fbccb24f33c67431ea8a167f5e3524cc7e6ae2483a01
Page: 19 of 27     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

Regarding previous court appearances, Mr. Abdulkadir testified that on March 21, 2023, he did not go to court, and it was "not his call." He testified that was antagonized by a deputy then was locked up. He testified that he gets one hour to shower and make phone calls and was not told Ramadan was happening. He testified that Zoom was brought to him, and he was naked. He testified that the cell is his home, and he dresses how he likes. He testified that he was un-clothed on the Zoom session and does not recall anything else about it.

Mr. Abdulkadir testified that on April 4, 2023, he did not attend court that day. He testified that the deputy said that he needed to get ready for court while he was sitting on the toilet. He testified that he did not get time to get dressed. He testified that he cannot consult with his attorney if not at court. He testified that it was "not of his doing."

Mr. Abdulkadir testified to his past physical altercations. He testified that these were in self-defense. He testified that self-defense is when somebody offensively tries to harm you and you defend yourself.  He testified that there are limits of self-defense and that Minnesota is not a stand your ground state. He testified that you have to escape first, and it is fight or flight.

Mr. Abdulkadir testified that during his trip to Somalia he was not taking prescription medications, but he was smoking cannabis. He testified that he was prescribed Haldol, Risperidone, and Olanzapine at the time. He testified that Somalia is war ridden county and did not find any of those medication. He also testified that at this time he had a *Jarvis* order and would follow instructions.

19

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

Case No. 27-CR-23-3460
State of MN vs MUAD ABDULKADIR
Filing Type:  ·Order-Other·
Filing Date:  **2023-05-12**
27-CR-23-3460_Order-Other_2023-05-12.pdf
File Hash:  7a3a244c0f624f30d037fbccb24f33c67431ea8a167f5e3524cc7e6ae2483a01
Page: 20 of 27    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

Mr. Abdulkadir testified about various comments he made. He made a comment in 2019 to Dr. Winskowski, where he told her "the devil is always testing" him. He testified that "the devil" comes in many forms, and he was very young when he made those comments. Mr. Abdulkadir also made a comment stating that he was in a "holy war" against the correctional officers. Mr. Abdulkadir testified that he speaks in metaphors, and it was misconstrued.

Mr. Abdulkadir testified that he does not remember saying everyone around him in jail "walked with the devil" and he "walked with Allah." He testified that the devil is not actually directing his actions in the past. He testified that he was denied religious artifacts in the jail and was not told that Ramadan has started. He testified that the restrictions that were put on him were the deputies "taking the easy route." He testified that he was following the rules. He testified that he was not put on restrictions. He was noted to say that there is nothing wrong with him, but something wrong with the world. He testified that he is outspoken and speaking in metaphors.

Mr. Abdulkadir testified that he has a self-diagnosis of PTSD. He testified that he has no other mental illnesses. He testified that anxiety is not a mental illness, and he has no more than the average person. He testified that he would defer to the doctors and professionals. He testified that he does not defer to Dr. Anderson's diagnoses of bipolar, schizophrenia, use disorder, as he believes that there are "too many diagnoses" in his body. He testified that Dr. Paris gave him too many diagnoses to count. He testified that he does not believe that need in services voluntarily, still, Mr. Abdulkadir testified that stopped taking the medication in the past.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 194**

**Case No. 27-CR-23-3460**
State of MN vs MUAD ABDULKADIR
Filing Type:   ·Order-Other·
Filing Date:   **2023-05-12**
27-CR-23-3460_Order-Other_2023-05-12.pdf
File Hash:   7a3a244c0f624f30d037fbccb24f33c67431ea8a167f5e3524cc7e6ae2483a01
Page: 21 of 27      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

Mr. Abdulkadir testified to comments made by his brother Musab Abdulkadir. His brother said that he had a history of mental illness. He testified that his brother has never been to jail, to hospitals, or mental illness courts. He testified that his brother is not a doctor but has experience working with him closely. He testified that his brother is one of the best friends and familiar with him as a person; however, they never lived together so he would not know what is going on with his mental health. He testified to the comments he made to his brother in a phone call from jail where he stated he had revelations from God and that he is a prophet. He testified that it was a metaphor. He testified that we all have freewill unless we are incarcerated. He testified that no one imposes will.

The Court appreciates Mr. Abdulkadir's testimony; however, Mr. Abdulkadir was not an accurate historian, appeared confused at times, had rapid speech, and was very tangential. For those reasons, the Court gives Mr. Abdulkadir's testimony less weight.

On May 10, 2023, Dr. John Anderson testified before the Court. Dr. Anderson credibly testified that he is a court examiner for the Court and has been for 2 years and 9 months. Dr. Anderson credibly testified that the majority of his job is forensic treatment for criminal and civil matters. Dr. Anderson credibly testified that he has done 110 to 115 evaluations for competency. He credibly testified that in those cases, he finds defendants incompetent 56% of the time. He credibly testified that the purpose if the Rule 20.01 evaluation is to make a determination on a defendant's ability to proceed. He credibly testified that the criminal proceeding stops and is referred. He credibly testified that the legal standard is whether defendant has the ability to consult with counsel and participate in the defense.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 195**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

Case No. 27-CR-23-3460
State of MN vs MUAD ABDULKADIR
Filing Type:   ·Order-Other·
Filing Date:   **2023-05-12**
27-CR-23-3460_Order-Other_2023-05-12.pdf
File Hash:       7a3a244c0f624f30d037fbccb24f33c67431ea8a167f5e3524cc7e6ae2483a01
Page: 22 of 27       [ source file ]       [ .ots timestamp of source file ]       [ pdf signatures ]       [ metadata ]

Dr. Anderson credibly testified that during this process he searches for relevant records, jail records, treatment records, prior evaluations. He also testified that it is important to meet with the person who is the subject of the evaluation. Dr. Anderson credibly testified that it is a semi-structured interview process. He credibly testified that he generally questions if symptoms impair their ability to proceed with the defense. He credibly testified that he considers background, current presentation, diagnosis if any, testing if any, opinion related to competency.

Dr. Anderson credibly testified that he conducted the Rule 20.01 – March 10, 2023, report for Defendant. He credibly testified that he tried to meet with him on February 22, 2023. He credibly testified that he did not successfully interview Defendant. He credibly testified that this was because Defendant did not want to meet with him, and Defendant appeared to be experiencing symptoms of mental illness that would render the interview of diminishing return.

Dr. Anderson credibly testified that the Defendant's symptoms included mania, agitation, pacing, and not wearing a shirt. He credibly testified that Defendant stated that "mind games" were being done by the court. He credibly testified that Defendant's presentation was similar to past reports. He credibly testified that Defendant's inability to participate was driven by mental illness and he would not improve competency. He credibly testified that his conclusions were based on jail and other previous records.

Dr. Anderson credibly testified that he reviewed updated jail logs after he submitted his report. He credibly testified that the jail records indicated presentation effect of liable. He credibly testified that Defendant's emotional expression goes back and forth, has agitation, has threats to jail staff, and his presentation was not meaningfully different. He credibly testified that he reviewed Jail records for 3-21-23. He credibly testified that the deputies wrote that Defendant was nude, not wearing pants, and turned to the Zoom camera to "moon" the Zoom.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 196**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

**Case No. 27-CR-23-3460**
State of MN vs MUAD ABDULKADIR
Filing Type:   ·Order-Other·
Filing Date:   **2023-05-12**
27-CR-23-3460_Order-Other_2023-05-12.pdf
File Hash:   7a3a244c0f624f30d037fbccb24f33c67431ea8a167f5e3524cc7e6ae2483a01
Page: 23 of 27     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

Dr. Anderson credibly testified that he reviewed Dr. Megan Paris' psychological report. He credibly testified that Dr. Paris' interview was shorter than intended because of his presentation. Dr. Anderson credibly testified that Dr. Paris noted continued symptoms of mania. Dr. Anderson credibly testified that the Defendant's symptoms are consistent, but there would still be impairment. Dr. Anderson credibly testified that based on this information there would be no changes to his report. He credibly testified that seeing him in Court did not change his conclusion either. Dr. Anderson credibly testified that Respondent is not able to rationally consult.

Dr. Anderson credibly testified that Defendant's mental health is cyclical in nature as he suffers from mania or psychosis more on other days than on May 11, 2023 (the date of the contested hearing). Dr. Anderson credibly testified that being under duress or being incarcerated would not be the sole cause of Defendant's symptoms. He noted that Defendant continues to exhibit psychotic symptoms even after being incarcerated for an extended period with limited access to drugs as well. The Court found Dr. Anderson to be a credible witness.

### CONCLUSIONS OF LAW

"A defendant has a due process right not to be tried or convicted of a criminal charge if he or she is legally incompetent." *Bonga v. State*, 797 N.W.2d 712, 718 (Minn. 2011). Rule 20.01 of the Minnesota Rules of Criminal Procedure requires the court to find a defendant not competent unless the greater weight of the evidence shows that the defendant is competent to proceed. MINN. R. CRIM. P. Rule 20.01, subd. 5 (c). A defendant is not competent if, due to mental illness or cognitive impairment he is unable to "(a) rationally consult with counsel or (b) understand the proceedings or participate in the defense." *Id.*, subd. 2.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 197**

Case No. 27-CR-23-3460
State of MN vs MUAD ABDULKADIR
Filing Type:   ·Order-Other·
Filing Date:   **2023-05-12**
27-CR-23-3460_Order-Other_2023-05-12.pdf
File Hash:      7a3a244c0f624f30d037fbccb24f33c67431ea8a167f5e3524cc7e6ae2483a01
Page: 24 of 27      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

The determination of whether a defendant is able to rationally consult with the defense attorney or understand and participate in the proceedings turns on the facts of each particular case. Moreover, factfinders, including district courts, are not required to accept an expert's testimony or recommendations.  In a criminal case involving a mental-illness defense, the Minnesota Supreme Court noted that "the factfinder is not bound by expert psychiatric testimony and may reject it entirely, even when the only experts who testify support the defendant's assertion of a mental-illness defense." *State v. Roberts,* 876 N.W.2d 863, 868 (Minn. 2016).

Foremost, throughout the criminal proceedings the trial court must be mindful of its protective duty to ensure that a defendant is competent to proceed. *See State v. Bauer*, 245 N.W.2d 848, 852 (Minn. 1976) (ruling that the court should have conducted further inquiry into the important matter of defendant's competency). The defendant bears the burden of proof in a contested competency proceeding under MINN. R. CRIM. P. 20.01 when the defendant asserts their own competence. *See State v. Thompson*, 988 N.W.2d 149, 158 (Minn. 2023).

The first step in the Court's competency analysis is to determine whether Mr. Abdulkadir suffers from a mental illness or cognitive deficit. This Court concludes the greater weight of the evidence establishes that Mr. Abdulkadir does suffer from specified Bipolar and Related Disorder, Unspecified Schizophrenia Spectrum and other Psychotic Disorder, Alcohol Use Disorder, Cannabis Use Disorder, and Opioid Use Disorder. These diagnoses have been provided numerous times by multiple mental health professionals since his first hospitalization in 2019. Also, Mr. Abdulkadir has a significant history of psychiatric hospitalizations, including stayed civil commitment based on a diagnosis of unspecified bipolar and related disorder in 2018.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 198**

Case No. 27-CR-23-3460
State of MN vs MUAD ABDULKADIR
Filing Type: ·Order-Other·
Filing Date: **2023-05-12**
27-CR-23-3460_Order-Other_2023-05-12.pdf
File Hash: 7a3a244c0f624f30d037fbccb24f33c67431ea8a167f5e3524cc7e6ae2483a01
Page: 25 of 27   [ source file ]   [ .ots timestamp of source file ]   [ pdf signatures ]   [ metadata ]

Importantly, Mr. Abdulkadir has demonstrated serious and persistent symptoms of his diagnoses in recent years, including delusions, paranoia, mania, impaired reality contact, erratic behavior, and aggression and violence. In the most recent competency evaluation, Dr. Anderson provided diagnoses of Bipolar and Related Disorder, Unspecified Schizophrenia Spectrum and other Psychotic Disorder, Alcohol Use Disorder, Cannabis Use Disorder, and Opioid Use Disorder. Dr. Anderson was not able to meet with Mr. Abdulkadir as he refused the interview.

Additionally, in preparation of a commitment hearing Dr. Paris provided diagnoses Bipolar I Disorder, with mood-congruent psychotic features (most recent episode manic), Traits of Antisocial Personality Disorder, Alcohol Use Disorder (By History), Cannabis Use Disorder (By History), and Opioid Use Disorder (By History). Dr. Paris opined that Defendant meets criteria for civil commitment as an individual who is mentally ill and dangerous to the public.

As it relates to competency, the Court must determine whether he presently is exhibiting these symptoms. The Court finds Dr. Anderson's opinion in this regard persuasive and concludes that Mr. Abdulkadir continues to exhibit symptoms of his diagnoses since being incarcerated. It is important to note that he historically has responded positively to anti-psychotic medications.

The Court must next analyze whether Mr. Abdulkadir's diagnoses render him incapable of consulting with defense counsel with a reasonable degree of rational understanding and/or to understand the proceedings or participate in his defense. The Court concludes, while Mr. Abdulkadir has a rational understanding of the proceedings, he continues to lack the ability to rationally consult with counsel or participate in his defense given that his psychiatric symptoms are preventing him from even recognizing that he suffers from a mental illness.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 199**

Case No. 27-CR-23-3460
State of MN vs MUAD ABDULKADIR
Filing Type:    ·Order-Other·
Filing Date:    **2023-05-12**
27-CR-23-3460_Order-Other_2023-05-12.pdf
File Hash:      7a3a244c0f624f30d037fbccb24f33c67431ea8a167f5e3524cc7e6ae2483a01
Page: 26 of 27      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

Mr. Abdulkadir demonstrated that he generally has the ability to rationally understand the proceedings. He understands the charges and potential sentence, and the role of the attorneys, judge, and jury (it was not clear that he understood the role of the court examiner).

Mr. Abdulkadir, however, does not have the ability to participate in his defense with a reasonable degree of understanding or to rationally participate in his defense. His psychotic thinking currently results in impairment in judgment, reasoning, and decision making. Additionally, Mr. Abdulkadir continues to evidence the hallmark symptom of lack of insight into his mental illness and belief that psychotropic medication is harmful to him. During his testimony, Respondent endorsed delusional beliefs while discussing his previous examinations that impaired his ability to engage in rational discussion and that because he could not set these beliefs aside, he is likely to rely on these delusional beliefs in formulating his defense.

Additionally, based on previous records, Dr. Anderson opined that he does not have the ability to rationally assist defense counsel in the development of a defense strategy or to make informed and rational legal decisions. Dr. Anderson also credibly testified that after observing Mr. Abdulkadir's testimony that it did not change his opinion. As a result, the Court finds Dr. Anderson's opinion persuasive.

It is important to emphasize that the Court's finding of incompetency is not due to Mr. Abdulkadir's refusal to discuss or assert a mental illness defense or due to his desire to proceed *pro se*. Mr. Abdulkadir is incompetent due to his inability to recognize that he suffers from a mental illness and thus, he is unable to rationally consider whether to raise such a defense.

**Url 1:** link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
**Url 2:** MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
**Url 3:** Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
**Url 4:** drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 200**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

**Case No. 27-CR-23-3460**
State of MN vs MUAD ABDULKADIR
Filing Type:   ·Order-Other·
Filing Date:   **2023-05-12**
27-CR-23-3460_Order-Other_2023-05-12.pdf
File Hash:     7a3a244c0f624f30d037fbccb24f33c67431ea8a167f5e3524cc7e6ae2483a01
Page: 27 of 27      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

If restored to competency, Mr. Abdulkadir may have a recognition of his mental illness and some insight into the extent to which his illness results in delusions, hallucinations, and paranoid thinking. If competent, he will have the ability to rationally consult with an attorney, rationally make a decision about whether to proceed *pro se*, and to decide whether he wishes to raise a defense of not guilty by reason of mental illness. A competent defendant with a plausible defense of mental illness certainly may choose not to raise this affirmative defense and may also make a valid waiver of counsel.

Based on the totality of the information before the Court, the Court finds that the greater weight of the evidence demonstrates Mr. Abdulkadir presently does not have the ability to rationally consult with counsel and participate in his defense. Under *Anderson*, the Defense has not met its burden of proving, by a greater weight of the evidence, that Mr. Abdulkadir is competent. Therefore, the Court finds that the defendant, Mr. Abdulkadir, is **INCOMPETENT.**

IT IS SO ORDERED.

**BY THE COURT**

Url 1: link.storjshare.io/raw/ju7wfaqxg6r27eptffian77sjpmq/file/EXHIBIT NEH-1_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/383907c9-34a4-4fc0-b2dc-178bfb76b2fa.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/911f8f58-6a0f-4836-a0cc-ef49de308622.pdf
Url 4: drive.proton.me/urls/GDVWT50S5C#IIodlI3xoASc

**EXHIBIT NEH-1 | p. 201**