**EXHIBIT NEH-2**

| | |
|---|---|
| **Case No. 27-CR-18-19274** <br> State of MN vs IFRAH ABDULL HASSAN <br> Filing Type: ·Findings of Fact, Conclusions of Law and Order· <br> Filing Date: **2020-09-04** <br> 27-CR-18-19274_Findings of Fact, Conclusions of Law and Order_2020-09-04.pdf <br> File Hash: ea340ebecd5dd54c6b108584ff9670614d29fd17e6f5e1956b7dda5536796f6d <br> Page: 1 of 5      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ] | **Case No. 27-CR-20-423** <br> State of MN vs Ifrah Abdullahi Hassan <br> Filing Type: ·Findings of Fact, Conclusions of Law and Order· <br> Filing Date: **2020-09-04** <br> 27-CR-20-423_Findings of Fact, Conclusions of Law and Order_2020-09-04.pdf <br> File Hash: b2a0eb0952cb3cce483043d5a145b527314e1c51e13bc23db90abc5a000a9a53 <br> Page: 1 of 5      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ] |

---

**27-CR-18-19274**

Filed in District Court
State of Minnesota
9/4/2020 1:28 PM

State of Minnesota                                                                                           District Court

County of Hennepin                                                                                    Fourth Judicial District

---

State of Minnesota,
      Plaintiff,

v.

Ifrah Abdull Hassan,
      Defendant.

Judge Lisa K. Janzen
Case Type: Criminal

**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING DEFENDANT'S COMPETENCY TO PROCEED**

Case Numbers:   27-CR-18-19274
                              27CR-20-423

---

     The above-entitled matter came before Lisa K. Janzen, Judge of District Court, on August 6, 2020, for an evidentiary hearing upon the Defense's objection to the competency opinion rendered by Dr. Jason Lewis of State Forensic Services and filed with the court on April 13, 2020. Andrew Johnson, Assistant Hennepin County Attorney, appeared for the State. Lisa Skrzeczkoski, appeared on behalf of the Defendant, Ifrah Hassan, who was personally present. Jason Lewis, PhD, LP, of State Operated Forensic Services testified and the court received his report dated April 13, 2020 and his Curriculum Vitae as exhibits. The court also received, as Exhibit 1, a packet of 105 pages of documents, reports and evaluations reviewed by Dr. Lewis in completing his report. The court took the matter under advisement. Based upon the arguments presented and all the files and records herein, the Court orders as follows:

1. Defendant is **INCOMPETENT** to proceed.

---

**27-CR-20-423**

Filed in District Court
State of Minnesota
9/4/2020 1:30 PM

State of Minnesota                                                                                           District Court

County of Hennepin                                                                                    Fourth Judicial District

---

State of Minnesota,
      Plaintiff,

v.

Ifrah Abdull Hassan,
      Defendant.

Judge Lisa K. Janzen
Case Type: Criminal

**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING DEFENDANT'S COMPETENCY TO PROCEED**

Case Numbers:   27-CR-18-19274
                              27CR-20-423

---

     The above-entitled matter came before Lisa K. Janzen, Judge of District Court, on August 6, 2020, for an evidentiary hearing upon the Defense's objection to the competency opinion rendered by Dr. Jason Lewis of State Forensic Services and filed with the court on April 13, 2020. Andrew Johnson, Assistant Hennepin County Attorney, appeared for the State. Lisa Skrzeczkoski, appeared on behalf of the Defendant, Ifrah Hassan, who was personally present. Jason Lewis, PhD, LP, of State Operated Forensic Services testified and the court received his report dated April 13, 2020 and his Curriculum Vitae as exhibits. The court also received, as Exhibit 1, a packet of 105 pages of documents, reports and evaluations reviewed by Dr. Lewis in completing his report. The court took the matter under advisement. Based upon the arguments presented and all the files and records herein, the Court orders as follows:

1. Defendant is **INCOMPETENT** to proceed.

Url 1: link.storjshare.io/raw/jvwpwdo7nxwupkutlepkk5krhosa/file/EXHIBIT NEH-2_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/0fe3dfce-e431-4876-acc9-5abfab26e993.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/b548f4c4-c3a8-46ee-85d0-d07298c82fea.pdf
Url 4: drive.proton.me/urls/VD247540SW#e0znfU2EAIdk

1

**EXHIBIT NEH-2 | p. 1**

| | |
|---|---|
| Case No. 27-CR-18-19274 <br> State of MN vs IFRAH ABDULL HASSAN <br> Filing Type: ·Findings of Fact, Conclusions of Law and Order· <br> Filing Date: **2020-09-04** <br> 27-CR-18-19274_Findings of Fact, Conclusions of Law and Order_2020-09-04.pdf <br> File Hash: ea340ebecd5dd54c6b108584ff9670614d29fd17e6f5e1956b7dda5536796f6d <br> Page: 2 of 5    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ] | Case No. 27-CR-20-423 <br> State of MN vs Ifrah Abdullahi Hassan <br> Filing Type: ·Findings of Fact, Conclusions of Law and Order· <br> Filing Date: **2020-09-04** <br> 27-CR-20-423_Findings of Fact, Conclusions of Law and Order_2020-09-04.pdf <br> File Hash: b2a0eb0952cb3cce483043d5a145b527314e1c51e13bc23db90abc5a000a9a53 <br> Page: 2 of 5    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ] |

---

27-CR-18-19274      Filed in District Court / State of Minnesota / 9/4/2020 1:28 PM

**PROCEDURAL HISTORY AND FINDINGS OF FACT**

In file number 27-CR-18-19274 Ms. Hassan is charged with one count of Threats of Violence arising from an incident alleged to have occurred on June 27, 2018. On 8/28/18 the court found Ms. Hassan incompetent to stand trial. Ms. Hassan was subsequently committed as Mentally Ill and Chemically Dependent. Findings of incompetency based on subsequent evaluations were also entered on this file in February 2019 and October of 2019.

Subsequently, Ms. Hassan was charged in file 27-CR-20-423 with 2nd Degree Aggravated Robbery from an incident alleged to have occurred on January 3, 2020. On January 7, 2020 probable cause was found and a Rule 20.01 evaluation was ordered. Dr. Shannon Garrity completed a 20.01 evaluation of the defendant which was filed February 12, 2020, opining that Ms. Hassan was not competent. Dr. Garrity noted previous diagnoses of Schizophrenia and Schizoaffective Disorder, as well as prior civil commitments, numerous hospitalizations and facility placements. Dr. Garrity noted that during the interview Ms. Hassan demonstrated unusual behaviors. While she appeared to understand basic aspects of her charges and courtroom proceedings, her disorganization of thought and difficulty tracking the content of the interview were of sufficient severity to render her incompetent to proceed. This finding was entered on February 18, 2020.

Ms. Hassan was again civilly committed and admitted to the State Forensic Mental Health Program (formerly Competency Restoration) on February 26th. Ms. Hassan responded favorably to psychotropic medication and participation in treatment groups during her hospitalization. Her psychiatric provider noted in late March that Ms. Hassan was psychiatrically stable and did not appear to be experiencing symptoms of psychosis or delusional ideation.

Dr. Lewis met with Ms. Hassan on April 7, 2020 at Forensic Mental Health Program. Due to the Pandemic, interpreter services were only available via a telephonic service. Over a two day period Dr. Lewis was unable to connect with this service. Ms. Hassan requested that the interview proceed without the services of an interpreter. During the interview Ms. Hassan's memory functioning appeared grossly intact and she did not present with impairment of attention or concentration. She did not demonstrate

27-CR-20-423      Filed in District Court / State of Minnesota / 9/4/2020 1:30 PM

**PROCEDURAL HISTORY AND FINDINGS OF FACT**

In file number 27-CR-18-19274 Ms. Hassan is charged with one count of Threats of Violence arising from an incident alleged to have occurred on June 27, 2018. On 8/28/18 the court found Ms. Hassan incompetent to stand trial. Ms. Hassan was subsequently committed as Mentally Ill and Chemically Dependent. Findings of incompetency based on subsequent evaluations were also entered on this file in February 2019 and October of 2019.

Subsequently, Ms. Hassan was charged in file 27-CR-20-423 with 2nd Degree Aggravated Robbery from an incident alleged to have occurred on January 3, 2020. On January 7, 2020 probable cause was found and a Rule 20.01 evaluation was ordered. Dr. Shannon Garrity completed a 20.01 evaluation of the defendant which was filed February 12, 2020, opining that Ms. Hassan was not competent. Dr. Garrity noted previous diagnoses of Schizophrenia and Schizoaffective Disorder, as well as prior civil commitments, numerous hospitalizations and facility placements. Dr. Garrity noted that during the interview Ms. Hassan demonstrated unusual behaviors. While she appeared to understand basic aspects of her charges and courtroom proceedings, her disorganization of thought and difficulty tracking the content of the interview were of sufficient severity to render her incompetent to proceed. This finding was entered on February 18, 2020.

Ms. Hassan was again civilly committed and admitted to the State Forensic Mental Health Program (formerly Competency Restoration) on February 26th. Ms. Hassan responded favorably to psychotropic medication and participation in treatment groups during her hospitalization. Her psychiatric provider noted in late March that Ms. Hassan was psychiatrically stable and did not appear to be experiencing symptoms of psychosis or delusional ideation.

Dr. Lewis met with Ms. Hassan on April 7, 2020 at Forensic Mental Health Program. Due to the Pandemic, interpreter services were only available via a telephonic service. Over a two day period Dr. Lewis was unable to connect with this service. Ms. Hassan requested that the interview proceed without the services of an interpreter. During the interview Ms. Hassan's memory functioning appeared grossly intact and she did not present with impairment of attention or concentration. She did not demonstrate

Url 1: link.storjshare.io/raw/jvwpwdo7nxwupkutlepkk5krhosa/file/EXHIBIT NEH-2_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/0fe3dfce-e431-4876-acc9-5abfab26e993.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/b548f4c4-c3a8-46ee-85d0-d07298c82fea.pdf
Url 4: drive.proton.me/urls/VD247540SW#e0znfU2EAIdk

2

**EXHIBIT NEH-2 | p. 2**

Case No. 27-CR-18-19274
State of MN vs IFRAH ABDULL HASSAN
Filing Type: ·Findings of Fact, Conclusions of Law and Order·
Filing Date: 2020-09-04
27-CR-18-19274_Findings of Fact, Conclusions of Law and Order_2020-09-04.pdf
File Hash: ea340ebecd5dd54c6b108584ff9670614d29fd17e6f5e1956b7dda5536796f6d
Page: 3 of 5       [ source file ]       [ .ots timestamp of source file ]       [ pdf signatures ]       [ metadata ]

Case No. 27-CR-20-423
State of MN vs Ifrah Abdullahi Hassan
Filing Type: ·Findings of Fact, Conclusions of Law and Order·
Filing Date: 2020-09-04
27-CR-20-423_Findings of Fact, Conclusions of Law and Order_2020-09-04.pdf
File Hash: b2a0eb0952cb3cce483043d5a145b527314e1c51e13bc23db90abc5a000a9a53
Page: 3 of 5       [ source file ]       [ .ots timestamp of source file ]       [ pdf signatures ]       [ metadata ]

27-CR-18-19274

Filed in District Court
State of Minnesota
9/4/2020 1:28 PM

difficulty tracking the discussion. Ms. Hassan acknowledged a history of auditory and visual hallucination and paranoid ideation but acknowledged that her symptoms of psychosis stopped when she began taking her medication. Dr. Lewis noted that she did not present with symptoms of psychosis, disorganized thought or delusional ideation. Dr. Lewis provided diagnoses of Schizoaffective Disorder and Substance Use Disorders. Dr. Lewis indicated Ms. Hassan demonstrated adequate factual understanding of the legal system and the charge against her. She also demonstrated an ability to rationally consult with her attorney. She was aware of the roles of courtroom personnel, trial procedures and her rights in the criminal justice system. She was unable to adequately define a plea bargain. She expressed a willingness to work with defense counsel. Dr. Lewis noted that her presentation during the April 2020 interview and his interview with her in September of 2019 was night and day. He noted he previously opined her incompetent in September of 2019. On April 13, 2020, Dr. Lewis filed a report with the court opining that Ms. Hassan had regained the capacity to proceed. He noted her competency is contingent upon continued compliance with psychotropic medication and abstinence from alcohol and drugs. He noted her history of absconding after being discharged into the community.

Subsequently DHS provisionally discharged Ms. Hassan to the community. Ms. Hassan's mental health decompensated rapidly after her release and she was re-hospitalized at Forensic Mental Health. After achieving psychiatric stability she was again discharged to the community and subsequently re-hospitalized. Believing that Ms. Hassan was no longer competent to proceed, defense counsel requested a contested hearing. The matter was set for a hearing on June 8th. However, this hearing was delayed due to the Pandemic, as Forensic Mental Health was unable to allow transport of Ms. Hassan to the Hennepin County Government Center for a hearing. Ms. Hassan was subsequently released to the community and a hearing was held on August 6, 2020.

During the hearing defense counsel, Lisa Skrzeczkoski, testified that since her release from Forensic Mental Health Ms. Hassan has been unable to remember conversations with her from the day before and overall has been unable to have rational discussion about her case. Ms. Skrzeczkoski testified that on the day of the hearing, in discussions with defense counsel, Ms. Hassan did not understand what

27-CR-20-423

Filed in District Court
State of Minnesota
9/4/2020 1:30 PM

difficulty tracking the discussion. Ms. Hassan acknowledged a history of auditory and visual hallucination and paranoid ideation but acknowledged that her symptoms of psychosis stopped when she began taking her medication. Dr. Lewis noted that she did not present with symptoms of psychosis, disorganized thought or delusional ideation. Dr. Lewis provided diagnoses of Schizoaffective Disorder and Substance Use Disorders. Dr. Lewis indicated Ms. Hassan demonstrated adequate factual understanding of the legal system and the charge against her. She also demonstrated an ability to rationally consult with her attorney. She was aware of the roles of courtroom personnel, trial procedures and her rights in the criminal justice system. She was unable to adequately define a plea bargain. She expressed a willingness to work with defense counsel. Dr. Lewis noted that her presentation during the April 2020 interview and his interview with her in September of 2019 was night and day. He noted he previously opined her incompetent in September of 2019. On April 13, 2020, Dr. Lewis filed a report with the court opining that Ms. Hassan had regained the capacity to proceed. He noted her competency is contingent upon continued compliance with psychotropic medication and abstinence from alcohol and drugs. He noted her history of absconding after being discharged into the community.

Subsequently DHS provisionally discharged Ms. Hassan to the community. Ms. Hassan's mental health decompensated rapidly after her release and she was re-hospitalized at Forensic Mental Health. After achieving psychiatric stability she was again discharged to the community and subsequently re-hospitalized. Believing that Ms. Hassan was no longer competent to proceed, defense counsel requested a contested hearing. The matter was set for a hearing on June 8th. However, this hearing was delayed due to the Pandemic, as Forensic Mental Health was unable to allow transport of Ms. Hassan to the Hennepin County Government Center for a hearing. Ms. Hassan was subsequently released to the community and a hearing was held on August 6, 2020.

During the hearing defense counsel, Lisa Skrzeczkoski, testified that since her release from Forensic Mental Health Ms. Hassan has been unable to remember conversations with her from the day before and overall has been unable to have rational discussion about her case. Ms. Skrzeczkoski testified that on the day of the hearing, in discussions with defense counsel, Ms. Hassan did not understand what

Url 1: link.storjshare.io/raw/jvwpwdo7nxwupkutlepkk5krhosa/file/EXHIBIT NEH-2_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/0fe3dfce-e431-4876-acc9-5abfab26e993.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/b548f4c4-c3a8-46ee-85d0-d07298c82fea.pdf
Url 4: drive.proton.me/urls/VD247540SW#e0znfU2EAIdk

3

EXHIBIT NEH-2 | p. 3

Case No. 27-CR-18-19274  
State of MN vs IFRAH ABDULL HASSAN  
Filing Type: ·Findings of Fact, Conclusions of Law and Order·  
Filing Date: 2020-09-04  
27-CR-18-19274_Findings of Fact, Conclusions of Law and Order_2020-09-04.pdf  
File Hash: ea340ebecd5dd54c6b108584ff9670614d29fd17e6f5e1956b7dda5536796f6d  
Page: 4 of 5    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

Case No. 27-CR-20-423  
State of MN vs Ifrah Abdullahi Hassan  
Filing Type: ·Findings of Fact, Conclusions of Law and Order·  
Filing Date: 2020-09-04  
27-CR-20-423_Findings of Fact, Conclusions of Law and Order_2020-09-04.pdf  
File Hash: b2a0eb0952cb3cce483043d5a145b527314e1c51e13bc23db90abc5a000a9a53  
Page: 4 of 5    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

27-CR-18-19274

Filed in District Court
State of Minnesota
9/4/2020 1:28 PM

a witness was nor was she able to communicate what counsel had explained to her just minutes earlier. She testified the only thing Ms. Hassan can say when discussing her case is that her charge is "Aggravated Robbery with a maximum of 15 years and a $30,000 fine."

### LEGAL CONCLUSIONS

Rule 20.01 of the Minnesota Rules of Criminal Procedure requires the court to find that the defendant is not competent unless the greater weight of the evidence shows that the defendant is competent. Minn.R.Crim.P. Rule 20.01, subd. 5 (c). A defendant is not competent if, due to mental illness or cognitive impairment he is unable to "(a) rationally consult with counsel or (b) understand the proceedings or participate in the defense." *Id.*, subd. 2. The determination of whether a defendant is able to rationally consult with the defense attorney or understand and participate in the proceedings turns on the facts of each particular case.

The court concurs with Dr. Lewis that at the time his report was filed in April of 2020 Ms. Hassan likely was competent to proceed. However, since that time Ms. Hassan's mental health has significantly decompensated such that she is presently not competent to proceed. Ms. Hassan was found incompetent by the courts over ten times between the years 2009 and 2016. Additionally since 2018 at least 4 competency evaluations have opined incompetent. She has been civilly committed multiple times, but historically has only been stabilized over short periods of time and rapidly decompensates once discharged into the community. Once in the community she is not compliant with her medication and resumes chemical use. Competency is fluid. It appears that since the filing of Dr. Lewis's opinion in April of 2020 Ms. Hassan has not been compliant with psychotropic medication and has been re-hospitalized on multiple occasions. Additionally, the court finds defense counsel's testimony persuasive that her client currently lacks the ability to rationally consult with her attorney and understand the legal proceedings.

Based on the totality of the above noted facts, the court finds that the State has not proven by the greater weight of the evidence that Ms. Hassan is competent. Rather, the court finds the greater weight of

27-CR-20-423

Filed in District Court
State of Minnesota
9/4/2020 1:30 PM

a witness was nor was she able to communicate what counsel had explained to her just minutes earlier. She testified the only thing Ms. Hassan can say when discussing her case is that her charge is "Aggravated Robbery with a maximum of 15 years and a $30,000 fine."

### LEGAL CONCLUSIONS

Rule 20.01 of the Minnesota Rules of Criminal Procedure requires the court to find that the defendant is not competent unless the greater weight of the evidence shows that the defendant is competent. Minn.R.Crim.P. Rule 20.01, subd. 5 (c). A defendant is not competent if, due to mental illness or cognitive impairment he is unable to "(a) rationally consult with counsel or (b) understand the proceedings or participate in the defense." *Id.*, subd. 2. The determination of whether a defendant is able to rationally consult with the defense attorney or understand and participate in the proceedings turns on the facts of each particular case.

The court concurs with Dr. Lewis that at the time his report was filed in April of 2020 Ms. Hassan likely was competent to proceed. However, since that time Ms. Hassan's mental health has significantly decompensated such that she is presently not competent to proceed. Ms. Hassan was found incompetent by the courts over ten times between the years 2009 and 2016. Additionally since 2018 at least 4 competency evaluations have opined incompetent. She has been civilly committed multiple times, but historically has only been stabilized over short periods of time and rapidly decompensates once discharged into the community. Once in the community she is not compliant with her medication and resumes chemical use. Competency is fluid. It appears that since the filing of Dr. Lewis's opinion in April of 2020 Ms. Hassan has not been compliant with psychotropic medication and has been re-hospitalized on multiple occasions. Additionally, the court finds defense counsel's testimony persuasive that her client currently lacks the ability to rationally consult with her attorney and understand the legal proceedings.

Based on the totality of the above noted facts, the court finds that the State has not proven by the greater weight of the evidence that Ms. Hassan is competent. Rather, the court finds the greater weight of

Url 1: link.storjshare.io/raw/jvwpwdo7nxwupkutlepkk5krhosa/file/EXHIBIT NEH-2_files.pdf  
Url 2: MnCourtFraud.Substack.com/api/v1/file/0fe3dfce-e431-4876-acc9-5abfab26e993.pdf  
Url 3: Matt1Up.Substack.com/api/v1/file/b548f4c4-c3a8-46ee-85d0-d07298c82fea.pdf  
Url 4: drive.proton.me/urls/VD247540SW#e0znfU2EAIdk

4

EXHIBIT NEH-2 | p. 4

**Case No. 27-CR-18-19274**
State of MN vs IFRAH ABDULL HASSAN
Filing Type: ·Findings of Fact, Conclusions of Law and Order·
Filing Date: **2020-09-04**
27-CR-18-19274_Findings of Fact, Conclusions of Law and Order_2020-09-04.pdf
File Hash: ea340ebecd5dd54c6b108584ff9670614d29fd17e6f5e1956b7dda5536796f6d
Page: 5 of 5    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

27-CR-18-19274
Filed in District Court
State of Minnesota
9/4/2020 1:28 PM

the evidence demonstrates Ms. Hassan is not able to rationally consult with counsel or participate in her defense. Therefore the court finds that the defendant, Ms. Hassan, is **NOT COMPETENT**.

By the Court,

Dated: 9/4/2020      _____
                                        Lisa K. Janzen
                                        Judge of District Court

---

**Case No. 27-CR-20-423**
State of MN vs Ifrah Abdullahi Hassan
Filing Type: ·Findings of Fact, Conclusions of Law and Order·
Filing Date: **2020-09-04**
27-CR-20-423_Findings of Fact, Conclusions of Law and Order_2020-09-04.pdf
File Hash: b2a0eb0952cb3cce483043d5a145b527314e1c51e13bc23db90abc5a000a9a53
Page: 5 of 5    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

27-CR-20-423
Filed in District Court
State of Minnesota
9/4/2020 1:30 PM

the evidence demonstrates Ms. Hassan is not able to rationally consult with counsel or participate in her defense. Therefore the court finds that the defendant, Ms. Hassan, is **NOT COMPETENT**.

By the Court,

Dated: 9/4/2020      _____
                                        Lisa K. Janzen
                                        Judge of District Court

Url 1: link.storjshare.io/raw/jvwpwdo7nxwupkutlepkk5krhosa/file/EXHIBIT NEH-2_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/0fe3dfce-e431-4876-acc9-5abfab26e993.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/b548f4c4-c3a8-46ee-85d0-d07298c82fea.pdf
Url 4: drive.proton.me/urls/VD247540SW#e0znfU2EAIdk

5

**EXHIBIT NEH-2 | p. 5**

| | |
|---|---|
| **Case No. 27-CR-18-19274**<br>State of MN vs IFRAH ABDULL HASSAN<br>Filing Type: ·Findings of Fact, Conclusions of Law and Order·<br>Filing Date: **2022-02-25**<br>27-CR-18-19274_Findings of Fact, Conclusions of Law and Order_2022-02-25.pdf<br>File Hash: cc8588ab60d798420df614751565dc8ff95b551ec583c68f00b5bdb48db6d50b<br>Page: 1 of 8    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ] | **Case No. 27-CR-20-423**<br>State of MN vs Ifrah Abdullahi Hassan<br>Filing Type: ·Findings of Fact, Conclusions of Law and Order·<br>Filing Date: **2022-02-25**<br>27-CR-20-423_Findings of Fact, Conclusions of Law and Order_2022-02-25.pdf<br>File Hash: 6cc0348dfd8fd56bd7256697241675729ef5a88f5b7bd17fd2a912f62ec40fdd<br>Page: 1 of 8    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ] |

---

**Left document (27-CR-18-19274):**

27-CR-18-19274

Filed in District Court
State of Minnesota
2/25/2022 1:13 PM

State of Minnesota      District Court
County of Hennepin      Fourth Judicial District

Judge Lisa K. Janzen
State of Minnesota,      Case Type: Criminal
     Plaintiff,

**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING DEFENDANT'S COMPETENCY TO PROCEED**

v.

Ifrah Abdull Hassan,
     Defendant.      Case Numbers: 27-CR-18-19274
     27CR-20-423; 27-CR-21-5661

The above-entitled matter came before Lisa K. Janzen, Judge of District Court, on December 16, 2021, and January 28, 2022, for a competency hearing. Andrew Johnson, Assistant Hennepin County Attorney, appeared for the State. Lisa Skrzeczkoski appeared on behalf of the Defendant, Ifrah Hassan, who was personally present. Stephanie Bruss, Psy.D., LP, testified and the court received her report dated August 30, 2021 (Ex. 2) and her Curriculum Vitae (Ex. 1). The Defendant also provided the testimony of Dotti Lynch, Ms. Hassan's Behavioral Health Case Manager and the testimony Lisa Skrzeczkoski, defense counsel. The Court took the matter under advisement. Based upon the arguments presented and all the files and records herein, the Court orders as follows:

1. Defendant is **COMPETENT** to proceed.

**PROCEDURAL HISTORY AND FINDINGS OF FACT**

In file number 27-CR-18-19274 Ms. Hassan is charged with one count of Threats of Violence arising from an incident alleged to have occurred on June 27, 2018. On August 28, 2018, the Court found Ms. Hassan incompetent to stand trial. Ms. Hassan was subsequently committed as Mentally Ill and Chemically Dependent. Findings of incompetency based on subsequent evaluations were also entered on this file in February 2019 and October of 2019.

---

**Right document (27-CR-20-423):**

27-CR-20-423

Filed in District Court
State of Minnesota
2/25/2022 1:15 PM

State of Minnesota      District Court
County of Hennepin      Fourth Judicial District

Judge Lisa K. Janzen
State of Minnesota,      Case Type: Criminal
     Plaintiff,

**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING DEFENDANT'S COMPETENCY TO PROCEED**

v.

Ifrah Abdull Hassan,
     Defendant.      Case Numbers: 27-CR-18-19274
     27CR-20-423; 27-CR-21-5661

The above-entitled matter came before Lisa K. Janzen, Judge of District Court, on December 16, 2021, and January 28, 2022, for a competency hearing. Andrew Johnson, Assistant Hennepin County Attorney, appeared for the State. Lisa Skrzeczkoski appeared on behalf of the Defendant, Ifrah Hassan, who was personally present. Stephanie Bruss, Psy.D., LP, testified and the court received her report dated August 30, 2021 (Ex. 2) and her Curriculum Vitae (Ex. 1). The Defendant also provided the testimony of Dotti Lynch, Ms. Hassan's Behavioral Health Case Manager and the testimony Lisa Skrzeczkoski, defense counsel. The Court took the matter under advisement. Based upon the arguments presented and all the files and records herein, the Court orders as follows:

1. Defendant is **COMPETENT** to proceed.

**PROCEDURAL HISTORY AND FINDINGS OF FACT**

In file number 27-CR-18-19274 Ms. Hassan is charged with one count of Threats of Violence arising from an incident alleged to have occurred on June 27, 2018. On August 28, 2018, the Court found Ms. Hassan incompetent to stand trial. Ms. Hassan was subsequently committed as Mentally Ill and Chemically Dependent. Findings of incompetency based on subsequent evaluations were also entered on this file in February 2019 and October of 2019.

Url 1: link.storjshare.io/raw/jvwpwdo7nxwupkutlepkk5krhosa/file/EXHIBIT NEH-2_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/0fe3dfce-e431-4876-acc9-5abfab26e993.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/b548f4c4-c3a8-46ee-85d0-d07298c82fea.pdf
Url 4: drive.proton.me/urls/VD247540SW#e0znfU2EAIdk

6

**EXHIBIT NEH-2 | p. 6**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

Case No. 27-CR-18-19274  
State of MN vs IFRAH ABDULL HASSAN  
Filing Type: ·Findings of Fact, Conclusions of Law and Order·  
Filing Date: **2022-02-25**  
27-CR-18-19274_Findings of Fact, Conclusions of Law and Order_2022-02-25.pdf  
File Hash: cc8588ab60d798420df614751565dc8ff95b551ec583c68f00b5bdb48db6d50b  
Page: 2 of 8    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

Case No. 27-CR-20-423  
State of MN vs Ifrah Abdullahi Hassan  
Filing Type: ·Findings of Fact, Conclusions of Law and Order·  
Filing Date: **2022-02-25**  
27-CR-20-423_Findings of Fact, Conclusions of Law and Order_2022-02-25.pdf  
File Hash: 6cc0348dfd8fd56bd7256697241675729ef5a88f5b7bd17fd2a912f62ec40fdd  
Page: 2 of 8    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

27-CR-18-19274

Filed in District Court  
State of Minnesota  
2/25/2022 1:13 PM

Subsequently, Ms. Hassan was charged in file 27-CR-20-423 with 2nd Degree Aggravated Robbery from an incident alleged to have occurred on January 3, 2020. On January 7, 2020, probable cause was found and a Rule 20.01 evaluation was ordered. Dr. Shannon Garrity completed a 20.01 evaluation of the defendant which was filed February 12, 2020, opining that Ms. Hassan was not competent. Dr. Garrity noted previous diagnoses of Schizophrenia and Schizoaffective Disorder, as well as prior civil commitments, numerous hospitalizations, and facility placements. Dr. Garrity noted that during the interview Ms. Hassan demonstrated unusual behaviors. While she appeared to understand basic aspects of her charges and courtroom proceedings, her disorganization of thought and difficulty tracking the content of the interview were of sufficient severity to render her incompetent to proceed. This finding was entered on February 18, 2020.

Ms. Hassan was again civilly committed and admitted to the State Forensic Mental Health Program (formerly Competency Restoration) on February 26, 2020. Ms. Hassan responded favorably to psychotropic medication and participation in treatment groups during her hospitalization. Her psychiatric provider noted in late March that Ms. Hassan was psychiatrically stable and did not appear to be experiencing symptoms of psychosis or delusional ideation.

Dr. Lewis met with Ms. Hassan on April 7, 2020, at the Forensic Mental Health Program. Due to the Pandemic, interpreter services were only available via a telephonic service. Over a two day period Dr. Lewis was unable to connect with this service. Ms. Hassan requested that the interview proceed without the services of an interpreter. During the interview Ms. Hassan's memory functioning appeared grossly intact and she did not present with impairment of attention or concentration. She did not demonstrate difficulty tracking the discussion. Ms. Hassan acknowledged a history of auditory and visual hallucination and paranoid ideation but acknowledged that her symptoms of psychosis stopped when she began taking her medication. Dr. Lewis noted that she did not present with symptoms of psychosis, disorganized thought or delusional ideation. Dr. Lewis provided diagnoses of Schizoaffective Disorder and Substance Use Disorders. Dr. Lewis indicated Ms. Hassan demonstrated adequate factual understanding of the legal system and the charge against her. She also demonstrated an ability to

27-CR-20-423

Filed in District Court  
State of Minnesota  
2/25/2022 1:15 PM

Subsequently, Ms. Hassan was charged in file 27-CR-20-423 with 2nd Degree Aggravated Robbery from an incident alleged to have occurred on January 3, 2020. On January 7, 2020, probable cause was found and a Rule 20.01 evaluation was ordered. Dr. Shannon Garrity completed a 20.01 evaluation of the defendant which was filed February 12, 2020, opining that Ms. Hassan was not competent. Dr. Garrity noted previous diagnoses of Schizophrenia and Schizoaffective Disorder, as well as prior civil commitments, numerous hospitalizations, and facility placements. Dr. Garrity noted that during the interview Ms. Hassan demonstrated unusual behaviors. While she appeared to understand basic aspects of her charges and courtroom proceedings, her disorganization of thought and difficulty tracking the content of the interview were of sufficient severity to render her incompetent to proceed. This finding was entered on February 18, 2020.

Ms. Hassan was again civilly committed and admitted to the State Forensic Mental Health Program (formerly Competency Restoration) on February 26, 2020. Ms. Hassan responded favorably to psychotropic medication and participation in treatment groups during her hospitalization. Her psychiatric provider noted in late March that Ms. Hassan was psychiatrically stable and did not appear to be experiencing symptoms of psychosis or delusional ideation.

Dr. Lewis met with Ms. Hassan on April 7, 2020, at the Forensic Mental Health Program. Due to the Pandemic, interpreter services were only available via a telephonic service. Over a two day period Dr. Lewis was unable to connect with this service. Ms. Hassan requested that the interview proceed without the services of an interpreter. During the interview Ms. Hassan's memory functioning appeared grossly intact and she did not present with impairment of attention or concentration. She did not demonstrate difficulty tracking the discussion. Ms. Hassan acknowledged a history of auditory and visual hallucination and paranoid ideation but acknowledged that her symptoms of psychosis stopped when she began taking her medication. Dr. Lewis noted that she did not present with symptoms of psychosis, disorganized thought or delusional ideation. Dr. Lewis provided diagnoses of Schizoaffective Disorder and Substance Use Disorders. Dr. Lewis indicated Ms. Hassan demonstrated adequate factual understanding of the legal system and the charge against her. She also demonstrated an ability to

Url 1: link.storjshare.io/raw/jvwpwdo7nxwupkutlepkk5krhosa/file/EXHIBIT NEH-2_files.pdf  
Url 2: MnCourtFraud.Substack.com/api/v1/file/0fe3dfce-e431-4876-acc9-5abfab26e993.pdf  
Url 3: Matt1Up.Substack.com/api/v1/file/b548f4c4-c3a8-46ee-85d0-d07298c82fea.pdf  
Url 4: drive.proton.me/urls/VD247540SW#e0znfU2EAIdk

**EXHIBIT NEH-2 | p. 7**

**Case No. 27-CR-18-19274**
State of MN vs IFRAH ABDULL HASSAN
Filing Type: ·Findings of Fact, Conclusions of Law and Order·
Filing Date: **2022-02-25**
27-CR-18-19274_Findings of Fact, Conclusions of Law and Order_2022-02-25.pdf
File Hash: cc8588ab60d798420df614751565dc8ff95b551ec583c68f00b5bdb48db6d50b
Page: 3 of 8   [ source file ]   [ .ots timestamp of source file ]   [ pdf signatures ]   [ metadata ]

**Case No. 27-CR-20-423**
State of MN vs Ifrah Abdullahi Hassan
Filing Type: ·Findings of Fact, Conclusions of Law and Order·
Filing Date: **2022-02-25**
27-CR-20-423_Findings of Fact, Conclusions of Law and Order_2022-02-25.pdf
File Hash: 6cc0348dfd8fd56bd7256697241675729ef5a88f5b7bd17fd2a912f62ec40fdd
Page: 3 of 8   [ source file ]   [ .ots timestamp of source file ]   [ pdf signatures ]   [ metadata ]

---

27-CR-18-19274 | Filed in District Court State of Minnesota 2/25/2022 1:13 PM

rationally consult with her attorney. She was aware of the roles of courtroom personnel, trial procedures and her rights in the criminal justice system. She was unable to adequately define a plea bargain. She expressed a willingness to work with defense counsel. Dr. Lewis noted that her presentation during the April 2020 interview and his interview with her in September of 2019 was night and day. He noted he previously opined her incompetent in September of 2019. On April 13, 2020, Dr. Lewis filed a report with the court opining that Ms. Hassan had regained the capacity to proceed. He noted her competency is contingent upon continued compliance with psychotropic medication and abstinence from alcohol and drugs. He noted her history of absconding after being discharged into the community.

Subsequently DHS provisionally discharged Ms. Hassan to the community. Ms. Hassan's mental health decompensated rapidly after her release and she was re-hospitalized at Forensic Mental Health. After achieving psychiatric stability she was again discharged to the community and subsequently re-hospitalized. Believing that Ms. Hassan was no longer competent to proceed, defense counsel requested a contested hearing. The matter was set for a hearing on June 8th. However, this hearing was delayed due to the Pandemic, as Forensic Mental Health was unable to allow transport of Ms. Hassan to the Hennepin County Government Center for a hearing. Ms. Hassan was subsequently released to the community and a hearing was held on August 6, 2020.

During the hearing defense counsel, Lisa Skrzeczkoski, testified that since her release from Forensic Mental Health Ms. Hassan has been unable to remember conversations with her from the day before and overall has been unable to have rational discussions about her case. Ms. Skrzeczkoski testified that on the day of the hearing, in discussions with defense counsel, Ms. Hassan did not understand what a witness was nor was she able to communicate what counsel had explained to her just minutes earlier. After hearing testimony, the Court took the matter under advisement and entered an order on September 4, 2020, finding Ms. Hassan incompetent to proceed.

Subsequently a competency evaluation, dated March 1, 2021, was filed by Stephanie Bruss, Psy.D., LP, on behalf of Hennepin Psychological Services. The evaluation offered an opinion of incompetent to proceed. The parties did not contest this opinion and a finding of incompetency was

---

27-CR-20-423 | Filed in District Court State of Minnesota 2/25/2022 1:15 PM

rationally consult with her attorney. She was aware of the roles of courtroom personnel, trial procedures and her rights in the criminal justice system. She was unable to adequately define a plea bargain. She expressed a willingness to work with defense counsel. Dr. Lewis noted that her presentation during the April 2020 interview and his interview with her in September of 2019 was night and day. He noted he previously opined her incompetent in September of 2019. On April 13, 2020, Dr. Lewis filed a report with the court opining that Ms. Hassan had regained the capacity to proceed. He noted her competency is contingent upon continued compliance with psychotropic medication and abstinence from alcohol and drugs. He noted her history of absconding after being discharged into the community.

Subsequently DHS provisionally discharged Ms. Hassan to the community. Ms. Hassan's mental health decompensated rapidly after her release and she was re-hospitalized at Forensic Mental Health. After achieving psychiatric stability she was again discharged to the community and subsequently re-hospitalized. Believing that Ms. Hassan was no longer competent to proceed, defense counsel requested a contested hearing. The matter was set for a hearing on June 8th. However, this hearing was delayed due to the Pandemic, as Forensic Mental Health was unable to allow transport of Ms. Hassan to the Hennepin County Government Center for a hearing. Ms. Hassan was subsequently released to the community and a hearing was held on August 6, 2020.

During the hearing defense counsel, Lisa Skrzeczkoski, testified that since her release from Forensic Mental Health Ms. Hassan has been unable to remember conversations with her from the day before and overall has been unable to have rational discussions about her case. Ms. Skrzeczkoski testified that on the day of the hearing, in discussions with defense counsel, Ms. Hassan did not understand what a witness was nor was she able to communicate what counsel had explained to her just minutes earlier. After hearing testimony, the Court took the matter under advisement and entered an order on September 4, 2020, finding Ms. Hassan incompetent to proceed.

Subsequently a competency evaluation, dated March 1, 2021, was filed by Stephanie Bruss, Psy.D., LP, on behalf of Hennepin Psychological Services. The evaluation offered an opinion of incompetent to proceed. The parties did not contest this opinion and a finding of incompetency was

8

Url 1: link.storjshare.io/raw/jvwpwdo7nxwupkutlepkk5krhosa/file/EXHIBIT NEH-2_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/0fe3dfce-e431-4876-acc9-5abfab26e993.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/b548f4c4-c3a8-46ee-85d0-d07298c82fea.pdf
Url 4: drive.proton.me/urls/VD247540SW#e0znfU2EAIdk

**EXHIBIT NEH-2 | p. 8**

Case No. 27-CR-18-19274
State of MN vs IFRAH ABDULL HASSAN
Filing Type: ·Findings of Fact, Conclusions of Law and Order·
Filing Date: 2022-02-25
27-CR-18-19274_Findings of Fact, Conclusions of Law and Order_2022-02-25.pdf
File Hash: cc8588ab60d798420df614751565dc8ff95b551ec583c68f00b5bdb48db6d50b
Page: 4 of 8   [ source file ]   [ .ots timestamp of source file ]   [ pdf signatures ]   [ metadata ]

Case No. 27-CR-20-423
State of MN vs Ifrah Abdullahi Hassan
Filing Type: ·Findings of Fact, Conclusions of Law and Order·
Filing Date: 2022-02-25
27-CR-20-423_Findings of Fact, Conclusions of Law and Order_2022-02-25.pdf
File Hash: 6cc0348dfd8fd56bd7256697241675729ef5a88f5b7bd17fd2a912f62ec40fdd
Page: 4 of 8   [ source file ]   [ .ots timestamp of source file ]   [ pdf signatures ]   [ metadata ]

27-CR-18-19274

Filed in District Court
State of Minnesota
2/25/2022 1:13 PM

entered by the court on March 9, 2021. Dr. Bruss completed a six-month competency review evaluation filed with the court on August 30, 2021, offering an opinion of competent. The Defendant contests this opinion and argues that the Defendant remains incompetent to proceed.

In preparing her most recent evaluation, Dr. Bruss interviewed Ms. Hassan on August 19, 2021, via video. During the forty-five-minute interview, Ms. Hassan was located at her group home residence in Mankato. Dr. Bruss noted Ms. Hassan was calm, pleasant, oriented, and no major symptoms of mental illness were observed. Dr. Bruss testified that Ms. Hassan appeared psychiatrically stable. Dr. Bruss reviewed updated records from AMRTC and Ms. Hassan's current community psychiatric providers at Blue Earth Mental Health. Records from May of 2021 to August of 2021 indicated that since Ms. Hassan's provisional discharge from AMRTC to the group home she has been devoid of psychiatric symptoms, has been compliant with medications and has abstained from substance use, except for one incident in July of 2021. Records show medication compliance since July 13, 2021. Dr. Bruss noted that in previous competency evaluations Ms. Hassan had not been medication compliant. Dr. Bruss provided the same diagnoses as in her past evaluations: Schizoaffective Disorder vs. Bipolar 1 Disorder with Psychotic Features and multiple substance abuse disorders.

Regarding competency, Dr. Bruss opined that Ms. Hassan appeared to understand the nature of her charges and that she had a basic understanding of the roles of court personnel. Ms. Hassan expressed that she trusts her attorney. She stated she understood that the judge is "the boss" and will listen to both sides before making decisions. When discussing potential penalties, like probation, she correctly described probation (e.g., "have to check on you every month, check on your place, show up every month, give your number, address, have an officer check on you.") She also said someone can be "arrested" if they violate probation. Additionally, she appeared to understand the serious nature of the charges and expressed fear of the consequences she would face if convicted. She was able to state that a guilty plea means, "that you did the crime" and a plea of not guilty means "I didn't do the crime." When asked how she might want to proceed with her case, Ms. Hassan was able to offer various ideas, which were logical, self-serving, and well-reasoned. For example, when asked about a hypothetical plea bargain that involved

27-CR-20-423

Filed in District Court
State of Minnesota
2/25/2022 1:15 PM

entered by the court on March 9, 2021. Dr. Bruss completed a six-month competency review evaluation filed with the court on August 30, 2021, offering an opinion of competent. The Defendant contests this opinion and argues that the Defendant remains incompetent to proceed.

In preparing her most recent evaluation, Dr. Bruss interviewed Ms. Hassan on August 19, 2021, via video. During the forty-five-minute interview, Ms. Hassan was located at her group home residence in Mankato. Dr. Bruss noted Ms. Hassan was calm, pleasant, oriented, and no major symptoms of mental illness were observed. Dr. Bruss testified that Ms. Hassan appeared psychiatrically stable. Dr. Bruss reviewed updated records from AMRTC and Ms. Hassan's current community psychiatric providers at Blue Earth Mental Health. Records from May of 2021 to August of 2021 indicated that since Ms. Hassan's provisional discharge from AMRTC to the group home she has been devoid of psychiatric symptoms, has been compliant with medications and has abstained from substance use, except for one incident in July of 2021. Records show medication compliance since July 13, 2021. Dr. Bruss noted that in previous competency evaluations Ms. Hassan had not been medication compliant. Dr. Bruss provided the same diagnoses as in her past evaluations: Schizoaffective Disorder vs. Bipolar 1 Disorder with Psychotic Features and multiple substance abuse disorders.

Regarding competency, Dr. Bruss opined that Ms. Hassan appeared to understand the nature of her charges and that she had a basic understanding of the roles of court personnel. Ms. Hassan expressed that she trusts her attorney. She stated she understood that the judge is "the boss" and will listen to both sides before making decisions. When discussing potential penalties, like probation, she correctly described probation (e.g., "have to check on you every month, check on your place, show up every month, give your number, address, have an officer check on you.") She also said someone can be "arrested" if they violate probation. Additionally, she appeared to understand the serious nature of the charges and expressed fear of the consequences she would face if convicted. She was able to state that a guilty plea means, "that you did the crime" and a plea of not guilty means "I didn't do the crime." When asked how she might want to proceed with her case, Ms. Hassan was able to offer various ideas, which were logical, self-serving, and well-reasoned. For example, when asked about a hypothetical plea bargain that involved

9

Url 1: link.storjshare.io/raw/jvwpwdo7nxwupkutlepkk5krhosa/file/EXHIBIT NEH-2_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/0fe3dfce-e431-4876-acc9-5abfab26e993.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/b548f4c4-c3a8-46ee-85d0-d07298c82fea.pdf
Url 4: drive.proton.me/urls/VD247540SW#e0znfU2EAIdk

EXHIBIT NEH-2 | p. 9

**Case No. 27-CR-18-19274**
State of MN vs IFRAH ABDULL HASSAN
Filing Type: ·Findings of Fact, Conclusions of Law and Order·
Filing Date: **2022-02-25**
27-CR-18-19274_Findings of Fact, Conclusions of Law and Order_2022-02-25.pdf
File Hash: cc8588ab60d798420df614751565dc8ff95b551ec583c68f00b5bdb48db6d50b
Page: 5 of 8      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

**Case No. 27-CR-20-423**
State of MN vs Ifrah Abdullahi Hassan
Filing Type: ·Findings of Fact, Conclusions of Law and Order·
Filing Date: **2022-02-25**
27-CR-20-423_Findings of Fact, Conclusions of Law and Order_2022-02-25.pdf
File Hash: 6cc0348dfd8fd56bd7256697241675729ef5a88f5b7bd17fd2a912f62ec40fdd
Page: 5 of 8      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

27-CR-18-19274 — Filed in District Court, State of Minnesota, 2/25/2022 1:13 PM

probation, she stated she does not want to be on probation because "I want to bring my husband and my mom here, I don't want probation, if I do probation I cannot go out of the country." Ms. Hassan was at times preoccupied with not wanting any punishment at all, yet she was able to acknowledge the possibility of having a punishment and incarceration. However, Dr. Bruss agreed that Ms. Hassan was not able to express a more in depth understanding of the pros and cons of going to trial versus accepting a plea bargain.

Dr. Bruss noted that Ms. Hassan does have some limitations in understanding and that redirection and rephrasing was necessary during her interview, noting there were occasions when she had to repeat or re-word questions as Ms. Hassan did not seem to understand what she was asking. This was most notable when she would respond in English before the interpreter had a chance to assist. With the questions re-worded, and with the assistance of the interpreter, Ms. Hassan was generally able to answer questions relevantly. Dr. Bruss noted, that in contrast to prior evaluations, Ms. Hassan was able to engage in productive discussions. Dr. Bruss testified that her previous concerns regarding possible cognitive impairment were likely due to substance use and that historically there are not diagnoses of cognitive impairment nor did she have these concerns during the latest interviews.

In reaching this opinion, however, Dr. Bruss did not discuss competency concerns with defense counsel. Nor did she speak with the staff at Ms. Hassan's group home or with her case manager concerning her current functioning or the daily supports that she requires. At the request of defense counsel, Dr. Bruss re-interviewed Ms. Hassan a few days prior to the contested hearing. Dr. Bruss testified this conversation did not alter her opinion of competency, stating she believes Ms. Hassan continues to demonstrate psychiatric stability and an understanding of the legal proceedings. Dr. Bruss explained the difference in Ms. Hassan's presentation and understanding from the prior evaluation. She testified that during the August 2021 interview and on the day of the competency hearing, Ms. Hassan was the most stable she has ever seen her. She attributes the restoration to competency to medication compliance and abstaining from substance use. Dr. Bruss's competency opinion offered to the court is that Ms. Hassan has a simplistic but rational understanding of the court process and that her reasoning does not appear to

27-CR-20-423 — Filed in District Court, State of Minnesota, 2/25/2022 1:15 PM

probation, she stated she does not want to be on probation because "I want to bring my husband and my mom here, I don't want probation, if I do probation I cannot go out of the country." Ms. Hassan was at times preoccupied with not wanting any punishment at all, yet she was able to acknowledge the possibility of having a punishment and incarceration. However, Dr. Bruss agreed that Ms. Hassan was not able to express a more in depth understanding of the pros and cons of going to trial versus accepting a plea bargain.

Dr. Bruss noted that Ms. Hassan does have some limitations in understanding and that redirection and rephrasing was necessary during her interview, noting there were occasions when she had to repeat or re-word questions as Ms. Hassan did not seem to understand what she was asking. This was most notable when she would respond in English before the interpreter had a chance to assist. With the questions re-worded, and with the assistance of the interpreter, Ms. Hassan was generally able to answer questions relevantly. Dr. Bruss noted, that in contrast to prior evaluations, Ms. Hassan was able to engage in productive discussions. Dr. Bruss testified that her previous concerns regarding possible cognitive impairment were likely due to substance use and that historically there are not diagnoses of cognitive impairment nor did she have these concerns during the latest interviews.

In reaching this opinion, however, Dr. Bruss did not discuss competency concerns with defense counsel. Nor did she speak with the staff at Ms. Hassan's group home or with her case manager concerning her current functioning or the daily supports that she requires. At the request of defense counsel, Dr. Bruss re-interviewed Ms. Hassan a few days prior to the contested hearing. Dr. Bruss testified this conversation did not alter her opinion of competency, stating she believes Ms. Hassan continues to demonstrate psychiatric stability and an understanding of the legal proceedings. Dr. Bruss explained the difference in Ms. Hassan's presentation and understanding from the prior evaluation. She testified that during the August 2021 interview and on the day of the competency hearing, Ms. Hassan was the most stable she has ever seen her. She attributes the restoration to competency to medication compliance and abstaining from substance use. Dr. Bruss's competency opinion offered to the court is that Ms. Hassan has a simplistic but rational understanding of the court process and that her reasoning does not appear to

10

Url 1: link.storjshare.io/raw/jvwpwdo7nxwupkutlepkk5krhosa/file/EXHIBIT NEH-2_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/0fe3dfce-e431-4876-acc9-5abfab26e993.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/b548f4c4-c3a8-46ee-85d0-d07298c82fea.pdf
Url 4: drive.proton.me/urls/VD247540SW#e0znfU2EAIdk

**EXHIBIT NEH-2 | p. 10**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

Case No. 27-CR-18-19274
State of MN vs IFRAH ABDULL HASSAN
Filing Type:   ·Findings of Fact, Conclusions of Law and Order·
Filing Date:   2022-02-25
27-CR-18-19274_Findings of Fact, Conclusions of Law and Order_2022-02-25.pdf
File Hash:     cc8588ab60d798420df614751565dc8ff95b551ec583c68f00b5bdb48db6d50b
Page: 6 of 8     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

Case No. 27-CR-20-423
State of MN vs Ifrah Abdullahi Hassan
Filing Type:   ·Findings of Fact, Conclusions of Law and Order·
Filing Date:   2022-02-25
27-CR-20-423_Findings of Fact, Conclusions of Law and Order_2022-02-25.pdf
File Hash:     6cc0348dfd8fd56bd7256697241675729ef5a88f5b7bd17fd2a912f62ec40fdd
Page: 6 of 8     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

27-CR-18-19274 — Filed in District Court, State of Minnesota, 2/25/2022 1:13 PM

be influenced by psychiatric symptoms. Dr. Bruss opined that with redirection and rephrasing information in simple terms Ms. Hassan should have the ability to rationally consult with counsel and participate in her defense.

    Dotti Lynch, Ms. Hassan's Hennepin County Behavioral Health Case manager testified on behalf of Ms. Hassan. Ms. Lynch explained that Ms. Hassan requires placement in an Adult Foster Care facility where she has 24/7 supervision. She requires assistance with medication and money management, hygiene, assistance with opening mail and completing paperwork, and other basic life and problem-solving skills. Ms. Lynch explained that Ms. Hassan has difficulty retaining information between conversations. She also must use simplistic terms and re-explain many things multiple times. Ms. Lynch believes that Ms. Hassan does have the ability to make some very simple decisions on her own, such as what to eat, but she does not have the ability to follow rules, maintain a schedule, nor does she possess rational decision-making abilities.

    Defense counsel, Lisa Skrzeczkoski testified regarding the difficulties she has communicating with her client. Ms. Skrzeczkoski has been a public defender for sixteen years and has a master's degree in social work. She has represented Ms. Hassan since 2018 and typically speaks to her at least once per week. In her experience, Ms. Hassan has been unable to retain the information she explains to her from one conversation to another. Ms. Hassan ruminates and focuses on her housing situation and counsel must repeat the same conversation over and over. Ms. Skrzeczkoski explained, in the 3 years of representing Ms. Hassan, she has never been able to get past the basics of explaining the charges and move onto other issues in the case. Ms. Skrzeczkoski explained that the skills she frequently uses with other clients, simplifying legal terms and rephrasing, have not worked in her consultation with Ms. Hassan. Her answers are always non-responsive and tangential. They have never been able to discuss possible defenses or witnesses. She does not believe Ms. Hassan would have the ability to testify on her own behalf. While defense counsel agrees that presently Ms. Hassan is psychiatrically stable, she does not believe she has the ability to consult with counsel or participate in her defense.

27-CR-20-423 — Filed in District Court, State of Minnesota, 2/25/2022 1:15 PM

be influenced by psychiatric symptoms. Dr. Bruss opined that with redirection and rephrasing information in simple terms Ms. Hassan should have the ability to rationally consult with counsel and participate in her defense.

    Dotti Lynch, Ms. Hassan's Hennepin County Behavioral Health Case manager testified on behalf of Ms. Hassan. Ms. Lynch explained that Ms. Hassan requires placement in an Adult Foster Care facility where she has 24/7 supervision. She requires assistance with medication and money management, hygiene, assistance with opening mail and completing paperwork, and other basic life and problem-solving skills. Ms. Lynch explained that Ms. Hassan has difficulty retaining information between conversations. She also must use simplistic terms and re-explain many things multiple times. Ms. Lynch believes that Ms. Hassan does have the ability to make some very simple decisions on her own, such as what to eat, but she does not have the ability to follow rules, maintain a schedule, nor does she possess rational decision-making abilities.

    Defense counsel, Lisa Skrzeczkoski testified regarding the difficulties she has communicating with her client. Ms. Skrzeczkoski has been a public defender for sixteen years and has a master's degree in social work. She has represented Ms. Hassan since 2018 and typically speaks to her at least once per week. In her experience, Ms. Hassan has been unable to retain the information she explains to her from one conversation to another. Ms. Hassan ruminates and focuses on her housing situation and counsel must repeat the same conversation over and over. Ms. Skrzeczkoski explained, in the 3 years of representing Ms. Hassan, she has never been able to get past the basics of explaining the charges and move onto other issues in the case. Ms. Skrzeczkoski explained that the skills she frequently uses with other clients, simplifying legal terms and rephrasing, have not worked in her consultation with Ms. Hassan. Her answers are always non-responsive and tangential. They have never been able to discuss possible defenses or witnesses. She does not believe Ms. Hassan would have the ability to testify on her own behalf. While defense counsel agrees that presently Ms. Hassan is psychiatrically stable, she does not believe she has the ability to consult with counsel or participate in her defense.

Url 1: link.storjshare.io/raw/jvwpwdo7nxwupkutlepkk5krhosa/file/EXHIBIT NEH-2_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/0fe3dfce-e431-4876-acc9-5abfab26e993.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/b548f4c4-c3a8-46ee-85d0-d07298c82fea.pdf
Url 4: drive.proton.me/urls/VD247540SW#e0znfU2EAIdk

11

EXHIBIT NEH-2 | p. 11

Case No. 27-CR-18-19274  
State of MN vs IFRAH ABDULL HASSAN  
Filing Type: ·Findings of Fact, Conclusions of Law and Order·  
Filing Date: 2022-02-25  
27-CR-18-19274_Findings of Fact, Conclusions of Law and Order_2022-02-25.pdf  
File Hash: cc8588ab60d798420df614751565dc8ff95b551ec583c68f00b5bdb48db6d50b  
Page: 7 of 8    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

Case No. 27-CR-20-423  
State of MN vs Ifrah Abdullahi Hassan  
Filing Type: ·Findings of Fact, Conclusions of Law and Order·  
Filing Date: 2022-02-25  
27-CR-20-423_Findings of Fact, Conclusions of Law and Order_2022-02-25.pdf  
File Hash: 6cc0348dfd8fd56bd7256697241675729ef5a88f5b7bd17fd2a912f62ec40fdd  
Page: 7 of 8    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

---

27-CR-18-19274

Filed in District Court  
State of Minnesota  
2/25/2022 1:13 PM

### LEGAL CONCLUSIONS

Rule 20.01 of the Minnesota Rules of Criminal Procedure requires the court to find that the defendant is not competent unless the greater weight of the evidence shows that the defendant is competent. Minn.R.Crim.P. Rule 20.01, subd. 5 (c). A defendant is not competent if, due to mental illness or cognitive impairment he is unable to "(a) rationally consult with counsel or (b) understand the proceedings or participate in the defense." *Id.*, subd. 2. This rule codifies the well-settled test for competency established by the Supreme Court. *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960); *Drope v. Missouri*, 420 U.S. 162, 171-172, 95 S.Ct. 896, 903-904, 43 L.Ed.2d 103 (1975). Thus, to be competent, a defendant must be able to (1) consult with a lawyer with a reasonable degree of rational understanding; (2) otherwise assist in the defense, (3) have a rational understanding of the criminal proceedings and (4) have a factual understanding of the proceedings. The determination of whether a defendant is able to rationally consult with the defense attorney or understand and participate in the proceedings turns on the facts of each case. Foremost, throughout the criminal proceedings the trial court must be mindful of its protective duty to ensure that a defendant is competent to proceed. See *State v. Bauer*, 245 N.W.2d 848, 852 (Minn. 1976) (ruling that the court should have conducted further inquiry into the important matter of defendant's competency). It is the State's burden, by a preponderance of the evidence, to prove that a defendant is competent. *State v. Curtis*, 921 N.W.2d 342, 348 (2018).

In the Court's order dated September 4, 2020, the Court concurred with Dr. Lewis that at the time his report was filed in April of 2020, prior to Ms. Hassan's provisional discharge to the community, she likely was competent to proceed. After her release into the community, Ms. Hassan's mental health significantly decompensated due to non-compliance with medication and a return to substance use. For these reasons, the Court entered a finding of incompetency. Since that time, Dr. Bruss has had the ability to evaluate Ms. Hassan twice over the course of six months. In her first evaluation filed in March of 2021, she offered an opinion of incompetent, noting that while Ms. Hassan demonstrated some factual understanding of her charges and the legal system, she did not have a rational understanding of her cases, the seriousness of her case, or the ability to consult with her attorney. Dr. Bruss also noted that if

---

27-CR-20-423

Filed in District Court  
State of Minnesota  
2/25/2022 1:15 PM

### LEGAL CONCLUSIONS

Rule 20.01 of the Minnesota Rules of Criminal Procedure requires the court to find that the defendant is not competent unless the greater weight of the evidence shows that the defendant is competent. Minn.R.Crim.P. Rule 20.01, subd. 5 (c). A defendant is not competent if, due to mental illness or cognitive impairment he is unable to "(a) rationally consult with counsel or (b) understand the proceedings or participate in the defense." *Id.*, subd. 2. This rule codifies the well-settled test for competency established by the Supreme Court. *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960); *Drope v. Missouri*, 420 U.S. 162, 171-172, 95 S.Ct. 896, 903-904, 43 L.Ed.2d 103 (1975). Thus, to be competent, a defendant must be able to (1) consult with a lawyer with a reasonable degree of rational understanding; (2) otherwise assist in the defense, (3) have a rational understanding of the criminal proceedings and (4) have a factual understanding of the proceedings. The determination of whether a defendant is able to rationally consult with the defense attorney or understand and participate in the proceedings turns on the facts of each case. Foremost, throughout the criminal proceedings the trial court must be mindful of its protective duty to ensure that a defendant is competent to proceed. See *State v. Bauer*, 245 N.W.2d 848, 852 (Minn. 1976) (ruling that the court should have conducted further inquiry into the important matter of defendant's competency). It is the State's burden, by a preponderance of the evidence, to prove that a defendant is competent. *State v. Curtis*, 921 N.W.2d 342, 348 (2018).

In the Court's order dated September 4, 2020, the Court concurred with Dr. Lewis that at the time his report was filed in April of 2020, prior to Ms. Hassan's provisional discharge to the community, she likely was competent to proceed. After her release into the community, Ms. Hassan's mental health significantly decompensated due to non-compliance with medication and a return to substance use. For these reasons, the Court entered a finding of incompetency. Since that time, Dr. Bruss has had the ability to evaluate Ms. Hassan twice over the course of six months. In her first evaluation filed in March of 2021, she offered an opinion of incompetent, noting that while Ms. Hassan demonstrated some factual understanding of her charges and the legal system, she did not have a rational understanding of her cases, the seriousness of her case, or the ability to consult with her attorney. Dr. Bruss also noted that if

Url 1: link.storjshare.io/raw/jvwpwdo7nxwupkutlepkk5krhosa/file/EXHIBIT NEH-2_files.pdf  
Url 2: MnCourtFraud.Substack.com/api/v1/file/0fe3dfce-e431-4876-acc9-5abfab26e993.pdf  
Url 3: Matt1Up.Substack.com/api/v1/file/b548f4c4-c3a8-46ee-85d0-d07298c82fea.pdf  
Url 4: drive.proton.me/urls/VD247540SW#e0znfU2EAIdk

**Case No. 27-CR-18-19274**
State of MN vs IFRAH ABDULL HASSAN
Filing Type: ·Findings of Fact, Conclusions of Law and Order·
Filing Date: **2022-02-25**
27-CR-18-19274_Findings of Fact, Conclusions of Law and Order_2022-02-25.pdf
File Hash: cc8588ab60d798420df614751565dc8ff95b551ec583c68f00b5bdb48db6d50b
Page: 8 of 8  [ source file ]  [ .ots timestamp of source file ]  [ pdf signatures ]  [ metadata ]

27-CR-18-19274
Filed in District Court
State of Minnesota
2/25/2022 1:13 PM

testimony was required, Ms. Hassan would not have the capacity to relevantly answer questions posed by either party. Dr. Bruss subsequently evaluated Ms. Hassan in August of 2021 and found her presentation significantly improved to the extent that she now offers an opinion of competent. The Court finds Dr. Bruss's opinion that Ms. Hassan has been restored to competency persuasive. Dr. Bruss has detailed evidence establishing that Ms. Hassan's ability to understand the proceedings and relevantly respond to questions has shown marked improvement. Dr. Bruss's ability to rationally communicate with Ms. Hassan regarding her case and the legal process was significantly improved from prior evaluations. Ms. Hassan is psychiatrically stable. The Court recognizes, as noted by Dr. Bruss, that counsel's consultation with Ms. Hassan will require re-phrasing and repeat explanations. The Court recognizes this presents significant challenges to defense counsel, but these challenges do not render Ms. Hassan incompetent. The Court will need to allow defense counsel opportunities to recess during proceedings to have the time to explain the proceedings and consult with her client.

Based on the totality of the above noted facts, the Court finds that the State has proven by the greater weight of the evidence that Ms. Hassan is able to rationally consult with counsel, understand the proceedings, and participate in her defense. Therefore, the Court finds that the defendant, Ms. Hassan, is **COMPETENT**.

By the Court,

Dated: 2/25/2022

_____
Lisa K. Janzen
Judge of District Court

**Case No. 27-CR-20-423**
State of MN vs Ifrah Abdullahi Hassan
Filing Type: ·Findings of Fact, Conclusions of Law and Order·
Filing Date: **2022-02-25**
27-CR-20-423_Findings of Fact, Conclusions of Law and Order_2022-02-25.pdf
File Hash: 6cc0348dfd8fd56bd7256697241675729ef5a88f5b7bd17fd2a912f62ec40fdd
Page: 8 of 8  [ source file ]  [ .ots timestamp of source file ]  [ pdf signatures ]  [ metadata ]

27-CR-20-423
Filed in District Court
State of Minnesota
2/25/2022 1:15 PM

testimony was required, Ms. Hassan would not have the capacity to relevantly answer questions posed by either party. Dr. Bruss subsequently evaluated Ms. Hassan in August of 2021 and found her presentation significantly improved to the extent that she now offers an opinion of competent. The Court finds Dr. Bruss's opinion that Ms. Hassan has been restored to competency persuasive. Dr. Bruss has detailed evidence establishing that Ms. Hassan's ability to understand the proceedings and relevantly respond to questions has shown marked improvement. Dr. Bruss's ability to rationally communicate with Ms. Hassan regarding her case and the legal process was significantly improved from prior evaluations. Ms. Hassan is psychiatrically stable. The Court recognizes, as noted by Dr. Bruss, that counsel's consultation with Ms. Hassan will require re-phrasing and repeat explanations. The Court recognizes this presents significant challenges to defense counsel, but these challenges do not render Ms. Hassan incompetent. The Court will need to allow defense counsel opportunities to recess during proceedings to have the time to explain the proceedings and consult with her client.

Based on the totality of the above noted facts, the Court finds that the State has proven by the greater weight of the evidence that Ms. Hassan is able to rationally consult with counsel, understand the proceedings, and participate in her defense. Therefore, the Court finds that the defendant, Ms. Hassan, is **COMPETENT**.

By the Court,

Dated: 2/25/2022

_____
Lisa K. Janzen
Judge of District Court

Url 1: link.storjshare.io/raw/jvwpwdo7nxwupkutlepkk5krhosa/file/EXHIBIT NEH-2_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/0fe3dfce-e431-4876-acc9-5abfab26e993.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/b548f4c4-c3a8-46ee-85d0-d07298c82fea.pdf
Url 4: drive.proton.me/urls/VD247540SW#e0znfU2EAIdk

13

**EXHIBIT NEH-2 | p. 13**