**EXHIBIT NEH-3**

Case No. 27-CR-21-6229
State of MN vs MARVAL BARNES
Filing Type: ·Order-Other·
Filing Date: **2021-08-30**
27-CR-21-6229_Order-Other_2021-08-30.pdf
File Hash:   e052d046e4c05ef0e843feb8dbadd5a0de1aba804ab12dba85e7417644a86d47
Page: 1 of 4        [ source file ]        [ .ots timestamp of source file ]        [ pdf signatures ]        [ metadata ]

27-CR-21-6229

Filed in District Court
State of Minnesota
8/30/2021 12:54 PM

State of Minnesota                                    District Court

County of Hennepin                                    Fourth Judicial District

_____

                                            Judge Lisa K. Janzen
State of Minnesota,                         Case Type: Criminal
    Plaintiff,
                                            **ORDER**
v.

Marval Barnes,                              Case No. 27-CR-21-8856;
    Defendant.                              27-CR-21-11758; 27-CR-21-6229;
                                            27-CR-21-722; 27-CR-21-8613;
                                            27-CR-21-8643
_____

### FINDINGS OF FACT

1. Defendant (date of birth 12/17/79) was charged in MNCIS file 27-CR-21-8856 with two counts of Fourth Degree Assault (Felony) arising from an incident alleged to have occurred on 5/6/21; in MNCIS file 27-CR-21-11758 with Fourth Degree Assault (Felony) arising from an incident alleged to have occurred on 5/14/21; in MNCIS file 27-CR-21-6229 with First Degree Damage to Property (Felony) arising from an incident alleged to have occurred on 2/25/21; in MNCIS file 27-CR-21-722 with Trespass (Gross Misdemeanor) arising from an incident alleged to have occurred on 1/10/21; in MNCIS file 27-CR-21-8613 with First Degree Damage to Property (Felony) arising from an incident alleged to have occurred on 4/29/21; and in MNCIS file 27-CR-21-8643 with Trespass (Gross Misdemeanor) arising from an incident alleged to have occurred on 5/4/21. On 5/10/21, Judge Daniel Moreno found probable cause to believe that the felony charges were committed and that Defendant committed them for Rule 20 purposes.

2. On 5/10/21, Judge Daniel Moreno ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

Case No. 27-CR-21-20637
State of MN vs Daniel Lamar Ford
Filing Type: ·Order-Other·
Filing Date: **2022-02-17**
27-CR-21-20637_Order-Other_2022-02-17.pdf
File Hash:   9b8f9205aa7963cd450d9dbd2fe42a54102a9d46218f6828d3f53b8d84c34e52
Page: 1 of 4        [ source file ]        [ .ots timestamp of source file ]        [ pdf signatures ]        [ metadata ]

27-CR-21-20637

Filed in District Court
State of Minnesota
2/17/2022 10:06 AM

State of Minnesota                                    District Court

County of Hennepin                                    Fourth Judicial District

_____

                                            Judge Lisa K. Janzen
State of Minnesota,                         Case Type: Criminal
    Plaintiff,
                                            **ORDER**
v.

Daniel Lamar Ford,
    Defendant.                              Case No. 27-CR-21-20637
_____

### FINDINGS OF FACT

1. Defendant (date of birth 08/28/1991) was charged with Fifth Degree Assault (Felony) arising from an incident alleged to have occurred on 09/04/21. On 11/08/21, Judge Tamara Garcia found probable cause to believe that the felony was committed and that Defendant committed it for Rule 20 purposes.

2. On 11/08/21, Judge Tamara Garcia ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Brie Pileggi-Valleen, Psy.D., LP, ABPP, for Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Brie Pileggi-Valleen, Psy.D., LP, ABPP, for Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

5. On 11/23/21, the Defendant appeared in custody with counsel before the Court and Judge Lisa Janzen found Defendant incompetent to stand trial and ordered the criminal proceedings in this matter be suspended until Defendant is restored to

1

Case No. 27-CR-19-28883
State of MN vs JACOB MAMAR JOHNSON
Filing Type: ·Order-Other·
Filing Date: **2022-09-07**
27-CR-19-28883_Order-Other_2022-09-07.pdf
File Hash:   5302819deeb93306aa6a3c191e9760f824778670c9e89e7b6722fce14fe47ce6
Page: 1 of 4        [ source file ]        [ .ots timestamp of source file ]        [ pdf signatures ]        [ metadata ]

27-CR-19-28883

Filed in District Court
State of Minnesota
9/7/2022 3:19 PM

State of Minnesota                                    District Court

County of Hennepin                                    Fourth Judicial District

_____

                                            Judge Lisa K. Janzen
State of Minnesota,                         Case Type: Criminal
    Plaintiff,
                                            **ORDER**
v.

Jacob Mamar Johnson,
    Defendant.                              Case No. 27-CR-21-13795;
                                            27-CR-21-4207; 27-CR-19-28883;
                                            27-CR-18-2328
_____

### FINDINGS OF FACT

1. Defendant (date of birth 12/18/1988) was charged in MNCIS file 27-CR-21-13795 with Fifth Degree Drugs (Felony) arising from an incident alleged to have occurred on 07/22/21; in MNCIS file 27-CR-21-4207 with First Degree Damage to Property (Felony) arising from an incident alleged to have occurred on 01/21/21; in MNCIS file 27-CR-19-28883 with Fifth Degree Drugs (Felony) arising from an incident alleged to have occurred on 09/06/19; and convicted in MNCIS file 27-CR-18-2728 of Fifth Degree Drugs (Felony) . On 12/17/21, Judge Lyonel Norris found probable cause to believe that the felony offenses were committed and that Defendant committed them for Rule 20 purposes.

2. On 12/17/21, Judge Lyonel Norris ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Bruce Renken, Ph.D., LP, ABPP, for Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Bruce Renken, Ph.D., LP, ABPP, for Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive

Url 1: link.storjshare.io/raw/jurud3q2zfx425ga2xjfbb4qkakq/file/EXHIBIT NEH-3_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/bf876eab-b947-4773-957c-007a140d43b1.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/a6a08578-a47c-43e1-b667-aac407118854.pdf
Url 4: drive.proton.me/urls/DNAA2ERT4R#r5tixPWPQYde

**EXHIBIT NEH-3 | p. 1**

Case No. 27-CR-21-6229
State of MN vs MARVAL BARNES
Filing Type:   ·Order-Other·
Filing Date:   2021-08-30
27-CR-21-6229_Order-Other_2021-08-30.pdf
File Hash:   e052d046e4c05ef08e843feb8dbadd5a0de1aba804ab12dba85e7417644a86d47
Page: 2 of 4       [ source file ]       [ .ots timestamp of source file ]       [ pdf signatures ]       [ metadata ]

27-CR-21-6229

Filed in District Court
State of Minnesota
8/30/2021 12:54 PM

3. Dr. Bruce Renken, Ph.D., L.P., for Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Bruce Renken,Ph.D., L.P., for Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

5. On 5/18/21, the Defendant appeared in custody with counsel before the Court and Judge Gina Brandt found Defendant incompetent to stand trial and ordered the criminal proceedings in this matter be suspended until Defendant is restored to competency to proceed. Judge Gina Brandt ordered the Hennepin County Prepetition Screening Program to conduct prepetition screening and Defendant remained in custody subject to conditions issued on 5/10/21.

6. On 6/15/21, Judge Phil Carruthers of Hennepin County District Court issued an Order for Commitment as a Person Who is Mentally Ill (Rule 20) in MNCIS Case No. 27-MH-PR-21-638; the Defendant was civilly committed to the Commissioner of Human Services.

7. On 6/21/21, the Defendant was admitted to AMRTC.

8. On 8/24/21 a Notification of Reduction in Custody was filed into this criminal case, noting a Provisional Discharge to Risen Care-Adult Foster Care facility to go into effect on or after 8/30/21 as the Defendant was determined to no longer require in-patient level of care as of 8/24/21.

9. Defendant remains incompetent and the criminal case remains suspended pursuant to Minn.R.Crim.P. 20.01, Subd. 6(b).

10. If the Criminal Court Judge denied the request to provisionally discharge the defendant to Risen Care, the defendant would be released to the jail on the previously ordered bail.

Case No. 27-CR-21-20637
State of MN vs Daniel Lamar Ford
Filing Type:   ·Order-Other·
Filing Date:   2022-02-17
27-CR-21-20637_Order-Other_2022-02-17.pdf
File Hash:   9b8f9205aa7963cd450d9dbd2fe42a54102a9d46218f6828d3f53b8d84c34e52
Page: 2 of 4       [ source file ]       [ .ots timestamp of source file ]       [ pdf signatures ]       [ metadata ]

27-CR-21-20637

Filed in District Court
State of Minnesota
2/17/2022 10:06 AM

competency to proceed. Judge Lisa Janzen ordered the Hennepin County Prepetition Screening Program to conduct prepetition screening and Defendant remained in custody subject to conditions issued on  11/23/21.

6. On 12/20/21, Judge Phil Carruthers of Hennepin County District Court issued an Order for Commitment as a Person Who is Mentally Ill (Rule 20) in MNCIS Case No. 27-MH-PR-21-1406; the Defendant was civilly committed to the Commissioner of Human Services.

7. On 01/26/22, the Defendant was admitted to CBHH Baxter.

8. On 02/16/22, the Department of Human Services – Direct Care and Treatment emailed the Court regarding a Provisional Discharge to an Adult Foster Care facility.

9. Defendant remains incompetent and the criminal case remains suspended pursuant to Minn.R.Crim.P. 20.01, Subd. 6(b).

10. If the Criminal Court Judge denied the request to provisionally discharge the defendant to an Adult Foster Care facility, the defendant would be released to the jail on the previously ordered bail.

11. The Hennepin County Jail does not provide competency restoration treatment or therapy and is not able to administer *Jarvis* orders.

12. If the defendant was provisionally discharged to the jail, the court would have to make the impossible decision as to whether to keep the incompetent defendant in the jail not receiving treatment with a suspended criminal case, or, to release the defendant to the street.

13. Given the options, Judge Lisa Janzen approved the request to provisionally discharge Defendant and amended bail.

### ANALYSIS

There is no case directly on point in Minnesota as to whether an incompetent defendant, whose criminal case has been suspended, can be held in the jail awaiting restoration to competency while not receiving competency restoration treatment at said jail. In dealing with similar issues, courts around the country have held that

Case No. 27-CR-19-28883
State of MN vs JACOB MAMAR JOHNSON
Filing Type:   ·Order-Other·
Filing Date:   2022-09-07
27-CR-19-28883_Order-Other_2022-09-07.pdf
File Hash:   5302819deeb93306aa6a3c191e9760f824778670c9e89e7b6722fce14fe47ce6
Page: 2 of 4       [ source file ]       [ .ots timestamp of source file ]       [ pdf signatures ]       [ metadata ]

27-CR-19-28883

Filed in District Court
State of Minnesota
9/7/2022 3:19 PM

impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

5. On 02/01/22, the Defendant appeared in custody with counsel before the Court and Judge Lisa Janzen found Defendant incompetent to stand trial and ordered the criminal proceedings in this matter be suspended until Defendant is restored to competency to proceed. Judge Lisa Janzen ordered the Hennepin County Prepetition Screening Program to conduct prepetition screening and Defendant remained in custody subject to conditions issued on 02/01/22.

6. On 03/01/22, Judge Phil Carruthers of Hennepin County District Court issued an Order for Commitment as a Person Who is Mentally Ill (Rule 20) in MNCIS Case No. 27-MH-PR-22-181; the Defendant was civilly committed to the Commissioner of Human Services.

7. On 04/22/22, the Defendant was admitted to AMRTC.

8. On 09/02/22 a Notification of Reduction in Custody was filed into this criminal case, noting a Provisional Discharge to an Adult Foster Care/Customized Living facility to go into effect on or after 09/09/22 as the Defendant was determined to no longer require in-patient level of care as of 09/02/22.

9. Defendant remains incompetent and the criminal case remains suspended pursuant to Minn.R.Crim.P. 20.01, Subd. 6(b).

10. If the Criminal Court Judge denied the request to provisionally discharge the defendant to an Adult Foster Care/Customized Living facility, the defendant would be released to the jail on the previously ordered bail.

11. The Hennepin County Jail does not provide competency restoration treatment or therapy and is not able to administer *Jarvis* orders.

12. If the defendant was provisionally discharged to the jail, the court would have to make the impossible decision as to whether to keep the incompetent defendant in the jail not receiving treatment with a suspended criminal case, or, to release the defendant to the street.

Url 1: link.storjshare.io/raw/jurud3q2zfx425ga2xjfbb4qkakq/file/EXHIBIT NEH-3_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/bf876eab-b947-4773-957c-007a140d43b1.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/a6a08578-a47c-43e1-b667-aac407118854.pdf
Url 4: drive.proton.me/urls/DNAA2ERT4R#r5tixPWPQYde

**EXHIBIT NEH-3 | p. 2**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

| Case No. 27-CR-21-6229 | Case No. 27-CR-21-20637 | Case No. 27-CR-19-28883 |
|---|---|---|
| State of MN vs MARVAL BARNES | State of MN vs Daniel Lamar Ford | State of MN vs JACOB MAMAR JOHNSON |
| Filing Type: ·Order-Other· | Filing Type: ·Order-Other· | Filing Type: ·Order-Other· |
| Filing Date: **2021-08-30** | Filing Date: **2022-02-17** | Filing Date: **2022-09-07** |
| 27-CR-21-6229_Order-Other_2021-08-30.pdf | 27-CR-21-20637_Order-Other_2022-02-17.pdf | 27-CR-19-28883_Order-Other_2022-09-07.pdf |
| File Hash: e052d046e4c05ef0e843feb8dbadd5a0de1aba804ab12dba85e7417644a86d47 | File Hash: 9b8f9205aa7963cd450d9dbd2fe42a54102a9d46218f6828d3f53b8d84c34e52 | File Hash: 5302819deeb93306aa6a3c191e9760f824778670c9e89e7b6722fce14fe47ce6 |
| Page: 3 of 4  [ source file ]  [ .ots timestamp of source file ]  [ pdf signatures ]  [ metadata ] | Page: 3 of 4  [ source file ]  [ .ots timestamp of source file ]  [ pdf signatures ]  [ metadata ] | Page: 3 of 4  [ source file ]  [ .ots timestamp of source file ]  [ pdf signatures ]  [ metadata ] |

## Column 1: Case No. 27-CR-21-6229

27-CR-21-6229
Filed in District Court
State of Minnesota
8/30/2021 12:54 PM

11. The Hennepin County Jail does not provide competency restoration treatment or therapy and is not able to administer *Jarvis* orders.

12. If the defendant was provisionally discharged to the jail, the court would have to make the impossible decision as to whether to keep the incompetent defendant in the jail not receiving treatment with a suspended criminal case, or, to release the defendant to the street.

13. Given the options, Judge Peter Cahill approved the request to provisionally discharge Defendant and amended bail.

### ANALYSIS

There is no case directly on point in Minnesota as to whether an incompetent defendant, whose criminal case has been suspended, can be held in the jail awaiting restoration to competency while not receiving competency restoration treatment at said jail. In dealing with similar issues, courts around the country have held that "incompetent criminal defendants – as pretrial detainees – have a liberty interest in being free from incarceration absent a criminal conviction." *Goodman v. Utah Department of Human Services,* 180 F.Supp.3d 998, 1009 (D. Utah 2016); that the "Constitutional questions pertaining to the pretrial confinement of incompetent criminal defendants are analyzed under the due process clause of the Fourteenth Amendment." *State v. Hand,* 429 P.3d 502 (Wash. 2018); and that the relevant question is whether the nature and duration of said detention, "is reasonably related to the purpose for which he was committed." Id. (citing *Jackson v. Indiana,* 406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972)).

In *Jackson*, the court held that:

> a person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future. If it is determined that this is not the case, then the State must either institute the customary civil commitment proceeding that would be required to commit indefinitely any other citizen, or release the defendant.

3

## Column 2: Case No. 27-CR-21-20637

27-CR-21-20637
Filed in District Court
State of Minnesota
2/17/2022 10:06 AM

"incompetent criminal defendants – as pretrial detainees – have a liberty interest in being free from incarceration absent a criminal conviction." *Goodman v. Utah Department of Human Services,* 180 F.Supp.3d 998, 1009 (D. Utah 2016); that the "Constitutional questions pertaining to the pretrial confinement of incompetent criminal defendants are analyzed under the due process clause of the Fourteenth Amendment." *State v. Hand,* 429 P.3d 502 (Wash. 2018); and that the relevant question is whether the nature and duration of said detention, "is reasonably related to the purpose for which he was committed." Id. (citing *Jackson v. Indiana,* 406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972)).

In *Jackson*, the court held that:

> a person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future. If it is determined that this is not the case, then the State must either institute the customary civil commitment proceeding that would be required to commit indefinitely any other citizen, or release the defendant. Furthermore, even if it is determined that the defendant probably soon will be able to stand trial, his continued commitment must be justified by progress toward that goal.

406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972). Similarly, in *United States v. Jackson,* 306 F.Supp. 4 (N.D.Cal. 1969), the court held that the accused, who was incompetent to stand trial because of serious mental illness, that was not likely to be cured in foreseeable future, and who had already spent over a year and a half in federal hospital must be discharged from federal custody and responsibility for accused should transfer to state. The underlying tone in all of these decisions is the general understanding as stated in *Cook v. Ciccone*, 312 F.Supp. 822 (W.D.Mo. 1970), that "Such consideration is dictated by the inherent unfairness and substantial injustice in keeping an unconvicted person in federal custody to await trial where it is plainly evident his

3

## Column 3: Case No. 27-CR-19-28883

27-CR-19-28883
Filed in District Court
State of Minnesota
9/7/2022 3:19 PM

13. Given the options, Judge Lisa Janzen approved the request to provisionally discharge Defendant and amended bail.

### ANALYSIS

There is no case directly on point in Minnesota as to whether an incompetent defendant, whose criminal case has been suspended, can be held in the jail awaiting restoration to competency while not receiving competency restoration treatment at said jail. In dealing with similar issues, courts around the country have held that "incompetent criminal defendants – as pretrial detainees – have a liberty interest in being free from incarceration absent a criminal conviction." *Goodman v. Utah Department of Human Services,* 180 F.Supp.3d 998, 1009 (D. Utah 2016); that the "Constitutional questions pertaining to the pretrial confinement of incompetent criminal defendants are analyzed under the due process clause of the Fourteenth Amendment." *State v. Hand,* 429 P.3d 502 (Wash. 2018); and that the relevant question is whether the nature and duration of said detention, "is reasonably related to the purpose for which he was committed." Id. (citing *Jackson v. Indiana,* 406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972)).

In *Jackson*, the court held that:

> a person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future. If it is determined that this is not the case, then the State must either institute the customary civil commitment proceeding that would be required to commit indefinitely any other citizen, or release the defendant. Furthermore, even if it is determined that the defendant probably soon will be able to stand trial, his continued commitment must be justified by progress toward that goal.

406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972). Similarly, in *United States v. Jackson,* 306 F.Supp. 4 (N.D.Cal. 1969), the court held that the accused, who was

3

Url 1: link.storjshare.io/raw/jurud3q2zfx425ga2xjfbb4qkakq/file/EXHIBIT NEH-3_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/bf876eab-b947-4773-957c-007a140d43b1.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/a6a08578-a47c-43e1-b667-aac407118854.pdf
Url 4: drive.proton.me/urls/DNAA2ERT4R#r5tixPWPQYde

**EXHIBIT NEH-3 | p. 3**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

| Case No. 27-CR-21-6229 | Case No. 27-CR-21-20637 | Case No. 27-CR-19-28883 |
|---|---|---|
| State of MN vs MARVAL BARNES | State of MN vs Daniel Lamar Ford | State of MN vs JACOB MAMAR JOHNSON |
| Filing Type: ·Order-Other· | Filing Type: ·Order-Other· | Filing Type: ·Order-Other· |
| Filing Date: 2021-08-30 | Filing Date: 2022-02-17 | Filing Date: 2022-09-07 |
| 27-CR-21-6229_Order-Other_2021-08-30.pdf | 27-CR-21-20637_Order-Other_2022-02-17.pdf | 27-CR-19-28883_Order-Other_2022-09-07.pdf |
| File Hash: e052d046e4c05ef08e843feb8dbadd5a0de1aba804ab12dba85e7417644a86d47 | File Hash: 9b8f9205aa7963cd450d9dbd2fe42a54102a9d46218f6828d3f53b8d84c34e52 | File Hash: 5302819deeb93306aa6a3c191e9760f824778670c9e89e7b6722fce14fe47ce6 |
| Page: 4 of 4 [ source file ] [ .ots timestamp of source file ] [ pdf signatures ] [ metadata ] | Page: 4 of 4 [ source file ] [ .ots timestamp of source file ] [ pdf signatures ] [ metadata ] | Page: 4 of 4 [ source file ] [ .ots timestamp of source file ] [ pdf signatures ] [ metadata ] |

## Column 1 (27-CR-21-6229)

27-CR-21-6229
Filed in District Court
State of Minnesota
8/30/2021 12:54 PM

Furthermore, even if it is determined that the defendant probably soon will be able to stand trial, his continued commitment must be justified by progress toward that goal.

406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972). Similarly, in *United States v. Jackson*, 306 F.Supp. 4 (N.D.Cal. 1969), the court held that the accused, who was incompetent to stand trial because of serious mental illness, that was not likely to be cured in foreseeable future, and who had already spent over a year and a half in federal hospital must be discharged from federal custody and responsibility for accused should transfer to state. The underlying tone in all of these decisions is the general understanding as stated in *Cook v. Ciccone*, 312 F.Supp. 822 (W.D.Mo. 1970), that "Such consideration is dictated by the inherent unfairness and substantial injustice in keeping an unconvicted person in federal custody to await trial where it is plainly evident his mental condition will not permit trial within a reasonable period of time." 312 F.Supp. at 824.

### ORDER

1. Defendant is released in the criminal case under the conditions set forth in the amended conditional release order.
2. Defendant is ordered to cooperate with his civil commitment including following all treatment recommendations and appearing at all court appearances in the civil and criminal cases.
3. DHS shall continue to submit a written reports addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

BY THE COURT:

DATED: August 26, 2021   _____
Lisa K. Janzen
Judge of District Court
Fourth Judicial District

4

## Column 2 (27-CR-21-20637)

27-CR-21-20637
Filed in District Court
State of Minnesota
2/17/2022 10:06 AM

mental condition will not permit trial within a reasonable period of time." 312 F.Supp. at 824.

### ORDER

1. Defendant is released in the criminal case under the conditions set forth in the amended conditional release order.
2. Defendant is ordered to cooperate with his civil commitment including following all treatment recommendations and appearing at all court appearances in the civil and criminal cases.
3. DHS shall continue to submit a written reports addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

BY THE COURT:

DATED: February 17, 2022   _____
Lisa K. Janzen
Judge of District Court
Fourth Judicial District

4

## Column 3 (27-CR-19-28883)

27-CR-19-28883
Filed in District Court
State of Minnesota
9/7/2022 3:19 PM

incompetent to stand trial because of serious mental illness, that was not likely to be cured in foreseeable future, and who had already spent over a year and a half in federal hospital must be discharged from federal custody and responsibility for accused should transfer to state. The underlying tone in all of these decisions is the general understanding as stated in *Cook v. Ciccone*, 312 F.Supp. 822 (W.D.Mo. 1970), that "Such consideration is dictated by the inherent unfairness and substantial injustice in keeping an unconvicted person in federal custody to await trial where it is plainly evident his mental condition will not permit trial within a reasonable period of time." 312 F.Supp. at 824.

### ORDER

1. Defendant is released in the criminal case under the conditions set forth in the in the amended conditional release order.
2. Defendant is ordered to cooperate with his civil commitment including following all treatment recommendations and appearing at all court appearances in the civil and criminal cases.
3. DHS shall continue to submit a written reports addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

BY THE COURT:

DATED: September 7, 2022   _____
Lisa K. Janzen
Judge of District Court
Fourth Judicial District

4

Url 1: link.storjshare.io/raw/jurud3q2zfx425ga2xjfbb4qkakq/file/EXHIBIT NEH-3_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/bf876eab-b947-4773-957c-007a140d43b1.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/a6a08578-a47c-43e1-b667-aac407118854.pdf
Url 4: drive.proton.me/urls/DNAA2ERT4R#r5tixPWPQYde

**EXHIBIT NEH-3 | p. 4**

Case No. 27-CR-21-13795
State of MN vs JACOB MAMAR JOHNSON
Filing Type: ·Order-Other·
Filing Date: **2022-09-07**
27-CR-21-13795_Order-Other_2022-09-07.pdf
File Hash: a706a99b0093ad62742d919f1bfaa6f13823ee97b8b1643a34217843a9a959dd
Page: 1 of 4    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

27-CR-21-13795

Filed in District Court
State of Minnesota
9/7/2022 3:15 PM

State of Minnesota                                District Court

County of Hennepin                         Fourth Judicial District

                                                  Judge Lisa K. Janzen
State of Minnesota,                              Case Type: Criminal
        Plaintiff,
                                                       **ORDER**
v.

Jacob Mamar Johnson,
        Defendant.                    Case No. 27-CR-21-13795;
                                      27-CR-21-4207; 27-CR-19-28883;
                                      27-CR-18-2328

**FINDINGS OF FACT**

1. Defendant (date of birth 12/18/1988) was charged in MNCIS file 27-CR-21-13795 with Fifth Degree Drugs (Felony) arising from an incident alleged to have occurred on 07/22/21; in MNCIS file 27-CR-21-4207 with First Degree Damage to Property (Felony) arising from an incident alleged to have occurred on 01/21/21; in MNCIS file 27-CR-19-28883 with Fifth Degree Drugs (Felony) arising from an incident alleged to have occurred on 09/06/19; and convicted in MNCIS file 27-CR-18-2728 of Fifth Degree Drugs (Felony) . On 12/17/21, Judge Lyonel Norris found probable cause to believe that the felony offenses were committed and that Defendant committed them for Rule 20 purposes.

2. On 12/17/21, Judge Lyonel Norris ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Bruce Renken, Ph.D., LP, ABPP, for Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Bruce Renken, Ph.D., LP, ABPP, for Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive

Case No. 27-CR-21-19723
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type: ·Order-Other·
Filing Date: **2022-11-04**
27-CR-21-19723_Order-Other_2022-11-04.pdf
File Hash: fb10d12c21aea9333db04ef42e27e41ce4477399bfc06b6a7384bda313d2d2d2
Page: 1 of 4    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

State of Minnesota                                District Court

County of Hennepin                         Fourth Judicial District

                                                  Judge Lisa K. Janzen
State of Minnesota,                              Case Type: Criminal
        Plaintiff,
                                                       **ORDER**
v.

Brittany Latesha Crutchfield,
        Defendant.                    Case No. 27-CR-21-19723, 27-CR-21-
                                      23456, 27-CR-22-15550

**FINDINGS OF FACT**

1. Defendant (date of birth 03/06/1988) was charged in File No. 27-CR-21-19723 with Burglary-3rd Degree-Steal (Felony) arising from an incident alleged to have occurred on 10/21/2021; in File No. 27-CR-21-23456 with Burglary-3rd Degree-Steal (Felony) arising from an incident alleged to have occurred on 12/19/2021; in File No. 27-CR-22-15550 with Burglary-3rd Degree-Steal (Felony) arising from an incident alleged to have occurred on 8/5/2022. On 10/13/21, Judge Larson ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed for Rule 20 purposes on misdemeanor offenses which alleged to have occurred on or before the above offenses referenced in this Order. Those findings were applied to the above cases as well.

2. On 10/13/21, Judge Larson ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Bruce Renken, Ph.D., for Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Bruce Renken, Ph.D., for Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks

Case No. 27-CR-21-23456
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type: ·Order-Other·
Filing Date: **2022-11-04**
27-CR-21-23456_Order-Other_2022-11-04.pdf
File Hash: 1e57631ddb7fde15ad9552c3bfca151d6aa9702f95de042087c6a917fff767c7
Page: 1 of 4    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

State of Minnesota                                District Court

County of Hennepin                         Fourth Judicial District

                                                  Judge Lisa K. Janzen
State of Minnesota,                              Case Type: Criminal
        Plaintiff,
                                                       **ORDER**
v.

Brittany Latesha Crutchfield,
        Defendant.                    Case No. 27-CR-21-19723, 27-CR-21-
                                      23456, 27-CR-22-15550

**FINDINGS OF FACT**

1. Defendant (date of birth 03/06/1988) was charged in File No. 27-CR-21-19723 with Burglary-3rd Degree-Steal (Felony) arising from an incident alleged to have occurred on 10/21/2021; in File No. 27-CR-21-23456 with Burglary-3rd Degree-Steal (Felony) arising from an incident alleged to have occurred on 12/19/2021; in File No. 27-CR-22-15550 with Burglary-3rd Degree-Steal (Felony) arising from an incident alleged to have occurred on 8/5/2022. On 10/13/21, Judge Larson ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed for Rule 20 purposes on misdemeanor offenses which alleged to have occurred on or before the above offenses referenced in this Order. Those findings were applied to the above cases as well.

2. On 10/13/21, Judge Larson ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.

3. Dr. Bruce Renken, Ph.D., for Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.

4. Dr. Bruce Renken, Ph.D., for Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks

Url 1: link.storjshare.io/raw/jurud3q2zfx425ga2xjfbb4qkakq/file/EXHIBIT NEH-3_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/bf876eab-b947-4773-957c-007a140d43b1.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/a6a08578-a47c-43e1-b667-aac407118854.pdf
Url 4: drive.proton.me/urls/DNAA2ERT4R#r5tixPWPQYde

**EXHIBIT NEH-3 | p. 5**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

| Case No. 27-CR-21-13795 | Case No. 27-CR-21-19723 | Case No. 27-CR-21-23456 |
|---|---|---|
| State of MN vs JACOB MAMAR JOHNSON | State of MN vs BRITTANY LATESHA CRUTCHFIELD | State of MN vs BRITTANY LATESHA CRUTCHFIELD |
| Filing Type: ·Order-Other· | Filing Type: ·Order-Other· | Filing Type: ·Order-Other· |
| Filing Date: **2022-09-07** | Filing Date: **2022-11-04** | Filing Date: **2022-11-04** |
| 27-CR-21-13795_Order-Other_2022-09-07.pdf | 27-CR-21-19723_Order-Other_2022-11-04.pdf | 27-CR-21-23456_Order-Other_2022-11-04.pdf |
| File Hash: a706a99b0093ad62742d919f1bfaa6f13823ee97b8b1643a34217843a9a959dd | File Hash: fb10d12c21aea9333db04ef42e27e41ce4477399bfc06b6a7384bda313d2d2d2 | File Hash: 1e57631ddb7fde15ad9552c3bfca151d6aa9702f95de042087c6a917fff767c7 |
| Page: 2 of 4   [ source file ]   [ .ots timestamp of source file ]   [ pdf signatures ]   [ metadata ] | Page: 2 of 4   [ source file ]   [ .ots timestamp of source file ]   [ pdf signatures ]   [ metadata ] | Page: 2 of 4   [ source file ]   [ .ots timestamp of source file ]   [ pdf signatures ]   [ metadata ] |

## Column 1 (Case No. 27-CR-21-13795)

27-CR-21-13795

Filed in District Court
State of Minnesota
9/7/2022 3:15 PM

impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

5. On 02/01/22, the Defendant appeared in custody with counsel before the Court and Judge Lisa Janzen found Defendant incompetent to stand trial and ordered the criminal proceedings in this matter be suspended until Defendant is restored to competency to proceed. Judge Lisa Janzen ordered the Hennepin County Prepetition Screening Program to conduct prepetition screening and Defendant remained in custody subject to conditions issued on 02/01/22.
6. On 03/01/22, Judge Phil Carruthers of Hennepin County District Court issued an Order for Commitment as a Person Who is Mentally Ill (Rule 20) in MNCIS Case No. 27-MH-PR-22-181; the Defendant was civilly committed to the Commissioner of Human Services.
7. On 04/22/22, the Defendant was admitted to AMRTC.
8. On 09/02/22 a Notification of Reduction in Custody was filed into this criminal case, noting a Provisional Discharge to an Adult Foster Care/Customized Living facility to go into effect on or after 09/09/22 as the Defendant was determined to no longer require in-patient level of care as of 09/02/22.
9. Defendant remains incompetent and the criminal case remains suspended pursuant to Minn.R.Crim.P. 20.01, Subd. 6(b).
10. If the Criminal Court Judge denied the request to provisionally discharge the defendant to an Adult Foster Care/Customized Living facility, the defendant would be released to the jail on the previously ordered bail.
11. The Hennepin County Jail does not provide competency restoration treatment or therapy and is not able to administer *Jarvis* orders.
12. If the defendant was provisionally discharged to the jail, the court would have to make the impossible decision as to whether to keep the incompetent defendant in the jail not receiving treatment with a suspended criminal case, or, to release the defendant to the street.

2

## Column 2 (Case No. 27-CR-21-19723)

the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

5. On 10/26/21, the Defendant appeared counsel before the Court and Judge Lisa Janzen found Defendant incompetent to stand trial and ordered the criminal proceedings in this matter be suspended until Defendant is restored to competency to proceed. Judge Lisa Janzen ordered the Hennepin County Prepetition Screening Program to conduct prepetition screening.
6. On 09/8/22, Judge Browne of Hennepin County District Court issued an Order for Commitment as a Person Who is Chemically Dependent Person and as a Person who Poses a Rick of Harm Due to a Mental Illness (Rule 20) in MNCIS Case No. 27-MH-PR-22-944; the Defendant was civilly committed to the Commissioner of Human Services.
7. On 10/3/22, the Defendant was admitted to CBHH Alexandria.
8. On 11/4/22 a Notification of Reduction in Custody was filed into this criminal case, noting a Provisional Discharge to a community setting, namely Paris Crutchfield's home (Brittany Crutchfield's sister) 3133 Central Avenue NE, Minneapolis, MN 55418, to go into effect on or after 11/9/22 as the Defendant was determined to no longer require in-patient level of care as of 11/9/22.
9. Defendant remains incompetent and the criminal case remains suspended pursuant to Minn.R.Crim.P. 20.01, Subd. 6(b).
10. If the Criminal Court Judge denied the request to provisionally discharge the defendant to a community setting, the defendant would be released to the jail on the previously ordered bail.
11. The Hennepin County Jail does not provide competency restoration treatment or therapy and is not able to administer *Jarvis* orders.
12. If the defendant was provisionally discharged to the jail, the court would have to make the impossible decision as to whether to keep the incompetent defendant in

2

## Column 3 (Case No. 27-CR-21-23456)

the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

5. On 10/26/21, the Defendant appeared counsel before the Court and Judge Lisa Janzen found Defendant incompetent to stand trial and ordered the criminal proceedings in this matter be suspended until Defendant is restored to competency to proceed. Judge Lisa Janzen ordered the Hennepin County Prepetition Screening Program to conduct prepetition screening.
6. On 09/8/22, Judge Browne of Hennepin County District Court issued an Order for Commitment as a Person Who is Chemically Dependent Person and as a Person who Poses a Rick of Harm Due to a Mental Illness (Rule 20) in MNCIS Case No. 27-MH-PR-22-944; the Defendant was civilly committed to the Commissioner of Human Services.
7. On 10/3/22, the Defendant was admitted to CBHH Alexandria.
8. On 11/4/22 a Notification of Reduction in Custody was filed into this criminal case, noting a Provisional Discharge to a community setting, namely Paris Crutchfield's home (Brittany Crutchfield's sister) 3133 Central Avenue NE, Minneapolis, MN 55418, to go into effect on or after 11/9/22 as the Defendant was determined to no longer require in-patient level of care as of 11/9/22.
9. Defendant remains incompetent and the criminal case remains suspended pursuant to Minn.R.Crim.P. 20.01, Subd. 6(b).
10. If the Criminal Court Judge denied the request to provisionally discharge the defendant to a community setting, the defendant would be released to the jail on the previously ordered bail.
11. The Hennepin County Jail does not provide competency restoration treatment or therapy and is not able to administer *Jarvis* orders.
12. If the defendant was provisionally discharged to the jail, the court would have to make the impossible decision as to whether to keep the incompetent defendant in

2

6

Url 1: link.storjshare.io/raw/jurud3q2zfx425ga2xjfbb4qkakq/file/EXHIBIT NEH-3_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/bf876eab-b947-4773-957c-007a140d43b1.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/a6a08578-a47c-43e1-b667-aac407118854.pdf
Url 4: drive.proton.me/urls/DNAA2ERT4R#r5tixPWPQYde

**EXHIBIT NEH-3 | p. 6**

Case No. 27-CR-21-13795
State of MN vs JACOB MAMAR JOHNSON
Filing Type:   ·Order-Other·
Filing Date:   **2022-09-07**
27-CR-21-13795_Order-Other_2022-09-07.pdf
File Hash:     a706a99b0093ad62742d919f1bfaa6f13823ee97b8b1643a34217843a9a959dd
Page: 3 of 4     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

27-CR-21-13795

Filed in District Court
State of Minnesota
9/7/2022 3:15 PM

13. Given the options, Judge Lisa Janzen approved the request to provisionally discharge Defendant and amended bail.

### ANALYSIS

There is no case directly on point in Minnesota as to whether an incompetent defendant, whose criminal case has been suspended, can be held in the jail awaiting restoration to competency while not receiving competency restoration treatment at said jail. In dealing with similar issues, courts around the country have held that "incompetent criminal defendants – as pretrial detainees – have a liberty interest in being free from incarceration absent a criminal conviction." *Goodman v. Utah Department of Human Services,* 180 F.Supp.3d 998, 1009 (D. Utah 2016); that the "Constitutional questions pertaining to the pretrial confinement of incompetent criminal defendants are analyzed under the due process clause of the Fourteenth Amendment." *State v. Hand,* 429 P.3d 502 (Wash. 2018); and that the relevant question is whether the nature and duration of said detention, "is reasonably related to the purpose for which he was committed." Id. (citing *Jackson v. Indiana,* 406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972)).

In *Jackson*, the court held that:

> a person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future. If it is determined that this is not the case, then the State must either institute the customary civil commitment proceeding that would be required to commit indefinitely any other citizen, or release the defendant. Furthermore, even if it is determined that the defendant probably soon will be able to stand trial, his continued commitment must be justified by progress toward that goal.

406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972). Similarly, in *United States v. Jackson,* 306 F.Supp. 4 (N.D.Cal. 1969), the court held that the accused, who was

3

Case No. 27-CR-21-19723
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type:   ·Order-Other·
Filing Date:   **2022-11-04**
27-CR-21-19723_Order-Other_2022-11-04.pdf
File Hash:     fb10d12c21aea9333db04ef42e27e41ce4477399bfc06b6a7384bda313d2d2d2
Page: 3 of 4     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

the jail not receiving treatment with a suspended criminal case, or, to release the defendant to the street.

13. Given the options, Judge Chou approved the request to provisionally discharge Defendant and amended bail.

### ANALYSIS

There is no case directly on point in Minnesota as to whether an incompetent defendant, whose criminal case has been suspended, can be held in the jail awaiting restoration to competency while not receiving competency restoration treatment at said jail. In dealing with similar issues, courts around the country have held that "incompetent criminal defendants – as pretrial detainees – have a liberty interest in being free from incarceration absent a criminal conviction." *Goodman v. Utah Department of Human Services,* 180 F.Supp.3d 998, 1009 (D. Utah 2016); that the "Constitutional questions pertaining to the pretrial confinement of incompetent criminal defendants are analyzed under the due process clause of the Fourteenth Amendment." *State v. Hand,* 429 P.3d 502 (Wash. 2018); and that the relevant question is whether the nature and duration of said detention, "is reasonably related to the purpose for which he was committed." Id. (citing *Jackson v. Indiana,* 406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972)).

In *Jackson*, the court held that:

> a person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future. If it is determined that this is not the case, then the State must either institute the customary civil commitment proceeding that would be required to commit indefinitely any other citizen, or release the defendant. Furthermore, even if it is determined that the defendant probably soon will be able to stand trial, his continued commitment must be justified by progress toward that goal.

3

Case No. 27-CR-21-23456
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type:   ·Order-Other·
Filing Date:   **2022-11-04**
27-CR-21-23456_Order-Other_2022-11-04.pdf
File Hash:     1e57631ddb7fde15ad9552c3bfca151d6aa9702f95de042087c6a917fff767c7
Page: 3 of 4     [ source file ]     [ .ots timestamp of source file ]     [ pdf signatures ]     [ metadata ]

the jail not receiving treatment with a suspended criminal case, or, to release the defendant to the street.

13. Given the options, Judge Chou approved the request to provisionally discharge Defendant and amended bail.

### ANALYSIS

There is no case directly on point in Minnesota as to whether an incompetent defendant, whose criminal case has been suspended, can be held in the jail awaiting restoration to competency while not receiving competency restoration treatment at said jail. In dealing with similar issues, courts around the country have held that "incompetent criminal defendants – as pretrial detainees – have a liberty interest in being free from incarceration absent a criminal conviction." *Goodman v. Utah Department of Human Services,* 180 F.Supp.3d 998, 1009 (D. Utah 2016); that the "Constitutional questions pertaining to the pretrial confinement of incompetent criminal defendants are analyzed under the due process clause of the Fourteenth Amendment." *State v. Hand,* 429 P.3d 502 (Wash. 2018); and that the relevant question is whether the nature and duration of said detention, "is reasonably related to the purpose for which he was committed." Id. (citing *Jackson v. Indiana,* 406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972)).

In *Jackson*, the court held that:

> a person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future. If it is determined that this is not the case, then the State must either institute the customary civil commitment proceeding that would be required to commit indefinitely any other citizen, or release the defendant. Furthermore, even if it is determined that the defendant probably soon will be able to stand trial, his continued commitment must be justified by progress toward that goal.

3

Url 1: link.storjshare.io/raw/jurud3q2zfx425ga2xjfbb4qkakq/file/EXHIBIT NEH-3_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/bf876eab-b947-4773-957c-007a140d43b1.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/a6a08578-a47c-43e1-b667-aac407118854.pdf
Url 4: drive.proton.me/urls/DNAA2ERT4R#r5tixPWPQYde

**EXHIBIT NEH-3 | p. 7**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

| Case No. 27-CR-21-13795 | Case No. 27-CR-21-19723 | Case No. 27-CR-21-23456 |
|---|---|---|
| State of MN vs JACOB MAMAR JOHNSON | State of MN vs BRITTANY LATESHA CRUTCHFIELD | State of MN vs BRITTANY LATESHA CRUTCHFIELD |
| Filing Type: ·Order-Other· | Filing Type: ·Order-Other· | Filing Type: ·Order-Other· |
| Filing Date: 2022-09-07 | Filing Date: 2022-11-04 | Filing Date: 2022-11-04 |
| 27-CR-21-13795_Order-Other_2022-09-07.pdf | 27-CR-21-19723_Order-Other_2022-11-04.pdf | 27-CR-21-23456_Order-Other_2022-11-04.pdf |
| File Hash: a706a99b0093ad62742d919f1bfaa6f13823ee97b8b1643a34217843a9a959dd | File Hash: fb10d12c21aea9333db04ef42e27e41ce4477399bfc06b6a7384bda313d2d2d2 | File Hash: 1e57631ddb7fde15ad9552c3bfca151d6aa9702f95de042087c6a917fff767c7 |
| Page: 4 of 4  [ source file ]  [ .ots timestamp of source file ]  [ pdf signatures ]  [ metadata ] | Page: 4 of 4  [ source file ]  [ .ots timestamp of source file ]  [ pdf signatures ]  [ metadata ] | Page: 4 of 4  [ source file ]  [ .ots timestamp of source file ]  [ pdf signatures ]  [ metadata ] |

---

**Column 1 (27-CR-21-13795):**

27-CR-21-13795

Filed in District Court
State of Minnesota
9/7/2022 3:15 PM

incompetent to stand trial because of serious mental illness, that was not likely to be cured in foreseeable future, and who had already spent over a year and a half in federal hospital must be discharged from federal custody and responsibility for accused should transfer to state. The underlying tone in all of these decisions is the general understanding as stated in *Cook v. Ciccone*, 312 F.Supp. 822 (W.D.Mo. 1970), that "Such consideration is dictated by the inherent unfairness and substantial injustice in keeping an unconvicted person in federal custody to await trial where it is plainly evident his mental condition will not permit trial within a reasonable period of time." 312 F.Supp. at 824.

**ORDER**

1. Defendant is released in the criminal case under the conditions set forth in the in the amended conditional release order.
2. Defendant is ordered to cooperate with his civil commitment including following all treatment recommendations and appearing at all court appearances in the civil and criminal cases.
3. DHS shall continue to submit a written reports addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

BY THE COURT:

DATED: September 7, 2022    _____
Lisa K. Janzen
Judge of District Court
Fourth Judicial District

4

---

**Column 2 (27-CR-21-19723):**

406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972). Similarly, in *United States v. Jackson*, 306 F.Supp. 4 (N.D.Cal. 1969), the court held that the accused, who was incompetent to stand trial because of serious mental illness, that was not likely to be cured in foreseeable future, and who had already spent over a year and a half in federal hospital must be discharged from federal custody and responsibility for accused should transfer to state. The underlying tone in all of these decisions is the general understanding as stated in *Cook v. Ciccone*, 312 F.Supp. 822 (W.D.Mo. 1970), that "Such consideration is dictated by the inherent unfairness and substantial injustice in keeping an unconvicted person in federal custody to await trial where it is plainly evident his mental condition will not permit trial within a reasonable period of time." 312 F.Supp. at 824.

**ORDER**

1. Defendant is released in the criminal case under the conditions set forth in the in the amended conditional release order.
2. Defendant is ordered to cooperate with his civil commitment including following all treatment recommendations and appearing at all court appearances in the civil and criminal cases.
3. DHS shall continue to submit a written reports addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

BY THE COURT:

DATED: November 4, 2022    _____
Lisa K. Janzen
Judge of District Court
Fourth Judicial District

4

---

**Column 3 (27-CR-21-23456):**

406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972). Similarly, in *United States v. Jackson*, 306 F.Supp. 4 (N.D.Cal. 1969), the court held that the accused, who was incompetent to stand trial because of serious mental illness, that was not likely to be cured in foreseeable future, and who had already spent over a year and a half in federal hospital must be discharged from federal custody and responsibility for accused should transfer to state. The underlying tone in all of these decisions is the general understanding as stated in *Cook v. Ciccone*, 312 F.Supp. 822 (W.D.Mo. 1970), that "Such consideration is dictated by the inherent unfairness and substantial injustice in keeping an unconvicted person in federal custody to await trial where it is plainly evident his mental condition will not permit trial within a reasonable period of time." 312 F.Supp. at 824.

**ORDER**

1. Defendant is released in the criminal case under the conditions set forth in the in the amended conditional release order.
2. Defendant is ordered to cooperate with his civil commitment including following all treatment recommendations and appearing at all court appearances in the civil and criminal cases.
3. DHS shall continue to submit a written reports addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

BY THE COURT:

DATED: November 4, 2022    _____
Lisa K. Janzen
Judge of District Court
Fourth Judicial District

4

8

Url 1: link.storjshare.io/raw/jurud3q2zfx425ga2xjfbb4qkakq/file/EXHIBIT NEH-3_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/bf876eab-b947-4773-957c-007a140d43b1.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/a6a08578-a47c-43e1-b667-aac407118854.pdf
Url 4: drive.proton.me/urls/DNAA2ERT4R#r5tixPWPQYde

**EXHIBIT NEH-3 | p. 8**

Case No. 27-CR-22-15550
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type: ·Order-Other·
Filing Date: 2022-11-04
27-CR-22-15550_Order-Other_2022-11-04.pdf
File Hash: a0bf5b21d7e40df2ff0bad8c1063c6f841a824039edf4296e6cac089e84d743b
Page: 1 of 4      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

State of Minnesota — District Court

County of Hennepin — Fourth Judicial District

Judge Lisa K. Janzen
Case Type: Criminal

State of Minnesota,
 Plaintiff,

**ORDER**

v.

Brittany Latesha Crutchfield,
 Defendant.  Case No. 27-CR-21-19723, 27-CR-21-23456, 27-CR-22-15550

**FINDINGS OF FACT**

1. Defendant (date of birth 03/06/1988) was charged in File No. 27-CR-21-19723 with Burglary-3rd Degree-Steal (Felony) arising from an incident alleged to have occurred on 10/21/2021; in File No. 27-CR-21-23456 with Burglary-3rd Degree-Steal (Felony) arising from an incident alleged to have occurred on 12/19/2021; in File No. 27-CR-22-15550 with Burglary-3rd Degree-Steal (Felony) arising from an incident alleged to have occurred on 8/5/2022. On 10/13/21, Judge Larson ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed for Rule 20 purposes on misdemeanor offenses which alleged to have occurred on or before the above offenses referenced in this Order. Those findings were applied to the above cases as well.
2. On 10/13/21, Judge Larson ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.
3. Dr. Bruce Renken, Ph.D., for Psychological Services of Hennepin County District Court, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.
4. Dr. Bruce Renken, Ph.D., for Psychological Services of Hennepin County District Court, opined that Defendant, due to mental illness or cognitive impairment, lacks

---

Case No. 27-CR-20-26577
State of MN vs Rasheed Richardson
Filing Type: ·Findings and Order·
Filing Date: 2022-11-08
27-CR-20-26577_Findings and Order_2022-11-08.pdf
File Hash: fa4f7489007ee20561e3bf128f43f37e1fa920f301521592abf5b1ca27fdc36f
Page: 1 of 4      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

Nov 8, 2022

State of Minnesota — District Court

County of Hennepin — Fourth Judicial District

Judge Lisa K. Janzen
Case Type: Criminal

State of Minnesota,
 Plaintiff,

**ORDER**

v.

Rasheed Richardson,
 Defendant.  Case No. 27-CR-20-26577

**FINDINGS OF FACT**

1. Defendant (date of birth 03/01/1976) was charged with Stalking (Felony), First Degree Damage to Property (Felony), and six counts of Possess Ammo (Felony) arising from an incident alleged to have occurred on 03/25/20. On 10/29/21, Judge Koch found probable cause to believe that the felony charges were committed and that Defendant committed them for Rule 20 purposes.
2. On 04/19/22, Judge Janzen ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.
3. Dr. Turner, Ph.D., LP, ABPP, for Direct Care and Treatment – Forensic Services, reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.
4. Dr. Turner, Ph.D., LP, ABPP, for Direct Care and Treatment – Forensic Services, opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.
5. On 07/12/22, Judge Lisa Janzen found Defendant incompetent to stand trial and ordered the criminal proceedings in this matter be suspended until Defendant is restored to competency to proceed.

9

---

Case No. 27-CR-22-7797
State of MN vs Carmen Bendu Greaves
Filing Type: ·Order-Other·
Filing Date: 2022-12-09
27-CR-22-7797_Order-Other_2022-12-09.pdf
File Hash: 8835c8eba9aa67560906aecf774669e1d1bd12997109fcba007d39db23be3a28
Page: 1 of 4      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

27-CR-22-7797
Filed in District Court
State of Minnesota
12/9/2022 11:10 AM

State of Minnesota — District Court

County of Hennepin — Fourth Judicial District

Judge Lisa K. Janzen
Case Type: Criminal

State of Minnesota,
 Plaintiff,

**ORDER**

v.

Carmen Bendu Greaves,
 Defendant.  Case No. 27-CR-22-7797; 27-CR-22-9010

**FINDINGS OF FACT**

1. Defendant (date of birth 10/03/1978) was charged in MNCIS file 27-CR-22-7797 with Violate No Contact Order (Felony) arising from an incident alleged to have occurred on 04/22/22; and in MNCIS file 27-CR-22-9010 with Violate No Contact Order (Felony) arising from an incident alleged to have occurred on 05/06/22. On 05/18/22, Judge Scoggin found probable cause to believe that the felony offenses were committed and that Defendant committed them for Rule 20 purposes.
2. On 05/18/22, Judge Scoggin ordered that Defendant undergo an evaluation to assess Defendant's competency to proceed in this matter pursuant to Minn.R.Crim.P. 20.01.
3. Dr. Pileggi-Valleen, Psy.D., LP, ABPP, for Psychological Services of Hennepin County District Court reviewed Defendant's records, interviewed Defendant, and filed a written report with this Court.
4. Dr. Pileggi-Valleen, Psy.D., LP, ABPP, for Psychological Services of Hennepin County District Court opined that Defendant, due to mental illness or cognitive impairment, lacks the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

---

Url 1: link.storjshare.io/raw/jurud3q2zfx425ga2xjfbb4qkakq/file/EXHIBIT NEH-3_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/bf876eab-b947-4773-957c-007a140d43b1.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/a6a08578-a47c-43e1-b667-aac407118854.pdf
Url 4: drive.proton.me/urls/DNAA2ERT4R#r5tixPWPQYde

**EXHIBIT NEH-3 | p. 9**

Case No. 27-CR-22-15550
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type: ·Order-Other·
Filing Date: **2022-11-04**
27-CR-22-15550_Order-Other_2022-11-04.pdf
File Hash: a0bf5b21d7e40df2ff0bad8c1063c6f841a824039edf4296e6cac089e84d743b
Page: 2 of 4    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

the ability to rationally consult with counsel; or lacks the ability to understand the proceedings or participate in the defense. This opinion was uncontested by either party.

5. On 10/26/21, the Defendant appeared counsel before the Court and Judge Lisa Janzen found Defendant incompetent to stand trial and ordered the criminal proceedings in this matter be suspended until Defendant is restored to competency to proceed. Judge Lisa Janzen ordered the Hennepin County Prepetition Screening Program to conduct prepetition screening.

6. On 09/8/22, Judge Browne of Hennepin County District Court issued an Order for Commitment as a Person Who is Chemically Dependent Person and as a Person who Poses a Rick of Harm Due to a Mental Illness (Rule 20) in MNCIS Case No. 27-MH-PR-22-944; the Defendant was civilly committed to the Commissioner of Human Services.

7. On 10/3/22, the Defendant was admitted to CBHH Alexandria.

8. On 11/4/22 a Notification of Reduction in Custody was filed into this criminal case, noting a Provisional Discharge to a community setting, namely Paris Crutchfield's home (Brittany Crutchfield's sister) 3133 Central Avenue NE, Minneapolis, MN 55418, to go into effect on or after 11/9/22 as the Defendant was determined to no longer require in-patient level of care as of 11/9/22.

9. Defendant remains incompetent and the criminal case remains suspended pursuant to Minn.R.Crim.P. 20.01, Subd. 6(b).

10. If the Criminal Court Judge denied the request to provisionally discharge the defendant to a community setting, the defendant would be released to the jail on the previously ordered bail.

11. The Hennepin County Jail does not provide competency restoration treatment or therapy and is not able to administer *Jarvis* orders.

12. If the defendant was provisionally discharged to the jail, the court would have to make the impossible decision as to whether to keep the incompetent defendant in

2

Case No. 27-CR-20-26577
State of MN vs Rasheed Richardson
Filing Type: ·Findings and Order·
Filing Date: **2022-11-08**
27-CR-20-26577_Findings and Order_2022-11-08.pdf
File Hash: fa4f7489007ee20561e3bf128f43f37e1fa920f301521592abf5b1ca27fdc36f
Page: 2 of 4    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

6. On 08/24/22, Judge Browne of Hennepin County District Court issued an Order for Continued Commitment in MNCIS Case No. 27-MH-PR-22-59; the Defendant remained civilly committed to the Commissioner of Human Services.

7. On 04/27/22, the Defendant was admitted to AMRTC.

8. On 10/26/22 a Notification of Reduction in Custody was filed into this criminal case, noting a Provisional Discharge to RS Eden to go into effect on or after 11/7/22 as the Defendant was determined to no longer require in-patient level of care as of 10/26/22.

9. Defendant remains incompetent and the criminal case remains suspended pursuant to Minn.R.Crim.P. 20.01, Subd. 6(b).

10. If the Criminal Court Judge denied the request to provisionally discharge the defendant to RS Eden, the defendant would be released to the jail on the previously ordered bail.

11. The Hennepin County Jail does not provide competency restoration treatment or therapy and is not able to administer *Jarvis* orders.

12. If the defendant was provisionally discharged to the jail, the court would have to make the impossible decision as to whether to keep the incompetent defendant in the jail not receiving treatment with a suspended criminal case, or, to release the defendant to the street.

13. Given the options, Judge Janzen approved the request to provisionally discharge Defendant and bail was amended.

**ANALYSIS**

There is no case directly on point in Minnesota as to whether an incompetent defendant, whose criminal case has been suspended, can be held in the jail awaiting restoration to competency while not receiving competency restoration treatment at said jail. In dealing with similar issues, courts around the country have held that "incompetent criminal defendants – as pretrial detainees – have a liberty interest in being free from incarceration absent a criminal conviction." *Goodman v. Utah Department*

2

Case No. 27-CR-22-7797
State of MN vs Carmen Bendu Greaves
Filing Type: ·Order-Other·
Filing Date: **2022-12-09**
27-CR-22-7797_Order-Other_2022-12-09.pdf
File Hash: 8835c8eba9aa67560906aecf774669e1d1bd12997109fcba007d39db23be3a28
Page: 2 of 4    [ source file ]    [ .ots timestamp of source file ]    [ pdf signatures ]    [ metadata ]

Filed in District Court
State of Minnesota
12/9/2022 11:10 AM
27-CR-22-7797

5. On 07/12/22, the Defendant appeared in custody with counsel before the Court and Judge Lisa Janzen found Defendant incompetent to stand trial and ordered the criminal proceedings in this matter be suspended until Defendant is restored to competency to proceed. Judge Lisa Janzen ordered the Hennepin County Prepetition Screening Program to conduct prepetition screening and Defendant remained in custody subject to conditions issued on 05/16/22.

6. On 08/09/22, Judge Browne of Hennepin County District Court issued an Order for Commitment as a Person Who is Mentally Ill (Rule 20) in MNCIS Case No. 27-MH-PR-22-824; the Defendant was civilly committed to the Commissioner of Human Services.

7. On 10/04/22, the Defendant was admitted to AMRTC.

8. On 12/06/22 a Notification of Reduction in Custody was filed into this criminal case, noting a Provisional Discharge to Phoenix Place IRTS to go into effect on or after 12/13/22 as the Defendant was determined to no longer require in-patient level of care as of 12/06/22.

9. Defendant remains incompetent and the criminal case remains suspended pursuant to Minn.R.Crim.P. 20.01, Subd. 6(b).

10. If the Criminal Court Judge denied the request to provisionally discharge the defendant to Phoenix Place IRTS, the defendant would be released to the jail on the previously ordered bail.

11. The Hennepin County Jail does not provide competency restoration treatment or therapy and is not able to administer *Jarvis* orders.

12. If the defendant was provisionally discharged to the jail, the court would have to make the impossible decision as to whether to keep the incompetent defendant in the jail not receiving treatment with a suspended criminal case, or, to release the defendant to the street.

13. Given the options, Judge Scoggin approved the request to provisionally discharge Defendant and amended bail.

2

10

Url 1: link.storjshare.io/raw/jurud3q2zfx425ga2xjfbb4qkakq/file/EXHIBIT NEH-3_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/bf876eab-b947-4773-957c-007a140d43b1.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/a6a08578-a47c-43e1-b667-aac407118854.pdf
Url 4: drive.proton.me/urls/DNAA2ERT4R#r5tixPWPQYde

**EXHIBIT NEH-3 | p. 10**

Matthew Guertin v. Tim Walz, 8th Circuit Appellate Case: 25-2476

| Case No. 27-CR-22-15550 | Case No. 27-CR-20-26577 | Case No. 27-CR-22-7797 |
|---|---|---|
| State of MN vs BRITTANY LATESHA CRUTCHFIELD | State of MN vs Rasheed Richardson | State of MN vs Carmen Bendu Greaves |
| Filing Type: ·Order-Other· | Filing Type: ·Findings and Order· | Filing Type: ·Order-Other· |
| Filing Date: 2022-11-04 | Filing Date: 2022-11-08 | Filing Date: 2022-12-09 |
| 27-CR-22-15550_Order-Other_2022-11-04.pdf | 27-CR-20-26577_Findings and Order_2022-11-08.pdf | 27-CR-22-7797_Order-Other_2022-12-09.pdf |
| File Hash: a0bf75b21d7e40df2ff0bad8c1063c6f841a824039edf4296e6cac089e84d743b | File Hash: fa4f7489007ee20561e3bf128f43f37e1fa920f301521592abf5b1ca27fdc36f | File Hash: 8835c8eba9aa67560906aecf774669e1d1bd129971 09fcba007d39db23be3a28 |
| Page: 3 of 4   [ source file ]   [ .ots timestamp of source file ]   [ pdf signatures ]   [ metadata ] | Page: 3 of 4   [ source file ]   [ .ots timestamp of source file ]   [ pdf signatures ]   [ metadata ] | Page: 3 of 4   [ source file ]   [ .ots timestamp of source file ]   [ pdf signatures ]   [ metadata ] |

---

**Column 1 (27-CR-22-15550):**

Filed in District Court
State of Minnesota

the jail not receiving treatment with a suspended criminal case, or, to release the defendant to the street.

13. Given the options, Judge Chou approved the request to provisionally discharge Defendant and amended bail.

### ANALYSIS

There is no case directly on point in Minnesota as to whether an incompetent defendant, whose criminal case has been suspended, can be held in the jail awaiting restoration to competency while not receiving competency restoration treatment at said jail. In dealing with similar issues, courts around the country have held that "incompetent criminal defendants – as pretrial detainees – have a liberty interest in being free from incarceration absent a criminal conviction." *Goodman v. Utah Department of Human Services,* 180 F.Supp.3d 998, 1009 (D. Utah 2016); that the "Constitutional questions pertaining to the pretrial confinement of incompetent criminal defendants are analyzed under the due process clause of the Fourteenth Amendment." *State v. Hand,* 429 P.3d 502 (Wash. 2018); and that the relevant question is whether the nature and duration of said detention, "is reasonably related to the purpose for which he was committed." Id. (citing *Jackson v. Indiana,* 406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972)).

In *Jackson*, the court held that:

> a person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future. If it is determined that this is not the case, then the State must either institute the customary civil commitment proceeding that would be required to commit indefinitely any other citizen, or release the defendant. Furthermore, even if it is determined that the defendant probably soon will be able to stand trial, his continued commitment must be justified by progress toward that goal.

3

---

**Column 2 (27-CR-20-26577):**

*of Human Services,* 180 F.Supp.3d 998, 1009 (D. Utah 2016); that the "Constitutional questions pertaining to the pretrial confinement of incompetent criminal defendants are analyzed under the due process clause of the Fourteenth Amendment." *State v. Hand,* 429 P.3d 502 (Wash. 2018); and that the relevant question is whether the nature and duration of said detention, "is reasonably related to the purpose for which he was committed." Id. (citing *Jackson v. Indiana,* 406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972)).

In *Jackson*, the court held that:

> a person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future. If it is determined that this is not the case, then the State must either institute the customary civil commitment proceeding that would be required to commit indefinitely any other citizen, or release the defendant. Furthermore, even if it is determined that the defendant probably soon will be able to stand trial, his continued commitment must be justified by progress toward that goal.

406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972). Similarly, in *United States v. Jackson*, 306 F.Supp. 4 (N.D.Cal. 1969), the court held that the accused, who was incompetent to stand trial because of serious mental illness, that was not likely to be cured in foreseeable future, and who had already spent over a year and a half in federal hospital must be discharged from federal custody and responsibility for accused should transfer to state. The underlying tone in all of these decisions is the general understanding as stated in *Cook v. Ciccone*, 312 F.Supp. 822 (W.D.Mo. 1970), that "Such consideration is dictated by the inherent unfairness and substantial injustice in keeping an unconvicted person in federal custody to await trial where it is plainly evident his mental condition will not permit trial within a reasonable period of time." 312 F.Supp. at 824.

11

3

---

**Column 3 (27-CR-22-7797):**

### ANALYSIS

There is no case directly on point in Minnesota as to whether an incompetent defendant, whose criminal case has been suspended, can be held in the jail awaiting restoration to competency while not receiving competency restoration treatment at said jail. In dealing with similar issues, courts around the country have held that "incompetent criminal defendants – as pretrial detainees – have a liberty interest in being free from incarceration absent a criminal conviction." *Goodman v. Utah Department of Human Services,* 180 F.Supp.3d 998, 1009 (D. Utah 2016); that the "Constitutional questions pertaining to the pretrial confinement of incompetent criminal defendants are analyzed under the due process clause of the Fourteenth Amendment." *State v. Hand,* 429 P.3d 502 (Wash. 2018); and that the relevant question is whether the nature and duration of said detention, "is reasonably related to the purpose for which he was committed." Id. (citing *Jackson v. Indiana,* 406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972)).

In *Jackson*, the court held that:

> a person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future. If it is determined that this is not the case, then the State must either institute the customary civil commitment proceeding that would be required to commit indefinitely any other citizen, or release the defendant. Furthermore, even if it is determined that the defendant probably soon will be able to stand trial, his continued commitment must be justified by progress toward that goal.

406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972). Similarly, in *United States v. Jackson*, 306 F.Supp. 4 (N.D.Cal. 1969), the court held that the accused, who was incompetent to stand trial because of serious mental illness, that was not likely to be cured in foreseeable future, and who had already spent over a year and a half in federal hospital must be discharged from federal custody and responsibility for accused should

3

Url 1: link.storjshare.io/raw/jurud3q2zfx425ga2xjfbb4qkakq/file/EXHIBIT NEH-3_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/bf876eab-b947-4773-957c-007a140d43b1.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/a6a08578-a47c-43e1-b667-aac407118854.pdf
Url 4: drive.proton.me/urls/DNAA2ERT4R#r5tixPWPQYde

**EXHIBIT NEH-3 | p. 11**

Case No. 27-CR-22-15550
State of MN vs BRITTANY LATESHA CRUTCHFIELD
Filing Type:   ·Order-Other·
Filing Date:   **2022-11-04**
27-CR-22-15550_Order-Other_2022-11-04.pdf
File Hash:     a0bf7b21d7e40df2ff0bad8c1063c6f841a824039edf4296e6cac089e84d743b
Page: 4 of 4      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972). Similarly, in *United States v. Jackson*, 306 F.Supp. 4 (N.D.Cal. 1969), the court held that the accused, who was incompetent to stand trial because of serious mental illness, that was not likely to be cured in foreseeable future, and who had already spent over a year and a half in federal hospital must be discharged from federal custody and responsibility for accused should transfer to state. The underlying tone in all of these decisions is the general understanding as stated in *Cook v. Ciccone*, 312 F.Supp. 822 (W.D.Mo. 1970), that "Such consideration is dictated by the inherent unfairness and substantial injustice in keeping an unconvicted person in federal custody to await trial where it is plainly evident his mental condition will not permit trial within a reasonable period of time." 312 F.Supp. at 824.

**ORDER**

1. Defendant is released in the criminal case under the conditions set forth in the in the amended conditional release order.
2. Defendant is ordered to cooperate with his civil commitment including following all treatment recommendations and appearing at all court appearances in the civil and criminal cases.
3. DHS shall continue to submit a written reports addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

BY THE COURT:

DATED: November 4, 2022      _____
                              Lisa K. Janzen
                              Judge of District Court
                              Fourth Judicial District

4

Case No. 27-CR-20-26577
State of MN vs Rasheed Richardson
Filing Type:   ·Findings and Order·
Filing Date:   **2022-11-08**
27-CR-20-26577_Findings and Order_2022-11-08.pdf
File Hash:     fa4f7489007ee20561e3bf128f43f37e1fa920f301521592abf5b1ca27fdc36f
Page: 4 of 4      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

**ORDER**

1. Defendant is released in the criminal case under the conditions set forth in the in the amended conditional release order.
2. Defendant is ordered to cooperate with his civil commitment including following all treatment recommendations and appearing at all court appearances in the civil and criminal cases.
3. DHS shall continue to submit a written reports addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

BY THE COURT:

DATED: November 8, 2022      _____
                              Lisa K. Janzen
                              Judge of District Court
                              Fourth Judicial District

12

Case No. 27-CR-22-7797
State of MN vs Carmen Bendu Greaves
Filing Type:   ·Order-Other·
Filing Date:   **2022-12-09**
27-CR-22-7797_Order-Other_2022-12-09.pdf
File Hash:     8835c8eba9aa67560906aecf774669e1d1bd12997109fcba007d39db23be3a28
Page: 4 of 4      [ source file ]      [ .ots timestamp of source file ]      [ pdf signatures ]      [ metadata ]

Filed in District Court
State of Minnesota
12/9/2022 11:10 AM

27-CR-22-7797

transfer to state. The underlying tone in all of these decisions is the general understanding as stated in *Cook v. Ciccone*, 312 F.Supp. 822 (W.D.Mo. 1970), that "Such consideration is dictated by the inherent unfairness and substantial injustice in keeping an unconvicted person in federal custody to await trial where it is plainly evident his mental condition will not permit trial within a reasonable period of time." 312 F.Supp. at 824.

**ORDER**

1. Defendant is released in the criminal case under the conditions set forth in the in the amended conditional release order.
2. Defendant is ordered to cooperate with his civil commitment including following all treatment recommendations and appearing at all court appearances in the civil and criminal cases.
3. DHS shall continue to submit a written reports addressing the Defendant's competency to proceed in the criminal case when the Defendant has attained competency, or at least every six months.

BY THE COURT:

DATED: December 9, 2022      _____
                              Lisa K. Janzen
                              Judge of District Court
                              Fourth Judicial District

4

Url 1: link.storjshare.io/raw/jurud3q2zfx425ga2xjfbb4qkakq/file/EXHIBIT NEH-3_files.pdf
Url 2: MnCourtFraud.Substack.com/api/v1/file/bf876eab-b947-4773-957c-007a140d43b1.pdf
Url 3: Matt1Up.Substack.com/api/v1/file/a6a08578-a47c-43e1-b667-aac407118854.pdf
Url 4: drive.proton.me/urls/DNAA2ERT4R#r5tixPWPQYde

**EXHIBIT NEH-3 | p. 12**